UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, Individually and on Behalf of All Those Similarly Situated,

    Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

    Defendants.

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL IN MULTIDISTRICT LITIGATION

Defendants[1] respectfully move this Court for an order staying proceedings in this matter until the Judicial Panel on Multidistrict Litigation (the "JPML" or "Panel") rules on a pending motion for transfer. *See* Motion for Transfer, *In re College Athlete Compensation Antitrust Litigation*, MDL No. 3105 (J.P.M.L. Jan. 16, 2024), ECF No. 1. Pursuant to District of Colorado Local Rule 7.1(a), counsel for Defendants have conferred with counsel for Plaintiff on this issue. Plaintiff's counsel has indicated that they will oppose a stay of proceedings in this case.

---

[1] Defendants are the National Collegiate Athletic Association (NCAA), the Atlantic Coast Conference (ACC), the Big Ten Conference (Big Ten), the Big 12 Conference (Big 12), the Pac-12 Conference (Pac-12), and the Southeastern Conference (SEC).

## BACKGROUND

Plaintiff filed this putative class action lawsuit challenging rules prohibiting member institutions of the NCAA from paying student-athletes for their on-field performance. Class Action Complaint, *Fontenot v. National Collegiate Athletic Association et al. ("Fontenot")*, No. 23-cv-03076 (D. Colo. Nov. 11, 2023), ECF No. 1. To date, no responsive pleadings have been filed, the parties have not proposed a case management schedule or taken any discovery, and the court has not held a 26(f) conference.

This lawsuit does not exist in a vacuum. Shortly after this lawsuit was filed, a separate group of attorneys filed a second putative class action complaint raising similar claims on behalf of what they claim is a broader class. *See* Class Action Complaint, *Carter et al. v. National Collegiate Athletic Association et al.*, No. 3:23-cv-06325-RS (N.D. Cal. Dec. 7, 2023), ECF No. 1 ("*Carter*"). The plaintiffs in that case allege that it "arise[s] out of a common nucleus of operative facts and contain[s] substantially similar factual allegations and legal claims" as those made here. *See* Mot. for Transfer, at 1. The attorneys who filed *Carter* have also filed a number of lawsuits in the Northern District of California challenging student-athlete compensation rules in the past, including two still pending.[2]

Last week, the plaintiffs in *Carter* asked the JPML to transfer this case to the Northern District of California, and consolidate this case with *Carter* for pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* Mot. for Transfer. The Panel accepted the motion and set a briefing schedule that requires responses to be filed by February 7, 2024, and the *Carter* Plaintiffs' reply

---

[2] *See* Consolidated Amended Complaint, *In re College Athlete NIL Litigation*, No. 20-cv-03919 (N.D. Cal July 26, 2021), ECF No. 164; Class Action Complaint, *Hubbard et al. v. National Collegiate Athletic Association et al.*, No. 23-cv-01593 (N.D. Cal. Apr. 4, 2023), ECF No. 1.

to be filed on February 14, 2024. *See* Notice Of Filing And Publication Of Briefing Schedule, *In re College Athlete Compensation Antitrust Litigation*, MDL No. 3105 (J.P.M.L. Jan. 17, 2024), ECF No. 4.

As courts in the District of Colorado have unanimously found, a temporary stay is proper where the parties await a ruling from the Panel. Indeed, Defendants are unaware of "a single case from within the District of Colorado denying a stay where a motion to transfer proceedings is pending before the JPML. Rather, stays are routinely granted under the same or similar circumstances." *Bunnell Bunnell v. Future Motion, Inc.*, No. 22-cv-1220-CNS-KAS, 2023 WL 7279354, at *1 (D. Colo. Nov. 3, 2023) (collecting cases). Granting a stay avoids potentially inconsistent pretrial rulings, minimizes the cost of discovery, preserves judicial resources, and minimizes disruption to these proceedings. This Court should grant Defendants' motion and stay all proceedings "until the JPML rules on the motion to transfer and consolidate." *Sykes v. LivaNova Deutschland GmbH*, No. 17-cv-02437-KLM, 2018 WL 286791, at *2 (D. Colo. Jan. 4, 2018).

