UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT and MYA HOLLINGSHED,
Individually and on Behalf of All Those Similarly
Situated,

   Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

   Defendants.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

  Plaintiffs do not—and cannot—dispute that the general practice in this District is to preserve judicial and party resources by staying proceedings when a motion to transfer is pending before the Judicial Panel on Multidistrict Litigation ("JPML"). Nor do they provide any basis for departing from that well-established rule. While they say they want only "certain proceedings to take place now," the proceedings Plaintiffs envision, such as briefing (but not a ruling) on a motion to dismiss, would all be replicated in, and thus best reserved for, the potential transferee court. Plaintiffs also cite no precedent

for their suggestion that the Court should deny this motion based on predictions about how the JPML will rule.

This case belongs with the others like it in the Northern District of California, whether by order of the JPML or by an order of this Court on a motion to transfer venue under 28 USC § 1404, which Defendants will file if necessary. There is every reason to believe the JPML will promptly resolve the pending motion, and that, regardless of how the JPML rules, the case will move forward quickly. The Court should follow the "routin[e]" practice in this District and grant a stay to preserve judicial economy, prevent unnecessary costs, and ensure uniform rulings. *Bunnell Bunnell v. Future Motion, Inc.*, No. 22-cv-1220-CNS-KAS, 2023 WL 7279354, at *1 (D. Colo. Nov. 3, 2023).

## BACKGROUND

Three days after Defendants filed the motion to stay in this case ("*Fontenot*"), ECF No. 71, all parties in the overlapping *Carter* case stipulated to a stay of that proceeding pending the JPML ruling. *See* Stipulation And [Proposed] Order To Stay Proceedings, *Carter et al. v. Nat'l Collegiate Athletic Ass'n et al.*, No. 3:23-cv-06325-RS (N.D. Cal. Dec. 7, 2023), ECF No. 64 ("*Carter*"). One week later, the court in *Carter* granted the stay, finding that it would "conserve judicial and party resources." Stipulation And Order To Stay Proceedings, *Carter*, No. 3:23-cv-06325-RS (N.D. Cal. Dec. 7, 2023), ECF No. 72. This case will be consolidated with *Carter* if the JPML grants the motion pending before it.

Briefing in the JPML is moving rapidly and will soon be complete. Last Wednesday, Defendants filed a joint response in support of transfer of this case to the

Northern District of California, arguing that centralization of this action with three pending cases in that District (*House*[1] and *Hubbard*,[2] in addition to *Carter*) would avoid "duplicative discovery and conflicting rulings." See Defendants' Joint Response To Plaintiffs' Motion For Transfer, *In re Coll. Athlete Compensation Antitrust Litig.*, MDL No. 3105, (J.P.M.L. Feb. 7, 2024), ECF No. 32, at 1 ("Joint Response"). The *Fontenot* Plaintiffs filed their Response opposing the transfer on the same day. See Interested Party Response To Motion For Transfer, *In re Coll. Athlete Compensation Antitrust Litig.*, MDL No. 3105, (J.P.M.L. Feb. 7, 2024), ECF No. 30. The *Carter* Plaintiffs' reply is due in two days' time. See Notice Of Filing And Publication Of Briefing Schedule, *In re Coll. Athlete Compensation Antitrust Litig.*, MDL No. 3105 (J.P.M.L. Jan. 17, 2024), ECF No. 4. The next JPML hearing is scheduled for March 28, 2024. See *Hearing Information*, United States Judicial Panel on Multidistrict Litigation (last visited Feb. 8, 2024 10:13 P.M.), https://www.jpml.uscourts.gov/hearing-information. There is no reason to believe that the JPML will not promptly resolve the competing arguments concerning the venue of this action, and whether it should be centralized with the three actions pending in the Northern District of California.

## ARGUMENT

Plaintiffs do not seriously dispute that the relief Defendants are requesting is commonplace in this district. See *Bunnell Bunnell*, 2023 WL 7279354, at *1 (collecting cases). In an effort to sidestep the overwhelming in-district authority, Plaintiffs cherry-

---

[1] *In re Coll. Athlete NIL Litig.*, No. 4:20-cv-03919-CW (N.D. Cal.).
[2] *Hubbard v. Nat'l Collegiate Athletic Ass'n*, No. 4:23-cv-01593 (N.D. Cal.).

pick a handful of distinguishable cases and improperly speculate about the merits of the motion before the JPML. Those arguments provide no basis for departing from settled law. Under the prevailing standard—which Plaintiffs do not even address—the stay should be granted. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-1934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30. 2006) (cited nowhere in Plaintiffs' brief).

