**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT,
MYA HOLLINGSHED,
SARAH FULLER,
DEONTAY ANDERSON, and
TUCKER CLARK,  Individually and on Behalf of All
Those Similarly Situated,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

**STIPULATED PROTECTIVE ORDER**

In order to protect confidential information obtained from or disclosed by the respective parties or nonparties in connection with this litigation and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as follows:

## PURPOSES AND LIMITATIONS

1. Disclosure and discovery activity in this action are likely to involve production of trade secrets, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The unrestricted disclosure of such information would cause undue damage to the parties and their businesses or to third parties. The disclosure of trade secrets, proprietary information, and confidential business and financial information would harm the disclosing party if it was made known to the disclosing party's competitors, and in some cases, could violate the confidentiality agreements between the disclosing party and third parties or parties to those agreements. Disclosure of private information and educational information is also governed by federal and state statutes and other laws such that disclosure of that information may be inconsistent with those statutes and other laws. Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable

legal principles. This Protective Order is, therefore, entered into pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect information entitled to be kept confidential.

2.      Documents and other information produced by the parties or nonparties in connection with this action that are designated for protection in accordance with this Order and that are not otherwise publicly available shall be used solely for purposes of prosecuting, defending or attempting to settle this action.

3.      Except as set forth in Paragraph 2 above, the protections outlined in this Order apply only to information appropriately designated as "Confidential," "Highly Confidential – Counsel Only," "Conference Strictly Confidential – Outside Litigation Counsel Only," or "Network Strictly Confidential – Outside Litigation Counsel Only," pursuant to the terms of this Order (collectively, the "Protected Information").

4.      The parties acknowledge that this Protective Order creates no entitlement to file confidential information under restriction. The standards set forth in D.C.COLO.LCivR 7.2 and D.C.COLO.MJ V(4)) reflect the standards that will be applied when a party seeks permission from the Court to file material under restriction.

5.      The Defendants hereby represent to the Court that they have conferred with ESPN, Inc., ESPN Enterprises, Inc., ESPN Productions, Inc., American Broadcast Companies, Inc. (together, "ESPN/ABC"); Fox Broadcasting Company, LLC, Fox Sports 1, LLC, Big Ten Network, LLC (together, "Fox Networks"); CBS Broadcasting, Inc. and CSTV Networks, Inc. d/b/a CBS Sports Network (together, "CBS"); Turner Broadcasting System, Inc.; and NBC Universal Media, LLC (collectively, the "Networks") regarding this Protective Order. The Networks have been informed of and have raised no objection to

the terms of this Protective Order, with express reservation of their rights to make appropriate redactions to media agreements that will be newly produced in these actions, consistent with the applicable provisions in this Protective Order, to submit any disagreements concerning redactions to the Court for resolution, consistent with the procedure set forth in Paragraph 16, and to submit documents and information in support of sealing all or certain portions of their media agreements consistent with applicable rules and court orders.

### SCOPE OF THE CURRENT PROTECTIVE ORDER AND OTHER RELEVANT PROTECTIVE ORDERS

6.     To the extent documents are produced in this matter that were previously produced in *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litigatio*n (N.D. Cal. Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW) (herein "*Alston*") or *In re College Athlete NIL Litigation* (N.D. Cal. Case No. 4:20-cv-3919-CW) (herein "*House*"), those documents will be subject to the following protective orders governing their productions in *Alston* and/or *House*:

a.   Protective Order entered on January 1, 2015 [N.D. Cal Case No. 14-md-2541; Dkt. 189], attached as Exhibit A;

b.   Addendum to Protective Order entered on July 9, 2015 [N.D. Cal Case No. 14-md-2541; Dkt. 234], attached as Exhibit B;

c.   Second Addendum to Protective Order entered on October 12, 2016 [N.D. Cal Case No. 14-md-2541; Dkt. 512], attached as Exhibit C;

d.   Third Addendum to Protective Order entered on November 11, 2016 [N.D. Cal Case No. 14-md-2541, Dkt. 539 & 540], attached as Exhibit D;

e.  Stipulation Regarding Second Addendum to Protective Order entered on September 4, 2018 [N.D. Cal Case No. 14-md-2541; Dkt. 1027], attached as Exhibit E;

f.  Fourth Addendum to Protective Order entered on September 15, 2019 [N.D. Cal Case No. 14-md-2541; Dkt. 1237 & 1238], attached as Exhibit F;

g.  Stipulation and Protective Order entered on December 22, 2020 [N.D. Cal Case No. 4:20-cv-3919; Dkt. 137], attached as Exhibit G;

h.  Stipulation and Order Supplementing and Amending Protective Order Regarding Conference and Network Strictly Confidential Documents [N.D. Cal. Case No. 4:20-cv-3919; Dkt. 148], attached as Exhibit H.

7.  Except for the provisions set forth in Paragraphs 27-33 below, this Protective Order applies to documents that bear a Bates stamp for this litigation but that bear no Bates stamp from prior litigation. This Protective Order shall govern production and treatment of such documents, which shall be referred to herein and may be designated by the parties as Protected Information.

## DESIGNATION OF DOCUMENTS AND
## NONDISCLOSURE OF PROTECTED INFORMATION

8.  Except with the prior written consent of the party or non-party originally designating a document, discovery response, or deposition transcript (the "Disclosing Party"), Protected Information may not be disclosed to any person except as specifically authorized herein.

9.      Any Disclosing Party may designate as Confidential (by stamping the relevant page or portion "Confidential") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain information involving trade secrets; proprietary information; confidential business, educational or financial information; confidential personal educational information; confidential personal financial information; private personal information or other information subject to protection under applicable law, or another applicable legal standard ("Confidential Information").   The Disclosing Party bears the burden of establishing that the Confidential Information designation is warranted under this protective order.  Where a document or response consists of more than one page, each page of the document shall be marked as Confidential.  Confidential Information may only be disclosed to those persons set forth in Paragraph 21 below.

10.      Any Disclosing Party may designate as Highly Confidential (by stamping the relevant page or portion "Highly Confidential – Counsel Only") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Highly Confidential – Counsel Only Information"). In the event of a dispute, the Disclosing Party bears the burden of establishing that the Highly Confidential – Counsel Only Information designation is warranted under this protective order. Where a document or response consists of more than one page, each page of the document shall be marked

as Highly Confidential – Counsel Only. Highly Confidential – Counsel Only Information may only be disclosed to those persons set forth in Paragraph 22 below.

11.     Any party or non-party may designate as Conference Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Conference Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of this action that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant in this action (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or to a party or non-party to which such designating party has a confidentiality obligation ("Conference Strictly Confidential – Outside Litigation Counsel Only Information"). In the event of a dispute, the Disclosing Party bears the burden of establishing that the Conference Strictly Confidential – Outside Litigation Counsel Only Information designation is warranted under this protective order. Where a document, response to discovery, deposition transcript, or anything else furnished during the course of this action consists of more than one page, each page of the document shall be marked as Conference Strictly Confidential – Outside Litigation Counsel Only.  Conference Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 23 below.

12.     Any party or non-party may designate as Network Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Network Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of this action that includes or concerns a term of any current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or understanding (including summaries or analyses of such information that may identify the nature of such terms, all herein referred to as "Media Agreement Document(s)"), or confidential Network financial information that the designating party or its contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or its contractual counterparty ("Network Strictly Confidential – Outside Litigation Counsel Only Information"). In the event of a dispute, the Party designating the information as Network Strictly Confidential – Outside Litigation Counsel Only Information bears the burden of establishing that the Network Strictly Confidential – Outside Litigation Counsel Only Information designation is warranted under this protective order. Where a document, response to discovery, deposition transcript, or anything else furnished during the course of this action consists of more than one page, each page of the document shall be marked as Network Strictly Confidential – Outside Litigation Counsel Only.  Network Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 24 below.

13.     A Disclosing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential," "Highly Confidential – Counsel Only," "Conference Strictly Confidential – Outside Litigation Counsel Only," or "Network Strictly Confidential – Outside Litigation Counsel Only," by so indicating in said responses or on the record at the deposition. A blanket designation made on the record of an entire deposition transcript will be in effect for 45 days after receiving the final deposition transcript, after which time the designation ends unless the designating party provides written designations within 45 days of receiving the final deposition transcript. Additionally a party may designate in writing, within 45 days after receipt of said responses or of the final deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses that are Protected Information. Any party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 16 below.  Immediately following a deposition, the deposition transcript shall be treated as Network Strictly Confidential – Outside Litigation Counsel Only.  If, during the deposition or within 10 business days following the deposition, a party makes a blanket designation of deposition testimony or the transcript as Highly Confidential – Counsel Only, Conference Strictly Confidential – Outside Counsel Only, or Network Strictly Confidential – Outside Counsel Only, the deposition transcript will continue to be treated as Network Strictly Confidential for the 45-day window to make final confidentiality designations.  If no Highly Confidential – Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only, or Network Strictly Confidential – Outside Litigation Counsel Only designation is made at or

within 10 business days of a deposition, the deposition transcript shall be treated in its entirety as "Confidential" Information for 45 days. All parties shall affix the relevant legend required by this Order on each page of the deposition transcript designated "Confidential," "Highly Confidential – Counsel Only" "Conference Strictly Confidential – Outside Litigation Counsel Only," or "Network Strictly Confidential – Outside Litigation Counsel Only," at the deposition or by subsequent written notice.

14.     The inadvertent failure to designate Protected Information that has been disclosed using one of the designations available under this Protective Order shall be without prejudice to any claim by the Disclosing Party that it is Protected Information and shall not waive the Disclosing Party's right to secure protection under this Order for such material. In the event a Disclosing Party designates material as Protected Information after it has been inadvertently disclosed, the receiving party will treat such material pursuant to the relevant designation pursuant to this Order and shall make arrangements with the Disclosing Party to have the Protected Information, including copies, marked "Confidential," "Highly Confidential – Counsel Only," "Conference Strictly Confidential – Outside Litigation Counsel Only," or "Network Strictly Confidential – Outside Litigation Counsel Only."

15.     If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the designation.

**RESOLVING DISPUTED CLASSIFICATIONS**

16.     Should a party wish to object to a designation of any material as Protected Information, that party shall make a written Designation Objection to the Disclosing Party, as set forth below:

a. Designation Objection: A party may object to the designation of particular Protected Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a).

b. Court Determination: If the Disclosing Party refuses to agree to remove the disputed designation pursuant to subsection (a) above, the Objecting Party may inform the Disclosing Party within ten (10) court days of receiving the Disclosing Party's refusal to remove the disputed designation(s) that it will seek resolution of the dispute by the Court. The Disclosing Party and the Objecting Party shall jointly present the dispute to the Court, in accordance with the Court's practice standards (e.g., D.C.COLO.MJ VI).  In any judicial proceeding challenging a Protected Information designation, the burden of persuasion with respect to the propriety of the designation shall remain upon the Disclosing Party. If the Objecting Party fails to timely apply to the Court to resolve the parties' dispute, the Disclosing Party's designation will remain in effect.

c. Pending a Court ruling, all parties shall continue to treat the information subject to the Designation Objection pursuant to the disputed designation under the terms of this Protective Order.

**FILING AND SERVING DOCUMENTS UNDER RESTRICTION**

17.    No Protected Information shall be filed on the public docket without the written permission of the Disclosing Party or a court order.

18.    The parties will meet and confer regarding modifications to the Court's Local Rules and practice standards (including, but not limited to, D.C.COLO.L.CivR 7.2) governing the process for filing of documents and information under restriction. In light of the volume and significance of Protected Information likely to be at issue and included in court filings in this litigation, the parties currently anticipate that they will jointly move the Court to enter a stipulated order modifying the process described in D.C.COLO.L.CivR 7.2 to permit the parties to file a joint omnibus motion to restrict access to all Protected Information included in multiple, related filings (*e.g.*, all class certification-related filings or all summary judgment-related filings) in an effort to streamline the parties' efforts related to motions to file under restriction and the Court's review of such motions. The parties agree to provide written notice of any such order to the Networks within 24 hours after entry of any order modifying the process described in D.C.COLO.L.CivR 7.2. The parties will cooperate in good faith to propose an orderly and efficient process for moving to restrict access to Protected Information in a timely and efficient manner and will present their proposed approach to the Court at the appropriate time.

19.     No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be filed on the public docket unless either (1) each Network discussed or referenced therein provides permission in writing; or (2) the Court denies a motion to restrict access to the Network Strictly Confidential – Outside Litigation Counsel Only Information filed in accordance with D.C.COLO.L.CivR 7.2 or any court order modifying the procedures set forth in D.C.COLO.L.CivR 7.2 for purposes of this litigation.

a. In the event no order is entered modifying the process described in D.C.COLO.L.CivR 7.2, as contemplated in Paragraph 18 above, any party that wishes to file any document containing Network Strictly Confidential – Outside Litigation Counsel Only Information shall advise each Network whose Network Strictly Confidential – Outside Litigation Counsel Only Information is to be filed, in writing, at least five (5) business days in advance of such filing, absent good cause but in all events at least 24 hours prior to the filing of any document containing the Network(s)'s Network Strictly Confidential – Outside Counsel Only Information. The filing entity and the Network(s) shall then meet and confer to discuss in good faith alternatives to filing the Network Strictly Confidential – Outside Litigation Counsel Only Information on the public docket. In the event that, after good faith conferrals, the filing entity still wishes to file document(s) containing Network Strictly Confidential – Outside Litigation Counsel Only Information, all parties agree to work cooperatively to facilitate the Networks' ability to provide adequate

authority and support for any motion to seal, including by providing the Networks with adequate time to do so and agreeing to seek any appropriate extensions with respect thereto.  No party may file Network Strictly Confidential – Outside Litigation Counsel Only Information until at least seven (7) calendar days after the denial of a motion to restrict such information.

b.  In the event an order is entered modifying the process described in D.C.COLO.L.CivR 7.2, as contemplated in Paragraph 18 above, the parties agree to meet and confer with the Networks in good faith to discuss an orderly and efficient process for moving to restrict access to Protected Information in a timely and efficient manner, which in all events shall require at least five (5) business days advance written notice to the Networks.

c.  Within 24 hours after any party files any document containing Network Strictly Confidential – Outside Litigation Counsel Only Information, the filing entity shall provide written notice to each Network whose Network Strictly Confidential – Outside Litigation Counsel Only Information was filed, and shall provide the Network(s) with one (1) redacted copy of the entire filing, including any exhibits and declarations, as applicable, and one (1) unredacted copy of the entire filing, including any exhibits and declarations, as applicable, although the filing entity shall maintain any redactions of Network Strictly Confidential – Outside Litigation Counsel

Only Information belonging to another Network. By way of example, if a filing contains Network Strictly Confidential – Outside Litigation Counsel Only Information belonging to both Fox and ESPN, the filing party shall be required to provide Fox with a version of the filing with all of Fox's Network Strictly Confidential – Outside Litigation Counsel Only Information unredacted, but may maintain the redactions as to ESPN's Network Strictly Confidential – Outside Litigation Counsel Only Information. The Networks preserve their rights to seek a writ of mandamus from the Tenth Circuit and/or a stay of any order denying a motion to restrict access to any Network Strictly Confidential – Outside Litigation Counsel Only Information. Copies of any pleading, brief, or other document (including expert reports) containing Network Strictly Confidential – Outside Litigation Counsel Only Information which is served on opposing counsel shall be stamped "NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER," shall be transmitted via email or cover letter and envelope bearing similar designation and shall be treated in accordance with the provisions of the Protective Order.

20.     Copies of any pleading, brief, or other document (including expert reports) containing Protected Information which is served on opposing counsel shall be stamped "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL –

COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER", "CONFERENCE STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," using the designation corresponding to the information with the highest level of confidentiality protection included in the document, shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of this Protective Order.

## PERMISSIBLE DISCLOSURES

21.     Confidential Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and then only to the extent necessary to litigate this action:

a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this action;

b. employees of such counsel, including a party's in-house legal staff;

c. plaintiffs, or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this action;

d. consultants or expert witnesses retained for the prosecution or defense of this action, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit I before being shown or given any Confidential Information;

e. the original author, addressees, or recipients of the Confidential Information;

f. the Court, court personnel and court reporters; and

g. witnesses (other than persons described in Paragraph 21(d)) who testify at deposition or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit I before the deposition and thus before being shown or given any Confidential Information. If a witness refuses to sign such a certification, the parties will meet and confer regarding what can be shown the witness and will seek Court intervention as needed; and

h. persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Protective Order as Exhibit I before being shown or given any Confidential Information.

22.     Highly Confidential – Counsel Only Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and then only to the extent necessary to litigate this action:

a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this action;

b. employees of such counsel, including a party's in-house legal staff;

c. consultants or expert witnesses retained for the prosecution or defense of this action, provided that each such person shall execute a copy of the

certification annexed to this Protective Order as Exhibit I before being shown or given any Highly Confidential – Counsel Only Information;

d. the original author, addressees, or recipients of the Highly Confidential – Counsel Only Information;

e. the Court, court personnel and court reporters;

f. persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Protective Order as Exhibit I before being shown or given any Confidential Information; and

g. witnesses (other than persons described in Paragraph 22(c)) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously would have had access to or otherwise had obtained knowledge of the Highly Confidential – Counsel Only Information (including, for example, a supervisor for documents created by someone who reports, directly or indirectly, to them); and (2) such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit I before being shown or given any Highly Confidential – Counsel Only Information. If a witness refuses to sign such a certification, the parties will meet and confer regarding what can be shown the witness and will seek Court intervention as needed.

23.     Conference Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of this Protective Order) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate this action:

a.     Outside litigation counsel of record for Plaintiffs in this litigation, including those law firms' paralegals, assistants, and other employed staff;

b.     Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

c.     Consultants or expert witnesses retained for the prosecution or defense of this action, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with this action, provided that prior to being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information, each such person shall execute a copy of the certification annexed as Exhibit I to this Protective Order (herein the "Certification");

d.     The original author, addressees, or recipients of the Conference Strictly Confidential – Outside Litigation Counsel Only Information;

e.     The Court, court personnel and court reporters;

f.     Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing, organizing, storing, retrieving data or other information in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the Certification before being shown or given

any Conference Strictly Confidential – Outside Litigation Counsel Only Information; and

      g.     Witnesses (other than persons described in Paragraph 23(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously would have had access to or otherwise had obtained knowledge of the Conference Strictly Confidential – Outside Litigation Counsel Only Information (including, for example, a supervisor for documents created by someone who reports, directly or indirectly, to them); and (2) such witnesses shall execute a copy of the Certification before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information. Witnesses (other than persons described in Paragraph 23(c) above) associated with conferences or parties other than the party who designated a document as Conference Strictly Confidential – Outside Litigation Counsel Only Information may not view the Conference Strictly Confidential – Outside Litigation Counsel Only Information.  If a witness refuses to sign such a certification, the parties will meet and confer regarding what can be shown the witness and will seek Court intervention as needed.

24.     Network Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of this Protective Order) shall not be disclosed, except to the following persons, and then only during the course and scope of and to the extent necessary to litigate this action:

a.      Outside litigation counsel of record for Plaintiffs and for Defendants, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that any individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Network Strictly Confidential – Outside Litigation Counsel Only Information in this action may not, on or before August 1, 2027, represent or advise a client in connection with negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with a Network without prior permission from such Network, except that nothing in this Protective Order shall be construed to require a Network's permission if permission has previously been granted as contemplated and provided for in the *Alston* or *House* protective orders.

i.      Defendants' law firms acting as outside litigation counsel of record in this action shall erect and maintain ethical walls to limit access to Network Strictly Confidential – Outside Litigation Counsel Only Information to Authorized Outside Litigation Counsel.

ii.     Absent a good faith basis for belief that any attorney other than Authorized Outside Litigation Counsel has reviewed Network Strictly Confidential – Outside Litigation Counsel Only Information, no Network will assert the provisions of this Protective Order as a basis to bar such attorney from engaging in future negotiations of any media, network, or broadcasting

contract, agreement, arrangement, or understanding with such Network. In the event a Network asserts the provisions of this sub-paragraph as a basis to bar an attorney from engaging in negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network, that Network will withdraw its invocation of this sub-paragraph upon the subject attorney proffering an affidavit or declaration, subject to penalty of perjury, that he/she has not reviewed any Network Strictly Confidential – Outside Litigation Counsel Only Information that he/she did not have access to prior to production.

   iii. No Network shall assert that the provisions of this Protective Order are a basis to bar an entire law firm from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network on the basis that the firm acted as outside litigation counsel of record in this action;

  b. Consultants or expert witnesses retained for the prosecution or defense of this action, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with this action, subject to the provisions of Paragraphs 27-32 herein, and who have executed a copy of the Certification before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information;

  c. The original authors or recipients of the Network Strictly Confidential – Outside Litigation Counsel Only Information and in circumstances where the

Network Strictly Confidential – Outside Counsel Only Information is an executed agreement, the parties to the agreement and their respective employees and attorneys with access to such agreement in the ordinary course of business;

      d.      The Court, court personnel and court reporters;

      e.      Witnesses (other than persons described in Paragraph 24(b) above) who testify at deposition or at trial, provided that (1) such witness previously had access to the Network Strictly Confidential – Outside Litigation Counsel Only Information with the applicable Network's authorization or consent; and (2) such witnesses shall execute a copy of the Certification before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information. The parties shall meet and confer in advance of any deposition and/or trial testimony at which a party intends to introduce Network Strictly Confidential – Outside Litigation Counsel Only Information regarding whether witnesses (other than persons described in Paragraph 24(b) above) previously had authorized access to such Network Strictly Confidential – Outside Litigation Counsel Only Information. If a witness refuses to sign such a certification, the parties will meet and confer regarding what can be shown the witness and will seek Court intervention as needed; and

      f.      Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing, organizing, storing, retrieving data or other information in any form or medium; etc.) and their employees and subcontractors, provided that such persons

or entities shall execute a copy of the Certification before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information.

25.    Any Media Agreement Document that is produced or to be produced with the designation Network Strictly Confidential – Outside Litigation Counsel Only may be redacted as set forth in Paragraph 33 herein. If an agreement cannot be reached concerning redactions, counsel for the producing party or non-party, the Network(s) that are parties to the Media Agreement Document, and Authorized Outside Litigation Counsel for Plaintiff may present their dispute to the Court for resolution, in accordance with the Court's practice standards (e.g., D.C.COLO.MJ VI) and as set forth in Paragraph 33, furnishing in camera an unredacted copy of the Media Agreement Document, identifying the provisions proposed to be redacted that are in dispute.

26.    If any document, response to discovery, deposition transcript, or anything else furnished during the course of this action is designated as Confidential, Highly Confidential – Counsel Only, or Conference Strictly Confidential – Outside Litigation Counsel Only and then later designated (or is discovered to have been previously designated) as Network Strictly Confidential – Outside Litigation Counsel Only, it shall be treated and regarded as Network Strictly Confidential – Outside Litigation Counsel Only for all purposes.

### DISCLOSURE OF CONFERENCE STRICTLY CONFIDENTIAL AND NETWORK STRICTLY CONFIDENTIAL INFORMATION TO CONSULTANTS AND EXPERTS RETAINED FOR PURPOSES OF THIS MATTER

27.    With respect to consultants and experts retained for purposes of this matter, the following provisions shall apply for purposes of this action to (1) Conference Strictly

Confidential – Outside Litigation Counsel Only Information ("*Alston* CSC Information") and Network Strictly Confidential – Outside Litigation Counsel Only Information ("*Alston* NSC Information") produced in *Alston*; (2) Conference Strictly Confidential – Outside Litigation Counsel Only Information ("*House* CSC Information") and Network Strictly Confidential – Outside Litigation Counsel Only Information ("*House* NSC Information") produced in *House*; and (3) Conference Strictly Confidential – Outside Litigation Counsel Only Information and Network Strictly Confidential – Outside Litigation Counsel Only Information newly produced in this action.

28.     *Alston* CSC Information, *Alston* NSC Information, *House* CSC Information, *House* NSC Information, Conference Strictly Confidential – Outside Litigation Counsel Only Information, and Network Strictly Confidential – Outside Litigation Counsel Only Information, may be furnished and disclosed to the Receiving Party's consultants and expert witnesses and their necessary support personnel only as is reasonably necessary for maintaining, defending or evaluating this action, solely to the extent as otherwise permitted under this Order. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and who (with respect to *Alston* NSC Information and Network Strictly Confidential – Outside Litigation Counsel Only Information) complies with Paragraph 30 herein.

29.     No disclosure of *Alston* CSC Information, *Alston* NSC Information, *House* CSC Information, *House* NSC Information, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation

Counsel Only Information to a Receiving Party's consultant or expert witness or their necessary support personnel shall occur until that person has completed and signed the Certification and, if and to the extent there has been an objection under Paragraphs 30-31 with respect to *Alston* NSC Information, *House* NSC Information, and Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as set forth below. A separate Certification shall not be required for staff members working under the supervision of an individual signing the Certification. An individual signing the Certification, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Protective Order.

