**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT,
MYA HOLLINGSHED,
SARAH FULLER,
DEONTAY ANDERSON, and
TUCKER CLARK, Individually and on Behalf of All
Those Similarly Situated,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

---

**STIPULATED PROTOCOL REGARDING DEPOSITIONS**

---

Plaintiffs and Defendants, by and through their respective counsel (collectively, the "Parties"), stipulate and agree as follows:

## I.      GENERAL GUIDELINES

1. This Protocol will govern the taking of depositions in the above-captioned matter both in person and via remote means. The Parties agree this Protocol will also govern depositions of nonparties under Federal Rule of Civil Procedure 45. The Parties shall meet and confer in good faith regarding any modifications requested by such nonparties.

2. The Parties agree that depositions taking place in this matter will be conducted in accordance with all applicable federal rules and local court rules.

3.      All depositions taken in this action—whether in person or remote—shall be conducted using videoconference technology, and all deponents shall be recorded by both stenographic means and video recording unless the parties agree otherwise for a particular deponent. The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of the written transcript. For remote depositions, the Parties waive any objection to the deposition based on the fact that the court reporter is not physically present with the deponent or, if applicable, that the court reporter is not physically present in the same state as the deponent.

4.      Testimony provided in remote depositions may be used in this action with the same force and effect as testimony provided in an in-person deposition. The Parties agree not to object to the use of the deposition testimony or video recording on the basis that the deposition was taken and recorded remotely. The Parties reserve the right to raise all other available objections to the use of the deposition testimony in this action.

## II.      NOTICE

5.      The Party intending to notice a deposition of a Party or a witness affiliated with a Party shall confer with opposing counsel in a good faith attempt to identify a mutually convenient date and time for a deposition before noticing the deposition. Unless otherwise agreed by the noticing and defending Party, the Parties shall use their best efforts to notice depositions at least fourteen (14) calendar days in advance of the deposition and cross notices at least seven (7) calendar days in advance.  However, for notices or subpoenas directed to an organization under Federal Rule of Civil Procedure 30(b)(6), the Parties shall use their best efforts to issue deposition notices—including a

reasonably particular description of the matters of examination—at least twenty-one (21) calendar days in advance of the deposition; best efforts shall be used to issue cross notices for Federal Rule of Civil Procedure 30(b)(6)—including a reasonably particular description of the matters of examination—fourteen (14) days in advance Cross-notice is not required for any current or former employee of any Defendant or Co-Defendant.

6.      When a Party schedules a deposition of a non-party witness, the scheduling Party shall inform opposing counsel of any deposition date agreed to by the non-party witness within 1 business day of that agreement. Nothing in this stipulation prevents opposing counsel from objecting to the date agreed to by the Party and non-party witness for whatever reason.

7.      Deposition notices may be served electronically on all Parties.

8.      The noticing Party shall provide any non-party deponent with a copy of this Protocol with the notice of deposition or subpoena for any deposition, whether in person or remote.

## III.    REMOTE DEPOSITIONS AND VIDEOCONFERENCING TECHNOLOGY

9.      The Parties may agree to conduct depositions in this matter either live or remotely. If necessary, a file sharing service for exhibits may be used and arranged by the deposing Party.

10.     The decision to take a deposition remotely shall, subject to the terms of this Protocol, belong to the Party noticing the deposition. If a Party notices a deposition to occur in person, but another Party believes circumstances warrant taking the deposition remotely, or vice versa, the Parties shall confer in good faith to resolve the issue. Disputes that cannot be resolved through the meet and confer process or within a

reasonable timeframe shall be decided by the Court, subject to applicable rules and practice standards. If a Party intends to cross-notice a deposition of a non-party and disagrees with the noticing Party's election to proceed remotely or in person, the Parties shall confer in good faith to resolve the issue. Not all Parties need be present in person if either of the Parties elects to proceed with a cross-noticed deposition of a non-party in person. To the extent any Party elects to proceed remotely for a deposition of a non-party, that Party must comply with the applicable technological provisions set out below.

