UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, et al.,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

---

**ATLANTIC COAST CONFERENCE'S
ANSWER TO FOURTH AMENDED COMPLAINT**

---

The Atlantic Coast Conference ("ACC"), by and through its undersigned attorneys, hereby answers and sets forth defenses to the Fourth Amended Complaint, ECF No. 163 (the "Complaint").

## <u>PRELIMINARY STATEMENT</u>

The ACC denies each and every allegation in the Complaint headings and in all portions of the Complaint not contained in numbered paragraphs.

Except as otherwise expressly stated below, the ACC answers and responds only to those allegations contained in the Complaint directed toward it. The ACC is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied.

**RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT**

The ACC responds to the numbered paragraphs of the Complaint as follows:

1.      The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2.      The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3.      The ACC admits that a small number of college football and basketball programs generate positive net revenues. The ACC further admits that NCAA rules historically have established limitations on compensation that may be paid to student-athletes for their participation in college athletic events or activities. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning TV viewership. Except as expressly admitted, the ACC denies the allegations of this paragraph.

4.      The ACC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

5.      The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding the purpose of Plaintiffs' lawsuit. The ACC denies the remaining allegations of this paragraph.

6.    The ACC admits that the Big Ten Conference is reported to have entered agreements with several broadcast networks. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

7.    The ACC admits, on information and belief, that the Big 12 Conference, the Southeastern Conference ("SEC"), and the Pac-12 Conference have agreements with broadcast networks. The ACC further admits that the ACC, Big Ten, Big 12, Pac-12, and SEC traditionally have been collectively referred to colloquially as the "Power Five Conferences." The ACC also admits that it has had contracts with various broadcast networks in recent years. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

8.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding collective broadcast revenue and its estimated growth, which is not attributed to any source.

9.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

10.    The ACC admits that student-athletes participate in various intercollegiate sports at the defendant conferences' member schools. The ACC further admits that NCAA rules and processes govern student-athletes' years of eligibility to play college sports within the NCAA. The ACC lacks knowledge or information sufficient to form a

3

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

11.    The ACC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding television viewers' motivations for watching college sports. Except as expressly admitted, the ACC denies the allegations of this paragraph.

12.    The ACC admits that NCAA rules historically have governed the compensation that student-athletes may receive for the use of their names, images, and likenesses ("NIL"), and that the NCAA issued updated guidance concerning NIL activities and compensation in July 2021. The ACC further admits that the NCAA's July 2021 guidance did not permit institutions of higher education, athletic conferences, or the NCAA to compensate student-athletes for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

13.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

14.     The ACC admits that previous NCAA rules have established limitations on the number of scholarships that could be offered to student-athletes participating in certain college sports. The ACC further admits that NCAA rules historically permitted 11.7 total scholarships to be provided to baseball student-athletes at any given institution of higher education that was a member of NCAA Division I. Except as expressly admitted, the ACC denies the allegations of this paragraph.

15.     The ACC admits that NCAA members compete to recruit certain student-athletes. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the share of revenue certain professional athletes may receive. Except as expressly admitted, the ACC denies the allegations of this paragraph.

16.     The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the amount of compensation the NCAA's president received in 2023. Except as expressly admitted, the ACC denies the allegations of this paragraph.

17.     The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

18.     The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

19.    The ACC admits that current NCAA rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning television ratings and viewership, as well as commentators' comments or opinions on those issues. Except as expressly admitted, the ACC denies the allegations of this paragraph.

20.    The ACC admits that there were public reports regarding the receipt of Dodge Ram trucks by members of the University of Utah's football team. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

21.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

22.    The ACC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

23.     The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24.     The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

25.     Denied.

26.     Denied.

## PARTIES, JURISDICTION, AND VENUE

27.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

28.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Aaron Sabato was a member of the University of North Carolina baseball team from 2019 to 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

29.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

30.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

31.     The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Addison Ooms was a member of the

University of California, Berkeley football team from 2014 to 2018, during which the University of California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

32.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Adrian Del Castillo was a member of the University of Miami baseball team from 2018 to 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

33.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Aidan Robbins was a member of the University of Louisville football team from 2019 to 2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

34.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

35.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

36.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

37.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Alex Bachman was a member of the Wake Forest University football team from 2015 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

38.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

39.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Alex Hornibrook was a member of the Florida State University football team in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

40.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

41.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

42.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Andrew Abbott was a member of the University of Virginia baseball team from 2018 to 2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

43.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

44.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

45.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

46.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

47.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Ben Boulware was a member of the Clemson University football team from 2013 to 2016.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

48.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

49.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

50.     The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Bryce Love was a member of the Stanford University football team from 2015 to 2018, during which Stanford was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

51.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

52.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

53.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Cam Serigne was a member of the Wake Forest University football team from 2013 to 2017.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

54.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

55.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

56.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Cassius Stanley was a member of the Duke University basketball team from 2019 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

57.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

58.     The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Chad Hansen was a member of the University of California, Berkeley football team from 2014 to 2016, during which the University of California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

59.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

60.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

61.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

62.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Chazz Surratt was a member of the University North Carolina football team from 2016 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

63.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Chris McMahon was a member of the University of Miami baseball team from 2018 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

64.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that CJ Van Eyk was a member of the Florida State University baseball team from 2017 to 2020.  The ACC lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

65.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Colby Parkinson was a member of the Stanford University football team from 2017 to 2019, during which Stanford was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

66.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

67.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

68.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

69.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

70.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

71.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

72.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

73.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

74.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

75.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

76.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Dorian O'Daniel was a member of the Clemson University football team from 2013 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

77.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

78.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

79.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

80.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Erick Hallett II was a member of the University of Pittsburgh football team from 2018 to 2022.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

81.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

82.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

83.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

84.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Gavin Cross was a member of the Virginia Tech baseball team from 2020 to 2022.  The ACC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

85.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

86.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Griffin Conine was a member of the Duke University baseball team from 2016 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

87.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Hayden Howerton was a member of the Southern Methodist University ("SMU") football team from 2017 to 2021, during which SMU was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

88.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

89.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

90.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

91.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Hunter Long was a member of the Boston College football team from 2017 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

92.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

93.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

94.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

95.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

96.     The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Jacob McCarthy was a member of the University of Virginia baseball team from 2016 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

97.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

98.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Jake Benzinger was a member of the Wake Forest University football team from 2015 to 2019.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

99.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

100.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Jake Curhan was a member of the University of California, Berkeley baseball team from 2016 to 2020, during which the University of California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

101.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

102.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

103.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

104.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

105.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that James ("Jimmy") David Morrissey IV was a member of the University of Pittsburgh football team from 2016 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

106.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

107.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

108.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

109.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

110.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

111.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

112.    The ACC denies that any plaintiff "worked" as a college athlete. Based on
publicly available information, the ACC admits that José Joaquín ("JJ") Arcega-
Whiteside was a member of the Stanford University football team from 2015 to 2018,
during which Stanford was not a member of the ACC.  The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

113.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

114. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

115. The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that John Wolford was a member of the Wake Forest University football team from 2014 to 2017.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

116. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

117. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

118. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

119. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

120. The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

121.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

122.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

123.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

124.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Kathryn Westbeld was a member of the Notre Dame University basketball
team from 2014 to 2018.  The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

125.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

126.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Keir Thomas was a member of the Florda State University football team in
2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the remaining allegations in this paragraph.  Except as expressly admitted,
the ACC denies the allegations of this paragraph.

127.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

128.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

129.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Kevin Richard ("KJ") Costello was a member of the Stanford University football team from 2016 to 2019, during which Stanford was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

130.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

131.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

132.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

133.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

134.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Matheu ("Mat") Nelson was a member of the Florida State University
baseball team from 2018 to 2021.  The ACC lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations in this paragraph.
Except as expressly admitted, the ACC denies the allegations of this paragraph.

135.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

136.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

137.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

138.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

139.    The ACC denies that any plaintiff "worked" as a college athlete. Based on
publicly available information, the ACC admits that Michael Wilson was a member of the
Stanford University football team from 2018 to 2022, during which Stanford was not a

member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

140.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

141.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

142.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

143.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

144.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

145.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

146.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Nate Savino was a member of the University of Virgina baseball team from

2020 to 2022.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

147.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

148.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Nick Swiney was a member of the North Carolina State University baseball team from 2018 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

149.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Parker Messick was a member of the Florida State University baseball team from 2019 to 2022.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

150.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

151.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

152.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

153.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

154.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

155.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

156.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

157.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

158.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

159.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

160.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

161.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

162.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

163.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Slade Cecconi was a member of the University of Miami baseball team from 2018 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

164.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

165.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

166.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

167.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

168.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

169.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

170.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Trenton Simpson was a member of the Clemson University football team from 2020 to 2022.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

171.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

172.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

173.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Tyler Baum was a member of the University of North Carolina baseball team from 2017 to 2019.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

174.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Tyree DeSean St. Louis was a member of the University of Miami football team from 2015 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

175.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Valentino Daltoso was a member of the University of California, Berkeley football team from 2017 to 2021, during which the University of California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

176.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

177.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

178.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

179.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

180.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Zachary Gelof was a member of the University of Virginia baseball team from 2019 to 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

181.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

182.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

183.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

184.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

185.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

186.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

187.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

188.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

189.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

190.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

191.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

192.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

193.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

194.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

195.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

196.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

197.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

198.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

199.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

200.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

201.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

202.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

203.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

204.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

205.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

206.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

207.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

208.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

209.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

210.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

211.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

212.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

213.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

214.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

215.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Jordan Lewis Tucker was a member of the Duke University basketball team in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

216.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Michael Anthony Harley, Jr. was a member of the University of Miami football team from 2017 to 2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

217.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Charleston Cha'Caine Rambo was a member of the University of Miami football team in 2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

218.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

219.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

220.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

221.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

222.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Brevin Jordan was a member of the University of Miami football team from
2018 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

223.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

224.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

225.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

226.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

227.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

228.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

229.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

230.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

231.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

232.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

233.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Damuzhea Bolden was a member of the University of Miami football team
from 2019 to 2020.  The ACC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

234.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

235.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Tathan "Tate" Martell was a member of the University of Miami football team
from 2019 to 2021.  The ACC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

236.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that N'Kosi Travaughn Perry was a member of the University of Miami football
team from 2017 to 2020.  The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

237.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

238.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

239.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

240.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

241.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

242.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

243.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

244.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

245.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

246.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that Tru Cymon Thompson was a member of the Florida State University football
team from 2019 to 2021.  The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

247.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

248.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

249.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

250.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

251.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

252.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

253.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

254.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

255.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

256.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

257.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

258.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

259.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

260.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

261.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

262.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

263.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

264.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

265.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

266.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

267.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

268.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

269.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

270.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

271.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

272.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

273.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

274.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

275.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

276.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

277.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

278.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

279.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

280.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

281.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

282.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that James Okonkwo was a member of the University of North Carolina basketball team from 2023 to 2024.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

283.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Sean "Jack" Michael Allison was a member of the University of Miami football team in 2016.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

284.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

285.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

286.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

287.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

288.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

289.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

290.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

291.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

292.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

293.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

294.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

295.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

296.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

297.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

298.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

299.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Matt Cross was a member of the University of Miami basketball team from

2020 to 2021, a member of the University of Louisville basketball team from 2021 to 2022, and a member of the Southern Methodist University basketball team from 2024 to 2025.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

300.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

301.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

302.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

303.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

304.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

305.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

306.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Nigel Johnson was a member of the University of Virginia basketball team from 2017 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

307.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

308.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

309.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

310.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

311.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

312.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

313.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Nysier Brooks was a member of the University of Miami basketball team from 2020 to 2021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

314.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

315.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

316.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

317.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

318.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

319.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

320.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

321.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

322.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

323.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

324.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

325.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

326.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

327.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

328.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

329.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

330.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

331.    The ACC denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Marcel Dancy was a member of the University of California, Berkeley football team from 2018 to 2021, during which the University of California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

332.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC admits that Seth Beer was a member of the Clemson University baseball team from 2016 to 2018.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

333.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

334.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

335.   The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

336.   The ACC admits that the NCAA is an unincorporated association with its principal place of business in Indianapolis, Indiana. The ACC further admits that the NCAA has more than 1,000 member schools, including public and private colleges and universities. Except as expressly admitted, the ACC denies the allegations of this paragraph.

