UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, et al.,

      Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

      Defendants.

---

**SOUTHEASTERN CONFERENCE'S ANSWER TO FOURTH AMENDED COMPLAINT**

---

The Southeastern Conference ("SEC"), by and through its undersigned attorneys, hereby answers and sets forth defenses to the Fourth Amended Complaint, ECF 163 ("Complaint"). Defendants reserve the right to supplement or modify any portion of this Answer, including the affirmative defenses.

## PRELIMINARY STATEMENT

The SEC denies each and every allegation in the Complaint headings and in all portions of the Complaint not contained in numbered paragraphs.

Except as otherwise expressly stated below, the SEC answers and responds only to those allegations contained in the Complaint that are directed toward it. The

SEC is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied. The SEC's response to the allegations in any paragraph includes, where appropriate, a response to any footnote associated with that paragraph.

**RESPONSES TO NUMBERED PARAGRAPHS IN THE COMPLAINT**

1.    The SEC admits that Chip Trayanum played football for Ohio State University and participated in a game against the University of Notre Dame. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations included in this paragraph concerning a football game in which no SEC member school is alleged to have participated. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3.    The SEC admits that a small number of college football and basketball programs generate positive net revenues. The SEC further admits that NCAA rules historically have established limitations on compensation that may be paid to student-athletes for their participation in college athletic events or activities. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning TV viewership. Except as expressly admitted, the SEC denies the allegations of this paragraph.

4.      The SEC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated

that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate

competition in a particular sport if the individual: (a) Uses athletics skill (directly or

indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the

provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-

cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of

this paragraph.

5.      The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph regarding the purpose of Plaintiffs'

lawsuit. The SEC denies the remaining allegations of this paragraph.

6.      The SEC admits, on information and belief, that the Big Ten is reported to

have entered agreements with several broadcast networks. The SEC lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining

allegations of this paragraph. Except as expressly admitted, the SEC denies the

allegations of this paragraph.

7.      The SEC admits, on information and belief, that The Big 12 Conference,

the ACC, and the Pac-12 have agreements with broadcast networks. The SEC further

admits that the ACC, Big Ten, Big 12, Pac-12, and SEC traditionally have been referred

to colloquially as the "Power Five Conferences." The SEC also admits that it has had

contracts with various broadcast networks in recent years. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

8.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph and the graph included below the
paragraph regarding collective broadcast revenue and its estimated growth, which is not
attributed to any source.

9.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

10.    The SEC admits that student-athletes participate in various intercollegiate
sports at the defendant conferences' member schools. The SEC further admits that
NCAA rules and processes govern student-athletes' years of eligibility to play college
sports within the NCAA. The SEC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

11.    The SEC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated
that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate
competition in a particular sport if the individual: (a) Uses athletics skill (directly or
indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the
provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-
cv-03919 (N.D. Cal.). The SEC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the allegations in this paragraph regarding television viewers'

motivations for watching college sports. Except as expressly admitted, the SEC denies the allegations of this paragraph.

12.     The SEC admits that NCAA rules historically have governed the compensation that student-athletes may receive for the use of their names, images, and likenesses, and that the NCAA issued updated guidance concerning name, image, and likeness ("NIL") activities and compensation in July 2021. The SEC further admits that the NCAA's July 2021 guidance did not permit institutions of higher education, athletic conferences, or the NCAA to compensate student-athletes directly for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity or the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

13.     The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

14.     The SEC admits that previous NCAA rules have established limitations on the number of scholarships that could be offered to student-athletes participating in certain college sports. The SEC further admits that NCAA rules historically permitted 11.7 total scholarships to be provided to baseball student-athletes at any given institution of higher education that was a member of NCAA Division I. Except as expressly admitted, the SEC denies the allegations of this paragraph.

15.     The SEC admits that NCAA member schools compete to recruit student-athletes. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the share of revenue certain

professional athletes may receive. Further, the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied. Except as expressly admitted, the SEC denies the allegations of this paragraph.

16.     The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated, including for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the amount of compensation the NCAA's president received in 2023. Except as expressly admitted, the SEC denies the allegations of this paragraph.

17.     The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

18.     The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC further admits that the concept of amateurism has been an issue in prior lawsuits involving NCAA rules. Except as expressly admitted, the SEC denies the allegations of this paragraph.

19.     The SEC admits that current NCAA rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning television ratings and viewership, as well as

commentators' comments or opinions on those issues. Except as expressly admitted, the SEC denies the allegations of this paragraph.

20.    The SEC admits that there were public reports regarding the receipt of Dodge Ram trucks by members of the University of Utah's football team. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

21.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

22.    The SEC admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of this paragraph.

23.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

25.    Denied.

26.    Denied.

**PARTIES, JURISDICTION, AND VENUE**

27.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

28.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

29.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
admits that Aaron Schunk participated in college baseball as a student-athlete at the
University of Georgia from 2016-2019. The SEC lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

30.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

31.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

32.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

33.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

34.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Akayleb Evans participated in college football as a student-athlete at the University of Missouri from 2021-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

35.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

36.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Alerick Soularie participated in college baseball as a student-athlete at the University of Tennessee from 2018-2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

37.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

38.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

39.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

40.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

41.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

42.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

43.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

44.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Asa Lacy participated in college baseball as a student-athlete at Texas A&M University from 2017-2020. The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

45.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

46.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Azeez Ojulari participated in college football as a student-athlete at the University of Georgia from 2018-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

47.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

48.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Brady McConnell participated in college baseball as a student-athlete at the University of Florida from 2017-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

49.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

50.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

51.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

52.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

53.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

54.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
admits that Carmen Mlodzinski participated in college baseball as a student-athlete at
the University of South Carolina from 2017-2020. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

55.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Carson Green participated in college football as a student-athlete at Texas A&M University. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

56.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

57.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Cayden Wallace participated in college baseball as a student-athlete at the University of Arkansas from 2020-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

58.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

59.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Charles Matthews participated in college basketball as a student-athlete at the University of Kentucky from 2015-2016. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

60.      The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Charlie Woerner participated in college football as a student-athlete at the University of Georgia from 2016-2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

61.      The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

62.      The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

63.      The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

64.      The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

65.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

66.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Colton Prater participated in college football as a student-athlete at Texas A&M University from 2016-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

67.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Connor Prielipp participated in college baseball as a student-athlete at the University of Alabama from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

68.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

69.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

70.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

71.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

72.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

73.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Deontay Anderson participated in college football as a student-athlete at the University of Mississippi from 2016-2017. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

74.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Destiny Slocum participated in college basketball as a student-athlete at the University of Arkansas from 2020-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

75.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

76.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

77.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Drew Lock participated in college football as a student-athlete at the University of Missouri from 2015-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

78.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

79.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Dylan Smith participated in college baseball as a student-athlete at the University of Alabama from 2018-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

80.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

81.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

82.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

83.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

84.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

85.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

86.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

87.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

88.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Hayden Hurst participated in college football as a student-athlete at the University of South Carolina from 2015-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

89.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Hunter Barco participated in college baseball as a student-athlete at the University of Florida from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

90.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

91.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

92.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

93.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

94.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jacob Eason participated in college football as a student-athlete at the University of Georgia from 2016-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

95.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

96.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

97.     The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

98.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

99.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

100.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

101.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jake Fromm participated in college football as a student-athlete at the University of Georgia from 2017-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

102.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

103.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

104.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

105.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

106.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jared Hocker participated in college football as a student-athlete at Texas A&M University from 2017-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

107.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

108.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

109.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

110.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

111.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jeremiah Ledbetter participated in college football as a student-athlete at the University of Arkansas from 2015-2016. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

112.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

113.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

114.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that John Rhodes participated in college baseball as a student-athlete at the University of Kentucky from 2019-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

115.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

116.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jonathan Juzang participated in college basketball as a student-athlete at the University of Kentucky from 2019-2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

117.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jordan Beck participated in college baseball as a student-athlete at the University of Tennessee from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

118.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

119.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Josh Ali participated in college football as a student-athlete at the University of Kentucky from 2017-2021. The SEC lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

120.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Josh Smith participated in college baseball as a student-athlete at Louisiana State University from 2016-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

121.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

122.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

123.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

124.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

125.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Keaton Sutherland participated in college football as a student-athlete at Texas A&M University from 2015-2018. The SEC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

126.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Keir Thomas participated in college football as a student-athlete at the University of South Carolina from 2016-2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

127.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

128.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

129.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that KJ Costello participated in college football as a student-athlete at Mississippi State University in 2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

130.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Landon Young participated in college football as a student-athlete at the

University of Kentucky from 2016-2021. The SEC lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

131.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

132.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

133.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

134.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

135.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

136.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
admits that Matthew Butler participated in college football as a student-athlete at the
University of Tennessee from 2017-2022. The SEC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

137.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

138.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

139.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

140.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

141.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

142.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

143.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

144.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

145.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Nakobe Dean participated in college football as a student-athlete at the University of Georgia from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

146.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

147.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

148.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

149.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

150.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

151.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

152.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

153.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

154.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Ryan Rolison participated in college baseball as a student-athlete at the University of Mississippi from 2016-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

155.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Sarah Fuller participated in college soccer as a student-athlete at Vanderbilt University from 2017-2020 and in college football at Vanderbilt University in 2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

156.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

157.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Sean Hjelle participated in college baseball as a student-athlete at the University of Kentucky from 2015-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

158.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

159.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

160.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

161.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

162.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Shea Patterson participated in college football as a student-athlete at the University of Mississippi from 2016-2017. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

163.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

164.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Sophie Cunningham participated in college basketball as a student-athlete at the University of Missouri from 2015-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

165.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Spencer Jones participated in college baseball as a student-athlete at Vanderbilt University from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

166.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

167.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

168.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

169.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

170.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

171.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

172.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

173.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

174.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

175.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

176.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

177.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Will Levis participated in college football as a student-athlete at the University of Kentucky from 2021-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

178.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

179.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

180.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

181.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

182.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

183.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

184.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

185.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

186.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

187.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

188.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

189.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

190.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

191.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

192.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

193.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

194.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

195.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

196.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

197.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

198.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

199.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

200.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

201.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

202.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

203.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

204.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

205.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

206.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

207.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

208.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

209.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

210.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

211.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

212.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

213.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

214.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Kylin Jatavian Hill participated in college football as a student-athlete at the Mississippi State University from 2017-2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

215.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

216.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

217.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

218.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

219.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

220.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

221.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

222.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

223.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

224.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

225.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

226.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

227.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

228.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Kellan Grady participated in college basketball as a student-athlete at the University of Kentucky. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

229.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Josh Gray participated in college basketball as a student-athlete at the University of South Carolina, Louisiana State University, and the University of Missouri. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

230.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Vance Jackson participated in college basketball as a student-athlete at the

University of Arkansas. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

231.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Chad Patrick Kelly participated in college football as a student-athlete at the University of Mississippi from 2015-2016. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

232.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

233.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

234.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Kevin Marfo participated in college basketball as a student-athlete at Texas A&M University. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

235.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

236.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

237.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

238.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

239.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

240.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

241.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

242.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jimmy Bell, Jr. participated in college basketball as a student-athlete at Mississippi State University. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

243.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

244.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Alexander Shaw participated in college football as a student-athlete at Mississippi State University. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

245.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

246.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

247.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Elijah Dijaie Blades participated in college football as a student-athlete at Texas A&M University and the University of Florida. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

248.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

249.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Westin Branning Graves participated in college football as a student-athlete at Mississippi State University from 2016-2017. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

250.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

251.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

252.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

253.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

254.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

255.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

256.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

257.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

258.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

259.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

260.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

261.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

262.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

263.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

264.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

265.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

266.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

267.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jawon Johnson participated in college football as a student-athlete at Mississippi State University from 2016-2017. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

268.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

269.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

270.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

271.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

272.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

273.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

274.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

275.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

276.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

277.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Jaylon Robinson participated in college football as a student-athlete at the University of Mississippi. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

278.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

279.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

280.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

281.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

282.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

283.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

284.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

285.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

286.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Madelynne Scherr participated in college basketball as a student-athlete at the University of Kentucky from 2022-2024. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

287.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

288.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Dontaie Allen participated in college basketball as a student-athlete at the University of Kentucky from 2019-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

289.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

290.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

291.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

292.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Erik Stevenson participated in college basketball as a student-athlete at the University of South Carolina from 2021-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

293.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

294.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

295.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

296.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

297.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

298.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Vincent Mitchell participated in college basketball as a student-athlete at the University of Kentucky from 2023-2024. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

299.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

300.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

301.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

302.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

303.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

304.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

305.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

306.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

307.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

308.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

309.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

310.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

311.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

312.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

313.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Nysier Brooks participated in college basketball as a student-athlete at the University of Mississippi from 2021-2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

314.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

315.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

316.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Aaron Epps participated in college basketball as a student-athlete at Louisiana State University from 2014-2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

317.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

318.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

319.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

320.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

321.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Aaron Nesmith participated in college basketball as a student-athlete at Vanderbilt University. The SEC lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

322.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

323.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

324.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

325.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

326.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

327.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

328.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Naz Reid participated in college basketball as a student-athlete at Louisiana

State University from 2018-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

329. The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

330. The SEC denies that any plaintiff "worked" as a college athlete. The SEC admits that Tyler Herro participated in college basketball as a student-athlete at the University of Kentucky from 2018-2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

331. The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

332. The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

333. The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

334.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

335.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

336.    The SEC admits that the NCAA is an unincorporated association with its

principal place of business in Indianapolis, Indiana. The SEC further admits that the

NCAA has more than 1,000 member schools, including public and private colleges and

universities. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

337.    Upon information and belief, the SEC admits that the Pac-12 Conference

("Pac-12") is an unincorporated association with its principal place of business located

in California. The remaining allegations of this paragraph constitute a legal conclusion,

which requires no response. To the extent a response is required, the SEC denies the

remaining allegations this paragraph.

