UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, et al.,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

---

## PAC-12 CONFERENCE'S ANSWER TO FOURTH AMENDED COMPLAINT

---

Defendant Pac-12 Conference (the "Pac-12"), by and through its undersigned attorneys, hereby answers and sets forth defenses to the Fourth Amended Complaint, ECF No. 163 ("Complaint") as follows:

## PRELIMINARY STATEMENT

The Pac-12 denies each and every allegation in the Complaint headings and in all portions of the Complaint not contained in numbered paragraphs. Except as otherwise expressly stated below, the Pac-12 answers and responds only to those allegations contained in the Complaint that are directed toward it. The Pac-12 is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other Defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are therefore deemed denied. In addition, to the extent an answer may be required to Plaintiffs' allegations containing legal conclusions, the Pac-12

1

denies all such allegations. Likewise, to the extent the Complaint contains eleven footnotes, to the extent the contents of those footnotes are not addressed in the text of the Pac-12's response to any paragraph, the Pac-12 denies each and every one of them.

## RESPONSES TO NUMBERED PARAGRAPHS IN COMPLAINT

The Pac-12 responds to the numbered paragraphs of the Complaint as follows:

1.      The Pac-12 lacks knowledge or other information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2.      The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3.      The Pac-12 admits that a small number of college football and basketball programs generate positive net revenues. The Pac-12 further admits that NCAA rules[1] historically have established limitations on compensation that may be paid to student-athletes for their participation in college athletic events or activities. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning TV viewership. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

4.      The Pac-12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual:  (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-

---

[1] For the purposes of this Answer, all references to "NCAA rules" shall refer to NCAA Division I rules.

cv-03919 (N.D. Cal.). Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

5.      The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding the purpose of Plaintiffs' lawsuit. The Pac-12 denies the remaining allegations of this paragraph.

6.      The Pac-12 admits that the Big Ten is reported to have entered agreements with several broadcast networks. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

7.      The Pac-12 admits, on information and belief, that the Big 12, the SEC, and the ACC have agreements with broadcast networks. The Pac-12 further admits that the ACC, Big Ten, Big 12, SEC, and Pac-12 traditionally have been referred to colloquially as the "Power Five Conferences." The Pac-12 also admits that it has had contracts with various broadcast networks in recent years. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

8.      The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding collective broadcast revenue and its estimated growth, which is not attributed to any source.

9.      The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

10.    The Pac-12 admits that student-athletes participate in various intercollegiate sports at the defendant conferences' member schools.  The Pac-12 further admits that NCAA rules and processes govern student-athletes' years of eligibility to play college sports within the NCAA.  The Pac-12 denies that student-athletes provide "labor" or that their participation in collegiate athletics constitutes a "job."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

11.    The Pac-12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport."  Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.).  The Pac-12 denies that student-athletes provide "labor."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding television viewers' motivations for watching college sports.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

12.    The Pac-12 admits that NCAA rules historically have governed the compensation that student-athletes may receive for the use of their names, images, and likenesses  ("NIL"), and that the NCAA issued updated guidance concerning NIL activities and compensation in July 2021.  The Pac-12 further admits that the NCAA's July 2021 guidance did not permit institutions of higher education, athletic conferences, or the NCAA

4

to compensate student-athletes for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity or the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

13.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

14.    The Pac-12 admits that previous NCAA rules have established limitations on the number of scholarships that can be offered to student-athletes participating in certain college sports.  The Pac-12 further admits that NCAA rules historically have permitted 11.7 total scholarships to be provided to baseball student-athletes at any given institution of higher education that is a member of NCAA Division I.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

15.    The Pac-12 admits that NCAA members compete to recruit student-athletes.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the share of revenue certain professional athletes may receive.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

16.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that student-athletes provide "labor."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the amount of compensation the NCAA's president

received in 2023.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

17.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

18.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 further admits that the concept of amateurism has been an issue in prior lawsuits involving NCAA rules.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

19.    The Pac-12 admits that current NCAA rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning television ratings and viewership, as well as commentators' comments or opinions on those issues.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

20.    The Pac-12 admits that there were public reports regarding the receipt of Dodge Ram trucks by members of the University of Utah's football team.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

21.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

22.     The Pac-12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport."  Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.).  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

23.     The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24.     The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

25.     Denied.

26.     Denied.

27.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Aaron Holiday participated in college basketball as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

28.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

29.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

30.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Aashari Crosswell participated in college football as a student-athlete at Arizona State, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

31.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Addison Ooms participated in college football as a student-athlete at UC Berkeley, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

32.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

33.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

34.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

35.     The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

36.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

37.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

38.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Alex Fontenot participated in college football as a student-athlete at the University of Colorado, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

39.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

40.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

41.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Amber Melgoza participated in college basketball as a student-athlete at the University of Washington, which at the time was a Pac-12 member school.  The Pac-

12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

42.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

43.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Anthony Pandy participated in college football as a student-athlete at the University of Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

44.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

45.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

46.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

47.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

48.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

49.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

50.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Bryce Love participated in college football as a student-athlete at the Stanford University, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

51.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

52.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Cameron Rising participated in college football as a student-athlete at the University of Utah, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

53.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

54.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

55.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

56.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

57.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

58.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Chad Hansen participated in college football as a student-athlete at University of California Berkeley, which at the time was a Pac-12 member school.

59.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

60.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

61.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Chase Strumpf participated in college baseball as a student-athlete at

UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

62.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

63.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

64.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

65.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Colby Parkinson participated in college football as a student-athlete at Stanford University, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

66.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

67.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

68.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

69.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

70.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

71.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

72.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

73.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

74.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Destiny Slocum participated in college basketball as a student-athlete at Oregon State University, which at the time was a Pac-12 member school.

75.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

76.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

77.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

78.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

79.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

80.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

81.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

82.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

83.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

84.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

85.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

86.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

87.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

88.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

89.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

90.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

91.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

92.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

93.     The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

94.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jacob Eason participated in college football as a student-athlete at the University of Washington, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

95.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

96.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

97.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jaime Jaquez Jr. participated in college basketball as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

98.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

99.     The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jake Browning participated in college football as a student-athlete at the University of Washington, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

100.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jake Curhan participated in college football as a student-athlete at the University of California, Berkeley, which at the time was a Pac-12 member school.  The

Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

101.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

102.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

103.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

104.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

105.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

106.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

107.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

108.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

109.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jaxson Kirkland  participated in college football as a student-athlete at the University of Washington, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

110.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Jaydon Grant participated in college football as a student-athlete at Oregon State University, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

111.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

112.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that JJ Arcega-Whiteside  participated in college football as a student-athlete at Stanford University, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

113.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

114.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

115.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

116.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Johnny Anh Juzang  participated in college basketball as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

117.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

118.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

119.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

120.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

121.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

122.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

123.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

124.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

125.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

126.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

127.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Kevin Abel participated in college baseball as a student-athlete at OSU, a

Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

128.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Khalil Tate participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

129.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that KJ Costello participated in college football as a student-athlete at Stanford, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

130.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

131.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

132.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

133.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Max Borghi participated in college football as a student-athlete at WSU, a

Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

134.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

135.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Matt McLain participated in college baseball as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

136.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

137.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

138.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Michael Wiley participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

139.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Michael Wilson participated in college football as a student-athlete at

Stanford, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

140.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Michaela Onyenwere participated in college basketball as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

141.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mikayla Pivec participated in college basketball as a student-athlete at OSU, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

142.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mo Osling III participated in college UCLA as a student-athlete at football, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

143.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mya Hollingshed participated in college basketball as a student-athlete at Colorado, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

144.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

145.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

146.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

147.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

148.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

149.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

150.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

151.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

152.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

153.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

154.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

155.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

156.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

157.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

158.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

159.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

160.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

161.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

162.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

163.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

164.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

165.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

166.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Stephan Blaylock participated in college football as a student-athlete at UCLA, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

167.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

168.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

169.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

170.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

171.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

172.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

173.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

174.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

175.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Valentine Daltoso participated in college football as a student-athlete at Oregon and Berkeley, which at the time were Pac-12 member schools.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

176.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

177.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

178.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

179.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

180.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

181.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

182.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

183.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

184.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

185.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

186.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

187.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

188.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

189.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

190.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

191.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

192.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

193.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

194.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

195.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

196.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

197.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

198.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

199.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

200.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

201.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

202.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

203.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

204.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

205.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

206.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

207.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

208.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

209.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

210.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

211.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

212.    The Pac-12 denies that any plaintiff "worked" as a college athlete . The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

213.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

214.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

215.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

216.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

217.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

218.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Anthony Gould participated in college football as a student-athlete at OSU, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

219.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Hunter Echols participated in college football as a student-athlete at USC and Arizona, which at the time were Pac-12 member schools.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

220.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Stephen Car participated in college football as a student-athlete at USC,

which at the time was a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

221.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

222.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

223.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

224.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Trevon Bradford participated in college football as a student-athlete at OSU, a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

225.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Palaie Gaoteote participated in college football as a student-athlete at USC, which at the time was a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

226.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Timmy Hernandez participated in college football as a student-athlete at

OSU, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

227.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Tyjon Alvin Lindsey participated in college football as a student-athlete at OSU, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

228.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

229.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

230.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

231.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

232.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

233.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Damuzhea Bolden participated in college football as a student-athlete at

USC, which at the time was a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

234.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

235.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

236.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

237.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Malik Hausman participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

238.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

239.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

240.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

241.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

242.    The Pac-12 denies that any plaintiff "worked" as a college athlete . The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

243.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

244.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

245.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

246.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

247.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

248.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

249.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

250.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Ikem Okeke participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

251.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

252.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Alex Perry participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

253.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

254.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

255.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

256.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

257.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

258.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

259.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

260.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

261.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

262.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

263.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

264.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

265.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

266.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

267.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

268.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

269.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

270.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

271.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

272.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

273.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

274.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

275.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Edgar Burrola participated in college football as a student-athlete at Arizona, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

276.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Thomas Sidney participated in college football as a student-athlete at USC, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

277.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

278.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

279.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

280.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

281.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

282.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

283.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

284.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

285.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

286.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Madelynne Scherr participated in college basketball as a student-athlete at Oregon, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

287.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

288.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

289.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

290.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

291.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

292.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Erik Stevenson participated in college basketball as a student-athlete at Washington, which at the time was a Pac-12 member school.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

293.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

294.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

295.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

296.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

297.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

298.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

299.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

300.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

301.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

302.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

303.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

304.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

305.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

306.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

307.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

308.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

309.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

310.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

311.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

312.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

313.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

314.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

315.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

316.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

317.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

318.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

319.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

320.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

321.    The Pac-12 denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

322.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

323.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Derrick White participated in college basketball as a student-athlete at Colorado, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

324.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

325.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Drew Eubanks participated in college basketball as a student-athlete at OSU, a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

326.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

327.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

328.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

329.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

330.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

331.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Marcel Dancy participated in college football as a student-athlete at Berkeley, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

332.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

333.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Benjamin Burr-Kirven participated in college football as a student-athlete at Washington, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

334.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

335.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

336.    The Pac-12 admits that the NCAA is an unincorporated association with its principal place of business in Indianapolis, Indiana.  The Pac-12 further admits that the NCAA has more than 1,000 member schools, including public and private colleges and universities.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

337.    The Pac-12 admits that the Pac-12 is an unincorporated association with its principal place of business located in San Ramon, California.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the remaining allegations this paragraph.

