IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, *et al.*,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

---

**THE BIG 12 CONFERENCE, INC'S ANSWER TO FOURTH AMENDED COMPLAINT**

---

The Big 12 Conference, Inc. ("Big 12"), by and through its undersigned attorneys, hereby answers and sets forth additional defenses to the Fourth Amended Complaint, ECF No. 163, (the "Complaint").

## I.    PRELIMINARY STATEMENT

The Big 12 denies each and every allegation in the Complaint headings and in all portions of the Complaint not contained in numbered paragraphs.

Except as otherwise expressly stated below, The Big 12 answers and responds only to those allegations contained in the Complaint that are directed toward it. The Big 12 is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied.  To the extent that Plaintiffs' allegations rely upon media reports and other out-of-court statements, any response by The Big 12 admitting that such reports were published or that such statements were made does not constitute an admission as to the admissibility of such reports or statements or an admission as to the accuracy or truthfulness of their contents.  In addition, the Complaint contains eleven footnotes.  To the extent the contents of those footnotes are not addressed in the text of The Big 12's answer to the Paragraph to which the footnote relates and/or to the extent that the content of any footnote can be read to contain factual allegations, The Big 12 denies each and every one of them.

## II.  RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT

The Big 12 denies any and all allegations contained in the headings of the Complaint and responds to the numbered paragraphs of the Complaint as follows:

1.      The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2.      The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3.      The Big 12 admits that a small number of college football and basketball programs generate positive net revenues. The Big 12 further admits that NCAA rules historically have established limitations on compensation that may be paid to student-athletes for their participation in college athletic events or activities.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      The Big 12 admits that the NCAA Manual contains a Bylaw 12. The Big 12 further admits that the NCAA Manual sets forth NCAA rules, subject to the changes in application effected by the Interim NIL Policy, other NCAA guidance and interpretations, and state laws. The Big 12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). The Big 12 denies the remaining allegations of Paragraph 4.

5.      The Big 12 denies the allegations set forth in Paragraph 5.

6.      The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7.      The Big 12 admits that it is party to and receives revenue from certain broadcasting agreements. The Big 12 further admits that it has been known as a "Power Five Conference."  Upon information and belief, The Big 12 further admits that other collegiate athletic conferences receive revenue from television broadcast agreements. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 concerning alleged terms of broadcasting agreements of other entities and therefore denies them. The Big 12 denies the remaining allegations of Paragraph 7.

8.      The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.      The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.      The Big 12 admits that student-athletes participate in various intercollegiate sports at the defendant conferences' member schools.  The Big 12 further admits that NCAA rules and processes govern student-athletes' years of eligibility to play college sports within the NCAA.  The Big 12 denies that student-athletes provide "labor" or that their participation in collegiate athletics constitutes a "job."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11.      The Big 12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or

indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.).  The Big 12 denies that student-athletes provide "labor."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

12.     The Big 12 admits that NCAA rules historically have governed the compensation that student-athletes may receive for the use of their names, images, and likenesses ("NIL"), and that the NCAA issued updated guidance concerning NIL activities and compensation in July 2021.  The Big 12 further admits that the NCAA's July 2021 guidance did not permit institutions of higher education, athletic conferences, or the NCAA to compensate student-athletes for the use of their NIL.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies them.

13.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14.     The Big 12 admits that previous NCAA rules have established limitations on the number of scholarships that could be offered to student-athletes participating in certain college sports. The Big 12 further admits that NCAA rules historically have permitted 11.7 total scholarships to be provided to baseball student-athletes at any given institution of higher education that was a member of NCAA Division I.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15.     The Big 12 admits that NCAA members compete to recruit student-athletes. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies them.

16.     The Big 12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.  The Big 12 denies that student-athletes provide "labor." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies them.

17.     The Big 12 denies the allegations of Paragraph 17.

18.     The Big 12 admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big 12 further admits that the concept of amateurism has been an issue in prior lawsuits involving NCAA rules.  The Big 12 denies the remaining allegations of Paragraph 18.

19.     The Big 12 admits that current NCAA rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 concerning television ratings or the quoted material attributed to Michael Mulvihill and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 19.

20.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22.     The Big 12 admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.).  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies them.

23.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25.     The Big 12 denies the allegations of Paragraph 25.

26.     The Big 12 denies the allegations of Paragraph 26.

## PARTIES, JURISDICTION, AND VENUE

27.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 27 and therefore denies them.

28.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies them.

29.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 29 and therefore denies them.

30.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 31 and therefore denies them.

32.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore denies them.

33.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Aidan Robbins played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies them.

34.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies them.

35.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies them.

36.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 36 and therefore denies them.

37.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 37 and therefore denies them.

38.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations in Paragraph 38 and therefore denies them.

39.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 39 and therefore denies them.

40.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 40 and therefore denies them.

41.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 41 and therefore denies them.

42.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 42 and therefore denies them.

43.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies them.

45.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Austin Seibert played football at the University of Oklahoma from 2015 to 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore denies them.

46.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 46 and therefore denies them.

47.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 47 and therefore denies them.

48.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 48 and therefore denies them.

49.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Brittany Brewer played basketball at Texas Tech University from 2016 to

2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth
of the remaining allegations in Paragraph 49 and therefore denies them.

50.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 50 and therefore denies them.

51.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 51 and therefore denies them.

52.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 admits that Cameron Rising played football at the University of Utah in 2024.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 52 and therefore denies them.

53.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 53 and therefore denies them.

54.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 54 and therefore denies them.

55.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 55 and therefore denies them.

56.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 56 and therefore denies them.

57.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 57 and therefore denies them.

58.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies them.

59.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 59 and therefore denies them.

60.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies them.

61.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 61 and therefore denies them.

62.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 62 and therefore denies them.

63.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 63 and therefore denies them.

64.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 64 and therefore denies them.

65.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 65 and therefore denies them.

66.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 66 and therefore denies them.

67.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 67 and therefore denies them.

68.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 68 and therefore denies them.

69.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that DaMarcus Fields played football at Texas Tech University from 2016 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore denies them.

70.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Davis McKee Wendzel played baseball at Baylor University from 2016 to

2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies them.

71.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies them.

72.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Denzel Mims played football at Baylor University from 2016 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore denies them.

73.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore denies them.

74.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 74 and therefore denies them.

75.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 75 and therefore denies them.

76.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 76 and therefore denies them.

77.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 77 and therefore denies them.

78.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 78 and therefore denies them.

79.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 79 and therefore denies them.

80.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 80 and therefore denies them.

81.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Frank Mason III played basketball at the University of Kansas from 2013 to 2017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore denies them.

82.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 82 and therefore denies them.

83.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Gabe Brkic played football at the University of Oklahoma from 2018 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 83 and therefore denies them.

84.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 84 and therefore denies them.

85.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 85 and therefore denies them.

86.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 86 and therefore denies them.

87.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 87 and therefore denies them.

88.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 88 and therefore denies them.

89.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 89 and therefore denies them.

90.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Hunter Dickinson played basketball at the University of Kansas from 2023 to 2025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies them.

91.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 91 and therefore denies them.

92.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Isaac Rex played football at Brigham Young University in at least 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies them.

93.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 93 and therefore denies them.

94.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 94 and therefore denies them.

95.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 95 and therefore denies them.

96.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 96 and therefore denies them.

97.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 97 and therefore denies them.

98.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 98 and therefore denies them.

99.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 99 and therefore denies them.

100.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 100 and therefore denies them.

101.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 101 and therefore denies them.

102.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Jamal Shead played basketball at the University of Houston from at least 2023 to 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102 and therefore denies them.

103.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 103 and therefore denies them.

104.     The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that James Lynch played football at Baylor University from 2017 to 2020.  The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies them.

105.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 105 and therefore denies them.

106.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 106 and therefore denies them.

107.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 107 and therefore denies them.

108.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 108 and therefore denies them.

109.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 109 and therefore denies them.

110.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 110 and therefore denies them.

111.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 111 and therefore denies them.

112.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 112 and therefore denies them.

113.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 113 and therefore denies them.

114.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 114 and therefore denies them.

115.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 115 and therefore denies them.

116.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 116 and therefore denies them.

117.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 117 and therefore denies them.

118.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Jordan McCabe played basketball at West Virginia University from 2018

to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118 and therefore denies them.

119.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 119 and therefore denies them.

120.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 120 and therefore denies them.

121.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 121 and therefore denies them.

122.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Julius Brents played football at Kansas State University from 2021 to 2022. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies them.

123.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 123 and therefore denies them.

124.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 124 and therefore denies them.

125.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 125 and therefore denies them.

126.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 126 and therefore denies them.

127.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 127 and therefore denies them.

128.    The Big 12 denies that any plaintiff "worked" as a college athlete.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 128 and therefore denies them.

129.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 129 and therefore denies them.

130.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 130 and therefore denies them.

131.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Lauren Cox played basketball at Baylor University from 2016 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 131 and therefore denies them.

132.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 132 and therefore denies them.

133.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 133 and therefore denies them.

134.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 134 and therefore denies them.

135.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 135 and therefore denies them.

136.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 136 and therefore denies them.

137.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 137 and therefore denies them.

138.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 138 and therefore denies them.

139.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 139 and therefore denies them.

140.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 140 and therefore denies them.

141.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 141 and therefore denies them.

142.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 142 and therefore denies them.

143.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 143 and therefore denies them.

144.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Mykel Jones played football at the University of Oklahoma from 2016 to 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 144 and therefore denies them.

145.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 145 and therefore denies them.

146.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 146 and therefore denies them.

147.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Nick Loftin played baseball at Baylor University from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 147 and therefore denies them.

148.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 148 and therefore denies them.

149.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 149 and therefore denies them.

150.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 150 and therefore denies them.

151.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 151 and therefore denies them.

152.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Riley Cornelio played baseball at Texas Christian University from 2019 to 2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 152 and therefore denies them.

153.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Ryan Miller played football at Baylor University from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 153 and therefore denies them.

154.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 154 and therefore denies them.

155.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 155 and therefore denies them.

156.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 156 and therefore denies them.

157.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 157 and therefore denies them.

158.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 158 and therefore denies them.

159.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 159 and therefore denies them.

160.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 160 and therefore denies them.

161.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Shea Langeliers played baseball at Baylor University from 2016 to 2019. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 161 and therefore denies them.

162.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 162 and therefore denies them.

163.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 163 and therefore denies them.

164.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 164 and therefore denies them.

165.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 165 and therefore denies them.

166.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 166 and therefore denies them.

167.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 167 and therefore denies them.

168.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 168 and therefore denies them.

169.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 169 and therefore denies them.

170.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 170 and therefore denies them.

171.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 171 and therefore denies them.

172.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 172 and therefore denies them.

173.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 173 and therefore denies them.

174.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 174 and therefore denies them.

175.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 175 and therefore denies them.

176.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 176 and therefore denies them.

177.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 177 and therefore denies them.

178.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 178 and therefore denies them.

179.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 179 and therefore denies them.

180.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 180 and therefore denies them.

181.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 181 and therefore denies them.

      182.    The Big 12 denies that any plaintiff "worked" as a college athlete.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 182 and therefore denies them.

      183.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Ammon Hannemann played football at Brigham Young University in 2023. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 183 and therefore denies them.

      184.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 184 and therefore denies them.

      185.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Ben Bywater played football at Brigham Young University from at least 2023 to 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 185 and therefore denies them.

      186.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 186 and therefore denies them.

      187.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 187 and therefore denies them.

188.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 188 and therefore denies them.

189.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 189 and therefore denies them.

190.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Caden Haws played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 190 and therefore denies them.

191.    The Big 12 denies that any plaintiff "worked" as a college athlete.   The Big 12 admits that Chaz Ah You played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 191 and therefore denies them.

192.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 192 and therefore denies them.

193.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 193 and therefore denies them.

194.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 194 and therefore denies them.

195.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 195 and therefore denies them.

196.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 196 and therefore denies them.

197.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 197 and therefore denies them.

198.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 198 and therefore denies them.

199.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 199 and therefore denies them.

200.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 200 and therefore denies them.

201.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 201 and therefore denies them.

202.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 202 and therefore denies them.

203.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 203 and therefore denies them.

204.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 204 and therefore denies them.

205.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 205 and therefore denies them.

206.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Malik Moore played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 206 and therefore denies them.

207.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 207 and therefore denies them.

208.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 208 and therefore denies them.

209.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 209 and therefore denies them.

210.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 210 and therefore denies them.

211.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 211 and therefore denies them.

212.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 212 and therefore denies them.

213.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in Paragraph 213 and therefore denies them.

214.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 214 and therefore denies them.

215.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 215 and therefore denies them.

216.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 216 and therefore denies them.

217.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Charleston Cha'Caine Rambo played football at the University of Oklahoma from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 217 and therefore denies them.

218.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 218 and therefore denies them.

219.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 219 and therefore denies them.

220.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 220 and therefore denies them.

221.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 221 and therefore denies them.

222.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 222 and therefore denies them.

223.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 223 and therefore denies them.

224.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 224 and therefore denies them.

225.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 225 and therefore denies them.

226.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 226 and therefore denies them.

227.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 227 and therefore denies them.

228.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 228 and therefore denies them.

229.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 229 and therefore denies them.

230.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 230 and therefore denies them.

231.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 231 and therefore denies them.

232.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 232 and therefore denies them.

233.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 233 and therefore denies them.

234.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 234 and therefore denies them.

235.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 235 and therefore denies them.

236.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 236 and therefore denies them.

237.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 237 and therefore denies them.

238.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 238 and therefore denies them.

239.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 239 and therefore denies them.

240.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 240 and therefore denies them.

241.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 241 and therefore denies them.

242.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Jimmy Bell, Jr. played basketball at the University of West Virginia from 2022 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 242 and therefore denies them.

243.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 243 and therefore denies them.

244.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 244 and therefore denies them.

245.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 245 and therefore denies them.

246.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 246 and therefore denies them.

247.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 247 and therefore denies them.

248.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 248 and therefore denies them.

249.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 249 and therefore denies them.

250.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 denies that Plaintiff Ikem Okeke played college football at the University of Arizona.

The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 250 and therefore denies them.

251.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 251 and therefore denies them.

252.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 252 and therefore denies them.

253.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Cameron Echols-Luper played football at Texas Christian University from 2013 to 2014.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 253 and therefore denies them.

254.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Montell Cozart played football at the University of Kansas from 2013 to 2016.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 254 and therefore denies them.

255.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 255 and therefore denies them.

256.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 256 and therefore denies them.

257.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 257 and therefore denies them.

258.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 258 and therefore denies them.

259.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 259 and therefore denies them.

260.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 260 and therefore denies them.

261.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 261 and therefore denies them.

262.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 262 and therefore denies them.

263.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 263 and therefore denies them.

264.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 264 and therefore denies them.

265.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 265 and therefore denies them.

266.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 266 and therefore denies them.

267.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 267 and therefore denies them.

268.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 268 and therefore denies them.

269.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 269 and therefore denies them.

270.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 270 and therefore denies them.

271.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 271 and therefore denies them.

272.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 272 and therefore denies them.

273.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 273 and therefore denies them.

274.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 274 and therefore denies them.

275.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 275 and therefore denies them.

276.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 276 and therefore denies them.

277.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Jaylon Robinson played football at Texas Christian University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 277 and therefore denies them.

278.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 278 and therefore denies them.

279.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 279 and therefore denies them.

280.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 280 and therefore denies them.

281.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 281 and therefore denies them.

282.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that James Okonkwo played basketball at West Virginia University from 2021 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 282 and therefore denies them.

283.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Sean Michael Allison played football at West Virginia University from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 283 and therefore denies them.

284.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 284 and therefore denies them.

285.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 285 and therefore denies them.

286.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Madelynne Scherr played basketball at Texas Christian University from 2024 to 2025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 286 and therefore denies them.

287.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 287 and therefore denies them.

288.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 288 and therefore denies them.

289.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 289 and therefore denies them.

290.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 290 and therefore denies them.

291.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Malik Curry played basketball at West Virginia University from 2021 to

2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 291 and therefore denies them.

292.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Erik Stevenson played basketball at West Virginia University from 2022 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 292 and therefore denies them.

293.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 293 and therefore denies them.

294.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 294 and therefore denies them.

295.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 295 and therefore denies them.

296.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 296 and therefore denies them.

297.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 297 and therefore denies them.

298.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Vincent Mitchell played basketball at the University of Texas from 2021 to 2022 and West Virginia University from 2022 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 298 and therefore denies them.

299.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 299 and therefore denies them.

300.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 300 and therefore denies them.

301.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 301 and therefore denies them.

302.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Derek Culver played basketball at West Virginia University from 2018 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 302 and therefore denies them.

303.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Nate Adrian played basketball at West Virginia University from 2014 to 2017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 303 and therefore denies them.

304.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Tajzmel Sherman played basketball at West Virginia University from 2019 to 2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 304 and therefore denies them.

305.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 305 and therefore denies them.

306.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Nigel Johnson played basketball at Kansas State University from 2013 to 2015.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 302 and therefore denies them.

307.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 307 and therefore denies them.

308.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 308 and therefore denies them.

309.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 309 and therefore denies them.

310.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 310 and therefore denies them.

311.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Jermaine Haley played basketball at West Virginia University from 2018 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 311 and therefore denies them.

312.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 312 and therefore denies them.

313.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 313 and therefore denies them.

314.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Spencer Macke played basketball at West Virginia University from 2019 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 314 and therefore denies them.

315.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Daxter Miles played basketball at West Virginia University from 2014 to 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 315 and therefore denies them.

316.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 316 and therefore denies them.

317.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 317 and therefore denies them.

318.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 318 and therefore denies them.

319.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 319 and therefore denies them.

320.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 320 and therefore denies them.

321.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 321 and therefore denies them.

322.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Cade Cunningham played basketball at Oklahoma State University from 2020 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 322 and therefore denies them.

323.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 323 and therefore denies them.

324.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 324 and therefore denies them.

325.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 325 and therefore denies them.

326.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 326 and therefore denies them.

327.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 327 and therefore denies them.

328.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 328 and therefore denies them.

329.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 329 and therefore denies them.

330.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 330 and therefore denies them.

331.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 331 and therefore denies them.

332.   The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 332 and therefore denies them.

333.   The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 333 and therefore denies them.

334.   The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 334 and therefore denies them.

335.   The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 335 and therefore denies them.

336.   Upon information and belief, The Big 12 admits that the NCAA is an unincorporated not-for-profit educational organization with its current principal office in Indianapolis, Indiana. The Big 12 further admits that the NCAA has more than 1,100 member schools, made up of public and private colleges and universities which are located throughout the United States. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 336 concerning athletic programs of member schools and therefore denies them. The Big 12 denies the remaining allegations of Paragraph 336.

337.    Upon information and belief, The Big 12 admits that the Pac-12 Conference ("Pac-12") is an unincorporated association with its principal offices located in California. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

338.    Upon information and belief, The Big 12 admits that the Southeastern Conference ("SEC") is an unincorporated association with its principal offices located in Alabama.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

339.    Upon information and belief, The Big 12 admits that the Atlantic Coast Conference ("ACC") is an unincorporated association with its principal offices located in North Carolina.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

340.    The Big 12 admits that it is a nonprofit corporation with its principal offices located in Texas.  The Big 12 further admits that is it incorporated in Delaware.  The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

341.    Upon information and belief, The Big 12 admits that The Big Ten Conference, Inc. ("Big Ten") is a nonprofit corporation with its principal offices located in Illinois.  Further, upon information and belief, The Big 12 admits that the Big Ten is it incorporated in Delaware.  The remaining allegations of this paragraph constitute a legal

conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

342.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies those allegations.

343.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 admits that Plaintiffs purport to bring causes of action pursuant to the Clayton Act and the Sherman Antitrust Act and that Plaintiffs purport to allege subject matter jurisdiction under these statutes.   The Big 12 denies that Plaintiffs are entitled to any relief sought.  The Big 12 denies the remaining allegations of Paragraph 343.

344.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 admits that The Big 12 and its member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 344 and therefore denies them.

345.    The Big 12 admits that one of its member institutions, the University of Colorado Boulder, is located within the District and that the NCAA regulations at issue in Plaintiffs' Fourth Amended Complaint apply to student-athletes and institutions who participate in NCAA-sanctioned activities within the District. The Big 12 further admits that NCAA Division I football and basketball events take place within the District, including

games played by member institutions within the District.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 345 and therefore denies them, but does not challenge venue in this action.

346.    The Big 12 admits that Plaintiffs have correctly quoted the Parties' stipulations found at Dkt. 146.

347.    The Big 12 admits that one of its member institutions is located within the District.  The Big 12 further admits that it transacts business within the District, including by organizing NCAA-sanctioned events involving its member institutions within the District.  The Big 12 denies the remaining allegations in Paragraph 347, but does not challenge personal jurisdiction in this action.

348.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 348.

349.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 349.

350.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 350.

351.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 351.

352.   The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 352.

353.   The Big 12 admits that Plaintiffs have correctly quoted the Parties' stipulations found at Dkt. 146.

354.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 354 and therefore denies them.

355.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 355 and therefore denies them.  The Big 12 further states allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 355.

356.   The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, The Big 12 denies the allegations of Paragraph 356.

357.   The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, The Big 12 denies the allegations of Paragraph 357.

358.   The allegations of this paragraph constitute a legal conclusion, which requires no response.  To the extent a response is required, The Big 12 denies the allegations of Paragraph 358.

359.   The allegations of this paragraph constitute a legal conclusion, which

requires no response.  To the extent a response is required, The Big 12 denies the allegations of Paragraph 359.

360.  Upon information and belief, The Big 12 admits that colleges and universities in the United States formed the NCAA more than 100 years ago to, among other things, set the rules of college athletics.  The Big 12 denies the remaining allegations of Paragraph 360.

361.  The Big 12 admits that the NCAA is governed by its members through various governance committees and other structures.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 361 and therefore denies them.

362.  The Big 12 admits that the NCAA and its members have adopted a constitution and bylaws, which set forth procedures for amendments thereto.  The Big 12 admits that compliance with the NCAA's constitution and bylaws is compulsory for members.  The Big 12 further admits that the NCAA's bylaws contain a Bylaw 12, which is entitled "Amateurism and Athletics Eligibility."  The Big 12 denies the remaining allegations of Paragraph 362.

363.  The Big 12 admits that the current version of NCAA Bylaw 12.01.1 states that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and interpretations is eligible for intercollegiate athletics participation in a particular sport." The Big 12 further admits that, for a period of time, NCAA Bylaw 12.01.4 stated that "[a] grant-in-aid administered by an educational institution is not considered to be pay or the promise of pay for athletics skill, provided it does not exceed the financial aid limitations

set by the Association's membership."   Bylaw 12.01.4 has been deleted in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-03919 (N.D. Cal.).   The Big 12 denies the remaining allegations of Paragraph 363.

364.   The Big 12 admits that current NCAA bylaws require student-athletes to meet the governing athletics eligibility legislation and interpretations in order to be eligible for participation in Division I college athletics.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 364 and therefore denies them.

365.   The Big 12 admits that the NCAA's Bylaws contain the provisions quoted in part in Paragraph 365.   The Big 12 denies the remaining allegations in Paragraph 365.

366.   The Big 12 admits that the NCAA enforces compliance with its bylaws and may impose penalties for noncompliance in some instances.   The Big 12 further admits that the NCAA bylaws contain the provisions quoted in part in Paragraph 366.   The Big 12 denies the remaining allegations of Paragraph 366.

367.   The Big 12 admits that the NCAA enforces compliance with its bylaws and may impose penalties for noncompliance in some instances.   The Big 12 denies the remaining allegations of Paragraph 367.

368.   The Big 12 admits that the NCAA's member schools and conferences agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA.   The Big 12 denies the remaining allegations of Paragraph 368.

369.   The Big 12 denies that a wage fix is codified in the NCAA's bylaws.   The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 369 and therefore denies them.

