UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, *et al.*,

      Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

      Defendants.

---

## THE BIG TEN CONFERENCE, INC.'S ANSWER TO FOURTH AMENDED COMPLAINT

---

    The Big Ten Conference, Inc. ("The Big Ten"), by and through its undersigned attorneys, hereby answers and sets forth additional defenses to the Fourth Amended Complaint, *see* ECF No. 163 ("Complaint").

### PRELIMINARY STATEMENT

    Except as otherwise expressly stated below, The Big Ten answers and responds only to those allegations contained in the Complaint that are directed toward it. The Big Ten is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Complaint that are directed toward other Defendants. Pursuant to Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied. In addition, to the extent an answer may be required to Plaintiffs' allegations containing legal conclusions, The Big Ten denies all such allegations.

For convenience, The Big Ten has organized its Answer to correspond with the headings and subheadings used in the Complaint. In doing so, the Big Ten does not admit that the headings or subheadings are accurate or appropriate for any purpose in this matter and, to the extent that any heading can be read to contain factual allegations, The Big Ten denies each and every one of them unless expressly admitted. In addition, the Complaint contains eleven footnotes. To the extent the contents of those footnotes are not addressed in the text of The Big Ten's answer to the paragraph to which the footnote relates and/or to the extent that the content of any footnote can be read to contain factual allegations, The Big Ten denies the allegations set forth therein.

## INTRODUCTION

1.      The Big Ten admits that Chip Trayanum played football for The Ohio State University ("Ohio State"), that he participated in a football game between Ohio State and the University of Notre Dame in September 2023, and that Ohio State won that game. The Big Ten lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2.      The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3.      The Big Ten admits that a small number of college football and basketball programs in the NCAA generate positive net revenues. The Big Ten further admits that NCAA rules historically have established limitations on compensation that may be paid to student-athletes for their participation in college athletic events or activities. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of this paragraph concerning TV viewership. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

4.    The Big Ten admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 will be revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

5.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding the purpose of Plaintiffs' lawsuit. The Big Ten denies the remaining allegations of this paragraph.

6.    The Big Ten admits that, in August 2022, it announced that it had entered into media rights agreements that begin July 1, 2023, and run through the 2029-30 season. The Big Ten further admits that a number of media outlets have reported that those agreements are valued at approximately $7 billion over 7 years, and that The Big Ten is expected to distribute $80 to $100 million annually to each of its member schools pursuant to the agreement. The Big Ten lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to the other Defendants or their member schools and on that basis denies them. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

7.     Upon information and belief, The Big Ten admits that The Big 12 Conference, Inc. ("Big 12"), the Atlantic Coast Conference ("ACC"), the Southeastern

Conference ("SEC"), and the Pac-12 Conference ("Pac-12") have agreements with broadcast networks. The Big Ten further admits that the ACC, Big Ten, Big 12, Pac-12, and SEC have been referred to colloquially as the "Power Five Conferences." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph, including those as set forth in footnote 4 of the Complaint.

8.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding collective broadcast revenue and its estimated growth, which is not attributed to any source.

9.    The Big Ten admits that the American Athletic Conference, Conference USA, the Mid-American Conference, the Mountain West Conference, and the Sun Belt Conference have been referred to colloquially as the "Group of Five" conferences. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

10.    The Big Ten admits that student-athletes participate in various intercollegiate sports at the defendant conferences' member schools. The Big Ten further admits that NCAA rules and processes govern student-athletes' years of eligibility to play college sports within the NCAA. The Big Ten denies that student-athletes provide "labor" or that their participation in collegiate athletics constitutes a "job." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

11.     The Big Ten admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). The Big Ten denies that student-athletes provide "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding television viewers' motivations for watching college sports. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

12.     The Big Ten admits that NCAA rules historically have governed the compensation that student-athletes may receive for the use of their names, images, and likenesses, and that the NCAA issued updated guidance concerning name, image, and likeness ("NIL") activities and compensation in July 2021. The Big Ten further admits that the NCAA's July 2021 guidance did not permit institutions of higher education, athletic conferences, or the NCAA to compensate student-athletes for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

13.     The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

14.     The Big Ten admits that previous NCAA rules have established limitations on the number of scholarships that could be offered to student-athletes participating in

certain college sports. The Big Ten further admits that NCAA rules historically permitted 11.7 total scholarships to be provided to baseball student-athletes at any given institution of higher education that was a member of NCAA Division I. The Big Ten admits that NCAA bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

15.     This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that there is competition to recruit and retain some, but not all, student-athletes and that such recruiting process is governed by NCAA rules. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding the share of revenue certain professional athletes may receive. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

16.     This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that student-athletes provide "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding the amount of compensation the NCAA's president received in 2023. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

17.     This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

18.     This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

19.     The Big Ten admits that current NCAA rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning television ratings and viewership, or those related to comments or opinions that may have been expressed by the individual identified in footnote 5. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

20.     The Big Ten admits that there were public reports regarding members of the University of Utah's football team receiving Dodge Ram trucks. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

21.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

22.    The Big Ten admits that, for a period of time, NCAA Bylaw 12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

23.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

24.    The Big Ten admits that Jim Harbaugh was previously a coach at the University of Michigan ("Michigan") and was reported to have made the comment quoted in this paragraph. The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize, selectively quote or are otherwise inconsistent with Jim Harbaugh's statements regarding student-athlete revenue sharing. The Big Ten otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

25.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

26.     This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

**PARTIES, JURISDICTION, AND VENUE**

27.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

28.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

29.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

30.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

31.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

32.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

33.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

34.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

35.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Alaric Jackson participated in college football as a student-athlete at the University of Iowa ("Iowa") from 2016-2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

36.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

37.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

38.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

39.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Alex Hornibrook participated in college football as a student-athlete at the

University of Wisconsin ("Wisconsin") from 2015 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

40.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Amani Oruwariye participated in college football as a student-athlete at Pennsylvania State University ("Penn State") from 2014 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

41.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

42.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

43.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

44.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

45.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

46.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

47.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

48.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

49.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

50.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

51.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Cade McNamara participated in college football as a student-athlete at Michigan from 2019 to 2023 and at Iowa from 2023 to 2025. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

52.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

53.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

54.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

55.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

56.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

57.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

58.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

59.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Charles Matthews participated in college basketball as a student-athlete at Michigan from 2016 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

60.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

61.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

62.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

63.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

64.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

65.      The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

66.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

67.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

68.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

69.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

70.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

71.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

72.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

73.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

74.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

75.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Donovan Peoples-Jones participated in college football as a student-athlete at Michigan from 2017 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

76.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

77.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

78.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

79.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

80.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

81.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

82.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Franz Wagner participated in college basketball as a student-athlete at Michigan from 2019 to 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

83.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

84.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

85.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Grant Haley participated in college football as a student-athlete at Penn State from 2014 to 2017. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

86.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

87.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

88.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

89.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

90.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Hunter Dickinson participated in college basketball as a student-athlete at Michigan from 2020 to 2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

91.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

92.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

93.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jack Cichy participated in college football as a student-athlete at Wisconsin from 2013 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

94.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

95.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jacob Huff participated in college football as a student-athlete at University of Minnesota ("Minnesota") from 2015 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

96.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

97.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

98.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

99.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

100.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

101.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

102.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

103.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that James Blackmon, Jr. participated in college basketball as a student-athlete at Indiana University Bloomington ("Indiana") from 2014 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

104.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

105.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

106.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

107.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jason Cabinda participated in college football as a student-athlete at Penn State from 2014 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

108.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

109.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

110.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

111.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

112.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

113.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that John Michael Schmitz, Jr. participated in college football as a student-athlete at Minnesota from 2017 to 2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

114.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

115.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

116.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

117. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

118. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

119. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

120. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

121. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

122. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Julius Brents participated in college football as a student-athlete at Iowa from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

123. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Kathleen Doyle participated in college basketball as a student-athlete at Iowa from 2016 to 2020. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

124.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

125.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

126.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

127.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

128.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

129.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

130.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

131.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

132.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Marcus Allen participated in college football as a student-athlete at Penn State from 2014 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

133.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

134.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

135.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

136.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

137.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Michael Jordan participated in college football as a student-athlete at Ohio State from 2016 to 2019. The Big Ten lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

138.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

139.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

140.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

141.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

142.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

143.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

144.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

145.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

146.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

147.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

148.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

149.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

150.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Quinn Nordin participated in college football as a student-athlete at Michigan from 2016 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

151.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Rashan Gary participated in college football as a student-athlete at Michigan from 2016 to 2018. The Big Ten lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

152.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

153.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

154.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

155.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

156.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Sean Clifford participated in college football as a student-athlete at Penn State from 2017 to 2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

158.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

159.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

160.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

161.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

162.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Shea Patterson participated in college football as a student-athlete at Michigan from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

163.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

164.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

165.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

166.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

167.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Tanner Morgan participated in college football as a student-athlete at Minnesota from 2017 to 2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

168.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

169.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Richard Thomas ("Trace") McSorley participated in college football as a student-athlete at Penn State from 2014 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

170.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

171.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

172.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Troy Fumagalli participated in college football as a student-athlete at Wisconsin from 2013 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

173.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

174.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

175.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

176.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Moritz Wagner participated in college basketball as a student-athlete at Michigan from 2015 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

177.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big
Ten admits that Will Levis participated in college football as a student-athlete at Penn
State from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations of this paragraph. Except as
expressly admitted, The Big Ten denies the allegations of this paragraph.

178.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big
Ten admits that Zavier Simpson participated in college football as a student-athlete at
Michigan from 2016 to 2020. The Big Ten lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except
as expressly admitted, The Big Ten denies the allegations of this paragraph.

179.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big
Ten admits that Yetur Gross-Matos participated in college football as a student-athlete at
Penn State from 2017 to 2019. The Big Ten lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except
as expressly admitted, The Big Ten denies the allegations of this paragraph.

180.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big
Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of
the remaining allegations of this paragraph.

181.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big
Ten admits that Zak Irvin participated in college basketball as a student-athlete at
Michigan from 2013 to 2017. The Big Ten lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except
as expressly admitted, The Big Ten denies the allegations of this paragraph.