### LEGAL STANDARD

"As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *Adams v. Bristol-Meyers Squibb Co.*, No. 16-cv-1674-MEH, 2016 WL 4257595, at *1 (D. Colo. July 18, 2016) (quoting *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009)). For good reason: "[T]he interests of judicial economy are best served by granting a stay pending the MDL Panel's decision." *Lundy*, 2009 WL 1965521, at *1. This rule expands on the Court's inherent "broad discretion" to control its docket. *See Cheney v. Eli Lilly & Co.*, No. 14-cv-2249-KMT, 2014 WL

3

7010656, at *1 (D. Colo. Dec. 9, 2014) ("The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." (citations omitted)).

When analyzing whether to grant a stay pending the Panel's decision, courts in the District of Colorado generally assess: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) burden on the defendants; (3) convenience to the court; (4) interests of persons not parties to the civil litigation; and (5) public interest." *Est. of Simon ex rel. Simon v. Van Beek*, No. 1:21-cv-1923-CNS-GPG, 2023 WL 1768548, at *2 (D. Colo. Jan. 3, 2023) (internal quotations removed) (*quoting String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-1934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30. 2006)). Each of these factors confirm that the Court should grant a stay.

## ARGUMENT

Defendants are unaware of any case in this District "denying a stay where a motion to transfer proceedings is pending before the JPML. Rather, stays are routinely granted under the same or similar circumstances." *Bunnell Bunnell*, 2023 WL 7279354, at *1 (collecting cases). *See also Masciotra v. Vertafore, Inc.*, No. 20-cv-3603-WJM-NYW, 2021 WL 3887949, at *3 (D. Colo. Feb. 3, 2021) ("Many courts in this District have reached a similar conclusion when considering whether to stay discovery pending transfer to another judicial district within the analogous context of Multidistrict Litigation.") (collecting cases); *A.H.M. v. Uber Techs., Inc.*, No. 23-cv-3482-JSC, 2023 WL 6199179, at *2 (N.D. Cal. Sept. 22, 2023) ("Although a stay is not automatic when a JPML decision is pending, many district courts grant stays in such cases because of judicial economy."). Consistent with this precedent, the *String Cheese Incident* factors justify a grant of Defendants' motion to stay.

4

**I.    THERE IS NO POTENTIAL PREJUDICE TO THE PLAINTIFF.**

Plaintiff will not be prejudiced by a temporary stay.  This case is in its infancy, and the parties and Court have yet to devote significant time or resources to the proceedings.  Responsive pleadings have yet to be filed and a 26(f) scheduling conference has yet to occur.  At the same time, the Panel has already set a briefing schedule that will be complete by February 14, 2024.  *See* Notice Of Filing And Publication Of Briefing Schedule.  Because the case has just begun and briefing on the motion to transfer will be completed shortly, any prejudice to Plaintiff would be at most *de minimis*.  *See Masciotra*, 2021 WL 3887949, at *2; *see also Lilak v. Pfizer Corp.*, No. 08-cv-2439-CMA-KLM, 2008 WL 4924632, at *2 (D. Colo. Nov. 13, 2008) (noting that "while Plaintiff may suffer some prejudicial delay in the adjudication of his action as a result of a stay, the Court finds that such prejudice would be minimal because there are no currently pending motions before the Court, and thus there is no danger that the resolution of such motions might be delayed by a stay").

On the whole, any potential prejudice to Plaintiff would be minimal and does not outweigh the value of a temporary stay.