I.     **MOTIONS TO STAY PENDING A DECISION BY THE JPML ARE ROUTINELY GRANTED.**

The overwhelming authority in this district weighs in favor of a stay pending a decision by the JPML. *See Sykes v. LivaNova Deutschland GmbH*, No. 17-cv-02437-KLM, 2018 WL 286791, at *2 (D. Colo. Jan. 4, 2018); *see also Bunnell Bunnell*, 2023 WL 7279354, at *1; *Masciotra v. Vertafore, Inc.*, No. 20-cv-3603-WJM-NYW, 2021 WL 3887949, at *3 (D. Colo. Feb. 3, 2021).

Plaintiffs respond with an outlier case that provides no basis for changing course. *See Carolus v. Gen. Elec. Co.*, No. 07-CV-00714-WYD-MJW, 2007 WL 4225802 (D. Colo. Nov. 28, 2007). In *Carolus*, limited written discovery was already underway when the stay motion was filed. *Id.* at *1. The court allowed such discovery to continue only because the plaintiff faced "potentially . . . fatal injuries as a result of exposure to" the chemical at issue in the case. *Id.* Under those rare circumstances, the court permitted written discovery to continue but precluded any further depositions or discovery. *Id.* at *2.

That case, which did not apply the commonplace five-factor test, *see Bunnell Bunnell*, 2023 WL 7279354, at *1, bears no resemblance to this one.[3] Unlike in *Carolus*, discovery is not already underway, and none of the Plaintiffs allege any kind of emergency that warrants moving forward on an expedited basis. Indeed, the injuries Plaintiffs claim here overlap with alleged injuries in other cases that have been actively litigated for several years. *Compare* Amended Class Action Complaint, *Fontenot*, ECF No. 78, *with* Consolidated Amended Complaint, *In re Coll. Athlete NIL Litig.*, No. 20-cv-03919 (N.D. Cal July 26, 2021), ECF No. 164.

## II. THE COURT NEED NOT SPECULATE ON THE MERITS OF THE JPML MOTION.

Plaintiffs provide no basis for their suggestion that the Court should deny the stay simply because, in their view, the motion for the JPML to transfer this action is likely to be denied. *See* Opposition at 11-13. Not only is centralization very possible, *see* Joint Response at 12-20, but Plaintiffs' argument runs counter to the law. In *Masciotra v. Vertafore, Inc.*, the plaintiffs opposed a discovery stay during the pendency of a motion to transfer based on "arguments related to the perceived strength" of that motion. *See* 2021 WL 3887949, at *2. The court rejected that argument, noting that "[t]here is no

---

[3] The out-of-district authority cited by Plaintiffs is similarly unpersuasive. *See, e.g.*, *Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1007 (N.D. Iowa 2020) (noting that the risks of duplicative discovery burdens were mitigated because the parties "ha[d] entered into coordinated discovery agreements" across all cases); *Doe as next friend of Doe 1 v. Varsity Brands, LLC*, No. 2:22-CV-02657-JTF-TMP, 2023 WL 3090041, at *2 (W.D. Tenn. Apr. 25, 2023) (partially granting a stay and noting that the parties agreed that a stay of discovery proceedings would be "appropriate"). Furthermore, none of those cases applied the *String Cheese Incident* five-factor test favored by this Court. *See, e.g.*, *Doe as next friend of Doe 1*, 2023 WL 3090041, at *2.

authority from the United States Court of Appeals for the Tenth Circuit ('Tenth Circuit') that requires a court to take a 'preliminary peek' at the merits," and "declin[ing] to pass on the potential merits of the Motion to Transfer." *Id.*; *see also Est. of Thakuri ex rel. Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) (cited in *Masciotra*) (noting that magistrate's assessment of underlying motion would "inappropriately usurp[] the District Judge's authority to determine the merits" of the motion); *Love v. Grashorn*, No. 21-CV-02502-RM-NRN, 2022 WL 1642496, at *4 (D. Colo. May 24, 2022) ("[E]ven superficially evaluating a pending dispositive motion could put the magistrate judge in an awkward position.").