     30.    A party desiring to disclose *Alston* NSC Information, *House* NSC Information, and/or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall give prior written notice to the applicable Network(s), and such Network(s) shall have ten (10) business days after such notice is given to object in writing, by electronic delivery of the objection, if there is a basis for objection to such disclosure, and shall state with particularity the ground(s) of the objection. The party desiring to disclose *Alston* NSC Information, *House* NSC Information, and/or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness must provide the following information for each consultant or expert witness: the name, title, business address, residence state and country, present occupation (or job description), curriculum vitae, a list of all instances in which, during the last four (4) years, the consultant or expert witness testified by trial or deposition, a list of

all instances in which, during the last ten (10) years, the consultant or expert witness consulted for any Network or sports rights holder (i.e., leagues, conferences, NCAA, etc), and the Certification signed by such consultant or expert witness. No *Alston* NSC Information, *House* NSC Information, or Network Strictly Confidential – Outside Litigation Counsel Only Information shall be disclosed to such consultant or expert witness until after the expiration of the ten (10) days' notice period. In the event an objection is lodged, no *Alston* NSC Information, *House* NSC Information, or Network Strictly Confidential – Outside Litigation Counsel Only Information shall be disclosed to any consultant or expert witness until after the resolution of any objections pursuant to this paragraph.

31.    The applicable entities shall meet and confer to attempt to resolve the dispute/objection within seven (7) days from the date of electronic delivery of the objection. If the entities cannot resolve the dispute, the party seeking to make the disclosure to its consultant or expert witness may present the dispute to the Court, in accordance with the Court's practice standards (e.g., D.C.COLO.MJ VI).

32.    Except as required in the event of a dispute submitted to the Court pursuant to Paragraph 31: (a) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this Protective Order by the Plaintiff shall not be disclosed by such Network(s) to the Defendants, and (b) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this Protective Order by the Defendants shall not be disclosed by such Network(s) to the Plaintiff. Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their

necessary support personnel that is provided to any Network(s) pursuant to this Protective Order. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any Network(s), that party's counsel shall promptly inform the party who retained the consultant or expert witness of the disclosure.

## REDACTION PROCEDURES

33.     Any Media Agreement Document that is produced or to be produced with the designation Network Strictly Confidential – Outside Litigation Counsel Only may be redacted pursuant to the following procedures:

    a.  After conferring with the applicable Network(s), the Defendant or third party producing the Media Agreement Document shall provide a proposed redacted copy of the Media Agreement Document to Authorized Outside Litigation Counsel for Plaintiff for review. Redactions shall be made consistent with the goals of not preventing the discovery of relevant information and protecting highly confidential information.

    b.  Within ten (10) business days following the production of any redacted Media Agreement Document, the applicable Defendant and/or Network requesting redaction agree(s) to provide to Plaintiffs, in a communication that does not include other Defendants or Networks who are not signatories to such Media Agreement Document, a reasonable identification of the subject matter of each redaction that is not apparent

from the face of the Media Agreement Document. If the applicable Defendant and/or Network does not provide a subject matter identification of a redaction pursuant to the previous sentence, and Plaintiffs are unable to ascertain, from the face of the Media Agreement Document, the subject matter of the redaction for which the applicable Defendant or Network did not provide a subject matter identification, Plaintiffs may request a reasonable identification of the subject matter of the redaction and the applicable Defendant and/or Network requesting redaction agree(s) to respond to Plaintiffs' request within ten (10) business days in a communication that does not include other Defendants or Networks who are not signatories to such Media Agreement Document. Plaintiffs shall not share or reveal at any time any such reasonable identifications of the subject matter of the redaction(s) to Defendants and Networks who are not signatories to such Media Agreement Document.

c.  If after receiving the reasonable identifications described in Paragraph 33(b), Plaintiffs object to redactions to any Media Agreement Document, Plaintiffs shall provide written notice to the applicable Networks and Defendants, and simultaneously provide a complete list of the redactions to which they object.

d.  The Defendant or third party, along with the Network(s) that is party(ies) to the Media Agreement at issue or referenced in the Media Agreement

Document at issue, and Authorized Outside Litigation Counsel for Plaintiff shall attempt in good faith to reach agreement with respect to the redactions. (To the extent a Media Agreement Document contains confidential information to which the Network is not privy, Counsel for the Defendant or third party shall be permitted to first redact the confidential information to which the Network is not privy before sharing the Media Agreement Document with the Network.)

e.   If an agreement cannot be reached, counsel for the Defendant or third party, the Network(s) that is party(ies) to the Media Agreement, or Authorized Outside Litigation Counsel for Plaintiff may present their dispute to the Court for resolution, setting forth their respective positions in accordance with the Court's practice standards (e.g., D.C.COLO.MJ VI), and furnishing in camera an unredacted copy of the provisions of the Media Agreement Document that are in dispute. The parties agree to cooperate in good faith to shorten any of the time frames set forth in this Paragraph should that be necessary to abide by any discovery or briefing schedules.

**PROTECTED INFORMATION AT HEARINGS AND TRIAL**

34.   Subject to the Federal Rules of Evidence, Protected Information may be offered at any court hearing (not including trial, which is discussed in Paragraph 36 below) provided that the offering party confers in good faith with the Disclosing Party and the Network(s), as applicable (and, if the Disclosing Party is not a party to these actions, a

representative of the offering party's opposing parties (hereinafter together the "Affected Parties")) over the proposed use of that information ten (10) business days prior to the anticipated use, absent good cause but in all events at least 24 hours prior to the use of the Protected Information. In the event the offering party does not disclose the intended use of Network Strictly Confidential – Outside Counsel Only Information to the Network(s) at least ten (10) days in advance due to good cause, the offering party and the Affected Parties will meet and confer in good faith regarding the use of the Protected Information. The offering party must take all reasonable steps to ensure that the Affected Parties are provided a meaningful opportunity to be heard by the Court regarding the proposed use of Protected Information at any court hearing and may not offer such information until the Affected Parties have been given an opportunity to provide an objection on the record.

35.    Any party or interested non-party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as either Protected Information and, if so, what protection, if any, may be afforded to such information at the trial.

36.    With respect to the use of Protected Information at trial, the parties agree to meet and confer in good faith with the Networks at least sixty (60) calendar days in advance of the pre-trial conference to discuss a stipulation to govern the potential use of any *Alston* NSC Information, *House* NSC Information, or Network Strictly Confidential – Outside Litigation Counsel Only Information at trial. The Networks shall be heard by the Court at the pre-trial conference to raise any disputes or concerns with respect to the

potential use of any *Alston* NSC Information, *House* NSC Information, or Network Strictly Confidential – Outside Litigation Counsel Only Information at trial.

## PROTECTED INFORMATION SUBPOENAED OR PRODUCED IN OTHER LITIGATION

37.     If at any time any Protected Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party as soon as reasonably practicable but in no event more than five (5) days after receipt of the subpoena. After receipt of the notice specified under this paragraph, the Disclosing Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Protected Information that has been subpoenaed. If the Disclosing Party does not move for or obtain a court order prohibiting such production or disclosure within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the Disclosing Party and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any Protected Information while a motion for a protective order brought pursuant to this paragraph is pending or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

**NON-TERMINATION**

38.     All provisions of this Protective Order restricting the communication or use of Protected Information shall continue to be binding after the conclusion of this action unless otherwise agreed or ordered.

39.     Unless otherwise ordered or agreed to in writing by the Disclosing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Protected Information shall use reasonable efforts to either return such materials and copies thereof to the Disclosing Party or destroy such Protected Information and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Information, provided that such counsel and employees of such counsel shall not disclose such Protected Information to any person, except pursuant to court order.

40.     Nothing in this Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## MODIFICATION PERMITTED

41.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

## RESERVATION OF RIGHTS

42.     By entering into this Stipulation, no party or non-party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (a) discoverable or admissible in evidence, (b) properly deemed to be confidential and/or subject to enhanced confidentiality treatment pursuant to the provisions of any of the *Alston* or *House* Protective Orders, or (c) properly redacted, in light of the issues in this action.

## NO WAIVER

43.     The parties seek to maintain the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to privileged materials, including attorney work product.  Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made in writing promptly after the Disclosing Party learns of its inadvertent production.

Such request shall include the Bates numbers for the inadvertently produced documents and the basis for requesting their return, including the specific privilege claimed, including at least the information required by Rule 26(b)(5)(A)(ii).

44.     If a party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

45.     Promptly upon receiving the Disclosing Party's request for the return and/or destruction of inadvertently produced documents or information, the Receiving Party shall either (1) take steps, consistent with Rule 26(b)(5)(B), to destroy all originals and copies of such inadvertently produced information, and any analysis memoranda, notes, or other work product generated as a result of review or analysis of the inadvertently produced documents and certify in writing to the Disclosing Party the actions that have been or will be taken; or (2) notify the Disclosing Party in writing of an intent to contest the assertion of privilege or other protection, including by providing the grounds to challenge the assertion of privilege or other protection.  The Receiving Party may not use or disclose the inadvertently produced documents or information until the claim is resolved.  The parties will meet and confer regarding the status of inadvertently produced information and involve the Court in any disputes as necessary and consistent with the Court's rules and practices.

46.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevance, admissibility or discoverability of the confidential documents and information sought.

**IT IS SO STIPULATED,** through Counsel of Record.

**DATED:**  August 12, 2023

By: */s/ Rakesh N. Kilaru*
RAKESH N. KILARU
rkilaru@wilkinsonstekloff.com
CALANTHE A. ARAT
carat@wilkinsonstekloff.com
TAMARRA D. MATTHEWS JOHNSON
tmatthewsjohnson@wilkinsonstekloff.com
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4017

*Attorneys for Defendant National
Collegiate Athletic Association*

By: */s/ Eric Olson*
ERIC OLSON
eolson@olsongrimsley.com
SEAN GRIMSLEY
sgrimsley@olsongrimsley.com
JASON MURRAY
jmurray@olsongrimsley.com
ABIGAIL HINCHCILFF
ahinchcliff@olsongrimsley.com
**OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC**
700 17th Street, Suite 1600
Denver, CO 80202
Telephone:  (303) 535-9151

STEPHEN M. TILLERY (*admission
forthcoming*)
stillery@koreintillery.com
GARRETT R. BROSHIUS
gbroshius@koreintillery.com
CAROL O'KEEFE
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844

GEORGE A. ZELCS
gzelcs@koreintillery.com
MARC A. WALLENSTEIN
mwallenstein@koreintillery.com
**KOREIN TILLERY, LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Telephone:  (312) 641-9750

CHRISTOPHER M. BURKE (admission
forthcoming)
cburke@koreintillery.com
**KOREIN TILLERY, LLC**
707 Broadway, Suite 1410
San Diego, CA 92101

Telephone:  (619) 625-5620

*Attorneys for Plaintiffs*

By: */s/ Robert W. Fuller*

ROBERT W. FULLER
rfuller@robinsonbradshaw.com
LAWRENCE C. MOORE, III
lmoore@robinsonbradshaw.com
AMANDA P. NITTO
anitto@robinsonbradshaw.com
TRAVIS S. HINMAN
thinman@robinsonbradshaw.com
PATRICK H. HILL
phill@robinsonbradshaw.com
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone:  (704) 377-8324

KATHRYN A. REILLY
reilly@wtotrial.com
MICHAEL L. O'DONNELL
odonnell@wtotrial.com
MICHAEL T. WILLIAMS
williams@wtotrial.com
MICHAEL R. KRANTZ
krantz@wtotrial.com
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202-5647
Telephone:  (303) 244-1800

*Attorneys for Defendant Southeastern Conference*

By: */s/ Britt M. Miller*

BRITT M. MILLER
bmiller@mayerbrown.com
DANIEL T. FENSKE
dfenske@mayerbrown.com
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701-8926

RICHARD B. BENENSON
rbenenson@bhfs.com
**BROWNSTEIN HYATT FARBER SCHRECK LLP**
675 15th Street, Suite 2900
Denver, CO 80202
Telephone:  (303) 223-1100

*Attorneys for Defendant The Big Ten Conference, Inc.*

By: /s/ Christopher S. Yates
CHRISTOPHER S. YATES
chris.yates@lw.com
AARON T. CHIU
aaron.chiu@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 391-0600

ANNA M. RATHBUN
anna.rathbun@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone:  (202) 637-2200

CLIFF STRICKLIN
cstricklin@kslaw.com
JARED M. LAX
jlax@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone:  (702) 535-2327

*Attorneys for Defendant Atlantic Coast
Conference*

By: /s/ Angela C. Zambrano
ANGELA C. ZAMBRANO
angela.zambrano@sidley.com
NATALI R. WYSON
nwyson@sidley.com
**SIDLEY AUSTON LLP**
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 969-3529

DOUGLAS B. TUMMINELLO
dtumminello@lewisroca.com
ABBY C. HARDER
aharder@lewisroca.com
**LEWIS ROCA ROTHERGERBER
CHRISTIE LLP**
1601 19th Street, Suite 1000
Denver, CO 80202

*Attorneys for The Big 12 Conference, Inc.*

By: */s/ Whitty Somvichian*
WHITTY SOMVICHIAN
wsomvichian@cooley.com
ASHLEY K. CORKERY
acorkery@cooley.com
KATHLEEN R. HARTNETT
khartnett@cooley.com
MARK F. LAMBERT
mlambert@cooley.com
GREGORY J. MERCHANT
gmerchant@cooley.com
REBECCA L. TARNEJA
rtarneja@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  (415) 693-2000

*Attorneys for Defendant Pac-12
Conference*

Dated: ___8/13/2024___          BY THE COURT:

                                _____

                                United States Judge

# Exhibit A

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **OAKLAND DIVISION**

11

| | |
|---|---|
| 12 IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC 13 GRANT-IN-AID CAP ANTITRUST LITIGATION 14 ———————————————— 15 This Document Relates to: 16 ALL ACTIONS 17 ———————————————— | CASE NO. 14-md-2541-CW CASE NO. 14-cv-2758-CW **STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS** |

18

19

20

21

22

23

24

25

26

27

28

1  In order to protect confidential information obtained from or disclosed by the respective

2  parties or nonparties in connection with this litigation and pursuant to the Court's authority under

3  Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as

4  follows:

5  **PURPOSES AND LIMITATIONS**

6  1.  Disclosure and discovery activity in these actions are likely to involve production

7  of trade secrets, confidential, proprietary, or private information for which special protection from

8  public disclosure and from use for any purpose other than prosecuting this litigation would be

9  warranted.  The unrestricted disclosure of such information would cause undue damage to the

10  parties and their businesses or to third parties.  The disclosure of trade secrets, proprietary

11  information, and confidential business and financial information would harm the disclosing party

12  if it was made known to the disclosing party's competitors, and in some cases, could violate the

13  confidentiality agreements between the disclosing party and third parties or parties to those

14  agreements.  Disclosure of private information and educational information is also governed by

15  statute and other laws such that disclosure of that information may be inconsistent with those

16  statutes and other laws.  Accordingly, the parties in these actions hereby stipulate to and petition

17  the Court to enter the following Protective Order.  The parties acknowledge that this Order does

18  not confer blanket protections on all disclosures or responses to discovery, and that the protections

19  outlined herein extend only to the limited information or items that are entitled to treatment as

20  confidential under applicable legal principles.  This Protective Order is, therefore, entered into

21  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect information entitled to be

22  kept confidential.

23  2.  The parties further acknowledge, as set forth in Paragraph 17, below, that this

24  Protective Order creates no entitlement to file confidential information under seal; the relevant

25  court rules (e.g., Civil Local Rule 79-5) set forth the procedures that must be followed, and reflect

26  the standards that will be applied, when a party seeks permission from the Court to file material

27  under seal.

28  3.  Documents and other information produced by the parties or nonparties in

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

connection with these actions shall be used solely for purposes of prosecuting, defending or attempting to settle these actions, whether such information is designated "Confidential" or "Highly Confidential – Counsel Only" or not.

4.      The protections outlined in this Order apply only to information appropriately designated as "Confidential" or "Highly Confidential – Counsel Only" pursuant to the terms of this Order (collectively, the "Protected Information").

5.      The parties have reviewed the Case Management Order (Dkt. 132), which includes Judge Wilken's Civil Pretrial Order, and Magistrate Judge Nathanael M. Cousins' Civil Standing Order.  The parties represent that nothing contained in this Protective Order conflicts with any of the provisions in those orders.

## NONDISCLOSURE OF PROTECTED INFORMATION

6.      Except with the prior written consent of the party or non-party originally designating a document, discovery response, or deposition transcript (the "Disclosing Party"), Protected Information may not be disclosed to any person except as specifically authorized herein.

7.      Any Disclosing Party may designate as Confidential (by stamping the relevant page or portion "Confidential") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain information involving trade secrets, proprietary information, confidential business, educational or financial information, private information or other information subject to protection under California or federal law, or another applicable legal standard ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. Confidential Information may only be disclosed to those persons set forth in Paragraph 12 below.

8.      Any Disclosing Party may designate as Highly Confidential (by stamping the relevant page or portion "Highly Confidential – Counsel Only") any document, response to discovery, or deposition transcript which that Disclosing Party considers in good faith to contain Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Highly

3

Confidential – Counsel Only Information").  Where a document or response consists of more than one page, the first page and each page on which Highly Confidential Information appears shall be so designated.  Highly Confidential – Counsel Only Information may only be disclosed to those persons set forth in Paragraph 13 below.

9.     A Disclosing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" or "Highly Confidential – Counsel Only" by so indicating in said responses or on the record at the deposition.  Additionally a party may designate in writing, within 21 days after receipt of said responses or of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses that are "Confidential" or "Highly Confidential – Counsel Only."  Any party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in Paragraph 14 below.  Unless otherwise designated during the deposition, deposition transcripts shall be treated in their entirety as "Highly Confidential – Counsel Only" Information for 21 days after receipt.  All parties shall affix the relevant legend required by paragraphs 7 and/or 8 of this Order on each page of the deposition transcript designated "Confidential" or "Highly Confidential – Counsel Only" at the deposition or by subsequent written notice.

10.     The inadvertent failure to designate Protected Information that has been disclosed as Confidential or Highly Confidential – Counsel Only shall be without prejudice to any claim by the Disclosing Party that it is Confidential or Highly Confidential – Counsel Only and shall not waive the Disclosing Party's right to secure protection under this Order for such material.  In the event a Disclosing Party designates material as Confidential or Highly Confidential – Counsel Only after it has been inadvertently disclosed, the receiving party will treat such material pursuant to the relevant designation pursuant to this Order and shall make arrangements with the Disclosing Party to have the Protected Information, including copies, marked "Confidential" or "Highly Confidential – Counsel Only."

11.     If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the designation.

14-md-2541-CW
14-cv-2758-CW

**PERMISSIBLE DISCLOSURES**

12.     Confidential Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

    a.     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for these actions;

    b.     employees of such counsel, including a party's in-house legal staff;

    c.     plaintiffs, or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of these actions;

    d.     consultants or expert witnesses retained for the prosecution or defense of these actions, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

    e.     the original author, addressees, or recipients of the Confidential Information;

    f.     the Court, court personnel and court reporters; and

    g.     witnesses (other than persons described in Paragraph 12(d) who testify at deposition or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

    h.     persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information.

13.     Highly Confidential – Counsel Only Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

    a.     counsel for the respective parties to this litigation, including in-house

14-md-2541-CW
14-cv-2758-CW

counsel and co-counsel retained for these actions;

          b.      employees of such counsel, including a party's in-house legal staff;

          c.      consultants or expert witnesses retained for the prosecution or defense of these actions, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Highly Confidential – Counsel Only Information;

          d.      the original author, addressees, or recipients of the Highly Confidential – Counsel Only Information;

          e.      the Court, court personnel and court reporters;

          f.      persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

          g.      witnesses (other than persons described in Paragraph 13(c)) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Highly Confidential – Counsel Only Information; and (2) such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Highly Confidential – Counsel Only Information.

## RESOLVING DISPUTED CLASSIFICATIONS

14.     Should a party wish to object to a Confidential or Highly Confidential – Counsel Only designation of any material, that party shall make a written Designation Objection to the Disclosing Party, as set forth below:

          a.      Designation Objection:  The objecting party shall identify with specificity (i.e., by document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed Confidential or Highly Confidential – Counsel Only designation.  A Designation Objection will trigger an obligation on

the part of the Disclosing Party to make a good faith determination of whether the disputed designation(s) is entitled to be treated as Confidential Information or Highly Confidential – Counsel Only Information pursuant to the terms of this Protective Order.  Within ten (10) court days the Disclosing Party shall respond in writing to the Designation Objection either agreeing to remove the disputed designation(s) or stating the Disclosing Party's refusal to do so.  During that period, the parties will meet and confer in good faith.

b.      Court Determination:  If the Disclosing Party refuses to agree to remove the Confidential or Highly Confidential – Counsel Only designation pursuant to subsection (a) above, the Objecting Party may make a written application to the Court to remove the protective treatment in compliance with applicable court rules and orders.  The application will be made within ten (10) court days of receiving the Disclosing Party's refusal to remove the disputed designation(s).  In any judicial proceeding challenging a Confidential or Highly Confidential – Counsel Only designation, the burden of persuasion with respect to the propriety of the designation shall remain upon the Disclosing Party.  If the Objecting Party fails to make such timely application, the Disclosing Party's designation will remain in effect.

c.      Pending a ruling, all parties shall continue to treat the information subject to the Designation Objection pursuant to the disputed designation under the terms of this Protective Order.

**PROTECTED INFORMATION AT TRIAL**

15.      The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.  Subject to the Federal Rules of Evidence, Protected Information may be offered at any court hearing (including trial) provided that the offering party confers in good faith with the Disclosing Party (and, if the Disclosing Party is not a party to these actions, a representative of the offering party's opposing parties (hereinafter together the "Affected Parties")) over the proposed use of that information five days prior to the anticipated use.  If it is not practicable for the offering party to provide the Affected Parties with five days' notice, the offering party must provide the Affected Parties with as much notice as practicable.  Regardless of the notice provided, the offering party must take all reasonable steps to ensure that the Affected

Parties are provided a meaningful opportunity to be heard by the Court regarding the proposed use of Protected Information at any court hearing or trial, and may not offer such information until the Affected Parties have been given an opportunity to provide an objection on the record.

16. Any party or interested non-party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. That court will then determine whether the proffered evidence should continue to be treated as either Confidential Information or Highly Confidential – Counsel Only Information and, if so, what protection, if any, may be afforded to such information at the trial.

**PROTECTED INFORMATION SUBPOENAED OR
ORDERED PRODUCED IN OTHER LITIGATION**

17. If at any time any Protected Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party as soon as reasonably practicable but in no event more than five (5) days after receipt of the subpoena. After receipt of the notice specified under this paragraph, the Disclosing Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Protected Information that has been subpoenaed. If the Disclosing Party does not move for or obtain a court order prohibiting such production or disclosure within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the Disclosing Party and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any Protected Information while a motion for a protective order brought pursuant to this paragraph is pending or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

**FILING DOCUMENTS UNDER SEAL**

18. No Protected Information shall be filed in the public record without the written

1   permission of the Disclosing Party, or a court order.  The parties shall comply with the relevant

2   court rules (e.g., N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal.  Copies of

3   any pleading, brief, or other document containing Protected Information which is served on

4   opposing counsel shall be stamped **"CONFIDENTIAL PURSUANT TO PROTECTIVE**

5   **ORDER" or "HIGHLY CONFIDENTIAL – COUNSEL ONLY PURSUANT TO**

6   **PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing

7   similar designation, and shall be treated in accordance with the provisions of this Protective Order.

8                                              **NON-TERMINATION**

9             19.      All provisions of this Protective Order restricting the communication or use of

10   Protected Information shall continue to be binding after the conclusion of this action unless

11   otherwise agreed or ordered.  In addition, the court retains jurisdiction to resolve any dispute

12   concerning the disclosure of Protected Information in violation of the terms of this Order, unless

13   otherwise agreed or ordered.

14             20.      Unless otherwise ordered or agreed to in writing by the Disclosing Party, within

15   sixty (60) days after the final termination of this litigation by settlement or exhaustion of all

16   appeals all parties in receipt of Protected Information shall use reasonable efforts to either return

17   such materials and copies thereof to the Disclosing Party or destroy such Protected Information

18   and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or

19   destruction of Protected Information that (i) is stored on backup storage media made in accordance

20   with regular data backup procedures for disaster recovery purposes, (ii) is located in the email

21   archive system or archived electronic files of departed employees, or (iii) is subject to legal hold

22   obligations.  Backup storage media will not be restored for purposes of returning or certifying

23   destruction of Protected Information, but such retained information shall continue to be treated in

24   accordance with the Order.  Counsel for the parties shall be entitled to retain copies of court papers

25   (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits

26   thereto), expert reports and attorney work product that contain or refer to Protected Information,

27   provided that such counsel and employees of such counsel shall not disclose such Protected

28   Information to any person, except pursuant to court order.

14-md-2541-CW
14-cv-2758-CW

21.     Nothing in this Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## MODIFICATION PERMITTED

22.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

## RESPONSIBILITY OF ATTORNEYS

23.     The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Protected Information.

24.     The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 12(d), 12(g), 12(h), 13(c), 13(f) and 13(g) above.

## NO WAIVER

25.     Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made promptly after the Disclosing Party learns of its inadvertent production.

26.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought.


IT IS SO STIPULATED.