11.     All notices of deposition and non-party deposition subpoenas served in this matter shall identify whether the deposition will be taken in-person or remotely. All notices of deposition and non-party deposition subpoenas served in this matter for remote depositions shall describe the remote means of taking the deposition, including (a) that the deposition will be taken by remote means; (b) the court reporting service the Party plans to use to record the deposition (the "Designated Court Reporting Service"); (c) the videoconference platform the Party plans to use for the deposition (i.e., Zoom or a platform with similar functionality); and (d) that the deposition will be recorded by stenographic means and video recording. If any of the information identified in (a) through (d) is accidentally omitted from a deposition notice or deposition subpoena, this shall not be cause to render the notice or subpoena ineffective. The deposition notices and non-party deposition subpoenas must also otherwise comply with the notice requirements of Federal Rules of Civil Procedure 30(b) and 45 (when applicable).

12.     All depositions taken in this action—whether in person or remote—shall be conducted using videoconference technology unless, in the case of an in-person deposition, there are technological limitations to using videoconferencing, in which case

a telephone conference will be arranged. Except in an instance of a telephone conference being used, the noticing Party shall ensure that other Parties are able to observe the deposition via a videoconference platform, meaning a usable link sent via a platform such as Zoom or the equivalent. The noticing Party will ensure that information regarding how to access the videoconference platform (e.g., hyperlink to Zoom conference room) is provided to all Parties within a reasonable amount of time prior to the deposition (but not less than 24 hours).

13.     The Designated Court Reporting Service will be the host of the videoconference for each deposition whether in-person or remote.

14.     It will be the responsibility of the Party noticing the deposition to ensure that the Designated Court Reporting Service is aware of, capable of complying with, and agrees to comply with this Protocol.

15.     The noticing Party bears the costs of the Designated Court Reporting Service, with the exception of copies of transcripts or video recordings.

### IV.     IN-PERSON DEPOSITIONS

16.     In the event of an in-person deposition, unless otherwise agreed, depositions will occur in a city chosen by the deponent, reasonably located at counsel's office or within 100 miles of where the deponent resides, is employed, or regularly transacts business in person.

17.     Unless the deposition occurs remotely or the Parties agree otherwise, the Party noticing the deposition shall secure a room for the deposition that will accommodate the deponent, the court reporter, the videographer, counsel for the Parties, and counsel representing the deponent. The noticing Party shall also secure two "breakout rooms" of reasonable size for the noticing Party and the defending Party.

## V.    COURT REPORTER AND OATH ADMINISTRATION

18.    For depositions taken remotely, the requirement that depositions be conducted before an officer appointed or designated pursuant to Fed. R. Civ. P. 28(a) and 30(b)(5)(A) will be satisfied even if the officer is not in the same physical location as the witness.

19.    For depositions taken remotely, the officer's administration of the oath or affirmation to the witness, as required by Fed. R. Civ. P. 28(a) and 30(c), and of the translator, if any, may proceed by remote means, through videoconference. The Parties agree that the oaths or affirmations may be administered by the court reporter, regardless of whether the court reporter is otherwise authorized to administer an oath in the location where the witness is being deposed.

20.    For depositions taken remotely, such video may be recorded for later use in proceedings in this case, including trial. To the extent possible, the witness should remain on the screen at all times while the deposition is on the record.

## VI.    TECHNOLOGY AND SETTING

21.    Any deposition shall use a videoconference platform and system(s) that comply with all requirements of this Protocol, including the ability to provide high-quality and reliable video and audio streaming to all participants.

22.    To host a deposition, the Designated Court Reporting Service must have implemented adequate security measures to ensure the confidentiality of the deposition. These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

23.    If another Party raises concerns with the platform and system(s) selected by the noticing Party for any deposition, the Parties agree to meet and confer in good

faith to resolve those concerns. The noticing Party shall bear the costs of the Designated Court Reporting Service.