337.   Upon information and belief, the ACC admits that the Pac-12 is an unincorporated association with its principal place of business located in California. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the remaining allegations in this paragraph.

338.   Upon information and belief, the ACC admits that the SEC is an unincorporated association with its principal place of business in Birmingham, Alabama.

The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the remaining allegations of this paragraph.

339.    The ACC admits that the ACC is an unincorporated association. The ACC denies that the ACC's principal place of business is in Greensboro, North Carolina. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the remaining allegations of this paragraph.

340.    Upon information and belief, the ACC admits that the Big 12 is a nonprofit corporation organized under the laws of the State of Delaware with its principal place of business in Texas. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the remaining allegations of this paragraph.

341.    Upon information and belief, the ACC admits that the Big Ten is a nonprofit corporation organized under the laws of Delaware, with its principal place of business in Rosemont, Illinois. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the remaining allegations of this paragraph.

342.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

343.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC admits that the

Complaint includes causes of action under the Clayton Act and the Sherman Antitrust Act, and that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in this paragraph. The ACC denies that Plaintiffs are entitled to any relief sought. Except as expressly admitted, the ACC denies the allegations of this paragraph.

344.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC admits that the ACC and its member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations. Except as expressly admitted herein, the ACC denies the remaining allegations of this paragraph.

345.    Upon information and belief, the ACC admits that certain NCAA member schools are located in Colorado, that a portion of the NCAA's 2023 men's basketball tournament took place in Denver, and that a portion of the NCAA's 2025 men's basketball tournament took place in Denver. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, the ACC denies the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

346.    Admitted.

347.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

348.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

349.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

350.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

351.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

352.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

353.    Admitted.

354.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

355.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. The ACC further states that the allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

356.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

357.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

358.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

359.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

360.    Upon information and belief, the ACC admits that the NCAA was first formed over a century ago to set the rules of college athletics. Except as expressly admitted, the ACC denies the allegations of this paragraph.

361.    The ACC admits that the NCAA's members include schools and conferences and that NCAA rules and bylaws govern the conduct of the NCAA's business. The ACC further admits that the NCAA has various committees with representatives from various NCAA member schools and conferences. The ACC also admits that the Board of Governors is the NCAA's highest governing body and is composed of various presidents and chancellors of NCAA member schools, and that the NCAA employs a president. Except as expressly admitted, the ACC denies the allegations of this paragraph.

362.    The ACC admits that the NCAA has adopted a constitution and bylaws and that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. The ACC further admits that the NCAA's

bylaws govern the procedures for bylaw amendments, including amendments to Bylaw

12, which is currently titled "Athletics Eligibility." Except as expressly admitted, the ACC

denies the allegations of this paragraph.

363.    The ACC admits that the current version of NCAA Bylaw 12.01.1 states

that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and

interpretations is eligible for intercollegiate athletics participation in a particular sport."

The ACC further admits that, for a period of time, NCAA Bylaw 12.01.4 stated that "[a]

grant-in-aid administered by an educational institution is not considered to be pay or the

promise of pay for athletics skill, provided it does not exceed the financial aid limitations

set by the Association's membership." Bylaw 12.01.4 has been deleted in connection

with the implementation of the finally approved settlement in *In re College Athlete NIL*

*Litigation*, No. 4:20-03919 (N.D. Cal.). The ACC also admits that, for a period of time, a

grant-in-aid was limited to the cost of tuition, room and board, books, and similar

education-related expenses. Except as expressly admitted, the ACC denies the

allegations of this paragraph.

364.    The ACC admits that current NCAA bylaws require student-athletes to

meet the governing athletics eligibility legislation and interpretations in order to be

eligible for participation in Division I college athletics. Except as expressly admitted, the

remaining allegations of this paragraph are denied.

365.    The ACC admits that NCAA bylaws govern the forms of pay student-

athletes may and may not receive to maintain their eligibility for intercollegiate athletic

competition. Except as expressly admitted, the remaining allegations of this paragraph

are denied.

366.    The ACC admits that NCAA bylaws govern the potential penalties that may be imposed on member institutions and student-athletes for violation of NCAA rules. Except as expressly admitted, the remaining allegations of this paragraph are denied.

367.    The ACC admits that the NCAA enforces its rules and has, from time-to-time, imposed penalties on member institutions and student-athletes for violating NCAA rules. The ACC further admits that the NCAA's constitution discusses potential consequences of violating the NCAA's rules. Except as expressly admitted, the allegations of this paragraph are denied.

368.    The ACC admits that the NCAA's member schools and conferences agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, the allegations of this paragraph are denied.

369.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding university employees, including graduate students. The ACC denies the remaining allegations of this paragraph.

370.    The ACC admits that the NCAA includes Divisions I, II, and III, and that there currently are more than 350 member schools in Division I. The ACC further admits that there is much variation within Division I in terms of the size, athletics department budgets, and athletic performance of each member institution. The ACC also admits that there are currently 69 schools within the conferences colloquially referred to collectively as the "Power 5 Conferences" and that Notre Dame is a member of Division I and affiliated with a Power 5 Conference (the ACC, for sports other than football and

hockey). Except as expressly admitted, the ACC denies the allegations of this paragraph.

371.    The ACC admits that the NCAA generates revenue through, among other things, television contracts for the broadcast of certain basketball games. The ACC further admits that the NCAA traditionally hosts a "March Madness" basketball tournament, which is broadcast on television pursuant to contracts that generate revenue for the NCAA. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

372.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

373.    The ACC admits that a small number of college football and basketball programs generate positive net revenues. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

374.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

375.    The ACC admits that the defendant conferences generate revenue from, among other things, broadcast network agreements. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

376.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

377.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

378.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

379.    The ACC admits that the distribution of its revenue, including revenue received as a result of the ACC's broadcast network agreements, is dictated by the ACC's bylaws. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

380.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

381.    The ACC admits that several members of the Pac-12 have departed the conference in recent years. The ACC further admits that UCLA, USC, Washington, and Oregon are now members of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

382.    The ACC admits that Stanford and the University of California, Berkeley are now members of the ACC. The ACC lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of this paragraph.
Except as expressly admitted, the ACC denies the allegations of this paragraph.

383.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the
ACC denies the allegations of this paragraph.

384.    The ACC admits that Mr. Drinkwitz was reported to have made the
comment quoted in this paragraph. The ACC lacks knowledge or information sufficient
to form a belief as to the truth or falsity of the remaining allegations of this paragraph.
Except as expressly admitted, the ACC denies the allegations of this paragraph.

385.    The ACC admits that Mr. Cronin was reported to have made the comment
quoted in this paragraph. The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations of this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.     The ACC admits that the NCAA adopted an interim NIL policy on July 1,
2021, which governs the compensation student-athletes may receive for NIL-related
activities. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

393.    The ACC admits that the NCAA's interim NIL policy adopted on July 1, 2021, does not permit member institutions or conferences to compensate student-athletes for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

394.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

395.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

396.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

397.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

398.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the allegations of this paragraph are denied.

399.    The ACC admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

400.    The ACC admits that, in head-count sports, each student-athlete who received a scholarship of any amount (including a partial scholarship) historically was treated under NCAA bylaws as having received a full scholarship. The ACC further admits that Division I men's and women's basketball, football, women's gymnastics, women's tennis, and women's volleyball traditionally have been "head-count" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

401.    The ACC admits that, in equivalency sports, student-athletes traditionally could receive partial scholarships and those partial scholarships were counted as such in determining how many scholarships had been awarded to student-athletes in that sport. The ACC further admits that Division I sports other than those listed in the preceding paragraph 400 traditionally have been "equivalency" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

402.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports and governed how partial scholarships were

counted for purposes of scholarship limits. NCAA bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the ACC denies the allegations of this paragraph.

403.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the ACC denies the allegations of this paragraph.

404.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the ACC denies the allegations of this paragraph.

405.    The ACC admits that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, the ACC denies the allegations of this paragraph.

406.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "young mathematicians" and "musicians" at unnamed universities. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the ACC denies the allegations of this paragraph.

407.    The ACC admits that schools within the Power 5 compete with one another in certain sports. The ACC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

408.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

409.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

410.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

411.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

412.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

413.    The ACC admits that NCAA Division I schools complete with one another in certain sports. Except as expressly admitted, the ACC denies the allegations of this paragraph.

414.    Denied.

415.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

416.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

417.    The ACC admits that the NCAA hosts a baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at baseball tournament games. Except as expressly admitted, the ACC denies the allegations of this paragraph.

418.    The ACC admits that the winners of the super-regional games in the NCAA's baseball tournament advance to the College World Series. The ACC further admits that College World Series games are broadcast on television and that the NCAA has broadcast network agreements associated with certain of its championship events. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at and television viewership for College World Series games. Except as expressly admitted, the ACC denies the allegations in this paragraph.

419.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning administrator and coach salaries and scholarship allocation for baseball student-athletes, which are not attributed to any source. The ACC denies the remaining allegations of this paragraph.

420.    The ACC admits that many student-athletes are dedicated to their sports and devote time to athletics-related activities. The ACC denies that any student-athlete

"works" as a college athlete. Except as expressly admitted, the ACC denies the allegations in this paragraph.

421.    Denied.

422.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning NIL money received by college baseball players, which are not attributed to any source. The ACC denies the remaining allegations in this paragraph.

423.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

424.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

425.    Denied.

426.    Denied.

427.    The ACC admits that the NCAA and conference defendants have been the subject of antitrust litigation in recent years. The ACC further admits that the Supreme Court of the United States issued an opinion in the *Alston* case. That opinion speaks for itself. Except as expressly admitted, the ACC denies the allegations in this paragraph.

428.    The ACC admits that Justice Kavanaugh authored a concurrence in the *Alston* case. That concurrence speaks for itself. Except as expressly admitted, the ACC denies the allegations in this paragraph.

429.    The ACC admits that Justice Kavanaugh authored a concurrence in the *Alston* case. That concurrence speaks for itself. Except as expressly admitted, the ACC denies the allegations in this paragraph.

430.    The ACC admits that the Supreme Court issued an opinion and that Justice Kavanaugh authored a concurrence in the *Alston* case. The Supreme Court's opinion in the *Alston* case and Justice Kavanaugh's concurrence speak for themselves. Except as expressly admitted, the ACC denies the allegations in this paragraph.

431.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

432.    The ACC admits that various NCAA bylaws have been amended since the Supreme Court issued an opinion in the *Alston* case. Except as expressly admitted, the ACC denies the allegations in this paragraph.

433.    The ACC admits that the NCAA issued an interim NIL policy in July 2021 that permits student-athletes to receive certain types of NIL compensation. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the NIL compensation that specific student-athletes have earned, which are not attributed to any source. Except as expressly admitted, the ACC denies the allegations of this paragraph.

434.    The ACC admits that Angel Reese previously played women's basketball at Louisiana State University. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are

not attributed to any source. Except as expressly admitted, the ACC denies the allegations of this paragraph.

435.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

436.    The ACC admits that NCAA bylaws and guidance govern the compensation that may be provided to student-athletes. Except as expressly admitted, the ACC denies the allegations of this paragraph.

437.    The ACC admits that NCAA rules historically have governed the benefits student-athletes may receive and that student-athletes have, under circumstances outlined in NCAA rules and guidance, been permitted to receive athletic scholarships (including room and board and cost of attendance), athletic participation awards, Student Assistance Fund awards, educational or other academic awards (including graduation awards), loss-of-value insurance, tutoring and other academic support, and other benefits. Except as expressly admitted, the ACC denies the allegations of this paragraph.