338.    The SEC admits that it is an unincorporated association with its principal

place of business in Birmingham, Alabama. The remaining allegations of this paragraph

constitute a legal conclusion, which requires no response. To the extent a response is

required, the SEC denies the remaining allegations of this paragraph.

339.    Upon information and belief, the SEC admits that the Atlantic Coast

Conference ("ACC") is an unincorporated association. The SEC denies that the ACC's

principal place of business is in Greensboro, North Carolina. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the remaining allegations of this paragraph.

340.    Upon information and belief, the SEC admits that The Big 12 Conference, Inc. ("Big 12") is a nonprofit corporation organized under the laws of the State of Delaware with its principal place of business in Texas. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the remaining allegations of this paragraph.

341.    Upon information and belief, the SEC admits that The Big Ten Conference, Inc. ("Big Ten") is a nonprofit corporation organized under the laws of Delaware, with its principal place of business in Rosemont, Illinois. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the remaining allegations of this paragraph.

342.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

343.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC admits that the Complaint includes causes of action under the Clayton Act and the Sherman Antitrust Act, and that Plaintiffs purport to allege subject matter jurisdiction under the statutes

cited in this paragraph. The SEC denies that Plaintiffs are entitled to any relief sought. Except as expressly admitted, the SEC denies the allegations of this paragraph.

344.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC admits that the SEC and its member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations. Except as expressly admitted herein, the SEC denies the remaining allegations of this paragraph.

345.    Upon information and belief, the SEC admits that certain NCAA member schools are located in Colorado, that a portion of the NCAA's 2023 men's basketball tournament took place in Denver, and that a portion of the NCAA's 2025 men's basketball tournament took place in Denver. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, the SEC denies the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

346.    Admitted.

347.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

348.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

349.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

350.    The allegations of this paragraph and its subparagraphs constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph and its subparagraphs.

351.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

352.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

353.    Admitted.

354.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

355.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. The SEC further states that the allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

356.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

357.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

358.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

359.    The allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

360.    Upon information and belief, the SEC admits that the NCAA was first formed over a century ago to set the rules of college athletics. Except as expressly admitted, the SEC denies the allegations of this paragraph.

361.    The SEC admits that the NCAA's members include schools and conferences and that NCAA rules and bylaws govern the conduct of the NCAA's business. The SEC further admits that the NCAA has various committees with representatives from various NCAA member schools and conferences. The SEC also admits that the Board of Governors is the NCAA's highest governing body and is composed of various presidents and chancellors of NCAA member schools, and that the NCAA employs a president. Except as expressly admitted, the SEC denies the allegations of this paragraph.

362.    The SEC admits that the NCAA has adopted a constitution and bylaws and that NCAA members agree to comply with the NCAA constitution and bylaws by

virtue of their membership in the NCAA. The SEC further admits that the NCAA's

bylaws govern the procedures for bylaw amendments, including amendments to Bylaw

12, which is currently titled "Athletics Eligibility." Except as expressly admitted, the SEC

denies the allegations of this paragraph.

363.    The SEC admits that the current version of NCAA Bylaw 12.01.1 states

that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and

interpretations is eligible for intercollegiate athletics participation in a particular sport."

The SEC further admits that, for a period of time, NCAA Bylaw 12.01.4 stated that "[a]

grant-in-aid administered by an educational institution is not considered to be pay or the

promise of pay for athletics skill, provided it does not exceed the financial aid limitations

set by the Association's membership." Bylaw 12.01.4 has been deleted in connection

with the implementation of the finally approved settlement in *In re College Athlete NIL*

*Litigation*, No. 4:20-03919 (N.D. Cal.). The SEC also admits that, for a period of time, a

grant-in-aid was limited to the cost of tuition, room and board, books, and similar

education-related expenses. Except as expressly admitted, the SEC denies the

allegations of this paragraph.

364.    The SEC admits that current NCAA bylaws require student-athletes to

meet the governing athletics eligibility legislation and interpretations in order to be

eligible for participation in Division I college athletics. Except as expressly admitted, the

remaining allegations of this paragraph are denied.

365.    The SEC admits that NCAA bylaws govern the forms of pay student-

athletes may and may not receive to maintain their eligibility for intercollegiate athletic

competition. Except as expressly admitted, the remaining allegations of this paragraph
are denied.

366.    The SEC admits that NCAA bylaws govern the potential penalties that
may be imposed on member institutions and student-athletes for violation of NCAA
rules. Except as expressly admitted, the remaining allegations of this paragraph are
denied.

367.    The SEC admits that the NCAA enforces its rules and has from time to
time imposed penalties on member institutions and student-athletes for violating NCAA
rules. The SEC further admits that the NCAA's constitution discusses potential
consequences of violating the NCAA's rules. Except as expressly admitted, the
allegations of this paragraph are denied.

368.    The SEC admits that the NCAA's member schools and conferences agree
to comply with the NCAA constitution and bylaws by virtue of their membership in the
NCAA. Except as expressly admitted, the allegations of this paragraph are denied.

369.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph regarding university employees,
including graduate students. The SEC denies the remaining allegations of this
paragraph.

370.    The SEC admits that the NCAA includes Divisions I, II, and III, and that
there currently are more than 350 member schools in Division I. The SEC further admits
that there is much variation within Division I in terms of the size, athletics department
budgets, and athletic performance of each member institution. The SEC also admits

that there are currently 69 schools within the conferences colloquially referred to as the "Power 5 Conferences" and that Notre Dame is a member of Division I and affiliated with a Power 5 Conference (the ACC, for sports other than football and hockey). Except as expressly admitted, the SEC denies the allegations of this paragraph.

371.    The SEC admits that the NCAA generates revenue through, among other things, television contracts for the broadcast of certain basketball games. The SEC further admits that the NCAA traditionally hosts a "March Madness" basketball tournament, which is broadcast on television pursuant to contracts that generate revenue for the NCAA. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

372.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

373.    The SEC admits that a small number of college football and basketball programs generate positive net revenues. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

374.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

375.    The SEC admits that the defendant conferences generate revenue from, among other things, broadcast network agreements. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

376.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

377.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

378.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

379.    The SEC admits that the distribution of its revenue, including revenue received as a result of the SEC's broadcast network agreements, is dictated by the SEC's bylaws, which generally contemplate an equal distribution of net revenues to all SEC member schools with some limited exceptions. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

380.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

381.    The SEC admits that several members of the Pac-12 have departed the conference in recent years. The SEC further admits that UCLA, USC, Washington, and

Oregon are now members of the Big Ten. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

382.    The SEC admits that Stanford and UC-Berkeley are now members of the ACC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

383.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

384.    The SEC admits that Mr. Drinkwitz was reported to have made the comment quoted in this paragraph. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

385.    The SEC admits that Mr. Cronin was reported to have made the comment quoted in this paragraph. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    The SEC admits that the NCAA adopted an interim NIL policy on July 1, 2021, which governs the compensation student-athletes may receive for NIL-related activities. Except as expressly admitted, the SEC denies the allegations of this paragraph.

393.    The SEC admits that the NCAA's interim NIL policy adopted on July 1, 2021, does not permit member institutions or conferences to compensate student-athletes for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

394.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

395.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

396.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

397.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

398.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the allegations of this paragraph are denied.

399.    The SEC admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of this paragraph.

400.    The SEC admits that, in head-count sports, each student-athlete who received a scholarship of any amount (including a partial scholarship) historically was treated under NCAA bylaws as having received a full scholarship. The SEC further admits that Division I men's and women's basketball, football, women's gymnastics, women's tennis, and women's volleyball traditionally have been "head-count" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of this paragraph.

401.    The SEC admits that, in equivalency sports, student-athletes traditionally could receive partial scholarships and that those partial scholarships were counted as such in determining how many scholarships had been awarded to student-athletes in that sport. The SEC further admits that Division I sports other than those listed in the preceding paragraph 384 traditionally have been "equivalency" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules

and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of this paragraph.

402.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports and governed how partial scholarships were counted for purposes of scholarship limits. NCAA bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the SEC denies the allegations of this paragraph.

403.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the SEC denies the allegations of this paragraph.

404.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the SEC denies the allegations of this paragraph.

405.    The SEC admits that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, the SEC denies the allegations of this paragraph.

406.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "young mathematicians" and "musicians" at unnamed universities. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the SEC denies the allegations of this paragraph.

407.    The SEC admits that schools within the Power 5 compete with one another. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

408.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

409.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

410.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

411.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

412.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

413.    The SEC admits that NCAA Division I schools compete with one another. Except as expressly admitted, the SEC denies the allegations of this paragraph.

414.    Denied.

415.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

416.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

417.    The SEC admits that the NCAA hosts a baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at baseball tournament games. Except as expressly admitted, the SEC denies the allegations of this paragraph.

418.    The SEC admits that the winners of the super-regional games in the NCAA's baseball tournament advance to the College World Series. The SEC further

admits that College World Series games are broadcast on television and that the NCAA has broadcast network agreements associated with certain of its championship events. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at and television viewership for College World Series games. Except as expressly admitted, the SEC denies the allegations in this paragraph.

419.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning administrator and coach salaries and scholarship allocation for baseball student-athletes, which are not attributed to any source. The SEC denies the remaining allegations of this paragraph.

420.    The SEC admits that many student-athletes are dedicated to their sports and devote time to athletics-related activities. The SEC denies that any student-athlete "works" as a college athlete. Except as expressly admitted, the SEC denies the allegations in this paragraph.

421.    Denied.

422.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning NIL money received by college baseball players, which are not attributed to any source. The SEC denies the remaining allegations in this paragraph.

423.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

424.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

425.    Denied.

426.    Denied.

427.    The SEC admits that the NCAA and conference defendants have been the subject of antitrust litigation in recent years. The SEC further admits that the Supreme Court of the United States issued an opinion in the *Alston* case. That opinion speaks for itself. Except as expressly admitted, the SEC denies the allegations in this paragraph.

428.    The SEC admits that Justice Kavanaugh authored a concurrence in the *Alston* case. That concurrence speaks for itself. Except as expressly admitted, the SEC denies the allegations in this paragraph.

429.    The SEC admits that Justice Kavanaugh authored a concurrence in the *Alston* case. That concurrence speaks for itself. Except as expressly admitted, the SEC denies the allegations in this paragraph.

430.    The SEC admits that the Supreme Court issued an opinion and that Justice Kavanaugh authored a concurrence in the *Alston* case. That opinion and Justice Kavanaugh's concurrence speak for themselves. Except as expressly admitted, the SEC denies the allegations in this paragraph.

431.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

432.    The SEC admits that various NCAA bylaws have been amended since the Supreme Court's opinion since the conclusion of the *Alston* case. Except as expressly admitted, the SEC denies the allegations in this paragraph.

433.    The SEC admits that the NCAA issued an interim NIL policy in July 2021 that permits student-athletes to receive certain types of NIL compensation. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the NIL compensation that specific student-athletes have earned, which are not attributed to any source. Except as expressly admitted, the SEC denies the allegations of this paragraph.

434.    The SEC admits that Angel Reese previously played women's basketball at Louisiana State University. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source. Except as expressly admitted, the SEC denies the allegations of this paragraph.

435.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

436.    The SEC admits that NCAA bylaws and guidance govern the compensation that may be provided to student-athletes. Except as expressly admitted, the SEC denies the allegations of this paragraph.

437.    The SEC admits that the concept of amateurism has been an issue in prior lawsuits involving NCAA rules. The SEC further admits that NCAA rules historically

have governed the benefits student-athletes may receive and that student-athletes have
under circumstances outlined in NCAA rules and guidance been permitted to receive
athletic scholarships (including room and board and cost of attendance), athletic
participation awards, Student Assistance Fund awards, educational or other academic
awards (including graduation awards), loss-of-value insurance, tutoring and other
academic support, and other benefits. Except as expressly admitted, the SEC denies
the allegations of this paragraph.

438.   Denied.

439.   The allegations of this paragraph constitute legal conclusions to which no
response is required. To the extent a response is required, denied.

440.   The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph concerning the popularity of
college sports, which are not attributed to any source. The SEC admits that Big Ten
Commissioner Tony Petitti testified at an October 2023 Senate Judiciary Committee
meeting. That testimony speaks for itself. Except as expressly admitted, the SEC denies
the allegations of this paragraph.

441.   The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph, which are not attributed to any
source.

442.   The SEC admits that the class action settlement finally approved in *In re
College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I
institutions to opt in to a structure in which those institutions may share certain athletics

revenue with student-athletes, as outlined in the settlement agreement. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

443.    The allegations of this paragraph constitute legal conclusions to which no
response is required. To the extent a response is required, denied.