338.    Upon information and belief, the Pac-12 admits that the Southeastern Conference is an unincorporated association with its principal place of business in Birmingham, Alabama.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the remaining allegations of this paragraph.

339.    Upon information and belief, the Pac-12 admits that the Atlantic Coast Conference ("ACC") is an unincorporated association.  The Pac-12 denies that the ACC's principal place of business is in Greensboro, North Carolina.  The remaining allegations

of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 denies the remaining allegations of this paragraph.

340. Upon information and belief, the Pac-12 admits that The Big 12 Conference, Inc. ("Big 12") is a nonprofit corporation organized under the laws of the State of Delaware with its principal place of business in Texas. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 denies the remaining allegations of this paragraph.

341. Upon information and belief, the Pac-12 admits that The Big Ten Conference, Inc. ("Big Ten") is a nonprofit corporation organized under the laws of Delaware, with its principal place of business in Rosemont, Illinois. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 denies the remaining allegations of this paragraph.

342. The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

343. The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 admits that the Complaint includes causes of action under the Clayton Act and the Sherman Antitrust Act, and that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in this paragraph. The Pac-12 denies that Plaintiffs are entitled to any relief sought. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

344.    The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 admits that the Pac-12 and its member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations.  Except as expressly admitted herein, the Pac-12 denies the remaining allegations of this paragraph.

345.    Upon information and belief, the Pac-12 admits that certain NCAA member schools are located in Colorado, that a portion of the NCAA's 2023 men's basketball tournament took place in Denver, and that a portion of the NCAA's 2025 men's basketball tournament took place in Denver.  The remaining allegations of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, the Pac-12 denies the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

346.    Admitted.

347.    The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

348.    The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

349.    The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

350.   The allegations of this paragraph and its subparagraphs constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph and its subparagraphs.

351.   The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

352.   The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

353.   Admitted.

354.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

355.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  The Pac-12 further states that the allegations in this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

356.   The allegations in this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

357.   The allegations in this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

358.   The allegations in this paragraph constitute a legal conclusion, which requires no response.   To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

359.   The allegations in this paragraph constitute a legal conclusion, which requires no response.   To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

360.   Upon information and belief, the Pac-12 admits that the NCAA was first formed over a century ago to set the rules of college athletics, with the goal of reducing the number of serious injuries and deaths that were occurring at the time in college football.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

361.   The Pac-12 admits that the NCAA's members include schools and conferences and that NCAA rules and bylaws govern the conduct of the NCAA's business.   The Pac-12 further admits that the NCAA has various committees with representatives from various NCAA member schools and conferences.   The Pac-12 also admits that the Board of Governors is the NCAA's highest governing body and is composed of various presidents and chancellors of NCAA member schools, and that the NCAA employs a president.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

362.   The Pac-12 admits that the NCAA has adopted a constitution and bylaws and that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA.   The Pac-12 further admits that the NCAA's bylaws govern the procedures for bylaw amendments, including amendments to Bylaw

12, which is currently titled "Athletics Eligibility." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

363. The Pac-12 admits that the current version of NCAA Bylaw 12.01.1 states that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and interpretations is eligible for intercollegiate athletics participation in a particular sport." The Pac-12 further admits that, for a period of time, NCAA Bylaw 12.01.4 stated that "[a] grant-in-aid administered by an educational institution is not considered to be pay or the promise of pay for athletics skill, provided it does not exceed the financial aid limitations set by the Association's membership." Bylaw 12.01.4 has been deleted in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-03919 (N.D. Cal.). The Pac-12 also admits that, for a period of time, a grant-in-aid was limited to the cost of tuition, room and board, books, and similar education-related expenses. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

364. The Pac-12 admits that current NCAA bylaws require student-athletes to meet the governing athletics eligibility legislation and interpretations in order to be eligible for participation in Division I college athletics. Except as expressly admitted, the remaining allegations of this paragraph are denied.

365. The Pac-12 admits that NCAA bylaws govern the forms of pay student-athletes may and may not receive to maintain their eligibility for intercollegiate athletic competition. Except as expressly admitted, the remaining allegations of this paragraph are denied.

366.   The Pac-12 admits that NCAA bylaws govern the potential penalties that may be imposed on member institutions and student-athletes for violation of NCAA rules. Except as expressly admitted, the remaining allegations of this paragraph are denied.

367.   The Pac-12 admits that the NCAA enforces its rules and has from time to time imposed penalties on member institutions and student-athletes for violating NCAA rules.  The Pac-12 further admits that the NCAA's constitution discusses potential consequences of violating the NCAA's rules.  Except as expressly admitted, the allegations of this paragraph are denied.

368.   The Pac-12 admits that the NCAA's member schools and conferences agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA.  Except as expressly admitted, the allegations of this paragraph are denied.

369.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding university employees, including graduate students.  The Pac-12 denies the remaining allegations of this paragraph.

370.   The Pac-12 admits that the NCAA includes Divisions I, II, and III, and that there currently are more than 350 member schools in Division I.  The Pac-12 further admits that there is much variation within Division I in terms of the size, athletics department budgets, and athletic performance of each member institution.  The Pac-12 also admits that there are currently 69 schools within the conferences colloquially referred to as the "Power 5 Conferences" and that Notre Dame is a member of Division I and affiliated with a Power 5 Conference (the ACC, for sports other than football and hockey). Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

371.    The Pac-12 admits that the NCAA generates revenue through, among other things, television contracts for the broadcast of certain basketball games.  The Pac-12 further admits that the NCAA traditionally hosts a "March Madness" basketball tournament, which is broadcast on television pursuant to contracts that generate revenue for the NCAA.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

372.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

373.    The Pac-12 admits that a small number of college football and basketball programs generate revenues.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the allegations of this paragraph are denied.

374.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

375.    The Pac-12 admits that the defendant conferences generate revenue from, among other things, broadcast network agreements.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the allegations of this paragraph are denied.

376.    The Pac-12 lacks knowledge or information  sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

377.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

378.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

379.    The Pac-12 admits that the distribution of its revenue, including revenue received as a result of the Pac-12's broadcast network agreements, is dictated by the Pac-12's bylaws, which generally contemplate an equal distribution of net revenues to all Pac-12 member schools with some limited exceptions.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

380.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

381.    The Pac-12 admits that several of its members departed the conference in recent years.  The Pac-12 further admits that UCLA, USC, Washington, and Oregon are now members of the Big Ten.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

382.    The Pac-12 admits that Stanford and UC Berkeley are now members of the ACC.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

383.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

384.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

385.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

386.   Denied.

387.   Denied.

388.   Denied.

389.   Denied.

390.   Denied.

391.   Denied.

392.   The Pac-12 admits that the NCAA adopted an interim NIL policy on July 1, 2021, which governs the compensation student-athletes may receive for NIL-related activities.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

393.   The Pac-12 admits that the NCAA's interim NIL policy adopted on July 1, 2021, does not permit member institutions or conferences to compensate student-athletes for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

394.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

395.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

396.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

397.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

398.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the allegations of this paragraph are denied.

399.    The Pac-12 admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports.  That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.).  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

400.    The Pac-12 admits that, in head-count sports, each student-athlete who received a scholarship of any amount (including a partial scholarship) historically was treated under NCAA bylaws as having received a full scholarship.  The Pac-12 further admits that Division I men's and women's basketball, football, women's gymnastics, women's tennis, and women's volleyball traditionally have been "head-count" sports.  The

distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.).  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

401.    The Pac-12 admits that, in equivalency sports, student-athletes traditionally could receive partial scholarships and that those partial scholarships were counted as such in determining how many scholarships had been awarded to student-athletes in that sport.  The Pac-12 further admits that Division I sports other than those listed in the preceding paragraph 384 traditionally have been "equivalency" sports.  The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the *finally approved settlement in In* re College Athlete NIL Litigation, No. 4:20-cv-03919 (N.D. Cal.).  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

402.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports and governed how partial scholarships were counted for purposes of scholarship limits.  NCAA bylaws no longer impose scholarships limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.).  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

403.   The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

404.   The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

405.   The Pac-12 admits that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

406.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "young mathematicians" and "musicians" at unnamed universities.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, the Pac-12 denies the allegations of this paragraph.

407.   The Pac-12 admits that its member institutions have historically competed against other universities and colleges that are members of athletic conferences colloquially referred to as the "Power Five" conferences.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

408.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

409.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

410.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

411.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

412.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

413.   The Pac-12 admits that NCAA Division I schools compete with one another. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

414.   Denied.

415.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

416.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

417.   The Pac-12 admits that the NCAA hosts a baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at baseball tournament games.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

418.   The Pac-12 admits that the winners of the super-regional games in the NCAA's baseball tournament advance to the College World Series.  The Pac-12 further admits that College World Series games are broadcast on television and that the NCAA has broadcast network agreements associated with certain of its championship events. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at and television viewership for College World Series games.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

419.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning administrator and coach salaries and scholarship allocation for baseball student-athletes, which are not attributed to any source.  The Pac-12 denies the remaining allegations of this paragraph.

420.   The Pac-12 admits that many student-athletes are dedicated to their sports and devote time to athletics-related activities.  The Pac-12 denies that any student-athlete "works" as a college athlete.   Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

421.   Denied.

422.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning NIL money received by college baseball players, which are not attributed to any source.  The Pac-12 denies the remaining allegations in this paragraph.