370.    The Big 12 admits that the NCAA is divided into three competitive levels: Division I, Division II, and Division III and that there are more than 350 member institutions in Division I.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 370 and therefore denies them.

371.    Upon information and belief, the NCAA generates revenue through television contracts for the broadcast of basketball games between NCAA member schools and that the NCAA hosts a postseason tournament colloquially referred to as "March Madness."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 371 and therefore denies them.

372.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 372 and therefore denies them.

373.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 373 and therefore denies them.

374.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 374 and therefore denies them.

375.    The Big 12 admits that it earns revenue from television broadcasting agreements.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 375 and therefore denies them.

376.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 376 and therefore denies them.

377.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 377 and therefore denies them.

378.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 378 and therefore denies them.

379.    The Big 12 admits that distribution of its revenue is dictated by The Big 12's bylaws, which generally contemplate a distribution of net revenues to its member institutions.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 379 and therefore denies them.

380.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations and quotations in Paragraph 380 attributed to Amy Perko and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 380.

381.    The Big 12 admits that some former members of the Pac-12 have joined The Big 12 Conference in recent years.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 381 and therefore denies them.

382.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 382 and therefore denies them.

383.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 383 regarding Florida State University and Clemson University and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 383.

384.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations and quotations attributed to a coach in Paragraph 384 and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 384.

385.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations and quotations attributed to a coach in Paragraph 385 and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 385.

386.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 386 regarding administrator and coaching salaries and therefore denies them.   The Big 12 denies the remaining allegations of Paragraph 386.

387.   The Big 12 denies the allegations of Paragraph 387.

388.   The Big 12 denies the allegations of Paragraph 388.

389.   The Big 12 denies the allegations of Paragraph 389.

390.   The Big 12 denies the allegations of Paragraph 390.

391.   The Big 12 denies the allegations of Paragraph 391.

392.   The Big 12 admits that on July 1, 2021, the NCAA introduced an interim NIL policy that suspended enforcement of some NIL-related restrictions.  The Big 12 denies the remaining allegations of Paragraph 392.

393.   The Big 12 admits that the NCAA's interim NIL policy adopted on July 1, 2021, did not permit member institutions or conferences to compensate student-athletes for the use of their NIL.  The Big 12 denies the remaining allegations of Paragraph 393.

394.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations and quotations attributed to *The Wall Street Journal* in

Paragraph 394 and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 394.

394.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 395 and therefore denies them.

396.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 396 and therefore denies them.

397.    The Big 12 denies the allegations of Paragraph 397.

398.    The Big 12 denies the allegations of Paragraph 398.

399.    The Big 12 admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). The Big 12 denies the remaining allegations of Paragraph 399.

400.    The Big 12 admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). The Big 12 denies the remaining allegations of Paragraph 400.

401.    The Big 12 admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of

NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). The Big 12 denies the remaining allegations of Paragraph 401.

402.   The Big 12 admits that prior versions of the NCAA rules contained the provisions partially quoted in Paragraph 402.  NCAA bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.).  The Big 12 denies the remaining allegations of Paragraph 402.

403.   The Big 12 admits that prior versions of the NCAA rules contained the provisions referenced in Paragraph 403.  The Big 12 denies the remaining allegations of Paragraph 403.

404.   The Big 12 admits that prior versions of the NCAA rules contained the provisions partially quoted in Paragraph 404.  The Big 12 denies the remaining allegations of Paragraph 404.

405.   The Big 12 admits that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA.  The Big 12 further admits that the NCAA enforces compliance with its bylaws and may impose penalties for noncompliance in some instances.   The Big 12 denies the remaining allegations of Paragraph 405.

406.   The Big 12 denies allegations of Paragraph 406.

407.   The Big 12 admits that its member institutions compete in certain sports

against universities and colleges that are members of athletic conferences colloquially referred to as "Power 5" institutions. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 407 and therefore denies them.

408.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 408 and therefore denies them.

409.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 409 and therefore denies them.

410.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 410 and therefore denies them.

411.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 411 and therefore denies them.

412.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 412 and therefore denies them.

413.    The Big 12 admits that schools compete with one another in certain sports. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 413 and therefore denies them.

414.    The Big 12 denies the allegations of Paragraph 414.

415.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 415 and therefore denies them.

416.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 416 and therefore denies them.

417.    The Big 12 admits that the NCAA hosts an annual post-season baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 417 and therefore denies them.

418.    The Big 12 admits that the final rounds of the NCAA post-season baseball tournament comprised of the winners of the super-regional games is called the College World Series.  The Big 12 admits that some College World Series games are broadcast on television.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 418 and therefore denies them.

419.    The Big 12 denies that it imposes an illegal restraint on the number of scholarships available to student-athletes.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 419 and therefore denies them.

420.    The Big 12 denies that any plaintiff "works" a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 420 and therefore denies them.

421.    The Big denies the allegations of Paragraph 421.

422.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 422 and therefore denies them.

423.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 423 and therefore denies them.

424.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 424 and therefore denies them.

425.    The Big 12 denies the allegations of Paragraph 425.

426.    The Big 12 denies the allegations of Paragraph 426.

427.    The Big 12 admits that Plaintiffs' Fourth Amended Complaint is not the first antitrust action that has been brought against Defendants.  The Big 12 further admits that the United States Supreme Court issued an opinion in *National Collegiate Athletic Association v. Alston*, 594 U.S. 69, 141 S. Ct. 2141 (2021) which contains the material quoted in part in Paragraph 427.  The Big 12 denies the remaining allegations of Paragraph 427.

428.    The Big 12 admits that Justice Brett Kavanaugh wrote a concurring opinion in *Alston*, which contains the material quoted in part in Paragraph 428.  The Big 12 denies the remaining allegations of Paragraph 428.

429.    The Big 12 admits that Justice Kavanaugh's concurring opinion in *Alston* contains the material quoted in Paragraph 429.  The Big 12 denies the remaining allegations of Paragraph 429.

430.    The Big 12 admits that Justice Kavanaugh's concurring opinion to *Alston* contains the material quoted in Paragraph 430.  The Big 12 admits that the United States Supreme Court did not address all NCAA compensation rules in *Alston*.  The Big 12 denies the remaining allegations of Paragraph 430.

431.    The Big 12 denies the allegations of Paragraph 431.

432.    The Big 12 admits that some NCAA rules have changed since 2021.  The

Big 12 denies the remaining allegations of Paragraph 432.

433.    The Big 12 admits that the NCAA issued an interim NIL policy in July 2021 that permits student-athletes to receive certain types of NIL compensation.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 433 and therefore denies them.

434.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 434 and therefore denies them.

435.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 435 and therefore denies them.

436.    The Big 12 admits that NCAA bylaws and guidance govern the circumstances by which compensation may be provided to student-athletes.  The Big 12 denies that current NCAA rules prohibit student-athletes from receiving NIL compensation from member institutions.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 436 and therefore denies them.

437.    The Big 12 admits that NCAA rules have historically governed the benefits student-athletes may receive and that these rules permitted student-athletes to receive grant-in-aid scholarships (including room and board and cost of attendance), athletic participation awards, Student Assistance Fund awards, educational or other academic awards (including graduation awards), loss-of-value insurance, tutoring and other academic support, and other benefits while attending Big 12 member institutions.  The Big 12 denies the remaining allegations of Paragraph 437.

438.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 438 concerning the comments attributed to an unidentified university trustee and therefore denies them.  The Big 12 denies the remaining allegations of Paragraph 438.

439.    The Big 12 denies the allegations of Paragraph 439.

440.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 440 and therefore denies them.

441.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 441 and therefore denies them.

442.    The Big 12 admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement.  The Big 12 denies the remaining allegations of Paragraph 442.

443.    The Big 12 denies the allegations of Paragraph 443.

444.    The Big 12 denies the allegations of Paragraph 444.

445.    The Big 12 admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. The Big 12 denies the remaining allegations of Paragraph 445.

446.    The Big 12 admits that Plaintiffs seek damages under the theories

enumerated in Paragraph 446.  The Big 12 denies the remaining allegations of Paragraph 446.

447.    The Big 12 admits that the NCAA's Division I is the highest level of competition in college sports.  The Big 12 denies the remaining allegations of Paragraph 447.

448.    The Big 12 admits that Division I member institutions generally compete against each other to recruit student-athletes.  Upon information and belief, The Big 12 further admits that NCAA institutions spend different amounts on facilities and coaches. The Big 12 denies the remaining allegations of Paragraph 448.

449.    The Big 12 admits that the District Court opinion in *Alston* contains the material quoted in Paragraph 449.  The Big 12 denies the remaining allegations of Paragraph 449.

450.    The Big 12 admits that the District Court and Supreme Court opinions in *Alston* contain the material quoted in Paragraph 450.  The Big 12 denies the remaining allegations of Paragraph 450.

451.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 451 and therefore denies them.

452.    The Big 12 denies the allegations of Paragraph 452.

453.    The Big 12 admits that there are significant differences between professional sports leagues and college sports.  The Big 12 further admits that NCAA athletics permit student-athletes to receive a college education while participating in college sports.  The Big 12 denies the remaining allegations of Paragraph 453.

454.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 454 and therefore denies them.

455.    The Big 12 denies the allegations of Paragraph 455.

456.    The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 456 and therefore denies them.

457.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 457 and therefore denies them.

458.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 458 and therefore denies them.

459.    The Big 12 denies that any plaintiff had a "job" as a student-athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 459 and therefore denies them.

460.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 460 and therefore denies them.

461.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 461 and therefore denies them.

462.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 denies that these rules were

"unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 462 and therefore denies them.

463. The Big 12 denies the allegations of Paragraph 463.

464. The Big 12 denies the allegations of Paragraph 464.

465. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 465 and therefore denies them.

466. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 466 and therefore denies them.

467. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 467 and therefore denies them.

468. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 468 and therefore denies them.

469. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 469 and therefore denies them.

470. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 470 and therefore denies them.

471. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 471 and therefore denies them.

472.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 472 and therefore denies them.

473.    The Big 12 denies the allegations of Paragraph 473.

474.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 474 and therefore denies them.

475.    The Big 12 denies the allegations of Paragraph 475.

476.    The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 476 and therefore denies them.

477.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 477 and therefore denies them.

478.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 478 and therefore denies them.

479.   The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 479 and therefore denies them.

480.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 480 and therefore denies them.

481.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 481 and therefore denies them.

482.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 482 and therefore denies them.

483.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 483 and therefore denies them.

484.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 484 and therefore denies them.

485.   The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that any of these rules were "collusive," "artificial," illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 485 and therefore denies them.

486.   The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 486 and therefore denies them.

487. The Big 12 denies the allegations of Paragraph 487.

488. The Big 12 denies the allegations of Paragraph 488.

489. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 489 and therefore denies them.

490. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 490 and therefore denies them.

491. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 491 and therefore denies them.

492. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 492 and therefore denies them.

493. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 493 and therefore denies them.

494. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were

"unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 494 and therefore denies them.

495. The Big 12 denies the allegations of Paragraph 495.

496. The Big 12 denies the allegations of Paragraph 496.

497. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 497 and therefore denies them.

498. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 498 and therefore denies them.

499. The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 499 and therefore denies them.

500. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 500 and therefore denies them.

501. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 501 and therefore denies them.

502. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 502 and therefore denies them.

503. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 503 and therefore denies them.

504.    The Big 12 denies the allegations of Paragraph 504.

505.    The Big 12 denies the allegations of Paragraph 505.

506.    The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 506 and therefore denies them.

507.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 507 and therefore denies them.

508.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 508 and therefore denies them.

509.    The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 509 and therefore denies them.

510.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 510 and therefore denies them.

511.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 511 and therefore denies them.

512.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 512 and therefore denies them.

513.    The Big 12 admits that NCAA rules govern the circumstances in which
student-athletes may be compensated for the use of their NIL and that previous versions
of the rules prohibited such compensation.  The Big 12 denies that these rules were
"unlawful."  The Big 12 denies any plaintiff provided "labor" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 513 and therefore denies them.

514.    The Big 12 denies the allegations of Paragraph 514.

515.    The Big 12 admits that NCAA rules previously established limitations on the
number of scholarships that an institution could provide to student-athletes participating
in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial."
The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the
remaining allegations of Paragraph 515 and therefore denies them.

516.    The Big 12 denies the allegations of Paragraph 516.

517.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies
that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Aidan
Robbins played college football at Brigham Young University in 2023.  The Big 12 lacks
sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 517 and therefore denies them.

518.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college
athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 518 and therefore denies them.

519.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 519 and therefore denies them.

520.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 520 and therefore denies them.

521.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 521 and therefore denies them.

522.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 522 and therefore denies them.

523.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the
allegations of Paragraph 523 and therefore denies them.

524.    The Big 12 admits that NCAA rules govern the circumstances in which
student-athletes may be compensated for the use of their NIL and that previous versions
of the rules prohibited such compensation.  The Big 12 denies that these rules were
"unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 524 and therefore denies them.

525.    The Big 12 denies the allegations of Paragraph 525.

526.    The Big 12 denies the allegations of Paragraph 526.

527.    The Big 12 denies that it engaged in any "illegal conduct."  The Big 12 lacks
sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 527 and therefore denies them.

528.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 528 and therefore denies them.

529.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 529 and therefore denies them.

530.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 530 and therefore denies them.

531.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 531 and therefore denies them.

532.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 532 and therefore denies them.

533.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 533 and therefore denies them.

534.    The Big 12 denies the allegations of Paragraph 534.

535.    The Big 12 denies the allegations of Paragraph 535.

536.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 536 and therefore denies them.

537.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 537 and therefore denies them.

538.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 538 and therefore denies them.

539.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 539 and therefore denies them.

540.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 540 and therefore denies them.

541.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 541 and therefore denies them.

542.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 542 and therefore denies them.

543.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 543 and therefore denies them.

544.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were

"unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 544 and therefore denies them.

545. The Big 12 denies the allegations of Paragraph 545.

546. The Big 12 denies the allegations of Paragraph 546.

547. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 547 and therefore denies them.

548. The Big 12 denies that any plaintiff provided "labor" or worked as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 548 and therefore denies them.

549. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 549 and therefore denies them.

550. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 550 and therefore denies them.

551. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 551 and therefore denies them.

552. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 552 and therefore denies them.

553.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair." The Big 12 further denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 553 and therefore denies them.

554.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 554 and therefore denies them.

555.    The Big 12 denies the allegations of Paragraph 555.

556.    The Big 12 denies the allegations of Paragraph 556.

557.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 557 and therefore denies them.

558.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 558 and therefore denies them.

559.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 559 and therefore denies them.

560.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 560 and therefore denies them.

561.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 561 and therefore denies them.

562.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 562 and therefore denies them.

563.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 563 and therefore denies them.

564.    The Big 12 denies the allegations of Paragraph 564.

565.    The Big 12 denies the allegations of Paragraph 565.

566.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 566 and therefore denies them.

567.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 567 and therefore denies them.

568.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 568 and therefore denies them.

569.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 569 and therefore denies them.

570.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 570 and therefore denies them.

571.    The Big 12 admits that the University of Colorado joined The Big 12 Conference as a member institution in 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 571 and therefore denies them.

572.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 572 and therefore denies them.

573.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 573 and therefore denies them.

574.    The Big 12 denies the allegations of Paragraph 574.

575.    The Big 12 denies the allegations of Paragraph 575.

576.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 576 and therefore denies them.

577.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 577 and therefore denies them.

578.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 578 and therefore denies them.

579.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 579 and therefore denies them.

580.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 580 and therefore denies them.

581.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 581 and therefore denies them.

582.    The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 582 and therefore denies them.

583.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 583 and therefore denies them.

584.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 584 and therefore denies them.

585.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 585 and therefore denies them.

586.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 586 and therefore denies them.

587.    The Big 12 denies the allegations of Paragraph 587.

588.    The Big 12 denies the allegations of Paragraph 588.

589.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 589 and therefore denies them.

590.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 590 and therefore denies them.

591.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 591 and therefore denies them.

592.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 592 and therefore denies them.

593.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 593 and therefore denies them.

594.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 594 and therefore denies them.

595.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 595 and therefore denies them.

596.    The Big 12 denies the allegations of Paragraph 596.

597.    The Big 12 denies the allegations of Paragraph 597.

598.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 598 and therefore denies them.

599.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 599 and therefore denies them.

600.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 600 and therefore denies them.

601.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 601 and therefore denies them.

602.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 602 and therefore denies them.

603.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 603 and therefore denies them.

604.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 604 and therefore denies them.

605.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 605 and therefore denies them.

606.    The Big 12 denies the allegations of Paragraph 606.

607.    The Big 12 denies the allegations of Paragraph 607.

608.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 608 and therefore denies them.

609.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 609 and therefore denies them.

610. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 610 and therefore denies them.

611. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 611 and therefore denies them.

612. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 612 and therefore denies them.

613. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 613 and therefore denies them.

614. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 614 and therefore denies them.

615. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 615 and therefore denies them.

616. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 616 and therefore denies them.

617. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 617 and therefore denies them.

618. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 618 and therefore denies them.

619. The Big 12 admits that NCAA rules govern the circumstances under which student-athletes may be compensated and that past versions of the rules prohibited student-athletes from being compensated for their NIL. The Big 12 lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 619 and therefore denies them.

620.    The Big 12 denies the allegations of Paragraph 620.

621.    The Big 12 denies the allegations of Paragraph 621.

622.    The Big 12 denies the allegations of Paragraph 622.

623.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 623 and therefore denies them.

624.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 624 and therefore denies them.

625.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 625 and therefore denies them.

626.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 626 and therefore denies them.

627.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 627 and therefore denies them.

628.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 628 and therefore denies them.

629.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 629 and therefore denies them.

630.    The Big 12 admits that NCAA rules govern the circumstances in which
student-athletes may be compensated for the use of their NIL and that previous versions
of the rules prohibited such compensation.  The Big 12 denies that these rules were
"unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 630 and therefore denies them.

631.    The Big 12 denies the allegations of Paragraph 631.

632.    The Big 12 denies the allegations of Paragraph 632.

633.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies
that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or
information to form a belief as to the truth of the remaining allegations of Paragraph 633
and therefore denies them.

634.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college
athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 634 and therefore denies them.

635.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 635 and therefore denies them.

636.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 636 and therefore denies them.

637.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 637 and therefore denies them.

638.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 638 and therefore denies them.

639.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 639 and therefore denies them.

640.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 640 and therefore denies them.

641.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 641 and therefore denies them.

642.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 642 and therefore denies them.

643.    The Big 12 denies the allegations of Paragraph 643.

644.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 644 and therefore denies them.

645.    The Big 12 denies the allegations of Paragraph 645.

646.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Austin

Seibert played college football at the University of Oklahoma from 2015 to 2018. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 646 and therefore denies them.

647.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 647 and therefore denies them.

648.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 648 and therefore denies them.

649.    The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 admits that the University of Oklahoma won The Big 12 Conference Football Championship in four consecutive years while Plaintiff Seibert attended Oklahoma from 2015 to 2018. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 649 and therefore denies them.

650.    The Big 12 admits that Plaintiff Seibert was named All-Big 12 Football Second Team in 2015. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 650 and therefore denies them.

651.    The Big 12 admits that Plaintiff Seibert was named All-Big 12 Football Second Team in 2017, All-Big 12 First Team in 2018, and Big 12 Special Teams Player of the Year in 2018. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 651 and therefore denies them.

652.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 652 and therefore denies them.

653.    The Big 12 admits that the University of Oklahoma was a member of Big 12 Conference during Plaintiff Seibert's time at Oklahoma.  The Big 12 further admits that some of Oklahoma's football games were broadcast on national television networks.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 653 and therefore denies them.

654.    The Big 12 admits that it distributed revenue to each of its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 654 and therefore denies them.

655.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 655 and therefore denies them.

656.    The Big 12 denies the allegations of Paragraph 656.

657.    The Big 12 denies the allegations of Paragraph 657.

658.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 658 and therefore denies them.

659.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 659 and therefore denies them.

660.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 660 and therefore denies them.

661.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 661 and therefore denies them.

662.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 662 and therefore denies them.

663.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 663 and therefore denies them.

664.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 664 and therefore denies them.

665.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 665 and therefore denies them.

666.    The Big 12 denies the allegations of Paragraph 666.

667.    The Big 12 denies the allegations of Paragraph 667.

668.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 668 and therefore denies them.

669.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 669 and therefore denies them.

670.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 670 and therefore denies them.

671.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 671 and therefore denies them.

672.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 672 and therefore denies them.

673.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 673 and therefore denies them.

674.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 674 and therefore denies them.

675.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 675 and therefore denies them.

676.    The Big 12 denies the allegations of Paragraph 676.

677.    The Big 12 denies the allegations of Paragraph 677.

678.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies
that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or
information to form a belief as to the truth of the remaining allegations of Paragraph 678
and therefore denies them.

679.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college
athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 679 and therefore denies them.

680.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 680 and therefore denies them.

681.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 681 and therefore denies them.

682.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 682 and therefore denies them.

683.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 683 and therefore denies them.

684.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 684 and therefore denies them.

685.    The Big 12 admits that NCAA rules govern the circumstances in which
student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 685 and therefore denies them.

686. The Big 12 denies the allegations of Paragraph 686.

687. The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 687 and therefore denies them.

688. The Big 12 denies the allegations of Paragraph 688.

689. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 admits that Plaintiff Brittany Brewer played college basketball at Texas Tech University from 2016 to 2020. The Big 12 denies the remaining allegations of Paragraph 689.

690. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 690 and therefore denies them.

691. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 691 and therefore denies them.

692. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 692 and therefore denies them.

693.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 693 and therefore denies them.

694.    The Big 12 admits that Plaintiff Brewer was selected to the 2019-2020 All-Big 12 Women's Basketball First Team.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 694 and therefore denies them.

695.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 695 and therefore denies them.

696.    The Big 12 admits that Texas Tech University was a member of The Big 12 Conference during the years Plaintiff Brewer participated in collegiate athletics.  The Big 12 admits that some Texas Tech University athletic competitions were broadcast on television.  The Big 12 admits that it made distributions to its member institutions in 2019. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 696 and therefore denies them.

697.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 697 and therefore denies them.

698.    The Big 12 denies the allegations of Paragraph 698.

699.    The Big 12 denies the allegations of Paragraph 699.

700.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 700 and therefore denies them.

701.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 701 and therefore denies them.

702.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 702 and therefore denies them.

703.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 703 and therefore denies them.

704.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 704 and therefore denies them.

705.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 705 and therefore denies them.

706.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 706 and therefore denies them.

707.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 707 and therefore denies them.

708.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 708 and therefore denies them.

709. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 709 and therefore denies them.

710. The Big 12 denies the allegations of Paragraph 710.

711. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 711 and therefore denies them.

712. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 712 and therefore denies them.

713. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 713 and therefore denies them.

714. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 714 and therefore denies them.

715. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 715 and therefore denies them.

716.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 716 and therefore denies them.

717.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 717 and therefore denies them.

718.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 718 and therefore denies them.

719.   The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 719 and therefore denies them.

720.   The Big 12 denies the allegations of Paragraph 720.

721.   The Big 12 denies the allegations of Paragraph 721.

722.   The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Cameron Rising played college football at the University of Texas in 2018.  The Big 12 further admits that Plaintiff Rising played college football at the University of Utah in 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 722 and therefore denies them.

723.   The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 723 and therefore denies them.

724.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 724 and therefore denies them.

725.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 725 and therefore denies them.

726.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 726 and therefore denies them.

727.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 727 and therefore denies them.

728.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 728 and therefore denies them.

729.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 729 and therefore denies them.

730.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 730 and therefore denies them.

731.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 731 and therefore denies them.

732.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 732 and therefore denies them.

733.    The Big 12 denies the allegations of Paragraph 733.

734.    The Big 12 denies the allegations of Paragraph 734.

735.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 735 and therefore denies them.

736.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 736 and therefore denies them.

737.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 737 and therefore denies them.

738.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 738 and therefore denies them.

739.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 739 and therefore denies them.

740.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 740 and therefore denies them.