182.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

183.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

184.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

185.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

186.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

187.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

188.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

189.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

190.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

191.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

192.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

193.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

195.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

196.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

197.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

198.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

199.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

200.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

201.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

202.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

203.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

204.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

205.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

206.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

207.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

208.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

209.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

210.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

211.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

212.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

213.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

214.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

215.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

216.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

217.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

218.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

219.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

220.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Stephen Carr participated in college football as a student-athlete at Indiana in 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

221.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

222.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

223.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

224.   The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

225. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Palaie Gaoteote participated in college football as a student-athlete at Ohio State from 2021 to 2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

226.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

227.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Tyjon Alvin Lindsey participated in college football as a student-athlete at the University of Nebraska ("Nebraska") from 2017 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

228.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

229.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

230.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

231.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

232.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

233.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

234.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

235.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Tathan "Tate" Martell participated in college football as a student-athlete at Ohio State from 2017 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

236.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

237.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

238.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

239.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

240.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

241.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

242.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

243.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

244.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

245.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

246.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

247.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

248.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

249.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

250.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

251.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

252.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

253.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

254 The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph..

255.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

256.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

257.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

258.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

259.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

260.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

261.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

262.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

263.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

264.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

265.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

266.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

267.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

268.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

269.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

270.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

271.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

272.     The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

273.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

274.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

275.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

276.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Trevon Thomas Sidney participated in college football as a student-athlete at the University of Illinois ("Illinois") from 2019 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

277.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

278.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

279.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

280.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

281.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

282.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

283.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

284.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Davion Ervin-Poindexter participated in college football as a student-athlete at Indiana from 2019 to 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

285.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

286.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

287.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

288.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

289.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Derrick Barnes participated in college football as a student-athlete at Purdue University ("Purdue") from 2017 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

290.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

291.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

292.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

293.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

294.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

295.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Cam Taylor-Britt participated in college football as a student-athlete at Nebraska from 2018 to 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

296.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Kam Williams participated in college basketball as a student-athlete at Ohio State from 2014 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

297.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

298.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

299.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

300.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Marc Loving participated in college basketball as a student-athlete at Ohio State from 2013 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

301.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that C.J. Jackson participated in college basketball as a student-athlete at Ohio State from 2016 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

302.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

303.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

304.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

305.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

306.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Nigel Johnson participated in college basketball as a student-athlete at Rutgers University ("Rutgers") from 2016 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

307.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

308.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

309.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

310.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jerron Cage participated in college football as a student-athlete at Ohio State from 2018 to 2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

311.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

312.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

313.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

314.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

315.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

316.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

317.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

318.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

319.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

320.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that David Bell participated in college basketball as a student-athlete at Ohio State from 2015 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

321.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

322.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

323.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

324.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

325.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

326.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

327.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

328.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

329.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

330.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

331.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

332.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

333.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

334.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

335.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

336.    The Big Ten admits that the NCAA is an unincorporated association with its principal place of business in Indianapolis, Indiana. The Big Ten further admits that the NCAA has more than 1,000 member schools, including public and private colleges and universities. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

337.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. Upon information and belief, The Big Ten admits that the Pac-12 is an unincorporated association with its principal place of business located in California. The Big Ten denies the remaining allegations this paragraph.

338.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. Upon information and belief, The Big Ten admits that the SEC is an unincorporated association with its principal place of business located in Birmingham, Alabama. The Big Ten denies the remaining allegations this paragraph.

339.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. Upon information and belief, The Big Ten admits that the ACC is an unincorporated association. The Big Ten denies that the ACC's principal place of business is in Greensboro, North Carolina. The Big Ten denies the remaining allegations of this paragraph.

340.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. Upon information and belief, The Big Ten admits that Big 12 is a nonprofit corporation organized under the laws of the State of Delaware with its principal place of business in Texas. The Big Ten denies the remaining allegations of this paragraph.

341.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that it is a nonprofit corporation organized under the laws of Delaware, with its principal place of business in Rosemont, Illinois. The Big Ten denies the remaining allegations of this paragraph.

342.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

343.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that the Complaint includes causes of action under the Clayton Act and the Sherman Antitrust Act, and that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited of this paragraph. The Big Ten denies that Plaintiffs are entitled to any relief sought. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

344.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that the Defendants and their member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations. Except as expressly admitted herein, The Big Ten denies the remaining allegations of this paragraph.

345.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. Upon information and belief, The Big Ten admits that certain NCAA member schools are located in Colorado, that a portion of the NCAA's 2023 men's basketball tournament took

place in Denver, and that a portion of the NCAA's 2025 men's basketball tournament took place in Denver. The Big Ten denies the remaining allegations of this paragraph but does not challenge venue in this action. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

346.    The Big Ten admits the allegations of this paragraph.

347.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph, but does not challenge personal jurisdiction in this action.

348.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

349.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

350.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph and its subparagraphs.

351.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

352.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

353.    The Big Ten admits the allegations of this paragraph.

354.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding Plaintiffs' reservation of rights.  The Big Ten denies the remaining allegations of this paragraph.

355.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

356.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

357.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

358.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

359.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

**A.    The NCAA, its co-conspirators, and the exponential growth in revenue.**

360.    Upon information and belief, The Big Ten admits that the NCAA was first formed over a century ago to set the rules of college athletics. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

361.    The Big Ten admits that the NCAA's members include schools and conferences and that NCAA rules and bylaws govern the conduct of the NCAA's business. The Big Ten further admits that the NCAA has various committees with representatives from various NCAA member schools and conferences. The Big Ten also admits that the Board of Governors is the NCAA's highest governing body and is composed of various presidents and chancellors of NCAA member schools, and that the NCAA employs a president. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

362.    The Big Ten admits that the NCAA has adopted a constitution and bylaws and that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. The Big Ten further admits that the NCAA's bylaws govern the procedures for bylaw amendments, including amendments to Bylaw 12, which is currently titled "Athletics Eligibility." Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

363.    The Big Ten admits that the current version of NCAA Bylaw 12.01.1 states that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and interpretations is eligible for intercollegiate athletics participation in a particular sport." The Big Ten further admits that, for a period of time, NCAA Bylaw 12.01.4 stated that "[a] grant-in-aid administered by an educational institution is not considered to be pay or the

promise of pay for athletics skill, provided it does not exceed the financial aid limitations set by the Association's membership." Bylaw 12.01.4 has been deleted in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-03919 (N.D. Cal.). The Big Ten also admits that, for a period of time, a grant-in-aid was limited to the cost of tuition, room and board, books, and similar education-related expenses. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

364.    The Big Ten admits that current NCAA bylaws require student-athletes to meet the governing athletics eligibility legislation and interpretations in order to be eligible for participation in Division I college athletics. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

365.    The Big Ten admits that NCAA bylaws govern the forms of pay student-athletes may and may not receive to maintain their eligibility for intercollegiate athletic competition. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

366.    The Big Ten admits that NCAA bylaws govern the potential penalties that may be imposed on member institutions and student-athletes for violation of NCAA rules. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

367.    The Big Ten admits that the NCAA enforces its rules and has from time to time imposed penalties on member institutions and student-athletes for violating NCAA rules. The Big Ten further admits that the NCAA's constitution discusses potential consequences of violating the NCAA's rules. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

368.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that the NCAA's member schools and conferences agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

369.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten denies that a "wage fix" is codified in the NCAA's bylaws. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding university employees, including graduate students. The Big Ten denies the remaining allegations of this paragraph.

370.    The Big Ten admits that the NCAA includes Divisions I, II, and III, and that there currently are more than 350 member schools in Division I. The Big Ten further admits that there is much variation within Division I in terms of the size, athletics department budgets, and athletic performance of each member institution. The Big Ten also admits that there are currently 69 schools within the conferences colloquially referred to as the "Power 5 Conferences" and that Notre Dame is a member of Division I and affiliated with a Power 5 Conference (the ACC, for sports other than football and hockey). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

371.    The Big Ten admits that the NCAA generates revenue through, among other things, television contracts for the broadcast of certain basketball games. The Big Ten further admits that the NCAA traditionally hosts a "March Madness" basketball tournament, which is broadcast on television pursuant to contracts that generate revenue

for the NCAA. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

372.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

373.    The Big Ten admits that a small number of college football and basketball programs generate positive net revenues. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph related to other conferences or schools that are not part of The Big Ten. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

374.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

375.    The Big Ten admits that the defendant conferences generate revenue from, among other things, broadcast network agreements. The Big Ten further admits that it has been reported that The Big Ten earned approximately $928 million in revenue during 2024. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

376.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

377.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

378.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

379.    The Big Ten admits that the distribution of its revenue from television agreements is shared equally with its member institutions subject to any new member agreements. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

380.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

381.    The Big Ten admits that several members of the Pac-12 have departed the conference in recent years. The Big Ten further admits that the University of California, Los Angeles ("UCLA"), the University of Southern California ("USC"), the University of Washington ("Washington"), and the University of Oregon ("Oregon") are now members of The Big Ten. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

382.    The Big Ten admits that Stanford University ("Stanford") and University of California, Berkeley ("UC-Berkeley") are now members of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

383.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph

384.   The Big Ten admits that Eli Drinkwitz was reported to have made the comment quoted of this paragraph. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

385.   The Big Ten admits that Mick Cronin was reported to have made the comment quoted of this paragraph. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

386.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

387.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

**B.    The NCAA has unlawfully prohibited athletes from profiting off of their NIL.**

388.   The Big Ten admits that the NCAA Manual contains the provisions quoted in part from NCAA Bylaw 12.5.2.1 in subparagraphs (a) and (b). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

389.   The Big Ten denies the allegations of this paragraph.

390.   The Big Ten denies the allegations of this paragraph.

391.   The Big Ten denies the allegations of this paragraph.

392.   The Big Ten admits that the NCAA adopted an interim NIL policy on July 1, 2021, which governs the compensation student-athletes may receive for NIL-related

activities. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

393.    The Big Ten admits that the NCAA's interim NIL policy adopted on July 1, 2021, did not permit member institutions or conferences to compensate student-athletes for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

394.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

395.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

396.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

397.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

398.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

**C.    The NCAA has artificially and unlawfully capped the number of scholarships for Power 5 baseball players.**

399.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

400.    The Big Ten admits that, in head-count sports, each student-athlete who received a scholarship of any amount (including a partial scholarship) historically was treated under NCAA bylaws as having received a full scholarship. The Big Ten further admits that Division I men's and women's basketball, football, women's gymnastics, women's tennis, and women's volleyball traditionally have been "head-count" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

401.    The Big Ten admits that, in equivalency sports, student-athletes traditionally could receive partial scholarships and that those partial scholarships were counted as such in determining how many scholarships had been awarded to student-athletes in that sport. The Big Ten further admits that Division I sports other than those listed in the preceding paragraph 400 traditionally have been "equivalency" sports. The distinction between "head-count" and "equivalency" sports no longer exists in light of NCAA rules and proposed NCAA rules eliminating scholarship limits in connection with the

implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

402.    The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports and governed how partial scholarships were counted for purposes of scholarship limits. NCAA bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

403.    The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA bylaws no longer impose scholarships limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

404.    The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA bylaws no longer impose scholarships limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*,

No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

405.    The Big Ten admits that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

406.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning "young mathematicians" and "musicians" at unnamed universities. The Big Ten denies the remaining allegations of this paragraph.

**D.    College athletics programs have dramatically increased spending on coaching salaries and quality of facilities, and the compensation for the athletes would likewise increase in a competitive market.**

407.    The Big Ten admits that schools within the Power 5 compete with one another. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

408.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

409.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

410.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

411.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

412.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

413.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA Division I schools complete with one another. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

414.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

415.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

416.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

417.    The Big Ten admits that the NCAA hosts a baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning attendance at baseball tournament games. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

418.    The Big Ten admits that the winners of the super-regional games in the NCAA's baseball tournament advance to the College World Series. The Big Ten further

admits that College World Series games are broadcast on television and that the NCAA
has broadcast network agreements associated with certain of its championship events.
The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations of this paragraph concerning attendance at and television
viewership for College World Series games. Except as expressly admitted, The Big Ten
denies the allegations of this paragraph.