**II.   PROCEEDING WOULD IMPOSE DISCOVERY BURDENS ON DEFENDANTS AND INCREASE THE POSSIBILITY OF INCONSISTENT RULINGS.**

Conversely, the burdens placed on Defendants if the Court proceeds with this case pending the Panel's decision would be significant.  As a result of the near-complete overlap in the substantive allegations brought by Plaintiff in this matter with those brought by the plaintiffs in *Carter*, the cases will mine similar factual records and legal issues.  Forcing this case to proceed before the Panel has made a decision would require Defendants to defend suits involving identical claims in two jurisdictions, endure duplicative motions practice, undergo redundant

discovery burdens, and risk inconsistent pretrial rulings. These burdens could then ultimately be rendered superfluous or unnecessary by the JPML's decision. *See McEntire v. Tyson Foods, Inc.*, No. 20-cv-2764-PAB-NYW, 2020 WL 9597490, at *2 (D. Colo. Nov. 12, 2020). The JPML's procedures guard against precisely this sort of inequity. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prod. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (holding that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties . . . "). These burdens weigh in favor of a stay, especially where the motion is made before any discovery has occurred such that a stay would eliminate any such burdens or duplication. *See Bunnell Bunnell*, 2023 WL 7279354, at *2; *Masciotra*, 2021 WL 3887949, at *2; *Lilak*, 2008 WL 4924632, at *3. Accordingly, the unnecessary burdens and avoidable prejudice to Defendants across two judicial districts favor a temporary stay of proceedings.

### III.   A STAY WOULD PRESERVE JUDICIAL RESOURCES.

As courts have recognized, a stay avoids needlessly wasting judicial resources on a case that may end up being litigated elsewhere. Courts throughout this District have recognized that "the interests of judicial economy will ordinarily outweigh any slight delay caused by a stay pending an MDL panel's ruling." *Deutsche Bank Tr. Co. Americas v. Fushimi*, No. 11-cv-2472-REB-KMT, 2011 WL 5864987, at *3 (D. Colo. Nov. 22, 2011). Granting a stay gives the JPML court the option to conserve judicial resources by "determin[ing] all pretrial matters in a coordinated manner." *F.D.I.C. v. Countrywide Fin. Corp.*, No. 11-cv-2268-WJM-KLM, 2011 WL 4372915, at *3 (D. Colo. Sept. 19, 2011). It would also allow this Court to avoid potentially "duplicative discovery efforts, unnecessary expenditures of judicial resources and the parties,

and maximize judicial economy among the courts." *Lundy*, 2009 WL 1965521, at *1; *see also Franklin v. Merck & Co.*, No. 06-cv-2164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) ("[G]ranting a stay would promote judicial economy and help insure consistent pretrial rulings.").

## IV. NO NONPARTIES' INTERESTS WOULD BE COMPROMISED.

Where, as here, "there are no identified nonparties with significant particularized interests" in the case, this factor is neutral. *Sykes*, 2018 WL 286791, at *2. Defendants are unaware of any particularized interests of nonparties that might be prejudiced by a temporary stay.

## V. THE PUBLIC INTEREST WEIGHS IN FAVOR OF A STAY.

Finally, courts have generally found the public has "a general interest in [the] efficient and just resolution" of a case. *Id.*; *F.D.I.C.*, 2011 WL 4372915, at *3. Those same principles apply here, for all the reasons described above. A stay avoids waste while promoting the JPML's evaluation of what will most enhance efficiency. On balance, this final factor favors a temporary stay of these proceedings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay proceedings in this action, including the deadline to file responsive pleadings, pending a determination by the Judicial Panel on Multidistrict Litigation of whether to transfer this action to the Northern District of California for coordinated or consolidated pretrial proceedings.