Since *Masciotra*, other courts in this district have granted stays and declined to consider the merits of a pending MDL petition. *See Bunnell Bunnell*, 2023 WL 7279354, at *1. The case for abstaining from a prediction on the merits is only stronger here because the motion for transfer is pending before a different court with jurisdiction to entertain the motion. Briefing before that court will be complete this week, and the JPML will make a decision promptly.

### III. PLAINTIFFS FAIL TO DEMONSTRATE HARM OR PREJUDICE.

Plaintiffs also fail to demonstrate harm or prejudice from a brief stay. The first *String Cheese Incident* factor courts assess when evaluating a stay motion is the "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay." *Est. of Simon ex rel. Simon v. Van Beek*, No. 1:21-cv-1923-CNS-GPG, 2023 WL 1768548, at *2 (D. Colo. Jan. 3, 2023) (internal

6

quotation marks removed) (*quoting String Cheese Incident*, 2006 WL 894955, at *2). Plaintiffs make no convincing showing on this front.

The only argument Plaintiffs offer is baseless speculation that the Pac-12 Conference will collapse in the next two months. They provide no support for their claim, s*ee* Opposition at 7-8 (citing nothing), which is in any event unfounded. The Pac-12 Conference remains an active participant in litigation here and elsewhere, and all of the departing member schools have joined conferences that are codefendants in this action. Plaintiffs' concerns that a stay would cause prejudice are baseless.

IV. **PLAINTIFFS' REQUEST WOULD WASTE JUDICIAL AND PARTY RESOURCES.**

Plaintiffs also miss the mark in attempting to minimize their departure from common practice by suggesting they want only limited proceedings to go forward. *See* Opposition at 8-9. Plaintiffs do not provide any support for allowing these specific aspects of the case to go forward, overstate any efficiencies that would be gained, and understate the burdens on the parties and the Court.

Plaintiffs first suggest that they will "tightly focus their discovery requests on non-controversial items." *See id.* at 10. But they offer little clarification of what they seek, and if the parties disagree about what is "non-controversial," those disputes would pose an unnecessary burden on the Court. Further, some of the preliminary matters that would need to occur to permit written discovery, such as negotiation of an ESI protocol, are matters that would have to be redone in the event of transfer to be compliant with the rules and practices of the Northern District of California.

7

Plaintiffs' suggestion that the parties should brief, but not seek decision on, the motion to dismiss is similarly misguided. While guessing as to Defendants' potential arguments, Plaintiffs admit that Defendants' legal arguments, and underlying legal support, might vary if consolidation or transfer is granted. *See id*. They also ignore that more cases may be filed that would become part of a possible consolidated proceeding, further complicating the briefs that may be filed early in the litigation and counseling in favor of a stay.

Centralization serves to avoid duplicative discovery and motion practice. *See, e.g.*, *In re Bextra & Celebrex Mktg., Sales Pracs. & Prod. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (holding that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties . . . "). Courts in this district continually grant stays based on these considerations. *See Bunnell Bunnell*, 2023 WL 7279354, at *1. This Court should refrain from adopting a half-measure that would inevitably create the same judicial waste and duplicative discovery burdens that stays are designed to prevent.

**V.    SHOULD THE JPML DECLINE CONSOLIDATION, DEFENDANTS WILL SEEK TO TRANSFER UNDER 28 U.S.C. § 1404, FURTHER COUNSELING IN FAVOR OF A STAY.**

If the JPML decides not to centralize *Carter* and *Fontenot*, or if the Court departs from the usual practice in this District and denies a stay, Defendants will move to transfer this case to the Northern District of California under 28 U.S.C. § 1404. *Fontenot* and *Carter* represent the latest chapter in antitrust litigation