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1  DATED: January 9, 2015        **HAGENS BERMAN SOBOL SHAPIRO LLP**

2

3                                By:  _____ /s/ Steve W. Berman _____
                                           STEVE W. BERMAN

4

5                                1918 Eighth Avenue, Suite 3300
                                 Seattle, WA 98101
6                                Telephone: (206) 623-7292
                                 steve@hbsslaw.com

7

8                                Jeff D. Friedman (173886)
                                 Jon T. King (205073)
9                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                 715 Hearst Avenue, Suite 202
10                               Berkeley, CA 94710
                                 Telephone: (510) 725-3000
11                               Facsimile: (510) 725-3001
                                 jefff@hbsslaw.com
12                               jonk@hbsslaw.com

13                               Robert Carey
14                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                 11 W Jefferson St,
15                               Phoenix, AZ 85003
                                 Telephone: (602) 840-5900
16                               Facsimile: (602) 840-3012
                                 rob@hbsslaw.com

17

18  DATED: January 9, 2015        **PEARSON, SIMON & WARSHAW, LLP**

19

20                               By:  _____ /s/ Bruce Simon _____
                                           BRUCE L. SIMON

21

22                               Aaron M. Sheanin (214472)
                                 Benjamin E. Shiftan (265767)
23                               44 Montgomery Street, Suite 2450
                                 San Francisco, CA 94104
24                               Telephone: (415) 433-9000
                                 Facsimile: (415) 433-9008
25                               bsimon@pswlaw.com
                                 asheanin@pswlaw.com
26                               bshiftan@pswlaw.com

27                               *Plaintiffs' Interim Co-Lead Class Counsel*

28

14-md-2541-CW
14-cv-2758-CW
STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

DATED: January 9, 2015

**WINSTON & STRAWN LLP**

By: _____ /s/ Jeffrey L. Kessler _____
                 JEFFREY L. KESSLER

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

Derek J. Sarafa (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
*dsarafa@winston.com*

Sean D. Meenan (SBN 260466)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*

*Counsel for Jenkins Plaintiffs*
*Interim Class Counsel*

DATED: January 9, 2015

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By: _____ /s/ Eric B. Fastiff _____
                 ERIC B. FASTIFF

Brendan P. Glackin (State Bar No. 199643)
Lin Y. Chan (State Bar No. 255027)
Katherine C. Lubin (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-10008
efastiff@lchb.com

12

14-md-2541-CW
14-cv-2758-CW

1

bglackin@lchb.com
lchan@lchb.com
klubin@lchb.com

2

3

Wendy R. Fleishman

4

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

5

250 Hudson Street, 8th Floor
New York, NY 10013-1413

6

Telephone: (212) 355-9500
Facsimile: (212) 355-9592

7

wfleishman@lchb.com

8

9

Brad R. Sohn
THE BRAD SOHN LAW FIRM, PLLC

10

2211 S.W. Secoffee Terrace
Miami, FL 33133

11

Telephone: (310) 866-0001
Facsimile: (305) 397-0650

12

brad@sohn.com

13

*Attorneys for Plaintiff Dax Dellenbach*

14

DATED: January 9, 2015

**PROSKAUER ROSE LLP**

15

16

By: _____ /s/ Scott P. Cooper _____

17

SCOTT P. COOPER

18

Jennifer L. Jones (SBN 284624)
Sarah Kroll-Rosenbaum (SBN 272358)

19

Shawn S. Ledingham (SBN 275268)
2049 Century Park East, Suite 3200

20

Los Angeles, CA 90067
Telephone: (310) 557-2900

21

Facsimile: (310) 557-2193

22

scooper@proskauer.com
jljones@proskauer.com

23

skroll-rosenbaum@proskauer.com
sledingham@proskauer.com

24

25

*Attorneys for Defendant Pac-12 Conference*

26

27

28

13

14-md-2541-CW
14-cv-2758-CW

1  DATED: January 9, 2015          **MAYER BROWN LLP**

2

3                                  By:          /s/ Andrew S. Rosenman
                                        ANDREW S. ROSENMAN

4

5                                  Andrew S. Rosenman (SBN 253764)
                                   Britt M. Miller (pro hac vice)

6                                  71 South Wacker Drive
                                   Chicago, IL 60606-4637

7                                  Telephone: (312) 782-0660
                                   Facsimile: (312) 701-7711

8                                  Email: arosenman@mayerbrown.com
                                   Email: bmiller@mayerbrown.com

9

10                                 Richard J. Favretto (*pro hac vice*)
                                   MAYER BROWN LLP

11                                 1999 K Street, N.W.
                                   Washington, D.C. 20006-1101

12                                 Telephone: (202) 263-3000
                                   Facsimile: (202) 263-3000

13                                 Email: rfavretto@mayerbrown.com

14                                 *Attorneys for Defendant The Big Ten Conference, Inc.*

15  DATED: January 9, 2015          **ROBINSON BRADSHAW & HINSON**

16

17                                 By:          /s/ Robert W. Fuller

18                                      ROBERT W. FULLER

19                                 Nathan C. Chase, Jr. (SBN 247526)

20                                 Robert W. Fuller, III (*pro hac vice*)
                                   Mark W. Merritt (*pro hac vice*)

21                                 Lawrence C. Moore, III (*pro hac vice*)
                                   Amanda R. Pickens (*pro hac vice*)

22                                 101 N. Tryon St., Suite 1900
                                   Charlotte, NC 28246

23                                 Telephone: (704) 377-2536
                                   Facsimile: (704) 378-4000

24                                 Email: nchase@rbh.com
                                   Email: rfuller@rbh.com

25                                 Email: mmerritt@rbh.com

26                                 Email: lmoore@rbh.com
                                   Email: apickens@rbh.com

27

28                                 Mark J. Seifert (SBN 217054)

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

*Attorneys for Defendant Southeastern Conference*

DATED: January 9, 2015          **SMITH MOORE LEATHERWOOD LLP**

By: _____/s/ D. Erik Albright_____
                    D. ERIK ALBRIGHT

D. Erik Albright (*pro hac vice*)
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

*Attorneys for Defendant Atlantic Coast Conference*

14-md-2541-CW
14-cv-2758-CW

1    DATED: January 9, 2015          **POLSINELLI PC**

2

3                                    By:        /s/ Leane K. Capps
                                             LEANE K. CAPPS
4

5                                    Leane K. Capps (*pro hac vice*)
                                     POLSINELLI PC
6                                    Saint Ann Court
                                     2501 N. Harwood Street, Suite 1900
7                                    Dallas, TX 75201
                                     Telephone: (214) 397-0030
8                                    Email: lcapps@polsinelli.com

9                                    Mit S. Winter (SBN 238515)
10                                   Amy D. Fitts (*pro hac vice*)
                                     POLSINELLI PC
11                                   900 W. 48th Place, Suite 900
                                     Kansas City, MO 64112
12                                   Telephone: (816) 753-1000
                                     Email: mwinter@polsinelli.com
13                                   Email: afitts@polsinelli.com

14
                                     Wesley D. Hurst (SBN 127564)
15                                   POLSINELLI LLP
                                     2049 Century Park East, Suite 2300
16                                   Los Angeles, CA 90067
                                     Telephone: (310) 556-1801
17                                   Email: whurst@polsinelli.com

18
                                     *Attorneys for Defendants The Big 12 Conference, Inc. and*
19                                   *Conference USA*

20   DATED: January 9, 2015          **SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

21

22                                   By:        /s/ Karen Hoffman Lent
                                             KAREN HOFFMAN LENT
23

24                                   Raoul D. Kennedy (SBN 40892)
                                     525 University Avenue, Suite 1100
25                                   Palo Alto, California 94301
                                     Telephone: (650) 470-4500
26                                   Facsimile: (650) 470-4570
                                     Email: raoul.kennedy@skadden.com
27

28                                   Jeffrey Mishkin (pro hac vice)

                                     16                    14-md-2541-CW
                                                           14-cv-2758-CW

1

Anthony J. Dreyer (pro hac vice)
Karen Hoffman Lent (pro hac vice)

2

Four Times Square
New York, NY 10036

3

Telephone: (212) 735-3000

4

Facsimile (212) 735-2000
Email: jeffrey.mishkin@skadden.com

5

Email: anthony.dreyer@skadden.com
Email: karen.lent@skadden.com

6

7

Robert J. Wierenga (SBN 183687)
Gregory L. Curtner (pro hac vice)

8

Kimberly K. Kefalas (pro hac vice)
Jacob K. Danziger (SBN 278219)

9

SCHIFF HARDIN LLP

10

350 S. Main St., Suite 210
Ann Arbor, MI 48104

11

Telephone: (734) 222-1500
Facsimile: (734) 222-1501

12

Email: rwierenga@schiffhardin.com

13

Email: gcurtner@schiffhardin.com
Email: kkefalas@schiffhardin.com
Email: jdanziger@schiffhardin.com

14

15

*Attorneys for Defendant National Collegiate Athletic Association*

16

DATED: January 9, 2015        **COVINGTON & BURLING LLP**

17

18

19

By: _____ /s/ Benjamin C. Block _____
BENJAMIN C. BLOCK

20

Benjamin C. Block (*pro hac vice*)

21

850 Tenth Street, NW
Washington, DC 20001-4956

22

Telephone: (202) 662-5205
Facsimile: (202) 778-5205

23

Email: bblock@cov.com

24

Matthew D. Kellogg (SBN 280541)

25

One Front Street
San Francisco, CA 94111-5356

26

Telephone: (415) 591-6000
Facsimile: (415) 591-6091

27

Email: mkellogg@cov.com

28

*Attorneys for American Athletic Conference*

17

14-md-2541-CW
14-cv-2758-CW

1   DATED: January 9, 2015               **JONES WALKER LLP**

2

3                                         By: _____/s/ Mark A. Cunningham_____
                                               MARK A. CUNNINGHAM
4

5                                         Mark A. Cunningham (pro hac vice)
                                          201 St. Charles Avenue
6                                         New Orleans, LA 70170-5100
                                          Telephone: (504) 582-8536
7                                         Facsimile: (504) 589-8536
                                          Email: mcunningham@joneswalker.com
8

9                                         *Attorneys for Defendant Sun Belt Conference*

10  DATED: January 9, 2015               **WALTER | HAVERFIELD LLP**

11

12                                        By: _____/s/ R. Todd Hunt_____
                                               R. TODD HUNT
13

14                                        R. Todd Hunt (*pro hac vice*)
                                          The Tower at Erieview
15                                        1301 E. 9th Street, Suite 3500
                                          Cleveland, OH 44114-1821
16                                        Telephone: (216) 928-2935
                                          Facsimile: (216) 916-2372
17                                        Email: rthunt@walterhav.com

18                                        *Attorneys for Defendant Mid-American Conference*

19  DATED: January 9, 2015               **BRYAN CAVE LLP**

20

21                                        By: _____/s/ Adam Brezine_____
                                               ADAM BREZINE
22

23                                        Adam Brezine (SBN 220852)
                                          560 Mission Street, 25th Floor
24                                        San Francisco, CA 94105
                                          Telephone: (415) 674-3400
25                                        Facsimile: (415) 675-3434
                                          Email: adam.brezine@bryancave.com
26

27                                        Richard Young (*pro hac vice* application to be filed)
                                          Brent Rychener (*pro hac vice* application to be filed)
28                                        90 South Cascade Avenue, Suite 1300

18                                                    14-md-2541-CW
                                                                      14-cv-2758-CW

Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
Email: richard.young@bryancave.com
Email: brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West Conference*

DATED: January 9, 2015          **BRADLEY DEVITT HAAS & WATKINS, P.C.**


By:          /s/ Jon T. Bradley
                JON T. BRADLEY

Jon T. Bradley (*pro hac vice* application to be filed)
2201 Ford Street
Golden, CO 80401
Telephone: (303) 384-9228
Facsimile: (303) 384-9231
Email: jon@goldenlawyers.com

*Attorneys for Defendant Western Athletic Conference*


## FILER'S ATTESTATION

I, KAREN HOFFMAN LENT, am the ECF user whose identification and password are being used to file this **STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ Karen Hoffman Lent*

1

2   **PURSUANT TO STIPULATION,**

3   **IT IS SO ORDERED.**

4   DATED:  January  _15_, 2015

5

6   _____

7   THE HON. CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

I, _____, state:

1.  My address and telephone number are:_____

2.  My present employer and my employer's address are:_____

3.  I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW.

4.  I have carefully read the Protective Order and understand its provisions.

5.  I will comply with all the provisions of the Protective Order.

6.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any documents designated Confidential or Highly Confidential – Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information only for the allowed purposes stated in the Order.

7.  I will return all documents that are designated Confidential or Highly Confidential – Counsel Only to counsel for the party from whom I obtained such documents.

8.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, and understand that violation of the Protective Order can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED:  _____, 201__.


Signature: _____


Printed Name: _____

14-md-2541-CW
14-cv-2758-CW

STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Exhibit B

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **NORTHERN DISTRICT OF CALIFORNIA**
10         **OAKLAND DIVISION**
11

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | CASE NO. 14-md-2541-CW<br>CASE NO. 14-cv-2758-CW<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING  ADDENDUM TO STIPULATED PROTECTIVE ORDER** |
| This Document Relates to:<br><br>ALL ACTIONS | |

18
19
20
21
22
23
24
25
26
27
28

All parties, by their respective counsel, hereby agree and stipulate to this proposed Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

2.      The Protective Order will recognize a new category of discovery called "Highly Confidential NCAA Member Financial Data."  Any party may designate as "Highly Confidential NCAA Member Financial Data" (by stamping the relevant page or portion "Highly Confidential NCAA Member Financial Data – Lead Counsel Only") any document, response to discovery, or deposition transcript which includes NCAA member institution financial data (including summaries or analyses of such data and all identification keys that match member institution financial data to member institution names) that the Disclosing Party considers in good faith to contain Highly Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Where a document, response to discovery, or deposition transcript consists of more than one page, the first page and each page on which Highly Confidential NCAA Member Financial Data appears shall be so designated.  Highly Confidential NCAA Member Financial Data may only be disclosed to those persons set forth in Paragraph 3 below.

3.      Highly Confidential NCAA Member Financial Data  that is designated as such in accordance with the terms of the Protective Order and this Addendum shall not be disclosed to any person other than the following, and only to the extent necessary to litigate these actions:

a.      Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82) and employees of such counsel;

b.      counsel for Defendants in this litigation, including in-house counsel and co-counsel retained for these actions and employees of such counsel, including a Defendant's in-house legal staff;

c.      consultants or expert witnesses retained for the prosecution or defense of

these actions, and anyone assisting said consultants or expert witnesses in connection with these actions, provided that each such person shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data;

      d.    the original author, addressees, or recipients of the Highly Confidential NCAA Member Financial Data;

      e.    the Court, court personnel and court reporters;

      f.    persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data; and

      g.    witnesses (other than persons described in Paragraph 3(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Highly Confidential NCAA Member Financial Data; and (2) such witnesses shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Highly Confidential NCAA Member Financial Data.

    4.    Except as set forth herein, for purposes of all paragraphs of the Protective Order except Paragraph 13, Highly Confidential NCAA Member Financial Data will receive the same treatment under each such paragraph as Highly Confidential – Counsel Only Information. Without limitation, any challenges or objections concerning the designation of information as Highly Confidential NCAA Member Financial Data shall be made pursuant to Paragraph 14 of the Protective Order.

    5.    The parties agree that they will file documents that use Highly Confidential NCAA Member Financial Data regarding any NCAA institution identified by name (as opposed to an institution identified by unique identifier) if and only if they have a good faith need to identify the

1    institution by name.  The parties further agree that any such filing shall be filed under seal.

2         IT IS SO STIPULATED.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1    DATED: July 8, 2015              **HAGENS BERMAN SOBOL SHAPIRO LLP**

2

                                       By: _____/s/ Steve W. Berman_____
3                                               STEVE W. BERMAN

4                                     Steve W. Berman
                                    1918 Eighth Avenue, Suite 3300
5                                     Seattle, WA 98101
                                    Telephone: (206) 623-7292
6                                     steve@hbsslaw.com

7                                     Jeff D. Friedman (173886)
8                                     Jon T. King (205073)
                                    715 Hearst Avenue, Suite 202
9                                     Berkeley, CA 94710
                                    Telephone: (510) 725-3000
10                                    Facsimile: (510) 725-3001
11                                    jefff@hbsslaw.com
                                   jonk@hbsslaw.com
12

13                                   Robert Carey
                                  11 W Jefferson St,
14                                   Phoenix, AZ 85003
                                  Telephone: (602) 840-5900
15                                   Facsimile: (602) 840-3012
                                  rob@hbsslaw.com
16

17
   DATED: July 8, 2015              **PEARSON, SIMON & WARSHAW, LLP**
18

19

20                             By: _____/s/ Bruce L. Simon_____
                                          BRUCE L. SIMON
21

22                                   Bruce L. Simon (96241)
                                  Aaron M. Sheanin (214472)
23                                   Benjamin E. Shiftan (265767)
                                  44 Montgomery Street, Suite 2450
24                                   San Francisco, CA 94104
                                  Telephone: (415) 433-9000
25                                   Facsimile: (415) 433-9008
                                  bsimon@pswlaw.com
26                                   asheanin@pswlaw.com
27                                   bshiftan@pswlaw.com

28                                   *Plaintiffs' Interim Co-Lead Class Counsel*

STIPULATION AND ~~[PROPOSED]~~ ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

DATED: July 8, 2015                    **WINSTON & STRAWN LLP**


                                       By:        /s/ Jeffrey L. Kessler
                                                  JEFFREY L. KESSLER


                                       Jeffrey L. Kessler (*pro hac vice*)
                                       David G. Feher (*pro hac vice*)
                                       David L. Greenspan (*pro hac vice*)
                                       200 Park Avenue
                                       New York, NY 10166-4193
                                       Telephone: (212) 294-6700
                                       Facsimile: (212) 294-4700
                                       *jkessler@winston.com*
                                       *dfeher@winston.com*
                                       *dgreenspan@winston.com*

                                       Derek J. Sarafa (*pro hac vice*)
                                       WINSTON & STRAWN LLP
                                       Chicago, IL 60601
                                       Telephone: (312) 558-5600
                                       Fax: (312) 558-5700
                                       *dsarafa@winston.com*

                                       Sean D. Meenan (SBN 260466)
                                       101 California Street
                                       San Francisco, CA 94111
                                       Telephone: (415) 591-1000
                                       Facsimile: (415) 591-1400
                                       *smeenan@winston.com*

                                       *Counsel for Jenkins Plaintiffs*
                                       *Interim Class Counsel*

DATED: July 8, 2015                    **PROSKAUER ROSE LLP**


                                       By:        /s/ Scott P. Cooper
                                                  SCOTT P. COOPER


                                       Scott Cooper (SBN 96905)
                                       Jennifer L. Jones (SBN 284624)
                                       Jacquelyn N. Ferry (SBN 287798)
                                       2049 Century Park East, Suite 3200
                                       Los Angeles, CA 90067
                                       Telephone: (310) 557-2900
                                       Facsimile: (310) 557-2193

6                                                        14-md-2541-CW

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1    scooper@proskauer.com

2    jljones@proskauer.com
     jferry@proskauer.com

3    *Attorneys for Defendant Pac-12 Conference*

4    DATED: July 8, 2015          **MAYER BROWN LLP**

5

6                                 By: _____/s/ Andrew S. Rosenman_____

7                                       ANDREW S. ROSENMAN

8                                 Andrew S. Rosenman (SBN 253764)

9                                 Britt M. Miller (*pro hac vice*)
                                  71 South Wacker Drive

10                                Chicago, IL 60606-4637
                                  Telephone: (312) 782-0660

11                                Facsimile: (312) 701-7711
                                  Email: arosenman@mayerbrown.com

12                                Email: bmiller@mayerbrown.com

13                                Richard J. Favretto (*pro hac vice*)

14                                MAYER BROWN LLP
                                  1999 K Street, N.W.

15                                Washington, D.C. 20006-1101
                                  Telephone: (202) 263-3000

16                                Facsimile: (202) 263-3300
                                  Email: rfavretto@mayerbrown.com

17

18                                *Attorneys for Defendant The Big Ten Conference, Inc.*

19   DATED: July 8, 2015          **ROBINSON BRADSHAW & HINSON**

20

21                                By: _____/s/ Robert W. Fuller_____

22                                       ROBERT W. FULLER

23                                Nathan C. Chase, Jr. (SBN 247526)
                                  Robert W. Fuller, III (*pro hac vice*)

24                                Mark W. Merritt (*pro hac vice*)
                                  Lawrence C. Moore, III (*pro hac vice*)

25                                Amanda R. Pickens (*pro hac vice*)
                                  101 N. Tryon St., Suite 1900

26                                Charlotte, NC 28246
                                  Telephone: (704) 377-2536

27                                Facsimile: (704) 378-4000

28                                Email: nchase@rbh.com

STIPULATION AND [~~PROPOSED~~] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

Case No. 1:23-cv-03076-CNS-STV   Document 124-1   filed 08/31/24   USDC Colorado   pg 72 of
160
Case 4:14-md-02541-CW   Document 234   Filed 07/09/15   Page 8 of 14

Email: rfuller@rbh.com
Email: mmerritt@rbh.com
Email: lmoore@rbh.com
Email: apickens@rbh.com

Mark J. Seifert (SBN 217054)
Robert R. Moore (SBN 113818)
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: mseifert@allenmatkins.com
Email: rmoore@allenmatkins.com

*Attorneys for Defendant Southeastern Conference*

DATED: July 8, 2015               **SMITH MOORE LEATHERWOOD LLP**



By:  _____ /s/ D. Erik Albright_____
                          D. ERIK ALBRIGHT

D. Erik Albright (*pro hac vice*)
300 North Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5368
Facsimile: (336) 433-7402
Email:erik.albright@smithmoorelaw.com

Jonathan P. Heyl (*pro hac vice*)
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2909
Email:jon.heyl@smithmoorelaw.com

Charles LaGrange Coleman, III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: ccoleman@hklaw.com

Case No. 1:23-cv-03076-CNS-STV   Document 124-1  filed 08/31/24   USDC Colorado  pg 73 of
                                           160
Case 4:14-md-02541-CW   Document 234   Filed 07/09/15   Page 9 of 14

*Attorneys for Defendant Atlantic Coast Conference*

DATED: July 8, 2015

**POLSINELLI PC**


By: _____ /s/ Leane K. Capps
                     LEANE K. CAPPS

Leane K. Capps (*pro hac vice*)
POLSINELLI PC
Saint Ann Court
2501 N. Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 397-0030
Email: lcapps@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Email: whurst@polsinelli.com

*Attorneys for Defendants The Big 12 Conference, Inc.
and Conference USA*

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1   DATED: July 8, 2015                    **SKADDEN ARPS SLATE MEAGHER & FLOM
                                           LLP**
2

3
                                           By:        /s/ Karen Hoffman Lent
4                                                    KAREN HOFFMAN LENT

5
                                           Raoul D. Kennedy (SBN 40892)
6                                          525 University Avenue, Suite 1100
                                           Palo Alto, California 94301
7                                          Telephone: (650) 470-4500
                                           Facsimile: (650) 470-4570
8                                          Email: raoul.kennedy@skadden.com

9                                          Jeffrey Mishkin (*pro hac vice*)
10                                         Karen Hoffman Lent (*pro hac vice*)
                                           Four Times Square
11                                         New York, NY 10036
                                           Telephone: (212) 735-3000
12                                         Facsimile (212) 735-2000
                                           Email: jeffrey.mishkin@skadden.com
13                                         Email: anthony.dreyer@skadden.com
                                           Email: karen.lent@skadden.com
14

15                                         *Attorneys for Defendants National Collegiate Athletic
                                           Association and Western Athletic Conference*
16

17                                         Robert J. Wierenga (SBN 183687)
                                           Gregory L. Curtner (*pro hac vice*)
18                                         Kimberly K. Kefalas (*pro hac vice*)
                                           Jacob K. Danziger (SBN 278219)
19                                         SCHIFF HARDIN LLP
                                           350 S. Main St., Suite 210
20                                         Ann Arbor, MI 48104
                                           Telephone: (734) 222-1500
21                                         Facsimile: (734) 222-1501
                                           Email: rwierenga@schiffhardin.com
22                                         Email: gcurtner@schiffhardin.com
                                           Email: kkefalas@schiffhardin.com
23                                         Email: jdanziger@schiffhardin.com

24
                                           *Attorneys for Defendant National Collegiate Athletic
25                                         Association*

26

27

28
STIPULATION AND [~~PROPOSED~~] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

Case No. 1:23-cv-03076-CNS-STV   Document 124-1 filed 08/31/24 USDC Colorado pg 75 of
160
Case 4:14-md-02541-CW   Document 234   Filed 07/09/15   Page 11 of 14

1   DATED: July 8, 2015                    **COVINGTON & BURLING LLP**

2

3                                          By:  _____/s/ Benjamin C. Block_____
                                                       BENJAMIN C. BLOCK
4

5                                          Benjamin C. Block (*pro hac vice*)
                                           1201 Pennsylvania Avenue, N.W.
6                                          Washington, DC 20004-2401
                                           Telephone: (202) 662-5205
7                                          Facsimile: (202) 778-5205
                                           Email: bblock@cov.com
8

9                                          Rebecca A. Jacobs (SBN 294430)
                                           One Front Street
10                                         San Francisco, CA 94111-5356
                                           Telephone: (415) 591-6000
11                                         Facsimile: (415) 591-6091
                                           Email: rjacobs@cov.com
12

13                                         *Attorneys for American Athletic Conference*

14
     DATED: July 8, 2015                   **JONES WALKER LLP**
15

16                                         By:  _____/s/ Mark A. Cunningham_____
                                                       MARK A. CUNNINGHAM
17

18                                         Mark A. Cunningham (*pro hac vice*)
                                           201 St. Charles Avenue
19                                         New Orleans, LA 70170-5100
                                           Telephone: (504) 582-8536
20                                         Facsimile: (504) 589-8536
                                           Email: mcunningham@joneswalker.com
21

22                                         *Attorneys for Defendant Sun Belt Conference*

23

24   DATED: July 8, 2015                   **WALTER | HAVERFIELD LLP**

25

26                                         By:  _____/s/ R. Todd Hunt_____
                                                       R. TODD HUNT
27

28                                         R. Todd Hunt (*pro hac vice*)
                                           The Tower at Erieview

STIPULATION AND [PROPOSED] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
Email: rthunt@walterhav.com

*Attorneys for Defendant Mid-American Conference*

DATED: July 8, 2015                    **BRYAN CAVE LLP**


                                        By:  _____/s/ Adam Brezine_____
                                                         ADAM BREZINE

                                        Adam Brezine (SBN 220852)
                                        560 Mission Street, 25th Floor
                                        San Francisco, CA 94105
                                        Telephone: (415) 674-3400
                                        Facsimile: (415) 675-3434
                                        Email: adam.brezine@bryancave.com

                                        Richard Young (*pro hac vice*)
                                        Brent Rychener (*pro hac vice*)
                                        90 South Cascade Avenue, Suite 1300
                                        Colorado Springs, CO 80903
                                        Telephone: (719) 473-3800
                                        Facsimile: (719) 633-1518
                                        Email: richard.young@bryancave.com
                                        Email: brent.rychener@bryancave.com

                                        *Attorneys for Defendant Mountain West Conference*


                                     **ECF ATTESTATION**

        Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in

the filing of this document has been obtained from each of the other signatories above.