24.     For depositions taking place remotely, the parties participating agree that their counsel will, in advance of the depositions, undertake to become familiar with the interface in the videoconference and/or file sharing platform for the presentation, marking, and submission of exhibits and to cooperate to resolve any technical issues (including, but not limited to, any issues that would affect audio, video and exhibit quality) so as to minimize unnecessary delay during the depositions.  All parties participating in the deposition agree that their counsel will, in advance of the depositions, inform each witness of any restrictions on the types of devices that may be incompatible with the videoconference platform and any file sharing service to be used during the deposition. If requested, the Designated Court Reporting Service shall provide a demonstration of the technology being used for the deposition to the deponent and their counsel. To the extent a cost is incurred for such demonstration, the party requesting the demonstration shall bear the cost. If such a demonstration is not requested and a deponent or the deponent's counsel encounters issues that reasonably could have been covered in such a demonstration, any time spent resolving the issue shall not count as time on the record for purposes of any time limitations on the deposition.

25.     At the beginning of any remote deposition, the court reporter must confirm: (a) that they can hear all participants; (b) that all participants can hear each other and the court reporter; and (c) that the platform being used to share exhibits is functioning

and all participants can see any documents shown.  The time spent on such confirmations will not be on the record.

26.     The Parties will work cooperatively to address and troubleshoot technological (including audio or video) issues that arise during the deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with a deposition where the participants are unable to hear or understand each other.  Time spent dealing with technical difficulties will not be counted against any applicable time limits for the deposition.  If technical difficulties arise during the taking of a remote deposition, and there is no technical specialist available during the deposition, counsel for the Parties must meet and confer as soon as is practicable, by telephone or other means, to determine whether the remote deposition can proceed or should be continued to a future date.  If technical difficulties arise that make the completion of a remote deposition impracticable, counsel for Parties and the deponent shall resume the remote deposition at a mutually convenient opportunity within a reasonable period of time.

27.     For remote depositions, the deponent is responsible for locating a private, quiet space in which to participate in the deposition without interruption.  All the deponent's communication devices, including mobile phones, other than the device hosting the videoconferencing platform used by the Designated Court Reporting Service for that deposition, must be turned off or removed from the location of the deposition. The Parties agree that no person shall be permitted to be physically present in the room

with the deponent, other than counsel for the deponent or counsel for the Parties and the court reporter and videographer, as applicable.

28.     It shall be the responsibility of the deponent and their counsel to ensure that the deponent has adequate equipment (e.g., computer, webcam, microphone), Internet access, and bandwidth necessary to participate in a video deposition without interruption.  Other than the applications required to conduct the deposition and view exhibits, the deponent shall not have any other applications open or running on the electronic device being used for the deposition.

29.     Any public chat function available on the videoconference platform will be enabled, but any private chat functions shall not be used and shall be disabled, if technically possible.

30.     In addition to recording the deposition by stenographic means, the deposing Party may record the deposition by video via the services of a videographer. The video captured by the videographer shall serve as the official video recording of the deposition. No other live video or audio recordings will be permitted. The Parties agree not to make any effort to capture or otherwise record the witness's video feed. The videographer will capture the witness and, if requested, the document shown to the witness on the remote screen (if the deposition is taken remotely). Any others taking or defending the deposition must be visible on the video feed while the deposition is on the record, but will not be recorded.

31.     The Parties agree not to object at trial to the use of witness video feed captured by the videographer based on the manner in which video was captured or the

quality of the video. The Parties reserve their rights to object to the use of witness video feed on any other ground for any other purpose.

## VII.    ATTENDANCE AND COMMUNICATIONS WITH COUNSEL

32.    The deponent, court reporter, videographer, counsel for the Parties, Party representatives, and counsel representing the deponent may attend depositions. Counsel not examining the deponent and Party representatives shall have the option to attend for observational purposes remotely, even for depositions that are otherwise in person.

33.    Attendees of any in-person deposition shall use their best efforts to advise the Party providing or arranging the deposition space of their intention to attend an in-person deposition at least seven (7) calendar days before the deposition is scheduled to take place.  In particular, if a Party wants to have an individual attend a deposition, and that individual does not have permission to view certain categories of confidential documents under the protective order in this case, that Party will use its best efforts to inform the Party taking the deposition of this fact as soon as possible prior to the deposition.