438.    Denied.

439.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

440.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the popularity of college sports, which are not attributed to any source. The ACC admits that Big Ten

Commissioner Tony Petitti testified at an October 2023 Senate Judiciary Committee meeting. That testimony speaks for itself. Except as expressly admitted, the ACC denies the allegations of this paragraph.

441.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

442.    The ACC admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the ACC denies the allegations of this paragraph.

443.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

444.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

445.    The ACC admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the ACC denies the allegations of this paragraph.

446.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph about what Plaintiffs "seek" in their lawsuit. The ACC denies that Plaintiffs are entitled to any relief.

447.    Denied.

448.    The ACC admits that institutions spend different amounts on facilities and coaching salaries, and that institutions compete against each other to recruit student-athletes. Except as expressly admitted, the ACC denies the allegations in this paragraph.

449.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

450.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

451.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the ACC denies the allegations of this paragraph.

452.    Denied.

453.    The ACC admits that there are differences between the experience and opportunities afforded to NCAA student-athletes and athletes who compete in professional sports. Except as expressly admitted, the ACC denies the allegations in this paragraph.

454.    The ACC admits that only a small percentage of NCAA student-athletes
go on to compete in professional sports leagues. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
of this paragraph. Except as expressly admitted, the ACC denies the allegations in this
paragraph.

455.    Denied.

456.    The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

457.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

458.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

459.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

460.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

461.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

462.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

463.    Denied.

464.    Denied.

465.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Aaron Sabato participated in college baseball as a student-athlete at the University of North Carolina from 2019 to 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

466.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

467.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

468.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Aaron Sabato was named ACC Freshman of the Year and First Team All-ACC.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

469.    The ACC admits that Aaron Sabato was named ACC Player of the Week on March 9, 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

470.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

471.    The ACC admits that the University of North Carolina was a member of the ACC during the time Sabato was enrolled there and that certain University of North Carolina baseball games may have been broadcast on networks including ESPN Networks and the ACC Network.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

472.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

473.    Denied.

474.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules were "collusive," "artificial," "illegal," or "unfair" restraints. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

475.    Denied.

476.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

477.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

478.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

479.    The ACC denies that any plaintiff had a "job" as a student-athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

480.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

481.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

482.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. The ACC denies that any plaintiff provided "labor" as a student-athlete.

483.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

484.    Denied.

485.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules were "collusive," "artificial," "illegal," or "unfair" restraints. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

486.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations in this paragraph.

487.    Denied.

488.    Denied.

489.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

490.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

491.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

492.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

493.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

494.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

495.    Denied.

496.    Denied.

497.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Addison Ooms participated in college football as a student-athlete at the University of California, Berkeley from 2014 to 2018, during which the University of California, Berkeley was not a member of the ACC.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

498.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

499.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

500.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

501.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

502.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

503.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

504.    Denied.

505.    Denied.

506.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Adrian Del Castillo participated in college baseball as a student-athlete at the University of Miami

from 2018 to 2021. Except as expressly admitted, the ACC denies the allegations of this paragraph.

507.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

508.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

509.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Del Castillo was named Second Team All-ACC and ACC All-Freshman in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

510.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

511.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

512.    The ACC admits that during the time Del Castillo was enrolled at the University of Miami, certain University of Miami baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2019–2020 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

513.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

514.    Denied.

515.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

516.    Denied.

517.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits Aidan Robbins participated in college football as a student-athlete at the University of Louisville from 2019 to 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

518.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

519.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

520.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

521.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

522.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

523.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

524.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

525.    Denied.

526.    Denied.

527.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

528.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

529.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

530.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

531.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

532.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

533.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

534.    Denied.

535.    Denied.

536.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

537.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

538.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

539.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

540.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

541.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

542.    The ACC admits that the University of Iowa has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

543.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

544.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

545.    Denied.

546.    Denied.

547.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

548.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

549.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

550.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

551.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

552.    The ACC admits that the University of Tennessee has been a member of the SEC. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

553.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are "collusive,"

"illegal," or "artificial" restraints. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

554.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

555.    Denied.

556.    Denied.

557.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Alex Bachman participated in college football as a student-athlete at Wake Forest University from 2015 to 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

558.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

559.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

560. The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

561. The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

562. The ACC admits that Wake Forest University has been a member of the
ACC and that certain Wake Forest football games may have been broadcast on
networks including ESPN and ABC. The ACC further admits that it distributed revenue
among its member schools for the fiscal year 2018–2019. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

563. The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

564. Denied.

565. Denied.

566. The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

567.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

568.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

569.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

570.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

571.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

572.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

573.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

574.    Denied.

575.    Denied.

576.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Alex Hornibrook participated in college football as a student-athlete at Florida State

University in 2019. The ACC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the remaining allegations of this paragraph.

577.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

578.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

579.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

580.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

581.    The ACC admits that Hornibrook was selected ACC Quarterback of the
Week in September 2019. The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph.

582.    The ACC denies that any plaintiff "worked" as a college athlete. The ACC
admits that certain Florida State University football games may have been broadcast on
networks including ABC, CBS, and the ACC Network. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

583.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

584.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

585.    The ACC admits that it distributed revenue among its member schools for the 2018–2019 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

586.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

587.    Denied.

588.    Denied.

589.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

590.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

591.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

592.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

593.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

594.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

595.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

596.    Denied.

597.    Denied.

598.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

599.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

600.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

601.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

602.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

603.    The ACC admits that the University of Washington was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

604.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

605.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

606.    Denied.

607.    Denied.

608.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Andrew Abbott participated in college baseball as a student-athlete at the University of Virginia from 2018 to 2021. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

609.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

610.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

611.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

612.    The ACC admits that Abbott was selected to the ACC All-Freshman Team
in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

613.    The ACC admits that Abbot was named to the ACC All-Academic Team
and the ACC Academic Honor Roll in 2019. The ACC lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph.

614.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

615.    The ACC admits that Abbot was a First Team All-ACC selection and
named to the ACC All-Academic Team in 2021. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

616.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

617.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

618.    The ACC admits that certain University of Virginia baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2020– 2021 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

619.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

620.    Denied.

621.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

622.    Denied.

623.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

624.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

625.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

626.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

627.    The ACC admits that the University of Arizona was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

628.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

629.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

630.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

631.    Denied.

632.    Denied.

633.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

634.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

635.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

636.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

637.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

638.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

639.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

640.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

641.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

642.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

643.    Denied.

644.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations. Except as expressly admitted, the ACC denies the allegations of this paragraph.

645.    Denied.

646.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

647.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

648.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

649.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

650.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

651.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

652.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

653.    The ACC admits that the University of Oklahoma was a member of the Big 12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

654.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

655.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

656.    Denied.

657.    Denied.

658.    The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

659.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

660.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

661.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

662.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

663.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

664.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

665.    The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

666.   Denied.

667.   Denied.

668.   The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC admits that Ben
Boulware participated in college football as a student-athlete at Clemson University from
2013 to 2016. Except as expressly admitted, the ACC denies the remaining allegations
of this paragraph.

669.   The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

670.   The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

671.   The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

672.   The ACC admits that Boulware was awarded the ACC Co-Defensive
Player of the Year Award and was selected to first-team All-ACC and Academic All-ACC
in 2016. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

673.   The ACC admits that Clemson University has been a member of the ACC
and that certain Clemson University football games may have been broadcast on
networks including ESPN and ABC. The ACC lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations in this paragraph.
Except as expressly admitted, the ACC denies the allegations of this paragraph.

674.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

675.    The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

676.    Denied.

677.    Denied.

678.    The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

679.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

680.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

681.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

682.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

683.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

684.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

685.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

686.    Denied.

687.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations. Except as expressly admitted, the ACC denies the allegations of this paragraph.

688.    Denied.

689.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

690.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

691.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

692.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

693.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

694.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

695.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

696.    The ACC admits that Texas Tech University has been a member of the
Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations in this paragraph. Except as expressly admitted, the
ACC denies the allegations of this paragraph.

697.    The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

698.   Denied.

699.   Denied.

700.   The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Bryce Love participated in college football as a student-athlete at Stanford University from 2015 to 2018, during which Stanford was not a member of the ACC.  Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

701.   The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

702.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

703.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

704.   The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

705.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

706.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

707.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

708.    The ACC admits that Stanford University was a member of the Pac-12 for
a period of time. The ACC lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

709.    The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

710.    Denied.

711.    The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

712.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

713.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

714.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

715.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

716.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

717.    The ACC admits that the University of Michigan and the University of Iowa have been members of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

718.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

719.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

720.    Denied.

721.    Denied.

722.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

723.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

724.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

725.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

726.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

727.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

728.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

729.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

730.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

731.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

732.    The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

733.    Denied.

734.    Denied.

735.    The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC admits that Cam
Serigne participated in college football as a student-athlete at Wake Forest University
from 2013 to 2017. Except as expressly admitted, the ACC denies the remaining
allegations of this paragraph.

736.    The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

737.    The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

738.    The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC admits that Serigne received honorable mention All-ACC honors in 2014 and 2015
and was selected to the ACC All-Academic Team in 2014 and 2016. The ACC lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the ACC denies
the remaining allegations of this paragraph.

739.    The ACC admits that Serigne was named First Team All-ACC in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

740.    The ACC admits that certain Wake Forest football games may have been broadcast on networks including ESPN and ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2018–2019 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

741.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

742.    Denied.

743.    Denied.

744.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

745.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

746.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

747.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

748.    The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

749.    The ACC admits that the University of South Carolina has been a member of the SEC. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

750.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

751.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

752.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

753.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

754.    Denied.

755.    Denied.

756.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

757.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

758.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

759.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

760.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

761.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

762.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

763.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

764.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

765.    Denied.

766.    Denied.

767.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Cassius Stanley participated in college basketball as a student-athlete at Duke University from 2019 to 2020. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

768.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

769.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

770.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

771.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Stanley was selected to the ACC All-Freshman Team in 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

772.    The ACC admits that Duke University is a member of the ACC and that certain Duke University basketball games may have been broadcast on networks including ESPN. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

773.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

774.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

775.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

776.    Denied.

777.    Denied.

778.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

779.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

780.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

781.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

782.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

783.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

784.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

785.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

786.   Denied.

787.   The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

788.   Denied.

789.   The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Chad Hansen participated in college football as a student-athlete at the University of California, Berkeley from 2014 to 2016, during which the University of California, Berkeley was not a member of the ACC.  Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

790.   The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

791.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

792.   The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

793.    The ACC admits that University of California, Berkeley was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

794.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

795.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

796.    Denied.

797.    Denied.

798.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

799.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

800.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

801.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

802.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

803.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

804.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

805.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

806.    Denied.

807.    Denied.

808.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

809.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

810.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

811.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

812.    The ACC admits that the University of Georgia was a member of the SEC for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

813.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

814.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

815.    Denied.

816.    Denied.

817.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

818.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

819.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

820.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

821.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

822.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

823.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

824.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

825.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

826.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

827.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

828.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "restrictive policies." Except as expressly admitted, the ACC denies the allegations of this paragraph.