444.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph, which are not attributed to any
source.

445.    The SEC admits that the class action settlement finally approved in *In re
College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.), permits Division I
institutions to opt in to a structure in which those institutions may share certain athletics
revenue with student-athletes, as outlined in the settlement agreement. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

446.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph about what Plaintiffs "seek" in their
lawsuit. The SEC denies that Plaintiffs are entitled to any relief.

447.    Denied.

448.    The SEC admits that institutions spend different amounts on facilities and
coaching salaries, and that institutions compete against each other to recruit student-
athletes. Except as expressly admitted, the SEC denies the allegations in this
paragraph.

449.    The allegations of this paragraph constitute legal conclusions to which no
response is required. To the extent a response is required, denied.

450.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

451.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

452.    Denied.

453.    The SEC admits that there are differences between the experience and opportunities afforded to NCAA student-athletes and athletes who compete in professional sports. Except as expressly admitted, the SEC denies the allegations in this paragraph.

454.    The SEC admits that only a small percentage of NCAA student-athletes go on to compete in professional sports leagues. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations in this paragraph.

455.    Denied.

456.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

457.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

458.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

459.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

460.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

461.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

462.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

463.    Denied.

464.    Denied.

465.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

466.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

467.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

468.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

469.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

470.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

471.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

472.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

473.    Denied.

474.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

475.    Denied.

476.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Aaron Schunk participated in college baseball as a student-athlete at the University of Georgia from 2016-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

477.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

478.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

479.    The SEC denies that any plaintiff had a "job" as a student-athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

480.    The SEC admits that Aaron Schunk was named Second Team All-SEC third baseman in 2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

481.    The SEC admits that the University of Georgia participated in the NCAA baseball tournament in 2018 and was the #4 seed in the NCAA baseball tournament in 2019. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

482.    The SEC admits that Schunk was drafted by the Colorado Rockies in the second round of the 2019 MLB Draft. The SEC denies that any plaintiff provided "labor" as a student-athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

483.    The SEC admits that the University of Georgia was a member of the SEC during the time Schunk was enrolled there and that certain University of Georgia baseball games may have been broadcast on networks including ESPN, ESPN2, and SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

484.    Denied.

485.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were "collusive," "artificial," "illegal," or "unfair" restraints. The SEC denies that Schunk "did not receive a baseball scholarship." Except as expressly admitted, the SEC denies the allegations of this paragraph.

486.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations in this paragraph.

487.    Denied.

488.    Denied.

489.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

490.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

491.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

492.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

493.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

494.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

495.    Denied.

496.    Denied.

497.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

498.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

499.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

500.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

501.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

502.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

503.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

504.    Denied.

505.    Denied.

506.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

507.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

508.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

509.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

510.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

511.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

512.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

513.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

514.    Denied.

515.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

516.    Denied.

517.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

518.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

519.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

520.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

521.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

522.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

523.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

524.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

525.    Denied.

526.    Denied.

527.    The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC admits that Akayleb
Evans participated in college football as a student-athlete at the University of Missouri
from 2021-2022. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

528.    The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

529.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

530.    The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

531.    Admitted.

532.    The SEC admits that certain University of Missouri football games may
have been broadcast on networks including ESPN and SEC Network. The SEC further
admits that it distributed a total of $721.8 million among its member universities for the
2021-2022 fiscal year, averaging approximately $49.9 million per school. The SEC lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph

533.    The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

534.    Denied.

535.    Denied.

536.    The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

537.    The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

538.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

539.    The SEC denies that any plaintiff had a "job" as a college athlete. The

SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

540.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

541.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

542.    The SEC admits that the University of Iowa has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

543.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

544.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

545.    Denied.

546.    Denied.

547.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Alerick Soularie participated in college baseball as a student-athlete at the University of Tennessee from 2018-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

548.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

549.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

550.    The SEC admits that Alerick Soularie received the 2020 preseason All-SEC First Team honor. The SEC further admits that the University of Tennessee's baseball team was ranked third in the SEC East division in 2019. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

551.    The SEC admits that Soularie was selected in the second round of the 2020 MLB Draft by the Minnesota Twins. Except as expressly admitted, the SEC denies the allegations of this paragraph.

552.    The SEC admits that the University of Tennessee was a member of the SEC during the time Soularie was enrolled there and that certain University of Tennessee baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

553.    The SEC admits that certain NCAA rules previously established limitations

on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC denies that these rules are "collusive,"

"illegal," or "artificial" restraints. The SEC admits that, in certain academic years,

Soularie received a partial scholarship. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

554.    The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

555.    Denied.

556.    Denied.

557.    The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

558.    The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

559.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

560.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

561.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

562.    The SEC admits that the Wake Forest University has been a member of the ACC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

563.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

564.    Denied.

565.    Denied.

566.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

567.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

568.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

569.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

570.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

571.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

572.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

573.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

574.    Denied.

575.    Denied.

576.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

577.    The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

578.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

579.    The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

580.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

581.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

582.    The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

583.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

584.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

585.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

586.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

587.    Denied.

588.    Denied.

589.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

590.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

591.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

592.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

593.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

594.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

595.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

596.    Denied.

597.    Denied.

598.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

599.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

600.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

601.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

602.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

603.    The SEC admits that the University of Washington was a member of the

Pac-12 for a period of time. The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as

expressly admitted, the SEC denies the allegations of this paragraph.

604.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

605.    The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

606.    Denied.

607.    Denied.

608.    The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

609.    The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

610.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

611.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

612.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

613.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

614.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

615.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

616.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

617.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

618.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

619.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

620.    Denied.

621.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

622.    Denied.

623.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

624.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

625.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

626.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

627.    The SEC admits that the University of Arizona was a member of the Pac-12 for a period of time. The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

628.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

629.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

630.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

631.    Denied.

632.    Denied.

633.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Asa Lacy participated in college baseball as a student-athlete at Texas A&M University from 2017-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

634.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

635.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

636.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

637.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

638.    The SEC admits that Asa Edward Lacy received preseason All-SEC honors. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

639.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

640.    Admitted.

641.    The SEC admits that certain Texas A&M baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

642.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The SEC admits that, in certain academic years, Lacy received a

partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

643.    Denied.

644.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC admits that, in certain academic years, Lacy received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

645.    Denied.

646.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

647.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

648.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

649.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

650.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

651.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

652.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

653.    The SEC admits that the University of Oklahoma was a member of the Big 12 for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

654.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

655.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

656.    Denied.

657.    Denied.

658.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Azeez Ojulari participated in college football as a student-athlete at the University of Georgia

from 2018-2021. Except as expressly admitted, the SEC denies the allegations of this paragraph.

659.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

660.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

661.    The SEC admits that Azeez Ojulari received Second Team All-SEC honors in 2020. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

662.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

663.    Admitted.

664.    The SEC admits that certain University of Georgia football games may have been broadcast on networks including ESPN, CBS, and SEC Network. The SEC further admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

665.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

666.    Denied.

667.    Denied.

668.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

669.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

670.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

671.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

672.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

673.    The SEC admits that Clemson University has been a member of the ACC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

674.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

675.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

676.    Denied.

677.    Denied.

678.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Brady McConnell participated in college baseball as a student-athlete at the University of Florida from 2017-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

679.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

680.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

681.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

682.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

683.    Admitted.

684.    The SEC admits that certain University of Florida baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

685.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The SEC admits that, in certain academic years, McConnell received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

686.    Denied.

687.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC admits that, in certain academic years, McConnell received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

688.    Denied.

689.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

690.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

691.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

692.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

693.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

694.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

695.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

696.   The SEC admits that Texas Tech University has been a member of the Big 12. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

697.   The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

698.   Denied.

699.   Denied.

700.   The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

701.   The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

702.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

703.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

704.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

705.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

706.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

707.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

708.    The SEC admits that Stanford University was a member of the Pac-12 for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

709.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

710.    Denied.

711.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

712.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

713.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

714.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

715.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

716.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

717.    The SEC admits that the University of Michigan and the University of Iowa have been members of the Big Ten. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

718.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

719.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

720.    Denied.

721.    Denied.

722.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

723.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

724.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

725.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

726.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

727.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

728.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

729.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

730.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

731.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

732.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

733.    Denied.

734.    Denied.

735.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

736.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

737.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

738.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

739.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

740.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

741.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

742.    Denied.

743.    Denied.

744.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Carmen Mlodzinski participated in college baseball as a student-athlete at the University of South Carolina from 2017-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

745.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

746.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

747.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

748.    The SEC admits that the Pittsburgh Pirates selected Mlodzinski as the 31st overall pick in the first round of the 2020 MLB Draft. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

749.    The SEC admits that the University of South Carolina was a member of the SEC during the time Mlodzinski was enrolled there and that certain University of South Carolina baseball games may have been broadcast on networks including ESPN and SEC Network. Except as expressly admitted, the SEC denies the allegations of this paragraph.

750.    The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools for the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

751.    The SEC admits that, in certain academic years, Mlodzinski received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

752.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Mlodzinski received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

753.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

754.    Denied.

755.    Denied.

756.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Carson Green participated in college football as a student-athlete at Texas A&M University. Except as expressly admitted, the SEC denies the allegations of this paragraph.

757.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

758.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

759.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

760.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

761.    The SEC admits that Green received Second Team All-SEC honors and was selected to the Preseason Coaches' Third Team All-SEC in 2020. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

762.    The SEC admits that certain Texas A&M football games may have been broadcast on networks including ESPN and SEC Network. Except as expressly admitted, the SEC denies the allegations of this paragraph.

763.    The SEC admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

764.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

765.    Denied.

766.    Denied.

767.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

768.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

769.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

770.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

771.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

772.    The SEC admits that Duke University is a member of the ACC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

773.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

774.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

775.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

776.    Denied.

777.    Denied.

778.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Cayden

Wallace participated in college baseball as a student-athlete at the University of
Arkansas from 2020-2022. Except as expressly admitted, the SEC denies the
allegations of this paragraph.

779.    The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

780.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

781.    The SEC admits that Wallace received Freshman All-SEC Team and SEC
Freshman of the Week honors. The SEC denies that any plaintiff had a "job" as a
college athlete. The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the SEC denies the allegations of this paragraph.

782.    The SEC admits that Wallace received a preseason All-SEC selection in
2022. The SEC lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the remaining allegations in this paragraph. Except as expressly admitted,
the SEC denies the allegations of this paragraph.

783.    Admitted.

784.    The SEC admits that certain University of Arkansas baseball games may
have been broadcast on networks including ESPN and SEC Network. The SEC further
admits that it distributed approximately $49.9 million in revenue to each of its member
schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

785.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The SEC admits that, in certain academic years, Wallace received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

786.    Denied.

787.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC admits that, in certain academic years, Wallace received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

788.    Denied.

789.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

790.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

791.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

792.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

793.    The SEC admits that Cal was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

794.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

795.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

796.    Denied.

797.    Denied.

798.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Charles Matthews participated in college basketball as a student-athlete at the University of Kentucky from 2015-2016. Except as expressly admitted, the SEC denies the allegations of this paragraph.

799.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

800.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

801.    The SEC admits that the University of Kentucky won the 2016 SEC Men's Basketball Tournament and a share of the SEC regular season title. The SEC further admits that the University of Kentucky advanced to the second round of the NCAA men's basketball tournament in 2016. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

802.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

803.    SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

804.    The lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

805.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

806.    Denied.

807.    Denied.

808.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Charlie Woerner participated in college football as a student-athlete at the University of Georgia from 2016-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

809.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

810.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

811.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

812.    The SEC admits that the University of Georgia was a member of the SEC during the time Charlie Woerner was enrolled there and that certain University of Georgia football games may have been broadcast on networks including ESPN and CBS. Except as expressly admitted, the SEC denies the allegations of this paragraph.

813.    The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools for the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

814.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

815.    Denied.

816.    Denied.

817.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

818.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

819.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

820.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

821.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

822.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

823.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

824.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

825.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

826.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

827.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

828.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "restrictive policies." Except as expressly admitted, the SEC denies the allegations of this paragraph.

829.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

830.    Denied.

831.    Denied.

832.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

833.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

834.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

835.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

836.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

837.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

838.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

839.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

840.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

841.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

842.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

843.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

844.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

845.    Denied.

846.    Denied.

847.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

848.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

849.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

850.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

851.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

852.    The SEC admits that the University of Miami has been a member of the ACC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

853.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

854.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

855.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

856.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

857.    Denied.

858.    Denied.

859.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

860.   The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

861.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

862.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

863.   The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

864.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

865.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

866.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

867.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

868.   The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

869.   The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

870.    Denied.

871.    The SEC admits that certain NCAA rules previously established limitations

on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC denies that these rules are a "collusive,

artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this paragraph. Except as expressly

admitted, the SEC denies the allegations of this paragraph.

872.    Denied.

873.    The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

874.    The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

875.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

876.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

877.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

878.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

879.    The SEC admits that Stanford University was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

880.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

881.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

882.    Denied.

883.    Denied.

884.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Colton

Prater participated in college football as a student-athlete at Texas A&M University from
2016-2019. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

885.    The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

886.    The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

887.    The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

888.    The SEC admits that Prater was named SEC Offensive Lineman of the
Week in 2019. The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the SEC denies the allegations of this paragraph.