423.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

424.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

425.    Denied.

426.    Denied.

427.    The Pac-12 admits that the NCAA and conference defendants have been the subject of antitrust litigation in recent years.  The Pac-12 further admits that the Supreme Court of the United States issued an opinion in the *Alston* case.  That opinion speaks for itself.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

428.    The Pac-12 admits that Justice Kavanaugh authored a concurrence in the *Alston* case, which contains the material quoted in part in this paragraph.  That concurrence speaks for itself.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

429.    The Pac-12 admits that Justice Kavanaugh authored a concurrence in the *Alston* case.  That concurrence speaks for itself.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

430.    The Pac-12 admits that the Supreme Court issued an opinion and that Justice Kavanaugh authored a concurrence in the *Alston* case.  That opinion and Justice Kavanaugh's concurrence speak for themselves.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

431.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

432.    The Pac-12 admits that various NCAA bylaws have been amended since the Supreme Court's opinion since the conclusion of the *Alston* case.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

433.    The Pac-12 admits that the NCAA issued an interim NIL policy in July 2021 that permits student-athletes to receive certain types of NIL compensation.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the NIL compensation that specific student-athletes have earned, which are not attributed to any source.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

434.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

435.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

436.    The Pac-12 admits that NCAA bylaws and guidance govern the compensation that may be provided to student-athletes. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

437.    The Pac-12 admits that the concept of amateurism has been an issue in prior lawsuits involving NCAA rules. The Pac-12 further admits that NCAA rules historically have governed the benefits student-athletes may receive and that student-athletes have under circumstances outlined in NCAA rules and guidance been permitted to receive athletic scholarships (including room and board and cost of attendance), athletic participation awards, Student Assistance Fund awards, educational or other academic awards (including graduation awards), loss-of-value insurance, tutoring and other academic support, and other benefits. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

438.    Denied.

439.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

440.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

441.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

442.    The Pac-12 admits that the class action settlement finally approved *in In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions

to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

443.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

444.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

445.    The Pac-12 admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

446.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph about what Plaintiffs "seek" in their lawsuit. The Pac-12 denies that Plaintiffs are entitled to any relief.

447.    Denied.

448.    The Pac-12 admits that institutions spend different amounts on facilities and coaching salaries, and that institutions compete against each other to recruit student-athletes. Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

449.    The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

450.   The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

451.   The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

452.   Denied.

453.   The Pac-12 admits that there are differences between the experience and opportunities afforded to NCAA student-athletes and athletes who compete in professional sports.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

454.   The Pac-12 admits that only a small percentage of NCAA student-athletes go on to compete in professional sports leagues.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

455.   Denied.

456.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Holiday participated in college basketball as a student-athlete at UCLA from 2015-2018, which at the time was a Pac-12 member school.

457.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

458.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

459.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 admits that Mr. Holiday was selected to the Pac-12's All-Defensive Team.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

460.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

461.    The Pac-12 admits that, during the time Mr. Holiday was enrolled at UCLA, certain UCLA games may have been broadcast on networks including ESPN, Fox Sports, or the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools in 2018.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

462.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

463.    Denied.

464.    Denied.

465.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

466.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

467.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

468.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

469.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

470.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

471.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

472.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

473.    Denied.

474.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

475.    Denied.

476.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

477.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

478.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

479.    The Pac-12 denies that any plaintiff had a "job" as a student-athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

480.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

481.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

482.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  The Pac-12 denies that any plaintiff provided "labor" as a student-athlete.

483.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

484.    Denied.

485.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 denies that these rules were "collusive," "artificial," "illegal," or "unfair" restraints.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

486.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

487.    Denied.

488.    Denied.

489.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.   The Pac-12 admits that Mr. Crosswell participated in college football as a student-athlete at ASU from 2018-2020, which at the time was a Pac-12 member school.   The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

490.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

491.    The Pac-12 admits that Mr. Crosswell participated in college football as a student-athlete at ASU from 2018-20.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

492.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 admits that Mr. Crosswell earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

493.    The Pac-12 admits that during the time Crosswell was enrolled at ASU certain ASU games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Networks.  The Pac-12 further admits that it distributed revenue among its member schools in 2019.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

494.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

495.    Denied.

496.    Denied.

497.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Oopms participated in college football as a student-athlete at Berkeley from 2014-2018, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

498.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

499.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

500.    The Pac-12 admits that Mr. Ooms participated in college football as a student-athlete at Berkeley from 2016-2018.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

501.    The Pac-12 admits that during the time Mr. Ooms was enrolled at Berkeley certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Networks.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

502.    The Pac-12 admits that it distributed revenue among its member schools for the 2018 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

503.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

504.    Denied.

505.    Denied.

506.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

507.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

508.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

509.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

510.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

511.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

512.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

513.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

514.   Denied.

515.   The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

516.   Denied.

517.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

518.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

519.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

520.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

521.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

522.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

523.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

524.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

525.    Denied.

526.    Denied.

527.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

528.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

529.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

530.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

531.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

532.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

533.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

534.    Denied.

535.    Denied.

536.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

537.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

538.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

539.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

540.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

541.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

542.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

543.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

544.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

545.    Denied.

546.    Denied.

547.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

548.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

549.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

550.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

551.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

552.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

553.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.    The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

554.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

555.    Denied.

556.    Denied.

557.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

558.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

559.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

560.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

561.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

562.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

563.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

564.    Denied.

565.    Denied.

566.    The Pac-12 admits that Mr. Fontenot participated in college football as a student-athlete at Colorado from 2017-2022, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

567.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

568.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

569.    The Pac-12 admits that Mr. Fontenot participated in college football as a student-athlete at Colorado and played the position of running back.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

570. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

571. The Pac-12 admits that Colorado was previously member of the Pac-12. The Pac-12 admits that during the time Fontenot was enrolled at Colorado certain football games may have been broadcast on networks including ESPN or the Pac-12 Network. The Pac-12 further admits that it distributed revenue among its member schools in 2021. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

572. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

573. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

574. Denied.

575. Denied.

576. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

577.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

578.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

579.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

580.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

581.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

582.    The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

583.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

584.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

585.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

586.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

587.   Denied.

588.   Denied.

589.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

590.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

591.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

592.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

593.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

594.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

595.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

596.   Denied.

597.   Denied.

598.   The Pac-12 admits that Ms. Melgoza participated in college basketball as a student-athlete at Washington from 2016-2020, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

599.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

600.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

601.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

602.   The Pac-12 admits that Ms. Melgoza earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

603.   The Pac-12 admits that the Washington was a previously a member of the Pac-12.  The Pac-12 admits that during the time Melgoza was enrolled at Washington

certain basketball games may have been broadcast on networks including ESPN and the Pac-12 Network. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

604. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. The Pac-12 further admits that it distributed revenue among its member schools for the 2019 fiscal year.

605. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

606. Denied.

607. Denied.

608. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

609. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

610. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

611.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

612.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

613.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

614.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

615.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

616.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

617.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

618.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

619.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

620.    Denied.

621.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Andrew Abbott received a partial scholarship.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

622.    Denied.

623.    The Pac-12 admits that Mr. Pandy participated in college football as a student-athlete at Arizona from 2017-2021, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

624.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

625.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

626.    The Pac-12 admits that Mr. Pandy earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

627.    The Pac-12 admits that during the time Mr. Pandy was enrolled at Arizona certain football games may have been broadcast on networks including ESPN and the Pac-12 Network.  The Pac-12 admits that Arizona was previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

628.    The Pac-12 further admits that it distributed revenue among its member schools for the 2019 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

629.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

630.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

631.    Denied.

632.    Denied.

633.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

634.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

635.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

636.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

637.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

638.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

639.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

640.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

641.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

642.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

643.    Denied.

644.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

645.    Denied.

646.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

647.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

648.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

649.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

650.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

651.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

652.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

653.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

654.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

655.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

656.    Denied.

657.    Denied.

658.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

659.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

660.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

661.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

662.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

663.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

664.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

665.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

666.    Denied.

667.    Denied.

668.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

669.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

670.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

671.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

672.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

673.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

674.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

675.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

676.    Denied.

677.    Denied.

678.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

679.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

680.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

681.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

682.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

683.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

684.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

685.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

686.    Denied.

687.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.    The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegation that Mr. McConnell received a partial  scholarship.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

688.   Denied.

689.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

690.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

691.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

692.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

693.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

694.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

695.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

696.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

697.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

698.    Denied.

699.    Denied.

700.    The Pac-12 admits that Mr. Love participated in college football as a student-athlete at Stanford from 2015-19, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

701.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

702.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

703.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

704.    The Pac-12 admits that Mr. Love earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

705.    The Pac-12 admits that Mr. Love earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

706.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

707.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

708.    The Pac-12 admits that during the time Mr. Love was enrolled at Stanford certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Networks.  The Pac-12 admits that Stanford University was previously a member of the Pac-12.  The Pac-12 further admits that it distributed revenue among its member schools in 2018.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

709.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

710.   Denied.

711.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further
denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

712.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a
college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

713.   The Pac-12 lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

714.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The
Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

715.   The Pac-12 lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

716.   The Pac-12 lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

717.   The Pac-12 lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the
Pac-12 denies the allegations of this paragraph.

718.   The Pac-12 lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

719.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

720.    Denied.

721.    Denied.

722.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Rising participated in college football as a student-athlete at Utah from 2019-24, which at the time was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

723.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

724.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

725.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

726.    The Pac-12 admits that Mr. Rising earned certain accolades.  The Pac-12 admits that Utah defeated Oregon in the 2021 Pac-12 Football Championship.  The Pac-

12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

727.    The Pac-12 admits that Mr. Rising earned certain accolades.  The Pac-12 admits that Utah defeated USC in the 2022 Pac-12 Football Championship.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

728.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

729.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

730.    The Pac-12 admits that during the time Mr. Rising was enrolled at Utah certain football games may have been broadcast on networks including ESPN, CBS, and Fox.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

731.    The Pac-12 admits that it distributed revenue among its member schools in 2022.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

732.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

733.    Denied.

734.    Denied.

735.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

736.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

737.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

738.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

739.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

740.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

741.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

742.    Denied.

743.    Denied.

744.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

745.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

746.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

747.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

748.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

749.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

750.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

751.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

752.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-

athletes participating in certain college sports. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

753. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

754. Denied.

755. Denied.

756. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

757. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

758. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

759. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

760.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

761.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

762.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

763.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

764.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

765.    Denied.

766.    Denied.

767.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

768.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

769.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

770.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

771.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

772.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

773.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

774.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

775.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

776.    Denied.

777.    Denied.

778.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

779.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

780.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

781.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

782.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

783.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

784.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

785.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

786.    Denied.

787.   The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

788.   Denied.

789.   The Pac-12 admits that Mr. Hansen participated in college football as a student-athlete at Berkeley from 2014-2017, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

790.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

791.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

792.   The Pac-12 admits that Mr. Hansen received certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

793.   The Pac-12 admits that during the time Mr. Hansen was enrolled at Berkeley certain football games may have been broadcast on networks including ESPN,

CBS, and the Pac-12 Network.  The Pac-12 admits that Cal was a member of the Pac-12 Conference for a period of time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

794.    The Pac-12 admits that it distributed revenue among its member schools for the 2016 and 2017 fiscal years.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

795.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

796.    Denied.

797.    Denied.

798.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

799.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

800.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

801.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

802.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

803.    Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

804.    The lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

805.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

806.    Denied.

807.    Denied.

808.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

809.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

810.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

811.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

812.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

813.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

814.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

815.    Denied.

816.    Denied.

817.    The Pac-12 admits that Mr. Strumpf participated in college baseball as a student-athlete at UCLA from 2017-2019, which at the time was a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

818.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

819.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

820.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

821.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

822.    The Pac-12 admits that Mr. Strumpf earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

823.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

824.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

825.    The Pac-12 admits that Mr. Strumpf earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

826.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

827.   The Pac-12 admits that during the time Mr. Strumpf was enrolled at UCLA certain baseball games may have been broadcast on networks including ESPN and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2019 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