741.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 741 and therefore denies them.

742.    The Big 12 denies the allegations of Paragraph 742.

743.    The Big 12 denies the allegations of Paragraph 743.

744.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 744 and therefore denies them.

745.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 745 and therefore denies them.

746.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 746 and therefore denies them.

747.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 747 and therefore denies them.

748.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 748 and therefore denies them.

749.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 749 and therefore denies them.

750.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 750 and therefore denies them.

751.   The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 751 and therefore denies them.

752.   The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 752 and therefore denies them.

753.   The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 753 and therefore denies them.

754.   The Big 12 denies the allegations of Paragraph 754.

755.   The Big 12 denies the allegations of Paragraph 755.

756.   The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 756 and therefore denies them.

757.   The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 757 and therefore denies them.

758.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 758 and therefore denies them.

759.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 759 and therefore denies them.

760.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 760 and therefore denies them.

761.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 761 and therefore denies them.

762.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 762 and therefore denies them.

763.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 763 and therefore denies them.

764.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 764 and therefore denies them.

765.    The Big 12 denies the allegations of Paragraph 765.

766.    The Big 12 denies the allegations of Paragraph 766.

767.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies
that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or
information to form a belief as to the truth of the remaining allegations of Paragraph 767
and therefore denies them.

768.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college
athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 768 and therefore denies them.

769.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 769 and therefore denies them.

770.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 770 and therefore denies them.

771.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 771 and therefore denies them.

772.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 772 and therefore denies them.

773.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 773 and therefore denies them.

774.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 774 and therefore denies them.

775.    The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 775 and therefore denies them.

776. The Big 12 denies the allegations of Paragraph 776.

777. The Big 12 denies the allegations of Paragraph 777.

778. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 778 and therefore denies them.

779. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 779 and therefore denies them.

780. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 780 and therefore denies them.

781. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 781 and therefore denies them.

782. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 782 and therefore denies them.

783. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 783 and therefore denies them.

784.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 784 and therefore denies them.

785.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 643 and therefore denies them.

786.    The Big 12 denies the allegations of Paragraph 786.

787.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 787 and therefore denies them.

788.    The Big 12 denies the allegations of Paragraph 788.

789.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 789 and therefore denies them.

790.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.   The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 790 and therefore denies them.

791.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 791 and therefore denies them.

792.   The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 792 and therefore denies them.

793.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 793 and therefore denies them.

794.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 794 and therefore denies them.

795.   The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 795 and therefore denies them.

796.   The Big 12 denies the allegations of Paragraph 796.

797.   The Big 12 denies the allegations of Paragraph 797.

798.   The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 798 and therefore denies them.

799.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 799 and therefore denies them.

800.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 800 and therefore denies them.

801.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 801 and therefore denies them.

802.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 802 and therefore denies them.

803.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 803 and therefore denies them.

804.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 804 and therefore denies them.

805.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 805 and therefore denies them.

806.    The Big 12 denies the allegations of Paragraph 806.

807.    The Big 12 denies the allegations of Paragraph 807.

808.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 808 and therefore denies them.

809.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 809 and therefore denies them.

810.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 810 and therefore denies them.

811.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 811 and therefore denies them.

812.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 812 and therefore denies them.

813.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 813 and therefore denies them.

814.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 814 and therefore denies them.

815.    The Big 12 denies the allegations of Paragraph 815.

816.    The Big 12 denies the allegations of Paragraph 815.

817.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies
that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or
information to form a belief as to the truth of the remaining allegations of Paragraph 817
and therefore denies them.

818.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college
athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 818 and therefore denies them.

819.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 819 and therefore denies them.

820.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 820 and therefore denies them.

821.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 821 and therefore denies them.

822.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 822 and therefore denies them.

823.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 823 and therefore denies them.

824.    The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 824 and therefore denies them.

825.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 825 and therefore denies them.

826.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 826 and therefore denies them.

827.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 827 and therefore denies them.

828.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "restrictive."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 828 and therefore denies them.

829.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 829 and therefore denies them.

830.    The Big 12 denies the allegations of Paragraph 830.

831.    The Big 12 denies the allegations of Paragraph 831.

832.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 832

and therefore denies them.

833.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 833 and therefore denies them.

834.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 834 and therefore denies them.

835.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 835 and therefore denies them.

836.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 836 and therefore denies them.

837.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 837 and therefore denies them.

838.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 838 and therefore denies them.

839.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 839 and therefore denies them.

840.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 840 and therefore denies them.

841.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 841 and therefore denies them.

842.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 842 and therefore denies them.

843.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 843 and therefore denies them.

844.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 844 and therefore denies them.

845.    The Big 12 denies the allegations of Paragraph 845.

846.    The Big 12 denies the allegations of Paragraph 846.

847.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 847 and therefore denies them.

848.    Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 848 and therefore denies them.

849.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 849 and therefore denies them.

850.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 850 and therefore denies them.

851.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 851 and therefore denies them.

852.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 852 and therefore denies them.

853.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 853 and therefore denies them.

854.    The Big 12 denies that any plaintiff provided "labor" as a student-athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 854 and therefore denies them.

855.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 855 and therefore denies them.

856.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 856 and therefore denies them.

857.    The Big 12 denies the allegations of Paragraph 857.

858.    The Big 12 denies the allegations of Paragraph 858.

859.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 859 and therefore denies them.

860.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 860 and therefore denies them.

861.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 861 and therefore denies them.

862.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 862 and therefore denies them.

863.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 863 and therefore denies them.

864.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 864 and therefore denies them.

865.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 865 and therefore denies them.

866.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 866 and therefore denies them.

867.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 867 and therefore denies them.

868.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 868 and therefore denies them.

869.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 869 and therefore denies them.

870.    The Big 12 denies the allegations of Paragraph 870.

871.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 871 and therefore denies them.

872.    The Big 12 denies the allegations of Paragraph 872.

873.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 873 and therefore denies them.

874.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 874 and therefore denies them.

875.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 875 and therefore denies them.

876.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 876 and therefore denies them.

877.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 877 and therefore denies them.

878.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 878 and therefore denies them.

879.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 879 and therefore denies them.

880.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 880 and therefore denies them.

881.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 881 and therefore denies them.

882.    The Big 12 denies the allegations of Paragraph 882.

883.    The Big 12 denies the allegations of Paragraph 883.

884.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 884 and therefore denies them.

885.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 885 and therefore denies them.

886.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 886 and therefore denies them.

887.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 887 and therefore denies them.

888.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 888 and therefore denies them.

889.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 889 and therefore denies them.

890.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 890 and therefore denies them.

891.    The Big 12 denies the allegations of Paragraph 891.

892.    The Big 12 denies the allegations of Paragraph 892.

893.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 893 and therefore denies them.

894.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 894 and therefore denies them.

895.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 895 and therefore denies them.

896.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 896 and therefore denies them.

897.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 897 and therefore denies them.

898.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 898 and therefore denies them.

899.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 899 and therefore denies them.

900.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 900 and therefore denies them.

901.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 901 and therefore denies them.

902.    The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 902 and therefore denies them.

903.    The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 903 and therefore denies them.

904.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 904 and therefore denies them.

905.    The Big 12 denies the allegations of Paragraph 905.

906.    The Big 12 denies the allegations of Paragraph 906.

907.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 907 and therefore denies them.

908.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 908 and therefore denies them.

909.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 909 and therefore denies them.

910.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 910 and therefore denies them.

911.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 911 and therefore denies them.

912.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 912 and therefore denies them.

913.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 913 and therefore denies them.

914.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 914 and therefore denies them.

915.    The Big 12 denies the allegations of Paragraph 915.

916.    The Big 12 denies the allegations of Paragraph 916.

917.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff DaMarcus

Fields played college football at Texas Tech University from 2016 to 2021.

918.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 918 and therefore denies them.

919.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 919 and therefore denies them.

920.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Fields was named All-Big 12 Honorable Mention in 2018 and 2019 and All-Big 12 Second Team in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 920 and therefore denies them.

921.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 921 and therefore denies them.

922.    The Big 12 admits that Texas Tech University is a member of The Big 12 Conference.  The Big 12 further admits that some of Texas Tech's football games were broadcast on television.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 922 and therefore denies them.

923.    The Big 12 admits that it made distributions to its member institutions in 2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 923 and therefore denies them.

924.    The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 924 and therefore denies them.

925.    The Big 12 denies the allegations of Paragraph 925.

926.    The Big 12 denies the allegations of Paragraph 926.

927.    The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 admits that Plaintiff Davis Wendzel played college baseball at Baylor University from 2016 to 2019.

928.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 928 and therefore denies them.

929.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 929 and therefore denies them.

930.    The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 admits that Plaintiff Wendzel was named to the 2017 Big 12 All-Freshmen Team and All-Big 12 Honorable Mention. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 930 and therefore denies them.

931.    The Big 12 admits that Plaintiff Wendzel was named First Team All-Big 12 Baseball in 2018. The Big 12 lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations of Paragraph 931 and therefore denies them.

932.    The Big 12 admits that Plaintiff Wendzel was named All-Big 12 First Team and Co-Player of the Year in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 932 and therefore denies them.

933.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 933 and therefore denies them.

934.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 934 and therefore denies them.

935.    The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 further admits that some Baylor baseball games were televised. The Big 12 admits that it made distributions to its member institutions in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 935 and therefore denies them.

936.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 936 and therefore denies them.

937.    The Big 12 denies the allegations of Paragraph 937.

938.    The Big 12 admits that NCAA rules previously established limitations on the

number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 938 and therefore denies them.

939.    The Big 12 denies the allegations of Paragraph 939.

940.    The Big 12 denies that it engaged in "illegal conduct."   The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 940 and therefore denies them.

941.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 941 and therefore denies them.

942.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 942 and therefore denies them.

943.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 943 and therefore denies them.

944.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 944 and therefore denies them.

945.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 945 and therefore denies them.

946.    The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 946 and therefore denies them.

947.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 947 and therefore denies them.

948.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 948 and therefore denies them.

949.    The Big 12 denies the allegations of Paragraph 949.

950.    The Big 12 denies the allegations of Paragraph 950.

951.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Denzel Mims played college football at Baylor University from 2016 to 2020.  The Big 12 denies the remaining allegations of Paragraph 951.

952.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 952 and therefore denies them.

953.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 953 and therefore denies them.

954.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 954 and therefore denies them.

955.    The Big 12 admits that Plaintiff Mims was named All-Big 12 Football Second Team in 2017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 955 and therefore denies them.

956.    The Big 12 admits that Plaintiff Mims was named to the 2018 Preseason All-Big 12 Football Team.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 956 and therefore denies them.

957.    The Big 12 admits that Plaintiff Mims was named All-Big 12 First Team in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 957 and therefore denies them.

958.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 958 and therefore denies them.

959.    The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 admits that some of Baylor's football games were televised.  The Big 12 further admits that it made distributions to its member institutions in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 959 and therefore denies them.

960.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 960 and therefore denies them.

961.    The Big 12 denies the allegations of Paragraph 961.

962.    The Big 12 denies the allegations of Paragraph 962.

963.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 963 and therefore denies them.

964.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 964 and therefore denies them.

965.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 965 and therefore denies them.

966.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 966 and therefore denies them.

967.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 967 and therefore denies them.

968.    The Big 12 denies that the University of Houston was a member of The Big 12 Conference from 2018 to 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 968 and therefore denies them.

969.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 969 and therefore denies them.

970.    The Big 12 denies that the University of Houston was a member of The Big 12 Conference or received revenue distributions from The Big 12 in 2018.  The Big 12 admits that it made distributions to its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 970 and therefore denies them.

971.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 971 and therefore denies them.

972.    The Big 12 denies the allegations of Paragraph 972.

973.    The Big 12 denies the allegations of Paragraph 973.

974.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 974 and therefore denies them.

975.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 975 and therefore denies them.

976.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 976 and therefore denies them.

977.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 977 and therefore denies them.

978.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 978 and therefore denies them.

979.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 979 and therefore denies them.

980.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 980 and therefore denies them.

981.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 981 and therefore denies them.

982.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 982 and therefore denies them.

983.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 983 and therefore denies them.

984.    The Big 12 denies the allegations of Paragraph 984.

985.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 985 and therefore denies them.

986.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 986 and therefore denies them.

987.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 987 and therefore denies them.

988.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 988 and therefore denies them.

989.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 989 and therefore denies them.

990.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 990 and therefore denies them.

991.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 991 and therefore denies them.

992.    The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 992 and therefore denies them.

993.    The Big 12 denies the allegations of Paragraph 993.

994.    The Big 12 denies the allegations of Paragraph 994.

995.    The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 995 and therefore denies them.

996.    The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 996 and therefore denies them.

997.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 997 and therefore denies them.

998.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 998 and therefore denies them.

999.    The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 999 and therefore denies them.

1000.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1000 and therefore denies them.

1001.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1001 and therefore denies them.

1002. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1002 and therefore denies them.

1003. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1003 and therefore denies them.

1004. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1004 and therefore denies them.

1005. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1005 and therefore denies them.

1006. The Big 12 denies the allegations of Paragraph 1006.

1007. The Big 12 denies the allegations of Paragraph 1007.

1008. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1008 and therefore denies them.

1009. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1009 and therefore denies them.

1010. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1010 and therefore denies them.

1011.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1011 and therefore denies them.

1012.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1012 and therefore denies them.

1013.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1013 and therefore denies them.

1014.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1014 and therefore denies them.

1015.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1015 and therefore denies them.

1016.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1016 and therefore denies them.

1017.  The Big 12 denies the allegations of Paragraph 1017.

1018.  The Big 12 denies the allegations of Paragraph 1018.

1019.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 1019 and therefore denies them.

1020.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1020 and therefore denies them.

1021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1021 and therefore denies them.

1022.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1022 and therefore denies them.

1023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1023 and therefore denies them.

1024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1024 and therefore denies them.

1025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1025 and therefore denies them.

1026.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1026 and therefore denies them.

1027.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1027 and therefore denies them.

1028.  The Big 12 denies the allegations of Paragraph 1028.

1029.  The Big 12 denies the allegations of Paragraph 1029.

1030.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1030 and therefore denies them.

1031.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1031 and therefore denies them.

1032.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1032 and therefore denies them.

1033.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1033 and therefore denies them.

1034.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1034 and therefore denies them.

1035.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1035 and therefore denies them.

1036.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of Paragraph 1036 and therefore denies them.

1037.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1037 and therefore denies them.

1038.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1038 and therefore denies them.

1039.  The Big 12 denies the allegations of Paragraph 1039.

1040.  The Big 12 denies the allegations of Paragraph 1040.

1041.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1041 and therefore denies them.

1042.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1042 and therefore denies them.

1043.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1043 and therefore denies them.

1044.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1044 and therefore denies them.

1045.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1045 and therefore denies them.

1046.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1046 and therefore denies them.

1047.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1047 and therefore denies them.

1048.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1048 and therefore denies them.

1049.  The Big 12 denies the allegations of Paragraph 1049.

1050.  The Big 12 denies the allegations of Paragraph 1050.

1051.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Frank Mason played college basketball at the University of Kansas from 2013 to 2017.  The Big 12 denies the remaining allegations of Paragraph 1051.

1052.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1052 and therefore denies them.

1053.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1053 and therefore denies them.

1054.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1054 and therefore denies them.

1055.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1055 and therefore denies them.

1056.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1056 and therefore denies them.

1057.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1057 and therefore denies them.

1058.  The Big 12 admits that the University of Kansas is a member of The Big 12 Conference.  The Big 12 further admits that some of Kansas's men's basketball games may have been nationally televised.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1058 and therefore denies them.

1059.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1059 and therefore denies them.

1060.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1060 and therefore denies them.

1061.  The Big 12 denies the allegations of Paragraph 1061.

1062.  The Big 12 denies the allegations of Paragraph 1062.

1063.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1063 and therefore denies them.

1064.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1064 and therefore denies them.

1065.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1065 and therefore denies them.

1066.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1066 and therefore denies them.

1067.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1067 and therefore denies them.

1068.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1068 and therefore denies them.

1069.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1069 and therefore denies them.

1070.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1070 and therefore denies them.

1071.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1071 and therefore denies them.

1072.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1072 and therefore denies them.

1073.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1073 and therefore denies them.

1074.  The Big 12 denies the allegations of Paragraph 1074.

1075.  The Big 12 denies the allegations of Paragraph 1075.

1076.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Gabe Brkic played college football at the University of Oklahoma from 2018 to 2021.  The Big 12 denies remaining allegations of Paragraph 1076.

1077.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 1077 and therefore denies them.

1078.  The Big 12 lacks sufficient knowledge or information to form a belief as to
the truth of the allegations of Paragraph 1078 and therefore denies them.

1079.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big
12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining
allegations of Paragraph 1079 and therefore denies them.

1080.  The Big 12 admits that Plaintiff Brkic was named Second Team All-Big 12
in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 1080 and therefore denies them.

1081.  The Big 12 admits that Plaintiff Brkic was named All-Big 12 First Team in
2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth
of the remaining allegations of Paragraph 1081 and therefore denies them.

1082.  The Big 12 admits that Plaintiff Brkic was named All-Big 12 Second Team
in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the
truth of the remaining allegations of Paragraph 1082 and therefore denies them.

1083.  The Big 12 admits that the University of Oklahoma was a member of The
Big 12 Conference during the seasons that Plaintiff Brkic attended Oklahoma.  The Big
12 further admits that some of Oklahoma's football games were broadcast on national
television networks.  The Big 12 lacks sufficient knowledge or information to form a belief
as to the truth of the remaining allegations of Paragraph 1083 and therefore denies them.

1084.  The Big 12 admits that it made distributions to its member institutions in the
2020-2021 fiscal year.  The Big 12 lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations of Paragraph 1084 and therefore denies them.

1085.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1085 and therefore denies them.

1086.  The Big 12 denies the allegations of Paragraph 1086.

1087.  The Big 12 denies the allegations of Paragraph 1087.

1088.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1088 and therefore denies them.

1089.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1089 and therefore denies them.

1090.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1090 and therefore denies them.

1091.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1091 and therefore denies them.

1092.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1092 and therefore denies them.

1093.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1093 and therefore denies them.

1094.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1094 and therefore denies them.

1095.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1095 and therefore denies them.

1096.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1096 and therefore denies them.

1097.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1097 and therefore denies them.

1098.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1098 and therefore denies them.

1099.  The Big 12 denies the allegations of Paragraph 1099.

1100.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial."

147

The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1100 and therefore denies them.

1101.  The Big 12 denies the allegations of Paragraph 1101.

1102.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1102 and therefore denies them.

1103.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1103 and therefore denies them.

1104.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1104 and therefore denies them.

1105.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1105 and therefore denies them.

1106.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1106 and therefore denies them.

1107.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1107 and therefore denies them.

1108.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1108 and therefore denies them.

1109.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1109 and therefore denies them.

1110.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1110 and therefore denies them.

1111.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1111 and therefore denies them.

1112.  The Big 12 denies the allegations of Paragraph 1112.

1113.  The Big 12 denies the allegations of Paragraph 1113.

1114.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1114 and therefore denies them.

1115.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1115 and therefore denies them.

1116.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1116 and therefore denies them.

1117.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1117 and therefore denies them.

1118.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1118 and therefore denies them.

1119.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1119 and therefore denies them.

1120.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1120 and therefore denies them.

1121.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1121 and therefore denies them.

1122.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1122 and therefore denies them.

1123.  The Big 12 denies the allegations of Paragraph 1123.

1124.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1124 and therefore denies them.

1125.  The Big 12 denies the allegations of Paragraph 1125.

1126.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1126 and therefore denies them.

1127.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1127 and therefore denies them.

1128.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1128 and therefore denies them.

1129.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1129 and therefore denies them.

1130.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1130 and therefore denies them.

1131.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1131 and therefore denies them.

1132.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1132 and therefore denies them.

1133.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1133 and therefore denies them.

1134. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1134 and therefore denies them.

1135. The Big 12 denies the allegations of Paragraph 1135.

1136. The Big 12 denies the allegations of Paragraph 1136.

1137. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1137 and therefore denies them.

1138. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1138 and therefore denies them.

1139. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1139 and therefore denies them.

1140. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1140 and therefore denies them.

1141. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1141 and therefore denies them.

1142. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1142 and therefore denies them.

1143.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1143 and therefore denies them.

1144.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1144 and therefore denies them.

1145.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1145 and therefore denies them.

1146.  The Big 12 denies the allegations of Paragraph 1146.

1147.  The Big 12 denies the allegations of Paragraph 1147.

1148.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1148 and therefore denies them.

1149.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1149 and therefore denies them.

1150.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1150 and therefore denies them.

1151.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1151 and therefore denies them.

1152.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1152 and therefore denies them.

1153.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1153 and therefore denies them.

1154.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1154 and therefore denies them.

1155.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1155 and therefore denies them.

1156. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1156 and therefore denies them.

1157. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1157 and therefore denies them.

1158.  The Big 12 denies the allegations of Paragraph 1158.

1159.  The Big 12 denies the allegations of Paragraph 1159.

1160.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Hunter Dickinson played college basketball at the University of Kansas from 2023 to 2025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1160 and therefore denies them.

1161.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1161 and therefore denies them.

1162.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1162 and therefore denies them.

1163.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1163 and therefore denies them.

1164.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1164 and therefore denies them.

1165.  The Big 12 admits that Plaintiff Dickinson was named the 2024 Big 12 Newcomer of the Year and to the 2023-2024 All-Big 12 Men's Basketball First Team.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1165 and therefore denies them.

1166.  The Big 12 admits that Plaintiff Dickinson was named to the 2025 Preseason All-Big 12 First Team and Preseason Player of the Year.  The Big 12 lacks

sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1166 and therefore denies them.

1167.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1167 and therefore denies them.

1168.  The Big 12 admits that the University of Kansas is a member of The Big 12 Conference.  The Big 12 admits that it made distributions to its member institutions in 2024.  The Big 12 further admits that some of the Kansas's men's basketball games from 2023 to 2025 were nationally televised.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1168 and therefore denies them.

1169.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1169 and therefore denies them.

1170.  The Big 12 denies the allegations of Paragraph 1170.

1171.  The Big 12 denies the allegations of Paragraph 1171.

1172.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1172 and therefore denies them.

1173.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1173 and therefore denies them.

1174.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1174 and therefore denies them.

1175.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1175 and therefore denies them.

1176.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1176 and therefore denies them.

1177.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1177 and therefore denies them.

1178.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1178 and therefore denies them.

1179.  The Big 12 denies the allegations of Paragraph 1179.

1180.  The Big 12 denies the allegations of Paragraph 1180.

1181.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Isaac Rex played college football at Brigham Young University in 2023.  Big 12 lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1181 and therefore denies them.

1182.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1182 and therefore denies them.

1183.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1183 and therefore denies them.

1184.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1184 and therefore denies them.

1185.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1185 and therefore denies them.

1186.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1186 and therefore denies them.

1187.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1187 and therefore denies them.

1188.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1188 and therefore denies them.

1189.  The Big 12 admits that BYU has been a member of The Big 12 Conference since 2023.  The Big 12 admits that it made distributions to BYU as a first-year member in 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1189 and therefore denies them.

1190. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1190 and therefore denies them.

1191. The Big 12 denies the allegations of Paragraph 1191.

1192. The Big 12 denies the allegations of Paragraph 1192.

1193. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1193 and therefore denies them.

1194. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1194 and therefore denies them.

1195. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1195 and therefore denies them.

1196. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1196 and therefore denies them.

1197. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1197 and therefore denies them.

1198. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1198 and therefore denies them.

1199.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1199 and therefore denies them.

1200.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1200 and therefore denies them.

1201.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1201 and therefore denies them.

1202.  The Big 12 denies the allegations of Paragraph 1202.

1203.  The Big 12 denies the allegations of Paragraph 1203.

1204.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1204 and therefore denies them.

1205.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1205 and therefore denies them.

1206.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1206 and therefore denies them.

1207.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1207 and therefore denies them.