419.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies all such allegations.
The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations of this paragraph concerning administrator and coach salaries
and scholarship allocation for baseball student-athletes. The Big Ten denies the
remaining allegations of this paragraph.

420.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies all such allegations.
The Big Ten admits that many student-athletes are dedicated to their sports and devote
significant time to athletics-related activities. The Big Ten denies that any student-athlete
"works" as a college athlete. The Big Ten lacks knowledge or information sufficient to form
a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as
expressly admitted, The Big Ten denies the allegations of this paragraph.

421.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies the allegations of this
paragraph.

422.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning NIL money received by college baseball players. The Big Ten denies the remaining allegations of this paragraph.

**E.    In a competitive market, the Plaintiffs would be paid competitively for their labor.**

423.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

424.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

425.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

426.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

**F.    The NCAA's prior antitrust losses.**

427.    The Big Ten admits that the NCAA and conference defendants have been parties in a number of antitrust lawsuits in recent years. The Big Ten further admits that the Supreme Court of the United States issued an opinion in the *Alston* case. The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize or otherwise are inconsistent with the Court's opinion in *Alston*. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

428.    The Big Ten admits that Justice Kavanaugh wrote a concurring opinion in the *Alston* case. The Big Ten denies all allegations of this paragraph to the extent they

inaccurately characterize, selectively quote or are otherwise inconsistent with *Alston* or Justice Kavanaugh's concurring opinion. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

429.    The Big Ten admits that Justice Kavanaugh wrote a concurring opinion in the *Alston* case. The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize, selectively quote or are otherwise inconsistent with *Alston* or Justice Kavanaugh's concurring opinion. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

430.    The Big Ten admits that the Supreme Court issued an opinion and that Justice Kavanaugh wrote a concurring opinion in the *Alston* case. The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize, selectively quote or are otherwise inconsistent with *Alston* or Justice Kavanaugh's concurring opinion. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

431.    The Big Ten denies the allegations of this paragraph.

**G.    The NCAA's supposed need to preserve "amateurism" is pretextual as evidenced by the fact that athletes are now being paid for their NILs, at least from third parties.**

432.    The Big Ten admits that various NCAA bylaws have been amended since the Supreme Court's opinion in the *Alston* case. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

433.    The Big Ten admits that the NCAA issued an interim NIL policy in July 2021 that permitted student-athletes to receive certain types of NIL compensation. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning the NIL compensation that specific student-

athletes may have earned. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

434.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

435.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

436.    The Big Ten admits that NCAA bylaws and guidance govern the compensation that may be provided to student-athletes.  The Big Ten further states that those rules have been amended as a result of the settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

437.    The Big Ten admits that NCAA rules historically have governed the benefits student-athletes may receive and that student-athletes have under circumstances outlined in NCAA rules and guidance been permitted to receive athletic scholarships (including room and board and cost of attendance), athletic participation awards, Student Assistance Fund awards, educational or other academic awards (including graduation awards), loss-of-value insurance, tutoring and other academic support, and other benefits. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

438.    The Big Ten admits that the selectively quoted text in paragraph 438 appears in the article cited in footnote 13. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

439.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

440.    The Big Ten admits that the paragraph accurately quotes a selective portion of the testimony of Tony Petitti, Commissioner of The Big Ten during an October 17, 2023 meeting of the U.S. Senate Committee on the Judiciary. The Big Ten denies the allegations of this paragraph to the extent they inaccurately characterize or are inconsistent with Commissioner Petitti's full testimony. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph concerning the popularity of college sports. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

441.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

442.    The Big Ten admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

443.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

444.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

445.    The Big Ten admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may share certain athletics revenue with student-athletes, as outlined in the settlement agreement. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

446.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that Plaintiffs purport to seek damages in this action. The Big Ten denies that Plaintiffs are entitled to any relief.

**H.    The market at issue.**

447.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

448.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that institutions spend different amounts on facilities and coaching salaries, and that institutions compete against each other to recruit student-athletes. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

449.    The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize, selectively quote or are otherwise inconsistent with *Alston* and/or the cited decision in *In re College Athlete NIL Litigation.* The Big Ten denies the remaining allegations of this paragraph.

450.    The Big Ten denies all allegations of this paragraph to the extent they inaccurately characterize, selectively quote or are otherwise inconsistent with *Alston.* The Big Ten denies the remaining allegations of this paragraph.

451.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

452.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

453.    The Big Ten admits that there are differences between the experience and opportunities afforded to NCAA student-athletes and athletes who compete in professional sports. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

454.    The Big Ten admits that only a small percentage of NCAA student-athletes go on to compete in professional sports leagues. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

455.    The Big Ten denies the allegations of this paragraph.

**I.    The effect of Defendants' illegal conduct on each Plaintiff.**

456.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

457.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

458.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

459.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

460.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

461.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

462.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

463.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

464.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

465.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

466.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

467.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

468.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

469.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

470.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

471.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

472.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

473.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

474.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

475.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

476.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

477.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

478.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

479.    The Big Ten denies that any plaintiff had a "job" as a student-athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

480.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

481.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

482.    The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

483.    The Big Ten admits that the University of Georgia is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

484.    The Big Ten denies that any plaintiffs provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of this paragraph relating to other defendants. The Big Ten denies the remaining allegations of this paragraph.

485. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

486. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

487. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

488. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

489. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

490.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

491.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

492.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

493.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

494.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete.  Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

495.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

496. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

497. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

498. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

499. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

500. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

501. The Big Ten admits that UC-Berkeley was previously a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

502. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

503.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

504.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

505.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

506.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

507.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

508.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

509.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

510.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

511.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

512.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

513.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

514.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

515.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

516.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

517.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

518.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

519.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

520.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

521.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

522.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

523.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

524.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

525.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

526.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

527.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

528.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

529.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

530.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

531.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

532.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

533.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

534.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

535.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

536.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Alaric Jackson participated in college football as a student-athlete at Iowa from 2016 to 2020. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

537.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

538.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

539.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

540.    The Big Ten admits that Alaric Jackson was named second team All-Big Ten in 2018 and first team All-Big Ten in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

541.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. The Big Ten denies that any plaintiff provided "labor" as a student-athlete.

542.    The Big Ten admits that Iowa was a member of The Big Ten during the time Alaric Jackson was enrolled and that certain Iowa games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some

instances still has, contracts with ESPN, Fox Sports, and The Big Ten Network. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

543.    The Big Ten admits that it distributed approximately $54 million in revenue to Iowa for the 2020 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

544.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

545.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

546.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

547.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

548.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

549.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

550.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

551.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

552.    The Big Ten admits that the University of Tennessee is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the remaining allegations of this paragraph.

553.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations. Except as expressly admitted, The Big Ten denies the remaining allegations of this paragraph.

554.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. \ Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

555.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

556.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

557.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

558.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

559.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

560.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The
Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations of this paragraph.

561.    The Big Ten lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations of this paragraph.

562.    The Big Ten admits that Wake Forest University is a member of the ACC.
The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations of this paragraph. Except as expressly admitted, The
Big Ten denies the allegations of this paragraph.

563.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies all such allegations.
The Big Ten admits that NCAA rules previously have governed and currently govern the
circumstances in which student-athletes may be compensated for the use of their NIL.
The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as
expressly admitted, The Big Ten denies the allegations of this paragraph.

564.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies the allegations of this
paragraph.

565.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies the allegations of this
paragraph.

566.    This paragraph contains legal conclusions to which no answer is required.
To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

567.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

568.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

569.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

570.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

571.    Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

572.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

573.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

574.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

575.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

576.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Alex Hornibrook participated in college football as a student-athlete at Wisconsin from 2015 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

577.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

578.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

579.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Alex Hornibrook was named All-Big Ten Honorable Mention in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

580.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

581.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

582.    The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Wisconsin was a member of The Big Ten during the time Alex Hornibrook was enrolled and that certain Wisconsin games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN and Fox. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

583.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

584.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

585.    The Big Ten admits that it distributed in excess of $54 million in revenue to Wisconsin for the 2019 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph related to FSU and the ACC. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

586.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

587.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

588.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

589.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Amani Oruwariye participated in college football as a student-athlete at Penn State from 2014 to 2019. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

590.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

591.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

592. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Amani Oruwariye was named Second Team All-Big Ten in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

593. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

594. The Big Ten admits that Penn State was a member of The Big Ten during the time Amani Oruwariye was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, Fox Sports, ABC, and The Big Ten Network. The Big Ten admits that it distributed in excess of $53 million in revenue to Penn State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

595. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

596.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

597.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

598.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

599.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

600.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

601.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

602.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

603.    The Big Ten admits that the University of Washington was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

604.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

605.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

606.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

607.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

608.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

609. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

610. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

611. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

612. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

613. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

614. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

615. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

616. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

617. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

618. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

619.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

620.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

621.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

622.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

623.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

624.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

625.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

626.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

627.    The Big Ten admits that the University of Arizona was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

628.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

629.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

630.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

631.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

632.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

633.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

634.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

635.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

636.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

637.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

638.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

639.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

640.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

641.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

642.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

643.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

644.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Asa Edward Lacy received only a partial athletic scholarship. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

645.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

646.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

647.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

648.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

649.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

650.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

651.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

652.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

653.    The Big Ten admits that the University of Oklahoma was a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

654.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

655.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

656.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

657.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

658.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

659.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

660.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

661.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

662.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

663.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

664.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

665.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

666.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

667.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

668.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

669.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

670.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

671.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

672.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

673.    The Big Ten admits that Clemson University is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

674.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

675.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

676.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

677.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

678.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

679.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

680.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

681.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

682.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

683.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

684.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

685.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

686.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

687.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the

number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

688.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

689.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

690.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

691.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

692.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

693.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

694.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

695.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

696.    The Big Ten admits that Texas Tech University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

697.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

698.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

699.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

700.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

701.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

702.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

703.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

704.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

705.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

706.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

707.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

708.    The Big Ten admits that Stanford was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

709.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

710.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

711.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Cade McNamara participated in college football as a student-athlete at Michigan from 2019 to 2023 and at Iowa from 2023 to 2025. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

712.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

713.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

714.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

715.    The Big Ten admits that Cade McNamara was named All-Big Ten Third Team in and that Michigan won the Big Ten title in 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

716.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

717.    The Big Ten admits that Michigan and Iowa were members of The Big Ten during the time Cade McNamara was enrolled and that certain Michigan and Iowa games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox, ESPN, NBC, and ABC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

718.    The Big Ten admits that it distributed approximately $60 million in revenue to Michigan and Iowa for the 2023 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

719.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

720.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

721.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

722.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

723.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

724.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

725.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

726.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

727.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

728.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

729.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

730.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

731.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

732.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

733.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

734.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

735.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

736.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

737.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

738.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

739.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

740.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

741.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

742.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

743.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

744.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

745.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

746.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

747.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

748.    The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

749.    The Big Ten admits that the University of South Carolina is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

750.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

751.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

752.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

753.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

754.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

755.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

756.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

757.   The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

758.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

759.   The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

760.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

761.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

762.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

763.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

764.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

765.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

766.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

767.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

768.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

769.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

770.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

771.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

772.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

773.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

774.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

775.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the Big Ten denies the allegations of this paragraph.