7

Dated: January 22, 2024                                              Respectfully Submitted,

| **WILKINSON STEKLOFF LLP** | **COOLEY LLP** |
|---|---|

By: */s/ Rakesh N. Kilaru*                                             By: */s/ Whitty Somvichian*
Rakesh N. Kilaru                                                             Whitty Somvichian
Calanthe Arat                                                                 Kathleen R. Hartnett
Tamarra Matthews Johnson                                        Ashley Kemper Corkery
2001 M Street NW, 10th Floor                                     Gregory John Merchant
Washington, DC 20036                                                  Mark Frederick Lambert
Telephone: (202) 847-4000                                           Rebecca Lynne Tarneja
Facsimile: (202) 847-4005                                             3 Embarcadero Center, 20th Floor
rkilaru@wilkinsonstekloff.com                                     San Francisco, CA 94111-4004
carat@wilkinsonstekloff.com                                       Telephone: (415) 693-2000
tmatthewsjohnson@wilkinsonstekloff.com             Facsimile: (415) 693-2222
                                                                                         wsomvichian@cooley.com
*Attorneys for Defendant*                                               khartnett@cooley.com
*National Collegiate Athletic Association*                     acorkery@cooley.com
                                                                                         gmerchant@cooley.com
                                                                                         mlambert@cooley.com
                                                                                         rtarneja@cooley.com

*Attorneys for Defendant*
*Pac-12 Conference*

8

| | |
|---|---|
| **MAYER BROWN LLP**<br><br>By: */s/ Britt M. Miller*<br>Britt M. Miller<br>Daniel T. Fenske<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone:  (312) 782-0600<br>Facsimile:  (312) 701-7711<br>bmiller@mayerbrown.com<br>dfenske@mayerbrown.com<br><br>**BROWNSTEIN HYATT FARBER SCHRECK LLP**<br><br>Julian Richard Ellis, Jr.<br>Richard B. Benenson<br>675 15th Street, Suite 2900<br>Denver, CO 80202<br>Telephone:  (303) 223-1100<br>Facsimile:  (303) 223-1111<br>jellis@bhfs.com<br>rbenenson@bhfs.com<br><br>*Attorneys for Defendant*<br>*The Big Ten Conference, Inc.* | **SIDLEY AUSTIN LLP**<br><br>By: */s/ Angela C. Zambrano*<br>Angela C. Zambrano<br>Natali Wyson<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone:  (214) 969-3529<br>Facsimile:  (214) 969-3558<br>angela.zambrano@sidley.com<br>nwyson@sidley.com<br><br>**LEWIS ROCA ROTHERGERBER CHRISTIE LLP**<br><br>Abby Caroline Harder<br>Douglas B. Tumminello<br>1601 19th Street, Suite 1000<br>Denver, CO 80202<br>Telephone:  (303) 628-9575<br>Facsimile:  (303) 623-9222<br>aharder@lewisroca.com<br>dtumminello@lewisroca.com<br><br>*Attorneys for Defendant*<br>*The Big 12 Conference, Inc.* |

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: */s/ Robert W. Fuller*
Robert W. Fuller, III
Lawrence C. Moore, III
Amanda P. Nitto
Travis S. Hinman
Patrick H. Hill
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
phill@robinsonbradshaw.com

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
Kathryn A. Reilly
Michael T. Williams
Michael R. Krantz
370 17th Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1867
Facsimile: (303) 244-1879
odonnell@wtotrial.com
reilly@wtotrial.com
williams@wtotrial.comkrantz@wtotrial.com

*Attorneys for Defendant*
*Southeastern Conference*

**LATHAM & WATKINS LLP**

By: */s/ Christopher S. Yates*
Christopher S. Yates
Aaron T. Chiu
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-1061
Facsimile: (202) 637-2201
anna.rathbun@lw.com

**KING & SPALDING LLP**

Cliff Stricklin
Jared Michael Lax
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2327
cstricklin@kslaw.com
jlax@kslaw.com

*Attorneys for Defendant*
*The Atlantic Coast Conference*

**CERTIFICATE OF SERVICE**

      I certify that on this 22nd day of January, 2024, a true and correct copy of the foregoing DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL IN MULTIDISTRICT LITIGATION was filed via the CM/ECF system which will send notification of such filing to all counsel of record.

      */s/ Rakesh N. Kilaru*
      Rakesh N. Kilaru

      *Attorney for Defendant National Collegiate Athletic Association*

11