challenging student-athlete compensation. Plaintiffs here are piggybacking on the pendency of multiple related actions in the Northern District of California—*House*, *Hubbard*, and *Carter*—and the development of over a decade's worth of litigation mining these legal issues. These cases have largely been playing out in the Northern District of California, leading to a developed body of case law and judicial familiarity with the issues. And the parties have become accustomed to litigating these issues before that District, too, including on issues such as ESI and protective orders, which took a long time to negotiate given the interests of third parties. Transfer under § 1404(a) would therefore be appropriate even if the JPML declines to centralize the cases under § 1407. *See, e.g.*, *Ests. of Von Coley v. Hillenbrand Indus., Inc.*, 2007 WL 9711023, at *2-3 (W.D. Okla. Feb. 21, 2007) ("It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer."); *accord Collier v. Am. Greetings Corp.*, 2012 WL 13020817, at *3 (N.D. Okla. June 19, 2012) ("Courts have concluded that the presence of a related case in the transferee forum is a powerful reason to grant a change of venue." (internal quotation marks omitted)) *R&R adopted*, 2012 WL 13027384 (N.D. Okla. July 6, 2012); *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004) (holding that pendency of related litigation in transferee forum warranted transfer under § 1404(a) "to both facilitate the interest of justice and avoid inconsistent results").

One way or another, this case belongs with its sister cases in the Northern District of California. Granting a stay while the JPML decision plays out would obviate

9

potentially duplicative transfer motions practice and avoid a footrace between this Court and the JPML to decide respective transfer motions.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the motion to stay further proceedings in this action pending a determination by the Judicial Panel on Multidistrict Litigation of whether to transfer this action to the Northern District of California for coordinated or consolidated pretrial proceedings.

Dated: February 12, 2024

Respectfully Submitted,

**WILKINSON STEKLOFF LLP**

By: */s/ Rakesh N. Kilaru*
Rakesh N. Kilaru
Calanthe Arat
Tamarra Matthews Johnson
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com

*Attorneys for Defendant*
*National Collegiate Athletic Association*

**COOLEY LLP**

By: */s/ Whitty Somvichian*
Whitty Somvichian
Kathleen R. Hartnett
Ashley Kemper Corkery
Gregory John Merchant
Mark Frederick Lambert
Rebecca Lynne Tarneja
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
wsomvichian@cooley.com
khartnett@cooley.com
acorkery@cooley.com
gmerchant@cooley.com
mlambert@cooley.com
rtarneja@cooley.com

*Attorneys for Defendant*
*Pac-12 Conference*

**MAYER BROWN LLP**

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
bmiller@mayerbrown.com
dfenske@mayerbrown.com

**BROWNSTEIN HYATT FARBER SCHRECK LLP**

Julian Richard Ellis, Jr.
Richard B. Benenson
675 15th Street, Suite 2900
Denver, CO 80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
jellis@bhfs.com
rbenenson@bhfs.com

*Attorneys for Defendant*
*The Big Ten Conference, Inc.*

**SIDLEY AUSTIN LLP**

By: */s/ Angela C. Zambrano*
Angela C. Zambrano
Natali Wyson
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 969-3529
Facsimile:  (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com

**LEWIS ROCA ROTHERGERBER CHRISTIE LLP**

Abby Caroline Harder
Douglas B. Tumminello
1601 19th Street, Suite 1000
Denver, CO 80202
Telephone:  (303) 628-9575
Facsimile:  (303) 623-9222
aharder@lewisroca.com
dtumminello@lewisroca.com

*Attorneys for Defendant*
*The Big 12 Conference, Inc.*

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: */s/ Robert W. Fuller*
Robert W. Fuller, III
Lawrence C. Moore, III
Amanda P. Nitto
Travis S. Hinman
Patrick H. Hill
101 N. Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
phill@robinsonbradshaw.com

**WHEELER TRIGG O'DONNELL LLP**

Michael L. O'Donnell
Kathryn A. Reilly
Michael T. Williams
Michael R. Krantz
370 17th Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1867
Facsimile: (303) 244-1879
odonnell@wtotrial.com
reilly@wtotrial.com
williams@wtotrial.com
krantz@wtotrial.com

*Attorneys for Defendant*
*Southeastern Conference*

**LATHAM & WATKINS LLP**

By: */s/ Christopher S. Yates*
Christopher S. Yates
Aaron T. Chiu
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
chris.yates@lw.com
aaron.chiu@lw.com

Anna M. Rathbun
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-1061
Facsimile: (202) 637-2201
anna.rathbun@lw.com

**KING & SPALDING LLP**

Cliff Stricklin
Jared Michael Lax
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2327
cstricklin@kslaw.com
jlax@kslaw.com

*Attorneys for Defendant*
*The Atlantic Coast Conference*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of February, 2024, a true and correct copy of the foregoing REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION was filed via the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Rakesh N. Kilaru*
Rakesh N. Kilaru

*Attorney for Defendant National Collegiate Athletic Association*