                                        _____/s/ Karen Hoffman Lent_____
                                                      Karen Hoffman Lent

STIPULATION AND [~~PROPOSED~~] ORDER RE: ADDENDUM TO STIPULATED PROTECTIVE ORDER

1   **PURSUANT TO STIPULATION,**
2   **IT IS SO ORDERED.**

3   DATED:  July _9_, 2015

4
5   _____
    THE HON. CLAUDIA WILKEN
6   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:23-cv-03076-CNS-STV   Document 124-1 filed 08/31/24   USDC Colorado   pg 78 of
01601
Case 4:14-md-02541-CW   Document 234   Filed 07/09/15   Page 14 of 14

**EXHIBIT A**

I, _____, state:

1. My address and telephone number are:

2. My present employer and my employer's address are:

3. I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW, entered by the Court on January 15, 2015, and the Stipulation and Order Regarding Addendum to Stipulated Protective Order ("Addendum") entered by the Court on _____.

4. I have carefully read the Protective Order and Addendum and understand their provisions.

5. I will comply with all the provisions of the Protective Order and Addendum.

6. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and Addendum any documents designated Confidential, Highly Confidential – Counsel Only or Highly Confidential NCAA Member Financial Data – Lead Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Highly Confidential NCAA Member Financial Data only for the allowed purposes stated in the Protective Order and Addendum.

7. I will return all documents that are designated Confidential, Highly Confidential – Counsel Only or Highly Confidential NCAA Member Financial Data – Lead Counsel Only to counsel for the party from whom I obtained such documents.

8. I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order and Addendum, and understand that violation of the Protective Order and Addendum can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED _____, 201_.

_____
            Signature

_____
            Printed Name

Exhibit C

1   Scott P. Cooper (SBN 096905)
    Kyle A. Casazza (SBN 254061)
2   Shawn S. Ledingham, Jr. (SBN 275268)
    Jacquelyn N. Ferry (SBN 287798)
3   PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
4   Los Angeles, CA  90067
    Telephone:  (310) 557-2900
5   Facsimile:   (310) 557-2193
    scooper@proskauer.com
6   kcasazza@proskauer.com
    sledingham@proskauer.com
7   jferry@proskauer.com

8   *Counsel for Pac-12 Conference*

9   [Additional counsel listed on signature page]

10

11                   **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13                        **SAN JOSE DIVISION**

14

15   IN RE: NATIONAL COLLEGIATE            Case No. 4:14-md-02541-CW (NC)
     ATHLETIC ASSOCIATION ATHLETIC         Case No. 4:14-cv-02758-CW (NC)
16   GRANT-IN-AID CAP ANTITRUST
     LITIGATION                            STIPULATION AND [PROPOSED] ORDER
17                                         REGARDING SECOND ADDENDUM TO
                                           STIPULATED PROTECTIVE ORDER
18   THIS DOCUMENT RELATES TO:

19
     ALL ACTIONS
20

21

22

23

24

25

26

27

28

All parties, by their respective counsel, hereby agree and stipulate to this proposed Second Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.       Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

### ADDITIONAL CATEGORIES OF PROTECTED INFORMATION

2.       The Protective Order will recognize a new category of discovery called Conference Strictly Confidential – Outside Litigation Counsel Only.  The Protective Order will also recognize a new category of discovery called Network Strictly Confidential – Outside Litigation Counsel Only.

3.       Any party or non-party may designate as Conference Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Conference Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm ("Conference Strictly Confidential – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which Conference Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so designated. Conference Strictly Confidential – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

4.       Any party or non-party may designate as Network Strictly Confidential – Outside Litigation Counsel Only (by stamping the relevant page or portion "Network Strictly Confidential – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or

anything else furnished during the course of these actions that includes or concerns a term of any

current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or

understanding (including summaries or analyses of such information that may identify the nature of

such terms), that the Disclosing Party or their contractual counterparty considers in good faith to

contain information, the disclosure of which to in-house counsel or specific individual outside

counsel of another party or non-party would create a substantial risk of serious competitive,

business, or financial harm ("Network Strictly Confidential – Outside Litigation Counsel Only

Information").  Where a document, response to discovery, deposition transcript, or anything else

furnished during the course of these actions consists of more than one page, each page on which

Network Strictly Confidential – Outside Litigation Counsel Only Information appears shall be so

designated.  Network Strictly Confidential – Outside Litigation Counsel Only Information may be

disclosed only to those persons set forth in Paragraph 7 below.

     5.     If any document, response to discovery, deposition transcript, or anything else

furnished during the course of these actions is designated as Conference Strictly Confidential –

Outside Litigation Counsel Only Information and then later designated (or is discovered to have

been previously designated) as Network Strictly Confidential – Outside Litigation Counsel Only, it

shall be treated and regarded as Network Strictly Confidential – Outside Litigation Counsel Only for

all purposes.

**PERMISSIBLE DISCLOSURES OF INFORMATION
CONFERENCE STRICTLY CONFIDENTIAL – OUTSIDE
LITIGATION COUNSEL ONLY**

     6.     Conference Strictly Confidential – Outside Litigation Counsel Only Information (that

is designated as such in accordance with the terms of the Protective Order and this Second

Addendum) shall not be disclosed, except to the following persons, and then only to the extent

necessary to litigate these actions:

          a.     Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely,

Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP)

(Dkt. 82);

- 2 -

b.   Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

c.   Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, provided that each such person shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information;

d.   The original author, addressees, or recipients of the Conference Strictly Confidential – Outside Litigation Counsel Only Information;

e.   The Court, court personnel and court reporters;

f.   Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information; and

g.   Witnesses (other than persons described in Paragraph 6(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Conference Strictly Confidential – Outside Litigation Counsel Only Information; and (2) such witnesses shall execute a copy of the certification annexed to this Addendum as Exhibit A before being shown or given any Conference Strictly Confidential – Outside Litigation Counsel Only Information.

**PERMISSIBLE DISCLOSURES OF INFORMATION NETWORK STRICTLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY**

7.      ESPN, Inc., ESPN Enterprises, Inc., American Broadcast Companies, Inc. ("ESPN/ABC"), Fox Broadcasting Company, Fox Cable Networks, Inc., Fox International Channels, Fox Sports Net, Inc., Big Ten Network, LLC ("Fox Networks"), CBS Broadcasting Inc., CSTV

- 3 -

Networks, Inc. d/b/a CBS Sports Network ("CBS"), or any future affiliates that move to intervene are hereby referred to as the "Network Intervenors". Network Strictly Confidential – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this Second Addendum) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

       a.  Defendants' outside litigation counsel of record, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that (1) absent written permission from each Network Intervenor, no individual attorney who has in the past been involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement or understanding with any Network Intervenor may review Network Strictly Confidential – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Information in this action; and (2) any individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor to which such attorney did not have access prior to production of such Information in this action may not, absent written permission from such Network Intervenor, participate directly or indirectly on or before March 31, 2021 in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, except that nothing in this Addendum shall be construed to require a Network Intervenor's permission for any individual attorney's participation in negotiating any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor.

       i.  Defendants' law firms acting as outside litigation counsel of record in these actions shall erect and maintain ethical walls limiting access to Network Strictly Confidential – Outside Litigation Counsel Only Information to Authorized Outside Litigation Counsel.

       ii.  Absent a good faith basis for belief that any attorney other than Authorized Outside Litigation Counsel has reviewed Network Strictly Confidential – Outside

- 4 -

Litigation Counsel Only Information, no Network Intervenor will assert the provisions of this Addendum as a basis to bar such attorney from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor. In the event a Network Intervenor asserts the provisions of this sub-paragraph as a basis to bar an attorney from engaging in negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, that Network Intervenor will withdraw its invocation of this sub-paragraph upon the subject attorney proffering an affidavit or declaration, subject to penalty of perjury, that he/she has not reviewed Network Strictly Confidential – Outside Litigation Counsel Only Information.

iii. No Network Intervenor shall assert that the provisions of this Addendum are a basis to bar an entire law firm from engaging in future negotiations of any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor on the basis that the firm acted as outside litigation counsel of record in these actions;

b. Plaintiffs' Interim Co-Lead Class Counsel as appointed by the court (namely, Winston & Strawn LLP, Hagens Berman Sobol Shapiro LLP and Pearson, Simon & Warshaw LLP) (Dkt. 82) and employees of such counsel;

c. Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting them in connection with these actions, subject to the provisions of Paragraphs 10-15 herein, and who have executed a copy of the certification annexed to this Second Addendum as Exhibit A before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only Information, provided that such individuals will not be involved directly or indirectly in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with any Network Intervenor, on or before January 1, 2021 (for the sake of clarity, subject to his/her compliance with this Protective Order, this Protective Order shall not preclude any such individuals from negotiating and/or entering into any contract or other arrangement or understanding with a Network Intervenor

solely on his or her own behalf, including but not limited to any agreement to appear on any

programming of a Network Intervenor);

          d.   The original authors or recipients of the Network Strictly Confidential –

Outside Litigation Counsel Only Information and in circumstances where the Network Strictly

Confidential – Outside Counsel Only Information is an executed agreement, the parties to the

agreement and their respective employees with access to such agreement in the ordinary course of

business;

          e.   The Court, court personnel and court reporters; and

          f.   Persons or entities that provide litigation support services (e.g., photocopying;

videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in

any form or medium; etc.) and their employees and subcontractors, provided that such persons or

entities shall execute a copy of the certification annexed to this Second Addendum as Exhibit A

before being shown or given any Network Strictly Confidential – Outside Litigation Counsel Only

Information.

## FILING DOCUMENTS UNDER SEAL

      8.     No Network Strictly Confidential – Outside Litigation Counsel Only Information

shall be filed in the public record without either the written permission of each Network Intervenor

discussed or referenced therein, or a court order denying an Administrative Motion to File Under

Seal such Network Strictly Confidential – Outside Litigation Counsel Only Information, provided

that in the event any Administrative Motion to File Under Seal such Network Strictly Confidential –

Outside Litigation Counsel Only Information is denied, the Network and the filing party agree to

meet and confer within three (3) calendar days to discuss in good faith alternatives to filing the

Network Strictly Confidential – Outside Litigation Counsel Only Information on the public record.

The Network Intervenors preserve their rights to seek a writ of mandamus from the Ninth Circuit

and/or a stay of any order denying an Administrative Motion to File Under Seal.  No party may file

such Network Strictly Confidential – Outside Litigation Counsel Only Information until seven (7)

calendar days after the denial of any Administrative Motion to File Under Seal.  At least five (5)

- 6 -

business days in advance of the date or deadline on which any party or non-party seeks to file an

Administrative Motion to File Under Seal regarding any Network Strictly Confidential – Outside

Litigation Counsel Only Information, the filing entity shall provide written notice to each Network

Intervenor discussed or referenced therein, as well as one (1) redacted copy and one (1) unredacted

copy of the Information so designated.  However, if multiple Network Intervenors are discussed or

referenced in the same document, no unredacted copies shall be provided to the Network Intervenors

unless each of the applicable Network Intervenors discussed or referenced individually consent.  The

parties shall otherwise comply with the applicable court rules (*e.g.*, N.D. Cal. Civil L.R. 79-5)

regarding filing of documents under seal. Copies of any pleading, brief, or other document

containing Network Strictly Confidential – Outside Litigation Counsel Only Information which is

served on opposing counsel shall be stamped **"NETWORK STRICTLY CONFIDENTIAL –**

**OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO**

**PROTECTIVE ORDER"**, shall be transmitted via email or cover letter and envelope bearing

similar designation, and shall be treated in accordance with the provisions of the Protective Order, as

amended.

### INCORPORATION OF PROTECTIVE ORDER

9.      Except as set forth herein, for purposes of all Paragraphs of the Protective Order

except Paragraph 13, both Conference Strictly Confidential – Outside Litigation Counsel Only

Information and Network Strictly Confidential – Outside Litigation Counsel Only Information will

receive the same treatment under each such Paragraph as Highly Confidential – Counsel Only

Information.  Except as set forth herein, any challenges or objections concerning the designation of

information as Conference Strictly Confidential – Outside Litigation Counsel Only Information or

Network Strictly Confidential – Outside Litigation Counsel Only Information shall be made pursuant

to Paragraph 14 of the Protective Order.

## DISCLOSURE TO CONSULTANTS AND EXPERT WITNESSES

10.      Information designated Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only may be furnished and disclosed to the receiving party's consultants and expert witnesses and their necessary support personnel as is reasonably necessary for maintaining, defending or evaluating these actions. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom (with respect to information designated Network Strictly Confidential – Outside Litigation Counsel Only) complies with Paragraph 11.

11.      No disclosure of Conference Strictly Confidential – Outside Litigation Counsel Only Information or Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness or their necessary support personnel shall occur until that person has accurately completed and signed the certification annexed to this Second Addendum as Exhibit A, and a signed copy has been provided to the Disclosing Party; and to the extent there has been an objection under Paragraph 13 with respect to Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as discussed below.  A separate certification annexed to this Second Addendum as Exhibit A shall not be required for staff members working under the supervision of an individual signing the certification annexed hereto as Exhibit A.  An individual signing the certification annexed to this Second Addendum as Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Second Addendum.

12.      A party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall give prior written notice to the Disclosing Party as applicable, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness must provide the following information for each consultant or expert witness:  the name, title, business address, residence state and country,

- 8 -

present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, curriculum vitae, a list of all instances in which, during the last four (4) years, the consultant or expert witness testified by trial or deposition, and a certification annexed to this Second Addendum as Exhibit A signed by such consultant or expert witness. No Network Strictly Confidential – Outside Litigation Counsel Only Information shall be disclosed to such consultant or expert witness until after the expiration of the foregoing ten (10) days' notice period.

13.     A party objecting to disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information to a consultant or expert witness shall not be unreasonably withheld.

14.     The applicable parties shall meet and confer to attempt to resolve the dispute/objection within seven (7) days from the date of electronic delivery of the objection. If the parties cannot resolve the dispute, the party seeking disclosure may move the Court for an order that access to Network Strictly Confidential – Outside Litigation Counsel Only Information be provided to the designated consultant or expert witness. If the parties cannot resolve the dispute and the party seeking disclosure does not make such a motion within ten (10) business days of the electronic delivery of the objection, disclosure of Network Strictly Confidential – Outside Litigation Counsel Only Information shall not be made to the designated consultant or expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in this Paragraph if necessary to abide by any discovery or briefing schedules. If a motion is made by the party seeking disclosure, it shall be the burden of the party seeking disclosure to demonstrate by a preponderance of the evidence that Network Strictly Confidential – Outside Litigation Counsel Only Information should be allowed to be disclosed to the consultant or expert witness.

15.     Failure to object to a consultant or expert witness shall not preclude the non-objecting party from later objecting to continued access by that consultant or expert witness where facts

- 9 -

1  suggesting a basis for objection could not have been discovered by the objecting party or its counsel,

2  exercising due diligence, within the period for making a timely objection.  A later objection to a

3  consultant or expert witness cannot be made on the basis of information disclosed pursuant to

4  Paragraph 12, except to the extent that said disclosure contained a material omission or

5  misrepresentation.

6          IT IS SO STIPULATED.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: October 6, 2016                          Respectfully submitted,

By  /s/  Steve W. Berman                        By  /s/  David G. Feher
     Steve W. Berman (*pro hac vice*)                Jeffrey L. Kessler (*pro hac vice*)
     Ashley Bede (*pro hac vice*)                    David G. Feher (*pro hac vice*)
     HAGENS BERMAN SOBOL SHAPIRO                      David L. Greenspan (*pro hac vice*)
     LLP                                             Timothy M. Nevius (*pro hac vice*)
     1918 Eighth Avenue, Suite 3300                  Joseph A. Litman (*pro hac vice*)
     Seattle, WA 98101                               WINSTON & STRAWN LLP
     Telephone: (206) 623-7292                       200 Park Avenue
     Facsimile:  (206) 623-0594                      New York, NY 10166-4193
     *steve@hbsslaw.com*                             Telephone: (212) 294-6700
     *ashleyb@hbsslaw.com*                           Facsimile: (212) 294-4700
                                                     *jkessler@winston.com*
     Jeff D. Friedman (173886)                       *dfeher@winston.com*
     Jon T. King (205073)                            *dgreenspan@winston.com*
     HAGENS BERMAN SOBOL SHAPIRO                      *tnevius@winston.com*
     LLP                                             *jlitman@winston.com*
     715 Hearst Avenue, Suite 202
     Berkeley, CA 94710                               Sean D. Meenan (SBN 260466)
     Telephone: (510) 725-3000                        Jeanifer E. Parsigian (SBN 289001)
     Facsimile: (510) 725-3001                        WINSTON & STRAWN LLP
     *jonk@hbsslaw.com*                              101 California Street
     *jefff@hbsslaw.com*                             San Francisco, CA 94111
                                                     Telephone: (415) 591-1000
By  /s/  Bruce L. Simon                             Facsimile: (415) 591-1400
     Bruce L. Simon (96241)                          *smeenan@winston.com*
     Aaron M. Sheanin (214472)                       *jparsigian@winston.com*
     Benjamin E. Shiftan (265767)
     PEARSON, SIMON & WARSHAW, LLP                   Counsel for *Jenkins* Plaintiffs
     44 Montgomery Street, Suite 2450               *Interim Class Counsel*
     San Francisco, CA 94104
     Telephone:  (415) 433-9000
     Facsimile:  (415) 433-9008
     *bsimon@pswlaw.com*
     *asheanin@pswlaw.com*
     *bshiftan@pswlaw.com*

     Counsel for *Consolidated Plaintiffs*
     *Interim Co-Lead Class Counsel*

- 11 -

By /s/  D. Erik Albright
D. Erik Albright
SMITH MOORE LEATHERWOOD LLP
300 North Greene Street, Suite 1400
Greensboro, NC  27401
Telephone:  (336) 378-5368
Facsimile:  (336) 433-7402
erik.albright@smithmorrelaw.com

Jonathan P. Heyl
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Telephone: (704) 384-2625
Facsimile: (704) 384-2625
jon.heyl@smithmoorelaw.com

Charles La Grange Coleman, III
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA  94111-4624
Telephone:  (415) 743-6900
Facsimile:  (415) 743-6910
ccoleman@hklaw.com

*Counsel for The Atlantic Coast Conference*

By /s/ Andrew S. Rosenman
Andrew S. Rosenman
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-46537
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
arosenman@mayerbrown.com
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C.  20006-1101
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300
rfavretto@mayerbrown.com

*Counsel for The Big Ten Conference, Inc.*

By /s/  Scott P. Cooper
Scott P. Cooper (SBN 096905)
Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)
Jacquelyn N. Ferry (SBN 287798)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA  90067
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193
scooper@proskauer.com
kcasazza@proskauer.com
sledingham@proskauer.com
jferry@proskauer.com

*Counsel for Pac-12 Conference*

By /s/  Robert W. Fuller
Robert W. Fuller, III
Nathan C. Chase Jr.
Mark W. Merritt
Lawrence C. Moore, III
Pearlynn G. Houck
Amanda R. Pickens
ROBINSON BRADSHAW & HINSON
101 N. Tryon St., Suite 1900
Charlotte, NC  28246
Telephone:  (704) 377-2536
Facsimile:  (704) 378-4000
rfuller@rbh.com
nchase@rbh.com
mmerritt@rbh.com
lmoore@rbh.com
phouck@rbh.com
apickens@rbh.com

Mark J. Seifert
Robert R. Moore
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111
Telephone:  (415) 837-1515
Facsimile:  (415) 837-1516
mseifert@allenmatkins.com
rmoore@allenmatkins.com

*Counsel for Southeastern Conference*

- 12 -

By /s/ Leane K. Capps
    Leane K. Capps
    Caitlin J. Morgan
    POLSINELLI PC
    2950 N. Harwood Street, Suite 2100
    Dallas, TX 75201
    Telephone: (214) 397-0030
    lcapps@polsinelli.com

    Amy D. Fitts
    POLSINELLI PC
    120 W. 12th Street
    Kansas City, MO 64105
    Telephone: (816) 218-1255
    afitts@polsinelli.com

    Wesley D. Hurst
    POLSINELLI PC
    2049 Century Park East, Suite 2300
    Los Angeles, CA 90067
    Telephone: (310) 556-1801
    whurst@polsinelli.com

    *Counsel for the Big 12 Conference, Inc.*

By /s/ David R. Singer
    Richard L. Stone (Cal. Bar No. 110022)
    rstone@jenner.com
    David R. Singer (Cal. Bar No. 204699)
    dsinger@jenner.com
    Jeffrey A. Atteberry (Cal. Bar No. 266728)
    jatteberry@jenner.com
    JENNER & BLOCK LLP
    633 West 5th Street, Suite 3600
    Los Angeles, California 90071
    Telephone: (213) 239-5100
    Facsimile: (213) 239-5199

    *Counsel for intervenors Fox Broadcasting
    Company, Fox Cable Networks, Inc., and Fox
    International Channels (US), Inc.*

By /s/ J. Wesley Earnhardt
    Evan R. Chesler (admitted to N.D. Cal. on
    September 24, 1982)
    Roger G. Brooks (pro hac vice)
    J. Wesley Earnhardt (pro hac vice)
    CRAVATH, SWAINE & MOORE LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019-7475
    Telephone: (212) 474-1000
    Facsimile: (212) 474-3700
    echesler@cravath.com
    rgbrooks@cravath.com
    wearnhardt@cravath.com

    *Attorneys for intervenors ESPN, Inc., ESPN
    Enterprises, Inc., and American Broadcasting
    Companies, Inc.*

By /s/ Yehudah L. Buchweitz
    CHRISTOPHER J. COX (Bar No. 151650)
    Email: chris.cox@weil.com
    DAVID R. SINGH (Bar No. 300840)
    Email: david.singh@weil.com
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA 94065
    Telephone: (650) 802-3000
    Facsimile: (650) 802-3100

    JAMES W. QUINN (*pro hac vice*)
    Email: james.quinn@weil.com
    YEHUDAH L. BUCHWEITZ (*pro hac vice*)
    Email: yehudah.buchweitz@weil.com
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    *Attorneys for intervenor CBS Broadcasting
    Inc.*

- 13 -

1    **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2          Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in

3    the filing of this document has been obtained from the signatories above.

4

5                                              /s/  Scott P. Cooper
                                               SCOTT P. COOPER

6

7

8    SO ORDERED.

9

10

11   Dated:  October 12, 2016                          GRANTED

12                                         The Honorable Nathanael M. Cousins
                                           United States Magistrate Judge

13                                         Judge Nathanael M. Cousins

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

**EXHIBIT A**

I, _____, state:

1. My business address is:

2. My present employer is:

3. My present occupation or job description (including my title) is:

4. My past and present business relationships with the parties to this litigation are:

5. For experts or consultants only, a copy of my curriculum vitae is attached hereto.

6. For experts or consultants only, in accordance with the Protective Order, First Addendum, and Second Addendum, I have provided a list of all instances in which, during the last four (4) years, I testified at trial or deposition.

7. I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Documents and Materials (the "Protective Order") entered in the case of *In re: National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation,* in the United States District Court for the Northern District of California, No. 4:14-MD-2541-CW, entered by the Court on January 15, 2015, the Stipulation and Order Regarding Addendum to Stipulated Protective Order ("First Addendum") entered by the Court on July 9, 2015, and the Stipulation and Order Regarding Second Addendum to Stipulated Protective Order ("Second Addendum") entered by the Court on [_____].