34.    At the start of a remote deposition, all individuals in the same room as the deponent shall identify themselves on the record. If another person enters the room where the deponent is located, the deponent or the deponent's counsel shall immediately notify the deposing counsel of the additional persons in the room.

35.    For remote depositions, the deponent, court reporter, counsel examining the deponent, and counsel representing the deponent shall be visible to all other participants and their statements shall be audible to all participants at all times while on the record.  If the video or audio feed of these persons is lost, the deposition will be

suspended and go off the record until resolved.  All other remote participants shall make their presence known to all other participants, but they shall keep their microphones on mute and video turned off unless and until they wish to speak and, after having spoken, they shall go back on mute with video turned off.

36.     No individual shall engage in a private communication, including through text message, electronic mail, handwritten notes, hand gestures, or the chat feature in the videoconferencing system, with the deponent while the deposition is on the record. In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state their intention on the record before initiating such communication and then the deposition shall go off the record while the private communication regarding privilege is undertaken.  Nothing in this paragraph is intended to alter any local or federal rules governing communications with witnesses during a deposition.

37.     During breaks in a remote deposition, the Parties may use virtual breakout rooms provided by the Designated Court Reporting Service.  The noticing Party shall make all reasonable efforts to select a Designated Court Reporting Service that provides breakout rooms and shall, if necessary, hire a technician to facilitate breakout room assignments.  Conversations in the breakout rooms shall not be recorded.  The breakout rooms shall be established by the Designated Court Reporting Service prior to the deposition and shall be controlled by the Designated Court Reporting Service.  If, due to a technological issue, mistake, or any other reason, a participant has been placed in the breakout room of an opposing Party, that participant shall immediately identify themself and leave the breakout room.

38.     The employees of the Designated Court Reporting Service may attend the deposition for which they are designated to prepare a transcript of the deposition, video record the deposition, troubleshoot any technological issues that may arise, administer virtual breakout rooms, assist in displaying or providing exhibits, or any other reason reasonably related to the conduct of the deposition.

## VIII.    EXHIBITS

39.     Whether the deposition takes place live or remotely, deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition are legible and can be shown to the witness, the Parties, and defending counsel in such a manner that enables the witness, the Parties, and defending counsel to independently review the exhibits during the course of the deposition.

40.     If deposing counsel uses electronic exhibits in connection with a deposition, the exhibits shall be shared using the videoconference platform or a file sharing service to be arranged by deposing counsel.

41.     If deposing counsel instead chooses to use hard-copy exhibits in connection with a remote deposition, if practicable the exhibits shall be transmitted so that they are received by the witness, defending counsel, and the court reporter no later than two (2) business days before the deposition. All counsel receiving the documents shall send deposing counsel an email confirming their receipt of the package. If hard-copy exhibits are transmitted, every recipient of the hard-copy exhibits shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.

42.     If the deposition is taking place in person and hard-copy exhibits are to be used, copies of the exhibits need not be provided in advance of the deposition. However, the noticing Party shall have sufficient copies of each exhibit to provide a copy to (i) the deponent; (ii) defending counsel; (iii) the court reporter; and (iv) counsel for all other Parties who have timely notified noticing counsel of their intent to attend the deposition in person, but in no event shall deposing counsel be required to provide more than five (5) copies of any exhibit. Additionally, for in-person depositions where some counsel are participating remotely, the examining counsel shall clearly identify the exhibit when it is first shown to the deponent and read the beginning bates number when available.

43.     All documents marked as exhibits shall be attached to the original transcript and retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the Party ordering the transcript pays for the costs of copying those exhibits.