829.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

830.    Denied.

831.    Denied.

832.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Chazz Surratt participated in college football as a student-athlete at the University of North Carolina from 2016 to 2020. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

833.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

834.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

835.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

836.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

837.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

838.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

839.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Surratt was named to First Team All-ACC Honors in 2019 and 2020 and named Runner-up for ACC defensive Player of the Year in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

840.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

841.    The ACC admits that Surratt was named ACC Linebacker of the Week twice in 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

842.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

843.    The ACC admits that it distributed revenue among its member schools in 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

844.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

845.    Denied.

846.    Denied.

847.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Chris McMahon participated in college baseball as a student-athlete at the University of Miami from 2018 to 2020. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

848.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

849.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

850.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

851.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

852.    The ACC admits that the University of Miami has been a member of the ACC and that certain University of Miami baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

853.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

854.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

855.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

856.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

857.    Denied.

858.    Denied.

859.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that CJ Van Eyk participated in college baseball as a student-athlete at Florida State University from 2017 to 2020. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

860.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

861.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

862.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

863.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

864.    The ACC admits that Van Eyk was awarded ACC All-Freshman Team Honors in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

865.    The ACC admits that Van Eyk was awarded Third Team All-ACC Honors in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

866.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

867.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

868.    The ACC admits that certain Florida State University baseball games have been broadcast on networks including ESPN and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2019–2020 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

869.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

870.    Denied.

871.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

872.    Denied.

873.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Colby Parkinson participated in college football as a student-athlete at Stanford University from 2017 to 2019, during which Stanford was not a member of the ACC.  Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

874.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

875.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

876.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

877.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

878.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

879.    The ACC admits that Stanford University was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

880.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

881.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

882.    Denied.

883.    Denied.

884.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

885.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

886.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

887.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

888.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

889.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

890.   The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

891.   Denied.

892.   Denied.

893.   The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

894.   The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

895.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

896.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

897.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

898.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

899.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

900.    The ACC admits that the University of Alabama was a member of the SEC for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

901.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

902.    The ACC denies that any Plaintiff provided "labor" by participating in college athletics. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

903.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

904.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

905.    Denied.

906.    Denied.

907.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

908.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

909.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

910.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

911.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

912.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

913.    The ACC admits that Boise State has been a member of the Mountain West Conference. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

914.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

915.    Denied.

916.    Denied.

917.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

918.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

919.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

920.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

921.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

922.    The ACC admits that Texas Tech University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

923.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

924.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "restrictions placed by coaching staff" at Texas Tech. Except as expressly admitted, the ACC denies the allegations of this paragraph.

925.    Denied.

926.    Denied.

927.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

928.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

929.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

930.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

931.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

932.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

933.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

934.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

935.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

936.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

937.    Denied.

938.    The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

939.    Denied.

940.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

941.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

942.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

943.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

944.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

945.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

946.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

947.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

948.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

949.    Denied.

950.    Denied.

951.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

952.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

953.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

954.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

955.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

956.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

957.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

958.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

959.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

960.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

961.    Denied.

962.    Denied.

963.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

964.   The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

965.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

966.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

967.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

968.   The ACC admits that the University of Mississippi was a member of the SEC for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

969.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

970.   The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

971.   The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

972.    Denied.

973.    Denied.

974.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

975.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

976.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

977.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

978.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

979.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

980.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

981.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

982.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

983.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

984.    Denied.

985.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

986.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

987.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

988.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

989.    The ACC admits that the University of Michigan has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

990.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

991.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

992.    The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

993.    Denied.

994.    Denied.

995.    The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Dorian O'Daniel participated in college football as a student-athlete at Clemson University from 2013 to 2018. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

996.    The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

997.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

998.    The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

999.    The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1000.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1001.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1002.  The ACC admits that O'Daniel was named Second-Team All-ACC honors in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1003.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1004.  The ACC admits that certain Clemson University football games may have been broadcast on networks including ESPN. The ACC further admits that it distributed revenue among its member schools for the 2017–2018 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1005.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1006.  Denied.

1007.  Denied.

1008.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1009.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1010.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1011.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1012.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1013.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1014.  The ACC admits that the University of Missouri was a member of the SEC for a certain period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1015.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1016.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1017.  Denied.

1018.  Denied.

1019.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1020.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1021.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1022.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1023.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1024.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1025.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1026.  ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1027.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1028.  Denied.

1029.  Denied.

1030.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1031.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1032.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1033.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1034.  The denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1035.  The ACC admits that the University of Alabama was a member of the SEC for a certain period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1036.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1037.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1038.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1039.  Denied.

1040.  Denied.

1041.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Erick Hallett II participated in college football as a student-athlete at the University of Pittsburgh from 2018 to 2022. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1042.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1043.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1044.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Hallett received Honorable Mention All-ACC Honors in 2021.The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1045.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1046.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1047.  The ACC admits that certain University of Pittsburgh football games may have been broadcast on networks including ESPN, ABC, and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1048.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1049.  Denied.

1050.  Denied.

1051.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1052.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1053.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1054.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1055.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1056.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1057.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1058.  The ACC admits that the University of Kansas has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1059.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1060.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1061.  Denied.

1062.  Denied.

1063.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1064.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1065.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1066.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1067.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1068.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1069.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1070.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1071.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1072. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1073. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1074. Denied.

1075. Denied.

1076. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1077. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1078. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1079. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1080. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1081.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1082.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1083.  The ACC admits that the University of Oklahoma was a member of the Big 12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1084.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1085.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1086.  Denied.

1087.  Denied.

1088.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Gavin Cross participated in college baseball as a student-athlete at Virginia Tech from 2020 to 2022. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1089.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1090.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1091.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1092.  The ACC admits that Cross was named to the All-ACC First Team and was an ACC All-Freshman selection in 2020. ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1093.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1094.  The ACC admits that Cross was named First Team All-ACC honors in 2022. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1095.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1096.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1097.  The ACC admits that certain Virginia Tech baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1098.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1099.  Denied.

1100.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1101.  Denied.

1102.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1103.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1104.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1105.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1106.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1107.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1108.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1109.  The ACC admits that Penn State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1110.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1111.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1112.  Denied.

1113.  Denied.

1114.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Griffin Conine participated in college baseball as a student-athlete at Duke University from 2016 to 2018. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1115.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1116.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1117.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1118.  The ACC admits that Conine was named Second-Team All-ACC Honors in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1119.  The ACC admits that Conine was named Second-Team All-ACC Honors in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1120.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1121.  The ACC admits that certain Duke University baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2016–2017 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1122.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1123.  Denied.

1124.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1125.  Denied.

1126.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Hayden Howerton participated in college football as a student-athlete at SMU from 2017 to 2021, during which SMU was not a member of the

ACC.  Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1127.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1128.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1129.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1130.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1131.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1132.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1133.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1134.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1135.  Denied.

1136.  Denied.

1137.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1138.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1139.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1140.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1141.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1142.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1143.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1144.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1145.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of

this paragraph.

1146. Denied.

1147. Denied.

1148. The ACC denies that it engaged in "illegal conduct." The ACC further

denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1149. The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1150. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1151. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1152. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1153. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1154. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1155.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1156.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1157.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1158.  Denied.

1159.  Denied.

1160.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1161.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1162.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1163.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1164.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1165.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1166.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1167.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1168.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1169.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1170.  Denied.

1171.  Denied.

1172.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC admits that Hunter Long
participated in college football as a student-athlete at Boston College from 2017 to
2020. Except as expressly admitted, the ACC denies the remaining allegations of this
paragraph.

1173.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1174.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1175.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1176.  The ACC admits that Boston College has been a member of the ACC and
that certain Boston College football games may have been broadcast on networks
including ABC and ESPN. The ACC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the ACC denies the allegations of this paragraph.

1177.  The ACC admits that it distributed revenue among its member schools in
2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations in this paragraph.

1178.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of

this paragraph.

1179.  Denied.

1180.  Denied.

1181.  The ACC denies that it engaged in "illegal conduct." The ACC further

denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1182.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1183.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1184.  The ACC denies that any plaintiff had a "job" as a college athlete. The

ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

1185.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1186.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1187.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1188.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1189.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1190.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1191.  Denied.

1192.  Denied.

1193.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1194.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1195.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1196.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1197.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1198.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1199.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1200.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1201.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1202.  Denied.

1203.  Denied.

1204.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1205.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1206.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1207.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1208.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1209.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1210.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1211.  Denied.

1212.  Denied.

1213.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1214.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1215.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1216.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1217.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1218.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1219.  The ACC admits that UCLA was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1220.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1221.  Denied.

1222.  Denied.

1223.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1224.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1225.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1226.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1227.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1228.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1229.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1230.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1231.  The ACC admits that the University of Washington was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1232.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1233.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1234.  Denied.

1235.  Denied.

1236.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1237.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1238.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1239.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1240.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1241.  The ACC admits that the University of Georgia was a member of the SEC for a period of time. The ACC further admits that the University of Georgia played in the 2017 College Football Playoff National Championship. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1242.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1243.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1244.  Denied.

1245.  Denied.

1246.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Jake McCarthy participated in college football as a student-athlete at the University of Virginia from 2016 to 2018. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1247.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1248.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1249.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1250.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1251.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1252.  The ACC admits that certain University of Virginia baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the fiscal year 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1253.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1254.  Denied.

1255.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1256.  Denied.

1257.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Jake Benzinger participated in college football as a student-athlete at Wake Forest University from 2015 to 2019. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1258.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1259.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1260.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1261.  The ACC admits that Benzinger was named to the All-ACC Academic Team in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1262.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1263.  The ACC admits that certain Wake Forest University football games may have been broadcast on networks including ESPN and the ACC Network. The ACC further admits that it distributed revenue among its member schools in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1264.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1265.  Denied.

1266.  Denied.

1267.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Jake Curhan participated in college football as a student-athlete at the University of California, Berkeley from 2016 to 2020, during which the University of California, Berkeley was not a member of the ACC.  Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1268.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1269.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1270.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1271.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1272.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1273.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1274.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1275.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1276.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1277.  Denied.

1278.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1279.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1280.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1281.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1282.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1283.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1284.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1285.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1286.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1287.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are an

"unlawful restriction." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1288.  Denied.

1289.  Denied.

1290.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1291.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1292.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1293.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1294.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1295.  The ACC admits that the University of Indiana has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1296.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

1297.  Denied.

1298.  Denied.

1299.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1300.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1301.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1302.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1303.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1304.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1305.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1306.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1307.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1308.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1309.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1310.  Denied.

1311.  Denied.

1312.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1313.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1314.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1315.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1316.  The ACC denies that any Plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of remaining allegations in this paragraph.

1317.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1318.  The ACC admits that the University of Wisconsin has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1319.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1320.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1321.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1322.  Denied.

1323.  Denied.

1324.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1325.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1326.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1327.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1328.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1329.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1330.  Denied.

1331.  Denied.

1332.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1333.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1334.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1335.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1336.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1337.  The ACC admits that Penn State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1338.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1339.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1340.  Denied.

1341.  Denied.

1342.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1343.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1344.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1345.  Denied.

1346.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1347.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1348.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1349.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1350.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1351.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1352.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1353.  Denied.

1354.  Denied.

1355.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1356.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1357.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1358.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1359.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1360.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1361.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1362.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1363.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1364.  Denied.

1365.  Denied.

1366.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1367.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1368.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1369.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1370.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1371.  The ACC admits that Oregon State University has been a member of the Pac-12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1372.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1373.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1374.  Denied.

1375.  Denied.

1376.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1377.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1378.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1379.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1380.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1381.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1382.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1383.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1384.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1385.  Denied.

1386.  Denied.

1387.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that James Morrissey participated in college football as a student-athlete at the University of Pittsburgh from 2016 to 2020. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1388.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1389.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1390.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Morrissey was awarded ACC Offensive Lineman of the Week and named to Third Team All-ACC in 2018. The ACC further admits that Morrissey was named to First Team All-ACC in 2019 and 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1391.  The ACC admits that the University of Pittsburgh has been a member of the ACC and that certain University of Pittsburgh football games may have been broadcast on networks including ABC and ESPN. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1392.  The ACC admits that it distributed revenue among its member schools in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1393.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1394.  Denied.

1395.  Denied.

1396.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1397.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1398.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1399.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1400.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1401.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1402.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1403.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

1404.  Denied.

1405.  Denied.

1406.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1407.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1408.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1409.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1410.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1411.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1412.  The ACC admits that the University of Kentucky was a member of the SEC for a period of time. The ACC further admits that UCLA was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1413.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1414.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1415.  Denied.

1416.  Denied.

1417.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1418.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1419.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1420.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1421.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1422.  The ACC admits that the University of Kentucky was a member of the SEC for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1423.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1424.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1425.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1426.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1427.  Denied.