889.    The SEC admits that certain Texas A&M football games may have been
broadcast on networks including ESPN and SEC Network. The SEC further admits that
it distributed approximately $44.6 million in revenue to each of its member schools for
the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

890.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

891.    Denied.

892.    Denied.

893.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Connor Prielipp participated in college baseball as a student-athlete at the University of Alabama from 2019-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

894.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

895.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

896.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

897.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

898.    The SEC admits that Prielipp was named to the Preseason All-SEC First Team ahead of the 2021 season. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

899.    The SEC admits that the Minnesota Twins selected Prielipp in the second round of the 2022 MLB Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

900.    The SEC admits that the University of Alabama was a member of the SEC during the time Connor Prielipp was enrolled there and that certain University of Alabama baseball games may have been broadcast on networks including ESPN and SEC Network. Except as expressly admitted, the SEC denies the allegations of this paragraph.

901.    The SEC admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

902.    The SEC denies that any Plaintiff provided "labor" by participating in college athletics. The SEC admits that, in certain academic years, Prielipp received a partial scholarship. The SEC lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

903.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Prielipp received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

904.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

905.    Denied.

906.    Denied.

907.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

908.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

909.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

910.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

911.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

912.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

913.    The SEC admits that Boise State has been a member of the Mountain West Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

914.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

915.    Denied.

916.    Denied.

917.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

918.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

919.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

920.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

921.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

922.    The SEC admits that Texas Tech University has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

923.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

924.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in this paragraph concerning "restrictions placed by coaching staff" at Texas Tech. Except as expressly admitted, the SEC denies the allegations of this paragraph.

925.    Denied.

926.    Denied.

927.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

928.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

929.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

930.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

931.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

932.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

933.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

934.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

935.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

936.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

937.    Denied.

938.    The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

939.    Denied.

940.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

941.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

942.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

943.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

944.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

945.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

946.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

947.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

948.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

949.    Denied.

950.    Denied.

951.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

952.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

953.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

954.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

955.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

956.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

957.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

958.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

959.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

960.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

961.    Denied.

962.    Denied.

963.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Deontay Anderson participated in college football as a student-athlete at the University of Mississippi from 2016-2017. Except as expressly admitted, the SEC denies the allegations of this paragraph.

964.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

965.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

966.    The SEC admits that Anderson was selected to Second Team Freshman All-SEC by Athlon. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

967.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

968.    The SEC admits that the University of Mississippi was a member of the SEC during the time Anderson was enrolled there and that certain University of Mississippi football games may have been broadcast on networks including ESPN and CBS. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

969.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

970.    The SEC admits that it distributed approximately $40.9 million in revenue to each of its member schools for the 2016-2017 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

971.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

972.    Denied.

973.    Denied.

974.    The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC admits that Destiny

Slocum participated in college basketball as a student-athlete at the University of

Arkansas from 2020-2021. Except as expressly admitted, the SEC denies the

allegations of this paragraph.

975.    The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

976.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

977.    The SEC denies that any plaintiff had a "job" as a college athlete. The

SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

978.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

979.    The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

980.    The SEC admits that Slocum received Second Team All-SEC honors in 2021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

981.    Admitted.

982.    The SEC admits that certain University of Arkansas women's basketball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

983.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

984.    Denied.

985.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

986.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

987.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

988.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

989.    The SEC admits that the University of Michigan has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

990.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

991.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

992.    The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

993.    Denied.

994.    Denied.

995.    The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

996.    The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

997.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

998.    The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

999.    The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1000.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1001.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1002.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1003.  SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1004.  SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1005.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1006.  Denied.

1007.  Denied.

1008.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Drew Lock participated in college football as a student-athlete at the University of Missouri from 2015-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1009.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1010.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1011.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1012.  The SEC admits that Lock was selected to First Team All-SEC in 2017 and was twice named the Offensive Player of the Week that season. The SEC further admits that Lock was selected to First Team Preseason All-SEC and Second Team All-SEC in 2018. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1013.  Admitted.

1014.  The SEC admits that the University of Missouri was a member of the SEC during the time Lock was enrolled there and that certain University of Missouri football games may have been broadcast on networks including ESPN and CBS. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1015.  The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools for the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1016. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1017. Denied.

1018. Denied.

1019. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1020. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1021. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1022. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1023. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1024.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1025.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1026.  SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1027.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1028.  Denied.

1029.  Denied.

1030.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Smith participated in college baseball as a student-athlete at the University of Alabama from 2018-2021. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1031.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1032.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1033.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1034.  The SEC admits that the Detroit Tigers selected Smith in the third round of the 2021 MLB Draft. The denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1035.  The SEC admits that the University of Alabama was a member of the SEC during the time Smith was enrolled there and that certain University of Alabama baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $54.6 million in revenue to each of its member schools for the 2020-2021 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1036.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1037.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Smith received a partial athletic scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1038. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1039. Denied.

1040. Denied.

1041. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1042. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1043. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1044.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1045.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1046.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1047.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1048.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1049.  Denied.

1050.  Denied.

1051.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1052.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1053.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1054.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1055.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1056.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1057.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1058.  The SEC admits that the University of Kansas has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1059.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1060.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

1061.  Denied.

1062.  Denied.

1063.  The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1064.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1065.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1066.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1067.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1068.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1069.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1070.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1071.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1072.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1073.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1074.  Denied.

1075.  Denied.

1076.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1077.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1078.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1079.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1080.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1081.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1082.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1083.  The SEC admits that the University of Oklahoma was a member of the Big 12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1084.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1085.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

1086.  Denied.

1087.  Denied.

1088.  The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1089.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1090.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1091.  The SEC denies that any plaintiff had a "job" as a college athlete. The

SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

1092.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1093.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1094.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1095.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1096.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1097.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1098.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1099.  Denied.

1100.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1101.  Denied.

1102.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1103.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1104.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1105.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1106.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1107.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1108.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1109.  The SEC admits that Penn State University has been a member of the Big
Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the SEC denies the allegations of this paragraph.

1110.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1111.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1112.  Denied.

1113.  Denied.

1114.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1115.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1116.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1117.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1118.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1119.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1120.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1121.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1122.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1123.  Denied.

1124.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1125.  Denied.

1126.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1127.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1128.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1129.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1130.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1131.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1132.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1133.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1134.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1135.  Denied.

1136.  Denied.

1137.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Hayden Hurst participated in college football as a student-athlete at the University of South Carolina from 2015-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1138.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1139.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1140.  The SEC admits that Hurst was named to the First-Year SEC Honor Roll in 2015. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1141.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1142.  The SEC admits that Hurst was named First Team All-SEC in 2017, was named 2017 preseason First Team All-SEC by the league's coaches and Athlon, and was named a First Team All-SEC pick by The Athletic. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1143.  The SEC admits that the Baltimore Ravens selected Hurst in the first round as the 25th overall pick in the 2018 NFL Draft. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1144.  The SEC admits that certain University of South Carolina football games may have been broadcast on networks including SEC Network, ESPN, and CBS Sports. The SEC further admits that it distributed approximately $40.9 million in revenue to each of its member schools for the 2016-2017 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1145.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1146.  Denied.

1147.  Denied.

1148.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC admits that Hunter
Barco participated in college baseball as a student-athlete at the University of Florida
from 2019-2022. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

1149.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1150.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1151.  The SEC admits that Barco was named to the 2021 SEC All-Newcomer
Team. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the SEC denies
the allegations of this paragraph.

1152.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1153.  The SEC admits that the Pittsburgh Pirates drafted Barco in the second
round of the 2022 MLB Draft. The SEC denies that any plaintiff provided "labor" as a

college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1154. The SEC admits that the University of Florida was a member of the SEC during the time Barco was enrolled there and that certain University of Florida baseball games may have been broadcast on networks including ESPN and SEC Network. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1155. The SEC admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1156. The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Barco received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1157. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1158.  Denied.

1159.  Denied.

1160.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1161.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1162.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1163.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1164.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1165.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1166.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1167.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1168.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1169.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1170.  Denied.

1171.  Denied.

1172.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1173.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1174.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1175.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1176.  The SEC admits that Boston College has been a member of the Atlantic
Coast Conference. The SEC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

1177.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1178.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The SEC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of
this paragraph.

1179.  Denied.

1180.  Denied.

1181.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1182.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1183.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1184.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1185.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1186.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1187.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1188.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1189.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1190.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1191.  Denied.

1192.  Denied.

1193.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jacob

Eason participated in college football as a student-athlete at the University of Georgia from 2016-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1194.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1195.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1196.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1197.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1198.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1199.  The SEC admits that the Indianapolis Colts selected Eason in the fourth round as the 122nd overall pick in the 2020 NFL Draft. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1200.  The SEC admits that certain University of Georgia football games may have been broadcast on networks including ESPN and CBS. The SEC further admits that it distributed approximately $43.1 million in revenue to each of its member schools

for the 2017-2018 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1201.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1202.  Denied.

1203.  Denied.

1204.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1205.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1206.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1207.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1208.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1209.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1210.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1211.  Denied.

1212.  Denied.

1213.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1214.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1215.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1216.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1217.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1218.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1219.  The SEC admits that UCLA was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1220.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1221.  Denied.

1222.  Denied.

1223.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1224.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1225.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1226.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1227.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1228.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1229.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1230.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1231.  The SEC admits that the University of Washington was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1232.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1233.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1234.  Denied.

1235.  Denied.

1236.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jake Fromm participated in college football as a student-athlete at the University of Georgia from 2017-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1237.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1238.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1239.  The SEC admits that Fromm was named SEC Freshman of the Year in 2017. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1240.  The SEC admits that the Buffalo Bills drafted Fromm in the fifth round of the 2020 NFL Draft. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1241.  The SEC admits that the University of Georgia was a member of the SEC during the time Fromm was enrolled there and that certain University of Georgia football games may have been broadcast on networks including ESPN and CBS. The SEC further admits that the University of Georgia played in the 2017 College Football Playoff National Championship. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1242.  The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools for the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1243.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1244.  Denied.

1245.  Denied.

1246.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1247.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1248.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1249.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1250.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1251.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1252.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1253.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of
this paragraph.

1254.  Denied.

1255.  The SEC admits that certain NCAA rules previously established limitations
on the number of scholarships that an institution could provide to student-athletes
participating in certain college sports. The SEC denies that these rules are a "collusive,
artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations of this paragraph. Except as expressly
admitted, the SEC denies the allegations of this paragraph.

1256.  Denied.

1257.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1258.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1259.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1260.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1261.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1262.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1263.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1264.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1265.  Denied.

1266.  Denied.

1267.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1268.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1269.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1270.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1271.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1272.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1273.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1274.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1275.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1276.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1277.  Denied.

1278.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1279.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1280.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1281.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1282.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1283.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1284.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1285. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1286. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1287. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph were an "unlawful restriction." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1288. Denied.

1289. Denied.

1290. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1291. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1292. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1293. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1294.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1295.  The SEC admits that the University of Indiana has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1296.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1297.  Denied.

1298.  Denied.

1299.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1300.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1301.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1302.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1303.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1304.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1305.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1306.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1307.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1308.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1309.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1310.  Denied.

1311.  Denied.

1312.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1313.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1314.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1315.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1316.  The SEC denies that any Plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

1317.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1318.  The SEC admits that the University of Wisconsin has been a member of
the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1319. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1320. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1321. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1322. Denied.

1323. Denied.

1324. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jared Hocker participated in college football as a student-athlete at Texas A&M University. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1325. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1326. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1327.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1328.  The SEC admits that certain Texas A&M football games may have been broadcast on networks including ESPN and ABC. The SEC further admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1329.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1330.  Denied.

1331.  Denied.

1332.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1333.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1334.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1335.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1336.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1337.  The SEC admits that Penn State University has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1338.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1339.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1340.  Denied.

1341.  Denied.

1342.  The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

1343.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1344.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1345.  Denied.

1346.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1347.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1348.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1349.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1350.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1351.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1352.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1353.  Denied.

1354.  Denied.

1355.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1356.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1357.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1358.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1359.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1360.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1361.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1362.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1363.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1364.  Denied.

1365.  Denied.

1366.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1367.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1368.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1369.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1370.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1371.  The SEC admits that Oregon State University has been a member of the Pac-12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1372.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1373.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1374.  Denied.

1375.  Denied.

1376.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jeremiah

Ledbetter participated in college football as a student-athlete at the University of

Arkansas. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

1377.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1378.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1379.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1380.  The SEC denies that any plaintiff had a "job" as a college athlete. The

SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

1381.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

1382.  The SEC admits that the Detroit Lions drafted Ledbetter in the sixth round

of the 2017 NFL Draft. The SEC denies that any plaintiff provided "labor" as a college

athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1383.  The SEC admits that certain University of Arkansas football games may

have been broadcast on networks including ESPN and SEC Network. The SEC further

admits that it distributed approximately $31.2 million in revenue to each of its member

schools for the 2014-2015 fiscal year. The SEC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1384.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1385.  Denied.

1386.  Denied.

1387.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1388.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1389.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1390.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1391.  The SEC admits that the University of Pittsburgh has been a member of the Atlantic Coast Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1392.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1393.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1394.  Denied.

1395.  Denied.

1396.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1397.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1398.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1399.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1400.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1401.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1402.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1403.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1404.  Denied.