828.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "restrictive policies."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

829.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

830.   Denied.

831.   Denied.

832.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

833.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

834.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

835.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

836.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

837.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

838.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

839.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

840.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

841.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

842.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

843.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

844.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

845.   Denied.

846.   Denied.

847.   The Pac-12 denies that it engaged in "illegal conduct."   The Pac-12 further denies that any plaintiff "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

848.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

849.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

850.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

851.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

852.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

853.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

854.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

855.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

856.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.    The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."    Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

857.    Denied.

858.    Denied.

859.    The Pac-12 denies that it engaged in "illegal conduct."    The Pac-12 further denies that any plaintiff "worked" as a college athlete.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

860.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

861.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

862.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

863.    The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

864.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

865.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

866.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

867.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

868.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

869.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

870.    Denied.

871.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-

athletes participating in certain college sports. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

872. Denied.

873. The Pac-12 admits that Mr. Parkinson participated in college football as a student-athlete at Stanford from 2017-2020, which at the time was a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

874. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

875. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

876. The Pac-12 admits that Mr. Parkinson earned certain accolades. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

877. The Pac-12 admits that Mr. Parkinson earned certain accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

878. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

879.   The Pac-12 admits that during the time Mr. Parkinson was enrolled at Stanford certain football games may have been broadcast on networks including Fox and ESPN.   The Pac-12 admits that Stanford University was a member of the Pac-12 Conference for a period of time.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

880.   The Pac-12 admits that it distributed revenue among its member schools for the 2018 season.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

881.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

882.   Denied.

883.   Denied.

884.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

885.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

886.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

887.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

888.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

889.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

890.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

891.    Denied.

892.    Denied.

893.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

894.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

895.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

896.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

897.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph .

898.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

899.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

900.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

901.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

902.    The Pac-12 denies that any Plaintiff provided "labor" by participating in college athletics.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph .

903.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Prielipp received a partial  athletic scholarship.  The Pac-12 denies that NCAA scholarship bylaws

constitute "collusive, artificial" or "illegal and unfair restraints."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

904.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

905.    Denied.

906.    Denied.

907.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

908.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

909.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

910.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

911.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

912.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

913.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

914.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

915.    Denied.

916.    Denied.

917.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

918.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

919.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

920.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

921.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

922.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

923.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

924.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "restrictions placed by coaching staff" at Texas Tech.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

925.    Denied.

926.    Denied.

927.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

928.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

929.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

930.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

931.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

932.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

933.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

934.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

935.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

936.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

937.    Denied.

938.    The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-

athletes participating in certain college sports. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

939. Denied.

940. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

941. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

942. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

943. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

944. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

945. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

946. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

947.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

948.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

949.    Denied.

950.    Denied.

951.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

952.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

953.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

954.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

955.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

956.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

957.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

958.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

959.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

960.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

961.    Denied.

962.    Denied.

963.    The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

964.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

965.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

966.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

967.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

968.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

969.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

970.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

971.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

972.    Denied.

973.    Denied.

974.    The Pac-12 admits that Ms. Slocum participated in college basketball as a student-athlete at OSU from 2017-2020, which is a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff

"worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

975.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

976.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

977.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

978.  The Pac-12 admits that Ms. Slocum earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

979.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

980.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

981.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

982.  The Pac-12 admits that during the time Ms. Slocum was enrolled at OSU certain basketball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

983.    The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

984.    Denied.

985.    The Pac-12 denies that it engaged in "illegal conduct."   The Pac-12 further denies that any plaintiff "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

986.    The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

987.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

988.    The Pac-12 denies that any plaintiff had a "job" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

989.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

990.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

991.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

992.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

993.   Denied.

994.   Denied.

995.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

996.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

997.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

998.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

999.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1000.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1001.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1002.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1003.  Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1004.  Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1005.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1006.  Denied.

1007.  Denied.

1008.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1009.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1010.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1011.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge   or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1012.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1013.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1014.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1015.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1016.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1017.  Denied.

1018.  Denied.

1019.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1020.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1021.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1022.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1023.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1024.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1025.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1026.  Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1027.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1028.  Denied.

1029.  Denied.

1030.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1031.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1032.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1033.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph .

1034.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1035.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1036.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1037. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1038.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1039.  Denied.

1040.  Denied.

1041.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1042.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1043.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1044.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1045.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1046.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1047.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1048.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1049.  Denied.

1050.  Denied.

1051.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1052.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1053.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1054.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1055.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1056.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1057.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1058.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1059.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1060.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1061.  Denied.

1062.  Denied.

1063.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1064.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1065.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1066.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1067.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1068.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1069.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1070.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1071.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1072.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1073.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1074.  Denied.

1075.  Denied.

1076.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1077.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1078.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1079.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1080.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1081.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1082.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1083.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1084.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1085.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1086.  Denied.

1087.  Denied.

1088.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1089.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1090.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1091.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1092.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1093.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1094.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1095.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1096.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1097.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1098.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1099.  Denied.

1100.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1101.  Denied.

1102.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1103.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1104.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1105.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1106.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1107.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1108.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1109.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1110.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1111.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1112.  Denied.

1113.  Denied.

1114.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1115.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1116.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1117.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1118.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1119.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1120.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1121.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1122.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1123. Denied.

1124. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1125.  Denied.

1126.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1127.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1128.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1129.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1130.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1131.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1132.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1133.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1134.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1135.  Denied.

1136.  Denied.

1137.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1138.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1139.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1140.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1141.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1142.  The Pac-12 admits that Mr. Hurst earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1143.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1144.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1145.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1146.  Denied.

1147.  Denied.

1148.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1149.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1150.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1151.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1152.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1153.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1154.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1155.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1156.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1157.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1158.  Denied.

1159.  Denied.

1160.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1161. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1162. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1163. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1164. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1165. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1166. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1167. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1168. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1169. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1170.  Denied.

1171.  Denied.

1172.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1173.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1174.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1175.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1176.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1177.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1178.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1179.  Denied.

1180.  Denied.

1181.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1182. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1183.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1184.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1185.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1186.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1187.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1188.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1189.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1190.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1191.  Denied.

1192.  Denied.

1193.  The Pac-12 admits that Mr. Eason participated in college football as a student-athlete at Washington from 2018-2019, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1194.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1195.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1196.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1197.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1198.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1199.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1200.  The Pac-12 admits that during the time Mr. Eason was enrolled at Washington certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools in 2019.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1201.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1202.  Denied.

1203.  Denied.

1204.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1205.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1206.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1207.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1208.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1209.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1210.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1211.  Denied.

1212.  Denied.

1213.  The Pac-12 admits that Mr. Jaquez participated in college basketball as a student-athlete at UCLA from 2019-2023, which at the time was a Pac-12 member school.

The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1214.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1215.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1216.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1217.  The Pac-12 admits that Mr. Jaquez earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1218.  The Pac-12 admits that Mr. Jaques earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1219.  The Pac-12 admits that during the time Mr. Jaques was enrolled at UCLA certain basketball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that UCLA was previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1220.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1221.  Denied.

1222.  Denied.

1223.  The Pac-12 admits that Mr. Browning participated in college football as a student-athlete at Washington from 2015-18, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1224.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1225.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1226.  The Pac-12 admits that Mr. Browning earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1227.  The Pac-1 admits that Washington defeated Utah in the 2018 Pac-12 Football Championship game.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1228.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1229.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1230.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1231.  The Pac-12 admits that Washington was previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1232.  The Pac-12 admits that it distributed revenue among its member schools in 2018.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1233.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1234.  Denied.

1235.  Denied.

1236.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1237.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1238.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1239.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1240.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1241.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1242.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1243.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1244.  Denied.

1245.  Denied.

1246.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1247.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1248.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1249.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1250.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1251.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1252.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1253. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1254. Denied.

1255. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1256. Denied.

1257. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1258. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1259. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1260.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1261.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1262.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1263.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1264.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1265.  Denied.

1266.  Denied.

1267.  The Pac-12 admits that Mr. Curhan participated in college football as a student-athlete at Berkeley from 2016-2020, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1268. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1269. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1270. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1271. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1272. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1273. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1274. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1275. The Pac-12 admits that during the time Mr. Curhan was enrolled at Berkeley certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Networks. The Pac-12 further admits that it distributed revenue among its member schools in 2019. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1276. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1277.  Denied.

1278.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1279. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1280.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1281.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1282.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1283.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1284.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1285.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1286.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1287.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were an "unlawful restriction."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1288.  Denied.

1289.  Denied.

1290.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1291.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1292.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1293.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1294.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1295.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1296.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1297.  Denied.

1298.  Denied.

1299.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1300.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1301.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1302.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1303.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1304.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1305.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1306.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1307.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1308.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1309.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1310.  Denied.

1311.  Denied.

1312.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1313.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1314.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1315.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1316.  The Pac-12 denies that any Plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1317.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1318.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1319.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1320.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1321.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1322.  Denied.

1323.  Denied.

1324.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1325.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1326.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1327.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1328.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1329.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1330.  Denied.

1331.  Denied.

1332.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1333.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1334.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1335.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1336.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1337.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1338.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1339.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1340.  Denied.

1341.  Denied.

1342.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1343.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1344.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1345.  Denied.

1346.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1347.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1348.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1349.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1350.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1351.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1352.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1353.  Denied.

1354.  Denied.

1355.  The Pac-12 admits that Mr. Kirland participated in college football as a student-athlete at Washington from 2017-2022, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1356.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1357.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1358.  The Pac-12 admits that Mr. Kirkland earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1359.  The Pac-12 admits that Mr. Kirkland earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1360.  The Pac-12 admits that Mr. Kirkland earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1361.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1362.  The Pac-12 admits that during the time Mr. Kirkland was enrolled at Washington certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2021-22 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1363.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1364.  Denied.

1365.  Denied.

1366.  The Pac-12 admits that Mr. Grant participated in college football as a student-athlete at OSU from 2016-2020, which is a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1367.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1368.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1369.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1370.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1371.  The Pac-12 admits that during the time Grant was enrolled at OSU certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that OSU is a member of the Pac-12 Conference.  The Pac-12 lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1372. The Pac-12 further admits that it distributed revenue among its member schools for the 2022-23 season. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1373. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1374. Denied.

1375. Denied.

1376. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1377. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1378. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1379. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1380.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1381.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1382.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1383.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1384.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1385.  Denied.

1386.  Denied.

1387.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1388.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1389.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1390.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1391.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1392.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1393.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1394.  Denied.

1395.  Denied.

1396.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1397.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1398.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1399.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1400.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1401.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1402.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1403.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1404.  Denied.