1208. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1208 and therefore denies them.

1209. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1209 and therefore denies them.

1210. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1210 and therefore denies them.

1211. The Big 12 denies the allegations of Paragraph 1211.

1212. The Big 12 denies the allegations of Paragraph 1212.

1213. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1213 and therefore denies them.

1214. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1214 and therefore denies them.

1215. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1215 and therefore denies them.

1216.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1216 and therefore denies them.

1217.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1217 and therefore denies them.

1218.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1218 and therefore denies them.

1219.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1219 and therefore denies them.

1220.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1220 and therefore denies them.

1221.  The Big 12 denies the allegations of Paragraph 1221.

1222.  The Big 12 denies the allegations of Paragraph 1222.

1223.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1223 and therefore denies them.

1224.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.   The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 1224 and therefore denies them.

1225.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1225 and therefore denies them.

1226.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1226 and therefore denies them.

1227.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1227 and therefore denies them.

1228.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1228 and therefore denies them.

1229.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1229 and therefore denies them.

1230.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1230 and therefore denies them.

1231.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1231 and therefore denies them.

1232.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1232 and therefore denies them.

1233.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 1233 and therefore denies them.

1234.  The Big 12 denies the allegations of Paragraph 1234.

1235.  The Big 12 denies the allegations of Paragraph 1235.

1236.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1236 and therefore denies them.

1237.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1237 and therefore denies them.

1238.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1238 and therefore denies them.

1239.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1239 and therefore denies them.

1240.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1240 and therefore denies them.

1241.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1241 and therefore denies them.

1242.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1242 and therefore denies them.

1243.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1243 and therefore denies them.

1244. The Big 12 denies the allegations of Paragraph 1244.

1245. The Big 12 denies the allegations of Paragraph 1245.

1246. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1246 and therefore denies them.

1247. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1247 and therefore denies them.

1248. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1248 and therefore denies them.

1249. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1249 and therefore denies them.

1250. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1250 and therefore denies them.

1251. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1251 and therefore denies them.

1252.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1252 and therefore denies them.

1253.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1253 and therefore denies them.

1254.  The Big 12 denies the allegations of Paragraph 1254.

1255.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of remaining allegations of Paragraph 1255 and therefore denies them.

1256.  The Big 12 denies the allegations of Paragraph 1256.

1257.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1257 and therefore denies them.

1258.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1258 and therefore denies them.

1259.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1259 and therefore denies them.

1260.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1260 and therefore denies them.

1261.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1261 and therefore denies them.

1262.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1262 and therefore denies them.

1263.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1263 and therefore denies them.

1264.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1264 and therefore denies them.

1265.  The Big 12 denies the allegations of Paragraph 1265.

1266.  The Big 12 denies the allegations of Paragraph 1266.

1267.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1267 and therefore denies them.

1268.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1268 and therefore denies them.

1269.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1269 and therefore denies them.

1270.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1270 and therefore denies them.

1271.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1271 and therefore denies them.

1272.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1272 and therefore denies them.

1273.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1273 and therefore denies them.

1274.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1274 and therefore denies them.

1275.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1275 and therefore denies them.

1276.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1276 and therefore denies them.

1277.  The Big 12 denies the allegations of Paragraph 1277.

1278.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Jamal Shead played basketball at the University of Houston from 2023 to 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1278 and therefore denies them.

1279.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1279 and therefore denies them.

1280.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1280 and therefore denies them.

1281.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1281 and therefore denies them.

1282.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1282 and therefore denies them.

1283.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1283 and therefore denies them.

1284.  The Big 12 admits that Plaintiff Shead was named Big 12 Conference Player of the Year and Defensive Player of the Year in the 2023-2024 basketball season.  The Big 12 further admits that the University of Houston won the 2023-2024 Regular Season Big 12 Conference Men's Basketball Championship.  The Big 12 lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1284 and therefore denies them.

1285.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1285 and therefore denies them.

1286.  The Big 12 admits that the University of Houston has been a member of The Big 12 Conference since July 1, 2023.  The Big 12 further admits that some of Houston's men's basketball games were nationally televised.  The Big 12 admits that it distributed revenues to its member institutions in 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1286 and therefore denies them.

1287.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1287 and therefore denies them.

1288.  The Big 12 denies the allegations of Paragraph 1288.

1289.  The Big 12 denies the allegations of Paragraph 1289.

1290.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1290 and therefore denies them.

1291.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1291 and therefore denies them.

1292.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1292 and therefore denies them.

1293.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1293 and therefore denies them.

1294.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1294 and therefore denies them.

1295.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1295 and therefore denies them.

1296.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1296 and therefore denies them.

1297.  The Big 12 denies the allegations of Paragraph 1297.

1298.  The Big 12 denies the allegations of Paragraph 1298.

1299.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff James Lynch played college football at Baylor University from 2017-2020.  The Big 12 denies the remaining allegations of Paragraph 1299.

1300.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1300 and therefore denies them.

1301.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1301 and therefore denies them.

1302.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1302 and therefore denies them.

1303.  The Big 12 admits that Plaintiff Lynch was named to the All-Big 12 Football Second Team and Academic All-Big 12 Second Team in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1303 and therefore denies them.

1304.  The Big 12 admits that Plaintiff Lynch was named Big 12 Football Defensive Player of the Year and All-Big 12 First Team in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1304 and therefore denies them.

1305.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1305 and therefore denies them.

1306.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1306 and therefore denies them.

1307. The Big 12 admits that some Baylor University football games were broadcast on national television.  The Big 12 lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations of Paragraph 1307 and therefore denies them.

1308. The Big 12 admits that Baylor University is a member of The Big 12 Conference. The Big 12 further admits that it made distributions to its member institutions in 2019. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1308 and therefore denies them.

1309. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1309 and therefore denies them.

1310. The Big 12 denies the allegations of Paragraph 1310.

1311. The Big 12 denies the allegations of Paragraph 1311.

1312. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1312 and therefore denies them.

1313. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1313 and therefore denies them.

1314. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1314 and therefore denies them.

1315.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1315 and therefore denies them.

1316.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1316 and therefore denies them.

1317.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1317 and therefore denies them.

1318.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1318 and therefore denies them.

1319.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1319 and therefore denies them.

1320.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1320 and therefore denies them.

1321.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1321 and therefore denies them.

1322.  The Big 12 denies the allegations of Paragraph 1322.

1323.  The Big 12 denies the allegations of Paragraph 1323.

1324.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 1324 and therefore denies them.

1325.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1325 and therefore denies them.

1326.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1326 and therefore denies them.

1327.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1327 and therefore denies them.

1328.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1328 and therefore denies them.

1329.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1329 and therefore denies them.

1330.  The Big 12 denies the allegations of Paragraph 1330.

1331.  The Big 12 denies the allegations of Paragraph 1331.

1332.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 1332 and therefore denies them.

1333.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1333 and therefore denies them.

1334.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1334 and therefore denies them.

1335.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1335 and therefore denies them.

1336.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1336 and therefore denies them.

1337.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1337 and therefore denies them.

1338.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1338 and therefore denies them.

1339.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1339 and therefore denies them.

1340.  The Big 12 denies the allegations of Paragraph 1340.

1341.  The Big 12 denies the allegations of Paragraph 1341.

1342.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1342 and therefore denies them.

1343.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1343 and therefore denies them.

1344.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1344 and therefore denies them.

1345.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1345 and therefore denies them.

1346.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1346 and therefore denies them.

1347.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1347 and therefore denies them.

1348.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1348 and therefore denies them.

1349.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1349 and therefore denies them.

1350.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1350 and therefore denies them.

1351.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1351 and therefore denies them.

1352.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1352 and therefore denies them.

1353.  The Big 12 denies the allegations of Paragraph 1353.

1354.  The Big 12 denies the allegations of Paragraph 1354.

1355.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1355 and therefore denies them.

1356.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1356 and therefore denies them.

1357.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1357 and therefore denies them.

1358.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1358 and therefore denies them.

1359.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1359 and therefore denies them.

1360.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1360 and therefore denies them.

1361.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1361 and therefore denies them.

1362.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1362 and therefore denies them.

1363.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1363 and therefore denies them.

1364.  The Big 12 denies the allegations of Paragraph 1364.

1365.  The Big 12 denies the allegations of Paragraph 1365.

1366.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1366 and therefore denies them.

1367.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1367 and therefore denies them.

1368.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1368 and therefore denies them.

1369.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1369 and therefore denies them.

1370.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1370 and therefore denies them.

1371.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1371 and therefore denies them.

1372.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1372 and therefore denies them.

1373.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1373 and therefore denies them.

1374.  The Big 12 denies the allegations of Paragraph 1374.

1375.  The Big 12 denies the allegations of Paragraph 1375.

1376.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1376 and therefore denies them.

1377.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1377 and therefore denies them.

1378.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1378 and therefore denies them.

1379.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1379 and therefore denies them.

1380.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1380 and therefore denies them.

1381.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1381 and therefore denies them.

1382.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1382 and therefore denies them.

1383.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1383 and therefore denies them.

1384.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1384 and therefore denies them.

1385. The Big 12 denies the allegations of Paragraph 1385.

1386. The Big 12 denies the allegations of Paragraph 1386.

1387. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1387 and therefore denies them.

1388. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1388 and therefore denies them.

1389. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1389 and therefore denies them.

1390. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1390 and therefore denies them.

1391. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1391 and therefore denies them.

1392. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1392 and therefore denies them.

1393.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1393 and therefore denies them.

1394.  The Big 12 denies the allegations of Paragraph 1394.

1395.  The Big 12 denies the allegations of Paragraph 1395.

1396.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1396 and therefore denies them.

1397.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1397 and therefore denies them.

1398.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1398 and therefore denies them.

1399.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1399 and therefore denies them.

1400.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1400 and therefore denies them.

1401.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1401 and therefore denies them.

1402.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1402 and therefore denies them.

1403.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1403 and therefore denies them.

1404.  The Big 12 denies the allegations of Paragraph 1404.

1405.  The Big 12 denies the allegations of Paragraph 1405.

1406.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1406 and therefore denies them.

1407.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1407 and therefore denies them.

1408.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1408 and therefore denies them.

1409.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1409 and therefore denies them.

1410.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1410 and therefore denies them.

1411.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1411 and therefore denies them.

1412.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1412 and therefore denies them.

1413.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1413 and therefore denies them.

1414.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1414 and therefore denies them.

1415.  The Big 12 denies the allegations of Paragraph 1415.

1416.  The Big 12 denies the allegations of Paragraph 1416.

1417.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1417 and therefore denies them.

1418.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 1418 and therefore denies them.

1419.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1419 and therefore denies them.

1420.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1420 and therefore denies them.

1421.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1421 and therefore denies them.

1422.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1422 and therefore denies them.

1423.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1423 and therefore denies them.

1424.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1426 and therefore denies them.

1425.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1425 and therefore denies them.

1426. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1426 and therefore denies them.

1427.  The Big 12 denies the allegations of Paragraph 1427.

1428.  The Big 12 denies the allegations of Paragraph 1428.

1429.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1429 and therefore denies them.

1430.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1430 and therefore denies them.

1431.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1431 and therefore denies them.

1432.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1432 and therefore denies them.

1433.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1433 and therefore denies them.

1434.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1434 and therefore denies them.

1435.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1435 and therefore denies them.

1436.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1436 and therefore denies them.

1437.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1437 and therefore denies them.

1438.  The Big 12 denies the allegations of Paragraph 1438.

1439.  The Big 12 denies the allegations of Paragraph 1439.

1440.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1440 and therefore denies them.

1441.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1441 and therefore denies them.

1442.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1442 and therefore denies them.

1443.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1443 and therefore denies them.

1444.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1444 and therefore denies them.

1445.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1445 and therefore denies them.

1446.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1446 and therefore denies them.

1447.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1447 and therefore denies them.

1448.  The Big 12 denies the allegations of Paragraph 1448.

1449.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1449 and therefore denies them.

1450.  The Big 12 denies the allegations of Paragraph 1450.

1451.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Jordan

McCabe played college basketball at West Virginia University from 2018 to 2021. The Big 12 denies the remaining allegations of Paragraph 1451.

1452.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1452 and therefore denies them.

1453.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1453 and therefore denies them.

1454.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1454 and therefore denies them.

1455.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1455 and therefore denies them.

1456.  The Big 12 admits that West Virginia University is a member of The Big 12 Conference.  The Big 12 further admits that some West Virginia men's basketball games were nationally televised.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1456 and therefore denies them.

1457.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1457 and therefore denies them.

1458.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1458 and therefore denies them.

1459. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1459 and therefore denies them.

1460. The Big 12 denies the allegations of Paragraph 1460.

1461. The Big 12 denies the allegations of Paragraph 1461.

1462. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1462 and therefore denies them.

1463. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1463 and therefore denies them.

1464. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1464 and therefore denies them.

1465. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1465 and therefore denies them.

1466. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1466 and therefore denies them.

1467. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1467 and therefore denies them.

1468.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1468 and therefore denies them.

1469.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1469 and therefore denies them.

1470.  The Big 12 denies the allegations of Paragraph 1470.

1471.  The Big 12 denies the allegations of Paragraph 1471.

1472.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1472 and therefore denies them.

1473.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1473 and therefore denies them.

1474.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1474 and therefore denies them.

1475.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1475 and therefore denies them.

1476.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1476 and therefore denies them.

1477.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1477 and therefore denies them.

1478.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1478 and therefore denies them.

1479.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1479 and therefore denies them.

1480.  The Big 12 denies the allegations of Paragraph 1480.

1481.  The Big 12 denies the allegations of Paragraph 1481.

1482.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1482 and therefore denies them.

1483.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1483 and therefore denies them.

1484.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1484 and therefore denies them.

1485.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1485 and therefore denies them.

1486.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1486 and therefore denies them.

1487.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1487 and therefore denies them.

1488.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1488 and therefore denies them.

1489.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1489 and therefore denies them.

1490.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1490 and therefore denies them.

1491.  The Big 12 denies the allegations of Paragraph 1491.

1492.  The Big 12 denies the allegations of Paragraph 1492.

1493.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1493 and therefore denies them.

1494.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1494 and therefore denies them.

1495.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1495 and therefore denies them.

1496.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1496 and therefore denies them.

1497.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1497 and therefore denies them.

1498.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1498 and therefore denies them.

1499.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1499 and therefore denies them.

1500.  The Big 12 admits that the University of Cincinnati became a member of The Big 12 Conference in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1500 and therefore

denies them.

1501.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1501 and therefore denies them.

1502.  The Big 12 denies the allegations of Paragraph 1502.

1503.  The Big 12 denies the allegations of Paragraph 1503.

1504.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Julius Brents played college football at Kansas State University from 2021 to 2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1504 and therefore denies them.

1505.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1505 and therefore denies them.

1506.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1506 and therefore denies them.

1507.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Brents was named All-Big 12 Honorable Mention in 2021.  The Big 12 further admits that Plaintiff Brents was named First Team All-Big 12 in 2022.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1507 and therefore denies them.

1508.  The Big 12 admits that Kansas State University is a member of The Big 12 Conference.  The Big 12 admits that some of Kansas State's football games were nationally televised.  The Big 12 further admits that Kansas State won the 2022 Big 12 Football Championship in overtime and that Plaintiff Brents recorded an interception during the game.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

1509.  The Big 12 admits that it made distributions to its member institutions in the 2018-2019 academic year.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1509 and therefore denies them.

1510. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1510 and therefore denies them.

1511.  The Big 12 denies the allegations of Paragraph 1511.

1512.  The Big 12 denies the allegations of Paragraph 1512.

1513.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 1513 and therefore denies them.

1514.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1514 and therefore denies them.

1515.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1515 and therefore denies them.

1516.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1516 and therefore denies them.

1517.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1517 and therefore denies them.

1518.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1518 and therefore denies them.

1519.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1519 and therefore denies them.

1520.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1520 and therefore denies them.

1521.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1521 and therefore denies them.

1522.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1522 and therefore denies them.

1523.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1523 and therefore denies them.

1524.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1524 and therefore denies them.

1525.  The Big 12 denies the allegations of Paragraph 1525.

1526.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1526 and therefore denies them.

1527.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1527 and therefore denies them.

1528.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1528 and therefore denies them.

1529.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1529 and therefore denies them.

1530.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1530 and therefore denies them.

1531.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1531 and therefore denies them.

1532.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1532 and therefore denies them.

1533.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1533 and therefore denies them.

1534.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1534 and therefore denies them.

1535.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1535 and therefore denies them.

1536.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1536 and therefore denies them.

1537.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1537 and therefore denies them.

1538.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1538 and therefore denies them.

1539.  The Big 12 denies the allegations of Paragraph 1539.

1540.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1540 and therefore denies them.

1541.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1541 and therefore denies them.

1542.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1542 and therefore denies them.

1543.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1543 and therefore denies them.

1544.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1544 and therefore denies them.

1545.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1545 and therefore denies them.

1546.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1546 and therefore denies them.

1547.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1547 and therefore denies them.

1548. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1548 and therefore denies them.

1549. The Big 12 denies the allegations of Paragraph 1549.

1550. The Big 12 denies the allegations of Paragraph 1550.

1551. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1551 and therefore denies them.

1552. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1552 and therefore denies them.

1553. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1553 and therefore denies them.

1554. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1554 and therefore denies them.

1555. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1555 and therefore denies them.

1556. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1556 and therefore denies them.

1557. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1557 and therefore denies them.

1558.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1558 and therefore denies them.

1559.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1559 and therefore denies them.

1560.  The Big 12 denies the allegations of Paragraph 1560.

1561.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1561 and therefore denies them.

1562.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1562 and therefore denies them.

1563.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1563 and therefore denies them.

1564.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1564 and therefore denies them.

1565. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1565 and therefore denies them.

1566. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1566 and therefore denies them.

1567. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1567 and therefore denies them.

1568. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1568 and therefore denies them.

1569. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1569 and therefore denies them.

1570. The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big 12 denies that these rules were "collusive," artificial," "illegal," or "unfair." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1570 and therefore denies them.

1571. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1571 and therefore denies them.

1572. The Big 12 denies the allegations of Paragraph 1572.

1573.  The Big 12 denies the allegations of Paragraph 1573.

1574.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1574 and therefore denies them.

1575.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1575 and therefore denies them.

1576.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1576 and therefore denies them.

1577.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1577 and therefore denies them.

1578.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1578 and therefore denies them.

1579.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1579 and therefore denies them.

1580.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1580 and therefore denies them.

1581.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1581 and therefore denies them.

1582.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1582 and therefore denies them.

1583. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1583 and therefore denies them.

1584. The Big 12 denies the allegations of Paragraph 1584.

1585. The Big 12 denies the allegations of Paragraph 1585.

1586. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1586 and therefore denies them.

1587. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1587 and therefore denies them.

1588. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1588 and therefore denies them.

1589. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1589 and therefore denies them.

1590. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1590 and therefore denies them.

1591.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1591 and therefore denies them.

1592.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1592 and therefore denies them.

1593.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1593 and therefore denies them.

1594.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1594 and therefore denies them.

1595.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1595 and therefore denies them.

1596.  The Big 12 denies the allegations of Paragraph 1596.

1597.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1597 and therefore denies them.

1598.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 1598 and therefore denies them.

1599.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1599 and therefore denies them.

1600.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1600 and therefore denies them.

1601.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1601 and therefore denies them.

1602.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1602 and therefore denies them.

1603.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1603 and therefore denies them.

1604.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1604 and therefore denies them.

1605.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1605 and therefore denies them.

1606.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1606 and therefore denies them.

1607.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1607 and therefore denies them.

1608.  The Big 12 denies the allegations of Paragraph 1608.

1609.  The Big 12 denies the allegations of Paragraph 1609.

1610.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Lauren Cox played basketball at Baylor University from 2016 to 2020.  The Big 12 denies the remaining allegations of Paragraph 1610.

1611.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1610 and therefore denies them.

1612.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1612 and therefore denies them.

1613.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Cox was named to The Big 12 All-Freshman Team in 2017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1613 and therefore denies them.

1614.  The Big 12 admits that Plaintiff Cox was named The Big 12 Women's Basketball Defensive Player of the Year, All-Big 12 First Team, and All-Big 12 Defensive Team in 2018-2019.  The Big 12 admits that Baylor University won The Big 12 Women's Basketball Championship in the 2018-2019 season.  The Big 12 further admits that Baylor University won the NCAA Women's Basketball National Championship in the 2018-2019

season.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1614 and therefore denies them.

1615.  The Big 12 admits that Plaintiff Cox was named the 2019-2020 Big 12 Women's Basketball Player of the Year.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1615 and therefore denies them.

1616.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1616 and therefore denies them.

1617.  The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 further admits that some of Baylor's women's basketball games were nationally televised.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1617 and therefore denies them.

1618.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1618 and therefore denies them.

1619.  The Big 12 denies the allegations of Paragraph 1619.

1620.  The Big 12 denies the allegations of Paragraph 1620.

1621.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1621 and therefore denies them.

1622.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1622 and therefore denies them.

1623.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1623 and therefore denies them.

1624.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1624 and therefore denies them.

1625.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1625 and therefore denies them.

1626.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1626 and therefore denies them.

1627.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1627 and therefore denies them.

1628.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1628 and therefore denies them.

1629.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were

"unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1629 and therefore denies them.

1630.  The Big 12 denies the allegations of Paragraph 1630.

1631.  The Big 12 denies the allegations of Paragraph 1631.

1632.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1632 and therefore denies them.

1633.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1633 and therefore denies them.

1634.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1634 and therefore denies them.

1635.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1635 and therefore denies them.

1636.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1636 and therefore denies them.

1637.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1637 and therefore denies them.

1638.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1638 and therefore denies them.

1639.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1639 and therefore denies them.

1640.  The Big 12 denies the allegations of Paragraph 1640.

1641.  The Big 12 denies the allegations of Paragraph 1641.

1642.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1642 and therefore denies them.

1643.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1643 and therefore denies them.

1644.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1644 and therefore denies them.

1645.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1645 and therefore denies them.

1646.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1646 and therefore denies them.

1647.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1647 and therefore denies them.

1648.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1648 and therefore denies them.

1649.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1649 and therefore denies them.

1650.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1650 and therefore denies them.

1651.  The Big 12 denies the allegations of Paragraph 1651.

1652.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1652 and therefore denies them.

1653.  The Big 12 denies the allegations of Paragraph 1653.

1654.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1654 and therefore denies them.

1655.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1655 and therefore denies them.

1656.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1656 and therefore denies them.

1657.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1657 and therefore denies them.

1658.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1658 and therefore denies them.

1659.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1659 and therefore denies them.

1660.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1660 and therefore denies them.

1661.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1661 and therefore denies them.

1662.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1662 and therefore denies them.

1663.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1663 and therefore denies them.

1664. The Big 12 denies the allegations of Paragraph 1664.

1665. The Big 12 denies the allegations of Paragraph 1665.

1666. The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1666 and therefore denies them.

1667. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1667 and therefore denies them.

1668. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1668 and therefore denies them.

1669. The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1669 and therefore denies them.

1670. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1670 and therefore denies them.

1671. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1671 and therefore denies them.

1672.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1672 and therefore denies them.

1673.  The Big 12 denies the allegations of Paragraph 1673.

1674.  The Big 12 denies the allegations of Paragraph 1674.

1675.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1675 and therefore denies them.

1676.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1676 and therefore denies them.

1677.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1677 and therefore denies them.

1678.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1678 and therefore denies them.

1679.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1679 and therefore denies them.

1680.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1680 and therefore denies them.

1681.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1681 and therefore denies them.

1682.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1682 and therefore denies them.

1683.  The Big 12 denies the allegations of Paragraph 1683.

1684.  The Big 12 denies the allegations of Paragraph 1684.

1685.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1685 and therefore denies them.

1686.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1686 and therefore denies them.

1687.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1687 and therefore denies them.

1688.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1688 and therefore denies them.

1689.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1689 and therefore denies them.

1690.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1690 and therefore denies them.

1691.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1691 and therefore denies them.