776.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

777.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

778.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

779.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

780.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

781.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

782.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

783.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

784.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

785.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

786.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten denies the allegations of this paragraph.

787.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations tof this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

788.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

789.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

790.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

791.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

792.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

793.    The Big Ten admits that UC-Berkeley was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

794.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

795.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

796.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

797.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

798.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Charles Matthews participated in college basketball as a student-athlete at Michigan from 2016 to 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

799.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

800.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

801.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

802.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

803.    The Big Ten admits that Charles Matthews was named All-Big Ten honorable mention, Preseason All-Big Ten, and Academic All-Big Ten in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

804.    The Big Ten admits that the University of Michigan was a member of The Big Ten during the time Charles Matthews was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with CBS and ESPN. The Big Ten admits that it distributed approximately $56 million in revenue to Michigan for the 2019 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

805.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

806.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

807.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

808.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

809.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

810.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

811.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

812.    The Big Ten admits that the University of Georgia is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

813.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

814.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

815.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

816.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

817.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

818.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

819.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

820.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

821.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

822.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

823.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

824.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

825.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

826.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

827.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

828.    The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that the NCAA rules referenced in this paragraph were "restrictive policies." The Big Ten denies that any plaintiff provided "labor" as a

college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

829.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

830.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

831.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

832.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

833.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

834.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

835.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

836.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

837.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

838.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

839.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

840.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

841.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

842.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

843.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

844.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

845.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

846.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

847.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

848.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

849.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

850.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

51.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

852.    The Big Ten admits that the University of Miami is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

853.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

854.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

855.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

856.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

857.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

858.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

859.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

860.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

861.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

862.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

863.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

864.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

865.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

866.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

867.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

868.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

869.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

870.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

871.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

872. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

873. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

874. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

875. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

876. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

877. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

878. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

879.    The Big Ten admits that Stanford was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

880.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

881.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

882.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

883.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

884.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

885.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

886.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

887.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

888.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

889.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

890.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

891.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

892.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

893.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

894.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

895.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

896.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

897.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

898.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

899.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

900.   The Big Ten admits that the University of Alabama is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

901.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

902.   The Big Ten denies that any Plaintiff provided "labor" by participating in college athletics. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

903.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.  Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

904.   This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

905.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

906.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

907.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

908.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

909.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

910.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

911.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

912.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

913.    The Big Ten admits that Boise State is a member of the Mountain West Conference. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

914.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

915.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

916.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

917.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

918.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

919.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

920.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

921.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

922.    The Big Ten admits that Texas Tech University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

923.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

924.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph concerning "restrictions placed by coaching staff" at Texas Tech University. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

925.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

926.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

927.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

928.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

929.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

930.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

931.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

932.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

933.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

934.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

935.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

936.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

937.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

938.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

939.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

940.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

941.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

942.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

943.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

944.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

945.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

946.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

947.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

948.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

949.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

950.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

951.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

952.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

953.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

954.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

955.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

956.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

957.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

958.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

959.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

960.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

961.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

962.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

963.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

964.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

965.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

966.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

967.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

968.    The Big Ten admits that the University of Mississippi is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

969.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

970.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

971.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

972.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

973.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

974.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Destiny Slocum participated in college basketball as a student-athlete at the University of Maryland ("Maryland") from 2016 to 2017. The Big Ten lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

975.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

976.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

977.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Destiny Slocum was named to the Big Ten All-Tournament Team, the Big Ten All-Freshman Team, Second Team All-Big Ten, and Big Ten Freshman of the Year in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

978.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

979.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

980.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

981.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

982.    The Big Ten admits that certain Maryland games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some

instances still has, contracts with ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

983.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

984.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

985.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Donovan Peoples-Jones participated in college football as a student-athlete at Michigan from 2017 to 2019. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

986.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

987.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

988.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Donovan Peoples-Jones was named Third Team All-Big Ten in 2018.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

989.    The Big Ten admits that Michigan was a member of The Big Ten during the time Donovan Peoples-Jones was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox, ABC, and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

990.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

991.    The Big Ten admits that it distributed approximately $54 million in revenue to Michigan for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

992.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

993.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

994.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

995.    This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

996.    The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

997.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

998.    The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

999.    The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1000.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1001.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1002.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1003.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1004.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1005.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1006.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1007.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1008.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1009.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1010.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1011.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the 1012.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1013.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1014.  The Big Ten admits that the University of Missouri is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1015.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1016.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1017.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1018.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1019.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Duncan Robinson participated in college basketball as a student-athlete at Michigan from 2014 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1020.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1021.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1022.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1023.   The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1024.  The Big Ten admits that Duncan Robinson was named Big Ten Sixth Man of the Year in 2018 and that Michigan won Big Ten Tournament titles in 2017 and 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1025.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1026.  The Big Ten admits that Michigan was a member of The Big Ten during the time Robinson was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with an ESPN network, CBS, and Fox. The Big Ten admits that it distributed approximately $54 million in revenue to Michigan for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1027.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1028. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1029. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1030. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1031. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1032. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1033. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1034. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1035.  The Big Ten admits that the University of Alabama is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1036.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1037.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1038.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1039.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1040.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1041.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1042.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1043.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1044.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1045.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1046.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1047.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1048.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1049.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1050.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1051.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1052.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1053.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1054. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1055. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1056. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1057. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1058. The Big Ten admits that the University of Kansas is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1059. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1060. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1061.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1062.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1063.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Franz Wagner participated in college basketball as a student-athlete at Michigan from 2019 to 2021. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1064.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1065.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1066.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1067.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1068.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1069. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Franz Wagner was named to the Big Ten All-Freshman Team and was named Big Ten Freshman of the Week three times in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1070. The Big Ten admits that Franz Wagner was named to the All-Big Ten Second Team in 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1071. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1072. The Big Ten admits that Michigan was a member of The Big Ten during the time Fritz Wagner was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, CBS, Fox, and The Big Ten Network. The Big Ten further admits that it distributed approximately $54 million in revenue to Michigan for the 2021 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of remaining the allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1073. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1074. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1075. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1076. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1077. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1078. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1079. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1080.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1081.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1082.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1083.  The Big Ten admits that the University of Oklahoma was a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1084.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1085. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1086.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1087.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1088.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1089.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1090.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1091.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1092.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1093.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1094.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1095. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1096. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1097. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1098. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1099. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1100. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1101.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1102.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Grant Haley participated in college football as a student-athlete at Penn State from 2014 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1103.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1104.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1105.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Haley was named Big Ten All-Freshman Team Honorable Mention in 2014. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1106.  The Big Ten admits that Grant Haley was named All-Big Ten Honorable Mention by the media in 2015. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1107.  The Big Ten admits that Haley was named All-Big Ten Honorable Mention in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1108.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1109.  The Big Ten admits that Penn State was a member of The Big Ten during the time Grant Haley was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1110.  The Big Ten denies that it distributed approximately $52 million in revenue to Penn State for the 2016 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1111.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1112. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1113. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1114. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1115. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1116. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1117. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1118. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1119. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1120. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1121. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1122. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1123. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1124. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1125.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1126.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1127. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1128.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1129.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1130.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1131.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1132.  The Big Ten admits that Southern Methodist University was a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1133.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1134.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1135.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1136.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1137.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1138. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1139. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1140. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1141. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1142. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1143. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1144. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1145. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1146.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1147.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1148.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1149.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1150.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1151.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1152.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1153. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1154. The Big Ten admits that the University of Florida is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1155. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1156. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1157. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1158.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1159.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1160.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Hunter Dickinson participated in college basketball as a student-athlete at Michigan from 2020 to 2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1161.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1162.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1163.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Hunter Dickinson was named The Big Ten Freshman of the Year, Big Ten All-Freshman Team, First Team All-Big Ten (media), Second Team All-Big Ten (coaches), and was a seven-time Big Ten Freshman of the Week honoree in 2021. The Big Ten further admits that Michigan won the Big Ten championship in 2021. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1164.  The Big Ten denies that Dickinson was named to the All-Big Ten First Team in 2022 but admits that Dickinson was named to the All-Big Ten First Team in 2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1165.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1166.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1167.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1168.  The Big Ten admits that Michigan was a member of The Big Ten during the time Dickinson was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN and CBS Sports. The Big Ten admits that it distributed approximately $59 million in revenue to Michigan for the 2022 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1169.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1170. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1171. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1172. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1173. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1174. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1175. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1176.  The Big Ten admits that Boston College is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1177.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1178.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1179.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1180.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1181.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1182.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1183.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1184.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1185.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1186.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1187.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1188.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1189.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1190.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1191. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1192. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1193. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1194. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1195. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1196. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1197. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1198.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1199.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1200.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1201.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1202.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1203.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1204.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

admits that Jacob Huff participated in college football as a student-athlete at Minnesota from 2015 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1205. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1206. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1207. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Jacob Huff was once named The Big Ten Defensive Player of the Week in 2017 and was named All-Big Ten Honorable Mention in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1208. The Big Ten admits that Minnesota was a member of The Big Ten during the time Jacob Huff was enrolled and that certain Minnesota games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1209. The Big Ten admits that it distributed approximately $54 million in revenue to Minnesota for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this

paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1210. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1211. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1212. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1213. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1214. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1215.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1216.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1217.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1218.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1219.  The Big Ten admits that UCLA was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1220.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1221.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1222.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1223.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1224.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1225.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1226.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1227.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1228.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1229.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1230.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1231.  The Big Ten admits that Washington was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1232.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1233.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1234.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1235.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1236.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1237.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1238.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1239.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1240.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1241.  The Big Ten admits that the University of Georgia is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1242.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1243.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1244. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1245. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1246. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1247. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1248. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1249. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1250. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1251.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1252.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1253.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1254.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1255.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1256.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1257.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1258.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1259.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1260.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1261.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1262.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1263.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1264.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1265.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1266.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1267.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1268.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1269.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1270.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1271.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1272.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1273.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1274.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1275.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1276.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1277.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1278.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1279. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1280. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1281. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1282. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1283. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1284. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1285. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1286. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1287. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1288.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1289.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1290.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that James Blackmon Jr. participated in college basketball as a student-athlete at Indiana from 2014 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1291.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1292.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1293.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1294.  The Big Ten admits that James Blackmon Jr. was named honorable mention All-Big Ten in 2015 and Third Team All-Big Ten by media in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1295.  The Big Ten admits that Indiana was a member of The Big Ten during the time James Blackmon was enrolled and that certain Indiana games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1296.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1297.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1298.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1299.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1300.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1301.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1302.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1303.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1304.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1305.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1306. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1307. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1308. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1309. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1310. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1311. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1312. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jack Cichy participated in college football as a student-athlete at Wisconsin