8. I have carefully read the Protective Order, First Addendum, and Second Addendum and understand their provisions.

9. I will comply with all the provisions of the Protective Order, First Addendum, and Second Addendum.

10. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, First Addendum, or Second Addendum any documents designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Highly Confidential NCAA Member Financial Data and/or Network Strictly Confidential – Outside Litigation Counsel Only Information only for the allowed purposes stated in the Protective Order, First Addendum, and Second Addendum.

- 1 -

11.  I will return all documents that are designated Confidential, Highly Confidential – Counsel Only, Highly Confidential NCAA Member Financial Data – Lead Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only, to counsel for the party from whom I obtained such documents.

12.  I will submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of the enforcement of the Protective Order, First Addendum, or Second Addendum and understand that violation of the Protective Order, First Addendum, or Second Addendum can constitute contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED _____, 201___.

_____
                 Signature

_____
              Printed Name

- 2 -

# Exhibit D

1  Steve W. Berman (*pro hac vice*)
   Craig R. Spiegel (SBN 122000)
2  Ashley A. Bede (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
3  1918 Eighth Avenue, Suite 3300
   Seattle, WA 98101
4  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
5  *steve@hbsslaw.com*
   *craigs@hbsslaw.com*
6  *ashleyb@hbsslaw.com*

7  Bruce L. Simon (SBN 96241)
   Aaron M. Sheanin (SBN 214472)
8  Benjamin E. Shiftan (SBN 265767)
   PEARSON, SIMON & WARSHAW, LLP
9  44 Montgomery Street, Suite 2450
   San Francisco, CA 94104
10 Telephone: (415) 433-9000
   Facsimile: (415) 433-9008
11 *bsimon@pswlaw.com*
   *asheanin@pswlaw.com*
12 *bshiftan@pswlaw.com*

13 *Class Counsel for Jenkins and Consolidated
   Action Plaintiffs*

14 [Additional counsel listed on signature page]

   Jeffrey L. Kessler (*pro hac vice*)
   David G. Feher (*pro hac vice*)
   David L. Greenspan (*pro hac vice*)
   Jennifer M. Stewart (*pro hac vice*)
   Joseph A. Litman (*pro hac vice*)
   WINSTON & STRAWN LLP
   200 Park Avenue
   New York, NY 10166-4193
   Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
   *jkessler@winston.com*
   *dfeher@winston.com*
   *dgreenspan@winston.com*
   *jstewart@winston.com*
   *jlitman@winston.com*

   Sean D. Meenan (SBN 260466)
   Jeanifer E. Parsigian (SBN 289001)
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111
   Telephone: (415) 591-1000
   Facsimile: (415) 591-1400
   *smeenan@winston.com*
   *jparsigian@winston.com*

   *Class Counsel for Jenkins and Consolidated
   Action Plaintiffs*

   [Additional counsel listed on signature page]

15

16

17  **UNITED STATES DISTRICT COURT**

18  **NORTHERN DISTRICT OF CALIFORNIA**

19  **OAKLAND DIVISION**

20  IN RE: NATIONAL COLLEGIATE
    ATHLETIC ASSOCIATION ATHLETIC
21  GRANT-IN-AID CAP ANTITRUST
    LITIGATION
22
    _____
23
    THIS DOCUMENT RELATES TO:
24
    ALL ACTIONS
25

26

27

28

Case No. 4:14-md-02541-CW
Case No. 4:14-cv-02758-CW

**STIPULATION AND [PROPOSED] ORDER
REGARDING THIRD ADDENDUM TO
STIPULATED PROTECTIVE ORDER**

871859.1

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

All parties, by their respective counsel, hereby agree and stipulate to this proposed Third Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1.       The Second Addendum to Stipulated Protective Order (Dkt. 508) was negotiated and signed between Plaintiffs and only five of the Conference Defendants in the Consolidated Action: (1) Atlantic Coast Conference; (2) The Big Ten Conference, Inc.; (3) The Big 12 Conference, Inc.; (4) Pac-12 Conference; and (5) Southeastern Conference. The parties now wish for the Court to order this stipulated addendum such that the Second Addendum to Stipulated Protective Order applies to the six other Conference Defendants in the Consolidated Action and the National Collegiate Athletic Association ("NCAA"). The six other Conference Defendants in the Consolidated Action are: (1) the American Athletic Conference; (2) Conference USA; (3) the Mid-American Conference; (4) the Mountain West Conference; (5) the Sun Belt Conference; and (6) the Western Athletic Conference (collectively, the "Six Conferences").

2.       By way of this stipulation, the Six Conferences in the Consolidated Actions and the NCAA shall have the same rights and obligations under the Second Addendum to Stipulated Protective Order as the Conference Defendants who negotiated and signed the Second Addendum to Stipulated Protective Order, and Plaintiffs will have the same rights and obligations with regard to the Six Conferences and the NCAA as they do with regard to the Conference Defendants who negotiated and signed the Second Addendum to the Stipulated Protective Order.

3.       The Second Addendum to Stipulated Protective Order was signed by certain media networks that formally intervened into this litigation: (1) ESPN entities (ESPN, Inc., ESPN Enterprises, Inc., and American Broadcasting Companies, Inc.); (2) Fox entities (Fox Broadcasting Company, Fox Cable Networks, Inc., and Fox International Channels (US), Inc.); and (3) CBS Broadcasting Inc. (collectively, the "Network Intervenors"). By way of this stipulation, the rights and obligations of the Network Intervenors under the Second Addendum to Stipulated Protective Order will apply not just to the Network Intervenors but to all media networks (including their various entities, affiliates and assigns) that are partners of any of the eleven Conference Defendants in this litigation or the NCAA, and which have an interest in the litigation, regardless of whether

871859.1                      1

1    each has formally intervened in this litigation.  Each such media network will be considered by the

2    parties to be—and will receive the same treatment as—a Network Intervenor solely for purposes of

3    the Second Addendum to Stipulated Protective Order and shall not otherwise be treated as having

4    intervened in this litigation absent a formal motion to intervene by such network.  However, nothing

5    in this stipulation shall prevent any media network or any other party from intervening in this

6    litigation.

7              IT IS SO STIPULATED.

8    Dated: November 11, 2016                              Respectfully submitted,

9    By /s/ Steve W. Berman                                By /s/ Jeffrey L. Kessler
10       Steve W. Berman (*pro hac vice*)                     Jeffrey L. Kessler (*pro hac vice*)
         Craig R. Spiegel (SBN 122000)                        David G. Feher (*pro hac vice*)
11       Ashley A. Bede (*pro hac vice*)                      David L. Greenspan (*pro hac vice*)
         HAGENS BERMAN SOBOL SHAPIRO                          Jennifer M. Stewart (*pro hac vice*)
12       LLP                                                  Joseph A. Litman (*pro hac vice*)
         1918 Eighth Avenue, Suite 3300                       WINSTON & STRAWN LLP
13       Seattle, WA 98101                                    200 Park Avenue
         Telephone: (206) 623-7292                            New York, NY 10166-4193
14       Facsimile:  (206) 623-0594                           Telephone: (212) 294-6700
         *steve@hbsslaw.com*                                  Facsimile: (212) 294-4700
15       *craigs@hbsslaw.com*                                 *jkessler@winston.com*
         *ashleyb@hbsslaw.com*                                *dfeher@winston.com*
16                                                            *dgreenspan@winston.com*
         Jeff D. Friedman (SBN 173886)                        *jstewart@winston.com*
17       HAGENS BERMAN SOBOL SHAPIRO                          *jlitman@winston.com*
         LLP
18       715 Hearst Avenue, Suite 202                         Sean D. Meenan (SBN 260466)
         Berkeley, CA 94710                                   Jeanifer E. Parsigian (SBN 289001)
19       Telephone: (510) 725-3000                            WINSTON & STRAWN LLP
         Facsimile: (510) 725-3001                            101 California Street
20       *jefff@hbsslaw.com*                                  San Francisco, CA 94111
                                                              Telephone: (415) 591-1000
21   By /s/ Bruce L. Simon                                    Facsimile: (415) 591-1400
         Bruce L. Simon (SBN 96241)                           *smeenan@winston.com*
22       Aaron M. Sheanin (SBN 214472)                        *jparsigian@winston.com*
         Benjamin E. Shiftan (SBN 265767)
23       PEARSON, SIMON & WARSHAW, LLP                        *Class Counsel for Jenkins and Consolidated*
         44 Montgomery Street, Suite 2450                     *Action Plaintiffs*
24       San Francisco, CA 94104
         Telephone:  (415) 433-9000
25       Facsimile:   (415) 433-9008
         *bsimon@pswlaw.com*
26       *asheanin@pswlaw.com*
         *bshiftan@pswlaw.com*

27   *Class Counsel for Jenkins and Consolidated*
     *Action Plaintiffs*
28

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

1    Elizabeth C. Pritzker (SBN 146267)
     Jonathan K. Levine (SBN 220289)
2    Bethany L. Caracuzzo (SBN 190687)
     Shiho Yamamoto (SBN 264741)
3    PRITZKER LEVINE LLP
     180 Grand Avenue, Suite 1390
4    Oakland, California 94612
     Telephone:  (415) 692-0772
5    Facsimile:  (415) 366-6110

6    *Additional Class Counsel*

7    **POLSINELLI PC**                    **COVINGTON & BURLING LLP**

8    By:    /s/ Leane K. Capps            By:    /s/ Benjamin C. Block
            Leane K. Capps (*pro hac vice*)       Benjamin C. Block (*pro hac vice*)
9           Caitlin J. Morgan (*pro hac vice*)    One CityCenter
            2950 N. Harwood, Suite 2100           850 Tenth Street, N.W.
10          Dallas, TX 75201                      Washington, DC 20001-4956
            Telephone: (214) 397-0030             Telephone: (202) 662-5205
11          Facsimile: (214) 397-0033             Facsimile: (202) 778-5205
            Email: lcapps@polsinelli.com          bblock@cov.com
12          Email: cmorgan@polsinelli.com

13          Mit S. Winter (SBN 238515)            Rebecca A. Jacobs (SBN 294430)
            Amy D. Fitts (*pro hac vice*)         One Front Street
14          900 W. 48th Place                     San Francisco, CA 94111-5356
            Kansas City, MO 64112                 Telephone: (415) 591-6000
15          Telephone: (816) 753-1000             Facsimile: (415) 591-6091
            Facsimile: (816) 753-1536             rjacobs@cov.com
16          Email: mwinter@polsinelli.com
            Email: afitts@polsinelli.com          Attorneys for Defendant
17                                                AMERICAN ATHLETIC
            Wesley D. Hurst (SBN 127564)          CONFERENCE
18          2049 Century Park East, Suite 2300
            Los Angeles, CA 90067
19          Telephone: (310) 556-1801
            Facsimile: (310) 556-1802
20          Email: whurst@polsinelli.com

21          Attorneys for Defendant
            CONFERENCE USA

22

23

24

25

26

27

28

871859.1                                    3

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

1

**WALTER HAVERFIELD LLP**

2

By:   /s/ R. Todd Hunt
        R. Todd Hunt (*pro hac vice*)

3

        The Tower at Erieview
        1301 E. 9th Street, Suite 3500

4

        Cleveland, OH 44114-1821
        Telephone:  (216) 928-2935

5

        Facsimile:  (216) 916-2372
        rthunt@walterhav.com

6

7

        Attorneys for Defendant
        MID-AMERICAN CONFERENCE

8

9

10

11

12

**JONES WALKER LLP**

13

14

By:   /s/ Mark A. Cunningham
        Mark A. Cunningham (*pro hac vice*)

15

        201 St. Charles Avenue
        New Orleans, LA 70170-5100

16

        Telephone: (504) 582-8536
        Facsimile: (504) 589-8536

17

        mcunningham@joneswalker.com

18

        Attorneys for Defendant
        SUN BELT CONFERENCE

19

20

21

22

23

24

25

26

27

28

---

**BRYAN CAVE LLP**

By:   /s/ Adam Brezine
        Adam Brezine (SBN 220852)
        560 Mission Street, 25th Floor
        San Francisco, CA 94105
        Telephone:  (415) 674-3400
        Facsimile:  (415) 675-3434
        adam.brezine@bryancave.com

        Richard Young (*pro hac vice*)
        Brent Rychener (*pro hac vice*)
        90 South Cascade Avenue, Suite 1300
        Colorado Springs, CO 80903
        Telephone: (719) 473-3800
        Facsimile: (719) 633-1518
        richard.young@bryancave.com
        brent.rychener@bryancave.com

        Attorneys for Defendant
        MOUNTAIN WEST CONFERENCE

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By:   /s/ Karen Hoffman Lent
        Karen Hoffman Lent (*pro hac vice*)
        Jeffrey A. Mishkin (*pro hac vice*)
        Four Times Square
        New York, NY  10036
        Telephone:  (212) 735-3000
        Facsimile:  (212) 735-2000
        jeffrey.mishkin@skadden.com
        karen.lent@skadden.com

        Raoul D. Kennedy (SBN 40892)
        525 University Avenue, Suite 1100
        Palo Alto, CA 94301
        Telephone:  (650) 470-4500
        Facsimile:  (650) 470-4570
        raoul.kennedy@skadden.com

        Attorneys for Defendants
        NATIONAL COLLEGIATE ATHLETIC
        ASSOCIATION
        and
        WESTERN ATHLETIC CONFERENCE

871859.1               4

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

Case No. 1:23-cv-03076-CNS-STV   Document 1271   filed 08/18/24   USDC Colorado   pg 104
of 160
Case 4:14-md-02541-CW   Document 539   Filed 11/11/16   Page 6 of 7

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2          Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the

3   filing of this document has been obtained from the signatory above.

4

5                                        /s/ Jeffrey L. Kessler
                                         Jeffrey L. Kessler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:23-cv-00807-CNS-STV   Document 12-71   filed 08/18/24   USDC Colorado   pg 105
of 160
Case 4:14-md-02541-CW   Document 539   Filed 11/11/16   Page 7 of 7

1    IT IS SO ORDERED.

2

3

    Dated:                                    _____
4                                             THE HON. NATHANAEL COUSINS
                                              UNITED STATES DISTRICT COURT FOR THE
5                                             NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD ADDENDUM TO STIPULATED PROTECTIVE
ORDER- CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

| 540 | 11/11/2016 | Order granting 539 Stipulation entered by Magistrate Judge Nathanael M. Cousins. (This is a text-only entry generated by the court. There is no document associated with this entry.) (Entered: 11/11/2016) |

# Exhibit E

1   Sean Eskovitz (SBN 241877)
    WILKINSON WALSH + ESKOVITZ LLP
2   11726 San Vicente Blvd., Ste. 600
    Los Angeles, CA 90049
3   Telephone: (424) 316-4000
    Facsimile: (202) 847-4005
4   *seskovitz@wilkinsonwalsh.com*
5
6   Beth A. Wilkinson (*pro hac vice*)
    Alexandra M. Walsh (*pro hac vice*)
7   Brian L. Stekloff (*pro hac vice*)
    Rakesh N. Kilaru (*pro hac vice*)
8   WILKINSON WALSH + ESKOVITZ LLP
    2001 M Street NW, 10th Floor
9   Washington, DC 20036
    Telephone: (202) 847-4000
10  Facsimile: (202) 847-4005
    *bwilkinson@wilkinsonwalsh.com*
11  *awalsh@wilkinsonwalsh.com*
    *bstekloff@wilkinsonwalsh.com*
12  *rkilaru@wilksinsonwalsh.com*
13
14  Jeffrey A. Mishkin (*pro hac vice*)
    Karen Hoffman Lent (*pro hac vice*)
15  SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
16  Four Times Square
    New York, NY 10036
17  Telephone: (212) 735-3000
    Facsimile (212) 735-2000
18  *jeffrey.mishkin@skadden.com*
    *karen.lent@skadden.com*
19  *Counsel for Defendant NCAA*
    [Additional counsel listed on signature page]
20

    Steve W. Berman (*pro hac vice*)
    HAGENS BERMAN SOBOL SHAPIRO
    LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    *steve@hbsslaw.com*

    Bruce L. Simon (SBN 96241)
    PEARSON, SIMON & WARSHAW, LLP
    44 Montgomery Street, Suite 2450
    San Francisco, CA 94104
    Telephone: (415) 433-9000
    Facsimile: (415) 433-9008
    *bsimon@pswlaw.com*

    Jeffrey L. Kessler (*pro hac vice*)
    David G. Feher (*pro hac vice*)
    David L. Greenspan (*pro hac vice*)
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
    *jkessler@winston.com*
    *dfeher@winston.com*
    *dgreenspan@winston.com*

    *Class Counsel for Jenkins and Consolidated
    Action Plaintiffs*

    [Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| 23  IN RE NATIONAL COLLEGIATE<br>24  ATHLETIC ASSOCIATION ATHLETIC<br>GRANT-IN-AID CAP ANTITRUST<br>25  LITIGATION<br><br>26  THIS DOCUMENT RELATES TO:<br>27  ALL ACTIONS. | Case No. 4:14-md-02541-CW<br><s>Case No. 14-cv-02758-CW</s><br><br>**STIPULATION AND [PROPOSED] ORDER<br>REGARDING SECOND ADDENDUM TO<br>STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Claudia Wilken |

28

All parties and Network Intervenors, by and through their respective counsel, hereby agree and stipulate to the below as it relates to the Second Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Second Addendum") (Dkt. 512) entered by the Court on October 12, 2016:

1.     The Second Addendum was negotiated and signed between Plaintiffs and only five of the Conference Defendants in the Consolidated Action: (1) Atlantic Coast Conference; (2) The Big Ten Conference, Inc.; (3) The Big 12 Conference, Inc.; (4) Pac-12 Conference; and (5) Southeastern Conference. (Dkt. 508.)

2.     On November 11, 2016, Magistrate Judge Nathaniel M. Cousins entered via minute entry (Dkt. 540) the Third Addendum to the Stipulated Protective Order (Dkt. 539) (the "Third Addendum").  The Third Addendum was signed and entered for the purpose of applying the terms of the Second Addendum to the six other Conference Defendants in the Consolidated Action and the National Collegiate Athletic Association ("NCAA"). The six other Conference Defendants in the Consolidated Action are: (1) the American Athletic Conference; (2) Conference USA; (3) the Mid-American Conference; (4) the Mountain West Conference; (5) the Sun Belt Conference; and (6) the Western Athletic Conference (collectively, the "Six Conferences").

3.     The Second Addendum was also signed by certain media networks that formally intervened in this litigation: (1) ESPN entities (ESPN, Inc., ESPN Enterprises, Inc., and American Broadcasting Companies, Inc.); (2) Fox entities (Fox Broadcasting Company, Fox Cable Networks, Inc., and Fox International Channels (US), Inc.); and (3) CBS Broadcasting Inc. (collectively, the "Network Intervenors").  By way of the Third Addendum, the rights and obligations of the Network Intervenors under the Second Addendum were extended to apply not just to the Network Intervenors, but to all media networks (including their various entities, affiliates and assigns) that are partners of any of the eleven Conference Defendants in this litigation or the NCAA, and which have an interest in the litigation, regardless of whether each has formally intervened in this litigation.

4.     Absent Network Intervenor permission, the Second Addendum and Third Addendum limit the involvement of defense counsel who receive information that is designated "Network Strictly Confidential – Outside Litigation Counsel Only" ("NSC"), which is defined in Paragraph 4 of the

- 1 -

Second Addendum.  Specifically, Paragraph 7(a)(2) of the Second Addendum provides:

> [A]ny individual attorney who reviews Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor to which such attorney did not have access prior to production of such Information in this action may not, absent written permission from such Network Intervenor, participate directly or indirectly on or before March 31, 2021 in negotiating any media, network, or broadcasting contract, agreement, arrangement, or understanding with such Network Intervenor, except that nothing in this Addendum shall be construed to require a Network Intervenor's permission for any individual attorney's participation in negotiating any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to Network Strictly Confidential – Outside Litigation Counsel Only Information of a Network Intervenor.

5.      Trial of this matter is scheduled to begin on September 4, 2018.  The parties' pretrial filings identify as proposed exhibits and testimony for trial certain information that is designated NSC pursuant to the Second Addendum.  A number of defense counsel implicated by the terms of Paragraph 7(a)(2) of the Second Addendum intend to attend the trial, in whole or in part.  Counsel for the Network Intervenors may also attend the trial, in whole or in part.

6.      The parties and Network Intervenors therefore stipulate and agree that the restriction imposed by Paragraph 7(a)(2) of the Second Addendum be modified as follows for purposes of the forthcoming trial only:  to the extent NSC information is inadvertently revealed at trial by any exhibit, witness, the Court, or oral presentation by counsel, defense counsel and counsel for the Network Intervenors shall not, solely as a result of such disclosure, be barred from future negotiations under Paragraph 7(a)(2) of the Second Addendum.  To the extent NSC Information is permissibly used at trial, including over the objection of a Network Intervenor, and regardless of whether the information is later sealed, then defense counsel and counsel for the Network Intervenors shall not, solely as a result of such disclosure, be barred from future negotiations under Paragraph 7(a)(2) of the Second Addendum.

IT IS SO STIPULATED.

STIPULATION AND [PROPOSED] ORDER REGARDING SECOND
ADDENDUM TO STIPULATED PROTECTIVE ORDER

MDL No. 14-md-02541-CW
Case No. 14-cv-02758-CW

Case No. 1:23-cv-03076-CNS-STV   Document 127-1   filed 08/18/24   USDC Colorado   pg 111
of 160
Case 4:14-md-02541-CW   Document 1027   Filed 09/04/18   Page 4 of 9

Dated: September 4, 2018

Respectfully submitted,

By */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
    Craig Spiegel (SBN122000)
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile:  (206) 623-0594
    *steve@hbsslaw.com*
    *craigs@hbsslaw.com*

    Jeff D. Friedman (SBN 173886)
    HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
    Telephone: (510) 725-3000
    Facsimile: (510) 725-3001
    *jefff@hbsslaw.com*

By */s/ Bruce L. Simon*
    Bruce L. Simon (SBN 96241)
    Benjamin E. Shiftan (SBN 265767)
    PEARSON, SIMON & WARSHAW, LLP
    44 Montgomery Street, Suite 2450
    San Francisco, CA 94104
    Telephone:  (415) 433-9000
    Facsimile:  (415) 433-9008
    *bsimon@pswlaw.com*
    *bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

By */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler (*pro hac vice*)
    David G. Feher (*pro hac vice*)
    David L. Greenspan (*pro hac vice*)
    Jennifer M. Stewart (*pro hac vice*)
    Joseph A. Litman (*pro hac vice*)
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
    *jkessler@winston.com*
    *dfeher@winston.com*
    *dgreenspan@winston.com*
    *jstewart@winston.com*
    *jlitman@winston.com*

    Sean D. Meenan (SBN 260466)
    Jeanifer E. Parsigian (SBN 289001)
    WINSTON & STRAWN LLP
    101 California Street
    San Francisco, CA 94111
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400
    *smeenan@winston.com*
    *jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

By  */s/ Elizabeth C. Pritzker*
    Elizabeth C. Pritzker (SBN 146267)
    Jonathan K. Levine (SBN 220289)
    Bethany L. Caracuzzo (SBN 190687)
    PRITZKER LEVINE LLP
    180 Grand Avenue, Suite 1390
    Oakland, California 94612
    Telephone:  (415) 692-0772
    Facsimile:  (415) 366-6110

*Additional Class Counsel*

By: /s/ Beth A. Wilkinson
    Beth A. Wilkinson (*pro hac vice*)
    Alexandra M Walsh (*pro hac vice*)
    Brian L. Stekloff (*pro hac vice*)
    Rakesh N. Kilaru (*pro hac vice*)
    WILKINSON WALSH + ESKOVITZ LLP
    2001 M Street NW, 10th Floor
    Washington, DC 20036
    Telephone: (202) 847-4000
    Facsimile: (202) 847-4005
    *bwilkinson@wilkinsonwalsh.com*
    *awalsh@wilkinsonwalsh.com*
    *bstekloff@wilkinsonwalsh.com*
    *rkilaru@wilkinsonwalsh.com*

    Sean Eskovitz (SBN 241877)
    WILKINSON WALSH + ESKOVITZ LLP
    11726 San Vicente Blvd., Suite 600
    Los Angeles, CA 90049
    Telephone: (424) 316-4000
    Facsimile: (202) 847-4005
    *seskovitz@wilkinsonwalsh.com*

    *Attorneys for Defendant National Collegiate Athletic Association*

By:     /s/ Bart H. Williams
    Bart H. Williams (SBN 134009)
    Scott P. Cooper (SBN 96905)
    Kyle A. Casazza (SBN 254061)
    Jennifer L. Jones (SBN 284624)
    Shawn S. Ledingham, Jr. (SBN 275268)
    Jacquelyn N. Crawley (SBN 287798)
    PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
    Telephone: (310) 557-2900
    Facsimile: (310) 557-2193
    bwilliams@proskauer.com
    scooper@proskauer.com
    kcasazza@proskauer.com
    jljones@proskauer.com
    sledingham@proskauer.com
    jcrawley@proskauer.com