44.     If defending counsel is not counsel for a Party in this action, they shall return all hard copies of documents marked at any level of confidentiality that originated from deposing counsel for purposes of the deposition to deposing counsel at the conclusion of an in-person deposition or, for a remote deposition, within 7 calendar days following the deposition. For a remote deposition, if the deposing counsel elects to supply hard copies, deposing counsel shall include a pre-paid return shipping label in the package of documents sent to defending counsel of any non-party prior to the deposition to facilitate the return of the documents.

45.     To the extent possible, counsel for the Parties agree to number deposition exhibits consecutively from deposition to deposition taken by a Party. For example, if plaintiffs use Exhibits 1 to 5 in their first deposition, then the second deposition taken by plaintiffs may begin with Exhibit 6.

46.     Witnesses may be asked to testify on the record during the depositions that they will not consult or rely on any notes or documents while the deposition is on the record, other than any notes or documents that are (or have been) disclosed and provided to all Parties. Any documents reviewed, or notes made, by witnesses while on the record shall be preserved and made available to all Parties.

## IX.     TIMING

47.     All rules regarding and limitations on deposition time may be modified by agreement.

48.     The Party noticing the deposition may reserve a portion of their allocated time to conduct redirect examination, which can be used only if time is used by counsel for the deponent or counsel for co-plaintiffs or co-defendants and may cover only the topics discussed during the deposition by counsel for the deponent or examining counsel other than those for the noticing Party.

49.     The Defendants may split their allotted time at their discretion.

50.     The court reporter or videographer shall maintain a total running time of the actual deposition.

## X.     CONFIDENTIALITY

51.     If information or documents that are subject to a confidentiality designation that limits access to outside counsel only or to a subset of outside counsel only are raised during the deposition, the examining attorney shall state the confidentiality status

of the information for the record in advance and confirm that all persons who are not permitted to see or know that information be removed from the proceedings, whether in person or remote, for the duration of that discussion.

52.     Absent agreement to the contrary or a showing of good cause, deposition transcripts will be treated in accordance with the Protective Order that govern this case. Treatment in accordance with the Protective shall not prevent deposing counsel, the deponent, or defending counsel from reviewing the transcript during the period of time given for review, except for such portions of the transcript where such individual was not permitted to participate pursuant to the Protective Order.

53.     Upon receipt of errata and confidentiality designations, the court reporter shall reproduce the final transcript to indicate which pages include testimony that has been designated pursuant to the Protective Order.

## XI.     OTHER MATTERS

54.     An objection by one Party, or in depositions of third parties, by deponent's counsel, is sufficient to preserve the objection for all Parties, and counsel shall avoid repeating objections already preserved.

55.     All Parties shall abide by the applicable federal and local rules and precedents regarding objections.

56.     Each Party is responsible for ordering from the court reporter any desired transcripts or video recordings of depositions. All Parties shall bear their own costs for such transcripts or video recordings.

57.     Absent an agreement to the contrary or upon good cause shown, within 45 days of receipt of the final transcript, the deponent or the deponent's counsel shall forward any errata and confidentiality designations pursuant to the Protective Order to

(i) the Parties; and (ii) the court reporter, who will promptly notify all counsel of its receipt. To the extent this 45-day period ends on a weekend or holiday, any errata shall be due on the next business day.  To the extent that a court-filing deadline falls between the date of a deposition and the ending date of this 45-day period, the Parties will meet and confer regarding the appropriate timing for the forwarding of any errata to (i) the Parties; and (ii) the court reporter.

58.     The Parties may agree on ad hoc modifications to this Protocol to accommodate the needs of a particular deponent or to resolve any issues that arise regarding a particular deposition. Such modifications may be agreed in writing or memorialized on the record at the deposition.