1428.  Denied.

1429.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that John Wolford participated in college football as a student-athlete at Wake Forest University from 2014 to 2017. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1430.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1431.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1432.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Wolford was awarded ACC All-Academic Team in 2014 and 2015 and ACC Academic Honor Roll in 2014. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1433.  The ACC admits that Wolford was awarded ACC All-Academic Team in 2016. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1434.  The ACC admits that Wolford was awarded Second Team All-ACC Honors, ACC Offensive Back of the Week twice, and All-ACC Academic Team in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1435.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1436.  The ACC admits that certain Wake Forest University football games may been broadcast on networks including ESPN. The ACC further admits that it distributed revenue among its member schools in 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1437.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of

this paragraph.

1438. Denied.

1439. Denied.

1440. The ACC denies that it engaged in "illegal conduct." The ACC further

denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1441. The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1442. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1443. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1444. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1445. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1446. The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1447.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

1448.  Denied.

1449.  The ACC admits that certain NCAA rules previously established limitations
on the number of scholarships that an institution could provide to student-athletes
participating in certain college sports. The ACC denies that these rules are a "collusive,
artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations of this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

1450.  Denied.

1451.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1452.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1453.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1454.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1455.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1456.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1457.  The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1458.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1459.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1460.  Denied.

1461.  Denied.

1462.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that JJ Arcega-Whiteside participated in college football as a student-athlete at Stanford University from 2015 to 2018, during which Stanford was

not a member of the ACC. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1463.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1464.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1465.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1466.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1467.  The ACC admits that Stanford University was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1468.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1469.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1470.  Denied.

1471.  Denied.

1472.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1473.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1474.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1475.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1476.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1477.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1478.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1479.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1480.  Denied.

1481.  Denied.

1482.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1483.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1484.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1485.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1486.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1487.  The ACC admits that the Louisiana State University was a member of the SEC during a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1488.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1489.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1490.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1491.  Denied.

1492.  Denied.

1493.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1494.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1495.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1496.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1497.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1498.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1499.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1500.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1501.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1502.  Denied.

1503.  Denied.

1504.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1505.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1506.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1507.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1508.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1509.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1510.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1511.  Denied.

1512.  Denied.

1513.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1514.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1515.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1516.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1517.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1518.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1519.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1520.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1521.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1522.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1523.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1524. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful rules." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1525. Denied.

1526. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Kathryn Westbeld participated in college basketball as a student-athlete at the University of Notre Dame from 2014 to 2018. Except as expressly admitted, the ACC denies the remaining allegations of this paragraph.

1527. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1528. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1529. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1530. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1531. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1532.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1533.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1534.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1535.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1536.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1537.  The ACC admits that certain University of Notre Dame basketball games may have been broadcast on networks including ESPN and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2018 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1538.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1539.  Denied.

1540.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1541.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1542.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1543.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1544.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1545.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1546.  The ACC admits that Texas A&M was a member of the SEC for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1547.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1548.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1549.  Denied.

1550.  Denied.

1551.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Keir Thomas participated in college football as a student-athlete at Florida State University in 2021. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1552.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1553.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1554.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1555.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1556.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1557.  The ACC admits that certain Florida State University football games may have been broadcast on networks including ESPN, ABC, and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2021–2022 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1558.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1559.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1560.  Denied.

1561.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1562.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1563.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1564.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1565.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1566.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1567.  The ACC admits that Oregon State University has been a member of the Pac-12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1568.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1569.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1570.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1571.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1572.  Denied.

1573.  Denied.

1574.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that KJ Costello participated in college football as a student-athlete at Stanford University from 2016 to 2019, during which Stanford was not a member of the ACC. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1575.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1576.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1577.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1578.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1579.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1580.  The ACC admits that Mississippi State University was a member of the SEC during the time Costello was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1581.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1582.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1583.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1584.  Denied.

1585.  Denied.

1586.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1587.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1588.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1589.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1590.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1591.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1592.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1593.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1594.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1595.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restraints." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1596.  Denied.

1597.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1598.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1599.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1600.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1601.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1602.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1603.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1604.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1605.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1606.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1607.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1608.  Denied.

1609.  Denied.

1610.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1611.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1612.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1613.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1614.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1615.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1616.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1617.  The ACC admits that Baylor University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1618.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations in this paragraph.

1619.  Denied.

1620.  Denied.

1621.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1622.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1623.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1624.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1625.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1626.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1627.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1628.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1629.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1630.  Denied.

1631.  Denied.

1632.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1633. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1634. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1635. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1636. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1637. The ACC admits that Washington State University has been a member of the Pac-12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1638. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1639. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1640.  Denied.

1641.  Denied.

1642.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Mat Nelson participated in college baseball as a student-athlete at Florida State University from 2018 to 2021. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1643.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1644.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1645.  The ACC admits that Nelson earned ACC Academic Honor Roll and All-ACC Academic Team honors during his time at Florida State University. Except as expressly admitted, the ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1646.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1647.  The ACC further admits that Nelson was named the ACC Player of the Year and selected to First Team All-ACC. Except as expressly admitted, the ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1648.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1649.  The ACC admits that certain Florida State University baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2020–2021 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1650.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1651.  Denied.

1652.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1653.  Denied.

1654.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1655.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1656.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1657.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1658.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1659.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1660.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1661.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1662.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1663.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1664.  Denied.

1665.  Denied.

1666.   The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1667.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1668.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1669.   The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1670.  The ACC admits that UCLA was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1671.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1672. The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules were "illegal and unfair restraints." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1673. Denied.

1674. Denied.

1675. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1676. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1677. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1678. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1679. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1680.  The ACC admits that Ohio State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1681.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1682.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1683.  Denied.

1684.  Denied.

1685.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1686.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1687.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1688. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1689. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1690. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1691. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1692. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1693. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1694. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1695. Denied.

1696. Denied.

1697. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Michael Wilson participated in college football as a student-athlete at Stanford University from 2018 to 2022, during which Stanford was not

a member of the ACC.  Except as expressly admitted, the ACC denies the remaining
allegations in this paragraph.

1698.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1699.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1700.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1701.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1702.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1703.  The ACC admits that Stanford University was a member of the Pac-12 for
a period of time. The ACC lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

1704.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1705.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1706.  Denied.

1707.  Denied.

1708.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1709.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1710.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1711.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1712.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1713.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1714.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1715. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1716. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1717. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1718. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1719. Denied.

1720. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1721. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1722. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1723. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1724.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1725.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1726.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1727.  The ACC admits that Oregon State University has been a member of the Pac-12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1728.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1729.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1730.  Denied.

1731.  Denied.

1732.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1733.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1734.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1735.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1736.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1737.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1738.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1739.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1740.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1741.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1742.  Denied.

1743.  Denied.

1744.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1745.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1746.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1747.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1748.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1749.  The ACC admits that the University of Colorado was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1750.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1751.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1752.  Denied.

1753.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1754.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1755.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1756.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1757.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1758.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1759.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1760.  Denied.

1761.  Denied.

1762.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1763.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1764.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1765.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1766.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1767.  The ACC admits that the University of Georgia was a member of the SEC during the time Dean was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1768.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1769.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1770.  Denied.

1771.  Denied.

1772.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Nate Savino participated in college baseball as a student-athlete at the University of Virginia from 2020 to 2022. Except as expressly admitted, the ACC denies the remaining allegations in this paragraph.

1773.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1774.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1775.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1776.  The ACC admits that Savino was included on the ACC All-Academic Team and on the ACC Academic Honor Roll during his time at the University of Virginia. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1777.  The ACC admits that Savino was named ACC Pitcher of the week during his time at the University of Virginia. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1778.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1779.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1780.  The ACC admits that certain University of Virginia baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools for the 2021–2022 season. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

1781.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1782.  Denied.

1783.  Denied.

1784.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1785.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1786.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1787.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1788.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1789.  The ACC admits that Baylor University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1790.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1791.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1792.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1793.  Denied.

1794.  Denied.

1795.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Nick Swiney participated in college baseball at North Carolina State University from 2018 to 2020. Except as expressly admitted, the ACC denies the remaining allegations in this paragraph.

1796.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1797.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1798.  The ACC denies that any plaintiff had a "job" as a college athlete.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1799.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1800.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1801.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1802.  The ACC admits that certain NC State baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools during the 2019–2020 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1803.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1804.  Denied.

1805.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1806.  Denied.

1807.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Parker Messick participated in college baseball as a student-athlete at Florida State University from 2019 to 2022. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1808.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1809.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1810.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1811.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that Messick won the ACC Pitcher of the Year and ACC Freshman of the Year awards and earned First-Team All-ACC and Freshman All-ACC recognition during his time at Florida State University. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1812.  The ACC admits that Messick earned First-Team All-ACC recognition during his time at Florida State University. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1813.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1814.  The ACC admits that Florida State University has been a member of the ACC. The ACC further admits that certain Florida State University baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1815.  The ACC admits that it distributed revenue among its member schools for the 2022 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1816.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1817.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1818.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1819.  Denied.

1820.  Denied.

1821.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1822.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1823.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1824.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1825.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1826.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1827.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1828.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1829.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1830.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1831.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1832.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1833.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1834.  Denied.

1835.  Denied.

1836.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1837.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1838.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1839.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1840.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1841.  The ACC admits that the University of Michigan has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1842. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1843. Denied.

1844. Denied.

1845. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1846. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1847. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1848. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1849. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1850.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1851.  Denied.

1852.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1853.  Denied.

1854.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1855.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1856.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1857.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1858.  The ACC admits that Baylor University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1859.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1860.  Denied.

1861.  Denied.

1862.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1863.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1864.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1865. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1866. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1867. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1868. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1869. The ACC admits that the University of Mississippi was a member of the SEC during the time Rolison was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1870. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1871. Denied.

1872. The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1873.  Denied.

1874.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1875.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1876.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1877.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1878.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1879.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1880.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1881.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1882.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1883.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1884.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1885.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1886.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1887.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1888.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1889.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1890.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1891.  Denied.

1892.  Denied.

1893.  The ACC denies that it engaged in "illegal conduct." The ACC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

1894.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1895.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1896.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1897.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph.

1898.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph.

1899.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1900.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1901.  The ACC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1902.  Denied.

1903.  Denied.

1904.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Sean Hjelle participated in college baseball as a student-athlete at the University of Kentucky from 2015 to 2018. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1905.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1906.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1907.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1908.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1909.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1910.   . The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1911.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1912.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1913.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1914.  Denied.

1915.  Denied.

1916.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1917.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1918.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1919.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1920.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1921.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1922.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1923.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1924.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1925.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1926.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1927.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1928.  Denied.

1929.  Denied.

1930.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1931.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1932.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1933.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1934.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1935.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1936.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1937.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1938.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1939.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1940.  Denied.

1941.  Denied.

1942.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1943.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1944.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1945.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1946.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1947.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1948.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1949.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1950.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1951.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1952.  Denied.

1953.  Denied.

1954.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1955.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1956.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1957.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1958.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1959.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1960.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1961.  The ACC admits that Baylor University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1962.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1963.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1964.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1965.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1966.  Denied.

1967.  Denied.

1968.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1969.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1970.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1971.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1972.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1973.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1974.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1975.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1976.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1977.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1978.  The ACC lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1979.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1980.  Denied.

1981.  Denied.

1982.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Slade

Cecconi participated in college baseball as a student-athlete at the University of Miami from 2018 to 2020. Except as expressly admitted, The ACC denies the remaining allegations in this paragraph.

1983.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1984.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1985.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1986.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1987.  The ACC admits that the University of Miami has been a member of the ACC. The ACC further admits that certain University of Miami baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1988.  The ACC admits that it distributed revenue among its member schools for the 2019 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1989.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

1990.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

1991.  Denied.

1992.  Denied.

1993.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1994.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1995.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1996.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1997.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1998.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1999.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2000.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2001.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2002.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2003.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2004.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2005.  Denied.

2006.  Denied.

2007.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2008.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2009.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2010.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2011.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2012.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2013.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2014.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2015. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2016. Denied.