1405.  Denied.

1406.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jonathan Juzang participated in college basketball as a student-athlete at the University of Kentucky from 2019-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1407.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1408.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1409.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1410.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1411.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1412.  The SEC admits that the University of Kentucky was a member of the SEC during the time Juzang was enrolled there and that certain University of Kentucky basketball games may have been broadcast on networks including CBS and ESPN. The SEC further admits that UCLA was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1413.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1414.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1415.  Denied.

1416.  Denied.

1417.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that John Rhodes participated in college baseball as a student-athlete at the University of Kentucky from 2019-2021. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1418.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1419.  The SEC admits that the Baltimore Orioles drafted Rhodes in the third round of the 2021 MLB Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1420.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1421.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1422.  The SEC admits that the University of Kentucky was a member of the SEC during the time Rhodes was enrolled there and that certain University of Kentucky baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1423.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1424.  The SEC admits that, in certain academic years, Rhodes received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1425.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were a "collusive, artificial restrain" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Rhodes received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1426.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1427. Denied.

1428. Denied.

1429. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1430. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1431. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1432. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1433. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1434. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1435. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1436.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1437.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1438.  Denied.

1439.  Denied.

1440.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Jordan Beck participated in college baseball as a student-athlete at the University of Tennessee from 2019-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1441.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1442.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1443.  The SEC admits that Beck was on the SEC First-Year Academic Honor Roll in 2019-2020 and was on the Spring 2021 SEC Academic Honor Roll. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1444.  The SEC admits that Beck was selected as Preseason Second Team All-SEC. The SEC further admits that the University of Tennessee won the 2022 SEC Baseball Championship. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1445.  Admitted.

1446.  The SEC admits that certain University of Tennessee baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1447.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1448.  Denied.

1449.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were a "collusive, artificial restraint." The SEC admits that, in certain academic years, Beck received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1450.  Denied.

1451.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1452.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1453.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1454.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1455.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1456.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1457.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1458.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1459.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1460.  Denied.

1461.  Denied.

1462.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1463.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1464.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1465.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1466.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1467.  The SEC admits that Stanford University was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1468.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1469.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1470.  Denied.

1471.  Denied.

1472.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Josh Ali

participated in college football as a student-athlete at the University of Kentucky from

2017-2021. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

      1473.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

      1474.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

      1475.  The SEC denies that any plaintiff had a "job" as a college athlete. The

SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph.

      1476.  The SEC admits that Ali was named Preseason Fourth Team All-SEC by

Phil Steele in 2020, was named Fourth team All-SEC by Athlon Sports in 2021, was

named Second Team All-SEC by Phil Steele in 2021, and was named Second Team

All-SEC (PR) and Third Team All-SEC (WR) by Pro Football Focus in 2021. The SEC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

      1477.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

      1478.  The SEC admits that certain University of Kentucky football games may

have been broadcast on networks including SEC Network. The SEC further admits that

it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1479.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1480.  Denied.

1481.  Denied.

1482.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Josh Smith participated in college baseball as a student-athlete at Louisiana State University from 2016-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1483.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1484.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1485.  The SEC admits that Smith was named to the Freshman All-SEC Team and SEC All-Defensive Team in 2017. The SEC further admits that Smith received SEC All-Tournament recognition in 2019. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1486.  Admitted.

1487.  The SEC admits that the Louisiana State University was a member of the SEC during the time Smith was enrolled there and that certain Louisiana State University baseball games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that LSU and Florida participated in the 2017 College World Series Finals. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1488.  The SEC admits that, in certain academic years, Smith received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1489.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in

certain academic years, Smith received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1490.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1491.  Denied.

1492.  Denied.

1493.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1494.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1495.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1496.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1497.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1498.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1499.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1500.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1501.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1502.  Denied.

1503.  Denied.

1504.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1505.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1506.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1507.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1508.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1509.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1510.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1511.  Denied.

1512.  Denied.

1513.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1514.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1515.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1516.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1517.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1518.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1519.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1520.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1521.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1522.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1523.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1524.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful rules." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1525.  Denied.

1526.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1527.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1528.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1529.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1530.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1531.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1532.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1533.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1534.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1535.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1536.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1537.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1538.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1539.  Denied.

1540.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Keaton Sutherland participated in college football as a student-athlete at Texas A&M University

from 2015-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1541.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1542.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1543.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1544.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1545.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1546.  The SEC admits that the Texas A&M was a member of the SEC during the time Sutherland was enrolled there and that certain Texas A&M football games may have been broadcast on networks including ESPN. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1547.  The SEC admits that it distributed approximately $43.1 million in revenue to each of its member schools for the 2017-2018 fiscal year. The SEC lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1548.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1549.  Denied.

1550.  Denied.

1551.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Keir Thomas participated in college football as a student-athlete at the University of South Carolina from 2016-2021. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1552.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1553.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1554.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1555.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1556.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1557.  The SEC admits that certain University of South Carolina football games may have been broadcast on networks including ESPN, ABC, and SEC Network. The SEC further admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1558.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1559.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1560.  Denied.

1561.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1562.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1563.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1564.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1565.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1566.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1567.  The SEC admits that Oregon State University has been a member of the Pac-12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1568.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1569.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1570.  The SEC admits that certain NCAA rules previously established limitations

on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC denies that these rules are a "collusive,

artificial restraint" or "illegal and unfair restraints." The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

1571.  The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

1572.  Denied.

1573.  Denied.

1574.  The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC admits that KJ Costello

participated in college football as a student-athlete at Mississippi State University in

2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1575.  The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

1576.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1577.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1578.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1579.  The SEC admits that Costello received an SEC Offensive Player of the Week award. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1580.  The SEC admits that Mississippi State University was a member of the SEC during the time Costello was enrolled there and that certain Mississippi State University football games may have been broadcast on networks including ESPN. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1581.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1582.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1583.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1584.  Denied.

1585.  Denied.

1586.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1587.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1588.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1589.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1590.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1591.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1592.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1593.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1594.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1595.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restraints." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1596.  Denied.

1597.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Landon Young participated in college football as a student-athlete at the University of Kentucky from 2016-2021. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1598.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1599.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1600.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1601.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1602.  The SEC admits that Young was named to the SEC First-Year Academic Honor Roll. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1603.  The SEC admits that Young was named to the SEC Academic Honor Roll, Third Team All-SEC by Athlon, SEC Offensive Lineman of the Week, Athlon Sports' Preseason All-SEC, and Fourth Team Offense. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1604.  The SEC admits that Young was named Preseason First Team All-SEC by Pick Six Previews and Preseason Second Team All-SEC by Athlon Sports, Coaches, and Phil Steele. The SEC further admits that Young was named First Team All-SEC by SEC coaches, Second Team All-SEC by the Associated Press and Phil Steele, and Third Team All-SEC by PFF. The SEC also admits that Young was a two-time SEC

Offensive Lineman of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1605.  The SEC admits that the New Orleans Saints selected Young in the 6th round of the 2021 NFL Draft as the 206th overall pick. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1606.  The SEC admits that certain University of Kentucky football games may have been broadcast on networks including ESPN and SEC Network. The SEC further admits that it distributed approximately $54.6 million in revenue to each of its member schools for the 2020-2021 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1607.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1608.  Denied.

1609.  Denied.

1610.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1611.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1612.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1613.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1614.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1615.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1616.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1617.  The SEC admits that Baylor University has been a member of the Big 12
Conference. The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the SEC denies the allegations of this paragraph.

1618.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations in this paragraph.

1619.  Denied.

1620.  Denied.

1621.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1622.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1623.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1624.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1625.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1626.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1627.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1628.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1629.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1630.  Denied.

1631.  Denied.

1632.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1633.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1634.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1635.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1636.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1637.  The SEC admits that Washington State University has been a member of the Pac-12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1638.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1639.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC the denies the allegations of this paragraph.

1640.  Denied.

1641.  Denied.

1642.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1643.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1644.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1645.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1646.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1647.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1648.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1649.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1650.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1651.  Denied.

1652.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1653.  Denied.

1654.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Matthew Butler participated in college football as a student-athlete at the University of Tennessee from 2017-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1655.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1656.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1657.  The SEC admits that Butler was named to the 2017 First Year SEC Academic Honor Roll and the 2018 Fall SEC Academic Honor Roll. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1658.  The SEC admits that Butler was named to the 2019 Fall SEC Academic Honor Roll and the 2019 SEC Football Community Service Team. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1659.  The SEC admits that Butler was named to the 2020 Fall SEC Academic Honor Roll and was nominated for the 2021 SEC McWhorter Award. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1660.  The SEC admits that Butler was named to the 2021 Fall SEC Academic Honor Roll. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1661.  Admitted.

1662.  The SEC admits that the University of Tennessee was a member of the SEC during the time Butler was enrolled there and that certain University of Tennessee football games may have been broadcast on networks including ESPN and the SEC Network. The SEC further admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1663.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1664.  Denied.

1665.  Denied.

1666.   The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1667.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1668.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1669.   The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1670.  The SEC admits that UCLA was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1671.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1672.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules were "illegal and unfair restraints." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1673.  Denied.

1674.  Denied.

1675.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1676.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1677.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1678.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1679.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1680.  The SEC admits that Ohio State University has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1681.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1682.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1683.  Denied.

1684.  Denied.

1685.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1686.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1687.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1688.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1689.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1690.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1691.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1692.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1693.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1694.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1695.  Denied.

1696.  Denied.

1697.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1698.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1699.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1700.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1701.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1702. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1703. The SEC admits that Stanford University was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1704. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1705. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1706. Denied.

1707. Denied.

1708. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1709. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1710.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1711.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1712.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1713.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1714.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1715.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1716.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1717.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1718.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1719.  Denied.

1720.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1721.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1722.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1723.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1724.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1725.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1726.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1727.  The SEC admits that Oregon State University has been a member of the Pac-12 Conference. The SEC lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1728.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1729.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1730.  Denied.

1731.  Denied.

1732.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1733.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1734.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1735.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1736.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1737.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1738.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1739.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1740.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1741.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1742.  Denied.

1743.  Denied.

1744.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1745.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1746.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1747.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1748.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1749.  The SEC admits that the University of Colorado was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1750.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1751.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1752.  Denied.

1753.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1754.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1755.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1756.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1757.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1758.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1759.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1760.  Denied.

1761.  Denied.

1762.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Nakobe Dean participated in college football as a student-athlete at the University of Georgia from 2019-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1763.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1764.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1765.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1766.  The SEC admits that the Philadelphia Eagles selected Dean in the 2022 NFL Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1767.  The SEC admits that the University of Georgia was a member of the SEC during the time Dean was enrolled there and that certain University of Georgia football games may been broadcast on networks including ESPN and CBS. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1768.  The SEC admits that it distributed approximately $54.6 million in revenue to each of its member schools for the 2020-2021 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1769.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1770.  Denied.

1771.  Denied.

1772.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1773.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1774.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1775.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1776.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1777.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1778.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1779.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1780.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1781.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1782.  Denied.

1783.  Denied.

1784.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1785.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1786.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1787.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1788.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1789.  The SEC admits that Baylor University has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1790.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1791.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes

participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1792.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1793.  Denied.

1794.  Denied.

1795.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1796.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1797.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1798.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1799.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1800.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1801.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1802.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1803.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1804.  Denied.

1805.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1806.  Denied.

1807.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1808.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1809.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1810.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1811.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1812.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1813.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1814.  The SEC admits that Florida State University has been a member of the Atlantic Coast Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1815.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1816.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1817.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1818.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1819.  Denied.

1820.  Denied.

1821.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1822.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1823.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1824.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1825.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1826.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1827.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1828.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1829.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1830.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1831.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1832.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1833.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1834.  Denied.

1835.  Denied.

1836.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1837.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1838.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1839.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1840.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1841.  The SEC admits that the University of Michigan has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1842.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1843.  Denied.

1844.  Denied.

1845.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1846.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1847.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1848.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1849.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1850.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1851.  Denied.

1852.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1853.  Denied.

1854.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1855.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1856.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1857.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1858.  The SEC admits that Baylor University has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1859.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1860.  Denied.

1861.  Denied.

1862.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Ryan Rolison participated in college baseball as a student-athlete at the University of Mississippi. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1863.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1864.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1865.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Rolison was named to the 2017 SEC All-Freshman Team and was named as an SEC Freshman of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1866.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1867.  The SEC admits that the University of Mississippi won the 2018 SEC Baseball Tournament Championship against Louisiana State University and that

Rolison was named as an SEC Pitcher of the Week. The SEC further admits that

Rolison was named to the 2018 SEC Spring Academic Honor Roll. The SEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

1868.  The SEC admits that the Colorado Rockies drafted Rolison in the first

round of the 2018 MLB Draft as the 22nd overall pick. The SEC denies that any plaintiff

provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the

allegations of this paragraph.

1869.  The SEC admits that the University of Mississippi was a member of the

SEC during the time Rolison was enrolled there and that certain University of

Mississippi baseball games may have been broadcast on networks including ESPN and

the SEC Network. The SEC further admits that it distributed approximately $43.1 million

in revenue to each of its member schools for the 2017-2018 fiscal year. The SEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

1870.  The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." The SEC admits that, in certain academic years, Rolison

received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1871.  Denied.