1405.  Denied.

1406.  The Pac-12 admits that Mr. Juzang participated in college basketball as a student-athlete at UCLA from 2020-2022, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1407.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1408.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1409.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1410.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1411.  The Pac-12 admits that Mr. Juzang earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1412.  The Pac-12 admits that during the time Mr. Juzang was enrolled at UCLA certain basketball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that UCLA was previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1413.  The Pac-12 admits that it distributed revenue among its member schools between 2016-2019.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1414.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1415.  Denied.

1416.  Denied.

1417.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1418.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1419.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1420.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1421.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1422.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1423.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1424.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1425.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1426.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1427.  Denied.

1428.  Denied.

1429.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1430.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1431.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1432.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1433.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1434.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1435.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1436.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1437.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1438.  Denied.

1439.  Denied.

1440.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1441.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1442.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1443.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1444.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1445.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1446.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1447.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1448.  Denied.

1449. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-

athletes participating in certain college sports. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Beck received a partial scholarship. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1450. Denied.

1451. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1452. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1453. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1454. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1455. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1456. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1457.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1458.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1459.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1460.  Denied.

1461.  Denied.

1462.  The Pac-12 admits that Mr. Arcega-Whiteside participated in college football as a student-athlete at Stanford from 2015-2018, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1463.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1464.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1465.  The Pac-13 admits that Mr. Arcega-Whiteside earned certain accolades. The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1466.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1467.  The Pac-12 admits that during the time Mr. Arcega-Whiteside was enrolled at Stanford certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that Stanford University was previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1468.  The Pac-12 admits that it distributed revenue among its member schools for the 2018 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1469.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1470.  Denied.

1471.  Denied.

1472.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1473.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1474.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1475.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1476.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1477.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1478.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1479.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1480.  Denied.

1481.  Denied.

1482.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1483.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1484.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1485.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1486.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1487.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1488.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1489.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.   The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1490.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1491.  Denied.

1492.  Denied.

1493.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1494.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1495.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1496.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1497.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1498.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1499.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1500.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1501.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1502.  Denied.

1503.  Denied.

1504.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1505.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1506.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1507.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1508.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1509.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1510.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1511.  Denied.

1512.  Denied.

1513.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1514.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1515.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1516.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1517.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1518.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1519.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1520.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1521.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1522.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1523.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1524.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful rules."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1525.  Denied.

1526.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1527.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1528.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1529.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1530.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1531.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1532.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1533.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1534.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1535.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1536.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1537.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1538.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1539.  Denied.

1540.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1541.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1542.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1543.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1544.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1545.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1546.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1547.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1548.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1549.  Denied.

1550.  Denied.

1551.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1552.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1553. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1554. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1555. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1556. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1557. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1558. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1559. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1560. Denied.

1561. The Pac-12 admits that Mr. Abel participated in college baseball as a student-athlete at OSU from 2017-2021, a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1562.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1563.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1564.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1565.  The Pac-12 admits that Mr. Abel received certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1566.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1567.  The Pac-12 admits that during the time Mr. Abel was enrolled at OSU, certain baseball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that OSU is a member of the Pac-12 Conference.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1568.  The Pac-12 admits that it distributed revenue among its member schools for the 2018 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1569.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1570.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1571.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1572.  Denied.

1573.  Denied.

1574.  The Pac-12 admits that Mr. Costello participated in college football as a student-athlete at Stanford from 2016-2019, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1575.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1576.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1577.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1578.  The Pac-12 admits that Mr. Costello earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1579.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1580.  The Pac-12 admits that during the time Mr. Costello was enrolled at Stanford certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1581.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1582.  The Pac-12 admits that it distributes revenue among its member schools. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1583.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1584.  Denied.

1585.  Denied.

1586.  The Pac-12 admits that Mr. Tate participated in college football as a student-athlete at Arizona from 2016-2019, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1587.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1588.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1589.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1590.  The Pac-12 admits that Mr. Tate earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1591.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1592.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1593.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1594.  The Pac-12 admits that during the time Mr. Tate was enrolled at Arizona certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2018-2019 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1595.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restraints."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1596.  Denied.

1597.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1598.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1599.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1600.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1601.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1602.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1603.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1604.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1605.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1606.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1607.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1608.  Denied.

1609.  Denied.

1610.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1611.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1612.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1613.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1614.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1615.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1616.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1617.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1618.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

1619.  Denied.

1620.  Denied.

1621.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1622.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1623.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1624.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1625.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1626. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1627. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1628. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1629. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1630. Denied.

1631. Denied.

1632. The Pac-12 admits that Mr. Borghi participated in college football as a student-athlete at WSU from 2018-2021, a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1633. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1634. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1635.  The Pac-12 admits that Mr. Borghi earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1636.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1637.  The Pac-12 admits that during the time Mr. Borghi was enrolled at WSU certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that WSU is a member of the Pac-12 Conference.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1638.  The Pac-12 admits that it distributed revenue among its member in 2018.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1639.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 the denies the allegations of this paragraph.

1640.  Denied.

1641.  Denied.

1642. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1643. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1644. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1645. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1646. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1647. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1648. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1649. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1650. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1651.  Denied.

1652.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1653.  Denied.

1654.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1655.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1656.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1657.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1658.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1659.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1660.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1661.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1662.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1663.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1664.  Denied.

1665.  Denied.

1666.  The Pac-12 admits that Mr. McLain participated in college baseball as a student-athlete at UCLA from 2018-2021, which at the time was a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1667.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1668.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1669.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1670.  The Pac-12 admits that during the time Mr. McLain was enrolled at UCLA certain baseball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 admits that UCLA was a previously a member of the Pac-12.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1671.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1672.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 denies that these rules were "illegal and unfair restraints."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1673.  Denied.

1674.  Denied.

1675.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1676.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1677.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1678.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1679.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1680.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1681.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1682.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1683.  Denied.

1684.  Denied.

1685.  The Pac-12 admits that Mr. Wiley participated in college football as a student-athlete at Arizona from 2019-2024, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1686.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1687.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1688.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1689.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1690.  The Pac-12 admits that Mr. Wiley earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1691.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1692.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1693.  The Pac-12 admits that during the time Mr. Wiley was enrolled at Arizona certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools during the time Mr. Wiley was enrolled at Arizona.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1694.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1695.  Denied.

1696.  Denied.

1697.  The Pac-12 admits that Mr. Wilson participated in college football as a student-athlete at Stanford from 2018-2022, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1698. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1699. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1700. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1701. The Pac-12 admits that Mr. Wilson earned certain accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1702. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1703. The Pac-12 admits that during the time Mr. Wilson was enrolled at Stanford certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network. The Pac-12 admits that Stanford University was previously a member of the Pac-12. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1704. The Pac-12 admits that it distributed revenue among its member schools in 2018. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1705.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1706.  Denied.

1707.  Denied.

1708.  The Pac-12 admits that Ms. Onyenwere participated in college basketball as a student-athlete at UCLA from 2017-2021, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1709.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1710.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1711.  The Pac-12 admits that Ms. Onyenwere earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1712.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1713.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1714.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1715.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1716.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1717.  The Pac-12 admits that during the time Ms. Onyenwere was enrolled at UCLA certain basketball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2019-2020 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1718.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1719.  Denied.

1720.  The Pac-12 admits that Ms. Pivec participated in college basketball as a student-athlete at OSU from 2016-2020, a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1721.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1722.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1723.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1724.  The Pac-12 admits that Ms. Pivec earned certain accolades.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1725.  The Pac-12 admits that Ms. Pivec earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1726.  The Pac-12 admits that Ms. Pivec earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1727. The Pac-12 admits that during the time Ms. Pivec was enrolled at OSU certain basketball games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network. The Pac-12 admits that OSU is a member of the Pac-12 Conference. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1728. The Pac-12 admits that it distributed revenue among its member schools in 2019. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1729. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1730. Denied.

1731. Denied.

1732. The Pac-12 admits that Mr. Osling participated in college football as a student-athlete at UCLA from 2017-2022, which at the time was a Pac-12 member school. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1733. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1734. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1735. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1736. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1737. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1738. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1739. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1740. The Pac-12 admits that during the time Mr. Osling was enrolled at UCLA certain football games may have been broadcast on networks including ESPN, Fox Sports, and the Pac-12 Network. The Pac-12 further admits that it distributed revenue among its member schools for the 2021-2022 fiscal year. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1741.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1742.  Denied.

1743.  Denied.

1744.  The Pac-12 admits that Ms. Hollingshed participated in college football as a student-athlete at Colorado from 2017-2022, which at the time was a Pac-12 member school.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1745.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1746.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1747.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1748.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1749. The Pac-12 admits that during the time Ms. Hollingshed was enrolled at Colorado certain basketball games may have been televised. The Pac-12 admits that the University of Colorado was a member of the Pac-12 Conference for a period of time. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1750. The Pac-12 admits that it distributed revenue among its member schools in 2022. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1751. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1752. Denied.

1753. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1754. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1755.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1756.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1757.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1758.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1759.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1760.  Denied.

1761.  Denied.

1762.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1763.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1764.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1765.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1766.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1767.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1768.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1769.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1770.  Denied.

1771.  Denied.

1772.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1773.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1774.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1775.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1776.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1777.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1778.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1779.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1780.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1781.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1782.  Denied.

1783.  Denied.

1784.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1785.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1786.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1787.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1788.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1789.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1790.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1791. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1792.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1793.  Denied.

1794.  Denied.

1795.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1796.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1797.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1798.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1799.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1800.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1801.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1802.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1803.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1804.  Denied.

1805.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1806.  Denied.

1807.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1808.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1809.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1810.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1811.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1812.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1813.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1814.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1815.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1816.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1817.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1818.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1819.  Denied.

1820.  Denied.

1821.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1822.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1823.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1824.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1825.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1826.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1827.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1828.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1829.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1830.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1831.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1832.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1833.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1834.  Denied.

1835.  Denied.

1836.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1837.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1838.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1839.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1840.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1841.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1842.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1843.  Denied.

1844.  Denied.

1845.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1846. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1847.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1848.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1849.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1850.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1851.  Denied.

1852.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1853.  Denied.

1854.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1855.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1856.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1857.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1858.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1859.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1860.  Denied.

1861.  Denied.

1862.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1863.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1864.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1865.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1866.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1867.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1868.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1869.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1870.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1871.  Denied.

1872. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1873.  Denied.

1874.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1875.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1876.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1877.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1878.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1879.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1880.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1881.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1882.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1883.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1884.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1885.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1886.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1887.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1888.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1889.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1890.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1891.  Denied.

1892.  Denied.

1893.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1894. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1895. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1896. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1897. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1898. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1899. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph

1900. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1901. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1902. Denied.

1903. Denied.

1904.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1905.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1906.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1907.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1908.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1909.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1910.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1911.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1912. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-

athletes participating in certain college sports.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1913.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1914.  Denied.

1915.  Denied.

1916.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1917.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1918.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1919.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1920.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1921.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1922.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1923.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1924.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1925.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1926.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1927.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1928.  Denied.