1692.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1692 and therefore denies them.

1693.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1693 and therefore denies them.

1694. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1694 and therefore denies them.

1695.  The Big 12 denies the allegations of Paragraph 1695.

1696.  The Big 12 denies the allegations of Paragraph 1696.

1697.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1697 and therefore denies them.

1698.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1698 and therefore denies them.

1699.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1699 and therefore denies them.

1700.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1700 and therefore denies them.

1701.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1701 and therefore denies them.

1702.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1702 and therefore denies them.

1703.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1703 and therefore denies them.

1704.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1704 and therefore denies them.

1705.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 denies that these rules were

"unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1705 and therefore denies them.

1706.  The Big 12 denies the allegations of Paragraph 1706.

1707.  The Big 12 denies the allegations of Paragraph 1707.

1708.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1708 and therefore denies them.

1709.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1709 and therefore denies them.

1710.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1710 and therefore denies them.

1711.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1711 and therefore denies them.

1712.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1712 and therefore denies them.

1713.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1713 and therefore denies them.

1714.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1714 and therefore denies them.

1715.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1715 and therefore denies them.

1716.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1716 and therefore denies them.

1717.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1717 and therefore denies them.

1718.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1718 and therefore denies them.

1719.  The Big 12 denies the allegations of Paragraph 1719.

1720.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1720 and therefore denies them.

1721.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1721 and therefore denies them.

1722.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1722 and therefore denies them.

1723.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1723 and therefore denies them.

1724.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1724 and therefore denies them.

1725.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1725 and therefore denies them.

1726.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1726 and therefore denies them.

1727.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1727 and therefore denies them.

1728.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1728 and therefore denies them.

1729. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1729 and therefore denies them.

1730.  The Big 12 denies the allegations of Paragraph 1730.

1731.  The Big 12 denies the allegations of Paragraph 1731.

1732.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1732 and therefore denies them.

1733.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1733 and therefore denies them.

1734.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1734 and therefore denies them.

1735.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1735 and therefore denies them.

1736.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1736 and therefore denies them.

1737.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1737 and therefore denies them.

1738.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1738 and therefore denies them.

1739.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1739 and therefore denies them.

1740.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1740 and therefore denies them.

1741. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1741 and therefore denies them.

1742. The Big 12 denies the allegations of Paragraph 1742.

1743. The Big 12 denies the allegations of Paragraph 1743.

1744. The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1744 and therefore denies them.

1745. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1745 and therefore denies them.

1746. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1746 and therefore denies them.

1747. The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1747 and therefore denies them.

1748. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1748 and therefore denies them.

1749.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1749 and therefore denies them.

1750.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1750 and therefore denies them.

1751.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1751 and therefore denies them.

1752.  The Big 12 denies the allegations of Paragraph 1752.

1753.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Mykel Jones played college football at the University of Oklahoma from 2016 to 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1753 and therefore denies them.

1754.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1754 and therefore denies them.

1755.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1755 and therefore denies them.

1756.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 admits that Plaintiff Jones was named to the 2017 All-Big 12 Academic Second Team. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1756 and therefore denies them.

1757.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1757 and therefore denies them.

1758.  The Big 12 admits that the University of Oklahoma was a member of The Big 12 Conference during the seasons that Plaintiff Jones participated in college football at Oklahoma. The Big 12 further admits that it made distributions to its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1758 and therefore denies them.

1759. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 admits that Plaintiff Jones competed for the University of Oklahoma.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1759 and therefore denies them.

1760.  The Big 12 denies the allegations of Paragraph 1760.

1761.  The Big 12 denies the allegations of Paragraph 1761.

1762.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1762

and therefore denies them.

1763.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1763 and therefore denies them.

1764.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1764 and therefore denies them.

1765.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1765 and therefore denies them.

1766.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1766 and therefore denies them.

1767.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1767 and therefore denies them.

1768.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1768 and therefore denies them.

1769.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1769 and therefore denies them.

1770.  The Big 12 denies the allegations of Paragraph 1770.

1771. The Big 12 denies the allegations of Paragraph 1771.

1772. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1772 and therefore denies them.

1773. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1773 and therefore denies them.

1774. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1774 and therefore denies them.

1775. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1775 and therefore denies them.

1776. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1776 and therefore denies them.

1777. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1777 and therefore denies them.

1778. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1778 and therefore denies them.

1779. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1779 and therefore denies them.

1780. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1780 and therefore denies them.

1781.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1781 and therefore denies them.

1782.  The Big 12 denies the allegations of Paragraph 1782.

1783.  The Big 12 denies the allegations of Paragraph 1783.

1784.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Nick Loftin played college baseball at Baylor University from 2017 to 2020.  The Big 12 denies the remaining allegations of Paragraph 1784.

1785.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1785 and therefore denies them.

1786.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1786 and therefore denies them.

1787.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Loftin was named to the 2018 All-Big 12 Baseball Second Team and the 2019 All-Big 12 Baseball First Team. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1787

and therefore denies them.

1788.  The Big 12 admits that Plaintiff Loftin was named to the 2020 All-Big 12 Preseason Baseball Team.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1788 and therefore denies them.

1789.  The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 further admits that some of Baylor's baseball games were broadcast on The Big 12 Network and other television stations.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1789 and therefore denies them.

1790.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1790 and therefore denies them.

1791.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1791 and therefore denies them.

1792.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were

"unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1792 and therefore denies them.

1793.  The Big 12 denies the allegations of Paragraph 1793.

1794.  The Big 12 denies the allegations of Paragraph 1794.

1795.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1795 and therefore denies them.

1796.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1796 and therefore denies them.

1797.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1797 and therefore denies them.

1798.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1798 and therefore denies them.

1799.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1799 and therefore denies them.

1800.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1800 and therefore denies them.

1801.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1801 and therefore denies them.

1802.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1802 and therefore denies them.

1803.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1803 and therefore denies them.

1804.  The Big 12 denies the allegations of Paragraph 1804.

1805.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1805 and therefore denies them.

1806.  The Big 12 denies the allegations of Paragraph 1806.

1807.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1807 and therefore denies them.

1808.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1808 and therefore denies them.

1809.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1809 and therefore denies them.

1810.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1810 and therefore denies them.

1811.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1811 and therefore denies them.

1812.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1812 and therefore denies them.

1813.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1813 and therefore denies them.

1814.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1814 and therefore denies them.

1815.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1815 and therefore denies them.

1816.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1816 and therefore denies them.

1817.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations of Paragraph 1817 and therefore denies them.

The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1817 and therefore denies them.

1818. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1818 and therefore denies them.

1819. The Big 12 denies the allegations of Paragraph 1819.

1820. The Big 12 denies the allegations of Paragraph 1820.

1821. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1821 and therefore denies them.

1822. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1822 and therefore denies them.

1823. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1823 and therefore denies them.

1824. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1824 and therefore denies them.

1825. The Big 12 denies that any plaintiff provided "labor" as a college athlete.

The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1825 and therefore denies them.

1826.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1826 and therefore denies them.

1827.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1827 and therefore denies them.

1828.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1828 and therefore denies them.

1829.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1829 and therefore denies them.

1830.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1830 and therefore denies them.

1831.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1831 and therefore denies them.

1832.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1832 and therefore denies them.

1833.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of Paragraph 1833 and therefore denies them.

1834.  The Big 12 denies the allegations of Paragraph 1834.

1835.  The Big 12 denies the allegations of Paragraph 1835.

1836.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1836 and therefore denies them.

1837.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1837 and therefore denies them.

1838.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1838 and therefore denies them.

1839.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1839 and therefore denies them.

1840.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1840 and therefore denies them.

1841.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1841 and therefore denies them.

1842.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were

"unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1842 and therefore denies them.

1843.  The Big 12 denies the allegations of Paragraph 1843.

1844.  The Big 12 denies the allegations of Paragraph 1844.

1845.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Riley Cornelio played college baseball at Texas Christian University from 2020 to 2022.  The Big 12 denies the remaining allegations of Paragraph 1845.

1846.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1846 and therefore denies them.

1847.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1847 and therefore denies them.

1848.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1848 and therefore denies them.

1849.  The Big 12 admits that Texas Christian University is a member of The Big 12 Conference.  The Big 12 further admits that some of TCU's baseball games were nationally televised.  The Big 12 admits that it made distributions to its members in 2021. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1849 and therefore denies them.

1850.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1850 and therefore denies them.

1851.  The Big 12 denies the allegations of Paragraph 1851.

1852.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1852 and therefore denies them.

1853.  The Big 12 denies the allegations of Paragraph 1853.

1854.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Ryan Miller played college football at Baylor University from 2017 to 2020.  The Big 12 denies the remaining allegations of Paragraph 1854.

1855.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1855 and therefore denies them.

1856.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1856 and therefore denies them.

1857.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Miller was named to the All-Big 12 Academic First Team in 2018 and 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1857 and therefore denies them.

1858.  The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 admits that some of Baylor's football games were nationally televised.  The Big 12 further admits that it made distributions to its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1858 and therefore denies them.

1859.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1859 and therefore denies them.

1860.  The Big 12 denies the allegations of Paragraph 1860.

1861.  The Big 12 denies the allegations of Paragraph 1861.

1862.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1862 and therefore denies them.

1863.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1863 and therefore denies them.

1864.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1864 and therefore denies them.

1865.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1865 and therefore denies them.

1866.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1866 and therefore denies them.

1867.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1867 and therefore denies them.

1868.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1868 and therefore denies them.

1869.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1869 and therefore denies them.

1870.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1870 and therefore denies them.

1871.  The Big 12 denies the allegations of Paragraph 1871.

1872.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1872 and therefore denies them.

1873.  The Big 12 denies the allegations of Paragraph 1873.

1874.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1874 and therefore denies them.

1875.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1875 and therefore denies them.

1876.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1876 and therefore denies them.

1877.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1877 and therefore denies them.

1878.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1878 and therefore denies them.

1879.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1879 and therefore denies them.

1880.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1880 and therefore denies them.

1881. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1881 and therefore denies them.

1882. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1882 and therefore denies them.

1883. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1883 and therefore denies them.

1884. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1884 and therefore denies them.

1885. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1885 and therefore denies them.

1886. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1886 and therefore denies them.

1887. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1887 and therefore denies them.

1888. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1888 and therefore denies them.

1889. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1889 and therefore denies them.

1890. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1890 and therefore denies them.

1891. The Big 12 denies the allegations of Paragraph 1891.

1892. The Big 12 denies the allegations of Paragraph 1892.

1893. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1893 and therefore denies them.

1894. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1894 and therefore denies them.

1895. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1895 and therefore denies them.

1896. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1896 and therefore denies them.

1897. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1897 and therefore denies them.

1898. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1898 and therefore denies them.

1899.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1899 and therefore denies them.

1900.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1900 and therefore denies them.

1901.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1901 and therefore denies them.

1902.  The Big 12 denies the allegations of Paragraph 1902.

1903.  The Big 12 denies the allegations of Paragraph 1903.

1904.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1904 and therefore denies them.

1905.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1905 and therefore denies them.

1906.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1906 and therefore denies them.

1907.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1907 and therefore denies them.

1908. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1908 and therefore denies them.

1909. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1909 and therefore denies them.

1910. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1910 and therefore denies them.

1911. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1911 and therefore denies them.

1912. The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1912 and therefore denies them.

1913. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1913 and therefore denies them.

1914. The Big 12 denies the allegations of Paragraph 1914.

1915.  The Big 12 denies the allegations of Paragraph 1915.

1916.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1916 and therefore denies them.

1917.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1917 and therefore denies them.

1918.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1918 and therefore denies them.

1919.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1919 and therefore denies them.

1920.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1920 and therefore denies them.

1921.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1921 and therefore denies them.

1922.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1922 and therefore denies them.

1923.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1923 and therefore denies them.

1924.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 1924 and therefore denies them.

1925.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1925 and therefore denies them.

1926.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1926 and therefore denies them.

1927.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1927 and therefore denies them.

1928.  The Big 12 denies the allegations of Paragraph 1928.

1929.  The Big 12 denies the allegations of Paragraph 1929.

1930.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1930 and therefore denies them.

1931.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1931 and therefore denies them.

1932.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1932 and therefore denies them.

1933.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1933 and therefore denies them.

1934.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1934 and therefore denies them.

1935.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1935 and therefore denies them.

1936.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1936 and therefore denies them.

1937.  The Big 12 admits that some UCF football games were nationally televised.  The Big 12 lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 1937 and therefore denies them.

1938.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1938 and therefore denies them.

1939.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1939 and therefore denies them.

1940.  The Big 12 denies the allegations of Paragraph 1940.

1941.  The Big 12 denies the allegations of Paragraph 1941.

1942.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1942 and therefore denies them.

1943.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1943 and therefore denies them.

1944.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1944 and therefore denies them.

1945.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1945 and therefore denies them.

1946.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1946 and therefore denies them.

1947.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1947 and therefore denies them.

1948.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1948 and therefore denies them.

1949.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1949 and therefore denies them.

1950.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1950 and therefore denies them.

1951.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1951 and therefore denies them.

1952.  The Big 12 denies the allegations of Paragraph 1952.

1953.  The Big 12 denies the allegations of Paragraph 1953.

1954.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Shea Langeliers played college baseball at Baylor University from 2016 to 2019.  The Big 12 denies the remaining allegations of Paragraph 1954.

1955.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1955 and therefore denies them.

1956.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1956 and therefore denies them.

1957.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Langeliers was named to the All-Big 12 Freshman Baseball Team and the All-Big 12 Baseball Second Team in 2017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1957 and therefore denies them.

1958.  The Big 12 admits that Plaintiff Langeliers was named to the All-Big 12 Baseball First Team in 2018.  The Big 12 admits that Plaintiff Langeliers was named Co-MVP of The Big 12 Baseball postseason tournament in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1958 and therefore denies them.

1959.  The Big 12 admits that Plaintiff Langeliers was named to the All-Big 12 Baseball First Team in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1959 and therefore denies them.

1960.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1960 and therefore denies them.

1961.  The Big 12 admits that Baylor University is a member of The Big 12 Conference.  The Big 12 further admits that some Baylor baseball games were broadcast on The Big 12 Network and other television networks.   The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1961 and therefore denies them.

1962.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1962 and therefore denies them.

1963.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1963 and therefore denies them.

1964.  The Big 12 admits that NCAA rules previously established limitations on the

number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1964 and therefore denies them.

1965.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1965 and therefore denies them.

1966.  The Big 12 denies the allegations of Paragraph 1966.

1967.  The Big 12 denies the allegations of Paragraph 1967.

1968.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1968 and therefore denies them.

1969.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1969 and therefore denies them.

1970.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1970 and therefore denies them.

1971.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 1971 and therefore denies them.

1972.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1972 and therefore denies them.

1973.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1973 and therefore denies them.

1974.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1974 and therefore denies them.

1975.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1975 and therefore denies them.

1976.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1976 and therefore denies them.

1977.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1977 and therefore denies them.

1978.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1978 and therefore denies them.

1979. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1979 and therefore denies them.

1980.  The Big 12 denies the allegations of Paragraph 1980.

1981.  The Big 12 denies the allegations of Paragraph 1981.

1982.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1982 and therefore denies them.

1983.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1983 and therefore denies them.

1984.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1984 and therefore denies them.

1985.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1984 and therefore denies them.

1986.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1986 and therefore denies them.

1987.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1987 and therefore denies them.

1988.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1988 and therefore denies them.

1989.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial,"

"illegal," or "unfair." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1989 and therefore denies them.

1990. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1990 and therefore denies them.

1991. The Big 12 denies the allegations of Paragraph 1991.

1992. The Big 12 denies the allegations of Paragraph 1992.

1993. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1993 and therefore denies them.

1994. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1994 and therefore denies them.

1995. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1995 and therefore denies them.

1996. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1996 and therefore denies them.

1997.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1997 and therefore denies them.

1998.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1998 and therefore denies them.

1999.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1999 and therefore denies them.

2000.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2000 and therefore denies them.

2001.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2001 and therefore denies them.

2002.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2002 and therefore denies them.

2003.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2003 and therefore denies them.

2004.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2004 and therefore denies them.

2005.  The Big 12 denies the allegations of Paragraph 2005.

2006.  The Big 12 denies the allegations of Paragraph 2006.

2007.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2007 and therefore denies them.

2008.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2008 and therefore denies them.

2009.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2009 and therefore denies them.

2010.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2010 and therefore denies them.

2011.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2011 and therefore denies them.

2012.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2012 and therefore denies them.

2013.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2013 and therefore denies them.

2014.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 denies that any plaintiff provided "labor" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2014 and therefore denies them.

2015.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2015 and therefore denies them.

2016.  The Big 12 denies the allegations of Paragraph 2016.

2017.  The Big 12 denies the allegations of Paragraph 2017.

2018.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2018 and therefore denies them.

2019.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2019 and therefore denies them.

2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2020 and therefore denies them.

2021.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2021 and therefore denies them.

2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2022 and therefore denies them.

2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2023 and therefore denies them.

2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2024 and therefore denies them.

2025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2025 and therefore denies them.

2026.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2026 and therefore denies them.

2027.  The Big 12 denies the allegations of Paragraph 2027.

2028.  The Big 12 denies the allegations of Paragraph 2028.

2029.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2029 and therefore denies them.

2030.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2030 and therefore denies them.

2031.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2031 and therefore denies them.

2032.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2032 and therefore denies them.

2033.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2033 and therefore denies them.

2034.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2034 and therefore denies them.

2035.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2035 and therefore denies them.

2036.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2036 and therefore denies them.

2037.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2037 and therefore denies them.

2038.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2038 and therefore denies them.

2039.  The Big 12 denies the allegations of Paragraph 2039.

2040.  The Big 12 denies the allegations of Paragraph 2040.

2041.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2041 and therefore denies them.

2042.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2042 and therefore denies them.

2043.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2043 and therefore denies them.

2044.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2044 and therefore denies them.

2045.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2045 and therefore denies them.

2046.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2046 and therefore denies them.

2047.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2047 and therefore denies them.

2048.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were

"unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2048 and therefore denies them.

2049.  The Big 12 denies the allegations of Paragraph 2049.

2050.  The Big 12 denies the allegations of Paragraph 2050.

2051.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2051 and therefore denies them.

2052.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2052 and therefore denies them.

2053.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2053 and therefore denies them.

2054.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2054 and therefore denies them.

2055.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2055 and therefore denies them.

2056.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2056 and therefore denies them.

2057.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2057 and therefore denies them.

2058.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2058 and therefore denies them.

2059.  The Big 12 denies the allegations of Paragraph 2059.

2060.  The Big 12 denies the allegations of Paragraph 2060.

2061.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2061 and therefore denies them.

2062.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2062 and therefore denies them.

2063.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2063 and therefore denies them.

2064.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2064 and therefore denies them.

2065.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 2065 and therefore denies them.

2066. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2066 and therefore denies them.

2067. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2067 and therefore denies them.

2068. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2068 and therefore denies them.

2069. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2069 and therefore denies them.

2070. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2070 and therefore denies them.

2071. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2071 and therefore denies them.

2072. The Big 12 denies the allegations of Paragraph 2072.

2073. The Big 12 denies the allegations of Paragraph 2073.

2074. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2074

and therefore denies them.

2075. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2075 and therefore denies them.

2076. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2076 and therefore denies them.

2077. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2077 and therefore denies them.

2078. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2078 and therefore denies them.

2079. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2079 and therefore denies them.

2080. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2080 and therefore denies them.

2081. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2081 and therefore denies them.

2082. The Big 12 denies the allegations of Paragraph 2082.

2083.  The Big 12 denies the allegations of Paragraph 2083.

2084.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2084 and therefore denies them.

2085.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2085 and therefore denies them.

2086.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2086 and therefore denies them.

2087.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2087 and therefore denies them.

2088.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2088 and therefore denies them.

2089.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2089 and therefore denies them.

2090.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2090 and therefore denies them.

2091.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2091 and therefore denies them.

2092.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2092 and therefore denies them.

2093.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2093 and therefore denies them.

2094.  The Big 12 denies the allegations of Paragraph 2094.

2095.  The Big 12 denies the allegations of Paragraph 2095.

2096.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2096 and therefore denies them.

2097.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2097 and therefore denies them.

2098.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2098 and therefore denies them.

2099.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2099 and therefore denies them.

2100.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2100 and therefore denies them.

2101.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2101 and therefore denies them.

2102.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2102 and therefore denies them.

2103.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive," "artificial," "illegal," or "unfair."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2103 and therefore denies them.

2104.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2104 and therefore denies them.

2105.  The Big 12 denies the allegations of Paragraph 2105.

2106.  The Big 12 denies the allegations of Paragraph 2106.

2107.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2107 and therefore denies them.

2108.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2108 and therefore denies them.

2109.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2109 and therefore denies them.

2110.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2110 and therefore denies them.

2111.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2111 and therefore denies them.

2112.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2112 and therefore denies them.

2113.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2113 and therefore denies them.

2114.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2114 and therefore denies them.

2115.  The Big 12 denies the allegations of Paragraph 2115.

2116.  The Big 12 denies the allegations of Paragraph 2116.

2117.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2117 and therefore denies them.

2118.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2118 and therefore denies them.

2119.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2119 and therefore denies them.

2120.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2120 and therefore denies them.

2121.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2121 and therefore denies them.

2122.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2122 and therefore denies them.

2123.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2123 and therefore denies them.

2124.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The

Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2124 and therefore denies them.

2125. The Big 12 denies the allegations of Paragraph 2125.

2126. The Big 12 denies the allegations of Paragraph 2126.

2127. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2127 and therefore denies them.

2128. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2128 and therefore denies them.

2129. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2129 and therefore denies them.

2130. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2130 and therefore denies them.

2131. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2131 and therefore denies them.

2132. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2132 and therefore denies them.

2133. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2133 and therefore denies them.

2134.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2134 and therefore denies them.

2135.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2135 and therefore denies them.

2136.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2136 and therefore denies them.

2137.  The Big 12 denies the allegations of Paragraph 2137.

2138.  The Big 12 denies the allegations of Paragraph 2138.

2139.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2139 and therefore denies them.

2140.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2140 and therefore denies them.

2141.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2141 and therefore denies them.

2142.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2142 and therefore denies them.

2143.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2143 and therefore denies them.

2144.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2144 and therefore denies them.

2145.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2145 and therefore denies them.

2146.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2146 and therefore denies them.

2147.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2147 and therefore denies them.

2148.  The Big 12 denies the allegations of Paragraph 2148.

2149.  The Big 12 denies the allegations of Paragraph 2149.

2150.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2150 and therefore denies them.

2151.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2151 and therefore denies them.

2152.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2152 and therefore denies them.

2153.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2153 and therefore denies them.

2154.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2154 and therefore denies them.

2155.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2155 and therefore denies them.

2156.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2156 and therefore denies them.

2157.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2157 and therefore denies them.

2158.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2158 and therefore denies them.

2159.  The Big 12 denies the allegations of Paragraph 2159.

2160.  The Big 12 denies the allegations of Paragraph 2160.

2161.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2161 and therefore denies them.

2162.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2162 and therefore denies them.

2163.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2163 and therefore denies them.

2164.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2164 and therefore denies them.

2165.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2165 and therefore denies them.

2166.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2166 and therefore denies them.

2167.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2167 and therefore denies them.

2168.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2168 and therefore denies them.

2169.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2169 and therefore denies them.

2170.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2170 and therefore denies them.

2171.  The Big 12 denies the allegations of Paragraph 2171.

2172.  The Big 12 denies the allegations of Paragraph 2172.

2173.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2173 and therefore denies them.

2174.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2174 and therefore denies them.

2175.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2175 and therefore denies them.

2176.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2176 and therefore denies them.

2177.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2177 and therefore denies them.

2178.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2178 and therefore denies them.

2179.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2179 and therefore denies them.

2180.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2180 and therefore denies them.

2181.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2181 and therefore denies them.

2182.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2182 and therefore denies them.

2183.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2183 and therefore denies them.

2184.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2184 and therefore denies them.