from 2013 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1313.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1314.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1315.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Jack Cichy was named All-Big Ten Honorable Mention in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1316.  The Big Ten denies that any plaintiff had a "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1317.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1318.  The Big Ten admits that Wisconsin was a member of The Big Ten during the time Jack Cichy was enrolled and that certain Wisconsin games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1319.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1320.  The Big Ten admits that it distributed in excess of $45 million in revenue to Wisconsin for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1321.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1322.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1323.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1324.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1325. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1326. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1327. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1328. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1329. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1330. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1331.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1332.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jason Cabinda participated in college football as a student-athlete at Penn State from 2014 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1333.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1334.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1335.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Jason Cabinda was named Second Team All-Big Ten by league coaches in 2017 but denies that he was named Second Team All-Big Ten by league coaches in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1336.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1337.  The Big Ten admits that Penn State was a member of The Big Ten during the time Jason Cabinda was enrolled and that certain Penn State games were broadcast

on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1338.  The Big Ten admits that it distributed in excess of $53 million in revenue to Penn State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1339.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1340.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1341.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1342. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1343. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1344. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1345. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1346. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1347. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1348. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1349. The Big Ten admits that Ohio University is a member of the Mid-American Conference ("MAC"). The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1350.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1351.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1352.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1353.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1354.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1355.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1356.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1357.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1358.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1359.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1360.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1361.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1362.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1363.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1364. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1365. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1366. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1367. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1368. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1369. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1370. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1371. The Big Ten admits that Oregon State was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1372.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1373.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1374.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1375.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1376.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1377. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1378. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1379. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1380. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1381. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1382. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1383. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1384. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

216

1385.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1386.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1387.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1388.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1389.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1390.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1391.  The Big Ten admits that the University of Pittsburgh is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1392.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1393.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1394.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1395.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1396.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that John Michael Schmitz Jr. participated in college football as a student-athlete at Minnesota from 2017 to 2022. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1397.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1398.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1399.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that John Michael Schmitz Jr. was named Academic All-Big Ten in 2018, 2019, and 2020, and All-Big Ten Honorable Mention in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1400.  The Big Ten admits that John Michael Schmitz Jr. was named Academic All-Big Ten, Third Team All-Big Ten (media) and Second Team All-Big Ten (coaches) in 2021 and Academic All-Big Ten, All-Big Ten First Team (media and coaches) in 2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1401.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1402.  The Big Ten admits that Minnesota was a member of The Big Ten during the time John Michael Schmitz Jr. was enrolled and that certain Minnesota games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, Fox, and The Big Ten Network. The Big Ten admits that it distributed in excess of $58 million in revenue to Minnesota for the 2022 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1403.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1404.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1405.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1406.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1407.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1408.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1409.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1410.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1411.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1412.  The Big Ten admits that the University of Kentucky is a member of the SEC and that UCLA was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1413.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1414.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1415. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1416. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1417. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1418. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1419. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1420. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1421. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1422. The Big Ten admits that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1423. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1424. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1425. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1426. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1427. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1428.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1429.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1430.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1431.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1432.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1433.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1434.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1435.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1436.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1437.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1438.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1439.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1440.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1441. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1442.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1443.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1444.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1445.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1446.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1447.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1448.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1449.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the

number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1450.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1451.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1452.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1453.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1454.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1455.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1456.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1457.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1458.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1459.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1460.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1461.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1462.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1463. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1464. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1465. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1466. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1467. The Big Ten admits that Stanford was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1468. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1469. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1470. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1471. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1472. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1473. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1474. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1475. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1476. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1477. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1478.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1479.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1480.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1481.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1482.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1483.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1484.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1485.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1486.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1487.  The Big Ten admits that Louisiana State University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1488.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1489.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1490.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1491.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1492.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1493.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1494.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1495.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1496.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1497.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1498.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1499.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1500.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1501.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1502.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1503.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1504.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Julius Brents participated in college football as a student-athlete at Iowa from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1505.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1506.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1507.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1508.  The Big Ten admits that Iowa was a member of The Big Ten during the time Julius Brents was enrolled and that certain Iowa games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1509.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1510.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1511. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1512. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1513. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Kathleen Doyle participated in college basketball as a student-athlete at Iowa from 2016 to 2020. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1514. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1515. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1516. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1517. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Kathleen Doyle was named to the Big Ten All-Freshman Team in

2017, Second Team All-Big Ten (coaches), All-Big Ten Honorable Mention (media), and Academic All-Big Ten in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1518. The Big Ten admits that Kathleen Doyle was named First Team All-Big Ten (coaches), Second Team All-Big Ten (media), and Academic All-Big Ten in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1519. The Big Ten admits that Kathleen Doyle was named Big Ten Player of the Year in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1520. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1521. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1522. The Big Ten admits that Iowa was a member of The Big Ten during the time Kathleen Doyle was enrolled and that certain Iowa games were broadcast on various national networks during the identified period and that The Big Ten has and continues to contract with The Big Ten Network. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1523. The Big Ten admits that it distributed approximately $54 million in revenue to Iowa for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1524.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1525.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1526.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1527.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1528.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1529.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1530.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1531.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1532.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1533.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1534.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1535.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1536.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1537.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1538.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college

athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1539.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1540.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1541.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1542.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1543.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1544.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1545.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1546. The Big Ten admits that Texas A&M University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1547. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1548. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1549. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1550. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1551. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1552. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1553. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1554. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1555. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1556. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1557. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1558. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1559. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1560.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1561.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1562.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1563.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1564.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1565.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1566.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1567.  The Big Ten admits that Oregon State is a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1568. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1569. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1570. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1571. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1572. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1573.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1574.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1575. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1576.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1577.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1578.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1579.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1580.  The Big Ten admits that Stanford was a member of the Pac-12 and that Mississippi State University is a member of the SEC. The Big Ten lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1581.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1582.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1583.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1584.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1585.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1586.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1587.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1588.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1589.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1590.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1591.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1592.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1593.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1594.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1595.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1596.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1597.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1598. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1599.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1600.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1601.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1602.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1603.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1604.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1605.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1606.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1607.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1608.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1609.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1610.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1611. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1612. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1613. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1614. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1615. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1616. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1617. The Big Ten admits that Baylor University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1618. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1619.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1620.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1621.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Marcus Allen participated in college football as a student-athlete at Penn State from 2014 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1622.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1623.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1624.  Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Marcus Allen was named All-Big Ten honorable mention in 2015. The

Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1625.  The Big Ten admits that Marcus Allen was named Third Team All-Big Ten (coaches), All-Big Ten honorable mention (media), and was once named Big Ten Co-Defensive Player of the Week and Co-Big Ten Special Teams Player of the Week in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1626.  The Big Ten admits that Marcus Allen was named First Team All-Big Ten (coaches) and Second Team All-Big Ten (media) in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1627.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1628.  The Big Ten admits that Penn State was a member of The Big Ten during the time Marcus Allen was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC, ESPN, and The Big Ten Network. The Big Ten admits that it distributed approximately $54 million in revenue to Penn State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1629.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1630.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1631.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1632.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1633.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1634.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1635.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1636.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1637.  The Big Ten admits that Washington State University is a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1638.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1639.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1640.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1641.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1642.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1643.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1644.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1645.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1646.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1647.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1648.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1649.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1650.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college

athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1651. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1652. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Mat Nelson received only a partial baseball scholarship. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1653. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1654. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1655.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1656.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1657.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1658.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1659.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1660.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1661.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1662.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1663.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1664. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1665. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1666. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1667. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1668. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1669. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1670. The Big Ten admits that UCLA was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1671.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1672.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1673.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1674.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1675.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

admits that Michael Jordan participated in college football as a student-athlete at Ohio State from 2016 to 2019. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1676. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1677. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1678. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Michael Jordan was named First Team All-Big Ten (coaches) in 2017 and Second Team All-Big Ten in 2018. The Big Ten further admits that Ohio State won the Big Ten Championship in 2017 and 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1679. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1680. The Big Ten admits that Ohio State was a member of The Big Ten during the time Michael Jordan was enrolled and that certain Ohio State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox and ABC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1681. The Big Ten admits that it distributed approximately $54 million in revenue to Ohio State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1682. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1683. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1684. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1685. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1686.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1687.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1688.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1689.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1690.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1691.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1692.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1693.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1694.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1695. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1696. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1697. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1698. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1699. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1700. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1701. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1702.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1703.  The Big Ten admits that Stanford was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1704.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1705.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1706.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1707.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1708.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1709.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1710.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1711.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1712.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1713.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1714.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1715.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1716.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1717.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1718.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1719.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1720.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1721.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1722.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1723.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1724.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1725.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1726.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1727.  The Big Ten admits that Oregon State is a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1728.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1729.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1730.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1731.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1732.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1733. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1734.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1735.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1736.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1737.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1738.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1739.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1740.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1741.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1742.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1743.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten denies the allegations of this paragraph.

1744.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1745.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1746.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1747.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1748.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1749.  The Big Ten admits that the University of Colorado was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1750.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1751.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1752.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1753.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1754.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1755.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1756.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1757.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1758.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1759.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1760. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1761. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1762. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1763. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1764. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1765. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1766. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1767. The Big Ten admits that the University of Georgia is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1768.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1769.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1770.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1771.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1772.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1773. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1774. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1775. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1776. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1777. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1778. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1779. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1780. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1781. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1782.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1783.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1784.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1785.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1786.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1787.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1788.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1789.  The Big Ten admits that Baylor University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1790.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1791.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1792.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1793.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1794.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1795. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1796. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1797. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1798. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1799. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1800. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1801. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1802. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1803. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1804.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1805.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1806.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1807.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1808.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1809.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1810.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1811.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1812.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1813.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1814.  The Big Ten admits that Florida State University is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1815.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1816.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1817. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1818. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1819. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1820. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1821. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Quinn Nordin participated in college football as a student-athlete at Michigan

from 2016 to 2020. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1822.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1823.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1824.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1825.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1826.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Quinn Nordin was named All-Big Ten Honorable Mention, Academic All-Big Ten, and was twice named Big Ten Special Teams Player of the Week in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1827.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1828.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1829. The Big Ten admits that Quinn Nordin was named Academic All-Big Ten in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1830. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1831. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1832. The Big Ten admits that Michigan was a member of The Big Ten during the time Quinn Nordin was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, Fox, ABC, and The Big Ten Network. The Big Ten admits that it distributed in excess of $44 million in revenue to Michigan for the 2020 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1833. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1834.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1835.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1836.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Rashan Gary participated in college football as a student-athlete at Michigan from 2016 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1837.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1838.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1839.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Rashan Gary was named First Team All-Big Ten (coaches) in 2017 and 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1840.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1841.  The Big Ten admits that Michigan was a member of The Big Ten during the time Rashan Gary was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox and ABC. The Big Ten admits that it distributed approximately $54 million in revenue to the Michigan for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1842.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1843.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1844.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1845.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1846.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1847.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1848.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1849.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1850.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1851.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1852.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1853.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1854.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1855.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1856.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1857.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1858.  The Big Ten admits that Baylor University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1859.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1860.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1861.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1862.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1863.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1864.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1865.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1866.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1867.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1868.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1869.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1870.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1871.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1872.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1873.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1874.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Sean Clifford participated in college football as a student-athlete at Penn State

from 2017 to 2023. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1875. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1876. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1877. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1878. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1879. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1880. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Sean Clifford was named Academic All-Big Ten in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1881. The Big Ten admits that Sean Clifford was named All-Big Ten Honorable Mention, Academic All-Big Ten, and was once named the Big Ten Co-Offensive Player of the Week in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1882.  The Big Ten admits that Sean Clifford was named Academic All-Big Ten in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1883.  The Big Ten admits that, in 2021, Sean Clifford was named All-Big Ten Honorable Mention and Academic All-Big Ten and awarded the Big Ten Sportsmanship Award. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1884.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1885.  The Big Ten admits that Sean Clifford was named All-Big Ten Honorable Mention, Academic All-Big Ten, and was a recipient of the Big Ten Medal of Honor in 2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1886.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1887.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1888.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1889.  The Big Ten admits that Penn State was a member of The Big Ten during the time Sean Clifford was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, ABC, CBS, and Fox Sports. The