    *Attorneys for Defendant*
    *Pac-12 Conference*

By: /s/ Jeffrey A. Mishkin
    Jeffrey A. Mishkin (*pro hac vice*)
    Karen Hoffman Lent (*pro hac vice*)
    SKADDEN ARPS SLATE MEAGHER & FLOM LLP
    Four Times Square
    New York, NY 10036
    Telephone: (212) 735-3000
    Facsimile (212) 735-2000
    *jeffrey.mishkin@skadden.com*
    *karen.lent@skadden.com*

    Raoul D. Kennedy (SBN 40892)
    SKADDEN ARPS SLATE MEAGHER & FLOM LLP
    525 University Avenue, Suite 1100
    Palo Alto, California 94301
    Telephone: (650) 470-4500
    Facsimile: (650) 470-4570
    *raoul.kennedy@skadden.com*

    *Attorneys for Defendant National Collegiate Athletic Association and Western Athletic Conference*

By:     /s/ Britt M. Miller
    Andrew S. Rosenman (SBN 253764)
    Britt M. Miller (*pro hac vice*)
    MAYER BROWN LLP
    71 South Wacker Drive
    Chicago, IL 60606
    Telephone: (312) 782-0600
    Facsimile: (312) 701-7711
    arosenman@mayerbrown.com
    bmiller@mayerbrown.com

    Richard J. Favretto (*pro hac vice*)
    MAYER BROWN LLP
    1999 K Street, N.W.
    Washington, DC 20006
    Telephone: (202) 263-3000
    Facsimile: (202) 263-3300
    rfavretto@mayerbrown.com

    *Attorneys for Defendant*
    *The Big Ten Conference, Inc.*

1    By:    /s/ Leane K. Capps              By:    /s/ Robert W. Fuller
           Leane K. Capps (*pro hac vice*)         Robert W. Fuller, III (*pro hac vice*)
2          Caitlin J. Morgan (*pro hac vice*)      Nathan C. Chase Jr. (SBN 247526)
           POLSINELLI PC                           Lawrence C. Moore, III (*pro hac vice*)
3          2950 N. Harwood Street                  Pearlynn G. Houck (*pro hac vice*)
           Suite 2100                              Amanda R. Pickens (*pro hac vice*)
4          Dallas, TX 75201                        ROBINSON BRADSHAW & HINSON
           Telephone:  (214) 397-0030              101 N. Tryon St., Suite 1900
5          lcapps@polsinelli.com                   Charlotte, NC 28246
           cmorgan@polsinelli.com                  Telephone:  (704) 377-2536
6                                                  Facsimile:  (704) 378-4000
           Amy D. Fitts (*pro hac vice*)           rfuller@rbh.com
7          Mit Winter (SBN 238515)                 nchase@rbh.com
           POLSINELLI PC                           lmoore@rbh.com
8          120 W. 12th Street                      phouck@rbh.com
           Kansas City, MO 64105                   apickens@rbh.com
9          Telephone: (816) 218-1255
           afitts@polsinelli.com                   Mark J. Seifert (SBN 217054)
10         mwinter@polsinelli.com                  SEIFERT LAW FIRM
                                                   425 Market Street, Suite 2200
11         Wesley D. Hurst (SBN 127564)            San Francisco, CA 94105
           POLSINELLI PC                           Telephone:  (415) 999-0901
12         2049 Century Park East, Suite 2300      Facsimile:  (415) 901-1123
           Los Angeles, CA 90067                   mseifert@seifertfirm.com
13         Telephone:  (310) 556-1801
           whurst@polsinelli.com                   *Attorneys for Defendant*
14                                                 *Southeastern Conference*
           *Attorneys for Defendants*
15         *The Big 12 Conference, Inc. and*
           *Conference USA, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING SECOND          MDL No. 14-md-02541-CW
ADDENDUM TO STIPULATED PROTECTIVE ORDER                    Case No. 14-cv-02758-CW

Case No. 1:23-cv-03076-CNS-STV   Document 127-1   filed 08/18/24   USDC Colorado   pg 114
of 160
Case 4:14-md-02541-CW   Document 1027   Filed 09/04/18   Page 7 of 9

1  By: _____/s/ D. Erik Albright_____

2      D. Erik Albright (*pro hac vice*)
       Gregory G. Holland (*pro hac vice*)
3      SMITH MOORE LEATHERWOOD
       LLP 300 North Greene Street, Suite
       1400
4      Greensboro, NC 27401
       Telephone:  (336) 378-5368
5      Facsimile:  (336) 433-7402
       erik.albright@smithmoorelaw.com
6      greg.holland@smithmoorelaw.com

7      Jonathan P. Heyl (*pro hac vice*)
       SMITH MOORE LEATHERWOOD
8      LLP 101 N. Tryon Street, Suite 1300
       Charlotte, NC 28246
9      Telephone:  (704) 384-2625
       Facsimile:  (704) 384-2909
10     jon.heyl@smithmoorelaw.com

11     Charles LaGrange Coleman, III (SBN
       65496)
12     HOLLAND & KNIGHT LLP
       50 California Street, Suite 2800
13     San Francisco, CA 94111-4624
       Telephone:  (415) 743-6900
14     Facsimile:  (415) 743-6910
       ccoleman@hklaw.com

15
16     *Attorneys for Defendant*
       *the Atlantic Coast Conference*

17
18  By: _____/s/ R. Todd Hunt_____

19     R. Todd Hunt (*pro hac vice*)
       Benjamin G. Chojnacki (*pro hac vice*)
       WALTER  HAVERFIELD LLP
20     The Tower at Erieview
       1301 E. 9th Street, Suite 3500
21     Cleveland, OH 44114-1821
       Telephone:  (216) 928-2935
22     Facsimile:  (216) 916-2372
       rthunt@walterhav.com
23     bchojnacki@walterhav.com

24     *Attorneys for Defendant Mid-American*
       *Conference*

25
26
27
28

By: _____/s/ Benjamin C. Block_____

Benjamin C. Block (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001-4956
Telephone:  (202) 662-5205
Facsimile:  (202) 778-5205
bblock@cov.com

Rebecca A. Jacobs (SBN 294430)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
rjacobs@cov.com

*Attorneys for Defendant*
*American Athletic Conference*

By: _____/s/ Meryl Macklin_____

Meryl Macklin (SBN 115053)
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:  (415) 268-1981
Facsimile:  (415) 430-4381
meryl.macklin@bryancave.com

Richard Young (*pro hac vice*)
Brent Rychener (*pro hac vice*)
BRYAN CAVE LLP
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone:  (719) 473-3800
Facsimile:  (719) 633-1518
richard.young@bryancave.com
brent.rychener@bryancave.com

*Attorneys for Defendant Mountain West*
*Conference*

|    |    |    |    |
|----|----|----|----|
| 1  | By: _____*/s/ Mark A. Cunningham*\_\_\_\_\_ | By: | _____*/s/ David R. Singer*\_\_\_\_\_ |

By: _____*/s/ Mark A. Cunningham*\_\_\_\_\_
  Mark A. Cunningham (*pro hac vice*)
  JONES WALKER LLP
  201 St. Charles Avenue
  New Orleans, LA 70170-5100
  Telephone:  (504) 582-8536
  Facsimile:  (504) 589-8536
  mcunningham@joneswalker.com

  *Attorneys for Defendant*
  *Sun Belt Conference*

By: _____*/s/ Yehudah L. Buchweitz*\_\_\_\_\_
  Christopher J. Cox (Bar No. 151650)
  Email: chris.cox@weil.com
  David R. Singh (Bar No. 300840)
  Email: david.singh@weil.com
  WEIL, GOTSHAL & MANGES LLP
  201 Redwood Shores Parkway
  Redwood Shores, Ca 94065
  Telephone: (650) 802-3000
  Facsimile: (650) 802-3100

  James W. Quinn (pro hac vice)
  Email: james.quinn@weil.com
  Yehudah L. Buchweitz (pro hac vice)
  Email: yehudah.buchweitz@weil.com
  WEIL, GOTSHAL & MANGES LLP 7
  67 Fifth Avenue New York, NY 10153
  Telephone: (212) 310-8000
  Facsimile: (212) 310-8007

  *Attorneys for intervenor CBS*
  *Broadcasting Inc.*

By: _____*/s/ David R. Singer*\_\_\_\_\_
  Richard L. Stone (Cal. Bar No. 110022)
  rstone@jenner.com
  David R. Singer (Cal. Bar No. 204699)
  dsinger@jenner.com
  Jeffrey A. Atteberry (Cal. Bar No. 266728)
  jatteberry@jenner.com
  JENNER & BLOCK LLP
  633 West 5th Street, Suite 3600
  Los Angeles, California 90071
  Telephone: (213) 239-5100
  Facsimile: (213) 239-5199

  *Counsel for intervenors Fox Broadcasting*
  *Company, Fox Cable Networks, Inc., and*
  *Fox International Channels (US), Inc.*

By: _____*/s/ David Kumagai*\_\_\_\_\_
  Evan R. Chesler (admitted to N.D. Cal. on
  September 24, 1982)
  J. Wesley Earnhardt (pro hac vice)
  David Kumagai (pro hac vice)
  CRAVATH, SWAINE & MOORE LLP
  Worldwide Plaza
  825 Eighth Avenue New York, NY 10019-
  7475
  Telephone: (212) 474-1000
  Facsimile: (212) 474-3700
  echesler@cravath.com
  wearnhardt@cravath.com
  dkumagai@cravath.com

  *Attorneys for intervenors ESPN, Inc.,*
  *ESPN Enterprises, Inc., and American*
  *Broadcasting Companies, Inc.*

**SO ORDERED**

Dated: _____September 4, 2018\_\_\_\_\_

The Honorable Claudia Wilken
United States District Court Judge

*IT IS SO ORDERED*
Judge Claudia Wilken

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

_____
/s/ Jennifer L. Jones
JENNIFER L. JONES

# Exhibit F

| | |
|---|---|
| 1 | Steve W. Berman (*pro hac vice*) |
| | Craig R. Spiegel (SBN 122000) |
| 2 | Emilee N. Sisco (*pro hac vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 1918 Eighth Avenue, Suite 3300 |
| | Seattle, WA 98101 |
| 4 | Telephone: (206) 623-7292 |
| | Facsimile: (206) 623-0594 |
| 5 | *steveb@hbsslaw.com* |
| | *craigs@hbsslaw.com* |
| 6 | *emilees@hbsslaw.com* |

Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (SBN 122000)
Emilee N. Sisco (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steveb@hbsslaw.com*
*craigs@hbsslaw.com*
*emilees@hbsslaw.com*

Jeff D. Friedman (SBN 173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
*jefff@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

[Additional counsel listed on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated
Action Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | **Case Nos. 4:14-md-2541-CW (NC)** **4:14-cv-02758-CW (NC)** |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL ACTIONS | |

All parties, by their respective counsel, hereby agree and stipulate to this proposed Fourth Addendum to the "Stipulated Protective Order Regarding Confidentiality of Documents and Materials" (the "Protective Order") (Dkt. 189) entered by the Court on January 15, 2015:

1. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

### ORDER REGARDING PRODUCTION OF BILLING RECORDS

2. On August 21, 2019, the Court held a hearing on the following motions: Plaintiffs' Motion for Attorney Fees, Expenses and Service Awards (Dkt. 1169) ("Plaintiffs' Motion for Fees and Costs"); Joint Statement of Discovery Dispute Regarding Plaintiffs' Motion for Attorney Fees (Dkt. 1184) (the "Discovery Dispute"); Motion for Review of Clerk's Taxation of Costs (Dkt. 1193); and Administrative Motion to Vacate Taxed Costs Order (Dkt. 1194).

3. As to the Discovery Dispute (Dkt. 1184), the Court ordered Plaintiffs to produce the billing records underlying Plaintiffs' Motion for Fees and Costs to enable Defendants to review time entries for tasks, if any, that Defendants contend are non-compensable, and not for any other purpose.[1]

4. The Court did not compel waiver of privilege and ordered the parties to meet and confer regarding a protective order.

### ADDITIONAL CATEGORY OF PROTECTED INFORMATION

5. The Protective Order will recognize a new category of discovery called "Highly Confidential Billing Records – Outside Counsel Only." Any party or non-party may designate as "Highly Confidential Billing Records – Outside Counsel Only" any document, production, filing, or anything else furnished during the course of these actions that includes or concerns information in any party or non-party's billing records (by stating on the first page or in an accompanying letter that it is "Highly Confidential Billing Records – Outside Counsel Only"). Highly Confidential Billing Records – Outside Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

---

[1] The parties reserve all rights with respect to potential disputes related to (1) the scope of challenges Defendants are permitted to make; and (2) the production of expense reports.

1

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1               **PERMISSIBLE DISCLOSURES AND USES OF INFORMATION**

2           6.     Highly Confidential Billing Records – Outside Counsel Only Information (that is

3 designated as such in accordance with the terms of the Protective Order and this Fourth Addendum)

4 shall not be disclosed or used, except to the following persons, and then only to the extent necessary

5 to litigate Plaintiffs' Motion for Fees and Costs:

6               a.     Defendants' outside litigation counsel of record, including lawyers and other

7 members and employees of those law firms assisting with litigation-related tasks in this case;

8               b.     The Court, court personnel and court reporters; and

9               c.     Persons or entities that provide litigation support services (e.g., photocopying;

10 videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in

11 any form or medium; etc.) and their employees and subcontractors, provided that such persons or

12 entities shall execute a copy of the certification annexed to this Addendum as Exhibit A before being

13 shown or given any Highly Confidential Billing Records – Outside Counsel Only Information.

14                   **FILING DOCUMENTS UNDER SEAL**

15           7.     No Highly Confidential Billing Records – Outside Counsel Only Information shall be

16 filed in the public record without either the written permission of Plaintiffs' counsel or a court order

17 denying an Administrative Motion to File Under Seal such Highly Confidential Billing Records –

18 Outside Counsel Only Information, provided that in the event any Administrative Motion to file Under

19 Seal such Highly Confidential Billing Records – Outside Counsel Only Information is denied, the

20 Plaintiffs and the filing party agree to meet and confer within three (3) calendar days to discuss in good

21 faith alternatives to filing the Highly Confidential Billing Records – Outside Counsel Only Information

22 on the public record. Plaintiffs preserve their rights to seek a writ of mandamus from the Ninth Circuit

23 and/or a stay of any order denying an Administrative Motion to File Under Seal. The parties shall

24 otherwise comply with the applicable court rules (*e.g.*, N.D. Cal. Civil L.R. 79-5) regarding filing of

25 documents under seal. Copies of any pleading, brief, or other document containing Highly

26 Confidential Billing Records – Outside Counsel Only Information which is served on opposing counsel

27 shall be stamped "HIGHLY CONFIDENTIAL BILLING RECORDS – OUTSIDE COUNSEL ONLY

28

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1    INFORMATION PURSUANT TO PROTECTIVE ORDER", shall be transmitted via email or cover

2    letter and envelope bearing similar designation, and shall be treated in accordance with the provisions

3    of the Protective Order, as amended.  Defendants agree not to oppose a motion to seal Highly

4    Confidential Billing Records – Outside Counsel Only Information.

5                                          **NO WAIVER**

6                  8.      While Plaintiffs reserve the right to redact billing records and Defendants reserve the

7    right to challenge Plaintiffs' redaction of such records, the production of billing records, regardless of

8    content, shall not be deemed to waive any applicable privilege or work product protection or to affect

9    the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or

10   work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502 and

11   any other applicable law, rule, or legal principal, the inadvertent production of documents or

12   information subject to the attorney-client privilege or work-product immunity shall not waive the

13   privilege or immunity if a request for the return of such documents or information is made promptly

14   after the Disclosing Party learns of its inadvertent production.

15                          **INCORPORATION OF PROTECTIVE ORDER**

16                  9.      Except as set forth herein, for purposes of all Paragraphs of the Protective Order except

17   Paragraph 13, Highly Confidential Billing Records – Outside Counsel Only Information will receive

18   the same treatment under each such Paragraph as Highly Confidential – Counsel Only Information.

19                  10.     Except as set forth herein, any challenges or objections concerning the designation of

20   information as Highly Confidential Billing Records – Outside Counsel Only Information shall be made

21   pursuant to the procedures set forth in Paragraph 14 of the Protective Order.

22                  11.     Except as set forth herein, the Protective Order, including but not limited to all

23   provisions related to the nondisclosure of protected information, and the return or destruction of

24   protected information after the final termination of the litigation, are expressly incorporated into this

25   Fourth Addendum and remain in full force and effect.

26                  IT IS SO STIPULATED.

27

28

1    Dated:  September 13, 2019                    Respectfully submitted,

2    HAGENS BERMAN SOBOL SHAPIRO LLP              WINSTON & STRAWN LLP

3    By    /s/ Steve W. Berman                    By    /s/ Jeffrey L. Kessler
     STEVE W. BERMAN (*pro hac vice*)             JEFFREY L. KESSLER (*pro hac vice*)
4
     Craig R. Spiegel (SBN 122000)                David G. Feher (*pro hac vice*)
5    Emilee N. Sisco (*pro hac vice*)             David L. Greenspan (*pro hac vice*)
     1918 Eighth Avenue, Suite 3300               Joseph A. Litman (*pro hac vice*)
6    Seattle, WA 98101                            200 Park Avenue
     Telephone: (206) 623-7292                    New York, NY 10166-4193
7    Facsimile:  (206) 623-0594                   Telephone: (212) 294-6700
     *steveb@hbsslaw.com*                         Facsimile: (212) 294-4700
8    *craigs@hbsslaw.com*                         *jkessler@winston.com*
     *emilees@hbsslaw.com*                        *dfeher@winston.com*
9                                                 *dgreenspan@winston.com*
     Jeff D. Friedman (SBN 173886)                *jlitman@winston.com*
10   HAGENS BERMAN SOBOL SHAPIRO LLP
     715 Hearst Avenue, Suite 202                 Sean D. Meenan (SBN 260466)
11   Berkeley, CA 94710                           Jeanifer E. Parsigian (SBN 289001)
     Telephone: (510) 725-3000                    WINSTON & STRAWN LLP
12   Facsimile: (510) 725-3001                    101 California Street
     *jefff@hbsslaw.com*                          San Francisco, CA 94111
13                                                Telephone: (415) 591-1000
     PEARSON, SIMON & WARSHAW, LLP                Facsimile: (415) 591-1400
14                                                *smeenan@winston.com*
     By    /s/ Bruce L. Simon                     *jparsigian@winston.com*
15   BRUCE L. SIMON (SBN 96241)
     Benjamin E. Shiftan (SBN 265767)
16   350 Sansome Street, Suite 680                *Class Counsel for Jenkins and Consolidated*
     San Francisco, CA 94104                      *Action Plaintiffs*
17   Telephone:  (415) 433-9000
     Facsimile:   (415) 433-9008
18   *bsimon@pswlaw.com*
     *bshiftan@pswlaw.com*
19
     *Class Counsel for Jenkins and Consolidated*
20   *Action Plaintiffs*

21   By   /s/ Elizabeth C. Pritzker
     Elizabeth C. Pritzker (SBN 146267)
22   Jonathan K. Levine (SBN 220289)
     Bethany L. Caracuzzo (SBN 190687)
23   PRITZKER LEVINE LLP
     180 Grand Avenue, Suite 1390
24   Oakland, California 94612
     Telephone: (415) 692-0772
25   Facsimile: (415) 366-6110

26   *Additional Class Counsel*

27

28
                                            4
     STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
     PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1

2   **WILKINSON WALSH + ESKOVITZ LLP**    **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

3

4   By:      */s/ Beth A. Wilkinson*           By:      */s/ Jeffrey A. Mishkin*
         Beth A. Wilkinson (*pro hac vice*)          Jeffrey A. Mishkin (*pro hac vice*)
         Brant W. Bishop, P.C. (*pro hac vice*)       Karen Hoffman Lent (*pro hac vice*)
5        James Rosenthal (*pro hac vice*)            Four Times Square
         2001 M Street NW, 10th Floor               New York, NY 10036
6        Washington, DC 20036                       Telephone: (212) 735-3000
         Telephone: (202) 847-4000                  Facsimile: (212) 735-2000
7        Facsimile: (202) 847-4005                  jeffrey.mishkin@skadden.com
         bwilkinson@wilkinsonwalsh.com              karen.lent@skadden.com
8        bbishop@wilkinsonwalsh.com
         jrosenthal@wilkinsonwalsh.com              Patrick Hammon (SBN 255047)
9                                                    525 University Avenue, Suite 1100
                                                     Palo Alto, CA 94301
10       Sean Eskovitz (SBN 241877)                  Telephone: (650) 470-4500
         11601 Wilshire Boulevard, Suite 600         Facsimile: (650) 470-4570
11       Los Angeles, CA 90025                       patrick.hammon@skadden.com
         Telephone: (424) 316-4000
12       Facsimile: (202) 847-4005                   Attorneys for Defendants
         seskovitz@wilkinsonwalsh.com               NATIONAL COLLEGIATE ATHLETIC
13                                                   ASSOCIATION and WESTERN
         Attorneys for Defendant                     ATHLETIC CONFERENCE
14       NATIONAL COLLEGIATE ATHLETIC
         ASSOCIATION
15

16   **PROSKAUER ROSE LLP**                     **MAYER BROWN LLP**

17   By:      */s/ Bart H. Williams*           By:      */s/ Britt M. Miller*
         Bart H. Williams (SBN 134009)              Andrew S. Rosenman (SBN 253764)
18       Scott P. Cooper (SBN 96905)                Britt M. Miller (*pro hac vice*)
         Kyle A. Casazza (SBN 254061)               71 South Wacker Drive
19       Jennifer L. Jones (SBN 284624)             Chicago, IL 60606
         Shawn S. Ledingham, Jr. (SBN 275268)       Telephone: (312) 782-0600
                                                     Facsimile: (312) 701-7711
20       2029 Century Park East, Suite 2400          arosenman@mayerbrown.com
         Los Angeles, CA 90067                       bmiller@mayerbrown.com
21       Telephone: (310) 557-2900
         Facsimile: (310) 557-2193                   Richard J. Favretto (*pro hac vice*)
22       scooper@proskauer.com                       1999 K Street, N.W.
         bwilliams@proskauer.com                     Washington, DC 20006
23       kcasazza@proskauer.com                      Telephone: (202) 263-3000
         jljones@proskauer.com                       Facsimile: (202) 263-3300
24       sledingham@proskauer.com                    rfavretto@mayerbrown.com
         jcrawley@proskauer.com
25                                                   Attorneys for Defendant
         Attorneys for Defendant                     THE BIG TEN CONFERENCE, INC.
26       PAC-12 CONFERENCE

27

28

**POLSINELLI PC**

By:     /s/ Leane K. Capps
        Leane K. Capps (*pro hac vice*)
        Caitlin J. Morgan (*pro hac vice*)
        2950 N. Harwood Street
        Suite 2100
        Dallas, TX 75201
        Telephone:  (214) 397-0030
        lcapps@polsinelli.com
        cmorgan@polsinelli.com

        Amy D. Fitts (*pro hac vice*)
        120 W. 12th Street
        Kansas City, MO 64105
        Telephone: (816) 218-1255
        afitts@polsinelli.com
        mwinter@polsinelli.com

        Wesley D. Hurst (SBN 127564)
        2049 Century Park East, Suite 2300
        Los Angeles, CA 90067
        Telephone:  (310) 556-1801
        whurst@polsinelli.com

        Attorneys for Defendants
        THE BIG 12 CONFERENCE, INC. and
        CONFERENCE USA, INC.