59.     The Parties do not waive any rights other than those specifically and expressly identified above.

**IT IS SO STIPULATED,** through Counsel of Record.

**DATED:** August 12, 2023

By: */s/ Rakesh N. Kilaru*
RAKESH N. KILARU
rkilaru@wilkinsonstekloff.com
CALANTHE A. ARAT
carat@wilkinsonstekloff.com
TAMARRA D. MATTHEWS JOHNSON
tmatthewsjohnson@wilkinsonstekloff.com
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone:  (202) 847-4017

*Attorneys for Defendant National
Collegiate Athletic Association*

By: */s/ Eric Olson*
ERIC OLSON
eolson@olsongrimsley.com
SEAN GRIMSLEY
sgrimsley@olsongrimsley.com
JASON MURRAY
jmurray@olsongrimsley.com
ABIGAIL HINCHCILFF
ahinchcliff@olsongrimsley.com
**OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC**
700 17th Street, Suite 1600
Denver, CO 80202
Telephone:  (303) 535-9151

STEPHEN M. TILLERY (*admission
forthcoming*)
stillery@koreintillery.com
GARRETT R. BROSHIUS
gbroshius@koreintillery.com
CAROL O'KEEFE
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844

GEORGE A. ZELCS
gzelcs@koreintillery.com
MARC A. WALLENSTEIN
mwallenstein@koreintillery.com
**KOREIN TILLERY, LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Telephone:  (312) 641-9750

CHRISTOPHER M. BURKE (admission
forthcoming)
cburke@koreintillery.com
**KOREIN TILLERY, LLC**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone:  (619) 625-5620

*Attorneys for Plaintiffs*

By: */s/ Robert W. Fuller*
ROBERT W. FULLER
rfuller@robinsonbradshaw.com
LAWRENCE C. MOORE, III
lmoore@robinsonbradshaw.com
AMANDA P. NITTO
anitto@robinsonbradshaw.com
TRAVIS S. HINMAN
thinman@robinsonbradshaw.com
PATRICK H. HILL
phill@robinsonbradshaw.com
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone:  (704) 377-8324

KATHRYN A. REILLY
reilly@wtotrial.com
MICHAEL L. O'DONNELL
odonnell@wtotrial.com
MICHAEL T. WILLIAMS
williams@wtotrial.com
MICHAEL R. KRANTZ
krantz@wtotrial.com
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202-5647
Telephone:  (303) 244-1800

*Attorneys for Defendant Southeastern Conference*

By: */s/ Britt M. Miller*
BRITT M. MILLER
bmiller@mayerbrown.com
DANIEL T. FENSKE
dfenske@mayerbrown.com
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701-8926

RICHARD B. BENENSON
rbenenson@bhfs.com
**BROWNSTEIN HYATT FARBER SCHRECK LLP**
675 15th Street, Suite 2900
Denver, CO 80202
Telephone:  (303) 223-1100

*Attorneys for Defendant The Big Ten Conference, Inc.*

By: /s/ Christopher S. Yates
CHRISTOPHER S. YATES
chris.yates@lw.com
AARON T. CHIU
aaron.chiu@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 391-0600

ANNA M. RATHBUN
anna.rathbun@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone:  (202) 637-2200

CLIFF STRICKLIN
cstricklin@kslaw.com
JARED M. LAX
jlax@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone:  (702) 535-2327

*Attorneys for Defendant Atlantic Coast Conference*

By: /s/ Angela C. Zambrano
ANGELA C. ZAMBRANO
angela.zambrano@sidley.com
NATALI R. WYSON
nwyson@sidley.com
**SIDLEY AUSTIN LLP**
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 969-3529

DOUGLAS B. TUMMINELLO
dtumminello@lewisroca.com
ABBY C. HARDER
aharder@lewisroca.com
**LEWIS ROCA ROTHERGERBER CHRISTIE LLP**
1601 19th Street, Suite 1000
Denver, CO 80202

*Attorneys for The Big 12 Conference, Inc.*

By: <u>*/s/ Whitty Somvichian*</u>
WHITTY SOMVICHIAN
wsomvichian@cooley.com
ASHLEY K. CORKERY
acorkery@cooley.com
KATHLEEN R. HARTNETT
khartnett@cooley.com
MARK F. LAMBERT
mlambert@cooley.com
GREGORY J. MERCHANT
gmerchant@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  (415) 693-2000

*Attorneys for Defendant Pac-12*
*Conference*

Dated: 8/13/2024
_____

BY THE COURT:

_____
United States Judge