2017. Denied.

2018. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2019. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2021. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2022. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2023.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2024.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2025.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2026.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2027.  Denied.

2028.  Denied.

2029.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2030.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2031.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2032.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2033.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2034.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2035.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2036.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2037.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2038.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2039.  Denied.

2040.  Denied.

2041.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2042.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2043.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2044.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2045.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2046.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2047.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2048.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2049.  Denied.

2050.  Denied.

2051.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2052.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2053.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2054.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2055.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2056.  The ACC admits that Penn State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2057.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2058.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2059. Denied.

2060. Denied.

2061. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Trenton Simpson ("Simpson") participated in college football at Clemson University from 2020 to 2022. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2062. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2063. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2064. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2065. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2066. The ACC admits that Simpson was named to the All-ACC Academic Team during his time at Clemson. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2067.  The ACC admits that Simpson was a Third Team All-ACC selection and an All-ACC Academic Team selection and received Third Team All-ACC honors. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2068.  The ACC admits that Simpson was an Academic All-ACC selection. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of the paragraph.

2069.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2070.  The ACC admits that certain Clemson football games may have been broadcast on networks including ACC network and ESPN. The ACC further admits that it distributed revenue among its member schools in 2022. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2071.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2072.  Denied.

2073.  Denied.

2074.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2075.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2076.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2077.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2078.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2079.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2080.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2081.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2082.  Denied.

2083.  Denied.

2084.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2085.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2086.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2087.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2088.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2089.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2090.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2091.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2092.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2093.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2094.  Denied.

2095.  Denied.

2096.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Tyler Baum ("Baum") participated in college baseball at the University of North Carolina from 2017 to 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2097.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2098.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2099.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2100.  The ACC admits that Baum received All-ACC honors during his time at the University of North Carolina. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2101.  The ACC admits that the University of North Carolina has been a member of the ACC. The ACC further admits that certain North Carolina baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2102.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2103.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2104.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2105.  Denied.

2106.  Denied.

2107.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Tyree St. Louis ("St. Louis") participated in college football at the University of Miami from 2015 to 2018. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2108.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2109.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2110.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2111.  The ACC admits that St. Louis received an All-ACC Honorable Mention. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2112.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2113.  The ACC admits that certain University of Miami football games may have been broadcast on networks including ESPN and the ACC Network. The ACC further admits that it distributed revenue among its member schools in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2114.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2115.  Denied.

2116.  Denied.

2117.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Based on publicly available information, the ACC admits that Valentino Daltoso participated in college football at the University of California, Berkeley from 2017 to 2021, during which the University of California, Berkeley was not a member of the ACC.  Except as expressly admitted, the ACC denies the allegations in this paragraph.

2118.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2119.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2120.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2121.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2122.  The ACC admits that the University of California, Berkeley was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2123.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2124.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2125.  Denied.

2126.  Denied.

2127.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Will Levis ("Levis") participated in college football as a student-athlete at the University of

Kentucky. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2128.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2129.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2130.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2131.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2132.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2133.  The ACC admits that the University of Kentucky was a member of the ACC during the time Levis was enrolled there and that certain University of Kentucky football games may have been broadcast on networks including ABC and ESPN. The ACC further admits that Penn State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2134.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2135.  The ACC admits that it distributed revenue among its member schools for the 2021–2022 fiscal year. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2136.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2137.  Denied.

2138.  Denied.

2139.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2140.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2141.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2142.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2143.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2144.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2145.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2146.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2147.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2148.  Denied.

2149.  Denied.

2150.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2151.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2152.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2153.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2154.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2155.  The ACC admits that Penn State University has been a member of the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2156.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2157.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2158.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2159.  Denied.

2160.  Denied.

2161.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2162.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2163.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2164.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2165.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2166.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2167.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2168.  The ACC admits that the University of Michigan has been a member of the
Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2169.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2170.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2171.  Denied.

2172.  Denied.

2173.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2174.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2175.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2176.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2177.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2178.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2179.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2180.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2181.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2182.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2183.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2184.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2185.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2186.  Denied.

2187.  Denied.

2188.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Zachary Gelof ("Gelof") participated in college baseball at the University of Virginia from 2019 to 2021.  Except as expressly admitted, the ACC denies the allegations of this paragraph.

2189.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2190.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2191.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2192.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2193.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2194.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2195.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2196.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2197.  The ACC admits that Gelof received ACC All-Tournament honors during his time at Virginia. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2198.  The ACC admits that Gelof received Second Team All-ACC honors during his time at Virginia. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2199.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2200.  The ACC admits that certain University of Virginia baseball games may have been broadcast on networks including ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools in 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2201.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2202.  Denied.

2203.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2204.  Denied.

2205.  The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2206.  Denied.

2207.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2208.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2209.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2210. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2211. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2212. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2213. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2214. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2215. Denied.

2216. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2217. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2218. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2219.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2220.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2221.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2222.  Denied.

2223.  Denied.

2224.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2225.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2226.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2227.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2228.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2229.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2230.  Denied.

2231.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2232.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2233.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2234.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2235.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2236.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "anticompetitive rules." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2237.  Denied.

2238.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2239.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2240.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2241.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2242.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2243.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2244.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2245.  Denied.

2246.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2247.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2248.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2249.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2250.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2251.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive rules." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2252.  Denied.

2253.  Denied.

2254.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2255.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2256.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2257.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2258.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2259.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2260.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2261.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful, anticompetitive restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2262.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2263.  Denied.

2264.  Denied.

2265.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2266.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2267.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2268.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2269.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2270.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2271.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2272.  Denied.

2273.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2274.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2275.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2276.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2277.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2278.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2279.  Denied.

2280.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2281.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2282.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2283.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2284.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2285.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2286.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2287.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2288.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2289.  Denied.

2290.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2291.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2292.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2293.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2294.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2295.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2296.  Denied.

2297.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2298.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2299.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2300.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2301.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2302.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2303.  Denied.

2304.  Denied.

2305.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2306.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2307.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2308.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2309.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2310.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2311.  Denied.

2312.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2313.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2314.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2315.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2316.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"anticompetitive . . . restrictions." Except as expressly admitted, the ACC denies the
allegations of this paragraph.

2317.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

2318.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2319.  Denied.

2320.  Denied.

2321.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
of the paragraph.

2322.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2323.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2324.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2325.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2326.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of
this paragraph.

2327.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2328.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2329.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2330.  Denied.

2331.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2332.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2333.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2334.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2335.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2336.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2337.  Denied.

2338.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2339.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2340.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2341.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2342.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2343.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2344.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are

"illegal," "anticompetitive," or "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2345.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2346.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2347.  Denied.

2348.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2349.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2350.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2351.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2352.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2353.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2354.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2355.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2356.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the paragraph.

2357.  Denied.

2358.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2359.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2360.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2361.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2362. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2363. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2364. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive . . . restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2365. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2366. Denied.

2367. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2368. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2369. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2370.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2371.  The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2372.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2373.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2374.  Denied.

2375.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2376.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2377.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2378.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2379.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2380.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2381.  Denied.

2382.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2383.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2384.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2385.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2386.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2387.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2388.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2389.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2390.  The ACC denies that NCAA rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "unlawful restrictions." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2391.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2392.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2393.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2394.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2395.  The ACC denies that any plaintiff "worked" as a college athlete. The ACC further denies that the NCAA's rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "anticompetitive" or "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2396.  Denied.

2397.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2398.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2399.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2400.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2401.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2402.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2403.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2404.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC denies that the NCAA rules referenced in this paragraph are
"unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the ACC
denies the allegations of this paragraph.

2405.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2406.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2407.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2408.  Denied.

2409.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
of the paragraph.

2410.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2411.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2412.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2413.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2414.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2415.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2416.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2417.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2418.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2419.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2420.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2421.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2422.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2423.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2424.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2425.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2426.  The ACC admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The ACC lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2427.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2428.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2429.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2430.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2431.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2432.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2433.  Denied.

2434.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2435.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2436.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2437.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2438.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2439.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2440.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2441.  The ACC admits that it issued interim guidance on July 1, 2021, that permitted certain NIL activities. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2442.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2443.  Denied.

2444.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2445.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2446.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2447.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2448.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2449.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2450.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2451.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2452.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2453.  The ACC admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The ACC lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2454.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2455.  Denied.

2456.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2457.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2458.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2459.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2460.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2461.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2462.  Denied.

2463.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2464.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2465.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2466.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2467. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2468. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "anticompetitive" or "unlawful" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2469. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2470. Denied.

2471. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2472. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2473. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2474. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2475.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2476.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2477.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions" Except as expressly admitted, the ACC denies the allegations of this paragraph.

2478.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2479.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2480.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2481.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2482.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2483.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2484.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2485.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2486.  Denied.

2487.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2488.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2489.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2490.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2491.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2492.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2493.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2494.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2495.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2496.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2497.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2498.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2499.  Denied.

2500.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2501.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2502.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2503.  The ACC admits that LSU has been a member of the ACC and has competed for national championships in a variety of sports. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2504.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2505.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2506.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2507.  Denied.

2508.  Denied.

2509.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2510.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2511.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2512.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the allegations in this paragraph.

2513.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2514.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2515.  Denied.

2516.  Denied.

2517.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2518.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2519.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2520.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2521.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2522.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2523.  Denied.

2524.  Denied.

2525.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2526.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2527.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2528.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2529.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2530.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2531.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2532.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2533.  Denied.

2534.  Denied.

2535.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2536.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2537.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2538.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that the University of Nebraska has competed in the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2539.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2540.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2541.  Denied.

2542.  Denied.

2543.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2544.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2545.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2546.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC admits that Ohio State University has competed in the Big Ten. The ACC lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the ACC denies
the allegations of this paragraph.

2547.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2548.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

2549.  Denied.

2550.  Denied.

2551.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2552.  The ACC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2553.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2554.  The ACC denies that any plaintiff had a "job" as a college athlete. The
ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2555.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2556.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2557.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

2558.  Denied.

2559.  Denied.

2560.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2561. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2562. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2563. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC admits that West Virginia University has competed in the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2564. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2565. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2566. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2567. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2568. Denied.

2569.  Denied.

2570.  The ACC denies that it engaged in "illegal conduct." The ACC further

denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

2571.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

2572.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2573.  The ACC denies that any plaintiff had a "job" as a college athlete. The

ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

2574.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2575.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2576.  The ACC admits that West Virginia University has competed in the Big 12.

The ACC lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in this paragraph. Except as expressly admitted, the

ACC denies the allegations in this paragraph.

2577.  The ACC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly

admitted, the ACC denies the allegations in this paragraph.

2578.  Denied.

2579.  Denied.

2580.  The ACC denies that it engaged in "illegal conduct." The ACC further

denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

2581.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

2582.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2583.  The ACC denies that any plaintiff had a "job" as a college athlete. The

ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

2584.  The ACC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2585.  The ACC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the ACC denies the allegations of this

paragraph.

2586.  Denied.

2587.  Denied.

2588.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2589.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2590.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2591.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2592.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2593.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2594.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2595.  Denied.

2596.  Denied.

2597.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2598.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2599.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2600.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2601.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2602.  The ACC admits that the University of Kentucky was a member of the SEC during the time that Dontaie Allen was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2603.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2604.  Denied.

2605.  Denied.

2606.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2607.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2608.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2609.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2610.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2611.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2612.  The ACC denies that any plaintiff "work[ed]" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2613.  Denied.

2614.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2615.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2616.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2617.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2618.  The ACC denies that any plaintiff "work[ed]" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2619.  The ACC admits that the University of Kentucky is a member of the SEC, West Virginia University has been a member of the Big 12, and that the University of Texas was a member of the Big 12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2620.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2621.  Denied.

2622.  Denied.

2623.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2624.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2625.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2626.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2627.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2628.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2629.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2630.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the ACC denies

the allegations of this paragraph.

2631.  Denied.

2632.  Denied.

2633.  The ACC denies that it engaged in "illegal conduct." The ACC further denies

that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations in this

paragraph.