1872.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint." The SEC admits that, in certain academic years, Rolison received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1873.  Denied.

1874.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1875.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1876.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1877.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1878.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1879.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1880.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1881.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1882.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1883.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1884.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1885.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1886.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1887.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1888.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1889.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1890.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1891.  Denied.

1892.  Denied.

1893.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Sarah Fuller participated in college soccer as a student-athlete at Vanderbilt University from 2017-2020 and in college football at Vanderbilt University in 2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1894.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1895.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1896.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that the Vanderbilt women's soccer team won the 2020 SEC Soccer Tournament. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1897.  The SEC admits that on November 30, 2020, the SEC named Fuller as the SEC Conference Co-Special Teams Player of the Week after she became the first woman to officially take the field during a football game in an Autonomy Five football game. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1898.  The SEC admits that Fuller scored an extra point for Vanderbilt University in a football game played against the University of Tennessee, becoming the first woman to score a point in a football game played by teams within the Autonomy Five conferences. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1899.  The SEC admits that Vanderbilt University was a member of the SEC during the time Fuller was enrolled there and that certain Vanderbilt University soccer and football games may have been broadcast on networks including the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1900.  The SEC admits that it distributed approximately $54.6 million in revenue to each of its member schools for the 2020-2021 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1901.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1902.  Denied.

1903.  Denied.

1904.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Sean Hjelle participated in college baseball as a student-athlete at the University of Kentucky from 2015-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1905.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1906.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1907.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Hjelle was named as a SEC Co-Freshman of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1908.  The SEC admits Hjelle was named as the 2017 SEC Pitcher of the Year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1909.  The SEC admits that Hjelle was named to the 2018 Preseason Baseball Coaches All-SEC Second Team. The SEC further admits that the San Francisco Giants selected Hjelle in the second round of the 2018 MLB Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1910.  The SEC admits that the University of Kentucky was a member of the SEC during the time Hjelle was enrolled there and that certain University of Kentucky baseball games may have been broadcast on networks including the SEC Network and ESPN. The SEC lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1911.  The SEC admits that, in certain academic years, Hjelle received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1912.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The SEC admits that, in certain academic years, Hjelle received a partial scholarship. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1913.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1914.  Denied.

1915.  Denied.

1916.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1917.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1918.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1919.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1920.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1921.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1922.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1923.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1924.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1925.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1926.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1927.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The SEC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of
this paragraph.

1928.  Denied.

1929.  Denied.

1930.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1931.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1932.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1933.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1934.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

1935.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1936.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1937.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1938.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1939.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1940.  Denied.

1941.  Denied.

1942.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1943.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1944. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1945. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1946. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1947. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1948. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1949. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1950. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1951. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1952. Denied.

1953. Denied.

1954.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1955.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1956.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1957.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1958.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1959.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1960.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1961.  The SEC admits that Baylor University has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1962.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1963.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1964.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1965.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1966.  Denied.

1967.  Denied.

1968.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Shea Patterson participated in college football as a student-athlete at the University of Mississippi from 2016-2017. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1969.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1970.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1971.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1972.  The SEC admits that Patterson was named to the 2016-17 First-Year SEC Academic Honor Roll and was a member of the 2017 SEC Football Student-Athlete Leadership Council. The SEC further admits that Patterson was named as an SEC Freshman of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1973.  The SEC admits that Patterson was named as an SEC Offensive Player of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1974.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1975.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1976.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1977.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1978.  The SEC admits that the University of Mississippi was a member of the SEC during the time Patterson was enrolled there and that certain University of Mississippi football games may have been broadcast on networks including ESPN and the SEC Network. The SEC denies that it distributed an average of over $43.1 million per member school for the 2017-2018 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1979.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

1980.  Denied.

1981.  Denied.

1982.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1983.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1984.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1985.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1986.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1987.  The SEC admits that the University of Miami has been a member of the Atlantic Coast Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1988.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1989.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

1990.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The SEC denies that the NCAA rules referenced in this paragraph are
"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of
this paragraph.

1991.  Denied.

1992.  Denied.

1993.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC admits that Sophie
Cunningham participated in college basketball as a student-athlete at the University of
Missouri from 2015-2019. Except as expressly admitted, the SEC denies the allegations
of this paragraph.

1994.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

1995.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1996.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC admits that, in 2016, Cunningham was named Second-Team All SEC, All-
Freshman, and SEC Freshman of the Year. The SEC further admits that Cunningham

was named SEC Freshman of the Week six times during the 2015-16 women's basketball season. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1997.  The SEC admits Cunningham was named First Team All-SEC and was twice named SEC Player of the Week for the 2016-17 women's basketball season. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1998.  The SEC admits Cunningham was named First Team All-SEC for the 2017-18 women's basketball season and also earned SEC Player of the Week honors. The SEC further admits Cunningham was named to the 2018 SEC Women's Basketball Community Service Team. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

1999.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2000.  The SEC admits that for the 2018-19 women's basketball season Cunningham was named First Team All-SEC, and was twice named SEC Player of the Week. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2001.  The SEC admits that the Phoenix Mercury selected Cunningham as the first pick in the second round of the 2019 WNBA Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2002.  The SEC admits that the University of Missouri was a member of the SEC during the time Cunningham was enrolled there and that certain University of Missouri women's basketball games may have been broadcast on networks including ESPN and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2003.  The SEC admits that it distributed approximately $45.5 million in revenue to each of its member schools for the 2019-2020 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2004.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2005.  Denied.

2006.  Denied.

2007.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Spencer Jones participated in college baseball as a student-athlete at Vanderbilt University. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2008.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2009.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2010.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2011.  The SEC admits that for the 2022 baseball season, Jones was named Second Team All-SEC. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2012.  The SEC admits that the New York Yankees selected Jones as the 25th overall pick of the 2022 MLB Draft. The SEC denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2013.  The SEC admits that Vanderbilt University was a member of the SEC during the time Jones was enrolled there and that certain Vanderbilt University baseball games may have been broadcast on networks including ESPN and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2014.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2015.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2016.  Denied.

2017.  Denied.

2018.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2019.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2020.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2021.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2022.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2023.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2024.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2025.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2026.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2027.  Denied.

2028.  Denied.

2029.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2030.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2031.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2032.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2033.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2034.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2035.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2036. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2037. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2038. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2039. Denied.

2040. Denied.

2041. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2042. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2043. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2044. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2045. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2046. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2047. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2048. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2049. Denied.

2050. Denied.

2051. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2052.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2053.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2054.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2055.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2056.  The SEC admits that Penn State University has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2057.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2058.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2059.  Denied.

2060.  Denied.

2061.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2062.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2063.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2064.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2065.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2066.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2067.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2068.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2069.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2070.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2071.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2072.  Denied.

2073.  Denied.

2074.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2075.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2076.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2077.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2078.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2079.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2080.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2081.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2082.  Denied.

2083.  Denied.

2084.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2085.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2086.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2087.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2088.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2089.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2090.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2091.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2092.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2093.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2094.  Denied.

2095.  Denied.

2096.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2097.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2098.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2099.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2100.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2101.  The SEC admits that the University of North Carolina has been a member of the Atlantic Coast Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2102.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2103.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2104.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2105.  Denied.

2106.  Denied.

2107.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2108.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2109.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2110.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2111.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2112.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2113.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2114.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2115.  Denied.

2116.  Denied.

2117.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2118.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2119.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2120.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2121.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2122.  The SEC admits that UC Berkeley was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2123.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2124.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2125.  Denied.

2126.  Denied.

2127.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC admits that Will Levis
participated in college football as a student-athlete at the University of Kentucky. Except
as expressly admitted, the SEC denies the allegations of this paragraph.

2128.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2129.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2130.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2131.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2132.  The SEC admits that the Tennessee Titans drafted Levis in the second
round of the 2023 NFL Draft. The SEC denies that any plaintiff provided "labor" as a
college athlete. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

2133.  The SEC admits that the University of Kentucky was a member of the
SEC during the time Levis was enrolled there and that certain University of Kentucky
football games may have been broadcast on networks including ABC and ESPN. The

SEC further admits that Penn State University has been a member of the Big Ten

Conference. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations in this paragraph. Except as expressly

admitted, the SEC denies the allegations of this paragraph.

2134.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2135.  The SEC admits that it distributed approximately $49.9 million to each of

its member schools for the 2021-2022 fiscal year.   The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

2136.  The SEC admits that NCAA rules previously have governed and currently

govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of

this paragraph.

2137.  Denied.

2138.  Denied.

2139.  The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

2140.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2141.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2142.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2143.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2144.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2145.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2146.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2147.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2148.  Denied.

2149.  Denied.

2150.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2151.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2152.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2153.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2154.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2155.  The SEC admits that Penn State University has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2156.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2157.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2158.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2159.  Denied.

2160.  Denied.

2161.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2162.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2163.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2164.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2165.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2166.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2167.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2168.  The SEC admits that the University of Michigan has been a member of the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2169.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2170.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2171.  Denied.

2172.  Denied.

2173.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2174.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2175.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2176.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2177.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2178.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2179.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2180.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2181.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2182.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2183.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2184.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2185.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2186.  Denied.

2187.  Denied.

2188.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2189.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2190.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2191.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2192.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2193.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2194.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2195.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2196.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2197.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2198.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2199.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2200.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2201.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2202.  Denied.

2203.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2204.  Denied.

2205.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2206.  Denied.

2207.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2208.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2209.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2210.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2211.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2212.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2213.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2214.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2215.  Denied.

2216.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2217.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2218.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2219.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2220.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2221.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2222.  Denied.

2223.  Denied.

2224.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2225.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2226.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2227.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2228.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2229.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2230.  Denied.

2231.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2232.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2233.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2234.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2235.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2236.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "anticompetitive rules." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2237.  Denied.

2238.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2239.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2240.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2241.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2242.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2243.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2244.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2245.  Denied.

2246.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2247.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2248.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2249.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2250.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2251.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "anticompetitive rules." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2252.  Denied.

2253.  Denied.

2254.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2255.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2256.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2257.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2258.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2259.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2260.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2261.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful, anticompetitive restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2262.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2263.  Denied.

2264.  Denied.

2265.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2266.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2267.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2268.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2269.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2270.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2271.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2272.  Denied.

2273.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2274.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2275.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2276.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2277.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2278.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2279.  Denied.

2280.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2281.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2282.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2283.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2284.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2285.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2286.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2287.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2288.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2289.  Denied.

2290.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2291.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2292.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2293.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2294.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2295.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2296.  Denied.

2297.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2298.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2299.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2300.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2301.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2302.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2303.  Denied.

2304.  Denied.

2305.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2306.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2307.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2308.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2309.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2310.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2311.  Denied.

2312.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2313.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2314.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2315.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2316.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "anticompetitive . . . restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2317.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2318.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2319.  Denied.

2320.  Denied.

2321.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2322.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2323.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2324.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2325.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2326.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2327.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2328.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2329.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2330.  Denied.

2331.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2332.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2333.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2334.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2335.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2336.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2337. Denied.

2338. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2339. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2340. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2341. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2342. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2343. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2344. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"illegal," "anticompetitive," or "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2345.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2346.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2347.  Denied.

2348.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2349.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2350.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2351.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2352.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2353.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2354.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2355.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2356.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the paragraph.

2357.  Denied.

2358.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2359.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2360.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2361.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2362.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2363.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2364.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "anticompetitive . . . restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2365.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2366.  Denied.

2367.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2368.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2369.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2370.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2371.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2372.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2373.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2374.  Denied.

2375.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2376.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2377.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2378.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2379.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2380.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2381.  Denied.

2382.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2383.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2384.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2385.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2386.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2387.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2388.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2389.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2390.  The SEC denies that NCAA rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "unlawful restrictions." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2391.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2392.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2393.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2394.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2395.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC further denies that the NCAA's rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "anticompetitive" or "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2396.  Denied.

2397.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2398.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2399.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2400.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2401.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2402.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2403.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2404.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2405.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2406.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2407.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2408.  Denied.

2409.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2410.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2411.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2412.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2413.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2414.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2415.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2416.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2417.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2418.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
of the paragraph.

2419.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2420.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2421.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2422.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2423.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2424.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2425.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful" or "anticompetitive." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2426. The SEC admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The SEC lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2427. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2428. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2429. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2430. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2431. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2432. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2433.  Denied.

2434.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
of the paragraph.

2435.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

2436.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2437.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

2438.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2439.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2440.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. The SEC denies that the NCAA rules referenced in this paragraph are
"anticompetitive." Except as expressly admitted, the SEC denies the allegations of this
paragraph.

2441.  The SEC admits that it issued interim guidance on July 1, 2021, that permitted certain NIL activities. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2442.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2443.  Denied.

2444.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2445.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2446.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2447.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2448.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2449.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2450.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2451.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "anticompetitive." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2452.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2453.  The SEC admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The SEC lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2454.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2455.  Denied.

2456.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2457.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2458.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2459.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2460.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2461.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2462.  Denied.

2463.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2464.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2465.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2466.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2467.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2468.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "anticompetitive" or "unlawful" restrictions. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2469.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2470.  Denied.

2471.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2472.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2473.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2474.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2475.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2476.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2477.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions" Except as expressly admitted, the SEC denies the allegations of this paragraph.

2478.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2479.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2480.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2481.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2482.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2483.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2484.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2485.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2486.  Denied.