1929.  Denied.

1930.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1931.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1932.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1933.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1934.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1935.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1936.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1937.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1938.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1939.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1940.  Denied.

1941.  Denied.

1942.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1943.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1944.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1945.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1946.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1947.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1948.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1949.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1950.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1951.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1952.  Denied.

1953.  Denied.

1954.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1955.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1956.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1957.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1958.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1959. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1960. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1961. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1962. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1963. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1964. The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1965. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1966. Denied.

1967. Denied.

1968. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1969. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1970. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1971. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1972. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1973. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1974. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1975. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1976. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1977. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1978.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1979.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1980.  Denied.

1981.  Denied.

1982.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1983.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1984.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1985.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1986.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1987.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1988.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1989.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1990.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1991.  Denied.

1992.  Denied.

1993.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1994.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1995.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1996.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

1997.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1998.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1999.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2000.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2001.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2002.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2003.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2004.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2005.  Denied.

2006.  Denied.

2007.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2008.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2009.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2010.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2011.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2012.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2013.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2014.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2015.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2016.  Denied.

2017.  Denied.

2018.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Blaylock participated in football as a student-athlete at UCLA from 2018-2022, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2019.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2020.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2021.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2022.  The Pac-12 admits that for the 2020 season, Mr. Blaylock earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2023.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2024.  The Pac-12 admits that for the 2022 season, Mr. Blaylock earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2025.  The Pac-12 admits that Mr. Blaylock participated in football as a student-athlete at UCLA, which at the time was a Pac-12 member school and that certain UCLA football games may been broadcast on networks including Fox, ESPN, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2022 fiscal year, and UCLA was at that time a member school.   The Pac-12 lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2026. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2027. Denied.

2028. Denied.

2029. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2030. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2031. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2032. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2033.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2034.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2035.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2036.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2037.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2038.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2039.  Denied.

2040.  Denied.

2041.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Taylor Rapp participated in college football as a student-athlete at the University of Washington from 2016-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2042.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2043.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2044.  The Pac-12 admits that in 2016, Mr. Rapp earned certain accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2045.  The Pac-12 admits that Mr. Rapp earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2046.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2047.  The Pac-12 admits that Mr. Rapp participated in football as a student-athlete at University of Washington, which at the time was a Pac-12 member school and that certain University of Washington football games may been broadcasted on networks including Fox, ESPN, ABC, and the Pac-12 Network.  The Pac-12 further admits that it distributed revenue among its member schools for the 2018 fiscal year, and UW was a member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2048.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2049.  Denied.

2050.  Denied.

2051.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2052.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2053.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2054.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2055.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2056.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2057.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2058.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2059.  Denied.

2060.  Denied.

2061.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2062.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2063.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2064.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2065.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2066.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2067.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2068.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2069.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2070.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2071.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL . The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2072.  Denied.

2073.  Denied.

2074.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2075.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2076.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2077.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2078.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2079.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2080.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2081.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2082.  Denied.

2083.  Denied.

2084.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2085.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2086.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2087.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2088.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2089.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2090.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2091.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2092.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2093.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2094.  Denied.

2095.  Denied.

2096.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2097.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2098.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2099.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2100.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2101.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2102.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2103.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2104.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2105.  Denied.

2106.  Denied.

2107.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2108.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2109.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2110.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2111.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2112.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2113.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2114.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2115.  Denied.

2116.  Denied.

2117.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Mr. Daltoso participated in football at the University of Oregon from 2016-2017 and at Berkeley from 2017-2021, which were both Pac-12 member schools at the time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2118.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2119.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2120.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2121.  The Pac-12 admits that Mr. Daltoso earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2122.  The Pac-12 admits that Mr. Daltoso participated in football as a student-athlete at UC Berkeley, which at the time was a Pac-12 member school and that certain football games may have been broadcast on networks including Fox and ESPN.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2123.  The Pac-12 admits that it distributed revenue among its member schools for the 2019 fiscal year.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2124.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2125.  Denied.

2126.  Denied.

2127.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2128.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2129.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2130.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2131.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2132.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2133.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2134.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2135.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2136.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2137.  Denied.

2138.  Denied.

2139.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2140.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2141.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2142.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2143.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2144.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2145.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2146.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2147.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2148.  Denied.

2149.  Denied.

2150.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2151.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2152.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2153.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2154.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2155.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2156.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2157.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2158.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2159.  Denied.

2160.  Denied.

2161.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2162. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2163. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2164. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2165. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2166. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2167. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2168. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2169. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2170. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2171.  Denied.

2172.  Denied.

2173.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2174.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2175.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2176.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2177.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2178.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2179.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2180.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2181.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2182.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2183.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2184.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2185.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2186.  Denied.

2187.  Denied.

2188.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2189. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2190. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2191. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2192. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2193. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2194. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2195. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2196. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2197. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2198. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2199.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2200.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2201.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2202.  Denied.

2203.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2204.  Denied.

2205.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports..   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2206.  Denied.

2207.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2208.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2209.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2210.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2211.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2212.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2213.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2214.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2215.  Denied.

2216.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2217.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2218.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2219.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2220.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2221.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "illegal, anticompetitive restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2222.  Denied.

2223.  Denied.

2224. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2225. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2226. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2227. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2228. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2229. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2230. Denied.

2231. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2232.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2233.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2234.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2235.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2236.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "illegal, anticompetitive restrictions" or "anticompetitive rules."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2237.  Denied.

2238.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2239.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2240.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2241.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2242.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2243.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "illegal, anticompetitive restrictions" or "unlawful restrictions."    Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2244.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2245.  Denied.

2246.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2247. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2248. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2249. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2250. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2251. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "anticompetitive rules." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2252. Denied.

2253. Denied.

2254. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2255. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2256. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2257. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2258. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2259. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2260. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2261. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful, anticompetitive restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2262. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2263. Denied.

2264. Denied.

2265.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2266.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2267.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2268.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2269.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2270.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2271.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2272.  Denied.

2273.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2274. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2275. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2276. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2277. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2278. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2279. Denied.

2280. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2281. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2282. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2283. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2284. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2285. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2286. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2287. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2288. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2289. Denied.

2290.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2291.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2292.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2293.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2294.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2295.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2296.  Denied.

2297.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2298.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2299.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2300.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2301.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2302.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2303.  Denied.

2304.  Denied.

2305.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2306.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2307.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2308.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2309.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2310.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2311.  Denied.

2312.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2313.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2314.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2315.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2316.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "anticompetitive . . . restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2317.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2318.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2319.  Denied.

2320.  Denied.

2321.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2322.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2323.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2324.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2325.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2326.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2327.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2328.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2329.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2330.  Denied.

2331.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2332.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2333.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2334.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2335.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2336.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2337.  Denied.

2338.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2339.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2340.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2341.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2342.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2343.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2344.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "illegal," "anticompetitive," or "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2345.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2346.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2347.  Denied.

2348.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2349.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2350.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2351.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2352.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2353.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2354.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2355.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2356.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the paragraph.

2357.  Denied.

2358.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2359.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2360.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2361.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2362.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2363.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2364.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"anticompetitive . . . restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2365.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2366.  Denied.

2367.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2368.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2369.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2370.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2371.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2372.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2373.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful" or "anticompetitive."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2374.  Denied.

2375.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2376. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2377.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2378.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2379.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2380.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are

301

"unlawful" or "anticompetitive" restrictions.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2381.  Denied.

2382.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2383.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2384.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2385.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2386.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2387.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2388.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2389.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are

"unlawful" or "anticompetitive" restrictions.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2390.  The Pac-12 denies that NCAA rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "unlawful restrictions." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2391.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2392.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2393.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2394.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2395.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 further denies that the NCAA's rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "anticompetitive" or "unlawful." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2396.  Denied.

2397.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2398.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2399.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2400.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2401.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2402.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2403.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2404.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2405.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2406.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2407.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2408.  Denied.

2409.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2410.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2411.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2412.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2413.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2414.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2415.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2416.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2417.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2418.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2419.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2420.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2421.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2422.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2423.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2424.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2425.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful" or "anticompetitive."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2426.  The Pac-12 admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2427.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2428.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2429.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2430.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2431.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2432.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2433.  Denied.

2434.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2435.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2436.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2437.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2438.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2439.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2440.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "anticompetitive."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2441.  The Pac-12 admits that it issued interim guidance on July 1, 2021, that permitted certain NIL activities.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2442.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2443.  Denied.

2444.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2445.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2446.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2447.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2448.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2449.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2450.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2451.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "anticompetitive."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2452.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2453.  The Pac-12 admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2454.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2455.  Denied.

2456.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2457.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2458.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2459.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2460.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2461.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2462.  Denied.

2463.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2464.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2465.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2466.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2467.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2468.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "anticompetitive" or "unlawful" restrictions.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2469.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2470.  Denied.

2471.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2472.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2473.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2474.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2475.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2476.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2477.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions"  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2478.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

313

2479.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2480.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2481.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2482.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2483.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2484.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2485.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful."  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2486.  Denied.

2487.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2488.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2489.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2490.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2491.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2492.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2493.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2494.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2495.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2496. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2497. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2498. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2499. Denied.

2500. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2501. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2502. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2503. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2504. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2505. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2506. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2507. Denied.

2508. Denied.

2509. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2510. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2511. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2512. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2513.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2514.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2515.  Denied.

2516.  Denied.

2517.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2518.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2519.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2520.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2521.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2522.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2523.  Denied.

2524.  Denied.

2525.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2526.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2527.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2528.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2529.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2530.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2531.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2532.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2533.  Denied.

2534.  Denied.

2535.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2536.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2537.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2538.  The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2539.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2540.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL . Except as expressly admitted, the Pac-12 denies the remaining allegations of this paragraph.

2541.  Denied.

2542.  Denied.

2543.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2544.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2545.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2546.  The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2547.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2548.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2549.  Denied.

2550.  Denied.

2551.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2552.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2553.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2554.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2555.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2556.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2557.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2558.  Denied.

2559.  Denied.

2560.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2561.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2562.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2563.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2564.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2565.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2566.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2567.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2568.  Denied.

2569.  Denied.

2570.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2571.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2572.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2573.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2574.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2575.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2576.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2577.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

2578. Denied.

2579. Denied.

2580. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2581. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2582. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2583. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2584. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2585. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2586. Denied.

2587.  Denied.

2588.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2589.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2590.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2591.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2592.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2593.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2594.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2595.  Denied.

2596. Denied.

2597. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2598. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2599. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2600. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2601. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2602. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2603. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2604. Denied.

2605. Denied.

2606.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2607.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2608.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2609.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2610.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2611.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2612.  Denied.

2613.  Denied.

2614.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Erik

Stevenson participated in college basketball as a student-athlete at the University of Washington from 2020-2021, when it was a Pac-12 member school.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2615.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2616.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2617.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2618.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2619.  The Pac-12 denies that any plaintiff "work[ed]" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2620.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2621.  Denied.