2185. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2185 and therefore denies them.

2186.  The Big 12 denies the allegations of Paragraph 2186.

2187.  The Big 12 denies the allegations of Paragraph 2187.

2188.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2188 and therefore denies them.

2189.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2189 and therefore denies them.

2190.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2190 and therefore denies them.

2191.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2191 and therefore denies them.

2192.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2192 and therefore denies them.

2193.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2193 and therefore denies them.

2194.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2194 and therefore denies them.

2195.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2195 and therefore denies them.

2196.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2196 and therefore denies them.

2197.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2197 and therefore denies them.

2198.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2198 and therefore denies them.

2199.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2199 and therefore denies them.

2200.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2200 and therefore denies them.

2201.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2201 and therefore denies them.

2202.  The Big 12 denies the allegations of Paragraph 2202.

2203.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2203 and therefore denies them.

2204.  The Big 12 denies the allegations of Paragraph 2204.

2205.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2205 and therefore denies them.

2206.  The Big 12 denies the allegations of Paragraph 2206.

2207.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2207 and therefore denies them.

2208.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2208 and therefore denies them.

2209.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2209 and therefore denies them.

2210.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2210 and therefore denies them.

2211.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2211 and therefore denies them.

2212.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2212 and therefore denies them.

2213.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" or "works" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2213 and therefore denies them.

2214.  The Big 12 denies that NCAA rules are "unfair[]" or "anti-competitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2214 and therefore denies them.

2215.  The Big 12 denies the allegations of Paragraph 2215.

2216.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Ammon Hannemann played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2216 and therefore denies them.

2217.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2217 and therefore denies them.

2218.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2218 and therefore denies them.

2219.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2219 and therefore denies them.

2220.  The Big 12 admits that BYU joined The Big 12 Conference on July 1, 2023. The Big 12 further admits that member institution distributions have generally increased over time.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2220 and therefore denies them.

2221. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal" or "anticompetitive."  The Big 12 denies remaining allegations of Paragraph 2221.

2222.  The Big 12 denies the allegations of Paragraph 2222.

2223.  The Big 12 denies the allegations of Paragraph 2232.

2224.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2224 and therefore denies them.

2225.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2225 and therefore denies them.

2226.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2226 and therefore denies them.

2227.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2227 and therefore denies them.

2228.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2228 and therefore denies them.

2229.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2229 and therefore denies them.

2230.  The Big 12 denies the allegations of Paragraph 2230.

2231.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Ben Bywater played football at Brigham Young University from 2023 to 2024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2231 and therefore denies them.

2232.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2232 and therefore denies them.

2233.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2233 and therefore denies them.

2234.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2234 and therefore denies them.

2235.  The Big 12 admits that BYU joined The Big 12 Conference on July 1, 2023. The Big 12 further admits that member institution distributions have generally increased over time.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2235 and therefore denies them.

2236.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2236 and therefore denies them.

2237.  The Big 12 denies the allegations of Paragraph 2237.

2238.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2238 and therefore denies them.

2239.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2239 and therefore denies them.

2240.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2240 and therefore denies them.

2241.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2241 and therefore denies them.

2242.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2242 and therefore denies them.

2243.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2243 and therefore denies them.

2244.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2244 and therefore denies them.

2245.  The Big 12 denies the allegations of Paragraph 2245.

2246.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2246 and therefore denies them.

2247.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2247 and therefore denies them.

2248.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2248 and therefore denies them.

2249.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2249 and therefore denies them.

2250.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2250 and therefore denies them.

2251.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2251 and therefore denies them.

2252.  The Big 12 denies the allegations of Paragraph 2252.

2253.  The Big 12 denies the allegations of Paragraph 2253.

2254.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2254 and therefore denies them.

2255.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2255 and therefore denies them.

2256.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2256 and therefore denies them.

2257.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2257 and therefore denies them.

2258.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2258 and therefore denies them.

2259.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2259 and therefore denies them.

2260.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2260 and therefore denies them.

2261.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2261 and therefore denies them.

2262.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2262 and therefore denies them.

2263.  The Big 12 denies the allegations of Paragraph 2263.

2264.  The Big 12 denies the allegations of Paragraph 2264.

2265.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2265

and therefore denies them.

2266.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2266 and therefore denies them.

2267.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2267 and therefore denies them.

2268.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2268 and therefore denies them.

2269.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2269 and therefore denies them.

2270.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2270 and therefore denies them.

2271.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2271 and therefore denies them.

2272.  The Big 12 denies the allegations of Paragraph 2272.

2273.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Caden

Haws played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2273 and therefore denies them.

2274.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2274 and therefore denies them.

2275.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2275 and therefore denies them.

2276.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2276 and therefore denies them.

2277.  The Big 12 admits that BYU joined The Big 12 Conference on July 1, 2023.  The Big 12 further admits that member institution distributions have generally increased over time.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2277 and therefore denies them.

2278.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2278 and therefore denies them.

2279.  The Big 12 denies the allegations of Paragraph 2279.

2280.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Chaz Ah You played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2280 and therefore denies them.

2281.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2281 and therefore denies them.

2282.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2282 and therefore denies them.

2283.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2283 and therefore denies them.

2284.  The Big 12 admits that BYU joined The Big 12 Conference on July 1, 2023.  The Big 12 further admits that member institution distributions have generally increased over time.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2284 and therefore denies them.

2285.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2285 and therefore

denies them.

2286.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2286 and therefore denies them.

2287.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2287 and therefore denies them.

2288.  The Big 12 denies the allegations of Paragraph 2288.

2289.  The Big 12 denies the allegations of Paragraph 2289.

2290.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2290 and therefore denies them.

2291.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2291 and therefore denies them.

2292.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2292 and therefore denies them.

2293.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2293 and therefore denies them.

2294.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2294 and therefore denies them.

2295. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2295 and therefore denies them.

2296.  The Big 12 denies the allegations of Paragraph 2296.

2297.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2297 and therefore denies them.

2298.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2298 and therefore denies them.

2299.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2299 and therefore denies them.

2300.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2300 and therefore denies them.

2301.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2301 and therefore denies them.

2302.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 2302 and therefore denies them.

2303.  The Big 12 denies the allegations of Paragraph 2303.

2304.  The Big 12 denies the allegations of Paragraph 2304.

2305.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2305 and therefore denies them.

2306.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2306 and therefore denies them.

2307.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2307 and therefore denies them.

2308.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2308 and therefore denies them.

2309.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2309 and therefore denies them.

2310.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations of Paragraph 2310 and therefore denies them.

2311.  The Big 12 denies the allegations of Paragraph 2311.

2312.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2312 and therefore denies them.

2313.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2313 and therefore denies them.

2314.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2314 and therefore denies them.

2315.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2315 and therefore denies them.

2316.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2316 and therefore denies them.

2317.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2317 and therefore denies them.

2318.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2318 and therefore denies them.

2319.  The Big 12 denies the allegations of Paragraph 2319.

2320.  The Big 12 denies the allegations of Paragraph 2320.

2321.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2321 and therefore denies them.

2322.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2322 and therefore denies them.

2323.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2323 and therefore denies them.

2324.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2324 and therefore denies them.

2325.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2325 and therefore denies them.

2326.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2326 and therefore

denies them.

2327.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2327 and therefore denies them.

2328.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2328 and therefore denies them.

2329.  The Big 12 denies the allegations of Paragraph 2329.

2330.  The Big 12 denies the allegations of Paragraph 2330.

2331.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2331 and therefore denies them.

2332.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2332 and therefore denies them.

2333.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2333 and therefore denies them.

2334.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2334 and therefore denies them.

2335.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2335 and therefore denies them.

2336. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful" or "anticompetitive." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2336 and therefore denies them.

2337. The Big 12 denies the allegations of Paragraph 2337.

2338. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2338 and therefore denies them.

2339. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2339 and therefore denies them.

2340. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2340 and therefore denies them.

2341. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2341 and therefore denies them.

2342. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2342 and therefore denies them.

2343. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2343 and therefore denies them.

2344. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal," "unlawful," or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2344 and therefore denies them.

2345. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2345 and therefore denies them.

2346. The Big 12 denies the allegations of Paragraph 2346.

2347. The Big 12 denies the allegations of Paragraph 2347.

2348. The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2348 and therefore denies them.

2349. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2349 and therefore denies them.

2350. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2350 and therefore denies them.

2351. The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2351 and therefore denies them.

2352. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2352 and therefore denies them.

2353. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2353 and therefore denies them.

2354. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2354 and therefore denies them.

2355. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful" or "anticompetitive." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2355 and therefore denies them.

2356. The Big 12 denies that any NCAA rules are "unlawful" or "unjust[]." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2356 and therefore denies them.

2357. The Big 12 denies the allegations of Paragraph 2357.

2358. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2358 and therefore denies them.

2359. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2359 and therefore denies them.

2360.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2360 and therefore denies them.

2361.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2361 and therefore denies them.

2362.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2362 and therefore denies them.

2363.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2363 and therefore denies them.

2364.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2364 and therefore denies them.

2365.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2365 and therefore denies them.

2366.  The Big 12 denies the allegations of Paragraph 2366.

2367.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2367 and therefore denies them.

2368.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2368 and therefore denies them.

2369.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2369 and therefore denies them.

2370.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2370 and therefore denies them.

2371.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2371 and therefore denies them.

2372.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2372 and therefore denies them.

2373.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2373 and therefore denies them.

2374.  The Big 12 denies the allegations of Paragraph 2374.

2375.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2375

and therefore denies them.

2376.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2376 and therefore denies them.

2377.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2377 and therefore denies them.

2378.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2378 and therefore denies them.

2379.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2379 and therefore denies them.

2380.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2380 and therefore denies them.

2381.  The Big 12 denies the allegations of Paragraph 2381.

2382.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2382 and therefore denies them.

2383.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2383 and therefore denies them.

2384.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2384 and therefore denies them.

2385.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2385 and therefore denies them.

2386.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2387 and therefore denies them.

2387.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2388 and therefore denies them.

2388.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2389 and therefore denies them.

2389.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2389 and therefore denies them.

2390.  The Big 12 denies that any NCAA rules are "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 2390 and therefore denies them.

2391.  The Big 12 denies that any NCAA rules are "anticompetitive" or "unfair[]." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2391 and therefore denies them.

2392.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2392 and therefore denies them.

2393.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2393 and therefore denies them.

2394.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2394 and therefore denies them.

2395.  The Big 12 denies the allegations of Paragraph 2395.

2396.  The Big 12 denies the allegations of Paragraph 2396.

2397.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2397 and therefore denies them.

2398.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2398 and therefore denies them.

2399.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2399 and therefore denies them.

2400.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2400 and therefore denies them.

2401.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2401 and therefore denies them.

2402.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2402 and therefore denies them.

2403.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2403 and therefore denies them.

2404.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2404 and therefore denies them.

2405.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2405 and therefore denies them.

2406.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2406 and therefore denies them.

2407.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2407 and therefore denies them.

2408.  The Big 12 denies the allegations of Paragraph 2408.

2409.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2409 and therefore denies them.

2410.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2410 and therefore denies them.

2411.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2411 and therefore denies them.

2412.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2412 and therefore denies them.

2413.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2413 and therefore denies them.

2414.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2414 and therefore denies them.

2415.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2415 and therefore denies them.

2416.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2416 and therefore denies them.

2417.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2417 and therefore denies them.

2418.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Malik Moore played football at Brigham Young University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2418 and therefore denies them.

2419.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2419 and therefore denies them.

2420.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2420 and therefore denies them.

2421.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2421 and therefore denies them.

2422.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2422 and therefore denies them.

2423.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2423 and therefore denies them.

2424.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2424 and therefore denies them.

2425.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2425 and therefore denies them.

2426.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2426 and therefore denies them.

2427.  The Big 12 denies the allegations of Paragraph 2427.

2428.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2428 and therefore denies them.

2429.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2429 and therefore denies them.

2430.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2430 and therefore denies them.

2431.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2431 and therefore denies them.

2432.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2432 and therefore denies them.

2433.  The Big 12 denies the allegations of Paragraph 2433.

2434.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 2434 and therefore denies them.

2435.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2435 and therefore denies them.

2436.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2436 and therefore denies them.

2437.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2437 and therefore denies them.

2438.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2438 and therefore denies them.

2439.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2439 and therefore denies them.

2440.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2440 and therefore denies them.

2441.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2441 and therefore denies them.

2442.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2442 regarding Plaintiff Wake's college football playing career and therefore denies them. The Big 12 denies the remaining allegations of Paragraph 2442.

2443.  The Big 12 denies the allegations of Paragraph 2443.

2444.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2444 and therefore denies them.

2445.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2445 and therefore denies them.

2446.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2446 and therefore denies them.

2447.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2447 and therefore denies them.

2448.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2448 and therefore denies them.

2449.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2449 and therefore denies them.

2450.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2450 and therefore denies them.

2451.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2451 and therefore denies them.

2452.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2452 and therefore denies them.

2453.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2453 and therefore denies them.

2454.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2454 and therefore denies them.

2455.  The Big 12 denies the allegations of Paragraph 2455.

2456.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2456 and therefore denies them.

2457.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2457 and therefore denies them.

2458.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2458 and therefore denies them.

2459.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2459 and therefore denies them.

2460.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2460 and therefore denies them.

2461.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2461 and therefore denies them.

2462.  The Big 12 denies the allegations of Paragraph 2462.

2463.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2463 and therefore denies them.

2464.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 2464 and therefore denies them.

2465.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2465 and therefore denies them.

2466.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2466 and therefore denies them.

2467.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2467 and therefore denies them.

2468.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2468 and therefore denies them.

2469.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2469 and therefore denies them.

2470.  The Big 12 denies the allegations of Paragraph 2470.

2471.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2471 and therefore denies them.

2472.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2472 and therefore denies them.

2473.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2473 and therefore denies them.

2474.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2474 and therefore denies them.

2475.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2475 and therefore denies them.

2476.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2476 and therefore denies them.

2477.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2477 and therefore denies them.

2478.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2478 and therefore denies them.

2479.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2479 and therefore denies them.

2480.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2480 and therefore denies them.

2481.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2481 and therefore denies them.

2482.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2482 and therefore denies them.

2483.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2483 and therefore denies them.

2484.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2484 and therefore denies them.

2485.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful" or "anticompetitive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2485 and therefore denies them.

2486.  The Big 12 denies the allegations of Paragraph 2486.

2487.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2487

and therefore denies them.

2488.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2488 and therefore denies them.

2489.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2489 and therefore denies them.

2490.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2490 and therefore denies them.

2491.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2491 and therefore denies them.

2492.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2492 and therefore denies them.

2493.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2493 and therefore denies them.

2494.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2494 and therefore denies them.

2495.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2495 and therefore denies them.

2496.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2496 and therefore denies them.

2497.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful" or "anticompetitive." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2497 and therefore denies them.

2498. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2498 and therefore denies them.

2499. The Big 12 denies the allegations of Paragraph 2499.

2500. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2500 and therefore denies them.

2501. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2501 and therefore denies them.

2502. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2502 and therefore denies them.

2503. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2503 and therefore denies them.

2504. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2504 and therefore denies them.

2505.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2505 and therefore denies them.

2506.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2506 and therefore denies them.

2507.  The Big 12 denies the allegations of Paragraph 2507.

2508.  The Big 12 denies the allegations of Paragraph 2508.

2509.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2509 and therefore denies them.

2510.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2510 and therefore denies them.

2511.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2511 and therefore denies them.

2512.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2512 and therefore denies them.

2513.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2513 and therefore denies them.

2514.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2514 and therefore denies them.

2515.  The Big 12 denies the allegations of Paragraph 2515.

2516.  The Big 12 denies the allegations of Paragraph 2516.

2517.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2517 and therefore denies them.

2518.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2518 and therefore denies them.

2519.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2519 and therefore denies them.

2520.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2520 and therefore denies them.

2521.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2521 and therefore denies them.

2522.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2522 and therefore denies them.

2523.  The Big 12 denies the allegations of Paragraph 2523.

2524.  The Big 12 denies the allegations of Paragraph 2524.

2525.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies them.

2526.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2526 and therefore denies them.

2527.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2527 and therefore denies them.

2528.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2528 and therefore denies them.

2529.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2529 and therefore denies them.

2530.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2530 and therefore denies them.

2531.  The Big 12 admits that in 2021, it made distributions to its member institutions.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2531 and therefore denies them.

2532.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2532 and therefore denies them.

2533.  The Big 12 denies the allegations of Paragraph 2533.

2534.  The Big 12 denies the allegations of Paragraph 2534.

2535.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2535 and therefore denies them.

2536.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2536 and therefore denies them.

2537.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2537 and therefore denies them.

2538.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2538 and therefore denies them.

2539.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2539 and therefore denies them.

2540.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2540 and therefore denies them.

2541.  The Big 12 denies the allegations of Paragraph 2541.

2542.  The Big 12 denies the allegations of Paragraph 2542.

2543.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2543 and therefore denies them.

2544.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2544 and therefore denies them.

2545.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2545 and therefore denies them.

2546.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2546 and therefore denies them.

2547.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2547 and therefore denies them.

2548.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2548 and therefore denies them.

2549.  The Big 12 denies the allegations of Paragraph 2549.

2550.  The Big 12 denies the allegations of Paragraph 2550.

2551.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2551 and therefore denies them.

2552.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2552 and therefore denies them.

2553.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2553 and therefore denies them.

2554.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2554 and therefore denies them.

2555.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2555 and therefore denies them.

2556.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2556 and therefore denies them.

2557.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2558 and therefore denies them.

2558.  The Big 12 denies the allegations of Paragraph 2558.

2559.  The Big 12 denies the allegations of Paragraph 2559.

2560.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Daxter Miles played basketball at West Virginia University from 2014 to 2018.  The Big 12 denies the remaining allegations of Paragraph 2560.

2561.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2561 and therefore denies them.

2562. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2562 and therefore denies them.

2563. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 admits that West Virginia University is a member of The Big 12 Conference. The Big 12 further admits that Plaintiff Miles was named All-Big 12 Preseason Honorable Mention in 2016 and Academic All-Big 12 Second Team in 2017. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2563 and therefore denies them.

2564. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2564 and therefore denies them.

2565. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2565 and therefore denies them.

2566. The Big 12 admits that in 2018, it made distributions to its member institutions. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2566 and therefore denies them.

2567. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2567 and therefore

denies them.

2568.  The Big 12 denies the allegations of Paragraph 2568.

2569.  The Big 12 denies the allegations of Paragraph 2569.

2570.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Derek Culver played basketball at West Virginia University from 2018 to 2021.  The Big 12 denies the remaining allegations of Paragraph 2570.

2571.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2571 and therefore denies them.

2572.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2572 and therefore denies them.

2573.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Culver was named to the  Men's Basketball Big 12 All-Freshman Team and All-Big 12 Second Team in the 2018-2019 season, All-Big 12 Honorable Mention in 2019-2020, and  All-Big 12 Basketball First Team in 2020-2021.  The Big 12 further admits that Plaintiff Culver was named the All-Big 12 Player of the Week multiple times.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2573 and therefore denies them.

2574.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2574 and therefore denies them.

2575.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2575 and therefore denies them.

2576.  The Big 12 admits that it made distributions to its member institutions in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2576 and therefore denies them.

2577.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2577 and therefore denies them.

2578.  The Big 12 denies the allegations of Paragraph 2578.

2579.  The Big 12 denies the allegations of Paragraph 2579.

2580.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2580 and therefore denies them.

2581.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2581 and therefore denies them.

2582.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2582 and therefore denies them.

2583.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2583 and therefore denies them.

2584.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2584 and therefore denies them.

2585.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2585 and therefore denies them.

2586.  The Big 12 denies the allegations of Paragraph 2586.

2587.  The Big 12 denies the allegations of Paragraph 2587.

2588.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2588 and therefore denies them.

2589.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2589 and therefore denies them.

2590.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2590 and therefore denies them.

2591.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2591 and therefore denies them.

2592.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2592 and therefore denies them.

2593.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2593 and therefore denies them.

2594.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2594 and therefore denies them.

2595.  The Big 12 denies the allegations of Paragraph 2595.

2596.  The Big 12 denies the allegations of Paragraph 2596.

2597.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2597 and therefore denies them.

2598.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2598 and therefore denies them.

2599.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2599 and therefore denies them.

2600.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2600 and therefore denies them.

2601.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2601 and therefore denies them.

2602.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2602 and therefore denies them.

2603.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2603 and therefore denies them.

2604.  The Big 12 denies the allegations of Paragraph 2604.

2605.  The Big 12 denies the allegations of Paragraph 2605.

2606.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2606 and therefore denies them.

2607.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.   The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 2607 and therefore denies them.

2608.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2608 and therefore denies them.

2609.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2609 and therefore denies them.

2610.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2610 and therefore denies them.

2611.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2611 and therefore denies them.

2612.  The Big 12 denies the allegations of Paragraph 2612.

2613.  The Big 12 denies the allegations of Paragraph 2613.

2614.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Erik Stevenson played basketball at West Virginia University from 2022 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2614 and therefore denies them.

2615.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college

athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2615 and therefore denies them.

2616.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2616 and therefore denies them.

2617.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2617 and therefore denies them.

2618.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2618 and therefore denies them.

2619.  The Big 12 admits that both West Virginia University and the University of Texas were members of The Big 12 during the years that Plaintiff Stevenson was a college athlete.  The Big 12 denies that Plaintiff Stevenson attended or played basketball at the University of Texas.  The Big 12 admits that some West Virginia University men's basketball games were televised on The Big 12 Network and other broadcast networks. The Big 12 further admits that it distributes revenue to its member institutions.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2619 and therefore denies them.

2620.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "restrictive."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of Paragraph 2620 and therefore denies them.

2621. The Big 12 denies the allegations of Paragraph 2621.

2622. The Big 12 denies the allegations of Paragraph 2622.

2623. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2623 and therefore denies them.

2624. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2624 and therefore denies them.

2625. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2625 and therefore denies them.

2626. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2626 and therefore denies them.

2627. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2627 and therefore denies them.

2628. The Big 12 denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2628 and therefore denies them.

2629. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2629 and therefore denies them.

2630. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2630 and therefore denies them.

2631. The Big 12 denies the allegations of Paragraph 2631.

2632. The Big 12 denies the allegations of Paragraph 2632.

2633. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2633 and therefore denies them.

2634. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2634 and therefore denies them.

2635. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2635 and therefore denies them.

2636. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2636 and therefore denies them.

2637. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2637 and therefore denies them.

2638. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2638 and therefore denies them.

2639.  The Big 12 denies the allegations of Paragraph 2639.

2640.  The Big 12 denies the allegations of Paragraph 2640.

2641.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Jermaine Haley played basketball at West Virginia University from 2018 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2641 and therefore denies them.

2642.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2642 and therefore denies them.

2643.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2643 and therefore denies them.

2644.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2644 and therefore denies them.

2645.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2645 and therefore denies them.

2646.  The Big 12 admits that it made distributions to its member institutions in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2646 and therefore denies them.

2647.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2647 and therefore denies them.

2648.  The Big 12 denies the allegations of Paragraph 2648.

2649.  The Big 12 denies the allegations of Paragraph 2649.

2650.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2650 and therefore denies them.

2651.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2651 and therefore denies them.

2652.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2652 and therefore denies them.

2653.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 2653 and therefore denies them.

2654.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2654 and therefore denies them.

2655.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2655 and therefore denies them.

2656.  The Big 12 denies the allegations of Paragraph 2656.

2657.  The Big 12 denies the allegations of Paragraph 2657.

2658.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2658 and therefore denies them.

2659.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2659 and therefore denies them.

2660.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2660 and therefore denies them.

2661.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 2661 and therefore denies them.

2662.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2662 and therefore denies them.

2663.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2663 and therefore denies them.

2664.  The Big 12 denies the allegations of Paragraph 2664.

2665.  The Big 12 denies the allegations of Paragraph 2665.

2666.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2666 and therefore denies them.

2667.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2667 and therefore denies them.

2668.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2668 and therefore denies them.