Big Ten admits that it distributed approximately $58 million in revenue to Penn State for the 2022 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1890. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1891. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1892. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1893. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1894.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1895.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1896.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1897.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1898.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1899.  The Big Ten admits that Vanderbilt University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1900.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1901.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1902.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1903.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1904.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1905.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1906.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1907.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1908.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1909.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1910.  The Big Ten admits that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1911.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1912.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1913.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1914. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1915. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1916. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1917. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1918. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1919. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1920. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1921.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1922.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1923.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1924.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1925.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1926.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1927.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1928.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1929.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1930.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1931.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1932.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1933.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1934.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1935.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1936.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1937.  The Big Ten admits that the University of Central Florida was a member of the American Athletic Conference ("AAC"). The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1938.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1939.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1940.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1941.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1942.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1943. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1944. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1945. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1946. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1947. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1948. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1949. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1950. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1951. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1952. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1953. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1954. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1955. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1956. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1957.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1958.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1959.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1960.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1961.  The Big Ten admits that Baylor University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1962.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1963.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1964.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1965.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1966.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1967.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1968.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Shea Patterson participated in college football as a student-athlete at Michigan from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1969. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1970. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1971. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1972. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1973. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1974. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1975. The Big Ten admits that Shea Patterson was named Third Team All-Big Ten (coaches) and All-Big Ten Honorable Mention (media) and was three times named Big Ten Offensive Player of the Week in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1976. The Big Ten admits that Shea Patterson was named Third Team All-Big Ten and was three times named Big Ten Co-Offensive Player of the Week in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1977.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1978.  The Big Ten admits that Michigan was a member of The Big Ten during the time Shea Patterson was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN and ABC. The Big Ten admits that it distributed in excess of $55 million in revenue to Michigan for the 2019 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1979.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1980.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1981.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1982.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1983. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1984.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1985.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1986.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1987.  The Big Ten admits that the University of Miami is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1988. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1989. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1990. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

1991. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1992. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

1993. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1994. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1995. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1996. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

1997. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1998. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

1999. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2000. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2001. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2002. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2003. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2004. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2005. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2006. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2007. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2008. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2009. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2010. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2011. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2012. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2013. The Big Ten admits that Vanderbilt University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2014. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2015. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2016. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2017. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2018. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2019. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2021. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2022. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2023. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2024. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2025. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2026. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2027. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2028. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2029. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Tanner Morgan participated in college football as a student-athlete at Minnesota from 2017 to 2022. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2030. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2031. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2032. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Tanner Morgan was named Second Team All-Big Ten in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2033.  The Big Ten admits that Tanner Morgan was named All-Big Ten Honorable Mention in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2034.  The Big Ten admits that Tanner Morgan was three times named Big Ten Offensive Player of the Week. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2035.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2036.  The Big Ten admits that Minnesota was a member of The Big Ten during the time Tanner Morgan was enrolled and that certain Minnesota games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox, ABC, and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2037.  The Big Ten admits that it distributed in excess of $58 million in revenue to Minnesota for the 2022 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2038.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2039.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2040.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2041.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2042.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2043.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2044.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2045.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2046.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2047.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2048.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2049.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2050.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2051.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

admits that Trace McSorley participated in college football as a student-athlete at Penn State from 2014 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2052.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2053.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2054.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Trace McSorley was named Second Team All-Big Ten in 2016. The Big Ten further admits that Penn State won the Big Ten Championship in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2055.  The Big Ten admits that Trace McSorley was named Second Team All-Big Ten in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2056.  The Big Ten admits that Penn State was a member of The Big Ten during the time Trace McSorley was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and Fox. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2057. The Big Ten admits that it distributed approximately $54 million in revenue to Penn State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2058. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2059. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2060. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2061. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2062.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2063.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2064.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2065.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2066.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2067.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2068.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2069.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2070.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2071.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2072.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2073.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2074.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2075.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2076.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2077.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2078.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2079.  The Big Ten admits that North Dakota State University is a member of the Missouri Valley Football Conference. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2080.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2081.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2082.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2083.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2084.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Troy Fumagalli participated in college football as a student-athlete at Wisconsin from 2013 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2085.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2086.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2087.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Troy Fumagalli was named Academic All-Big Ten in 2014. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2088.  The Big Ten admits that Troy Fumagalli was named All-Big Ten Honorable Mention in 2015. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2089.  The Big Ten admits that Troy Fumagalli was named Second Team All-Big Ten (coaches) and Third Team All-Big Ten (media) in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2090.  The Big Ten admits that Troy Fumagalli was named First Team All-Big Ten (coaches) and Second Team All-Big Ten (media) in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2091.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2092.  The Big Ten admits that Wisconsin was a member of The Big Ten during the time Troy Fumagalli was enrolled and that certain Wisconsin games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with Fox and ESPN. The Big Ten admits that it distributed approximately $54 million in revenue to Wisconsin for the 2017 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2093.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2094.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2095.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2096.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2097.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2098.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2099.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2100.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2101.  The Big Ten admits that the University of North Carolina is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2102.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2103.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2104.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

Except as expressly admitted, The Big Ten denies the allegations of this paragraph. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2105. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2106. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2107. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2108. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2109. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2110. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2111.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2112.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2113.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2114.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2115.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2116.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2117.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2118.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2119.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2120.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2121.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2122.  The Big Ten admits that UC-Berkeley was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2123.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2124.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2125.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2126.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2127.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Will Levis participated in college football as a student-athlete at Penn State from 2018 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2128.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2129.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2130.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2131.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2132.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2133.  The Big Ten admits that Penn State was a member of The Big Ten during the time Will Levis was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2134.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2135.  The Big Ten admits that it distributed in excess of $58 million in revenue to Penn State for the 2022 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2136.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2137. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2138. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2139. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Moritz Wagner participated in college basketball as a student-athlete at Michigan from 2015 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2140. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2141. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2142.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2143.  The Big Ten admits that Moritz Wagner was named Academic All-Big Ten and All-Big Ten Honorable Mention in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2144.  The Big Ten admits that Moritz Wagner was named Second Team All-Big Ten, the Big Ten Tournament Most Outstanding Player, All-Big Ten Tournament Team, and Academic All-Big Ten in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2145.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2146.  The Big Ten admits that Michigan was a member of The Big Ten during the time Moritz Wagner was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, Fox, CBS, and The Big Ten Network. The Big Ten admits that it distributed approximately $54 million in revenue to Michigan for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2147.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2148.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2149.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2150.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Yetur Gross-Matos participated in college football as a student-athlete at Penn State from 2017 to 2019. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2151.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2152.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph

2153.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Yetur Gross-Matos was selected First Team All-Big Ten (media) in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2154.  The Big Ten admits that Yetur Gross-Matos was selected First Team All-Big Ten in 2019. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2155.  The Big Ten admits that Penn State was a member of The Big Ten during the time Yetur Gross-Matos was enrolled and that certain Penn State games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ABC and Fox. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2156.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2157.  The Big Ten admits that it distributed in excess of $52 million in revenue to Penn State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2158.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2159.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2160.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2161.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Zak Irvin participated in college basketball as a student-athlete at Michigan from 2013 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2162.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2163.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2164.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Zak Irvin was once named Big Ten Conference Freshman of the Week in 2014. The Big Ten further admits that Michigan won the Big Ten Championship in 2014. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2165.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2166.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2167.  The Big Ten admits that Zak Irvin was named All-Big Ten Honorable Mention in 2016, All-Big Ten Honorable Mention (media) in 2017, and All-Big Ten Tournament Team in 2016 and 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2168.  The Big Ten admits that Michigan was a member of The Big Ten during the time Zak Irvin was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with The Big Ten Network, Fox, and ESPN. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2169.  The Big Ten admits that it distributed in excess of $36 million in revenue to Michigan for the 2017 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2170.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2171.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2172.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2173.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Zavier Simpson participated in college basketball as a student-athlete at

Michigan from 2016 to 2020. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2174.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2175.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2176.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2177.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2178.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that Zavier Michigan won the Big Ten Tournament championship in 2017 and 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2179.  The Big Ten admits that Michigan won the Big Ten Tournament championship in 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2180.  The Big Ten admits that Michigan won the Big Ten Tournament championship in 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2181.  The Big Ten admits that Zavier Simpson was named Second Team All-Big Ten, Big Ten All-Defensive Team, and Big Ten All-Tournament Team in 2019. The Big

Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2182.  The Big Ten admits that Zavier Simpson was named Second Team All-Big Ten in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2183.  The Big Ten admits that Michigan was a member of The Big Ten during the time Zavier Simpson was enrolled and that certain Michigan games were broadcast on various national networks during the identified period and that The Big Ten has had, and in some instances still has, contracts with ESPN, CBS, Fox Sports, and The Big Ten Network. The Big Ten admits that it distributed in excess of $51 million in revenue to Michigan for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2184.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2185.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2186.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2187.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2188.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2189.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2190.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2191.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2192.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2193.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2194. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2195. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2196. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2197. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2198. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2199. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2200. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2201. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2202. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2203. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2204. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2205. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2206. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2207. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2208.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2209.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2210.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2211.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2212.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2213.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2214.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2215.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2216.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2217.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2218.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2219.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2220.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2221.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2222.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2223.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2224.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2225.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2226.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2227.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2228.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2229.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2230.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2231.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2232.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2233.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2234.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2235.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2236.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2237.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2238.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2239.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2240.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2241.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2242.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2243.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2244.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2245.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2246.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2247.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2248.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2249.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2250.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2251.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2252.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2253.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2254.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2255.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2256.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2257.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2258.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2259.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2260.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2261.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2262.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2263.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2264.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2265.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2266.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2267.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2268.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2269.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2270.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2271.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2272.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2273.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2274.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2275.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2276.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2277.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2278.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2279.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2280.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2281. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2282. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2283. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2284. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2285. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2286. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2287.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2288.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2289.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2290.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2291.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2292.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2293.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2294.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2295.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2296.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2297.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2298.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2299.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2300.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2301.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2302.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2303.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2304.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2305.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2306.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2307.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2308.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2309.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2310.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2311.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2312.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2313.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2314.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2315.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2316.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2317.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2318.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2319.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2320. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2321. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2322. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2323. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2324. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2325. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2326. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2327. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2328. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2329. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2330. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2331. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2332. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2333. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2334.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2335.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2336.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2337.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2338.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2339.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2340.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2341.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2342.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2343.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2344.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2345.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2346.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2347.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2348. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2349. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2350. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2351. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2352. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2353. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2354. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2355. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2356. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2357. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2358. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2359. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2360. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2361. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2362. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2363.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2364.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2365.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2366.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2367.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2368.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2369.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2370.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2371.  The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2372.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2373.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2374.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2375.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2376. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2377. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2378. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2379. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2380. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2381. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2382. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2383. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2384. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2385. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2386. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2387. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2388. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2389. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2390.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2391.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2392.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2393.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2394.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2395.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2396.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2397.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2398.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2399.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2400.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2401.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2402.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2403.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2404. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2405. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2406. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2407. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2408. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2409. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2410.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2411.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2412.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2413.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2414.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2415.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2416.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2417.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2418.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2419.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2420.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2421.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2422.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2423.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2424.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2425.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2426.  The Big Ten admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The Big Ten lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific student-athletes' purported NIL deals. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2427.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2428.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2429.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2430.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2431.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2432.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2433.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2434.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2435.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2436.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2437.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2438.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2439.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2440. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2441. The Big Ten admits that it issued interim guidance on July 1, 2021, that permitted certain NIL activities. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2442. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2443. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2444. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2445. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2446. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2447. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2448. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2449. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2450. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2451. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2452. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2453.  The Big Ten admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The Big Ten lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2454.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2455.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2456.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2457.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2458.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2459.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2460.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2461.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2462.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2463.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2464. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2465. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2466. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2467. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2468. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2469. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2470. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2471. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2472. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2473. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2474. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2475. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2476. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2477. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2478.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2479.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2480.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2481.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2482.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2483.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2484.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2485.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2486. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2487. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2488. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2489. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2490. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2491. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2492. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2493. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2494. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2495. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2496. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2497. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2498. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2499. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2500.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2501.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2502.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2503.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2504.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2505.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2506.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2507. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2508. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2509. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2510. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2511. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2512. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2513. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2514. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2515.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2516.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2517.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2518.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2519.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2520.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2521.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2522.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2523. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2524. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2525. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2526. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2527. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2528.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2529.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2530.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2531.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2532.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2533.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2534.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2535.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Cam Taylor-Britt participated in college football as a student-athlete at Nebraska from 2018 to 2021. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2536. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2537. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2538. The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten admits that Cam Taylor-Britt was named Second Team All-Big Ten in 2020 and 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2539. The Big Ten admits that certain Nebraska games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten denies that it distributed approximately $54.3 million in revenue to Nebraska for the 2021 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2540. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2541.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2542.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2543.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that CJ Jackson participated in college basketball as a student-athlete at Ohio State from 2016 to 2019. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2544.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2545.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2546.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2547.  The Big Ten admits that certain Nebraska games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten denies that it distributed approximately $54.3 million in revenue to Nebraska for the 2019 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2548.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2549.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2550.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2551.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

admits that David Bell participated in college basketball as a student-athlete at Ohio State from 2015 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2552.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2553.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2554.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2555.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2556.  The Big Ten admits that certain Ohio State games may have been broadcast on certain national television networks. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2557.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2558.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2559.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2560.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2561.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2562.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2563.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten admits that West Virginia University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2564. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2565. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2566. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2567. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2568. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2569. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2570. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2571. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2572. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2573. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2574. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2575. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2576. The Big Ten admits that the West Virginia University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2577. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2578. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2579. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2580. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Derrick Barnes participated in college football as a student-athlete at Purdue from 2017 to 2020. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2581. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2582. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2583.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten admits that Derrick Barnes was named Second Team All-Big Ten in 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2584.  The Big Ten admits that certain Purdue games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten further admits that it distributed approximately $54 million in revenue to Purdue for the 2020 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2585.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2586.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2587.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2588.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2589.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2590.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2591.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2592.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2593.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2594.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2595.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2596.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2597.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2598.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2599.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2600.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2601.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2602.  The Big Ten admits that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2603.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2604.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2605.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2606. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2607. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2608. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2609. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2610. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2611. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2612.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2613.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2614.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2615.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2616.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2617.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2618.  The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2619. The Big Ten admits that the University of Texas was and West Virginia University is a member of the Big 12 and that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2620. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2621. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2622. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2623. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2624. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2625. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2626. The Big Ten admits that Gonzaga University is a member of the West Coast Conference. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2627. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2628. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2629. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2630. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2631. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2632. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2633. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2634. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2635. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2636. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2637.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2638.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2639.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2640.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2641.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2642.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2643.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2644.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2645.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2646.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2647.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, Big Ten denies the allegations of this paragraph.

2648.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2649.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2650.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Jerron Cage participated in college football as a student-athlete at Ohio State from 2017 to 2023. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2651.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2652.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2653.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2654.  The Big Ten admits that certain Ohio State games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten denies that it distributed approximately $54 million in revenue to Ohio State for the 2021 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2655.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2656.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2657.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2658.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Kameron Williams participated in college basketball as a student-athlete at Ohio State from 2014 to 2018. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2659.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2660.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2661.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2662.  The Big Ten admits that certain Ohio State games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten further admits that it distributed approximately $54 million in revenue to Ohio State for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2663.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2664.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

412

2665.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2666.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2667.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2668.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2669.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2670.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2671.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2672.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2673.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2674.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2675.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2676.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2677.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2678. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2679. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2680. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2681. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2682. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2683. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2684. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2685.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Marc Loving participated in college basketball as a student-athlete at Ohio State from 2013 to 2017. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2686.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2687.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2688.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2689.  The Big Ten admits that Marc Loving was named All-Big Ten Honorable Mention in 2016. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2690.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2691.  The Big Ten admits that certain Ohio State games may have been broadcast on certain national networks and radio and satellite platforms. The Big Ten further admits that it distributed in excess of $34 million in revenue to Ohio State for the 2017 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2692.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2693.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2694.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2695.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2696.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2697.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2698.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2699.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2700.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2701.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2702.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2703.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2704.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2705.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2706.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2707.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2708.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2709.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2710.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2711.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2712.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2713.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2714.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2715.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2716.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2717.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2718.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2719.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2720.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2721.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Nigel Johnson participated in college basketball as a student-athlete at Rutgers from 2016 to 2017. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2722.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2723.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2724.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2725.  The Big Ten denies that any plaintiff had a "job" or "occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2726.  The Big Ten admits that certain Rutgers games may have been broadcast on certain national television networks. The Big Ten denies that it distributed $54 in revenue to Rutgers for the 2018 fiscal year. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2727.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2728. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2729. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2730. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2731. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2732. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2733. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2734. The Big Ten admits that the University of Miami is a member of the ACC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2735. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2736. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2737. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2738. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2739. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2740. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2741. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2742. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2743. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2744. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2745. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2746. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2747. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2748. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2749. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2750. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2751. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2752. The Big Ten admits that West Virginia University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2753. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2754.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2755.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2756.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2757.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2758.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2759.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2760.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

428 of 547

2761. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2762. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2763. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2764. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2765. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2766. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2767. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2768.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2769.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2770.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2771.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2772.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2773.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2774.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2775.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2776.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2777.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2778.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2779.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2780.  The Big Ten denies that any plaintiff "worked" or had a "full-time occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2781.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2782.  The Big Ten admits that the University of Kentucky is a member of the SEC and that the University of Texas was and West Virginia University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2783.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2784.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2785.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2786.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2787. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2788. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2789. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2790. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2791. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2792.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2793.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2794.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2795.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2796.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2797.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2798.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2799.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2800.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2801.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2802.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2803.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2804.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2805.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2806.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2807.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2808.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2809.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2810.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2811.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2812.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2813.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2814.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2815.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2816.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2817.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2818.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2819.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2820. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2821. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2822. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2823. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2824. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2825. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2826.  The Big Ten denies that any plaintiff "worked" or had a "full-time occupation" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2827.  The Big Ten admits that Oregon was a member of the Big 12 and that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2828.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2829.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2830.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2831. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2832. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2833. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2834. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2835. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2836. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2837. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2838. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2839. The Big Ten admits that the University of Miami is a member of ACC and that West Virginia University is a member of the Big 12. The Big Ten lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2840. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2841. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2842. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2843. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2844. The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2845.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2846.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2847.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2848.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2849.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2850.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2851.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2852.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2853.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2854.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2855. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2856. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2857. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2858. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2859. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2860. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2861. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2862. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2863. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2864. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2865. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2866. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2867. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2868. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2869. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2870. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2871. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2872. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2873. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2874. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2875. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2876. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2877. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2878.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2879.  The Big Ten denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2880.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2881.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2882.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2883.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2884.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2885.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2886.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2887.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2888.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2889.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2890.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2891.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2892.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2893.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2894.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2895.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" or provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2896.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2897.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2898.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2899.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2900.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2901.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2902.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2903.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2904.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2905.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2906. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2907. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2908. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2909. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2910. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2911. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2912. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2913. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2914.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2915.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Stephen Carr participated in college football as a student-athlete at Indiana in 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2916.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2917.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2918.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2919.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2920.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2921.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2922. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2923. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2924. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2925. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2926. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2927. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2928. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2929. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2930.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2931.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2932.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2933.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2934.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2935.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2936.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2937.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2938.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2939.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2940.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2941.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2942.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2943.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2944.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2945.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2946.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2947.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2948.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2949.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2950.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2951.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2952.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2953. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2954.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2955.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2956.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2957.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2958.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2959.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2960.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may receive certain types of compensation. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2961.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2962.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2963.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2964.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2965.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2966.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2967.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2968.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2969.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2970.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2971.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2972.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2973.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2974.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2975.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for

the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2976.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2977.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2978.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2979.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2980.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2981.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2982.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2983.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2984.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2985.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2986.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

2987.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2988.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2989.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2990.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2991.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2992.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2993. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

2994.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

2995.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2996.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2997.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2998.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

2999.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3000.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3001.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Davion Ervin-Poindexter participated in college football as a student-athlete at Indiana from 2019 to 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3002.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3003.  The Big Ten admits that Davion Ervin-Poindexter was named Academic All-Big Ten in 2021. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3004.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3005.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3006. The Big Ten admits that during the time Davion Ervin-Poindexter was enrolled at the Indiana, certain Indiana games may have been broadcast on certain national television networks. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3007. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3008. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3009. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3010. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3011. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3012.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3013.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3014.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3015.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3016.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3017.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3018.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3019.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3020.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3021. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3022. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3023. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3024. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3025. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3026. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3027. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3028. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3029.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3030.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3031.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3032.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3033.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3034.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3035.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3036.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3037.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3038.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3039.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3040.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3041.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3042.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3043. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3044.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations of this paragraph.