**ROBINSON BRADSHAW & HINSON**

By:     /s/ Robert W. Fuller
        Robert W. Fuller, III (*pro hac vice*)
        Nathan C. Chase Jr. (SBN 247526)
        Lawrence C. Moore, III (*pro hac vice*)
        Pearlynn G. Houck (*pro hac vice*)
        Amanda R. Pickens (*pro hac vice*)
        101 N. Tryon St., Suite 1900
        Charlotte, NC 28246
        Telephone:  (704) 377-2536
        Facsimile:  (704) 378-4000
        rfuller@rbh.com
        nchase@rbh.com
        lmoore@rbh.com
        phouck@rbh.com
        apickens@rbh.com

        Mark J. Seifert (SBN 217054)
        Seifert Law Firm
        425 Market Street, Suite 2200
        San Francisco, CA 94105
        Telephone:  (415) 999-0901
        Facsimile:  (415) 901-1123
        mseifert@seifertfirm.com

        Attorneys for Defendant
        SOUTHEASTERN CONFERENCE

| 1 | **FOX ROTHSCHILD LLP** | **COVINGTON & BURLING LLP** |
|---|---|---|

2   By:   _____ */s/ D. Erik Albright*              By:   _____ */s/ Benjamin C. Block*

D. Erik Albright (*pro hac vice*)

Benjamin C. Block (*pro hac vice*)

Gregory G. Holland (*pro hac vice*)

One CityCenter

300 N. Greene Street, Suite 1400

850 Tenth Street, N.W.

Greensboro, NC 27401

Washington, DC 20001-4956

Telephone:  (336) 378-5200

Telephone:  (202) 662-5205

Facsimile:  (336) 378-5400

Facsimile:  (202) 778-5205

ealbright@foxrothschild.com

bblock@cov.com

gholland@foxrothschild.com

Rebecca A. Jacobs (SBN 294430)

Jonathan P. Heyl (*pro hac vice*)

One Front Street

101 N. Tryon Street, Suite 1300

San Francisco, CA 94111-5356

Charlotte, NC 28246

Telephone:  (415) 591-6000

Telephone:  (704) 384-2600

Facsimile:  (415) 591-6091

Facsimile:  (704) 384-2800

rjacobs@cov.com

jheyl@foxrothschild.com

*Attorneys for Defendant*

Charles LaGrange Coleman, III (SBN 65496)

AMERICAN ATHLETIC CONFERENCE

HOLLAND & KNIGHT LLP

50 California Street, Suite 2800

San Francisco, CA 94111-4624

Telephone:  (415) 743-6970

Facsimile:  (415) 743-6910

ccoleman@hklaw.com

*Attorneys for Defendant*
THE ATLANTIC COAST CONFERENCE

7

1

2

**WALTER HAVERFIELD LLP**

By: _____/s/ R. Todd Hunt_____
R. Todd Hunt (*pro hac vice*)
Benjamin G. Chojnacki (*pro hac vice*)
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, OH 44114-1821
Telephone: (216) 928-2935
Facsimile: (216) 916-2372
rthunt@walterhav.com
bchojnacki@walterhav.com

Attorneys for Defendant
MID-AMERICAN CONFERENCE

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _____/s/ Meryl Macklin_____
Meryl Macklin (SBN 115053)
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-1981
Facsimile: (415) 430-4381
meryl.macklin@bryancave.com

Richard Young (*pro hac vice*)
Brent Rychener (*pro hac vice*)
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518
richard.young@bryancave.com
brent.rychener@bryancave.com

Attorneys for Defendant
MOUNTAIN WEST CONFERENCE

**JONES WALKER LLP**

By: _____/s/ Mark A. Cunningham_____
Mark A. Cunningham (*pro hac vice*)
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

Attorneys for Defendant
SUN BELT CONFERENCE

8

1    **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2          Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the

3    filing of this document has been obtained from the signatories above.

4

5                                   */s/ Jeffrey L. Kessler*
                                   Jeffrey L. Kessler
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING FOURTH ADDENDUM TO STIPULATED
PROTECTIVE ORDER - CASE NOS. 4:14-MD-02541-CW (NC) / CASE NO. 4:14-CV-02758-CW (NC)

1

**[PROPOSED] ORDER**

2

**PURSUANT TO THE FOREGOING STIPULATION OF THE PARTIES,**

3

4

**IT IS SO ORDERED.**

5

Dated: _____

6

_____

7

The Honorable Claudia Wilken
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1
2
3
4
5
6
7
8                              **UNITED STATES DISTRICT COURT**
9                          **NORTHERN DISTRICT OF CALIFORNIA**
10
11   In re:                                           Case No. 14-md-02541 CW (NC)
                                                      Case No. 14-cv-02758 CW (NC)
12   NATIONAL COLLEGIATE ATHLETIC
     ASSOCIATION ATHLETIC GRANT-IN-                   **ORDER GRANTING STIPULATION**
13   AID CAP ANTITRUST LITIGATION                     **ON FOURTH ADDENDUM TO**
                                                      **PROTECTIVE ORDER**
14
                                                      Dkt. No. 1237
15
16
17
18
19           For good cause shown, the Court GRANTS ECF 1237, the stipulation regarding the
20   fourth addendum to the protective order.  For purposes of clarity, this order does not modify
21   the standards or procedural requirements for filing materials under seal under N.D. Cal.
22   Civil Local Rule 79-5.  The parties must comply with Local Rule 79-5 if they seek to file
23   materials under seal.
24           IT IS SO ORDERED.
25           Date: September 13, 2019
26                                                   _____
                                                     Nathanael M. Cousins
27                                                   United States Magistrate Judge
28

Case No. 14-md-02541 CW (NC)

Exhibit G

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

15

| | |
|---|---|
| GRANT HOUSE, et al., | Case No. 4:20-cv-03919 CW |
| Plaintiffs, | |
| v. | **STIPULATION AND [PROPOSED]** |
| | **PROTECTIVE ORDER** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |
| TYMIR OLIVER, on behalf of himself and all others similarly situated, | Case No. 4:20-cv-04527 CW |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

13520200

1    At the case management conference in the above-captioned actions held on November 18,

2    2020, the Court directed that all documents produced in the actions captioned *In re NCAA Athletic*

3    *Grant-in-Aid Cap Antitrust Litigation* (Case Nos. 4:14-md-2541-CW and 4:14-cv-2758-CW)

4    (herein "*Alston*") would be deemed to have been produced in discovery in these actions. The *Alston*

5    documents deemed to have been produced in discovery in these actions include documents

6    produced in *In re Student-Athlete Name and Likeness Licensing Litigation* (Case Nos. C 09-1967-

7    CW and C 09-3329-CW) (herein "*O'Bannon*").

8    Certain of the *Alston* documents produced in discovery were subject to multiple protective

9    orders entered in the *Alston* action, as follows:

10    1.    Protective Order entered on January 1, 2015 [14-md-2541; Dkt. 189] (including

11    provisions concerning designation of documents as Confidential or as Highly

12    Confidential/Attorney Only Information), attached herewith as Exhibit A;

13    2.    Addendum to Protective Order entered on July 9, 2015 [14-md-2541; Dkt. 234]

14    (including provisions concerning designation of documents as Highly Confidential NCAA

15    Member Financial Data), attached herewith as Exhibit B;

16    3.    Second Addendum to Protective Order entered on October 12, 2016 [14-md-2541;

17    Dkt. 512] (including provisions concerning designation of documents as Conference Strictly

18    Confidential and Network Strictly Confidential Information – Outside Counsel Only), attached

19    herewith as Exhibit C;

20    4.    Third Addendum to Protective Order entered on November 11, 2016 [14-md-2541;

21    Dkt. 539 & 540] (including additional provisions concerning designation of documents as

22    Network Strictly Confidential Information – Outside Counsel Only), attached herewith as

23    Exhibit D;

24    5.    Stipulation Regarding Second Addendum to Protective Order entered on

25    September 4, 2018 [14-md-2541; Dkt. 1027] (concerning disclosures at trial of certain

26    confidential information), attached herewith as Exhibit E; and

27    6.    Fourth Addendum to Protective Order entered on September 15, 2019 [14-md-

28    2541; Dkt. 1237 & 1238] (concerning certain billing records), attached herewith as Exhibit F.

1    These protective orders (collectively the "*Alston* Protective Orders"), with the modifications

2    reflected below, remain in effect with respect to the *Alston* documents deemed to have been

3    produced in these actions. Additional documents not produced in *Alston* may also be produced in

4    these actions pursuant to the provisions of the applicable *Alston* Protective Orders with the

5    exception of documents that may be eligible for the designations Conference Strictly Confidential

6    – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel

7    Only. In the event that documents or information that could be designated Conference Strictly

8    Confidential – Outside Litigation Counsel Only and/or Network Strictly Confidential – Outside

9    Litigation Counsel Only under the *Alston* Protective Orders is to be produced in this litigation in

10   the future, the parties will negotiate appropriate protections for those documents in a separate

11   stipulation or submit any disagreements to the Court for resolution. The parties will negotiate in

12   good faith to reach agreement on appropriate protections for any Conference Strictly Confidential

13   – Outside Litigation Counsel Only and/or Network Strictly Confidential – Outside Litigation

14   Counsel Only documents to be produced in this litigation and by February 1, 2021 either submit a

15   separate stipulation to the Court, or, if agreement cannot be reached, submit any disagreements for

16   resolution by the Court.

17        NOW, THEREFORE, through counsel, the parties to this action stipulate and move the

18   Court to order that:

19        1.    Each of the *Alston* Protective Orders is deemed to have been and is hereby entered

20   in these actions with the following modifications and exceptions.

21        2.    To the extent the *Alston* Protective Orders reference or name specific counsel of

22   record in that case, they are hereby amended to reference and apply to counsel in parallel positions

23   in these actions.

24        3.    Paragraph 11 of Exhibit C is hereby deleted in its entirety and replaced with the

25   following:  No disclosure of Conference Strictly Confidential – Outside Litigation Counsel Only

26   Information or Network Strictly Confidential – Outside Litigation Counsel Only Information to a

27   consultant or expert witness or their necessary support personnel shall occur until that person has

28   accurately completed and signed the certification annexed to this Second Addendum as Exhibit A,

-3-

and, in the case of Network Strictly Confidential – Outside Litigation Counsel Only Information, a signed copy has been provided to the applicable Network(s) referenced in the document; and to the extent there has been an objection under Paragraph 13 with respect to Network Strictly Confidential – Outside Litigation Counsel Only Information, that objection is resolved as discussed below. A separate certification annexed to this Second Addendum as Exhibit A shall not be required for staff members working under the supervision of an individual signing the certification annexed hereto as Exhibit A. An individual signing the certification annexed to this Second Addendum as Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Second Addendum. Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any Network(s) pursuant to this stipulation. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any Network(s), that party's counsel shall inform the party who retained the consultant or expert witness of the disclosure.

4.      Paragraphs 12-15 of Exhibit C are amended as follows: any reference to "Disclosing Party" is replaced with "applicable Network(s) referenced in the document" and any reference to "parties" or "the party" includes, where applicable, the Network(s) referenced in the document(s) at issue.

5.      The modifications to Exhibit C reflected in paragraphs 3 and 4 above shall be incorporated into Exhibit D only to the extent Exhibit D sets forth the rights and obligations with respect to the NCAA, including documents for which the NCAA was the "Disclosing Party," and their media networks.  These modifications reflected in paragraphs 3 and 4 above shall not be incorporated into Exhibit D to the extent Exhibit D sets forth the rights and obligations with respect to the Six Conferences, as defined in Exhibit D and who are not defendants in these actions, including documents for which any of the Six Conferences were the "Disclosing Party," and their media networks.

-4-

6.      Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any of the "Six Conferences" or "media networks" pursuant to Exhibit D. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any of the Six Conferences or media networks, that party's counsel shall notify the party who retained the consultant or expert witness of the disclosure.

7.      Exhibits C, D and E will not apply to documents produced in these cases that were not previously produced in *Alston*. To the extent documents and information that were not produced in *Alston* will be produced in these cases and would be eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders, the parties will negotiate appropriate protections for those documents and by February 1, 2021 either submit a separate stipulation to the Court, or, if agreement cannot be reached, submit any disagreements for resolution by the Court.

8.      If and to the extent any of the certifications annexed to the *Alston* Protective Orders are provided in accordance with this Order, the party(ies) obtaining the certification will first update the certification to reflect the case name(s) and docket number(s) of these cases. Any failure to do so, however, shall not result in the document(s) and/or information losing their protection in these cases pursuant to this Stipulation.

9.      If and to the extent that documents were publicly filed as trial exhibits without being placed under seal in *Alston* and have thus become publicly available, such documents shall not be governed by the *Alston* Protective Orders.

10.     By entering into this Stipulation, no party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (a) discoverable or admissible in evidence, (b) properly deemed to be confidential and/or subject to enhanced confidentiality treatment pursuant to the provisions of any of the *Alston* Protective Orders, or (c) properly redacted, in light of the issues in this action.

1    Dated:  December 21, 2020                      Respectfully submitted,

2

3    **WILKINSON STEKLOFF LLP**                     **HAGENS BERMAN SOBOL SHAPIRO**
                                                      **LLP**

4    By:_____/s/ Beth A. Wilkinson
                                                      By:  _____/s/ Steve W. Berman_____
     Beth A. Wilkinson (*pro hac vice*)
5    Rakesh N. Kilaru (*pro hac vice*)               Steve W. Berman (*pro hac vice*)
     Tamarra Matthews Johnson (*pro hac vice*)       Emilee N. Sisco (*pro hac vice*)
6    Kieran Gostin (*pro hac vice*)                  1301 Second Avenue, Suite 2000
     Calanthe Cope-Kasten (*pro hac vice*)           Seattle, WA 98101
7    2001 M Street NW, 10th Floor                    Telephone:  (206) 623-7292
     Washington, DC 20036                            Facsimile:  (206) 623-0594
8    Telephone:  (202) 847-4000                      steve@hbsslaw.com
     Facsimile:  (202) 847-4005                      emilees@hbsslaw.com
9    bwilkinson@wilkinsonstekloff.com
     rkilaru@wilkinsonstekloff.com                   Benjamin J. Siegel (SBN 256260)
10   tmatthewsjohnson@wilkinsonstekloff.com          715 Hearst Avenue, Suite 202
     kgostin@wilkinsonstekloff.com                   Berkeley, CA 94710
11   ccope-kasten@wilkinsonstekloff.com              Telephone:  (510) 725-3000
                                                      Facsimile:  (510) 725-3001
12   Rahul Hari (SBN 313528)                         bens@hbsslaw.com
     11601 Wilshire Blvd., Suite 600
13   Los Angeles, CA 90025                           Attorneys for Plaintiffs and the Proposed
     Telephone:  (424) 291-9655                      Classes
14   Facsimile:  (202) 847-4005
     rhari@wilkinsonstekloff.com
15
     Attorneys for Defendant
16   NATIONAL COLLEGIATE ATHLETIC
     ASSOCIATION
17

18

19

20

21

22

23

24

25

26

27

28

-6-

1

**PROSKAUER ROSE LLP**

**MAYER BROWN LLP**

2

By: _____ /s/ Scott P. Cooper

By: _____ /s/ Britt M. Miller

3

Scott P. Cooper (SBN 96905)
Bart H. Williams (SBN 134009)

Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)

4

Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)

71 South Wacker Drive
Chicago, IL 60606

5

Jennifer L. Jones (SBN 284624)
Kelly M. Curtis (SBN 313581)

Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711

6

2029 Century Park East, Suite 2400
Los Angeles, CA 90067

bmiller@mayerbrown.com
mprovance@mayerbrown.com

7

Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

8

scooper@proskauer.com
bwilliams@proskauer.com

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300

9

kcasazza@proskauer.com
sledingham@proskauer.com

3000 El Camino Real
Palo Alto, CA 94306

10

jljones@proskauer.com
kcurtis@proskauer.com

Telephone: (650) 331-2000
Facsimile: (650) 331-2060

11

cjkelly@mayerbrown.com

12

Attorneys for Defendant
PAC-12 CONFERENCE

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

13

**POLSINELLI PC**

**ROBINSON BRADSHAW & HINSON,
P.A.**

14

By: _____ /s/ Leane K. Capps

15

By: _____ /s/Robert W. Fuller

16

Leane K. Capps (*pro hac vice*)
Caitlin J. Morgan (*pro hac vice*)

Robert W. Fuller, III (*pro hac vice*)
Lawrence C. Moore, III (*pro hac vice*)

17

D. Rockwell Bower (*pro hac vice*)
2950 N. Harwood Street
Suite 2100

Pearlynn G. Houck (*pro hac vice*)
Amanda P. Nitto (*pro hac vice*)

18

Dallas, TX 75201
Telephone:  (214) 397-0030

101 N. Tryon St., Suite 1900
Charlotte, NC 28246

19

lcapps@polsinelli.com
cmorgan@polsinelli.com

Telephone: (704) 377-2536
Facsimile: (704) 378-4000

20

rbower@polsinelli.com

rfuller@robinsonbradshaw.com
lmoore@robinsonbradshaw.com

21

Amy D. Fitts (*pro hac vice*)
120 W. 12th Street

phouck@robinsonbradshaw.com
apickens@robinsonbradshaw.com

22

Kansas City, MO 64105
Telephone: (816) 218-1255

23

afitts@polsinelli.com

Mark J. Seifert (SBN 217054)
Seifert Law Firm

24

Wesley D. Hurst (SBN 127564)
2049 Century Park East, Suite 2300

50 California Street, Suite 1500
San Francisco, CA 94111

25

Los Angeles, CA 90067
Telephone:  (310) 556-1801

Telephone: (415) 999-0901
Facsimile: (415) 901-1123

26

whurst@polsinelli.com

mseifert@seifertfirm.com

27

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

Attorneys for Defendant
SOUTHEASTERN CONFERENCE

28

Stipulation and [Proposed] Protective Order

1  **FOX ROTHSCHILD LLP**

2

   By:  _____ /s/ D. Erik Albright
3

4  D. Erik Albright (*pro hac vice*)
   Gregory G. Holland (*pro hac vice*)
   230 North Elm Street, Suite 1200
5  Greensboro, NC 27401
   Telephone:  (336) 378-5368
6  Facsimile:  (336) 378-5400
   ealbright@foxrothschild.com
7  gholland@foxrothschild.com

8  Jonathan P. Heyl (*pro hac vice*)
   101 N. Tryon Street, Suite 1300
9  Charlotte, NC 28246
   Telephone:  (704) 384-2625
10 Facsimile:  (704) 384-2800
   jheyl@foxrothschild.com

11
   Alexander Hernaez (SBN 201441)
12 345 California Street, Suite 2200
   San Francisco, CA 94104-2670
13 Telephone:  (415) 364-5540
   Facsimile:  (415) 391-4436
14 ahernaez@foxrothschild.com

15 Attorneys for Defendant
   THE ATLANTIC COAST
16 CONFERENCE

17
   **PURSUANT TO STIPULATION, IT IS SO ORDERED,**
18

19 DATED:  December 22 , 2020

20

21

22 _____
   The Hon. Claudia Wilken
23 UNITED STATES DISTRICT JUDGE

24

25

26

27

28

Case Nos. 4:20-cv-03919 CW, 4:20-cv-04527 CW          Stipulation and [Proposed] Protective Order
13520200

# Exhibit H

1    [Counsel listed on signature page]

2

3

4

5

6

7

8

9

10

11

12
                    **UNITED STATES DISTRICT COURT**
13                  **NORTHERN DISTRICT OF CALIFORNIA**
                         **OAKLAND DIVISION**
14

15
     GRANT HOUSE, et al.,                    Case No. 4:20-cv-03919-CW
16                                           Case No. 4:20-cv-04527-CW
                    Plaintiffs,
17
            v.                               **STIPULATION AND ~~[PROPOSED]~~
18                                           ORDER SUPPLEMENTING AND
     NATIONAL COLLEGIATE ATHLETIC            AMENDING PROTECTIVE ORDER
19   ASSOCIATION, et al.,                    REGARDING CONFERENCE AND
                                             NETWORK STRICTLY CONFIDENTIAL
20                  Defendants.              DOCUMENTS**

21
     TYMIR OLIVER, on behalf of himself and
22   all others similarly situated,

23                               Plaintiffs,
     v.
24
     NATIONAL COLLEGIATE
25   ATHLETIC ASSOCIATION, et al.,

26                  Defendants.

27

28

                                  -1-

On December 22, 2020, this Court entered a Stipulation and Protective Order (the "Protective Order") in *House v. National Collegiate Athletic Ass'n et. al,* and *Oliver v. National Collegiate Athletic Ass'n, et. al,* (Docket No. 137 in Case No. 4:20-cv-3919 and Docket No. 104 in Case No. 4:20-cv-4527). The Protective Order provides in part that:

> Additional documents not produced in *Alston* may also be produced in these actions pursuant to the provisions of the applicable *Alston* Protective Orders with the exception of documents that may be eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only. In the event that documents or information that could be designated Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders is to be produced in this litigation in the future, the parties will negotiate appropriate protections for those documents in a separate stipulation or submit any disagreements to the Court for resolution.

This Stipulation and [Proposed] Order Supplementing and Amending Protective Order Regarding Conference and Network Strictly Confidential Documents (the "First Supplemental Stipulation") reflects the agreement of the parties regarding the treatment of Conference Strictly Confidential – Outside Litigation Counsel Only and Network Strictly Confidential – Outside Litigation Counsel Only documents, as contemplated by the above-quoted language from the Protective Order. Further, this First Supplemental Stipulation (at ¶¶ 11-17 below) amends in part the Protective Order memorializing the agreement of the parties regarding the treatment of Conference Strictly Confidential – Outside Litigation Counsel Only and Network Strictly Confidential – Outside Litigation Counsel Only documents that were produced in *Alston* and have been deemed produced in these actions.

The Defendants hereby represent to the Court that they have conferred with ESPN, Inc., ESPN Enterprises, Inc., ESPN Productions, Inc., American Broadcast Companies, Inc. ("ESPN/ABC"), Fox Broadcasting Company, LLC, Fox Sports 1, LLC, Big Ten Network, LLC ("Fox Networks"),[1] CBS Broadcasting, Inc. and CSTV Networks, Inc. d/b/a CBS Sports Network

---

[1] As the result of a 2019 transaction and reorganization, the Fox Entities defined above became the successors-in-interest to, and stand in the shoes of, Fox Broadcasting Company, Fox Cable Networks, Inc., Fox International

("CBS"), Turner Broadcasting System, Inc, and NBCUniversal Media, LLC (the "Networks"), which includes certain Network Intervenors in *Alston*, and the Networks have been informed of and have raised no objection to the terms of this First Supplemental Stipulation, with express reservation of their right to make appropriate redactions to media agreements that will be newly produced in these actions, consistent with the applicable provisions in this First Supplemental Stipulation, and to submit any disagreements concerning redactions to the Court for resolution, consistent with the procedure set forth in paragraph 18.

NOW, THEREFORE, through counsel, the parties to these actions stipulate and move the Court to order that:

1.     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Protective Order.

2.     Except as further set forth in Paragraphs 11-17 below, this First Supplemental Stipulation applies to documents that (i) were not produced in *Alston*, (ii) may be produced in these actions, and (iii) if they had been in existence and produced in *Alston*, would have been eligible for the designations Conference Strictly Confidential – Outside Litigation Counsel Only or Network Strictly Confidential – Outside Litigation Counsel Only under the *Alston* Protective Orders. This First Supplemental Stipulation shall govern production and treatment of such documents, which shall be referred to herein and may be designated by the parties as "House CSC[2] – Outside Litigation Counsel Only" or "House NSC[3] – Outside Litigation Counsel Only" to distinguish such documents from the documents previously produced in *Alston* and designated "Conference Strictly Confidential – Outside Litigation Counsel Only" or "Network Strictly Confidential – Outside Litigation Counsel Only."

---

Channels, Fox Sports Net, Inc., and Big Ten Network, LLC, the entities that are named in the pertinent agreements and that were subject to the *Alston* Protective Order.

[2] "CSC" as used herein and in any document designation pursuant to this First Supplemental Stipulation is an abbreviation for Conference Strictly Confidential.

[3] "NSC" as used herein and in any document designation pursuant to this First Supplemental Stipulation is an abbreviation for Network Strictly Confidential.

Stipulation and [Proposed] Order ("First Supplemental Stipulation")

**DESIGNATION OF DOCUMENTS AS
HOUSE CSC – OUTSIDE LITIGATION COUNSEL ONLY**

3.     Any party or non-party may designate as House CSC – Outside Litigation Counsel Only (by stamping the relevant page or portion "House CSC – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns financial information, contractual terms, or other sensitive business information of a Conference Defendant in these actions (including summaries or analyses of such information that may identify the nature of such terms), that the Disclosing Party or their contractual counterparty considers in good faith to contain information, the disclosure of which to in-house counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or to a party or non-party to which such designating party has a confidentiality obligation ("House CSC – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which House CSC – Outside Litigation Counsel Only Information appears shall be so designated. House CSC – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 4 below.

4.     House CSC – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this First Supplemental Stipulation) shall not be disclosed, except to the following persons, and then only to the extent necessary to litigate these actions:

a.     Outside litigation counsel of record for Plaintiffs in this litigation, including those law firms' paralegals, assistants, and other employed staff;

b.     Outside litigation counsel of record for Defendants in this litigation, including those law firms' paralegals, assistants, and other employed staff;

c.     Consultants or expert witnesses retained for the prosecution or defense of these actions, as well as members of said consultants' or expert witnesses' staffs assisting

them in connection with these actions, provided that prior to being shown or given any House CSC – Outside Litigation Counsel Only Information, each such person shall execute a copy of the certification annexed as Exhibit A to Exhibit C to the Protective Order, as modified in the Protective Order (herein the "Certification");

d.      The original author, addressees, or recipients of the House CSC – Outside Litigation Counsel Only Information;

e.      The Court, court personnel and court reporters;

f.      Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing, organizing, storing, retrieving data or other information in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the Certification before being shown or given any House CSC – Outside Litigation Counsel Only Information; and

g.      Witnesses (other than persons described in Paragraph 4(c) above) who testify at deposition or at trial, provided that (1) the Receiving Party has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the House CSC – Outside Litigation Counsel Only Information; and (2) such witnesses shall execute a copy of the Certification before being shown or given any House CSC – Outside Litigation Counsel Only Information.

### DESIGNATION OF DOCUMENTS AS
### HOUSE NSC – OUTSIDE LITIGATION COUNSEL ONLY

5.      Any party or non-party may designate as House NSC – Outside Litigation Counsel Only (by stamping the relevant page or portion "House NSC – Outside Litigation Counsel Only") any document, response to discovery, deposition transcript, or anything else furnished during the course of these actions that includes or concerns a term of any current, expired, or future media, network, or broadcasting contract, agreement, arrangement, or understanding (including summaries or analyses of such information that may identify the nature of such terms, all herein referred to as "Media Agreement Document(s)"), that the designating party or its contractual counterparty considers in good faith to contain information, the disclosure of which to in-house

counsel or specific individual outside counsel of another party or non-party would create a substantial risk of serious competitive, business, or financial harm to such designating party or its contractual counterparty ("House NSC – Outside Litigation Counsel Only Information"). Where a document, response to discovery, deposition transcript, or anything else furnished during the course of these actions consists of more than one page, each page on which House NSC – Outside Litigation Counsel Only Information appears shall be so designated. House NSC – Outside Litigation Counsel Only Information may be disclosed only to those persons set forth in Paragraph 6 below.