2634.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the

ACC denies the allegations in this paragraph.

2635.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2636.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the ACC denies

the allegations in this paragraph.

2637.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2638.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2639.  Denied.

2640.  Denied.

2641.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2642.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2643.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2644.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2645.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2646.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2647.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2648.  Denied.

2649.  Denied.

2650.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2651.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2652.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2653.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2654.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2655.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2656.  Denied.

2657.  Denied.

2658.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2659.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2660.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2661.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC admits that Ohio State University has competed in the Big Ten. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2662.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2663.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2664.  Denied.

2665.  Denied.

2666.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2667. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2668. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2669. The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2670. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2671. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2672. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2673. Denied.

2674.  Denied.

2675.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2676.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2677.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2678.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2679.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2680.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2681.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2682.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2683.  Denied.

2684.  Denied.

2685.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2686.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2687.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2688.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2689.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2690.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2691.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2692.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2693.  Denied.

2694.  Denied.

2695.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2696.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2697.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2698.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2699.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2700.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2701.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2702.  Denied.

2703.  Denied.

2704.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Matt Cross ("Cross") participated in college basketball as a student-athlete at the University of Miami from 2020 through 2021, the University of Louisville from 2021 through 2022, and the Southern Methodist University from 2024 to 2025. The ACC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2705.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2706.  The ACC admits that Cross participated in college basketball as a student-athlete at Miami from 2020 to 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2707.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC admits that Cross played college basketball as a freshman at Miami from 2020 to 2021, as a sophomore at Louisville from 2021 to 2022, and as a fifth year at SMU from 2024 to 2025. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2708.  The ACC admits that Miami, Louisville, and SMU were members of the ACC during the years that Cross was enrolled at each respective institution, that certain Miami, Louisville, and SMU basketball games may have been broadcast on television, and that the ACC member schools received revenue distributions from the ACC pursuant to ACC bylaws. The ACC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2709.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2710.  Denied.

2711.  Denied.

2712.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2713.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2714.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2715.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2716.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2717.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2718.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2719.  Denied.

2720.  Denied.

2721.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Nigel Johnson ("Johnson") participated in college basketball as a student-athlete at the University of Virginia ("Virginia") from 2017 to 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2722.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2723.  The ACC admits that Johnson participated in college basketball as a student-athlete at Virginia from 2017 to 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2724.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC admits that Johnson played college basketball at Virginia from 2017 to 2018. The ACC further admits that Virginia was a member of the ACC during the years that Johnson was enrolled there and that Johnson was placed on the preseason All-Conference team. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2725.  The ACC denies that any plaintiff had a "full-time occupation" or job as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2726.  The ACC admits that Virginia was a member of the ACC during the years that Johnson was enrolled there, that certain Virginia basketball games may have been broadcast on television, and that the ACC member schools received revenue distributions from the ACC pursuant to ACC bylaws. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2727.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2728.  Denied.

2729.  Denied.

2730.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Nysier Brooks ("Brooks") participated in college basketball as a student-athlete at the University of Miami from 2020 to 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2731.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2732.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2733.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC admits that the University of Miami was a member of the ACC during the years that Brooks was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2734.  The ACC admits that the University of Miami was a member of the ACC during the years that Brooks was enrolled there. The ACC further admits that certain Miami games may have been broadcast on television networks. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2735.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2736.  Denied.

2737.  Denied.

2738.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2739.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2740.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2741.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2742.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2743.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2744.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2745.  Denied.

2746.  Denied.

2747.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2748.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2749.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2750.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2751.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2752.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2753.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2754. Denied.

2755. Denied.

2756. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2757. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2758. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2759. The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2760. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2761.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2762.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2763.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2764.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2765.  Denied.

2766.  Denied.

2767.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2768.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2769.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2770.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2771.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2772.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2773.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2774.  Denied.

2775.  Denied.

2776.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2777.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2778.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2779.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2780.  The ACC denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2781.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2782.  The ACC admits that the University of Kentucky was a member of the SEC during the time that Mitchell was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2783.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2784.  Denied.

2785.  Denied.

2786.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2787.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2788.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2789.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2790.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2791.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2792.  Denied.

2793.  Denied.

2794.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2795.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2796.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2797.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2798.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2799.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2800.  Denied.

2801.  Denied.

2802.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that James Okonkwo ("Okonkwo") participated in college basketball as a student-athlete at the University of North Carolina from 2023 through 2024. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2803.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2804.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2805.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC admits that Okonkwo participated in college basketball as a student-athlete at the University of North Carolina from 2023 through 2024 and that North Carolina participated in the 2024 NCAA tournament. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2806.  The ACC admits that Okonkwo participated in college basketball as a student-athlete at the University of North Carolina from 2023 through 2024. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2807.  The ACC admits that North Carolina was a member of the ACC during the years that Okonkwo was enrolled there and that the ACC member schools received revenue distributions from the ACC pursuant to ACC bylaws. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2808.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2809.  Denied.

2810.  Denied.

2811.  The ACC denies that it engaged in "illegal conduct." The ACC further denies

that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the ACC denies the allegations in this

paragraph.

2812.  The ACC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the

ACC denies the allegations in this paragraph.

2813.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2814.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the ACC denies

the allegations in this paragraph.

2815.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2816.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2817.  The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph.

2818.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2819.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2820.  Denied.

2821.  Denied.

2822.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2823.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2824.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2825.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2826. The ACC denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2827. The ACC admits that the University of Kentucky was a member of the SEC during the time that Madelynn Scherr was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2828. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2829. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2830. Denied.

2831. Denied.

2832. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Sean "Jack" Michael

Allison ("Allison") participated in college football as a student-athlete at the University of Miami in 2016. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2833.  The ACC denies that any plaintiff provided "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2834.  The ACC admits that Allison participated in college football as a student-athlete at the University of Miami from 2016 through 2017. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2835.  The ACC admits that Allison did not play in any games during his freshman year from 2016 to 2017.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2836.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2837.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2838.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2839.  The ACC admits that Miami has been a member of the ACC and that West Virginia University has been a member of the Big 12. The ACC further admits that certain Miami games may have been broadcast on television networks like ESPN and Fox. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2840.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2841.  Denied.

2842.  Denied.

2843.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2844.  The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2845.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2846.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2847.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2848.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2849.  The ACC admits that Mississippi State University was a member of the SEC during the time that Jimmy Bell was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2850.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2851.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2852.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2853.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2854.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "illegal

restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2855.  Denied.

2856.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2857.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2858.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2859.  The ACC denies that any plaintiff's "job" was as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2860.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2861.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2862. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2863. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2864. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2865. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2866. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2867. Denied.

2868. The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC admits that Elijah Blades ("Blades") participated in college football as a student-athlete at Texas A&M University and the University of Florida ("Florida"). Except as expressly admitted, the ACC denies the allegations of this paragraph.

2869. The ACC admits that Blades participated in college football as a student-athlete at Florida. The ACC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2870. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2871. The ACC admits that Blades participated in college football as a student-athlete at Florida in 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2872. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2873. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2874. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2875. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2876. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2877. Denied.

2878.  The ACC denies that it engaged in "illegal conduct." The ACC admits that Damuzhea Bolden ("Bolden") participated in college football as a student-athlete at the University of Miami from 2019 through 2020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2879.  The ACC denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2880.  The ACC admits that Bolden participated in college football as a student-athlete at the University of Miami from 2019 through 2021. The ACC admits that Bolden earned Second-Team All-ACC recognition in 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2881.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2882.  The ACC admits that Bolden earned two ACC Defensive Back of the Week honors. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2883.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2884.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2885.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2886.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2887.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2888.  Denied.

2889.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

2890.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2891.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2892.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2893.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2894.  Denied.

2895.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" or provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2896.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2897.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2898.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2899.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2900.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2901.  Denied.

2902.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2903.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2904.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2905.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2906.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2907.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2908.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2909.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2910.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2911.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2912.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2913.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2914.  Denied.

2915.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2916. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2917. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2918. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2919. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2920. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2921. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the ACC denies the allegations of this paragraph.

2922. Denied.

2923. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2924. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2925. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2926.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2927.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2928.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2929.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2930.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the rules referenced in this paragraph are unlawful or otherwise actionable. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2931.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2932.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2933.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2934.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2935.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2936.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2937.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2938.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2939.  Denied.

2940.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2941.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2942.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2943.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2944.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2945.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2946.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2947.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2948.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2949.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2950.  Denied.

2951.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2952.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2953.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2954.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2955.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2956.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2957.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2958.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2959.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2960.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information to form a belief as to the truth or falsity

of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2961. Denied.

2962. Denied.

2963. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2964. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2965. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2966. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2967. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2968. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2969. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC further denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2970.  Denied.

2971.  The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2972.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2973.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2974.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2975.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2976.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2977.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2978.  Denied.

2979.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2980.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2981.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2982.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2983.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2984.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2985.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2986.  Denied.

2987.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2988.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2989.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2990.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2991.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2992.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2993.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

2994.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2995.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2996.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2997.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2998.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2999. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The Supreme Court case is in writing and speaks for itself. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3000.  Denied.

3001.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3002.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3003.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3004.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3005.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3006.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3007.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3008.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3009.  Denied.

3010.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3011.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3012.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3013.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3014.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3015.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3016.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3017.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3018.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3019.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3020.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3021.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3022.  Denied.

3023.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3024.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3025.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3026.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3027.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3028.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3029.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3030.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3031.  Denied.

3032.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3033.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3034.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3035.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3036.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3037.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3038.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3039.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3040.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3041.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3042.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3043.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3044.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3045.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3046.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3047.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3048.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3049.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3050.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3051.  The ACC denies that any plaintiff "work[ed]" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3052.  Denied.

3053.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3054.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3055.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3056.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3057.  The ACC denies that the unspecified "NCAA rules" referenced in this paragraph are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3058.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful limitations." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3059.  Denied.

3060.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3061.  The ACC denies that any plaintiff "work[ed]" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3062.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3063.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC denies that these rules are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3064.  Denied.

3065.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3066.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3067.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3068.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3069.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that these rules are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3070.  Denied.

3071.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3072.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3073.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3074.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3075.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3076.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3077.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3078.  Denied.

3079.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3080.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3081.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." The ACC lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3082.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3083.  Denied.

3084.  The ACC denies that it engaged in "illegal conduct." The ACC admits that Mike Harley Jr. ("Harley") participated in college football as a student-athlete at the University of Miami from 2017 to 2021. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3085.  The ACC admits that Harley participated in college football as a student-athlete at the University of Miami from. The ACC lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3086.  The ACC admits that Harley participated in college football as a student-athlete at the University of Miami from. The ACC lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3087.  The ACC lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3088.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3089.  The ACC admits that certain Miami football games may have been broadcast during the time Gray was enrolled there, including on ESPN, CBS, and the ACC Network. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3090.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3091.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3092.  Denied.

3093.  The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which

student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3094.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3095.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3096.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3097.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3098.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3099.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3100.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3101.  Denied.

3102.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3103.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3104.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3105.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3106.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3107.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3108.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3109.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3110.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3111.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3112.  Denied.

3113. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3114.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3115.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3116.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3117.  Denied.

3118.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3119.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3120.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3121.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3122. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3123. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3124. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3125. Denied.

3126. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3127. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3128. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3129. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3130. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3131.  Denied.

3132.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3133.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3134.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3135.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3136.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3137.  The ACC denies that it engaged in "illegal conduct." The ACC admits that Vance Jackson participated in college basketball as a student-athlete at the University of Arkansas. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3138.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3139.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3140.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3141.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The ACC lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3142.  Denied.

3143.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3144.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3145.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3146.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3147.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3148.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3149. Denied.

3150. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3151. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3152. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3153. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3154. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3155. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3156. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3157.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3158.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3159.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3160.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3161.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3162.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The ACC denies that that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3163.  Denied.