2487.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2488.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2489.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2490.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2491.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2492.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2493.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2494.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2495.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2496.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2497.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful" or "anticompetitive" restrictions. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2498.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2499.  Denied.

2500.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Aaron Epps participated in college basketball as a student-athlete at Louisiana State University from 2014-2018. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2501.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2502.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2503.  The SEC admits that LSU has been a member of the SEC and has competed for national championships in a variety of sports. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2504.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2505.  The SEC admits that it distributed approximately $43.1 million in revenue to each of its member schools for the 2017-2018 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2506.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2507.  Denied.

2508.  Denied.

2509.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2510.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2511.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2512.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2513.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2514.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2515.  Denied.

2516.  Denied.

2517.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2518.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2519.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2520.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2521.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2522.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2523.  Denied.

2524.  Denied.

2525.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2526. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2527. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2528. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2529. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2530. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2531. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2532. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2533. Denied.

2534. Denied.

2535.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2536.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2537.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2538.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that the University of Nebraska has competed in the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2539.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2540.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2541.  Denied.

2542.  Denied.

2543.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2544.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2545.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2546.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Ohio State University has competed in the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2547.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2548.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2549.  Denied.

2550.  Denied.

2551.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2552.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2553.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2554.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2555.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2556.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2557.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2558.  Denied.

2559.  Denied.

2560.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2561.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2562.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2563.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that West Virginia University has competed in the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2564.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2565.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2566.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2567.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2568.  Denied.

2569.  Denied.

2570.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2571.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2572.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2573.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2574.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2575.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2576.  The SEC admits that West Virginia University has competed in the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations in this paragraph.

2577.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations in this paragraph.

2578.  Denied.

2579.  Denied.

2580.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2581.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2582.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2583. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2584. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2585. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2586. Denied.

2587. Denied.

2588. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2589. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2590. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2591. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2592.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2593.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2594.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2595.  Denied.

2596.  Denied.

2597.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Dontaie Allen participated in college basketball as a student-athlete at the University of Kentucky from 2019-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2598.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2599.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2600.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Allen was an SEC Freshman of the Week for men's basketball during his time at Kentucky. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2601.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2602.  The SEC admits that the University of Kentucky was a member of the SEC during the time that Allen was enrolled there. The SEC further admits that it distributed approximately $49.9 million in revenue to each of its member schools for the 2021-2022 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations in this paragraph.

2603.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2604.  Denied.

2605.  Denied.

2606.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2607.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2608.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2609.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2610.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2611.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2612.  Denied.

2613.  Denied.

2614.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Erik Stevenson participated in college basketball as a student-athlete at the University of South Carolina from 2021-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2615.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2616.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2617.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2618.  The SEC denies that any plaintiff "work[ed]" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2619.  The SEC admits that the University of Kentucky is a member of the SEC, and that certain University of Kentucky basketball games may have been broadcasted on networks including ESPN, ESPN2, and SEC Network. The SEC further admits that West Virginia University has been a member of the Big 12 Conference and that the University of Texas was a member of the Big 12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2620.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2621.  Denied.

2622.  Denied.

2623.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2624.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2625.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2626.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2627.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2628.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2629.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2630.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2631.  Denied.

2632.  Denied.

2633.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2634.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2635.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2636.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2637.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2638.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2639.  Denied.

2640.  Denied.

2641.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2642.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2643.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2644.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2645.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2646.  The SEC lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2647.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2648.  Denied.

2649.  Denied.

2650.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2651.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2652.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2653.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2654.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2655.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2656.  Denied.

2657.  Denied.

2658.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2659.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2660.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes and prospective student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations in this paragraph.

2661.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Ohio State University has competed in the Big Ten Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2662.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2663.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2664.  Denied.

2665.  Denied.

2666.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2667.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2668.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2669.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2670.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2671.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2672.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2673.  Denied.

2674.  Denied.

2675.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2676.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2677.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2678.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2679.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2680.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2681.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2682.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2683.  Denied.

2684.  Denied.

2685.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2686.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2687.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2688.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2689.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2690.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2691.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2692.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2693.  Denied.

2694.  Denied.

2695.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2696.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2697.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2698.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2699.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2700.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2701.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2702.  Denied.

2703.  Denied.

2704.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2705.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2706.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2707.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2708.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2709.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2710.  Denied.

2711.  Denied.

2712.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2713.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2714.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2715.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2716.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2717.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2718.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2719.  Denied.

2720.  Denied.

2721.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2722.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2723.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2724.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2725.  The SEC denies that any plaintiff had a "full-time occupation" or job as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2726.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2727.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2728.  Denied.

2729.  Denied.

2730.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Nysier Brooks participated in college basketball as a student-athlete at the University of

Mississippi from 2021-2022. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2731.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2732.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2733.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that the University of Mississippi was a member of the SEC during the years that Brooks was enrolled there. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2734.  The SEC admits that the University of Mississippi was a member of the SEC during the years that Brooks was enrolled there, that certain University of Mississippi basketball games may have been broadcast on television, and that SEC member schools received revenue distributions from the SEC pursuant to SEC bylaws. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2735.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2736.  Denied.

2737.  Denied.

2738.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2739.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2740.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2741.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2742.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2743.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2744.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2745.  Denied.

2746.  Denied.

2747.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2748.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2749.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2750.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2751.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2752.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2753.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2754.  Denied.

2755.  Denied.

2756.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2757.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2758.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2759.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2760.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2761.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2762.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2763.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2764.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2765.  Denied.

2766.  Denied.

2767.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2768.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2769.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2770.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2771.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2772.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2773.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2774.  Denied.

2775.  Denied.

2776.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Tre Mitchell participated in college basketball as a student-athlete at the University of Kentucky from 2023-2024. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2777.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2778.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2779.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2780.  The SEC denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2781.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2782.  The SEC admits that the University of Kentucky was a member of the SEC during the time that Mitchell was enrolled there and that certain University of Kentucky basketball games may have been broadcast on ESPN or the SEC Network. The SEC further admits that it distributes revenue to its member institutions annually pursuant to its bylaws. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2783.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2784.  Denied.

2785.  Denied.

2786.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2787.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2788.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2789.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2790.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2791.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2792.  Denied.

2793.  Denied.

2794.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2795.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2796.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2797.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2798.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2799.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2800.  Denied.

2801.  Denied.

2802.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2803.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2804.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2805.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2806.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2807.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2808.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2809.  Denied.

2810.  Denied.

2811.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2812.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2813.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2814.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2815.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2816.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2817.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2818.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2819.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2820.  Denied.

2821.  Denied.

2822.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Madelynne Scherr participated in college basketball as a student-athlete at the University of Kentucky from 2022-2024. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2823.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2824.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2825.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2826.  The SEC denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2827.  The SEC admits that the University of Kentucky was a member of the SEC during the time that Scherr was enrolled there. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2828.  The SEC admits that it distributes revenue to its members annually pursuant to its bylaws. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2829.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this

paragraph.

2830.  Denied.

2831.  Denied.

2832.  The SEC denies that it engaged in "illegal conduct." The SEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

2833.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

2834.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2835.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2836.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2837.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2838.  The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2839.  The SEC admits that the University of Miami has been a member of the

Atlantic Coast Conference and that West Virginia University has been a member of the

Big 12 Conference. The SEC lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the SEC denies the allegations of this paragraph.

2840.  The SEC admits that NCAA rules previously have governed and currently
govern the circumstances in which student-athletes may be compensated for the use of
their NIL. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

2841.  Denied.

2842.  Denied.

2843.  The SEC denies that it engaged in "illegal conduct." The SEC admits that
Jimmy Bell, Jr. participated in college basketball as a student-athlete at Mississippi
State University. Except as expressly admitted, the SEC denies the allegations of this
paragraph.

2844.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

2845.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2846.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2847.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2848.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2849.  The SEC admits that Mississippi State University was a member of the SEC during the time that Bell was enrolled there, that he was SEC Player of the Week in December 2023, that he was on the 2023-2024 SEC Community Service Team, and that he was on the 2023-2024 SEC First-Year Academic Honor Roll. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2850.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2851.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2852.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2853.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2854.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "illegal restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2855.  Denied.

2856.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2857.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2858.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2859.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2860.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2861.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2862.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2863.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2864.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2865.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2866.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2867.  Denied.

2868.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC admits that Elijah Blades participated in college football as a student-athlete at Texas A&M University and the University of Florida.  Except as expressly admitted, the SEC denies the allegations of this paragraph.

2869.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2870.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2871.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2872.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2873.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2874.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2875.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2876.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2877.  Denied.

2878.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2879.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2880.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2881.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2882.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2883.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2884.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2885.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2886.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2887.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2888.  Denied.

2889.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2890.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2891.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2892.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2893.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2894.  Denied.

2895.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" or provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2896.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2897.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2898.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2899.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2900.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2901.  Denied.

2902.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2903.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2904.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2905.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2906.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2907.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2908.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2909.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2910.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2911.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2912.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2913.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2914.  Denied.

2915.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2916.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2917.  The SEC denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2918.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2919.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2920.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2921.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the SEC denies the allegations of this paragraph.

2922.  Denied.

2923.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2924.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2925.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2926.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2927.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2928.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2929.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2930.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the rules referenced in this paragraph are unlawful or otherwise actionable. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2931.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2932.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2933.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2934.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2935.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2936.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2937.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2938.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2939.  Denied.

2940.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2941.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2942.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2943.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2944.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2945.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2946.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2947.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2948.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2949.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are speculative in nature.

2950.  Denied.

2951.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2952.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2953.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2954.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2955.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2956.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2957.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2958.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2959.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2960.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may receive certain types of compensation. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2961.  Denied.

2962.  Denied.

2963.  The SEC denies that it engaged in "illegal conduct." The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2964.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2965.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2966.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2967.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2968.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2969.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2970.  Denied.

2971.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2972.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2973.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2974.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2975.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2976.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2977.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2978.  Denied.

2979.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2980.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2981.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2982.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2983.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2984.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2985.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2986.  Denied.

2987.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2988.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2989.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2990.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2991.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2992.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2993.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

2994.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2995.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2996.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2997.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2998.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2999.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3000.  Denied.

3001.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3002.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3003.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3004.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3005.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3006.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3007.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3008.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3009.  Denied.

3010.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3011.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3012.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3013.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3014.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3015.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3016.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3017.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3018.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3019.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3020.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3021.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3022.  Denied.

3023.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3024.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3025.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3026.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3027.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3028.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3029.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3030.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3031.  Denied.

3032.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3033.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3034.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3035.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3036.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3037.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3038.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3039.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3040.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3041.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3042.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3043.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3044.  The SEC lacks knowledge or information sufficient to form a belief as to Francis's "dedication and resilience," "adaptability and commitment," and "value as a role model." The SEC denies the remaining allegations of this paragraph.

3045.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3046.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3047.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3048.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3049.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3050.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3051.  The SEC denies that any plaintiff "work[ed]" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3052.  Denied.

3053.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3054.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3055.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3056.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3057.  The SEC denies that the unspecified "NCAA rules" referenced in this paragraph are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3058.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful limitations." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3059.  Denied.

3060.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3061.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3062.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3063.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that these rules are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3064.  Denied.

3065.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Kellan Grady participated in college basketball as a student-athlete at the University of Kentucky. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3066.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3067.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3068.  The SEC admits that the University of Kentucky was a member of the SEC during the time that Grady was enrolled there, and that certain University of Kentucky basketball games may have been broadcast on ESPN, CBS, and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3069.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that these rules are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3070.  Denied.

3071.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Westin Graves participated in college football as a student-athlete at Mississippi State University from 2014-2017. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3072.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3073.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3074.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that Mississippi State University was a member of the SEC during the time that Graves was enrolled there. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3075.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3076.  The SEC admits that certain Mississippi State University football games may have been broadcast during the time that Graves was enrolled there, including on ESPN and CBS. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3077.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3078.  Denied.

3079.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Josh Gray participated in college basketball as a student-athlete at the University of South Carolina, Louisiana State University, and the University of Missouri. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3080.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3081.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3082.  The SEC admits that certain University of South Carolina, Louisiana State University, and University of Missouri basketball games may have been broadcast during the time Gray was enrolled there, including on ESPN, CBS, and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3083.  Denied.

3084.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3085.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3086.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3087.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3088.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3089.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3090.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3091.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3092.  Denied.

3093.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3094.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3095.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3096.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3097. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3098. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3099. The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3100. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3101. Denied.

3102. The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3103. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3104. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3105. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3106. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3107.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3108.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3109.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3110.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3111.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3112.  Denied.

3113.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3114.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3115.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3116.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3117.  Denied.

3118.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Kylin Hill participated in college football as a student-athlete at the Mississippi State University from 2017-2020. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3119.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3120.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3121.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3122.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3123.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3124.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3125.  Denied.

3126.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3127.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3128.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3129.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3130.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3131.  Denied.

3132.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3133.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3134.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3135.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3136.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3137.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Vance Jackson participated in college basketball as a student-athlete at the University of Arkansas. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3138.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3139.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3140.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3141.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." The SEC lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3142.  Denied.

3143.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3144.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3145.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3146.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3147.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3148.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3149.  Denied.