2622.  Denied.

2623.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2624.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2625.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2626.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2627.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2628.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2629.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2630.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2631.  Denied.

2632.  Denied.

2633.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2634.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2635.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2636.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2637.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2638.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2639.  Denied.

2640.  Denied.

2641.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2642. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2643. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2644. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2645. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2646. The Pac-12 lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2647. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2648. Denied.

2649. Denied.

2650. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2651. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2652. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2653. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2654. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2655. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2656. Denied.

2657. Denied.

2658. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2659.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2660.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes and prospective student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations in this paragraph.

2661.  The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2662.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2663.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2664.  Denied.

2665.  Denied.

2666.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2667. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2668. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2669. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2670. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2671. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2672. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2673. Denied.

2674. Denied.

2675. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2676.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2677.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2678.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2679.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2680.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2681.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2682.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2683.  Denied.

2684.  Denied.

2685.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2686.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2687.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2688.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2689.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2690.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2691.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2692.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2693.  Denied.

2694.  Denied.

2695.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2696.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2697.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2698.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2699.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2700.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2701.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2702.  Denied.

2703.  Denied.

2704. The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2705. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2706. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2707. The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2708. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2709. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2710. Denied.

2711. Denied.

2712. The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2713. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2714. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2715. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2716. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2717. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2718. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2719. Denied.

2720. Denied.

2721. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2722.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2723.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2724.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2725.  The Pac-12 denies that any plaintiff had a "full-time occupation" or job as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2726.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2727.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2728.  Denied.

2729.  Denied.

2730.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2731.   The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2732.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2733.   The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2734.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2735.   The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2736.   Denied.

2737.   Denied.

2738.   The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2739.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2740.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2741.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2742.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2743.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2744.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL .  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2745.  Denied.

2746.  Denied.

2747.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2748.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2749.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2750.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2751.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2752.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2753.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2754.  Denied.

2755.  Denied.

2756.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2757.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2758.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2759.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2760.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2761.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2762.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2763.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2764.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2765.  Denied.

2766.  Denied.

2767.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2768.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2769.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2770.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2771.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2772.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2773.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2774.  Denied.

2775.  Denied.

2776.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2777.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2778.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2779.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2780.  The Pac-12 denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2781.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2782.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2783.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2784.  Denied.

2785.  Denied.

2786.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2787.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2788.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2789.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2790.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2791.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2792.  Denied.

2793.  Denied.

2794.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2795.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2796.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2797.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2798.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2799.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2800.  Denied.

2801.  Denied.

2802.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2803.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2804.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2805.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2806.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2807.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2808.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2809.  Denied.

2810.  Denied.

2811.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2812.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2813.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2814.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2815.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2816.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2817.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2818.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2819.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2820.  Denied.

2821.  Denied.

2822.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Ms. Scherr participated in college basketball as a student-athlete at the University of Oregon from

2020-2022, which was a Pac-12 member school at that time. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2823. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2824. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2825. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2826. The Pac-12 denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2827. The Pac-12 admits that the University of Oregon was a member of the Pac-12 during the time that Ms. Scherr was enrolled there. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2828. The Pac-12 admits that it distributed revenue among its member schools annually pursuant to its bylaws. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2829.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2830.  Denied.

2831.  Denied.

2832.  The Pac-12 denies that it engaged in "illegal conduct."   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2833.  The Pac-12 denies that any plaintiff "worked" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2834.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2835.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2836.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2837.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2838.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2839.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining in this paragraph.

2840.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2841.  Denied.

2842.  Denied.

2843.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2844.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2845.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2846.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2847.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2848.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2849.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2850.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2851.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2852.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2853.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2854.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "illegal restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2855.  Denied.

2856.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2857.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2858.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2859.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2860.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2861.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2862.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2863.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2864.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2865.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2866.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2867.  Denied.

2868.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2869.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2870.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2871.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2872.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2873.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2874.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2875.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2876.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2877.  Denied.

2878.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Bolden participated in football as a student-athlete at USC from 2017-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2879.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2880.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2881.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2882.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2883.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2884.  The Pac-12 admits that it distributed revenue among its member schools for the 2017-2018 fiscal years and that USC was a member school at the time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2885.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2886. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2887. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2888. Denied.

2889. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 admits that Mr. Bradford participated in football as a student athlete at Oregon State from 2016-2021, which was a Pac-12 member school at that time. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2890. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2891. The Pac-12 admits that for the 2018 season, Mr. Bradford earned various accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2892. The Pac-12 admits that it distributed revenue among its member schools for the 2021fiscal year and that Oregon State was a Pac-12 member school at that time. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2893.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2894.  Denied.

2895.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" or provided "labor" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2896.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2897.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2898.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2899.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2900.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were

"unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2901.  Denied.

2902.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Burrola participated in football as a student-athlete at Arizona from 2017-2020, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2903.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2904.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2905.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2906.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2907.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2908.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2909.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2910.  The Pac-12 admits that Arizona was at the time a Pac-12 member school and that certain football may have been broadcasted on ESPN, Fox Sports, and the Pac-12 Network.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2911.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2912.  The Pac-12 admits that it distributes revenue among its member schools in accordance with its bylaws, and that Arizona was a member school at the time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2913.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2914.  Denied.

2915.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Carr participated in football as a student-athlete at USC from 2017-2021, which was a Pac-12 member school at that time.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2916.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2917.  The Pac-12 denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2918.  The Pac-12 admits that Mr. Carr earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2919.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2920.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2921.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful."   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2922.  Denied.

2923.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2924.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2925.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2926.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2927.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2928.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2929.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2930.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the rules referenced in this paragraph are unlawful or otherwise actionable.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2931.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2932.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2933.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2934.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2935.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2936.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2937.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2938.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2939.  Denied.

2940.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2941.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2942.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2943.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2944.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2945.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2946.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2947.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2948.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2949.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are speculative in nature.

2950.  Denied.

2951.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2952.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2953.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2954.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2955.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2956.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2957.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2958.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2959.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2960.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may receive certain types of compensation.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2961.  Denied.

2962.  Denied.

2963.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2964.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2965.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2966.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2967.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2968.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2969.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2970.  Denied.

2971.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2972.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2973.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2974.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2975.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2976.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2977.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2978.  Denied.

2979.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2980.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2981.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2982.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2983.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2984.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2985.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of

their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2986. Denied.

2987. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2988. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2989. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2990. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2991. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2992. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2993. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

2994. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 admits that Mr. Echols participated in football as a student-athlete at USC from 2017-2021 and at Arizona in 2022, which were Pac-12 member schools at that time. The Pac-12 lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2995.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2996.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2997.  The Pac-12 admits that Mr. Echols participated in football as a student-athlete at USC from 2017-2021, which was a Pac-12 member school at that time.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2998.  The Pac-12 admits that Mr. Echols participated in football as a student-athlete at Arizona in 2022, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2999.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3000.  Denied.

3001.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3002.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3003.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3004.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3005.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3006.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3007.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3008.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3009.  Denied.

3010.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3011.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3012.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3013.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3014.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3015.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3016.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3017.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3018.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3019.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3020.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3021.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3022.  Denied.

3023.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3024.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3025.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3026.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3027.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3028.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3029.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3030.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3031.  Denied.

3032.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3033.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3034.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3035.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3036.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3037.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3038.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3039.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3040.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3041.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3042.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3043.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3044.  The Pac-12 lacks knowledge or information sufficient to form a belief as to Francis's "dedication and resilience," "adaptability and commitment," and "value as a role model."  The Pac-12 denies the remaining allegations of this paragraph.

3045.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3046.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3047.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3048.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3049.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3050.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3051.  The Pac-12 denies that any plaintiff "work[ed]" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3052.  Denied.

3053.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Gaoteote participated in football at USC from 2018-2020, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3054.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3055.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3056.  The Pac-12 admits that Mr. Gaoteote participated in football at USC from 2018-2020, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3057.  The Pac-12 denies that the unspecified "NCAA rules" referenced in this paragraph are "unlawful."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3058.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful limitations."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3059.  Denied.

3060.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Gould participated in football as a student-athlete at Oregon State from 2019-2023, which was a Pac-12 member school at that time.  The Pac-12 further admits that Mr. Gould earned certain accolades.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3061.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3062.  The Pac-12 further admits that Mr. Gould earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3063.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that these rules are "unlawful."   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3064.  Denied.

3065.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3066.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3067.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3068.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3069.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that these rules are "unlawful."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3070.  Denied.

3071.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3072.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3073.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3074.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3075.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3076.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3077.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3078.  Denied.

3079.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3080.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3081.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3082.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3083.  Denied.

3084.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3085.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3086.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3087.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3088.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3089.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3090.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3091.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3092.  Denied.

3093.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3094.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3095.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3096.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3097.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3098.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3099.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3100.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3101.  Denied.

3102.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Hausman participated in football as a student-athlete at Arizona, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3103.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3104.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3105.  The Pac-12 admits that Mr. Hausman participated in football as a student-athlete at Arizona, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3106.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3107.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3108.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3109.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3110.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3111.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3112.  Denied.

3113.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 admits that Mr. Hernandez participated in football at Oregon State from 2016-2018, which was a Pac-12 member school at that time.    The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3114.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3115.  The Pac-12 admits that Mr. Hernandez earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3116.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3117.  Denied.

3118.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3119.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3120.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3121.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3122.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3123.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3124.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3125.  Denied.

3126.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3127.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3128.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3129.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3130.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3131.  Denied.

3132.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3133.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3134.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3135.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3136.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3137.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3138.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3139.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3140.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3141.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   The Pac-12 denies that the NCAA rules referenced in this paragraph are

"unlawful restrictions."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3142.  Denied.

3143.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3144.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3145.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3146.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3147.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3148.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3149.  Denied.

3150.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3151.  The Pac-12 lacks knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph.

3152.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3153.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3154.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3155.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3156.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3157.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3158.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3159.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3160.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3161.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3162.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3163.  Denied.

3164.  Denied.

3165.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3166.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3167.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3168.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3169.  The Pac-12 denies that "continuing reforms are necessary to provide" college athletes with "proper compensation." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3170.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3171.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3172.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3173.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3174.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that these rules "violated constitutional laws."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3175.  Denied.

3176.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3177.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3178.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3179.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3180.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3181.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3182.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3183.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3184.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3185.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3186.  Denied.

3187.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. Lindsey participated in football as a student-athlete at Oregon State from 2019-2022, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3188.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3189.  The Pac-12 admits that Mr. Lindsey participated in football as a student-athlete at Oregon State from 2019-2022, which was a Pac-12 member school at that time. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3190.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful[] restrict[ions]," and that any plaintiff provided "labor" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3191.  Denied.

3192.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3193.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3194.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3195.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that these rules are "unlawful."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3196.  Denied.

3197.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3198.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3199. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3200. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3201. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3202. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3203. Denied.