2669.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 2669 and therefore denies them.

2670.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2670 and therefore denies them.

2671.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2671 and therefore denies them.

2672.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2672 and therefore denies them.

2673.  The Big 12 denies the allegations of Paragraph 2673.

2674.  The Big 12 denies the allegations of Paragraph 2674.

2675.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Malik Curry played basketball at West Virginia University from 2021 to 2022.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2675 and therefore denies them.

2676.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2676 and therefore denies them.

2677.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2677 and therefore denies them.

2678.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2678 and therefore denies them.

2679.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2679 and therefore denies them.

2680.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2680 and therefore denies them.

2681.  The Big 12 admits that it made distributions to its member institutions in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2681 and therefore denies them.

2682.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2682 and therefore denies them.

2683.  The Big 12 denies the allegations of Paragraph 2683.

2684.  The Big 12 denies the allegations of Paragraph 2684.

2685.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2685

and therefore denies them.

2686.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2686 and therefore denies them.

2687.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2687 and therefore denies them.

2688.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2688 and therefore denies them.

2689.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2689 and therefore denies them.

2690.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2690 and therefore denies them.

2691.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2691 and therefore denies them.

2692.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 26 and therefore denies them.

2693.  The Big 12 denies the allegations of Paragraph 2693.

2694.  The Big 12 denies the allegations of Paragraph 2694.

2695.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2695 and therefore denies them.

2696.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2696 and therefore denies them.

2697.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2697 and therefore denies them.

2698.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2698 and therefore denies them.

2699.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2699 and therefore denies them.

2700.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2700 and therefore denies them.

2701.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2701 and therefore

denies them.

2702.  The Big 12 denies the allegations of Paragraph 2702.

2703.  The Big 12 denies the allegations of Paragraph 2703.

2704.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2704 and therefore denies them.

2705.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2705 and therefore denies them.

2706.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2706 and therefore denies them.

2707.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2707 and therefore denies them.

2708.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2708 and therefore denies them.

2709.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2709 and therefore

denies them.

2710.  The Big 12 denies the allegations of Paragraph 2710.

2711.  The Big 12 denies the allegations of Paragraph 2711.

2712.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Nathan Adrian played basketball at West Virginia University from 2014 to 2017.  The Big 12 denies the remaining allegations of Paragraph 2712.

2713.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2713 and therefore denies them.

2714.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2714 and therefore denies them.

2715.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that West Virginia University is a member of The Big 12 Conference.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2715 and therefore denies them.

2716.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2716 and therefore denies them.

2717.  The Big 12 admits that it made distributions to its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2717 and therefore denies them.

2718.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2718 and therefore denies them.

2719.  The Big 12 denies the allegations of Paragraph 2719.

2720.  The Big 12 denies the allegations of Paragraph 2720.

2721.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Nigel Johnson played basketball at Kansas State University from 2013 to 2015.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2721 and therefore denies them.

2722.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2722 and therefore denies them.

2723.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2723 and therefore denies them.

2724.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 admits that Plaintiff Johnson was a basketball player at Kansas State.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2724 and therefore denies them.

2725.  The Big 12 denies that any plaintiff had an "occupation" as a college athlete.

The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2725 and therefore denies them.

2726. The Big 12 admits that some of Kansas State's men's basketball games were televised. The Big 12 further admits that it distributed revenue to each of its member institutions in 2018. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2726 and therefore denies them.

2727. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2727 and therefore denies them.

2728. The Big 12 denies the allegations of Paragraph 2728.

2729. The Big 12 denies the allegations of Paragraph 2729.

2730. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2730 and therefore denies them.

2731. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2731 and therefore denies them.

2732. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2732 and therefore denies them.

2733.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2733 and therefore denies them.

2734.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2734 and therefore denies them.

2735.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2735 and therefore denies them.

2736.  The Big 12 denies the allegations of Paragraph 2736.

2737.  The Big 12 denies the allegations of Paragraph 2737.

2738.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2738 and therefore denies them.

2739.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2739 and therefore denies them.

2740.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2740 and therefore denies them.

2741.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2741 and therefore denies them.

2742.  The Big 12 denies the allegations of Paragraph 2742.

2743.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2743 and therefore denies them.

2744.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2744 and therefore denies them.

2745.  The Big 12 denies the allegations of Paragraph 2745.

2746.  The Big 12 denies the allegations of Paragraph 2746.

2747.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Spencer Macke played college basketball at West Virginia University from 2019 to 2021.  The Big 12 denies the remaining allegations of Paragraph 2747.

2748.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2748 and therefore denies them.

2749.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2749 and therefore denies them.

2750.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2750 and therefore denies them.

2751.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2751 and therefore denies them.

2752.  The Big 12 admits that West Virginia University men's basketball teams compete in The Big 12.  The Big 12 admits that some of West Virginia's men's basketball games were broadcast on national television networks.  The Big 12 further admits that it made distributions to its member institutions in 2018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2752 and therefore denies them.

2753.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2753 and therefore denies them.

2754.  The Big 12 denies the allegations of Paragraph 2754.

2755.  The Big 12 denies the allegations of Paragraph 2755.

2756.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 2756 and therefore denies them.

2757.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2757 and therefore denies them.

2758.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2758 and therefore denies them.

2759.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2759 and therefore denies them.

2760.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2760 and therefore denies them.

2761.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2761 and therefore denies them.

2762.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2762 and therefore denies them.

2763.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2763 and therefore denies them.

2764.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form

a belief as to the truth of the remaining allegations of Paragraph 2764 and therefore denies them.

2765.  The Big 12 denies the allegations of Paragraph 2765.

2766.  The Big 12 denies the allegations of Paragraph 2766.

2767.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Tajzmel Sherman played college basketball at West Virginia University from 2019 to 2022.  The Big 12 denies the remaining allegations of Paragraph 2767.

2768.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2768 and therefore denies them.

2769.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2769 and therefore denies them.

2770.  The Big 12 admits that West Virginia men's basketball teams compete in The Big 12.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2770 and therefore denies them.

2771.  The Big 12 admits that Plaintiff Sherman was named All-Big 12 Honorable Mention in 2020-2021 and All-Big 12 Second Team in 2021-2022.

2772.  The Big 12 admits that it made distributions to its member institutions in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2772 and therefore denies them.

2773. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2773 and therefore denies them.

2774. The Big 12 denies the allegations of Paragraph 2774.

2775. The Big 12 denies the allegations of Paragraph 2775.

2776. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 admits that Plaintiff Vincent Mitchell played college basketball at the University of Texas from 2021 to 2022 and at West Virginia University from 2022 to 2023. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2776 and therefore denies them.

2777. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2777 and therefore denies them.

2778. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2778 and therefore denies them.

2779. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2779 and therefore denies them.

2780.  The Big 12 denies that any plaintiff "work[ed]" or had an "occupation" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2780 and therefore denies them.

2781.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2781 and therefore denies them.

2782.  The Big 12 admits that West Virginia University is a member of The Big 12 Conference.  The Big 12 admits that the University of Texas was a member of The Big 12 during the seasons that Plaintiff Mitchell participated in college basketball.  The Big 12 further admits that some of West Virginia's and Texas's men's basketball games were nationally televised, including on The Big 12 Network.  The Big 12 admits that it distributes revenue to its member institutions.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2782 and therefore denies them.

2783.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules are "restrictive."  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2783 and therefore denies them.

2784.  The Big 12 denies the allegations of Paragraph 2784.

2785.  The Big 12 denies the allegations of Paragraph 2785.

2786.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2786 and therefore denies them.

2787. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2787 and therefore denies them.

2788. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2788 and therefore denies them.

2789. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2789 and therefore denies them.

2790. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2790 and therefore denies them.

2791. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2791 and therefore denies them.

2792. The Big 12 denies the allegations of Paragraph 2792.

2793. The Big 12 denies the allegations of Paragraph 2793.

2794. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2794 and therefore denies them.

2795.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2795 and therefore denies them.

2796.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2796 and therefore denies them.

2797.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2797 and therefore denies them.

2798.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2798 and therefore denies them.

2799.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2799 and therefore denies them.

2800.  The Big 12 denies the allegations of Paragraph 2800.

2801.  The Big 12 denies the allegations of Paragraph 2801.

2802.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies

that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff James Okonkwo played college basketball at West Virginia University from 2021 to 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2802 and therefore denies them.

2803.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2803 and therefore denies them.

2804.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2804 and therefore denies them.

2805.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2805 and therefore denies them.

2806.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2806 and therefore denies them.

2807.  The Big 12 admits that it made distributions to its member institutions in 2022. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2807 and therefore denies them.

2808.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2808 and therefore

denies them.

2809.  The Big 12 denies the allegations of Paragraph 2809.

2810.  The Big 12 denies the allegations of Paragraph 2810.

2811.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2811 and therefore denies them.

2812.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2812 and therefore denies them.

2813.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2813 and therefore denies them.

2814.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2814 and therefore denies them.

2815.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2815 and therefore denies them.

2816.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2816 and therefore denies them.

2817.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2817 and therefore denies them.

2818.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2818 and therefore denies them.

2819.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2819 and therefore denies them.

2820.  The Big 12 denies the allegations of Paragraph 2820.

2821.  The Big 12 denies the allegations of Paragraph 2821.

2822.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Madelynne Scherr played college basketball at Texas Christian University from 2024 to 2025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2822 and therefore denies them.

2823.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2823 and therefore denies them.

2824.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2824 and therefore denies them.

2825.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2825 and therefore denies them.

2826.  The Big 12 denies that any plaintiff had a "work[ed]" or had an "occupation"

as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2826 and therefore denies them.

2827.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2827 and therefore denies them.

2828.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2828 and therefore denies them.

2829.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2829 and therefore denies them.

2830.  The Big 12 denies the allegations of Paragraph 2830.

2831.  The Big 12 denies the allegations of Paragraph 2831.

2832.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Sean "Jack" Michael Allison played college football at West Virginia University from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2832 and therefore denies them.

2833.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2833 and therefore denies them.

2834.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2834 and therefore denies them.

2835.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2835 and therefore denies them.

2836.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2836 and therefore denies them.

2837.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2837 and therefore denies them.

2838.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2838 and therefore denies them.

2839.  The Big 12 admits that West Virginia University is a member of The Big 12 Conference.  The Big 12 further admits that it made distributions to its member institutions in 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2839 and therefore denies them.

2840.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2840 and therefore denies them.

2841.  The Big 12 denies the allegations of Paragraph 2841.

2842.  The Big 12 denies the allegations of Paragraph 2842.

2843.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Jimmy Bell

Jr. played college basketball at West Virginia University in the 2022-2023 men's basketball season.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2843 and therefore denies them.

2844.  The Big 12 denies that any plaintiff "work[ed]" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2844 and therefore denies them.

2845.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2845 and therefore denies them.

2846.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2846 and therefore denies them.

2847.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2847 and therefore denies them.

2848.  The Big 12 admits that West Virginia men's basketball teams compete in The Big 12.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2848 and therefore denies them.

2849.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2849 and therefore denies them.

2850.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2850 and therefore denies them.

2851.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2851 and therefore denies them.

2852.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2852 and therefore denies them.

2853.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2853 and therefore denies them.

2854.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "illegal" or "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2854 and therefore denies them.

2855.  The Big 12 denies the allegations of Paragraph 2855.

2856.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2856 and therefore denies them.

2857.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2857 and therefore denies them.

2858.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2858 and therefore denies them.

2859.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2859 and therefore denies them.

2860.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2860 and therefore denies them.

2861.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2861 and therefore denies them.

2862.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2862 and therefore denies them.

2863.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2863 and therefore denies them.

2864.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2864 and therefore denies them.

2865.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2865 and therefore denies them.

2866.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2866 and therefore denies them.

2867.  The Big 12 denies the allegations of Paragraph 2867.

2868.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2868 and therefore denies them.

2869.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2869 and therefore denies them.

2870.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2870 and therefore denies them.

2871.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2871 and therefore denies them.

2872.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2872 and therefore denies them.

2873.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2873 and therefore denies them.

2874.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2874 and therefore denies them.

2875.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2875 and therefore denies them.

2876.  The Big 12 denies the allegations of Paragraph 2876.

2877.  The Big 12 denies the allegations of Paragraph 2877.

2878.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2878 and therefore denies them.

2879.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2879 and therefore denies them.

2880.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2880 and therefore denies them.

2881.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2881 and therefore denies them.

2882.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2882 and therefore denies them.

2883.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2883 and therefore denies them.

2884.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2884 and therefore denies them.

2885.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2885 and therefore denies them.

2886.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2886 and therefore denies them.

2887.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2887 and therefore denies them.

2888.  The Big 12 denies the allegations of Paragraph 2888.

2889.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2889

and therefore denies them.

2890.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2890 and therefore denies them.

2891.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2891 and therefore denies them.

2892.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2892 and therefore denies them.

2893.  The Big 12 denies the allegations of Paragraph 2893.

2894.  The Big 12 denies the allegations of Paragraph 2894.

2895.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" or provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2895 and therefore denies them.

2896.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2896 and therefore denies them.

2897.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2897 and therefore denies them.

2898.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2898 and therefore denies them.

2899.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2899 and therefore denies them.

2900. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2900 and therefore denies them.

2901. The Big 12 denies the allegations of Paragraph 2901.

2902. The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2902 and therefore denies them.

2903. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2903 and therefore denies them.

2904. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2904 and therefore denies them.

2905. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2905 and therefore denies them.

2906. The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2906 and therefore denies them.

2907. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2907 and therefore denies them.

2908.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2908 and therefore denies them.

2909.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2909 and therefore denies them.

2910.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2910 and therefore denies them.

2911.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2911 and therefore denies them.

2912.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2912 and therefore denies them.

2913.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2913 and therefore denies them.

2914.  The Big 12 denies the allegations of Paragraph 2914.

2915.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2915

and therefore denies them.

2916.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2916 and therefore denies them.

2917.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2917 and therefore denies them.

2918.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2918 and therefore denies them.

2919.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2919 and therefore denies them.

2920.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2920 and therefore denies them.

2921.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2921 and therefore denies them.

2922.  The Big 12 denies the allegations of Paragraph 2922.

2923.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2923 and therefore denies them.

2924.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2924 and therefore denies them.

2925.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2925 and therefore denies them.

2926.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2926 and therefore denies them.

2927.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2927 and therefore denies them.

2928.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2928 and therefore denies them.

2929.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2929 and therefore denies them.

2930.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 2930.

2931.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2931 and therefore denies them.

2932.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2932 and therefore denies them.

2933.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2933 and therefore denies them.

2934.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2934 and therefore denies them.

2935.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2935 and therefore denies them.

2936.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2936 and therefore denies them.

2937.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2937 and therefore denies them.

2938.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2938 and therefore denies them.

2939.  The Big 12 denies the allegations of Paragraph 2939.

2940.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Montell Cozart played college football at the University of Kansas from 2013 to 2016.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2940 and therefore denies them.

2941.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2941 and therefore denies them.

2942.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 2942 and therefore denies them.

2943.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2943 and therefore denies them.

2944.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2944 and therefore denies them.

2945.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2945 and therefore denies them.

2946.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2946 and therefore denies them.

2947.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2947 and therefore denies them.

2948.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2948 and therefore denies them.

2949.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2849 and therefore denies them.

2950.  The Big 12 denies the allegations of Paragraph 2950.

2951.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" or provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2951 and therefore denies them.

2952.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2952 and therefore denies them.

2953.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2953 and therefore denies them.

2954.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2954 and therefore denies them.

2955.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2955 and therefore denies them.

2956.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2956 and therefore denies them.

2957.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2957 and therefore denies them.

2958.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2958 and therefore denies them.

2959.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2959 and therefore denies them.

2960.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may receive certain types of compensation.  The Big 12 lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2960 and therefore denies them.

2961.  The Big 12 denies the allegations of Paragraph 2961.

2962.  The Big 12 denies the allegations of Paragraph 2962.

2963.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked"  or provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2963 and therefore denies them.

2964.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2964 and therefore denies them.

2965.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2965 and therefore denies them.

2966.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2966 and therefore denies them.

2967.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2967 and therefore denies them.

2968.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2968 and therefore denies them.

2969.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 2969.

2970.  The Big 12 denies the allegations of Paragraph 2970.

2971.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2971 and therefore denies them.

2972.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2972 and therefore denies them.

2973.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2973 and therefore denies them.

2974.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2974 and therefore denies them.

2975.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2975 and therefore denies them.

2976.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2976 and therefore denies them.

2977.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2977 and therefore denies them.

2978.  The Big 12 denies the allegations of Paragraph 2978.

2979.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2979 and therefore denies them.

2980.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2980 and therefore denies them.

2981.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2981 and therefore denies them.

2982.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2982 and therefore denies them.

2983.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2983 and therefore denies them.

2984.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2984 and therefore denies them.

2985.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2985 and therefore denies them.

2986.  The Big 12 denies the allegations of Paragraph 2986.

2987.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2987 and therefore denies them.

2988.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2988 and therefore denies them.

2989.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 2989 and therefore denies them.

2990.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2990 and therefore denies them.

2991.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2991 and therefore denies them.

2992.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2992 and therefore denies them.

2993.  The Big 12 denies the allegations of Paragraph 2993.

2994.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2994 and therefore denies them.

2995.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2995 and therefore denies them.

2996.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2996 and therefore denies them.

2997.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2997 and therefore denies them.

2998.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2998 and therefore denies them.

2999.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 denies that these rules were

"unlawful" or "illegal."  The Big 12 denies that any 2021 United States Supreme Court opinion determined that the NCAA's former NIL rules were "illegal."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2999 and therefore denies them.

3000.  The Big 12 denies the allegations of Paragraph 3000.

3001.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3001 and therefore denies them.

3002.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3002 and therefore denies them.

3003.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3003 and therefore denies them.

3004.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3004 and therefore denies them.

3005.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3005 and therefore denies them.

3006.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3006 and therefore denies them.

3007.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3007 and therefore denies them.

3008.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3008.

3009.  The Big 12 denies the allegations of Paragraph 3009.

3010.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 admits that Plaintiff Cameron Echols-Luper played college football at Texas Christian University from 2013 to 2014. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3010 and therefore denies them.

3011.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3011 and therefore denies them.

3012.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3012 and therefore denies them.

3013.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3013 and therefore denies them.

3014.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3014 and therefore denies them.

3015.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3015 and therefore denies them.

3016.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3016 and therefore denies them.

3017.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3017 and therefore denies them.

3018.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3018 and therefore denies them.

3019.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3019 and therefore denies them.

3020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3020 and therefore denies them.

3021.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3021 and therefore denies them.

3022.  The Big 12 denies the allegations of Paragraph 3022.

3023.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3023 and therefore denies them.

3024.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3024 and therefore denies them.

3025.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3025 and therefore denies them.

3026.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3026 and therefore denies them.

3027.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3027 and therefore denies them.

3028.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3028 and therefore denies them.

3029.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3029 and therefore denies them.

3030.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3030 and therefore denies them.

3031.  The Big 12 denies the allegations of Paragraph 3031.

3032.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3032 and therefore denies them.

3033.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3033 and therefore denies them.

3034.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3034 and therefore denies them.

3035.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3035 and therefore denies them.

3036.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3036 and therefore denies them.

3037.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3037 and therefore denies them.

3038.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3038 and therefore denies them.

3039.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3039 and therefore denies them.

3040.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3040 and therefore denies them.

3041.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3041 and therefore denies them.

3042.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3042 and therefore denies them.

3043.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3043 and therefore denies them.

3044.  The Big 12 denies the allegations of Paragraph 3044.

3045. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3045 and therefore denies them.

3046. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3046 and therefore denies them.

3047. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3047 and therefore denies them.

3048. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3048 and therefore denies them.

3049. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3049 and therefore denies them.

3050. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful[]." The Big 12 denies that the United States Supreme Court issued an opinion in any case involving a challenge to the NCAA's former NIL rules in 2021. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3050 and therefore denies them.

3051. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3051 and therefore denies them.

3052. The Big 12 denies the allegations of Paragraph 3052.

3053. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3053 and therefore denies them.

3054.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3054 and therefore denies them.

3055.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3055 and therefore denies them.

3056.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3056 and therefore denies them.

3057.  The Big 12 denies that unspecified "NCAA rules" referenced in Paragraph 3057 are "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3057 and therefore denies them.

3058.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court issued any opinion in 2021 regarding the NCAA's former NIL rules.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3058 and therefore denies them.

3059.  The Big 12 denies the allegations of Paragraph 3059.

3060.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3060 and therefore denies them.

3061.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3061 and therefore denies them.

3062.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3062 and therefore denies them.

3063.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court issued any opinion in 2021 declaring the NCAA's former NIL rules "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3063 and therefore denies them.

3064.  The Big 12 denies the allegations of Paragraph 3064.

3065.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3065 and therefore denies them.

3066.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3066 and therefore denies them.

3067.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3067 and therefore denies them.

3068.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3068 and therefore denies them.

3069.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that the United States Supreme Court issued any opinion in 2021 regarding the NCAA's former NIL rules. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3069 and therefore denies them.

3070. The Big 12 denies the allegations of Paragraph 3070.

3071. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3071 and therefore denies them.

3072. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3072 and therefore denies them.

3073. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3073 and therefore denies them.

3074. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3074 and therefore denies them.

3075. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3075 and therefore denies them.

3076. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3076 and therefore denies them.

3077.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3077 and therefore denies them.

3078.  The Big 12 denies the allegations of Paragraph 3078.

3079.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3079 and therefore denies them.

3080.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3080 and therefore denies them.

3081.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court issued any opinion in 2021 that declared that the NCAA's former NIL rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3081 and therefore denies them.

3082.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3082 and therefore denies them.

3083.  The Big 12 denies the allegations of Paragraph 3083.

3084.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3084 and therefore denies them.

3085.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3085 and therefore denies them.

3086.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3086 and therefore denies them.

3087.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3087 and therefore denies them.

3088.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3088 and therefore denies them.

3089.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3089 and therefore denies them.

3090.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3090 and therefore denies them.

3091.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3091 and therefore denies them.

3092.  The Big 12 denies the allegations of Paragraph 3092.

3093.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3093 and therefore denies them.

3094.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3094 and therefore denies them.

3095.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3095 and therefore denies them.

3096.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3096 and therefore denies them.

3097.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3097 and therefore denies them.

3098.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3098 and therefore denies them.

3099.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3099 and therefore denies them.

3100.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3100 and therefore denies them.

3101.  The Big 12 denies the allegations of Paragraph 3101.

3102.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3102 and therefore denies them.

3103.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3103 and therefore denies them.

3104.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3104 and therefore denies them.

3105.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3105 and therefore denies them.

3106.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3106 and therefore denies them.

3107.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3107 and therefore denies them.

3108.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3108 and therefore denies them.

3109.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3109 and therefore denies them.

3110.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3110 and therefore denies them.

3111.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3111 and therefore denies them.

3112.  The Big 12 denies the allegations of Paragraph 3112.

3113.  The Big 12 denies that it engaged in "illegal conduct.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3113 and therefore denies them.

3114. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3114 and therefore denies them.

3115. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3115 and therefore denies them.

3116. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful[]" or "restrictive." The Big 12 denies that the United States Supreme Court issued any opinion in 2021 that "struck down" the NCAA's former NIL rules. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3116 and therefore denies them.

3117. The Big 12 denies the allegations of Paragraph 3117.

3118. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3118 and therefore denies them.

3119. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3119 and therefore denies them.

3120. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3120 and therefore denies them.

3121. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were

"unjust[]."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3121 and therefore denies them.

3122.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3122 and therefore denies them.

3123.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3123 and therefore denies them.

3124.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3124 and therefore denies them.

3125.  The Big 12 denies the allegations of Paragraph 3125.

3126.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" or provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3126 and therefore denies them.

3127.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3127 and therefore denies them.

3128.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3128 and therefore denies them.

3129.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3129 and therefore denies them.

3130. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3130 and therefore denies them.