3045.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3046.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3047.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3048.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3049.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3050.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3051.  The Big Ten denies that any plaintiff "work[ed]" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3052.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3053.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that Palaie Gaoteote IV participated in college football as a student-athlete at Ohio State from 2021 to 2022. The Big Ten lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3054.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3055.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3056.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3057.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3058.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3059.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3060.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3061.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3062.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3063.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3064.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3065.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3066. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3067. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3068. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3069. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3070. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3071. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3072.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3073.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3074.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3075.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3076.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3077.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3078.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3079.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3080.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3081.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3082.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3083.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3084.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3085.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3086.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3087.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3088.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3089.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3090. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining  allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3091.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3092.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3093.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3094. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3095. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3096. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3097. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3098. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3099. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3100. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3101. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3102.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3103.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3104.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3105.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3106.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3107.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3108.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3109.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3110.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3111.  The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3112.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3113.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3114.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3115.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3116.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3117.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3118.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3119.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3120.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3121.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3122.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3123.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3124.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3125.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3126.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten further denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3127. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3128. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3129. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3130. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3131. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3132. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3133.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3134.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3135.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3136.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3137.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3138.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3139.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3140.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3141. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3142. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3143. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3144. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3145. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3146. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3147. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3148. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3149. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3150. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3151. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3152. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3153. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3154. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3155.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3156.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3157.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3158.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3159.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3160.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3161.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3162.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3163.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3164.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3165.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3166.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3167.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3168.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3169.  The Big Ten denies that "continuing reforms are necessary to provide" college athletes with "proper compensation." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3170.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3171.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3172.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3173.  The Big Ten admits that the University of Mississippi is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3174.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3175.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3176.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3177.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3178.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3179.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3180.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3181.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3182. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3183. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3184. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3185. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3186. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3187. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that Tyjon Lindsey participated in college football as a student-athlete at Nebraska from 2017 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3188. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3189. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3190. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denied that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3191. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3192. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3193. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3194. The Big Ten admits that Texas A&M University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3195.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3196.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3197.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that Tathan ("Tate") Martell participated in college football as a student-athlete at Ohio State from 2017 to 2018. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3198.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3199.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3200.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3201.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3202.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3203.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3204.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that these rules are "unfair." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3205. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3206. Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3207. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3208. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3209. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3210. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3211.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3212.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3213.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3214.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3215.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3216.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3217.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3218.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3219.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3220.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3221.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3222.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3223.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3224.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3225. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3226. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3227. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3228. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3229. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3230. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3231. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3232. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3233.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3234.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3235.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3236.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3237.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3238.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3239.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3240.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3241.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3242.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3243.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3244.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3245.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3246.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3247. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3248.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3249. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3250. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3251. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3252. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3253. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3254. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3255. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3256.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3257.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3258.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3259.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3260.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3261.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3262.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3263. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3264. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3265. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3266. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3267. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3268. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3269. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3270.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3271.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3272.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3273.  The Big Ten denies the allegations of this paragraph.

3274.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3275.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3276.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3277.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3278.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3279.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3280.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3281.  The Big Ten denies the allegations of this paragraph.

3282. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3283. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3284. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3285. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3286. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3287. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3288. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3289.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3290.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3291.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3292.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3293.  The Big Ten denies the allegations of this paragraph.

3294.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3295. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3296. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3297. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3298. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3299. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3300. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3301. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3302. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3303. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3304. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3305. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3306. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3307. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3308. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3309. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3310.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3311.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3312.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3313. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3314.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3315.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3316.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3317.  The Big Ten admits that Mississippi State University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3318.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3319.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3320.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3321.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3322.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3323.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten admits that Trevon Sidney participated in college football as a student-athlete at Illinois from 2019 to 2020. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3324. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3325. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3326. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3327. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3328. The Big Ten denies the allegations of this paragraph.

3329. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff provided "labor" or "worked" as a college

athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3330. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3331. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3332. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3333. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3334. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3335. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3336. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3337. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3338.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3339.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3340.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3341.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3342.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3343.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3344.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3345.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3346.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3347.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3348.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3349.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3350.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3351. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3352. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3353. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3354. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3355. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3356. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3357. The Big Ten denies that any plaintiff provided "labor" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3358.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3359.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3360.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3361.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3362.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3363.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3364.  The Big Ten denies the allegations of this paragraph.

3365.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3366.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3367.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3368.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3369.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3370.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3371.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3372.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3373. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3374. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3375. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3376. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3377. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3378.  The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3379.  The Big Ten denies the allegations of this paragraph.

3380.  The Big Ten denies the allegations of this paragraph.

3381.  The Big Ten denies the allegations of this paragraph.

3382.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3383.  The Big Ten lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3384.  The Big Ten lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3385.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3386. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3387. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3388. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3389. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3390. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3391. The Big Ten admits that Vanderbilt University is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3392. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3393.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3394.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3395.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3396.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3397.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3398.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3399.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3400.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3401.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3402.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3403.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3404.  The Big Ten admits that Oklahoma State University is a member of the Big 12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3405.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3406.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL.

The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3407.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3408.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3409.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3410.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3411.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3412.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3413.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3414.  The Big Ten admits that the University of Colorado was a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3415.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3416.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3417.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3418.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3419.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3420.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3421.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3422.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3423.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3424.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3425.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3426.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3427.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3428.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3429.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3430.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3431.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3432.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3433.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3434. The Big Ten admits that Oregon State University is a member of the Pac-12. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3435. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3436. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3437. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3438. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3439. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3440. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3441. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3442. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3443. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3444. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3445. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3446. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3447.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3448.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3449.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3450.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3451.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3452.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3453.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3454.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3455.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3456.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3457.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3458.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3459.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3460.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3461.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3462.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3463.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3464.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3465.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3466.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3467.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3468.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3469.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations.

The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3470.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3471.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3472.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3473.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3474.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3475.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3476.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3477.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3478.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3479.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3480.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3481.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3482.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3483.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3484. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3485.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3486.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3487.  The Big Ten admits that the University of Kentucky is a member of the SEC. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3488.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3489.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3490.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3491.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3492.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3493.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3494.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3495.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3496.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3497.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3498.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3499.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3500.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3501.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3502.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3503.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3504.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3505.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3506.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3507.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3508.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3509.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3510. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3511. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3512. The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3513. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3514. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3515. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3516. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3517. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3518. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3519. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3520. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3521. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that certain NCAA rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Seth Beer received a partial athletic scholarship. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3522. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3523. This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3524.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3525.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3526.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3527.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3528.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3529.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3530.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3531.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3532.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3533.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3534. The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3535.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3536.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3537.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3538. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3539.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the

circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3540.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3541.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3542.  The Big Ten denies that it engaged in any "unlawful conduct." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3543.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

3544.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten further denies that any plaintiff "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3545.  The Big Ten denies that any plaintiff provided "labor" or "worked" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3546.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3547.  The Big Ten denies that any plaintiff had a "job" as a college athlete. The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3548.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3549.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies all such allegations. The Big Ten admits that NCAA rules previously have governed and currently govern the circumstances in which student-athletes may be compensated for the use of their NIL. The Big Ten denies that any plaintiff provided "labor." The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, The Big Ten denies the allegations of this paragraph.

3550.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3551.  The Big Ten lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

3552.  This paragraph contains legal conclusions to which no answer is required. To the extent that an answer may be required, The Big Ten denies the allegations of this paragraph.

**COUNT I – VIOLATIONS OF SECTIONS 1 & 3 OF THE SHERMAN ACT**

**(BROUGHT BY PLAINTIFFS)**

1.    The Big Ten repeats, re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

2.    The Big Ten denies the allegations of this paragraph.

3.    The Big Ten denies the allegations of this paragraph.

4.    The Big Ten denies the allegations of this paragraph.

5.    The Big Ten denies the allegations of this paragraph.

6.    The Big Ten denies the allegations of this paragraph.

7.    The Big Ten denies the allegations of this paragraph.

8.    The Big Ten denies the allegations of this paragraph.

9.    The Big Ten denies the allegations of this paragraph.

10.    The Big Ten denies the allegations of this paragraph.

11.    The Big Ten denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

The Big Ten denies that it has violated the Sherman Act or engaged in any other illegal activity. The Big Ten further denies that Plaintiffs are entitled to any relief, including, but not limited to, the relief requested in the Complaint. The Big Ten also responds that the United States District Court for the Northern District of California has granted final approval of the *House* settlement, rendering moot Plaintiffs' requests to assert claims on behalf of the "Alternative Proposed Class."

**DEMAND FOR JURY TRIAL**

The Big Ten admits that Plaintiffs are entitled to a trial of any triable issues before a jury.

## ADDITIONAL DEFENSES

The Big Ten reserves the right to assert any and all applicable defenses to the Plaintiffs' claims. The Big Ten reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, The Big Ten states as follows:

## FIRST ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer in effect.

## SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred because their alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

**THIRD ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, by stare decisis and by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); or *Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

**FOURTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, by collateral estoppel to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); or *Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the extent they are adjudicated in any other litigation brought by Plaintiffs against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

**FIFTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

## SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, direction or similar action of any court, arbitral body, or government agency.

## EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive by preserving the distinction between college and professional sports.

## NINTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive given the need for institutional members of the NCAA to preserve competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

## TENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal

laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

## ELEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

## TWELFTH ADDITIONAL DEFENSE

The claims of certain Plaintiffs are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

## FOURTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

**WHEREFORE**, The Big Ten prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from The Big Ten, tax costs and attorneys' fees against the Plaintiffs, and afford The Big Ten such other and further relief as may be just and proper.

DATED: July 21, 2025

**MAYER BROWN LLP**

By: */s/ Britt M. Miller*
BRITT M. MILLER (*pro hac vice*)
*bmiller@mayerbrown.com*
DANIEL T. FENSKE *(pro hac vice)*
*dfenske@mayerbrown.com*
71 South Wacker Drive
Chicago, Illinois 60606-4637
United States
Telephone:   (312) 782-0600
Facsimile: (312) 701-7711

**BROWNSTEIN HYATT FABER SCHRECK,
LLP**
RICHARD BENENSON
*rbenenson@BHFS.com*
675 15th Street, Suite 2900
Denver, CO 80202
Telephone: (303) 223-1203

*Attorneys for Defendant The Big Ten
Conference, Inc.*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing THE

BIG TEN CONFERENCE, INC.'S ANSWER TO FOURTH AMENDED COMPLAINT with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

all counsel of record.

*/s/ Britt M. Miller*

Britt M. Miller