6.    House NSC – Outside Litigation Counsel Only Information (that is designated as such in accordance with the terms of the Protective Order and this First Supplemental Stipulation) shall not be disclosed, except to the following persons, and then only during the course and scope of and to the extent necessary to litigate these actions:

a.    Outside litigation counsel of record for Plaintiffs and for Defendants, including lawyers and other members and employees of those law firms assisting with litigation-related tasks in this case ("Authorized Outside Litigation Counsel"), provided that any individual attorney who reviews House NSC – Outside Litigation Counsel Only Information to which such attorney did not have access prior to production of such Information in these actions may not negotiate on or before March 31, 2024 any media, network, or broadcasting contract, agreement, arrangement, or understanding with a Network without prior permission from such Network, except that nothing in this First Supplemental Stipulation shall be construed to require a Network's permission (1) if permission has previously been granted as contemplated and provided for in paragraph 7(a) of Exhibit C to the Protective Order, or (2) for any individual attorney to negotiate any agreements, arrangements, or understandings pertaining to discovery, motion practice, or other litigation-related matters in this lawsuit pertaining to House NSC – Outside Litigation Counsel Only Information of a Network.

i.    Defendants' law firms acting as outside litigation counsel of record in these actions shall erect and maintain ethical walls to limit access to House NSC

1    – Outside Litigation Counsel Only Information to Authorized Outside Litigation

2    Counsel.

3         ii.     Absent a good faith basis for belief that any attorney other than

4    Authorized Outside Litigation Counsel has reviewed House NSC – Outside

5    Litigation Counsel Only Information, no Network will assert the provisions of this

6    First Supplemental Stipulation as a basis to bar such attorney from engaging in

7    future negotiations of any media, network, or broadcasting contract, agreement,

8    arrangement, or understanding with such Network. In the event a Network asserts

9    the provisions of this sub-paragraph as a basis to bar an attorney from engaging in

10   negotiations of any media, network, or broadcasting contract, agreement,

11   arrangement, or understanding with such Network, that Network will withdraw its

12   invocation of this sub-paragraph upon the subject attorney proffering an affidavit

13   or declaration, subject to penalty of perjury, that he/she has not reviewed any House

14   NSC – Outside Litigation Counsel Only Information that he/she did not have access

15   to prior to production.

16        iii.     No Network shall assert that the provisions of this First

17   Supplemental Stipulation are a basis to bar an entire law firm from engaging in

18   future negotiations of any media, network, or broadcasting contract, agreement,

19   arrangement, or understanding with such Network on the basis that the firm acted

20   as outside litigation counsel of record in these actions;

21        b.     Consultants or expert witnesses retained for the prosecution or defense of

22   these actions, as well as members of said consultants' or expert witnesses' staffs assisting

23   them in connection with these actions, subject to the provisions of Paragraphs 11-17 herein,

24   and who have executed a copy of the Certification before being shown or given any House

25   NSC – Outside Litigation Counsel Only Information;

26        c.     The original authors or recipients of the House NSC – Outside Litigation

27   Counsel Only Information and in circumstances where the Network Strictly Confidential

28   – Outside Counsel Only Information is an executed agreement, the parties to the agreement

Stipulation and [Proposed] Order ("First Supplemental
Stipulation")

1   and their respective employees and attorneys with access to such agreement in the ordinary

2   course of business;

3          d.      The Court, court personnel and court reporters; and

4          e.      Persons or entities that provide litigation support services (e.g.,

5   photocopying; videotaping; translating; preparing exhibits or demonstrations; reviewing,

6   organizing, storing, retrieving data or other information in any form or medium; etc.) and

7   their employees and subcontractors, provided that such persons or entities shall execute a

8   copy of the Certification before being shown or given any House NSC – Outside Litigation

9   Counsel Only Information.

10         7.      Any Media Agreement Document that is produced or to be produced with the

11  designation House NSC – Outside Litigation Counsel Only may be redacted. If an agreement

12  cannot be reached concerning redactions, counsel for the producing party or non-party, the

13  Network(s) that are parties to the Media Agreement Document, and Authorized Outside Litigation

14  Counsel for Plaintiff may present their dispute to the Court for resolution as set forth in paragraph

15  18, furnishing in camera an unredacted copy of the Media Agreement Document, identifying the

16  provisions that are in dispute.

17         8.      If any document, response to discovery, deposition transcript, or anything else

18  furnished during the course of these actions is designated as House CSC – Outside Litigation

19  Counsel Only and then later designated (or is discovered to have been previously designated) as

20  House NSC – Outside Litigation Counsel Only, it shall be treated and regarded as House NSC –

21  Outside Litigation Counsel Only for all purposes.

22                          **FILING DOCUMENTS UNDER SEAL**

23         9.      No House NSC – Outside Litigation Counsel Only Information shall be filed in the

24  public record without either the written permission of each Network discussed or referenced

25  therein, or a court order denying an Administrative Motion to File Under Seal such House NSC –

26  Outside Litigation Counsel Only Information, provided that in the event any Administrative

27  Motion to File Under Seal such House NSC – Outside Litigation Counsel Only Information is

28  denied, the Network and the filing party agree to meet and confer within three (3) calendar days

to discuss in good faith alternatives to filing the House NSC – Outside Litigation Counsel Only Information on the public record. The Networks preserve their rights to seek a writ of mandamus from the Ninth Circuit and/or a stay of any order denying an Administrative Motion to File Under Seal. No party may file such House NSC – Outside Litigation Counsel Only Information until seven (7) calendar days after the denial of any Administrative Motion to File Under Seal. At least five (5) business days in advance of the date or deadline on which any party or non-party seeks to file an Administrative Motion to File Under Seal regarding any House NSC – Outside Litigation Counsel Only Information, the filing entity shall provide written notice to each Network discussed or referenced therein, as well as one (1) redacted copy of the document to be filed and one (1) unredacted copy of the Information so designated as produced during discovery in these actions, excluding any Information to which such Network is not privy. However, if multiple Networks are discussed or referenced in the same Media Agreement Document, no unredacted copies shall be provided to the Networks unless each of the applicable Networks discussed or referenced individually consent. The parties shall otherwise comply with the applicable court rules (e.g., N.D. Cal. Civil L.R. 79-5) regarding filing of documents under seal. Copies of any pleading, brief, or other document containing House NSC – Outside Litigation Counsel Only Information which is served on opposing counsel shall be stamped "HOUSE NSC – OUTSIDE LITIGATION COUNSEL ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER," shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of the Protective Order, as amended.

## INCORPORATION OF PROTECTIVE ORDER

10.     Except as set forth or modified herein, for purposes of all Paragraphs of Exhibit A to the Protective Order except Paragraph 13 of such Exhibit A, both House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information will receive the same treatment under each such paragraph as Highly Confidential – Counsel Only Information. Except as set forth herein, any challenges or objections concerning the designation of information as House CSC – Outside Litigation Counsel Only Information or House

NSC – Outside Litigation Counsel Only Information shall be made pursuant to Paragraph 14 of Exhibit A to the Protective Order.

### DISCLOSURE OF CSC AND NSC INFORMATION TO CONSULTANTS AND EXPERTS RETAINED FOR PURPOSES OF THESE MATTERS

11.     The following provisions shall apply for purposes of these actions to (1) Conference Strictly Confidential – Outside Litigation Counsel Only Information ("*Alston* CSC Information") and Network Strictly Confidential – Outside Litigation Counsel Only Information ("*Alston* NSC Information") produced in *Alston* by the Defendants in these actions; and (2) House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information newly produced in these actions.  To the extent the terms reflected in the Protective Order are inconsistent with the terms set forth below, the below provisions shall control.  For the avoidance of doubt, the below provisions shall not apply to documents produced in *Alston* by the Six Conferences who are not defendants in these actions.

12.     *Alston* CSC Information, *Alston* NSC Information, House CSC – Outside Litigation Counsel Only Information and House NSC – Outside Litigation Counsel Only Information may be furnished and disclosed to the Receiving Party's consultants and expert witnesses and their necessary support personnel only as is reasonably necessary for maintaining, defending or evaluating these actions. The terms "consultants" and "expert witnesses" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and who (with respect to *Alston* NSC Information and House NSC – Outside Litigation Counsel Only Information) complies with Paragraph 13 herein.

13.     No disclosure of *Alston* CSC Information, *Alston* NSC Information, House CSC – Outside Litigation Counsel Only Information or House NSC – Outside Litigation Counsel Only Information to a Receiving Party's consultant or expert witness or their necessary support personnel shall occur until that person has completed and signed the Certification and, if and to the extent there has been an objection under Paragraph 15 with respect to *Alston* NSC Information and House NSC – Outside Litigation Counsel Only Information, that objection is resolved as set forth below. A separate Certification shall not be required for staff members working under the supervision of an individual signing the Certification. An individual signing the Certification,

1  however, shall accept full responsibility for taking measures to ensure that staff members working

2  under his or her supervision comply with the terms of this First Supplemental Stipulation.

3          14.    A party desiring to disclose *Alston* NSC Information and/or House NSC – Outside

4  Litigation Counsel Only Information to a consultant or expert witness shall give prior written

5  notice to the applicable Network(s) referenced in the document, and such Network(s) shall have

6  ten (10) business days after such notice is given to object in writing, by electronic delivery of the

7  objection, if there is a basis for objection to such disclosure. The party desiring to disclose *Alston*

8  NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a

9  consultant or expert witness must provide the following information for each consultant or expert

10  witness: the name, title, business address, residence state and country, present occupation (or job

11  description), curriculum vitae, a list of all instances in which, during the last four (4) years, the

12  consultant or expert witness testified by trial or deposition, and the Certification signed by such

13  consultant or expert witness.. No *Alston* NSC Information or House NSC – Outside Litigation

14  Counsel Only Information shall be disclosed to such consultant or expert witness until after the

15  expiration of the ten (10) days' notice period.

16          15.    A Network objecting to disclosure of *Alston* NSC Information and/or House NSC

17  – Outside Litigation Counsel Only Information to a consultant or expert witness shall state with

18  particularity the ground(s) of the objection. The objecting Network's consent to the disclosure of

19  *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information to a

20  consultant or expert witness shall not be unreasonably withheld.

21          16.    The applicable parties (including any applicable Network(s)) shall meet and confer

22  to attempt to resolve the dispute/objection within seven (7) days from the date of electronic

23  delivery of the objection. If the parties cannot resolve the dispute, the party seeking to limit

24  disclosure may move the Court for an order that access to *Alston* NSC Information and/or House

25  NSC – Outside Litigation Counsel Only Information not be provided to the designated consultant

26  or expert witness. If the parties cannot resolve the dispute and the party seeking to limit disclosure

27  does not make such a motion within ten (10) business days of the electronic delivery of the

28  objection, disclosure of *Alston* NSC Information and/or House NSC – Outside Litigation Counsel

Only Information may be made to the designated consultant or expert witness. The parties agree to cooperate in good faith to shorten the time frames set forth in this Paragraph if necessary to abide by any discovery or briefing schedules. If a motion is made by the party seeking to limit disclosure, it shall be the burden of the party seeking to limit disclosure to demonstrate by a preponderance of the evidence that *Alston* NSC Information and/or House NSC – Outside Litigation Counsel Only Information may not be disclosed to the consultant or expert witness.

17.    Except as required in the event of a dispute submitted to the Court pursuant to paragraph 16: (a) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this First Supplemental Stipulation by the Plaintiff shall not be disclosed by such Network(s) to the Defendants, and (b) the identity of any consultant or expert witness or their necessary support personnel provided to such Network(s) pursuant to this First Supplemental Stipulation by the Defendants shall not be disclosed by such Network(s) to the Plaintiff. Neither the parties in this action nor their counsel shall seek information regarding the identity of any consultant or expert witness or their necessary support personnel that is provided to any Network(s) pursuant to this First Supplemental Stipulation. If a party or its counsel learns the identity of any consultant or expert witness or their necessary support personnel from any Network(s), that party's counsel shall inform the party who retained the consultant or expert witness of the disclosure.

### REDACTION PROCEDURES

18.    Any Media Agreement Document that is produced or to be produced with the designation House NSC – Outside Litigation Counsel Only may be redacted pursuant to the following procedures:

a.    After conferring with the applicable Network(s), the Defendant or third party producing the Media Agreement Document shall provide a proposed redacted copy of the Media Agreement Document to Authorized Outside Litigation Counsel for Plaintiff for review; provided that each Defendant agrees not to redact the categories of provisions that it expressly agreed not to redact in the Stipulation and Letter Agreements entered by

Stipulation and [Proposed] Order ("First Supplemental Stipulation")

Case No. 1:23-cv-03076-CNS-STV   Document 121   filed 08/18/24   USDC Colorado   pg 151
of 160
Case 4:20-cv-03919-CW   Document 448   Filed 02/08/21   Page 13 of 19

1    the Court in *Alston* to resolve plaintiffs' motion to compel (*Alston*, ECF Nos. 392, 457,

2    469, 473, 499, 503) without limiting the other categories of provisions each Defendant

3    and/or Network may seek to redact in a Media Agreement Document. Redactions shall be

4    made consistent with the goals of not preventing the discovery of relevant information and

5    protecting highly confidential information

6         b.      Within five (5) business days following the production of any redacted

7    Media Agreement Document, the applicable Defendant and/or Network requesting

8    redaction agree(s) to provide to Plaintiffs, in a communication that does not include other

9    Defendants or Networks who are not signatories to such Media Agreement Document, a

10   reasonable identification of the subject matter of each redaction that is not apparent from

11   the face of the Media Agreement Document.  If the applicable Defendant and/or Network

12   does not provide a subject matter identification of a redaction pursuant to the previous

13   sentence, and Plaintiffs are unable to ascertain, from the face of the Media Agreement

14   Document, the subject matter of the redaction for which the applicable Defendant or

15   Network did not provide a subject matter identification, Plaintiffs may request a reasonable

16   identification of the subject matter of the redaction and the applicable Defendant and/or

17   Network requesting redaction agree(s) to respond to Plaintiffs' request within ten (10)

18   business days in a communication that does not include other Defendants or Networks who

19   are not signatories to such Media Agreement Document. Plaintiffs shall not share or reveal

20   at any time any such reasonable identifications of the subject matter of the redaction(s) to

21   Defendants and Networks who are not signatories to such Media Agreement Document.

22        c.      If after receiving the reasonable identifications described in Paragraph

23   18(b), Plaintiffs take exception to redactions to any Media Agreement Document, Plaintiffs

24   shall provide written notice to the applicable Networks and Defendants, and

25   simultaneously provide a complete list of the redactions to which they take exception.

26        d.      The Defendant or third party, along with the Network(s) that is party(ies) to

27   the Media Agreement at issue or referenced in the Media Agreement Document at issue,

28   and Authorized Outside Litigation Counsel for Plaintiff shall attempt in good faith to reach

-13-

agreement with respect to the redactions. (Counsel for Defendant or the third party shall not be required to share Media Agreement Document(s) with a Network if and to the extent that a Media Agreement Document includes confidential information to which the Network is not privy.)

e.  If an agreement cannot be reached, counsel for the Defendant or third party, the Network(s) that is party(ies) to the Media Agreement, and Authorized Outside Litigation Counsel for Plaintiff may present their dispute to the Court for resolution, setting forth their respective positions in a joint letter to the Court, and furnishing in camera an unredacted copy of the provisions of the Media Agreement Document that are in dispute. The parties agree to cooperate in good faith to shorten any of the time frames set forth in this Paragraph should that be necessary to abide by any discovery or briefing schedules.

### LIMITED INTERVENTION OF NETWORKS

19.  Consistent with certain Networks' limited intervention in *Alston*, the parties agree and stipulate that the Networks have the same grounds to intervene in these actions as in *Alston*, and shall be deemed to have intervened in these actions pursuant to Federal Rule of Civil Procedure 24 for the limited purpose of enforcing their rights, as set forth in the Protective Order and this First Supplemental Stipulation.

### USE OF NETWORK INFORMATION AT TRIAL

20.  The parties agree to meet and confer in good faith with the Networks at least thirty (30) calendar days in advance of any trial in these actions to discuss a stipulation to govern the potential use of any House NSC – Outside Litigation Counsel Only Information at trial.

### RESERVATION OF RIGHTS

21.  By entering into this Stipulation, no party or non-party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (a) discoverable or admissible in evidence, (b) properly deemed to be confidential and/or subject to enhanced confidentiality treatment pursuant to the provisions of any of the *Alston* Protective Orders, or (c) properly redacted, in light of the issues in these actions.

Stipulation and [Proposed] Order ("First Supplemental Stipulation")

1      IT IS SO STIPULATED.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

1    Dated:  February 5, 2020                          Respectfully submitted,

2

3    **WILKINSON STEKLOFF LLP**                        **HAGENS BERMAN SOBOL SHAPIRO
                                                         LLP**
4    By:          /s/ Beth A. Wilkinson
                                                         By:          /s/ Steve W. Berman
5    Beth A. Wilkinson (*pro hac vice*)
     Rakesh N. Kilaru (*pro hac vice*)                   Steve W. Berman (*pro hac vice*)
6    Tamarra Matthews Johnson (*pro hac vice*)           Emilee N. Sisco (*pro hac vice*)
     Kieran Gostin (*pro hac vice*)                      1301 Second Avenue, Suite 2000
7    Calanthe Cope-Kasten (*pro hac vice*)               Seattle, WA 98101
     2001 M Street NW, 10th Floor                        Telephone:  (206) 623-7292
8    Washington, DC 20036                                Facsimile:  (206) 623-0594
     Telephone:  (202) 847-4000                          steve@hbsslaw.com
9    Facsimile:  (202) 847-4005                          emilees@hbsslaw.com
     bwilkinson@wilkinsonstekloff.com
10   rkilaru@wilkinsonstekloff.com                       Benjamin J. Siegel (SBN 256260)
     tmatthewsjohnson@wilkinsonstekloff.com              715 Hearst Avenue, Suite 202
11   kgostin@wilkinsonstekloff.com                       Berkeley, CA 94710
     ccope-kasten@wilkinsonstekloff.com                  Telephone:  (510) 725-3000
12                                                       Facsimile:  (510) 725-3001
     Rahul Hari (SBN 313528)                             bens@hbsslaw.com
13   11601 Wilshire Blvd., Suite 600
     Los Angeles, CA 90025                               Attorneys for Plaintiffs and the Proposed
14   Telephone:  (424) 291-9655                          Classes
     Facsimile:  (202) 847-4005
15   rhari@wilkinsonstekloff.com

16   Attorneys for Defendant
     NATIONAL COLLEGIATE ATHLETIC
17   ASSOCIATION

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Order ("First Supplemental
Stipulation")

1

**PROSKAUER ROSE LLP**

**MAYER BROWN LLP**

2

By: _____ /s/ Scott P. Cooper

By: _____ /s/ Britt M. Miller

3

Scott P. Cooper (SBN 96905)
Bart H. Williams (SBN 134009)

4

Kyle A. Casazza (SBN 254061)
Shawn S. Ledingham, Jr. (SBN 275268)

5

Jennifer L. Jones (SBN 284624)
Kelly M. Curtis (SBN 313581)

6

2029 Century Park East, Suite 2400
Los Angeles, CA 90067

7

Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

8

scooper@proskauer.com
bwilliams@proskauer.com

9

kcasazza@proskauer.com
sledingham@proskauer.com

10

jljones@proskauer.com
kcurtis@proskauer.com

11

12

Attorneys for Defendant
PAC-12 CONFERENCE

13

Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com

Christopher J. Kelly (SBN 276312)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
cjkelly@mayerbrown.com

Attorneys for Defendant
THE BIG TEN CONFERENCE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

1   **POLSINELLI PC**                    **ROBINSON BRADSHAW & HINSON,**
                                         **P.A.**
2   By:  _____ /s/ Leane K. Capps
                                         By:  _____ /s/Robert W. Fuller
3   Leane K. Capps (*pro hac vice*)
    Caitlin J. Morgan (*pro hac vice*)   Robert W. Fuller, III (*pro hac vice*)
4   D. Rockwell Bower (*pro hac vice*)    Lawrence C. Moore, III (*pro hac vice*)
    2950 N. Harwood Street               Pearlynn G. Houck (*pro hac vice*)
5   Suite 2100                           Amanda P. Nitto (*pro hac vice*)
    Dallas, TX 75201                     101 N. Tryon St., Suite 1900
6   Telephone:  (214) 397-0030           Charlotte, NC 28246
    lcapps@polsinelli.com                Telephone: (704) 377-2536
7   cmorgan@polsinelli.com               Facsimile: (704) 378-4000
    rbower@polsinelli.com                rfuller@robinsonbradshaw.com
8                                        lmoore@robinsonbradshaw.com
    Amy D. Fitts (*pro hac vice*)        phouck@robinsonbradshaw.com
9   120 W. 12th Street                   anitto@robinsonbradshaw.com
    Kansas City, MO 64105
10  Telephone: (816) 218-1255
    afitts@polsinelli.com                Mark J. Seifert (SBN 217054)
11                                       Seifert Law Firm
    Wesley D. Hurst (SBN 127564)         50 California Street, Suite 1500
12  2049 Century Park East, Suite 2300   San Francisco, CA 94111
    Los Angeles, CA 90067                Telephone: (415) 999-0901
13  Telephone:  (310) 556-1801           Facsimile: (415) 901-1123
    whurst@polsinelli.com                mseifert@seifertfirm.com
14
    Attorneys for Defendant              Attorneys for Defendant
15  THE BIG 12 CONFERENCE, INC.          SOUTHEASTERN CONFERENCE

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

1   **FOX ROTHSCHILD LLP**

2

3   By:      /s/ D. Erik Albright

    D. Erik Albright (*pro hac vice*)
4   Gregory G. Holland (*pro hac vice*)
    230 North Elm Street, Suite 1200
5   Greensboro, NC 27401
    Telephone:  (336) 378-5368
6   Facsimile:  (336) 378-5400
    ealbright@foxrothschild.com
7   gholland@foxrothschild.com

8   Jonathan P. Heyl (*pro hac vice*)
    101 N. Tryon Street, Suite 1300
9   Charlotte, NC 28246
    Telephone:  (704) 384-2625
10  Facsimile:  (704) 384-2800
    jheyl@foxrothschild.com
11
    Alexander Hernaez (SBN 201441)
12  345 California Street, Suite 2200
    San Francisco, CA 94104-2670
13  Telephone:  (415) 364-5540
    Facsimile:  (415) 391-4436
14  ahernaez@foxrothschild.com

15  Attorneys for Defendant
    THE ATLANTIC COAST
16  CONFERENCE

17
    **PURSANT TO STIPULATION, IT IS SO ORDERED,**
18

19  DATED:  February  8  , 2021

20

21

22  The Hon. Claudia Wilken
23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28

-19-

Exhibit I

Exhibit I

I, _____, state:

1.  My business address is:

2.  My present employer is:

3.  My present occupation or job description (including my title) is:

4.  My past and present business relationships with the parties to this litigation are:

5.  For experts or consultants only, a copy of my curriculum vitae is attached hereto.

6.  For experts or consultants only, in accordance with the Protective Order, I have provided a list of all instances in which, during the last four (4) years, I testified at trial or deposition.

7.  For experts or consultants only, in accordance with the Protective Order, I have provided a list of all instances in which, during the last ten (10) years, I have consulted for any Network or sports rights holder (i.e., league, conference, NCAA, etc.).

8.  I have received a copy of the Stipulated Protective Order (the "Protective Order") entered in the case of *Alex Fontenot et al. v. NCAA et al.*, in the United States District Court for the District of Colorado, No. 1:23-cv-03076-CNS-STV.

9.  I have carefully read the Protective Order and understand its provisions.

10. I will comply with all the provisions of the Protective Order.

11. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, any documents designated Confidential, Highly Confidential – Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only Information, or Network Strictly Confidential – Outside Litigation Counsel Only Information, and I will use such Confidential Information and/or Highly Confidential – Counsel Only Information and/or Conference Strictly Confidential – Outside Litigation Counsel Only Information and/or Network Strictly Confidential – Outside Litigation Counsel Only Information only for the allowed purposes stated in the Protective Order.

12. I will return all documents that are designated Confidential, Highly Confidential –
    Counsel Only, Conference Strictly Confidential – Outside Litigation Counsel Only
    Information, or Network Strictly Confidential – Outside Litigation Counsel Only
    Information, to counsel for the party from whom I obtained such documents.

13. I will submit to the jurisdiction of the United States District Court for the District of
    Colorado for purposes of the enforcement of the Protective Order and
    understand that violation of the Protective Order can constitute contempt of
    Court.

I declare under penalty of perjury under the laws of the United States that the foregoing
and attached are true and correct.

SIGNED _____, 202_.

_____

Signature

_____

Printed Name