3164.  Denied.

3165.  The ACC denies that it engaged in "illegal conduct." The ACC admits that Brevin Jordan ("Jordan") participated in college football as a student-athlete at the University of Miami from 2018 to 2020. The ACC admits that certain Miami football games

may have been broadcast during the time Jordon was enrolled there. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3166.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3167.  The ACC admits that Jordan earned Second-Team All-ACC honors in 2018 and First-Team All-ACC honors in 2019. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3168.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3169.  The ACC denies that "continuing reforms are necessary to provide" college athletes with "proper compensation." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3170.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3171.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3172.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3173.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3174.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that these rules "violated constitutional laws." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3175.  Denied.

3176.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3177.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3178.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3179.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3180.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3181.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3182. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3183. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3184. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3185. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3186. Denied.

3187. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3188. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3189. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3190. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful[] restrict[ions]," and that any plaintiff provided "labor" as a college athlete. The

Supreme Court case is in writing and speaks for itself. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3191.  Denied.

3192.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3193.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3194.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3195.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that these rules are "unlawful."  The ACC denied that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3196.  Denied.

3197.  The ACC denies that it engaged in "illegal conduct." The ACC admits that Tathan "Tate" Francis Martell ("Martell") participated in college football as a student-athlete at the University of Miami from 2019 to 2021. The ACC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3198.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3199.  The ACC admits that Martell participated in college football as a student-athlete at the University of Miami. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3200.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3201.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3202.  The ACC denied that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3203.  Denied.

3204.  Denied.

3205.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3206.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3207.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3208.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3209.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3210.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3211.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3212.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3213.  Denied.

3214.  Denied.

3215.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3216.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3217.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3218.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3219.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3220.  Denied.

3221.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3222.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3223.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3224.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3225.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3226.  Denied.

3227. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3228.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3229.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3230.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3231.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3232.  The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3233. Denied.

3234. Denied.

3235. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3236. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3237. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3238. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3239. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3240. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3241. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3242.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3243.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3244.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3245.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3246.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3247.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3248.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3249.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3250.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3251.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3252.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3253.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3254.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3255.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3256.  Denied.

3257.  The ACC denies that it engaged in "illegal conduct." The ACC admits that N'Kosi Travaughn Perry ("Perry") participated in college football as a student-athlete at the University of Miami from 2017 to 2020. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3258.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3259. The ACC admits that Perry participated in college football as a student-athlete at the University of Miami. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3260. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3261. Denied.

3262. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3263. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3264. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3265. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3266. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3267.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3268.  Denied.

3269.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3270.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3271.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3272.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3273.  Denied.

3274.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3275.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3276. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3277. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3278. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3279. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3280. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3281. Denied.

3282. Denied.

3283. The ACC denies that it engaged in "illegal conduct." The ACC admits that Charleston Cha'caine Rambo ("Rambo") participated in college football as a student-

athlete at the University of Miami in 2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3284. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3285. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3286. The ACC admits that Rambo participated in college football as a student-athlete at the University of Miami in 2021. The ACC admits that Rambo was selected to the All-ACC Second Team during that time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3287. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3288. Denied.

3289. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3290. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3291. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3292. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful" restrictions. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3293. Denied.

3294. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3295. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3296. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3297. The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3298.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3299.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3300.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3301.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3302.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3303.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3304.  Denied.

3305.  The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3306.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3307.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3308.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3309.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3310.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3311.  Denied.

3312.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3313.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3314.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3315.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3316.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3317.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3318.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3319.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3320.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3321.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3322.  Denied.

3323.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3324.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3325.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3326.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful limits." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3327.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3328.  Denied.

3329.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3330.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3331.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3332.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3333.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3334.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3335.  Denied.

3336.  Denied.

3337.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3338.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3339.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3340.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful rules." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3341.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3342.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff provided "worked" as a college athlete. The ACC admits that Tru Cymon Thompson ("Thompson") participated in college football as a student-athlete at Florida State University from 2019 through 2021. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3343.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3344.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3345.  The ACC admits that Thompson participated in college football as a student-athlete at Florida State University. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3346.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3347. The ACC admits that Thompson participated in college football as a student-athlete at Florida State University. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3348. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3349. The ACC admits that it distributed revenue to its member schools in 2019–2021. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3350. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3351. Denied.

3352. The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3353. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3354. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3355. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3356. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3357. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3358. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the ACC denies the allegations of this paragraph.

3359. The ACC denies that it engaged in "illegal conduct." The ACC admits that Jordan Tucker ("Tucker") participated in college basketball as a student-athlete at Duke University in 2017. The ACC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3360.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3361.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3362.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3363.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3364.  Denied.

3365.  Denied.

3366.  The ACC denies that it engaged in "illegal conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3367.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3368.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3369.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3370.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3371.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3372.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3373.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3374.  The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3375.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3376.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3377.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3378.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3379.  Denied.

3380.  Denied.

3381.  Denied.

3382.  The ACC denies that it engaged in "illegal conduct." The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3383.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3384.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3385.  Denied.

3386.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3387.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3388.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3389.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3390.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3391.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3392.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3393.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The further ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3394.  Denied.

3395.  Denied.

3396.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3397.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3398.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3399.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3400.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3401.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3402.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3403.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3404.  The ACC admits that Oklahoma State University has been a member of the Big 12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3405.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3406.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC denies that any plaintiff provided "labor" as a college athlete. The further ACC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3407.  Denied.

3408.  Denied.

3409.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3410.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3411.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3412.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3413.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3414.  The ACC admits that the University of Colorado Boulder was a member of the Pac-12 for a period of time. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3415.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3416.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3417.  Denied.

3418.  Denied.

3419.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3420.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3421.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3422.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3423.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3424.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3425.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3426.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3427.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3428.  Denied.

3429.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3430.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3431.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3432.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3433.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3434.  The ACC admits that Oregon State University has been a member of the Pac-12. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3435.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3436.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3437.  Denied.

3438.  Denied.

3439.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3440.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3441.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3442.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3443.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3444.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3445.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3446.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3447.  Denied.

3448.  Denied.

3449.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3450.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3451.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3452.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3453.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3454.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3455.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3456.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3457.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3458.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3459.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3460.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3461.  Denied.

3462.  Denied.

3463.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3464.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3465.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3466.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3467.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3468.  The ACC admits that Louisiana State University was a member of the ACC during the time that Reid was enrolled there. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3469.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3470.  Denied.

3471.  Denied.

3472.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3473.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3474.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3475.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3476.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3477.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3478.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3479.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3480.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3481.  Denied.

3482.  Denied.

3483.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3484.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3485.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3486.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3487.  The ACC admits that the University of Kentucky was a member of the
SEC during the time Herro was enrolled there. The ACC lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the ACC denies the allegations of this
paragraph.

3488.  The ACC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3489.  The ACC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the ACC denies the allegations of this paragraph.

3490.  Denied.

3491.  Denied.

3492.  The ACC denies that it engaged in "illegal conduct." The ACC further
denies that any plaintiff "worked" as a college athlete. Based on publicly available
information, the ACC admits that Marcel Dancy participated in college football at the
University of California, Berkeley from 2018 to 2021, during which the University of
California, Berkeley was not a member of the ACC.  The ACC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.  Except as expressly admitted, the ACC denies the allegations in this
paragraph.

447

3493.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3494.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3495.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3496.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3497.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3498.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3499.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3500.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3501.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3502.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3503.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3504.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3505.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3506.  Denied.

3507.  Denied.

3508.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC admits that Seth Beer ("Beer") participated in college baseball at Clemson University from 2016 to 2018. Except as expressly admitted, the ACC denies the allegations in this paragraph.

3509.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3510.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3511.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3512.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3513.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3514.  The ACC admits that Beer was All-ACC and ACC Player of the Week during his time at Clemson. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations in this paragraph.

3515.  The ACC admits that Beer was ACC Player of the Year and ACC Freshman of the Year during his time at Clemson. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the ACC denies the allegations in this paragraph.

3516.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3517.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3518.  The ACC admits that certain Clemson baseball games may have been broadcast on networks such as ESPN Networks and the ACC Network. The ACC further admits that it distributed revenue among its member schools in 2018. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations in this paragraph.

3519.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3520. Denied.

3521. The ACC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The ACC denies that the rules referenced in this paragraph are "illegal" or "unfair restraints." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3522. Denied.

3523. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3524. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3525. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3526. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3527. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3528. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3529. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3530. The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3531. Denied.

3532. Denied.

3533. The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3534. The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3535. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3536.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3537.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3538.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3539.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3540.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3541.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3542.  The ACC denies that it engaged in any "unlawful conduct." The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3543.  Denied.

3544.  The ACC denies that it engaged in "illegal conduct." The ACC further denies that any plaintiff "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3545.  The ACC denies that any plaintiff provided "labor" or "worked" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3546.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3547.  The ACC denies that any plaintiff had a "job" as a college athlete. The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3548.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3549.  The ACC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the ACC denies the allegations of this paragraph.

3550.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3551.  The ACC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3552.  Denied.

## COUNT I – Violations of Section 1 & 3 of the Sherman Act

### (Brought by Plaintiffs)

1.      The ACC repeats, re-alleges and incorporates by reference its responses to the preceding paragraphs of the Fourth Amended Complaint as if fully set forth herein.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

### Prayer for Relief

1.      The ACC denies that it has violated the Sherman Act or engaged in any other illegal activity. The ACC further denies that Plaintiffs are entitled to any relief, including, but not limited to, the relief requested in the Fourth Amended Complaint. The ACC also responds that the United States District Court for the Northern District of California has granted final approval of the *House* settlement, rendering moot Plaintiffs' requests to assert claims on behalf of the "Alternative Proposed Class."

**Demand for Jury Trial**

Without waiving any defenses or admitting the existence of any facts triable by jury, the ACC does not object to Plaintiffs' demand for a jury trial for any triable issue.

**ADDITIONAL DEFENSES**

The ACC reserves the right to assert any and all applicable defenses to the Plaintiffs' claims. The ACC reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Fourth Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, the ACC states as follows:

**FIRST ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

## SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred because their alleged damages are

speculative and conjectural and are not capable of calculation with a reasonable degree

of certainty.

## THIRD ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by stare decisis and by

res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v.

Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW

(N.D. Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802

F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or

*Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or

to the extent they are adjudicated in any other litigation brought by Plaintiffs against any

of the Defendants that reaches final judgment before a judgment is rendered in this

action.

## FOURTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by collateral estoppel

to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*,

594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D.

Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d

1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers

v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the

extent they are adjudicated in any other litigation brought by Plaintiffs against any of the

Defendants that reaches final judgment before a judgment is rendered in this action.

## FIFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the applicable

statute of limitations.

## SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the Fourth

Amended Complaint fails to state a claim for relief under the doctrine established by the

United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006).

Specifically, the conduct alleged constitutes decisions made regarding the core

activities of a legitimate venture that are not unlawful restraints of trade under the

antitrust laws.

## SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any

of the agreements, practices, or conduct at issue is required or has been approved by

any order, award, direction or similar action of any court, arbitral body, or government

agency.

## EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of

defendants do not unreasonably restrain trade, but are lawful, justified, and pro-

competitive by preserving the distinction between college and professional sports.

## NINTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of

defendants do not unreasonably restrain trade, but are lawful, justified, and pro-

competitive given the need for institutional members of the NCAA to preserve

competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH ADDITIONAL DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

## FOURTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

**WHEREFORE**, the ACC prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the ACC, tax costs and attorneys' fees against the Plaintiffs, and afford the ACC such other and further relief as may be just and proper.


**DATED:**  July 21, 2025

By: */s/ Christopher St. John Yates*
CHRISTOPHER ST. JOHN YATES
chris.yates@lw.com
AARON TUEN FAI CHIU
aaron.chiu@lw.com
ANNA MOSCHET RATHBUN
anna.rathbun@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

CLIFF STRICKLIN
cstricklin@kslaw.com
JARED MICHAEL LAX
jlax@kslaw.com
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (501) 580-6863

*Attorneys for Defendant Atlantic Coast Conference*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing Atlantic Coast Conference's Answer to Fourth Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Cliff Stricklin*