3150.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Jawon Johnson participated in college football as a student-athlete at Mississippi State University from 2016-2017. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3151.  The SEC admits that Mississippi State University was a member of the SEC during the time that Johnson was enrolled there. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3152.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3153.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3154.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3155.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3156.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3157.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3158.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3159.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3160.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3161.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3162.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3163.  Denied.

3164.  Denied.

3165.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3166.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3167.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3168.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3169.  The SEC denies that "continuing reforms are necessary to provide" college athletes with "proper compensation." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3170.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Chad Kelly participated in college football as a student-athlete at the University of Mississippi. The SEC admits that the University of Mississippi was a member of the SEC during the time that Kelly was enrolled there. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3171.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3172.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3173.  The SEC admits that the University of Mississippi was a member of the SEC during the time that Kelly was enrolled there, and that certain University of Mississippi football games in which Kelly participated may have been broadcast, including on ESPN, CBS, and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3174.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that these rules "violated constitutional laws." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3175.  Denied.

3176.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3177.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3178.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3179.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3180.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3181.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3182.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3183.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3184.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3185.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3186.  Denied.

3187.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3188.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3189.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3190.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful[] restrict[ions]," and that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3191.  Denied.

3192.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Kevin Marfo participated in college basketball as a student-athlete at Texas A&M University. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3193.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3194.  The SEC admits that Texas A&M University was a member of the SEC during the time that Marfo was enrolled there. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3195.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that these rules are "unlawful." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3196.  Denied.

3197.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3198.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3199.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3200.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3201.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3202.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3203.  Denied.

3204.  Denied.

3205.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3206.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3207.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3208.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3209.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3210.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3211.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3212.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3213.  Denied.

3214.  Denied.

3215.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3216.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3217.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3218.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3219.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3220.  Denied.

3221.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3222.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3223.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3224.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3225.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3226.  Denied.

3227.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3228.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3229.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3230.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3231.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3232.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3233.  Denied.

3234.  Denied.

3235.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3236.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3237.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3238.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3239.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3240.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3241.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3242.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3243.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3244.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3245.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3246.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3247.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3248.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3249.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3250.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3251.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3252.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3253.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3254.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3255.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3256.  Denied.

3257.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3258.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3259.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3260.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3261.  Denied

3262.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3263.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3264.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3265.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3266.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3267.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3268.  Denied.

3269.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3270.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3271.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3272.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3273.  Denied.

3274.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3275.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3276.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3277.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3278.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3279.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3280.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unjust." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3281.  Denied.

3282.  Denied.

3283.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3284.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3285.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3286.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3287.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3288.  Denied.

3289.  The SEC denies that it engaged in "illegal conduct." The SEC admits that Jaylon Robinson participated in college football as a student-athlete at the University of Mississippi. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3290.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3291.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3292.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3293.  Denied.

3294.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3295.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3296.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3297.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3298.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3299.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3300.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3301.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3302.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3303.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3304.  Denied.

3305.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies

the allegations of this paragraph.

3306. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3307. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3308. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3309. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3310. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3311. Denied.

3312. The SEC denies that it engaged in "illegal conduct." The SEC further

denies that any plaintiff "worked" as a college athlete. The SEC admits that Alexander

Shaw participated in college football as a student-athlete at Mississippi State University.

Except as expressly admitted, the SEC denies the allegations of this paragraph.

3313. The SEC denies that any plaintiff provided "labor" or "worked" as a college

athlete. The SEC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.

3314. The SEC lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3315.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3316.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3317.  The SEC admits that Mississippi State University was a member of the SEC during the time that Shaw was enrolled there. The SEC further admits that it traditionally has been a highly competitive conference for college football. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3318.  The SEC admits that Mississippi State University was a member of the SEC during the time that Shaw was enrolled there and that certain Mississippi State University football games may have been broadcast on national networks. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3319.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3320.  The SEC admits that it distributes revenue to its member institutions pursuant to its bylaws. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3321.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3322.  Denied.

3323.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3324.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3325.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3326.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3327.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3328.  Denied.

3329.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3330.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3331.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3332.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3333.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensates for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3334.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3335.  Denied.

3336.  Denied.

3337.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3338.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3339.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3340.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful rules." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3341.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3342.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3343.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3344.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3345.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3346.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3347.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3348.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3349.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3350.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3351.  Denied.

3352.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3353.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3354.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3355.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3356.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3357.  The SEC denies that any plaintiff provided "labor" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3358.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC denies that the NCAA rules referenced in this paragraph are "unlawful." Except as expressly admitted, the SEC denies the allegations of this paragraph.

3359.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3360.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3361.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3362.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3363.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3364.  Denied.

3365.  Denied.

3366.  The SEC denies that it engaged in "illegal conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3367.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3368.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3369.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3370.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3371.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3372.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3373.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3374.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3375.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3376.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3377.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3378.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3379.  Denied.

3380.  Denied.

3381.  Denied.

3382.  The SEC denies that it engaged in "illegal conduct." The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the SEC denies
the allegations of this paragraph.

3383.  The SEC lacks knowledge of information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3384.  The SEC lacks knowledge of information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3385.  Denied.

3386.  The SEC denies that it engaged in "illegal conduct." The SEC further
denies that any plaintiff "worked" as a college athlete. The SEC admits that Aaron
Nesmith participated in college basketball as a student-athlete at Vanderbilt University.
Except as expressly admitted, the SEC denies the allegations of this paragraph.

3387.  The SEC denies that any plaintiff provided "labor" or "worked" as a college
athlete. The SEC lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph.

3388.  The SEC lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3389.  The SEC denies that any plaintiff had a "job" as a college athlete. The
SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations in this paragraph.

3390.  The SEC admits that the Boston Celtics selected Nesmith in the first round
as the 14th overall pick of the 2020 NBA Draft. The SEC lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3391.  The SEC admits that Vanderbilt University was a member of the SEC during the time that Nesmith was enrolled there and that certain Vanderbilt University basketball games may have been broadcast on networks including ESPN and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3392.  The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools in the 2018-19 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3393.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3394.  Denied.

3395.  Denied.

3396.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3397.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3398.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3399.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3400.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3401.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3402.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3403.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3404.  The SEC admits that Oklahoma State University has been a member of the Big 12 Conference. The SEC lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3405. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3406. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3407. Denied.

3408. Denied.

3409. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3410. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3411. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3412.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3413.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3414.  The SEC admits that the University of Colorado Boulder was a member of the Pac-12 Conference for a period of time. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3415.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3416.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3417.  Denied.

3418.  Denied.

3419.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3420.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3421.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3422.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3423.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3424.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3425.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3426.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3427.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3428.  Denied.

3429.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3430.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3431.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3432.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3433.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3434.  The SEC admits that Oregon State University has been a member of the Pac-12 Conference. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3435.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3436.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3437.  Denied.

3438.  Denied.

3439.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3440.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3441.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3442.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3443.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3444.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3445.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3446.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3447.  Denied.

3448.  Denied.

3449.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3450.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3451.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3452.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3453.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3454.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3455.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3456.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3457.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3458.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3459.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3460.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3461.  Denied.

3462.  Denied.

3463.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Naz Reid participated in college basketball as a student-athlete at Louisiana State University from 2018-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3464.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3465.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3466.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3467.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3468.  The SEC admits that Louisiana State University was a member of the SEC during the time that Reid was enrolled there and that certain Louisiana State University basketball games may have been broadcast on networks including ESPN and the SEC Network. The SEC further admits that it distributed approximately $44.6 million to each of its member schools in the 2018-19 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

466

remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3469.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3470.  Denied.

3471.  Denied.

3472.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3473.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3474.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3475.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3476.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3477.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3478.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3479.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3480.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3481.  Denied.

3482.  Denied.

3483.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC admits that Tyler Herro participated in college basketball as a student-athlete at the University of Kentucky from 2018-2019. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3484.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3485.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3486.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC admits that the Miami Heat selected Herro with the 13th overall pick of the 2019 NBA Draft. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3487.  The SEC admits that the University of Kentucky was a member of the SEC during the time Herro was enrolled there and that certain University of Kentucky basketball games may have been broadcast on networks including ESPN, TBS, CBS, and the SEC Network. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3488.  The SEC admits that it distributed approximately $44.6 million in revenue to each of its member schools for the 2018-2019 fiscal year. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3489.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3490.  Denied.

3491.  Denied.

3492.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3493.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3494.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3495.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3496.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3497.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3498.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3499.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3500.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3501.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3502.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3503.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3504.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3505.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3506.  Denied.

3507.  Denied.

3508.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3509.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3510.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3511.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3512.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3513.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3514.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3515.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3516.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3517.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3518.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3519.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3520.  Denied.

3521.  The SEC admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The SEC denies that the rules referenced in this paragraph are "illegal" or "unfair restraints." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3522.  Denied.

3523.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3524.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3525.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3526.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3527.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3528.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3529.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3530.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3531.  Denied.

3532.  Denied.

3533.  The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3534.  The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3535.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3536.  The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3537.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3538.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3539.  The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3540.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3541.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3542. The SEC denies that it engaged in any "unlawful conduct." The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3543. Denied.

3544. The SEC denies that it engaged in "illegal conduct." The SEC further denies that any plaintiff "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3545. The SEC denies that any plaintiff provided "labor" or "worked" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3546. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3547. The SEC denies that any plaintiff had a "job" as a college athlete. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3548. The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3549. The SEC admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the SEC denies the allegations of this paragraph.

3550.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3551.  The SEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3552.  Denied.

**COUNT I – Violations of Section 1 & 3 of the Sherman Act**

**(Brought by Plaintiffs)**

1.      The SEC repeats, re-alleges and incorporates by reference its responses to the preceding paragraphs of the Fourth Amended Complaint as if fully set forth herein.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

**Prayer for Relief**

1.      The SEC denies that it has violated the Sherman Act or engaged in any

other illegal activity. The SEC further denies that Plaintiffs are entitled to any relief,

including, but not limited to, the relief requested in the Fourth Amended Complaint. The

SEC also responds that the United States District Court for the Northern District of

California has granted final approval of the *House* settlement, rendering moot Plaintiffs'

requests to assert claims on behalf of the "Alternative Proposed Class."

### Demand for Jury Trial

Without waiving any defenses or admitting the existence of any facts triable by

jury, the SEC does not object to Plaintiffs' demand for a jury trial for any triable issue.

### ADDITIONAL DEFENSES

The SEC reserves the right to assert any and all applicable defenses to the

Plaintiffs' claims. The SEC reserves the right to amend this Answer to add, supplement,

or modify defenses based upon further developments in this litigation, including new

factual developments or legal theories that may be or will be divulged through

clarification of the Fourth Amended Complaint, through discovery, or through further

factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this

litigation. Without limiting the generality of the foregoing and without regard to whether

defenses set forth below are affirmative defenses within the meaning of Federal Rule of

Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth

in this Answer or assuming any burden of proof that it would not otherwise bear, the

SEC states as follows:

### FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

## THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by stare decisis and by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard, et al. v. NCAA, et al.*, Case No. 23-cv-01593 (N.D. Cal.); *O'Bannon v. NCAA*,

802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or

*Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or

to the extent they are adjudicated in any other litigation brought by Plaintiffs against any

of the Defendants that reaches final judgment before a judgment is rendered in this

action.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of

limitations.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Fourth Amended

Complaint fails to state a claim for relief under the doctrine established by the United

States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006).

Specifically, the conduct alleged constitutes decisions made regarding the core

activities of a legitimate venture that are not unlawful restraints of trade under the

antitrust laws.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the

agreements, practices, or conduct at issue is required or has been approved by any

order, award, direction or similar action of any court, arbitral body, or government

agency.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the actions of Defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the actions of Defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive given the need for institutional members of the NCAA to preserve competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

## FOURTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

**WHEREFORE**, the SEC prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the SEC, tax costs and attorneys' fees against the Plaintiffs, and afford the SEC such other and further relief as may be just and proper.

Dated:  July 21, 2025.                    Respectfully submitted,


                                          *s/ Kathryn A. Reilly*
                                          Michael L. O'Donnell
                                          Kathryn A. Reilly
                                          Michael T. Williams
                                          Michael R. Krantz
                                          Wheeler Trigg O'Donnell LLP
                                          370 Seventeenth Street, Suite 4500
                                          Denver, CO 80202
                                          Telephone: 303.244.1800
                                          Facsimile:  303.244.1879
                                          Email:  odonnell@wtotrial.com
                                                  reilly@wtotrial.com
                                                  williams@wtotrial.com
                                                  krantz@wtotrial.com

                                          Robert W. Fuller, III
                                          Lawrence C. Moore, III
                                          Amanda P. Nitto
                                          Travis S. Hinman
                                          Patrick H. Hill
                                          Robinson, Bradshaw & Hinson, P.A.
                                          600 South Tyron Street, Suite 2300
                                          Charlotte, NC 28202
                                          Telephone:   704.377.8324
                                          Email:  rfuller@robinsonbradshaw.com
                                                  lmoore@robinsonbradshaw.com
                                                  anitto@robinsonbradshaw.com
                                                  thinman@robinsonbradshaw.com
                                                  phill@robinsonbradshaw.com

                                          *Attorneys for Defendant*
                                          *Southeastern Conference*

**<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing Southeastern Conference's Answer to Fourth Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                             *s/ Kathryn A. Reilly*