3204. Denied.

3205. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3206. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3207. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3208.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3209.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3210.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3211.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3212.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3213.  Denied.

3214.  Denied.

3215.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3216.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3217.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3218.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3219.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3220.  Denied.

3221.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3222.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3223.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3224.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3225.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3226.  Denied.

3227.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3228.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3229.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3230.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3231.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3232.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL . The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3233.  Denied.

3234.  Denied.

3235.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3236.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3237.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3238.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3239.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3240.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3241. The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3242.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3243.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3244.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3245.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3246.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3247.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3248.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Perry participated in football at ASU from 2017-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3249.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3250.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3251.  The Pac-12 admits that Mr. Perry participated in football at ASU from 2017-2018, which was a Pac-12 member school at that time.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3252.  The Pac-12 admits that Mr. Perry participated in football at ASU from 2017-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3253.  The Pac-12 admits that certain football games may have been broadcasted on networks including ESPN and CBS Sports.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3254.  The Pac-12 admits that it distributed revenue among its member schools for the 2021-2022 fiscal years, at which time ASU was a Pac-12 member school.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3255.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3256.  Denied.

3257.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3258.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3259.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3260.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3261.  Denied

3262.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3263.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3264.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3265.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3266. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3267. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3268. Denied.

3269. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3270. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3271. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3272. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3273. Denied.

3274. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3275.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3276.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3277.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3278.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3279.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3280.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unjust."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3281. Denied.

3282. Denied.

3283. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3284. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3285. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3286. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3287. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3288. Denied.

3289. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3290.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3291.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3292.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3293.  Denied.

3294.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3295.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3296.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3297.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3298.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3299.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3300.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3301.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3302.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3303.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3304.  Denied.

3305.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3306.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3307.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3308.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3309.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3310.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3311.  Denied.

3312.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3313.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3314.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3315.  The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3316.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3317.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3318.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3319.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3320.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3321.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3322.  Denied.

3323.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 admits that Mr. Sidney participated in football as a student-athlete at USC from 2016-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3324.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3325.  The Pac-12 admits that Mr. Sidney participated in football as a student-athlete at USC from 2016-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3326.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3327.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3328.  Denied.

3329.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3330. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3331. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3332. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3333. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensates for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3334. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3335. Denied.

3336. Denied.

3337. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3338. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3339.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3340.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful rules."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3341.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3342.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3343.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3344.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3345.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3346.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3347.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3348.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3349.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3350.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph were "unlawful restrictions."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3351.  Denied.

3352.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3353.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3354.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3355.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3356.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3357.  The Pac-12 denies that any plaintiff provided "labor" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3358.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 denies that the NCAA rules referenced in this paragraph are "unlawful."  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3359.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3360.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3361.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3362.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3363.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3364.  Denied.

3365.  Denied.

3366.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3367.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3368.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3369.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3370.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3371.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3372.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3373.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3374.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3375.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3376.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3377.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3378. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3379. Denied.

3380. Denied.

3381. Denied.

3382. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3383. The Pac-12 lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3384. The Pac-12 lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3385. Denied.

3386. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3387.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3388.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3389.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3390.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3391.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3392.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3393.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3394.  Denied.

3395.  Denied.

3396.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3397.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3398.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3399.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3400.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3401.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3402.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3403.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3404.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3405.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3406.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3407.  Denied.

3408.  Denied.

3409.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 admits that Mr. White participated in basketball as a student-athlete at University of Colorado from 2016-2017, which was a Pac-12 member school at that time.  The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3410.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3411.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3412.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3413.  The Pac-12 admits that Mr. White participated in basketball as a student-athlete at University of Colorado from 2016-2017, which was a Pac-12 member school at that time.  The Pac-12 further admits that Mr. White earned certain accolades.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3414.  The Pac-12 admits that the University of Colorado was a member of the Pac-12 Conference when Mr. White was enrolled there and that certain basketball games may have been broadcasted on networks including ESPN, Fox, and the Pac-12 Network.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3415.  The Pac-12 admits that it distributed revenue among its member schools for the 2016-2017 fiscal year and University of Colorado was a Pac-12 member school at the time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3416.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3417.  Denied.

3418.  Denied.

3419.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3420.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3421.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3422.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3423.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3424.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3425.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3426. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3427. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3428. Denied.

3429. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 admits that Mr. Eubanks participated in basketball as a student-athlete at OSU from 2015-2018, which is a Pac-12 member school. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3430. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3431. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3432. The Pac-12 admits that that Mr. Eubanks participated in basketball as a student-athlete at OSU from 2015-2018 and that he earned certain accolades. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3433.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3434.  The Pac-12 admits that OSU is a member of the Pac-12 Conference, including when Mr. Eubanks was enrolled there.  The Pac-12 further admits that certain basketball games may have been broadcast on networks including Fox and ESPN.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3435.  The Pac-12 admits that it distributed revenue among its member schools for the 2017 fiscal year and OSU was a member school at that time and remains a member school.   The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3436.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3437.  Denied.

3438.  Denied.

3439.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3440. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3441. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3442. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3443. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3444. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3445. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3446. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3447. Denied.

3448. Denied.

3449. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3450. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3451. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3452. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3453. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3454. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3455. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3456. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3457. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3458.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3459.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3460.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3461.  Denied.

3462.  Denied.

3463.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3464.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3465.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3466.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3467. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3468. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3469. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3470. Denied.

3471. Denied.

3472. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3473. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3474. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3475.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3476.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3477.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3478.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3479.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3480.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3481.  Denied.

3482.  Denied.

3483.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3484.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3485.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3486.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3487.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3488.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3489.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.   Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3490.  Denied.

3491.  Denied.

3492.  The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Dancy participated in football as a student-athlete at UC Berkeley from 2018-2021, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3493. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3494. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3495. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3496. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3497. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 admits that Mr. Dancy participated in football as a student-athlete at UC Berkeley from 2018-2021, which was a Pac-12 member school at that time. Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3498. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3499. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3500. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3501.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3502.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3503.  The Pac-12 admits that certain UC Berkely football games may have been broadcast on networks including FS1, ESPNU, ESPN, and ABC.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3504.  The Pac-12 admits that it distributed revenue among its member schools for the 2021-2022 fiscal year and that UC Berkely was a member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3505.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3506.  Denied.

3507.  Denied.

3508.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3509.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3510.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3511.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3512.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3513.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3514.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3515.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3516.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3517.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3518.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3519.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3520.  Denied.

3521.  The Pac-12 admits that certain NCAA rules previously established limitations on the number of scholarships that an institution can provide to student-athletes participating in certain college sports.  The Pac-12 denies that the rules referenced in this paragraph are "illegal" or "unfair restraints."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Beer received a partial athletic scholarship.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3522.  Denied.

3523.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 admits that Mr. Burr-Kirven participated in football as a student-athlete at University of Washington from 2015-2018, which was a Pac-12 member school at that time.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3524. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3525. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3526. The Pac-12 admits that Mr. Burr-Kirven participated in football as a student-athlete at University of Washington from 2015-2018, which was a Pac-12 member school at that time. The Pac-12 further admits that Mr. Burr-Kirven earned certain accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3527. The Pac-12 admits that Mr. Burr-Kirven earned certain accolades. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3528. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3529. The Pac-12 admits that certain Pac-12 football games may have been broadcast on networks including FSN, ESPN, ABC, and the Pac-12 Network. The Pac-12 further admits that it distributed revenue among its member schools for the 2018 fiscal year and that University of Washington was a member school during that time. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3530. The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3531. Denied.

3532. Denied.

3533. The Pac-12 denies that it engaged in "illegal conduct." The Pac-12 further denies that any plaintiff "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3534. The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3535. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3536. The Pac-12 denies that any plaintiff had a "job" as a college athlete. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3537. The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3538.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3539.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3540.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3541.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3542.  The Pac-12 denies that it engaged in any "unlawful conduct."  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3543.  Denied.

3544.  The Pac-12 denies that it engaged in "illegal conduct."  The Pac-12 further denies that any plaintiff "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3545.  The Pac-12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3546.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3547.  The Pac-12 denies that any plaintiff had a "job" as a college athlete.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3548.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3549.  The Pac-12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  Except as expressly admitted, the Pac-12 denies the allegations of this paragraph.

3550.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3551.  The Pac-12 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3552.  Denied.

## COUNT I – Violations of Section 1 & 3 of the Sherman Act

1.    The Pac-12 repeats, re-alleges and incorporates by reference its responses to the preceding paragraphs of the Fourth Amended Complaint as if fully set forth herein.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

The Pac-12 denies that it has violated the Sherman Act or engaged in any other illegal activity.  The Pac-12 further denies that Plaintiffs are entitled to any relief, including, but not limited to, the relief requested in the Complaint.  The Pac-12 also responds that the United States District Court for the Northern District of California has granted final approval of the *House* settlement, rendering moot Plaintiffs' requests to assert claims on behalf of the "Alternative Proposed Class."

## RESPONSE TO DEMAND FOR JURY TRIAL

Without waiving any defenses or admitting the existence of any facts triable by jury, the Pac-12 does not object to Plaintiffs' demand for a jury trial for any triable issue.

## AFFIRMATIVE DEFENSES

The Pac-12 reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  The Pac-12 reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Fourth Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth

in this Answer or assuming any burden of proof that it would not otherwise bear, the Pac-12 states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by stare decisis and by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA, et al. v. Alston, et al.*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard, et al. v. NCAA, et al.*, Case No. 23-cv-01593 (N.D. Cal.); *O'Bannon, et al. v. NCAA, et al.*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers, et al. v. NCAA, et al.*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025); or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA, et al. v. Alston, et al.*, 594

U.S. 69 (2021); *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard, et al. v. NCAA, et al.*, Case No. 23-cv-01593 (N.D. Cal.); *O'Bannon, et al. v. NCAA, et al.*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers, et al. v. NCAA, et al.*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025); or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Fourth Amended Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, direction or similar action of any court, arbitral body, or government agency.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' actions do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive given the need for institutional members of the NCAA to preserve competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

## FOURTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, the Pac-12 prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the Pac-12, tax costs and attorney's fees against the Plaintiffs, and afford the Pac-12 such other and further relief as may be just and proper.

**DATED**: July 21, 2025                      COOLEY LLP


By: */s/ Whitty Somvichian*
        Whitty Somvichian (Admitted)

Ashley Kemper Corkery (Admitted)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693 2000
Facsimile: (415) 693 2222
wsomvichian@cooley.com
acorkery@cooley.com


Mark Lambert (Admitted)
Gregory J. Merchant (Admitted)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
mlambert@cooley.com
gmerhant@cooley.com

Attorneys for Defendant
PAC-12 CONFERENCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing
Pac-12 Conference's Answer to Fourth Amended Complaint with the Clerk of Court
using the CM/ECF system, which will send notification of such filing to all counsel of
record.


_/s/ Whitty Somvichian_
Whitty Somvichian