3131.  The Big 12 denies the allegations of Paragraph 3131.

3132.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3132 and therefore denies them.

3133.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3133 and therefore denies them.

3134.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3134 and therefore denies them.

3135.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3135 and therefore denies them.

3136.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3136.

3137.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3137 and therefore denies them.

3138.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3138 and therefore denies them.

3139.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3139 and therefore denies them.

3140.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3140 and therefore denies them.

3141.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court issued any opinion in 2021 regarding the NCAA's former NIL rules.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3141 and therefore denies them.

3142.  The Big 12 denies the allegations of Paragraph 3142.

3143.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3143 and therefore denies them.

3144.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3144 and therefore denies them.

3145.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3145 and therefore denies them.

3146.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3146 and therefore denies them.

3147.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3147 and therefore denies them.

3148.  The Big 12 denies that any plaintiff provided "labor" as a college athlete. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3148 and therefore denies them.

3149.  The Big 12 denies the allegations of Paragraph 3149.

3150.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3150 and therefore denies them.

3151.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3151 and therefore denies them.

3152.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3152 and therefore denies them.

3153.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3153 and therefore denies them.

3154.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3154 and therefore denies them.

3155.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations

of Paragraph 3155.

3156.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3156 and therefore denies them.

3157.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3157 and therefore denies them.

3158.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3158 and therefore denies them.

3159.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3159 and therefore denies them.

3160.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3160 and therefore denies them.

3161.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3161 and therefore denies them.

3162.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of Paragraph 3162 and therefore denies them.

3163.  The Big 12 denies the allegations of Paragraph 3163.

3164.  The Big 12 denies the allegations of Paragraph 3164.

3165.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3165 and therefore denies them.

3166.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3166 and therefore denies them.

3167.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3167 and therefore denies them.

3168.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3168 and therefore denies them.

3169.  The SEC denies that "continuing reforms are necessary to provide" college athletes with "proper compensation."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3169 and therefore denies them.

3170.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3170 and therefore denies them.

3171.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3171 and therefore denies them.

3172.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3172 and therefore denies them.

3173.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3173 and therefore denies them.

3174.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules "violated constitution laws."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3174 and therefore denies them.

3175.  The Big 12 denies the allegations of Paragraph 3175.

3176.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3176 and therefore denies them.

3177.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3177 and therefore denies them.

3178.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3178 and therefore denies them.

3179.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3179 and therefore denies them.

3180.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3180 and therefore denies them.

3181.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3181 and therefore denies them.

3182.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3182 and therefore denies them.

3183.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3183 and therefore denies them.

3184.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3184 and therefore denies them.

3185.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3185 and therefore denies them.

3186.  The Big 12 denies the allegations of Paragraph 3186.

3187.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3187 and therefore denies them.

3188.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3188 and therefore denies them.

3189.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3189 and therefore denies them.

3190. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that the United States Supreme Court has ever declared that the NCAA's former NIL rules were "illegal." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3190 and therefore denies them.

3191. The Big 12 denies the allegations of Paragraph 3191.

3192. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3192 and therefore denies them.

3193. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3193 and therefore denies them.

3194. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3194 and therefore denies them.

3195. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 denies that the United States Supreme Court issued any decision regarding the NCAA's former NIL rules in 2021. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3195 and therefore denies them.

3196.  The Big 12 denies the allegations of Paragraph 3196.

3197.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3197 and therefore denies them.

3198.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3198 and therefore denies them.

3199.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3199 and therefore denies them.

3200.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3200 and therefore denies them.

3201.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3201 and therefore denies them.

3202.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3202 and therefore denies them.

3203.  The Big 12 denies the allegations of Paragraph 3203.

3204.  The Big 12 denies the allegations of Paragraph 3204.

3205.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3105

and therefore denies them.

3206.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3206 and therefore denies them.

3207.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3207 and therefore denies them.

3208.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3208 and therefore denies them.

3209.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3209 and therefore denies them.

3210.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3210 and therefore denies them.

3211.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3211 and therefore denies them.

3212.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3212 and therefore denies them.

3213.  The Big 12 denies the allegations of Paragraph 3213.

3214.  The Big 12 denies the allegations of Paragraph 3214.

3215.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3215 and therefore denies them.

3216.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3216 and therefore denies them.

3217.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3217 and therefore denies them.

3218.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3218 and therefore denies them.

3219.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that the United States Supreme Court ruled on any case involving the NCAA's former NIL rules in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3219 and therefore denies them.

3220.  The Big 12 denies the allegations of Paragraph 3220.

3221.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3221 and therefore denies them.

3222.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3222 and therefore denies them.

3223.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3223 and therefore denies them.

3224.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3224 and therefore denies them.

3225.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3225.

3226.  The Big 12 denies the allegations of Paragraph 3226.

3227.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3227 and therefore denies them.

3228.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3228 and therefore denies them.

3229.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3229 and therefore denies them.

3230.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3230 and therefore denies them.

3231.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3231 and therefore denies them.

3232.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3232 and therefore denies them.

3233.  The Big 12 denies the allegations of Paragraph 3233.

3234.  The Big 12 denies the allegations of Paragraph 3234.

3235.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3235 and therefore denies them.

3236.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3236 and therefore denies them.

3237.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3237 and therefore denies them.

3238.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3238 and therefore denies them.

3239.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3239 and therefore denies them.

3240. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3240.

3241.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 3241 and therefore denies them.

3242.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3242 and therefore denies them.

3243.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3243 and therefore denies them.

3244.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3244 and therefore denies them.

3245.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3245 and therefore denies them.

3246.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3246 and therefore denies them.

3247.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3247.

3248.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3248 and therefore denies them.

3249.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 3249 and therefore denies them.

3250.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3250 and therefore denies them.

3251.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3251 and therefore denies them.

3252.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3252 and therefore denies them.

3253.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3253 and therefore denies them.

3254.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3254 and therefore denies them.

3255.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3255 and therefore denies them.

3256.  The Big 12 denies the allegations of Paragraph 3256.

3257.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3257 and therefore denies them.

3258.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3258 and therefore denies them.

3259.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3259 and therefore denies them.

3260.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules "operated against the law."  The Big 12 denies that the United States Supreme Court has ever found that the NCAA's former NIL rules to be "illegal."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3260 and therefore denies them.

3261.  The Big 12 denies the allegations of Paragraph 3261.

3262.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3262 and therefore denies them.

3263.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3263 and therefore denies them.

3264.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3264 and therefore denies them.

3265.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3265

and therefore denies them.

3266. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3266 and therefore denies them.

3267. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3267 and therefore denies them.

3268. The Big 12 denies the allegations of Paragraph 3268.

3269. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3269 and therefore denies them.

3270. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3270 and therefore denies them.

3271. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3271 and therefore denies them.

3272. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that the United States Supreme Court has declared that the NCAA's former rules are "illegal." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3272 and therefore denies them.

3273. The Big 12 denies the allegations of Paragraph 3273.

3274. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 3274 and therefore denies them.

3275.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3275 and therefore denies them.

3276.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3276 and therefore denies them.

3277.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3277 and therefore denies them.

3278.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3278 and therefore denies them.

3279.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3279 and therefore denies them.

3280.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3280 and therefore denies them.

3281.  The Big 12 denies the allegations of Paragraph 3281.

3282.  The Big 12 denies the allegations of Paragraph 3282.

3283.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 admits that Plaintiff Charleston Rambo played football at the University of Oklahoma from 2017 to 2020.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3283 and therefore denies them.

3284.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3284 and therefore denies them.

3285.  The Big 12 admits that the University of Oklahoma won The Big 12 Conference Football Championship in 2018 and 2019.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3285 and therefore denies them.

3286.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3286 and therefore denies them.

3287.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that the United States Supreme Court ruled that the NCAA's former NIL rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3287 and therefore denies them.

3288.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies the remaining allegations of Paragraph 3288.

3289.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 admits that Plaintiff Jaylon Robinson played college football at Texas Christian University in 2023.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3289 and therefore denies them.

3290.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3290 and therefore denies them.

3291.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3291 and therefore denies them.

3292.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court has ever declared that the NCAA's former NIL rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3292 and therefore denies them.

3293.  The Big 12 denies the allegations of Paragraph 3293.

3294.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3294 and therefore denies them.

3295.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3295 and therefore denies them.

3296.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3296 and therefore denies them.

3297.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3297 and therefore denies them.

3298.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3298 and therefore denies them.

3299.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3299 and therefore denies them.

3300.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3300 and therefore denies them.

3301.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3301 and therefore denies them.

3302.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3302 and therefore denies them.

3303.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3303 and therefore denies them.

3304. The Big 12 denies the allegations of Paragraph 3304.

3305. The Big 12 denies that it engaged in "illegal conduct." The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "restrictive." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3305 and therefore denies them.

3306. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3306 and therefore denies them.

3307. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3307 and therefore denies them.

3308. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3308 and therefore denies them.

3309. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3309 and therefore denies them.

3310. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 3310 and therefore denies them.

3311.  The Big 12 denies the allegations of Paragraph 3311.

3312.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3312 and therefore denies them.

3313.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3313 and therefore denies them.

3314.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3314 and therefore denies them.

3315.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3315 and therefore denies them.

3316.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3316 and therefore denies them.

3317.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3317 and therefore denies them.

3318.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3318 and therefore denies them.

3319.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3319 and therefore denies them.

3320. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3320 and therefore denies them.

3321. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3321 and therefore denies them.

3322. The Big 12 denies the allegations of Paragraph 3322.

3323. The Big 12 denies that it engaged in "illegal conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3323 and therefore denies them.

3324. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3324 and therefore denies them.

3325. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3325 and therefore denies them.

3326. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were

"unlawful."  The Big 12 denies that the United States Supreme Court has "ruled against" the NCAA's former NIL policies.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3326 and therefore denies them.

3327.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3327 and therefore denies them.

3328.  The Big 12 denies the allegations of Paragraph 3328.

3329.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3329 and therefore denies them.

3330.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3300 and therefore denies them.

3331.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3331 and therefore denies them.

3332.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3332 and therefore denies them.

3333.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3333 and therefore denies them.

3334.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3334 and therefore denies them.

3335.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3335 and therefore denies them.

3336.  The Big 12 denies the allegations of Paragraph 3336.

3337.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3337 and therefore denies them.

3338.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3338 and therefore denies them.

3339.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3339 and therefore denies them.

3340.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 denies that the United States Supreme Court has ever declared that the NCAA's former NIL rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3340 and therefore denies them.

3341.  The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3341 and therefore denies them.

3342. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3342 and therefore denies them.

3343. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3343 and therefore denies them.

3344. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3344 and therefore denies them.

3345. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3345 and therefore denies them.

3346. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3346 and therefore denies them.

3347. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3347 and therefore denies them.

3348. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies that any plaintiff provided "labor" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3348 and therefore denies them.

3349.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3349 and therefore denies them.

3350.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3350 and therefore denies them.

3351.  The Big 12 denies the allegations of Paragraph 3351.

3352.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3352 and therefore denies them.

3353.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3353 and therefore denies them.

3354.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3354 and therefore denies them.

3355.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3355 and therefore denies them.

3356.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3356 and therefore denies them.

3357.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3357 and therefore denies them.

3358.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."   The Big 12 denies the remaining allegations of Paragraph 3358.

3359.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3359 and therefore denies them.

3360.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3360 and therefore denies them.

3361.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3361 and therefore denies them.

3362.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3362 and therefore denies them.

3363.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.   The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 3363 and therefore denies them.

3364.  The Big 12 denies the allegations of Paragraph 3364.

3365.  The Big 12 denies the allegations of Paragraph 3365.

3366.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3366 and therefore denies them.

3367.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3367 and therefore denies them.

3368.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3368 and therefore denies them.

3369.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3369 and therefore denies them.

3370.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3370 and therefore denies them.

3371.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3371 and therefore denies them.

3372.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3372 and therefore denies them.

3373.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 3373 and therefore denies them.

3374.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3374 and therefore denies them.

3375.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3375 and therefore denies them.

3376.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3376 and therefore denies them.

3377.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3377 and therefore denies them.

3378.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3378 and therefore denies them.

3379.  The Big 12 denies the allegations of Paragraph 3379.

3380.  The Big 12 denies the allegations of Paragraph 3380.

3381.  The Big 12 denies the allegations of Paragraph 3381.

3382.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 admits

that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "restrictive."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3382 and therefore denies them.

3383.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3383 and therefore denies them.

3384.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3384 and therefore denies them.

3385.  The Big 12 denies the allegations of Paragraph 3385.

3386.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3386 and therefore denies them.

3387.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3387 and therefore denies them.

3388.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3388 and therefore denies them.

3389.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3389 and therefore denies them.

3390. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3390 and therefore denies them.

3391. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3391 and therefore denies them.

3392. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3392 and therefore denies them.

3393. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3393 and therefore denies them.

3394. The Big 12 denies the allegations of Paragraph 3394.

3395. The Big 12 denies the allegations of Paragraph 3395.

3396. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 admits that Plaintiff Cade Cunningham played college basketball at Oklahoma State University from 2020 to 2021. The Big 12 denies the remaining allegations of Paragraph 3396.

3397. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3397 and therefore denies them.

3398. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3398 and therefore denies them.

3399.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3399 and therefore denies them.

3400.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3400 and therefore denies them.

3401.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3401 and therefore denies them.

3402.  The Big 12 admits that Plaintiff Cunningham was named The Big 12 Men's Basketball Player of the Year, Freshman of the Year, All-Big 12 First Team, and Big 12 All-Newcomer Team in the 2020-2021 season.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3402 and therefore denies them.

3403.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3403 and therefore denies them.

3404.  The Big 12 admits that Oklahoma State University is a member of The Big 12 Conference.  The Big 12 further admits that some of OSU's men's basketball games were broadcast on national television networks.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3404 and therefore denies them.

3405.  The Big 12 admits that it made distributions to its member institutions in 2021.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3405 and therefore denies them.

3406.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3406 and therefore denies them.

3407.  The Big 12 denies the allegations of Paragraph 3407.

3408.  The Big 12 denies the allegations of Paragraph 3408.

3409.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3409 and therefore denies them.

3410.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3410 and therefore denies them.

3411.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3411 and therefore denies them.

3412.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3412 and therefore denies them.

3413.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3413 and therefore denies them.

3414.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3414 and therefore denies them.

3415.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3415 and therefore denies them.

3416.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3416 and therefore denies them.

3417.  The Big 12 denies the allegations of Paragraph 3417.

3418.  The Big 12 denies the allegations of Paragraph 3418.

3419.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3419 and therefore denies them.

3420.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3420 and therefore denies them.

3421.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3421 and therefore denies them.

3422.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3422 and therefore denies them.

3423.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3423 and therefore denies them.

3424.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3424 and therefore denies them.

3425.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3425 and therefore denies them.

3426.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3426 and therefore denies them.

3427.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3427 and therefore denies them.

3428.  The Big 12 denies the allegations of Paragraph 3428.

3429.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3429 and therefore denies them.

3430.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3430 and therefore denies them.

3431.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3431 and therefore denies them.

3432.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3432 and therefore denies them.

3433.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3433 and therefore denies them.

3434.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3434 and therefore denies them.

3435.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3435 and therefore denies them.

3436. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3436 and therefore denies them.

3437.  The Big 12 denies the allegations of Paragraph 3437.

3438.  The Big 12 denies the allegations of Paragraph 3438.

3439.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3439 and therefore denies them.

3440.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of Paragraph 3440 and therefore denies them.

3441.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3441 and therefore denies them.

3442.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3442 and therefore denies them.

3443.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3443 and therefore denies them.

3444.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3444 and therefore denies them.

3445.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3445 and therefore denies them.

3446.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3446 and therefore denies them.

3447.  The Big 12 denies the allegations of Paragraph 3447.

3448.  The Big 12 denies the allegations of Paragraph 3448.

3449.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3449

and therefore denies them.

3450.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3450 and therefore denies them.

3451.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3451 and therefore denies them.

3452.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3452 and therefore denies them.

3453.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3453 and therefore denies them.

3454.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3454 and therefore denies them.

3455.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3455 and therefore denies them.

3456.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3456 and therefore denies them.

3457.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3457 and therefore denies them.

3458.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3458 and therefore denies them.

3459.  The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3459 and therefore denies them.

3460.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3460 and therefore denies them.

3461.  The Big 12 denies the allegations of Paragraph 3461.

3462.  The Big 12 denies the allegations of Paragraph 3462.

3463.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3463 and therefore denies them.

3464.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3464 and therefore denies them.

3465.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3465 and therefore denies them.

3466.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3466 and therefore denies them.

3467.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3467 and therefore denies them.

3468.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3468 and therefore denies them.

3469. The Big 12 admits that NCAA rules govern the circumstances in which

student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3469 and therefore denies them.

3470. The Big 12 denies the allegations of Paragraph 3470.

3471. The Big 12 denies the allegations of Paragraph 3471.

3472. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3472 and therefore denies them.

3473. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3473 and therefore denies them.

3474. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3474 and therefore denies them.

3475. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3475 and therefore denies them.

3476. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3476 and therefore denies them.

3477. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3477 and therefore denies them.

3478. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3478 and therefore denies them.

3479.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3479 and therefore denies them.

3480.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3480 and therefore denies them.

3481.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3481 and therefore denies them.

3482.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3482 and therefore denies them.

3483.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3483 and therefore denies them.

3484.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3484 and therefore denies them.

3485.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3485 and therefore denies them.

3486.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big

12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3486 and therefore denies them.

3487. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3487 and therefore denies them.

3488. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3488 and therefore denies them.

3489. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3489 and therefore denies them.

3490. The Big 12 denies the allegations of Paragraph 3490.

3491. The Big 12 denies the allegations of Paragraph 3491.

3492. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3492 and therefore denies them.

3493. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3493 and therefore denies them.

3494. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3494 and therefore denies them.

3495. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3495 and therefore denies them.

3496. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3496 and therefore denies them.

3497. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3497 and therefore denies them.

3498. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3498 and therefore denies them.

3499. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3499 and therefore denies them.

3500. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3500 and therefore denies them.

3501. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3501 and therefore denies them.

3502. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3502 and therefore denies them.

3503. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3503 and therefore denies them.

3504. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3504 and therefore denies them.

3505. The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation. The Big 12 denies that these rules were "unlawful." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3505 and therefore denies them.

3506. The Big 12 denies the allegations of Paragraph 3506.

3507. The Big 12 denies the allegations of Paragraph 3507.

3508. The Big 12 denies that it engaged in "illegal conduct." The Big 12 denies that any plaintiff "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3508 and therefore denies them.

3509. The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3509 and therefore denies them.

3510. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3510 and therefore denies them.

3511. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3511 and therefore denies them.

3512. The Big 12 denies that any plaintiff had a "job" as a college athlete. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3512 and therefore denies them.

3513. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3513 and therefore denies them.

3514. The Big 12 lacks sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 3514 and therefore denies them.

3515.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3515 and therefore denies them.

3516.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3516 and therefore denies them.

3517.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3517 and therefore denies them.

3518.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3518 and therefore denies them.

3519.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3519 and therefore denies them.

3520.  The Big 12 denies the allegations of Paragraph 3520.

3521.  The Big 12 admits that NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports.  The Big 12 denies that these rules were "collusive" or "artificial." The Big 12 denies the remaining allegations of Paragraph 3521.

3522.  The Big 12 denies the allegations of Paragraph 3522.

3523.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 3523 and therefore denies them.

3524.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3524 and therefore denies them.

3525.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3525 and therefore denies them.

3526.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3526 and therefore denies them.

3527.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3527 and therefore denies them.

3528.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3528 and therefore denies them.

3529.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3529 and therefore denies them.

3530.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies that these rules were "unlawful."  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3530 and therefore denies them.

3531.  The Big 12 denies the allegations of Paragraph 3531.

3532.  The Big 12 denies the allegations of Paragraph 3532.

3533.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3533 and therefore denies them.

3534.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3534 and therefore denies them.

3535.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3535 and therefore denies them.

3536.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3536 and therefore denies them.

3537.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3537 and therefore denies them.

3538.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3538 and therefore denies them.

3539.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3539.

3540.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3540 and therefore denies them.

3541.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3541 and therefore denies them.

3542.  The Big 12 denies that it engaged in any "unlawful conduct." The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3542 and therefore denies them.

3543.  The Big 12 denies the allegations of Paragraph 3543.

3544.  The Big 12 denies that it engaged in "illegal conduct."  The Big 12 denies that any plaintiff "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3544 and therefore denies them.

3545.  The Big 12 denies that any plaintiff provided "labor" or "worked" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3545 and therefore denies them.

3546.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3546 and therefore denies them.

3547.  The Big 12 denies that any plaintiff had a "job" as a college athlete.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3547 and therefore denies them.

3548.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3548 and therefore denies them.

3549.  The Big 12 admits that NCAA rules govern the circumstances in which student-athletes may be compensated for the use of their NIL and that previous versions

of the rules prohibited such compensation.  The Big 12 denies the remaining allegations of Paragraph 3549.

3550.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3550 and therefore denies them.

3551.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3551 and therefore denies them.

3552.  The Big 12 denies the allegations of Paragraph 3552.

## COUNT I – Violations of Section 1 & 3 of the Sherman Act

### (Brought by Plaintiffs)

1.      The Big 12 repeats, re-alleges and incorporates by reference its responses to the preceding paragraphs of the Fourth Amended Complaint as if fully set forth herein.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

**Prayer for Relief**

1.      The Big 12 denies that it has violated the Sherman Act or engaged in any
other illegal activity. The Big 12 further denies that Plaintiffs are entitled to any relief,
including, but not limited to, the relief requested in the Fourth Amended Complaint. The
Big 12 also responds that the United States District Court for the Northern District of
California has granted final approval of the *House* settlement, rendering moot Plaintiffs'
requests to assert claims on behalf of the "Alternative Proposed Class."

## III.    ADDITIONAL DEFENSES

The Big 12 reserves the right to assert any and all applicable defenses to the
Plaintiffs' claims.  The Big 12 reserves the right to amend this Answer to add, supplement,
or modify its defenses based upon further developments in this litigation, including new
factual developments or legal theories that may be or will be divulged through clarification
of the Fourth Amended Complaint, through discovery, or through further factual or legal
analysis of Plaintiffs' allegations, contentions, and positions in this litigation.

Without limiting the generality of the foregoing and without regard to whether
defenses set forth below are affirmative defenses within the meaning of Federal Rule of
Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth
in this Answer or assuming any burden of proof that it would not otherwise bear, The Big
12 states as follows:

### FIRST ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of
mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no

longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

### SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

### THIRD ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by stare decisis and by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

### FOURTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the extent they are

adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

### FIFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the Fourth Amended Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

### SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, direction or similar action of any court, arbitral body, or government agency.

### EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

### NINTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-

competitive given the need for institutional members of the NCAA to preserve competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that Plaintiffs were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH ADDITIONAL DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

**FOURTEENTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## IV.     PRAYER FOR RELIEF

**WHEREFORE**, The Big 12 Conference, Inc. prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from The Big 12, tax costs and attorneys' fees against the Plaintiffs, and afford The Big 12 such other and further relief as may be just and proper.

Dated:  July 21, 2025

Respectfully Submitted,

**SIDLEY AUSTIN LLP**

By: _/s/ Penny Reid_
Penny Reid
Angela C. Zambrano
Natali Wyson
Chelsea A. Priest
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 969-3529
Facsimile:  (214) 969-3558
angela.zambrano@sidley.com
nwyson@sidley.com
preid@sidley.com
cpriest@sidley.com

**LEWIS ROCA ROTHGERBER
CHRISTIE LLP**

Douglas B. Tumminello
Abby Caroline Harder
1601 19th Street, Suite 1000
Denver, CO 80202
Telephone:  (303) 628-9575
Facsimile:  (303) 623-9222
dtumminello@lewisroca.com
aharder@lewisroca.com

_Attorneys for Defendant_
_The Big 12 Conference, Inc._

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing The Big 12 Conference, Inc.'s Answer to Fourth Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Penny Reid*

Penny Reid