UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-03076-CNS-STV

ALEX FONTENOT, et al.,

        Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION;
SOUTHEASTERN CONFERENCE;
PAC-12 CONFERENCE;
THE BIG TEN CONFERENCE, INC.;
THE BIG TWELVE CONFERENCE, INC.; and
ATLANTIC COAST CONFERENCE,

        Defendants.

---

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER
TO FOURTH AMENDED COMPLAINT**

---

The National Collegiate Athletic Association ("NCAA"), by and through its

undersigned attorneys, hereby answers and sets forth defenses to the Fourth Amended

Complaint, ECF No. 163 ("Complaint"). The NCAA reserves the right to supplement or

modify any portion of this Answer, including the affirmative defenses.

## PRELIMINARY STATEMENT

Except as otherwise expressly stated below, the NCAA answers and responds

only to those allegations contained in the Complaint that are directed toward it. The

NCAA is without sufficient knowledge or information to form a belief as to the truth of the

allegations in the Complaint that are directed toward other defendants. Pursuant to

Federal Rule of Civil Procedure 8(b)(5), such allegations are deemed denied.

In addition, the Complaint contains certain material not included in numbered

paragraphs, such as quotations, images, graphics, and footnotes. To the extent that any

of those can be construed as containing factual allegations, the NCAA denies the

allegations set forth therein.

**<u>RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT</u>**

The NCAA denies any and all allegations contained in the headings of the

Complaint and responds to the numbered paragraphs of the Complaint as follows:

1.     The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations included in this paragraph.

2.     The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3.     The NCAA admits that a small number of college football and basketball

programs generate positive net revenues. The NCAA further admits that NCAA Division

I rules historically have established limitations on the benefits and compensation that

may be received by student-athletes for their participation in college athletic events or

activities. The NCAA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in this paragraph concerning TV viewership. Except as

expressly admitted, the NCAA denies the allegations of this paragraph.

4.     The NCAA admits that, for a period of time, NCAA Division I Bylaw

12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible

for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill (directly or indirectly) for pay in any form in that sport." Division I Bylaw 12 has been revised to implement the provisions of the finally approved settlement in *In re College Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the NCAA denies the allegations of this paragraph.

5.    The allegations of this paragraph regarding the purpose of Plaintiffs' lawsuit contain legal argument and as such require no response. The NCAA denies the remaining allegations of this paragraph.

6.    The NCAA admits that The Big Ten Conference ("Big Ten") is reported to have entered agreements with several broadcast networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

7.    The NCAA admits, on information and belief, that the Big 12 Conference, the Atlantic Coast Conference ("ACC"), the Southeastern Conference ("SEC"), and the Pac-12 Conference ("Pac-12") have agreements with broadcast networks. The NCAA further admits that the ACC, Big Ten, the Big 12 Conference ("the Big 12"), Pac-12, and SEC traditionally have been referred to colloquially as the "Power Five Conferences." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

8.      The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph regarding collective broadcast
revenue and its estimated growth, which is not attributed to any source.

9.      The NCAA admits, on information and belief, that some conferences
outside the ACC, Big Ten, the Big 12, Pac-12, and SEC have entered into broadcast
agreements with television networks. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations of this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

10.     The NCAA admits that student-athletes participate in various
intercollegiate sports at the defendant conferences' member schools. The NCAA further
admits that NCAA Division I rules and processes govern student-athletes' years of
eligibility to play college sports within the NCAA. The NCAA admits, on information and
belief, that most college student-athletes do not compete as athletes in professional
sports leagues after college. The NCAA lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations in this paragraph.
Except as expressly admitted, the NCAA denies the allegations of this paragraph.

11.     The NCAA admits that, for a period of time, NCAA Division I Bylaw
12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible
for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill
(directly or indirectly) for pay in any form in that sport." Division I Bylaw 12 has been
revised to implement the provisions of the finally approved settlement in *In re College*

*Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in this

paragraph regarding television viewers' motivations for watching college sports. Except

as expressly admitted, the NCAA denies the allegations of this paragraph.

12.     The NCAA admits that NCAA Division I rules historically have governed

the compensation that student-athletes may receive for the use of their names, images,

and likenesses, and that the NCAA issued updated guidance concerning name, image,

and likeness ("NIL") activities and compensation in July 2021. The NCAA further admits

that the NCAA's July 2021 guidance did not permit institutions of higher education,

athletic conferences, or the NCAA to compensate student-athletes for the use of their

NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth

or falsity or the remaining allegations in this paragraph. Except as expressly admitted,

the NCAA denies the allegations of this paragraph.

13.     The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph.

14.     The NCAA admits that previous NCAA Division I rules have established

limitations on the number of scholarships that could be offered to student-athletes

participating in certain college sports. The NCAA further admits that NCAA Division I

rules historically permitted 11.7 total scholarships to be provided to baseball student-

athletes at any given institution of higher education that was a member of NCAA

Division I. Except as expressly admitted, the NCAA denies the allegations of this

paragraph.

15.    The NCAA admits that NCAA members compete to recruit certain student-athletes. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the share of revenue certain professional athletes may receive. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

16.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

17.    The allegations of this paragraph constitute legal argument to which no response is required. To the extent a response is required, denied.

18.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA further admits that it has argued that the concept of amateurism supported previous NCAA Division I rules in prior lawsuits involving student-athlete compensation. The NCAA further admits that it issued an interim NIL policy in 2021 that permitted student-athletes to earn compensation for their NIL from third parties. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

19.    The NCAA admits that current NCAA Division I rules permit student-athletes to receive NIL compensation under circumstances outlined in the rules. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this paragraph concerning television ratings and viewership, as well
as commentators' comments or opinions on those issues. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

20.     The NCAA admits that there were public reports regarding the receipt of
Dodge Ram trucks by members of the University of Utah's football team. The NCAA
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

21.     The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

22.     The NCAA admits that, for a period of time, NCAA Division I Bylaw
12.1.2(a) stated that "[a]n individual loses amateur status and thus shall not be eligible
for intercollegiate competition in a particular sport if the individual: (a) Uses athletics skill
(directly or indirectly) for pay in any form in that sport." Division I Bylaw 12 has been
revised to implement the provisions of the finally approved settlement in *In re College
Athlete NIL Litigation*, 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

23.     The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

24.     The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

25.     The allegations of this paragraph constitute legal argument to which no response is required. To the extent a response is required, denied.

26.     The allegations of this paragraph constitute legal argument to which no response is required. To the extent a response is required, denied.

**PARTIES, JURISDICTION, AND VENUE**

27.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

28.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

29.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

30.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

31.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

32.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

33.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

34.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

35.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

36.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

37.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

38.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

39.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

40.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

41.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

42.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

43.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

44.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

45.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

46.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

47.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

48.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

49.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

50.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

51.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

52.     The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

53.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

54.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

55.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

56.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

57.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

58.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

59.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

60.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

61.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

62.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

63.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

64.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

65.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

66.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

67.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

68.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

69.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

70.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

71.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

72.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

73.     The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

74.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

75.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

76.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

77.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

78.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

79.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

80.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

81.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

82.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

83.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

84.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

85.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

86.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

87.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

88.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

89.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

90.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

91.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

92.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

93.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

94.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

95.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

96.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

97.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

98.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

99.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

100.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

101.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

102.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

103.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

104.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

105.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

106.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

107.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

108.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

109.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

110.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

111.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

112.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

113.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

114.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

115.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

116.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

117.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

118.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

119.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

120.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

121.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

122.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

123.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

124.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

125.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

126.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

127.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

128.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

129.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

130.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

131.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

132.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

133.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

134.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

135.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

136.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

137.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

138.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

139.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

140.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

141.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

142.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

143.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

144.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

145.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

146.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

147.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

148.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

149.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

150.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

151.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

152.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

153.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

154.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

155.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

156.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

157.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

158.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

159.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

160.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

161.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

162.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

163.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

164.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

165.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

166.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

167.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

168.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

169.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

170.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

171.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

172.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

173.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

174.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

175.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

176.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

177.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

178.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

179.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

180.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

181.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

182.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

183.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

184.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

185.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

186.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

187.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

188.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

189.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

190.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

191.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

192.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

193.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

194.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

195.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

196.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

197.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

198.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

199.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

200.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

201.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

202.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

203.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

204.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

205.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

206.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

207.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

208.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

209.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

210.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

211.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

212.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

213.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

214.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

215.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

216.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

217.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

218.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

219.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

220.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

221.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

222.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

223.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

224.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

225.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

226.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

227.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

228.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

229.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

230.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

231.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

232.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

233.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

234.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

235.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

236.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

237.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

238.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

239.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

240.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

241.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

242.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

243.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

244.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

245.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

246.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

247.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

248.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

249.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

250.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

251.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

252.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

253.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

254.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

255.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

256.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

257.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

258.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

259.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

260.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

261.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

262.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

263.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

264.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

265.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

266.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

267.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

268.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

269.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

270.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

271.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

272.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

273.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

274.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

275.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

276.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

277.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

278.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

279.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

280.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

281.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

282.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

283.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

284.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

285.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

286.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

287.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

288.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

289.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

290.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

291.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

292.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

293.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

294.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

295.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

296.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

297.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

298.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

299.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

300.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

301.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

302.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

303.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

304.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

305.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

306.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

307.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

308.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

309.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

310.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

311.    The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

312.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

313.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

314.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

315.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

316.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

317.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

318.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

319.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

320.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

321.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

322.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

323.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

324.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

325.    The NCAA denies that any plaintiff "worked" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

326.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

327.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

328.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

329.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

330.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

331.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

332.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

333.   The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

334.   The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

335.   The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

336.   The NCAA admits that it is an unincorporated association with its principal place of business in Indianapolis, Indiana. The NCAA further admits that it has more than 1,000 member schools, including public and private colleges and universities. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

337.   On information and belief, the NCAA admits that the Pac-12 is an unincorporated association with its principal place of business located in California. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the remaining allegations this paragraph.

338.   On information and belief, the NCAA admits that the SEC is an unincorporated association with its principal place of business in Birmingham, Alabama. The remaining allegations of this paragraph constitute a legal conclusion, which

requires no response. To the extent a response is required, the NCAA denies the

remaining allegations of this paragraph.

339.    On information and belief, the NCAA admits that the ACC is an

unincorporated association. The NCAA denies that the ACC's principal place of

business is in Greensboro, North Carolina. The remaining allegations of this paragraph

constitute a legal conclusion, which requires no response. To the extent a response is

required, the NCAA denies the remaining allegations of this paragraph.

340.    On information and belief, the NCAA admits that the Big 12 is a nonprofit

corporation organized under the laws of the State of Delaware with its principal place of

business in Texas. The remaining allegations of this paragraph constitute a legal

conclusion, which requires no response. To the extent a response is required, the

NCAA denies the remaining allegations of this paragraph.

341.    On information and belief, the NCAA admits that the Big Ten is a nonprofit

corporation organized under the laws of Delaware, with its principal place of business in

Rosemont, Illinois. The remaining allegations of this paragraph constitute a legal

conclusion, which requires no response. To the extent a response is required, the

NCAA denies the remaining allegations of this paragraph.

342.    The allegations of this paragraph constitute a legal conclusion, which

requires no response. To the extent a response is required, the NCAA denies the

allegations of this paragraph.

343.    The allegations of this paragraph constitute a legal conclusion, which

requires no response. To the extent a response is required, the NCAA admits that the

Complaint includes causes of action under the Clayton Act and the Sherman Antitrust Act, and that Plaintiffs purport to allege subject matter jurisdiction under the statutes cited in this paragraph. The NCAA denies that Plaintiffs are entitled to any relief sought. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

344.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA admits that the SEC and its member schools transact business in multiple states and use instruments of interstate commerce to carry out their operations. Except as expressly admitted herein, the NCAA denies the remaining allegations of this paragraph.

345.    Upon information and belief, the NCAA admits that certain NCAA member schools are located in Colorado, that a portion of the 2023 NCAA Division I men's basketball tournament ("March Madness") took place in Denver, and that a portion of the 2025 March Madness took place in Denver. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, the NCAA denies the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

346.    Admitted.

347.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

348.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

349.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

350.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

351.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

352.    The allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

353.    Admitted.

354.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

355.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. The NCAA further states that the allegations in this paragraph constitute a legal conclusion, which requires no response.

To the extent a response is required, the NCAA denies the allegations of this
paragraph.

356.    The allegations in this paragraph constitute a legal conclusion, which
requires no response. To the extent a response is required, the NCAA denies the
allegations of this paragraph.

357.    The allegations in this paragraph constitute a legal conclusion, which
requires no response. To the extent a response is required, the NCAA denies the
allegations of this paragraph.

358.    The allegations in this paragraph constitute a legal conclusion, which
requires no response. To the extent a response is required, the NCAA denies the
allegations of this paragraph.

359.    The allegations in this paragraph constitute a legal conclusion, which
requires no response. To the extent a response is required, the NCAA denies the
allegations of this paragraph.

360.    The NCAA admits that it was first formed over a century ago to regulate
the rules of college athletics, with the goal of reducing the number of serious injuries
and deaths that were occurring at the time in college football. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

361.    The NCAA admits that its members include schools and conferences. The
NCAA further admits that it has various committees with representatives from various
NCAA member schools and conferences. The NCAA also admits that the Board of
Governors is its highest governing body and its composition includes various presidents

and chancellors of NCAA member schools, and that the NCAA employs a president. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

362.    The NCAA admits that its members have adopted a constitution and bylaws and that NCAA members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. The NCAA further admits that Division I Bylaws govern the procedures for Division I Bylaw amendments, including amendments to Division I Bylaw 12, which is currently titled "Athletics Eligibility." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

363.    The NCAA admits that the current version of NCAA Division I Bylaw 12.01.1 states that "[o]nly a student-athlete who meets the governing athletics eligibility legislation and interpretations is eligible for intercollegiate athletics participation in a particular sport." The NCAA further admits that, for a period of time, NCAA Division I Bylaw 12.01.4 stated that "[a] grant-in-aid administered by an educational institution is not considered to be pay or the promise of pay for athletics skill, provided it does not exceed the financial aid limitations set by the Association's membership." Division I Bylaw 12.01.4 has been deleted in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-03919 (N.D. Cal.). The NCAA also admits that, for a period of time, a grant-in-aid was limited to the cost of tuition, room and board, books, and similar education-related expenses. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

364.    The NCAA admits that current NCAA Division I Bylaws require student-athletes to meet the governing athletics eligibility legislation and interpretations in order

to be eligible for participation in Division I college athletics. Except as expressly admitted, the remaining allegations of this paragraph are denied.

365.    The NCAA admits that NCAA Division I Bylaws govern the forms of pay student-athletes may and may not receive to maintain their eligibility for intercollegiate athletic competition. Except as expressly admitted, the remaining allegations of this paragraph are denied.

366.    The NCAA admits that NCAA Division I Bylaws govern the potential penalties that may be imposed on member institutions and student-athletes for violation of NCAA Division I rules. Except as expressly admitted, the remaining allegations of this paragraph are denied.

367.    The NCAA admits that Division I rules are enforced and that from time to time penalties have been imposed on member institutions and student-athletes for violating them. The NCAA further admits that its constitution discusses potential consequences of violating the NCAA's rules. Except as expressly admitted, the allegations of this paragraph are denied.

368.    The NCAA admits that its member schools and conferences agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, the allegations of this paragraph are denied.

369.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding university employees, including graduate students. The NCAA denies the remaining allegations of this paragraph.

370.    The NCAA admits that it includes Divisions I, II, and III, and that there currently are more than 350 member schools in Division I. The NCAA further admits that there is much variation within Division I in terms of the size, athletics department budgets, and athletic performance of each member institution. The NCAA also admits that there are currently 69 schools within the conferences colloquially referred to as the "Power 5 Conferences" and that Notre Dame is a member of Division I and affiliated with a Power 5 Conference (the ACC, for sports other than football and hockey). Except as expressly admitted, the NCAA denies the allegations of this paragraph.

371.    The NCAA admits that it generates revenue through, among other things, television contracts for the broadcast of certain basketball games. The NCAA further admits that it traditionally hosts a "March Madness" basketball tournament, which is broadcast on television pursuant to contracts that generate revenue for the NCAA. Except as expressly admitted, the allegations of this paragraph are denied.

372.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

373.    The NCAA admits that a small number of college football and basketball programs generate positive net revenues. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

374.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

375.    The NCAA admits that the defendant conferences generate revenue from, among other things, broadcast network agreements. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the allegations of this paragraph are denied.

376.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

377.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

378.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

379.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

380.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

381.    The NCAA admits that several members of the Pac-12 have departed the conference in recent years. The NCAA further admits that UCLA, USC, Washington, and Oregon are now members of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

382.    The NCAA admits that Stanford and UC Berkeley are now members of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

383.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

384.    The NCAA admits that Mr. Drinkwitz was reported to have made the comment quoted in this paragraph. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

385.    The NCAA admits that Mr. Cronin was reported to have made the comment quoted in this paragraph. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    The NCAA admits that it adopted an interim NIL policy on July 1, 2021, which governs the compensation student-athletes may receive for NIL-related activities. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

393.    The NCAA admits that the NCAA's interim NIL policy adopted on July 1, 2021, does not permit member institutions or conferences to compensate student-athletes for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

394.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

395.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

396.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, which are not attributed to any source.

397.    The allegations in this paragraph constitute legal argument and, as such, require no response.  To the extent a response is required, denied.

398.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the allegations of this paragraph are denied.

399.    The NCAA admits that NCAA Division I Bylaws previously distinguished between "head-count" sports and "equivalency" sports. That distinction no longer exists

in light of NCAA Division I rules and proposed NCAA Division I rules eliminating
scholarship limits in connection with the implementation of the finally approved
settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except
as expressly admitted, the NCAA denies the allegations of this paragraph.

400.    The NCAA admits that, in head-count sports, each student-athlete who
received a scholarship of any amount (including a partial scholarship) historically was
treated under NCAA Division I Bylaws as having received a full scholarship. The NCAA
further admits that Division I men's and women's basketball, football, women's
gymnastics, women's tennis, and women's volleyball traditionally have been "head-
count" sports. The distinction between "head-count" and "equivalency" sports no longer
exists in light of NCAA Division I rules and proposed NCAA Division I rules eliminating
scholarship limits in connection with the implementation of the finally approved
settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except
as expressly admitted, the NCAA denies the allegations of this paragraph.

401.    The NCAA admits that, in equivalency sports, student-athletes
traditionally could receive partial scholarships and that those partial scholarships were
counted as such in determining how many scholarships had been awarded to student-
athletes in that sport. The NCAA further admits that Division I sports other than those
listed in the preceding paragraph 384 traditionally have been "equivalency" sports. The
distinction between "head-count" and "equivalency" sports no longer exists in light of
NCAA Division I rules and proposed NCAA Division I rules eliminating scholarship limits
in connection with the implementation of the finally approved settlement in *In re College*

*Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the NCAA denies the allegations of this paragraph.

402.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports and governed how partial scholarships were counted for purposes of scholarship limits. NCAA Division I Bylaws no longer impose scholarship limits, as all such limits have been eliminated in connection with the implementation of the finally approved settlement in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.). Except as expressly admitted, the NCAA denies the allegations of this paragraph.

403.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

404.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

405.    The NCAA admits that its members agree to comply with the NCAA constitution and bylaws by virtue of their membership in the NCAA. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

406.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "young mathematicians" and "musicians" at unnamed universities. The remaining allegations of this paragraph constitute a legal conclusion, which requires no response. To the extent a response is required, the NCAA denies the allegations of this paragraph.

407.    The NCAA admits that schools within the Power 5 compete with one another. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

408.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

409.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

410.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

411.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

412.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

413.   The NCAA admits that NCAA Division I schools compete with one another. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

414.   Denied.

415.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

416.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

417.   The NCAA admits that the NCAA hosts a baseball tournament, that the tournament includes regional and super-regional games, and that some of the games are broadcast on television. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at baseball tournament games. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

418.   The NCAA admits that the winners of the super-regional games in the NCAA's baseball tournament advance to the College World Series. The NCAA further admits that College World Series games are broadcast on television and that the NCAA

has broadcast network agreements associated with certain of its championship events. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning attendance at and television viewership for College World Series games. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

419.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning administrator and coach salaries and scholarship allocation for baseball student-athletes, which are not attributed to any source. The NCAA denies the remaining allegations of this paragraph.

420.    The NCAA admits that many student-athletes are dedicated to their sports and devote time to athletics-related activities. The NCAA denies that any student-athlete "works" as a college athlete. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

421.    Denied.

422.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning NIL money received by college baseball players, which are not attributed to any source. The NCAA denies the remaining allegations in this paragraph.

423.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

424.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

425.    Denied.

426.    Denied.

427.    The NCAA admits that the NCAA and conference defendants have been
the subject of antitrust litigation in recent years. The NCAA further admits that the
Supreme Court of the United States issued an opinion in the *Alston* case. That opinion
speaks for itself. Except as expressly admitted, the NCAA denies the allegations in this
paragraph.

428.    The NCAA admits that Justice Kavanaugh authored a concurrence in the
*Alston* case. That concurrence speaks for itself. Except as expressly admitted, the
NCAA denies the allegations in this paragraph.

429.    The NCAA admits that Justice Kavanaugh authored a concurrence in the
*Alston* case. That concurrence speaks for itself. Except as expressly admitted, the
NCAA denies the allegations in this paragraph.

430.    The NCAA admits that the Supreme Court issued an opinion and that
Justice Kavanaugh authored a concurrence in the *Alston* case. That opinion and Justice
Kavanaugh's concurrence speak for themselves. Except as expressly admitted, the
NCAA denies the allegations in this paragraph.

431.    The allegations of this paragraph constitute legal conclusions to which no
response is required. To the extent a response is required, denied.

432.    The NCAA admits that various NCAA Division I Bylaws have been
amended since the Supreme Court's opinion since the conclusion of the *Alston* case.
Except as expressly admitted, the NCAA denies the allegations in this paragraph.

433. The NCAA admits that the NCAA issued an interim NIL policy in July 2021 that permits student-athletes to receive certain types of NIL compensation. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the NIL compensation that specific student-athletes have earned, which are not attributed to any source. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

434. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

435. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which are not attributed to any source.

436. The NCAA admits that NCAA Division I Bylaws and guidance govern the compensation that may be provided to student-athletes. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

437. The NCAA admits that it has argued that the concept of amateurism supported previous NCAA Division I rules in prior lawsuits involving student-athlete compensation. The NCAA further admits that NCAA Division I rules historically have governed the benefits student-athletes may receive and that student-athletes have under circumstances outlined in NCAA Division I rules and guidance been permitted to receive athletic scholarships (including room and board and cost of attendance), athletic participation awards, Student Assistance Fund awards, educational or other academic

awards (including graduation awards), loss-of-value insurance, tutoring and other academic support, and other benefits. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

438.    Denied.

439.    The allegations of this paragraph constitute legal arguments to which no response is required. To the extent a response is required, denied.

440.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the popularity of college sports, which are not attributed to any source. The NCAA admits that Big Ten Commissioner Tony Petitti testified at an October 2023 Senate Judiciary Committee meeting. That testimony speaks for itself. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

441.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

442.    The NCAA admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may provide additional benefits to student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

443.    The allegations of this paragraph constitute legal arguments to which no response is required. To the extent a response is required, denied.

444.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are not attributed to any source.

445.    The NCAA admits that the class action settlement finally approved in *In re College Athlete NIL Litigation*, No. 4:20-cv-03919 (N.D. Cal.) permits Division I institutions to opt in to a structure in which those institutions may provide additional benefits to student-athletes, as outlined in the settlement agreement. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

446.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph about what Plaintiffs "seek" in their lawsuit. The NCAA denies that Plaintiffs are entitled to any relief.

447.    Denied.

448.    The NCAA admits that institutions spend different amounts on facilities and coaching salaries, and that institutions compete against each other to recruit student-athletes. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

449.    The allegations of this paragraph constitute legal arguments to which no response is required. To the extent a response is required, denied.

450.    The allegations of this paragraph constitute legal arguments to which no response is required. To the extent a response is required, denied.

451.    The allegations of this paragraph constitute legal arguments to which no response is required. To the extent a response is required, denied.

452.    Denied.

453.    The NCAA admits that there are differences between the experience and opportunities afforded to NCAA student-athletes and athletes who compete in professional sports. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

454.    The NCAA admits that only a small percentage of NCAA student-athletes go on to compete in professional sports leagues. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

455.    Denied.

456.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

457.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

458.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

459.    The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

460.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

461.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

462.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

463.    Denied.

464.    Denied.

465.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

466.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

467.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

468.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

469.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

470.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

471.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

472.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

473.    Denied.

474.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

475. Denied.

476. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

477. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

478. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

479. The NCAA denies that any plaintiff had a "job" as a student-athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

480. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

481. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

482. The NCAA denies that any plaintiff provided "labor" as a student-athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

483.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

484.    Denied.

485.    The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that these
rules were "collusive," "artificial," "illegal," or "unfair" restraints. The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

486.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations in this paragraph.

487.    Denied.

488.    Denied.

489.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

490.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

491.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

492.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

493.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

494.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

495.    Denied.

496.    Denied.

497.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

498.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

499.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

500.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

501.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

502.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

503.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

504.    Denied.

505.    Denied.

506.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

507.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

508.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

509.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

510.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

511.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

512.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

513.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

514.    Denied.

515.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

516.    Denied.

517.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

518.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

519.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

520.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

521.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

522.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

523.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

524.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

525.    Denied.

526.    Denied.

527.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

528.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

529.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

530.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

531.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

532.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

533.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

534.    Denied.

535.    Denied.

536.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

537.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

538.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

539.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

540.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

541.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

542.    The NCAA admits that the University of Iowa has been a member of the Big Ten Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

543.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

544.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

545.   Denied.

546.    Denied.

547.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

548.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

549.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

550.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

551.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

552.    The NCAA admits that the University of Tennessee has been a member of
the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

553.    The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that these
rules are "collusive," "illegal," or "artificial" restraints. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

554.    The NCAA admits that its rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

555.    Denied.

556.    Denied.

557.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

558.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

559.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

560.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

561.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

562.    The NCAA admits that Wake Forest has been a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

563.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

564.    Denied.

565.    Denied.

566.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

567.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

568.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

569.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

570.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

571.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

572.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

573.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

574.    Denied.

575.    Denied.

576.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

577.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

578.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

579.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

580.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

581.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

582.    The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

583.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

584.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

585.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

586.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

587.    Denied.

588.    Denied.

589.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

590.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

591.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

592.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

593.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

594.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

595.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

596.    Denied.

597.    Denied.

598.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

599.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

600.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

601.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

602.    The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

603.    The NCAA admits that the University of Washington was a member of the
Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

604.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

605.   The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

606.   Denied.

607.   Denied.

608.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

609.   The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

610.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

611.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

612.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

613.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

614.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

615.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

616.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

617.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

618.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

619.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

620.    Denied.

621.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

622.    Denied.

623.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

624.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

625.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

626.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

627.    The NCAA admits that the University of Arizona was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

628.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

629.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

630.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

631.    Denied.

632.    Denied.

633.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

634.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

635.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

636.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

637.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

638.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

639.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

640.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

641.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

642.   The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

643.   Denied.

644.   The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

645.    Denied.

646.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

647.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

648.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

649.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

650.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

651.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

652.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

653.    The NCAA admits that the University of Oklahoma was a member of the Big 12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

654.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

655.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

656.    Denied.

657.    Denied.

658.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

659.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

660.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

661.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

662.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

663.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

664.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

665.   The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

666.   Denied.

667.   Denied.

668.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

669.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

670.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

671.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

672.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

673.    The NCAA admits that Clemson University has been a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

674.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

675.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

676.    Denied.

677.    Denied.

678.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

679.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

680.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

681.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

682.    The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in this paragraph.

683.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

684.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

685.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

686.    Denied.

687.    The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that these
rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

688.    Denied.

689.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

690.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

691.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

692.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

693.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

694.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

695.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

696.    The NCAA admits that Texas Tech University has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

697.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

698.    Denied.

699.    Denied.

700.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

701.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

702.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

703.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

704.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

705.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

706.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

707.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

708.    The NCAA admits that Stanford University was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

709.   The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

710.   Denied.

711.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

712.   The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

713.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

714.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

715.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

716.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

717.    The NCAA admits that the University of Michigan and the University of Iowa have been members of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

718.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

719.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

720.    Denied.

721.    Denied.

722.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

723.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

724.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

725.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

726.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

727.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

728.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

729.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

730.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

731.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

732.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

733.    Denied.

734.    Denied.

735.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

736.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

737.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

738.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

739.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

740.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

741.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

742.    Denied.

743.    Denied.

744.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

745.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

746.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

747.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

748.    The NCAA denies that any plaintiff provided "labor" as a college athlete.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph.

749.    The NCAA admits that the University of South Carolina has been a
member of the SEC. The NCAA lacks knowledge or information sufficient to form a
belief as to the truth or falsity of the remaining allegations in this paragraph.

750.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

751.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

752.    The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that these
rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The NCAA
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

753.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

754.    Denied.

755.    Denied.

756.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

757.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

758.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

759.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

760.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

761.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

762.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

763.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

764.   The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

765.   Denied.

766.   Denied.

767.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

768.   The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

769.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

770.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

771.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

772.    The NCAA admits that Duke University is a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

773.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

774.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

775.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

776.    Denied.

777.    Denied.

778.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

779.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

780.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

781.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

782.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

783.    Admitted.

784.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

785.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

786.    Denied.

787.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these

rules are a "collusive, artificial restraint." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

788.    Denied.

789.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

790.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

791.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

792.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

793.    The NCAA admits that UC Berkeley was a member of the Pac-12 Conference for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

794.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

795.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

796.    Denied.

797.    Denied.

798.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

799.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

800.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

801.    The NCAA admits that the University of Kentucky advanced to the second round of March Madness in 2016. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

802.    The NCAA admits that the University of Michigan advanced to the championship game of March Madness in 2018. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

803.    NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

804.    The NCAA admits that in 2018, March Madness was broadcast on national television. The NCAA further admits, on information and belief, that certain University of Michigan men's basketball team's games may be broadcast on networks including CBS and ESPN. The NCAA further admits that the University of Michigan and the University of Chicago, Loyola competed in the 2018 National Semifinal game of March Madness. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

805.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

116

806.    Denied.

807.    Denied.

808.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

809.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

810.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

811.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

812.    The NCAA admits that the University of Georgia has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

813.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

814.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

815.    Denied.

816.    Denied.

817.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

818.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

819.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

820.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

821.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

822.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

823.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

824.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

825.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

826.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

827.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

828.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA further denies that the NCAA Division I rules referenced in this paragraph are "restrictive policies." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

829.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

830.   Denied.

831.   Denied.

832.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

833.   The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

834.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

835.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

836.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

837.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

838.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

839.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

840.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

841.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

842.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

843.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

844.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

845.    Denied.

846.    Denied.

847.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

848.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

849.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

850.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

851.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

852.    The NCAA admits that the University of Miami has been a member of the ACC. The NCAA further admits, on information and belief, that certain University of Miami baseball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

853.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

854.    The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

855.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

856.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

857.    Denied.

858.    Denied.

859.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

860.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

861.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

862.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

863.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

864.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

865.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

866.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

867.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

868.    The NCAA admits, on information and belief, that certain Florida State University baseball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of this paragraph. Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

869.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

870.    Denied.

871.    The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that these
rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations of this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

872.    Denied.

873.    The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

874.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

875.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

876.    The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

877.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

878.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

879.    The NCAA admits that Stanford University was a member of the Pac-12
Conference for a period of time. The NCAA lacks knowledge or information sufficient to
form a belief as to the truth or falsity of the remaining allegations in this paragraph.
Except as expressly admitted, the NCAA denies the allegations of this paragraph.

880.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

881.    The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

882.    Denied.

883.    Denied.

884.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

885.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

886.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

887.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

888.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

889.    The NCAA admits that certain Texas A&M football games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

890.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

891.    Denied.

892.    Denied.

893.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

894.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

895.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

896.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

897.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

898.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

899.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

900.    The NCAA admits that the University of Alabama has been a member of the SEC and that certain University of Alabama baseball games may have been broadcast on national and regional networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

901.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

902.    The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

903.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

904.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

905.    Denied.

906.    Denied.

907.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

908.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

909.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

910.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

911.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

912.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

913.    The NCAA admits that Boise State has been a member of the Mountain West Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

914.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

915.    Denied.

916.    Denied.

917.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

918.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

919.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

920.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

921.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

922.    The NCAA admits that Texas Tech University has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

923.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

924.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning "restrictions placed by coaching staff" at Texas Tech. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

925.    Denied.

926.   Denied.

927.   The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

928.   The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

929.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

930.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

931.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

932.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

933.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

934.   The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

935.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

936.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

937.    Denied.

938.    The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

939.    Denied.

940.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

941.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

942.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

943.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

944.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

945.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

946.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

947.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

948.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

949.    Denied.

950.    Denied.

951.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

952.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

953.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

954.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

955.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

956.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

957.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

958.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

959.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

960.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

961.    Denied.

962.    Denied.

963.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

964.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

965.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

966.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

967.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

968.    The NCAA admits that the University of Mississippi has been a member of the SEC. The NCAA denies that the University of Houston was a member of the Big 12 between 2018 and 2021. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

969.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

970.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

971.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

972.    Denied.

973.    Denied.

974.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

975.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

976.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

977.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

978.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

979.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

980.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

981.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

982.    The NCAA admits that certain University of Maryland, Oregon State University, and University of Arkansas women's basketball games may have been broadcast on national networks including ESPN. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

983.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

984.    Denied.

985.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

986.    The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

987.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

988.    The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

989.    The NCAA admits that the University of Michigan has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

990.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

991.    The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

992.    The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

993.    Denied.

994.    Denied.

995.    The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

996.    The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

997.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

998.    The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

999.    The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1000.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1001.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1002.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1003.  NCAA lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations in this paragraph.

1004.  NCAA lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations in this paragraph.

1005.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1006.  Denied.

1007.  Denied.

1008.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1009.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1010.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1011.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1012.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1013.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1014.  The NCAA admits that the University of Missouri has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1015.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1016.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1017.  Denied.

1018.  Denied.

1019.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1020.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1021.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1022.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1023.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1024.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1025.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1026.  The NCAA admits that between 2014 and 2018, certain University of Michigan basketball games were broadcast on national networks. The NCAA further admits that the University of Michigan and Villanova University competed in the 2018 March Madness championship game. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1027.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1028.  Denied.

1029.  Denied.

1030.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1031.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1032.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1033.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1034.  The denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1035.  The NCAA admits that the University of Alabama has been a member of the SEC and that certain University of Alabama baseball games may have been broadcast on networks including ESPN. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1036.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1037.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1038.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1039.  Denied.

1040.  Denied.

1041.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1042.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1043.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1044.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1045.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1046.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1047.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1048.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1049.  Denied.

1050.  Denied.

1051.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1052.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1053.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1054.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1055.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1056.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1057.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1058.  The NCAA admits that the University of Kansas has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1059.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1060.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1061.  Denied.

1062.  Denied.

1063.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1064.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1065.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1066.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1067.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1068.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1069.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1070.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1071.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1072.  The NCAA admits that between 2019 and 2021, certain University of Michigan basketball games were broadcast on national networks. The NCAA further admits that in 2021, the University of Michigan and UCLA competed in an Elite Eight matchup during March Madness.

1073.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1074.  Denied.

1075.  Denied.

1076.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1077.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1078.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1079.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1080.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1081.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1082.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1083.  The NCAA admits that the University of Oklahoma was a member of the
Big 12 for a period of time. The NCAA lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1084. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1085. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1086. Denied.

1087. Denied.

1088. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1089. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1090. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1091.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1092.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1093.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1094.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1095.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1096.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1097.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1098.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1099.  Denied.

1100.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1101.  Denied.

1102.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1103.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1104.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1105.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1106.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1107.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1108.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1109.  The NCAA admits that Penn State University has been a member of the Big Ten Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1110.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1111.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1112.  Denied.

1113.  Denied.

1114.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1115.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1116.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1117.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1118.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1119.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1120.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1121.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1122.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1123.  Denied.

1124.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1125.  Denied.

1126.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1127.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1128.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1129.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1130.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1131.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1132.  The NCAA admits that between 2017 and 2021, Southern Methodist University ("SMU") was a member of the AAC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1133.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1134.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1135.  Denied.

1136.  Denied.

1137.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1138.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1139.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1140.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1141.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1142.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1143.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1144.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1145.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

1146.  Denied.

1147.  Denied.

1148.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1149.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1150.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1151.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1152.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1153.  The NCAA denies that any plaintiff provided "labor" as a college athlete.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph.

1154.  The NCAA admits that the University of Florida has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1155.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1156.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules were a "collusive, artificial restraint" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1157.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1158.  Denied.

1159.  Denied.

1160.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1161.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1162.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1163.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1164.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1165.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1166.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1167.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1168.  The NCAA admits that between 2020 and 2025, certain games of both the University of Michigan and the University of Kansas basketball teams may have been broadcast on national networks. The NCAA further admits that in 2021, the University of Michigan and UCLA competed in an Elite Eight matchup at March Madness.

1169.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1170.  Denied.

1171.  Denied.

1172.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1173.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1174.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1175.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1176.  The NCAA admits that Boston College has been a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1177.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1178.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1179.  Denied.

1180.  Denied.

1181.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1182.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1183.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1184.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1185.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1186.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1187.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1188.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1189.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1190.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1191.  Denied.

1192.  Denied.

1193.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1194.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1195.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1196.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1197.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1198.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1199.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1200.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1201.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

1202.  Denied.

1203.  Denied.

1204.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1205.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1206.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1207.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1208.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1209.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1210.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1211. Denied.

1212. Denied.

1213. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1214. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1215. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1216. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1217. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1218. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1219.  The NCAA admits that the University of California Los Angeles ("UCLA") was a member of the Pac-12 Conference for a period of time. The NCAA further admits that between 2019 and 2023, certain UCLA basketball games were broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1220.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1221.  Denied.

1222.  Denied.

1223.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1224.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1225.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1226.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1227.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1228.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1229.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1230.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1231.  The NCAA admits that the University of Washington was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1232.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1233.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

1234. Denied.

1235. Denied.

1236. The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1237. The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1238. The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1239. The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1240. The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1241. The NCAA admits that the University of Georgia has been a member of
the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1242.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1243.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1244.  Denied.

1245.  Denied.

1246.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1247.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1248.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1249.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1250.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1251.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1252.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1253.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1254.  Denied.

1255.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1256.  Denied.

1257.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1258.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1259.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1260.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1261.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1262.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1263.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1264. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1265. Denied.

1266. Denied.

1267. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1268. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1269. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1270. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1271. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1272.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1273.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1274.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1275.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1276.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1277.  Denied.

1278.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1279.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1280.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1281.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1282.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1283.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1284.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1285.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1286.  The NCAA admits that between 2020 and 2024, certain University of Houston basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1287.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were an "unlawful restriction." The NCAA further denies

that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1288.  Denied.

1289.  Denied.

1290.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1291.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1292.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1293.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1294.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1295.  The NCAA admits that Indiana University has been a member of the Big Ten. The NCAA further admits that between 2014 and 2017, certain Indiana University basketball games may have been broadcast on national networks.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1296.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1297.  Denied.

1298.  Denied.

1299.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1300.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1301.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1302.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1303. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1304. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1305. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1306. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1307. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1308. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1309. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1310. Denied.

1311. Denied.

1312. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1313.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1314.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1315.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1316.  The NCAA denies that any Plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1317.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1318.  The NCAA admits that the University of Wisconsin has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1319.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1320.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1321.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1322.  Denied.

1323.  Denied.

1324.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1325.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1326.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1327.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1328.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1329.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1330.  Denied.

1331.  Denied.

1332.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1333.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1334.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1335.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1336.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1337.  The NCAA admits that Pennsylvania State University ("Penn State") has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1338.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1339.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1340.  Denied.

1341.  Denied.

1342.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1343.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1344.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1345.  Denied.

1346.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1347.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1348.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1349.  The NCAA admits that Ohio University has been a member of the Mid-American Conference ("MAC"). The NCAA further admits that between 2018 and 2021, certain Ohio University basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1350.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1351.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1352.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1353.  Denied.

1354.  Denied.

1355.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1356.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1357.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1358.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1359.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1360.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1361.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1362.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1363.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1364.  Denied.

1365.  Denied.

1366.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1367.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1368.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1369.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1370.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1371.  The NCAA admits that Oregon State University has been a member of the Pac-12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1372.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1373.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1374.  Denied.

1375.  Denied.

1376.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1377.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1378.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1379.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1380.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1381.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1382.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1383.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1384.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1385.  Denied.

1386.  Denied.

1387.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1388.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1389.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1390.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1391.  The NCAA admits that the University of Pittsburgh has been a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1392.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1393.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1394.  Denied.

1395.  Denied.

1396.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1397.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1398.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1399.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1400.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1401.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1402.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1403.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1404.  Denied.

1405.  Denied.

1406.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1407.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1408.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1409.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1410.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1411.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1412.  The NCAA admits that the University of Kentucky has been a member of the SEC and that from 2020 to 2022, UCLA was a member of the Pac-12. The NCAA further admits that certain games of both the University of Kentucky's and UCLA's basketball teams may have been broadcast on national networks between 2019 and 2022. The NCAA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

1413.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the remaining allegations in this paragraph.

1414.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

1415.  Denied.

1416.  Denied.

1417.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1418.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1419.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1420.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1421.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1422.  The NCAA admits that the University of Kentucky has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1423.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1424.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1425.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules were a "collusive, artificial restrain" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1426.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1427.  Denied.

1428.  Denied.

1429.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1430.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1431.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1432.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1433.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1434.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1435.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1436.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1437.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1438.  Denied.

1439.  Denied.

1440.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1441.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1442.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1443.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1444.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1445.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1446.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1447.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1448.  Denied.

1449.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules were a "collusive, artificial restraint." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1450.  Denied.

1451.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1452.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1453.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1454.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1455.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1456.  The NCAA admits that West Virginia University ("WVU") has been a member of the Big 12, and the University of Nevada Las Vegas ("UNLV") has been a member of the Mountain West Conference. The NCAA further admits that between 2018 and 2023, certain WVU and UNLV basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1457.  The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1458.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1459.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1460.  Denied.

1461.  Denied.

1462.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1463.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1464.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1465.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1466.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1467.  The NCAA admits that Stanford University was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1468.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1469.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1470.  Denied.

1471.  Denied.

1472.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1473.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1474.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1475.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1476.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1477.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1478.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1479.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1480.  Denied.

1481.  Denied.

1482.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1483.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1484.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1485.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1486.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1487.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1488.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1489.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these

rules were a "collusive, artificial restraint" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1490.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1491.  Denied.

1492.  Denied.

1493.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1494.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1495.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1496.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1497.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1498.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1499.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1500.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1501.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1502.  Denied.

1503.  Denied.

1504.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1505.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1506.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1507.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1508.  The NCAA admits that the University of Iowa has been a member of the Big Ten, and Kansas State has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1509.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1510.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1511.  Denied.

1512.  Denied.

1513.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1514.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1515.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1516.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1517.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1518.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1519.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1520.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1521.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1522.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1523.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1524.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful rules." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1525.  Denied.

1526.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1527.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1528.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1529.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1530.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1531.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1532.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1533.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1534.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1535.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1536.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1537.  The NCAA admits that between 2014 and 2018, certain Notre Dame University women's basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1538.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1539.  Denied.

1540.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1541.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1542.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1543.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1544.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1545.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1546.  The NCAA admits that Texas A&M was a member of the SEC between 2015 and 2018. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1547.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1548.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1549.  Denied.

1550.  Denied.

1551.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1552.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1553.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1554.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1555.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1556.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1557.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1558.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1559.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1560.  Denied.

1561.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1562. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1563. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1564. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1565. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1566. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1567. The NCAA admits that Oregon State University has been a member of the Pac-12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1568. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1569. The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief

214

as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1570. The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1571. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1572. Denied.

1573. Denied.

1574. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1575.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1576.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1577.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1578.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1579.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1580.  The NCAA admits that Stanford University was a member of the Pac-12 between 2016 and 2019, and Mississippi State University was a member of the SEC in 2020. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1581.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1582.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1583.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1584.  Denied.

1585.  Denied.

1586.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1587.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1588.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1589.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1590.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1591.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1592.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1593.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1594.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1595.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restraints." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1596.  Denied.

1597.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1598.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1599.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1600.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1601.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1602.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1603.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1604.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1605.  The NCAA denies that any plaintiff provided "labor" as a college athlete. Except as expressly admitted, the NCAA denies the allegations of this paragraph. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1606.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1607.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1608.  Denied.

1609.  Denied.

1610.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1611.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1612.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1613.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1614.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1615.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1616.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1617.  The NCAA admits that Baylor University has been a member of the Big 12. The NCAA admits that between 2016 and 2020, certain Baylor University women's basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1618.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

1619.  Denied.

1620.  Denied.

1621.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1622.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1623.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1624.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1625.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1626.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1627.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1628.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1629.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1630.  Denied.

1631.  Denied.

1632.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1633.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1634.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1635.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1636.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1637.  The NCAA admits that Washington State University has been a member of the Pac-12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1638.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1639.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

1640.  Denied.

1641.  Denied.

1642.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1643.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1644.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1645.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1646.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1647.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1648.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1649.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1650.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1651.  Denied.

1652.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1653.  Denied.

1654.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1655. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1656. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1657. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1658. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1659. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1660. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1661. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1662. The NCAA admits that the University of Tennessee has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1663. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1664.  Denied.

1665.  Denied.

1666.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1667.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1668.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1669.   The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1670.  The NCAA admits that UCLA was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1671. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1672. The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules were "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1673. Denied.

1674. Denied.

1675. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1676. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1677. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1678.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1679.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1680.  The NCAA admits that the Ohio State University ("Ohio State") has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1681.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1682.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1683.  Denied.

1684.  Denied.

1685.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1686.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1687.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1688.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1689.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1690.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1691.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1692.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1693.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1694.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful restrictions." The NCAA further denies that
any Plaintiff provided "labor" by participating in college athletics. Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

1695.  Denied.

1696.  Denied.

1697.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1698.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1699.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1700.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

1701.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1702.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1703.  The NCAA admits that Stanford University was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1704.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1705.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1706.  Denied.

1707.  Denied.

1708.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1709.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1710.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1711.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1712.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1713.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1714.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1715.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1716.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1717.  The NCAA admits that between 2017 and 2021, certain UCLA women's basketball games may have been broadcast on national and regional networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1718.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1719.  Denied.

1720.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1721.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1722.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1723.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1724.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1725.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1726.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1727.  The NCAA admits that Oregon State University has been a member of the Pac-12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1728.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1729.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1730.  Denied.

1731.  Denied.

1732.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1733.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1734.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1735.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1736.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1737.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1738.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1739.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1740.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1741.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1742.  Denied.

1743.  Denied.

1744.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1745.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1746.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1747.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1748.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1749.  The NCAA admits that the University of Colorado was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1750.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1751.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1752.  Denied.

1753.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1754.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1755.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1756.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1757.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1758.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1759.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1760.  Denied.

1761.  Denied.

1762.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1763.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1764.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1765. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1766. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1767. The NCAA admits that the University of Georgia has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1768. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1769. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1770. Denied.

1771. Denied.

1772. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1773. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1774. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1775. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1776. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1777. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1778. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1779. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1780. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1781. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1782.  Denied.

1783.  Denied.

1784.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1785.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1786.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1787.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1788.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1789.  The NCAA admits that Baylor University has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1790.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1791.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1792.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1793.  Denied.

1794.  Denied.

1795.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1796.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1797.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1798.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1799.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1800.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1801.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1802.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1803.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1804.  Denied.

1805.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1806.  Denied.

1807.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1808.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1809.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1810.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1811.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1812.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1813.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1814.  The NCAA admits that Florida State University has been a member of the ACC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1815.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1816.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1817.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1818.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1819.  Denied.

1820.  Denied.

1821.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1822.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1823.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1824.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1825.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1826.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1827.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1828.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1829.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1830.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1831.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1832.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1833.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1834.  Denied.

1835.  Denied.

1836.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1837.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1838.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1839.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1840.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1841.  The NCAA admits that the University of Michigan has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1842.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1843.  Denied.

1844.  Denied.

1845.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1846.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1847.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1848.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1849.  The NCAA admits that in 2021 and 2022, Texas Christian University ("TCU") was one of the 64 baseball teams selected to compete in an NCAA regional.

The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1850. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1851. Denied.

1852. The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1853. Denied.

1854. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1855.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1856.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1857.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1858.  The NCAA admits that Baylor University has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1859.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1860.  Denied.

1861.  Denied.

1862.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

1863.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

1864.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1865.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

1866.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1867.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1868.  The NCAA denies that any plaintiff provided "labor" as a college athlete.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph.

1869.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

1870.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1871.  Denied.

1872.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1873.  Denied.

1874.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1875.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1876.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1877.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1878.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1879.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1880.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1881.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1882.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1883.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1884.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1885.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1886.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1887.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1888.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1889.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1890.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1891.  Denied.

1892.  Denied.

1893.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1894.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1895.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1896.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1897.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1898.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1899.  The NCAA admits that Vanderbilt University has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1900.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1901.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1902.  Denied.

1903.  Denied.

1904.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1905.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1906.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1907.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1908.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1909.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1910.  The NCAA admits that the University of Kentucky has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1911.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1912. The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that these rules are a "collusive, artificial restraint" or "illegal and unfair restraints." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1913. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1914. Denied.

1915. Denied.

1916. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1917. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1918.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1919.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1920.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1921.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1922.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1923.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1924.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1925.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1926.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1927.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

260

referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1928.  Denied.

1929.  Denied.

1930.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1931.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1932.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1933.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1934.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1935.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1936.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1937.  The NCAA admits that between 2013 and 2018, the University of Central Florida was a member of the American Athletic Conference ("AAC"). The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1938.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1939.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1940.  Denied.

1941.  Denied.

1942.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1943.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1944.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1945.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1946.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1947.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1948.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1949.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1950.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1951.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1952.  Denied.

1953.  Denied.

1954.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1955.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1956.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1957.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1958.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1959.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1960.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1961.  The NCAA admits that Baylor University has been a member of the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1962.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1963.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1964.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1965.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1966.  Denied.

1967.  Denied.

1968.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1969. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1970. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1971. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1972. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1973. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1974. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1975. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1976. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1977. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1978.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1979.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1980.  Denied.

1981.  Denied.

1982.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1983.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1984.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1985.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1986.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1987.  The NCAA admits that the University of Miami has been a member of the ACC. The NCAA further admits that between 2018 and 2020, certain University of Miami baseball games may have been broadcast on ESPN. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1988.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1989.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1990.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

1991.  Denied.

1992.  Denied.

1993.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1994.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1995.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1996.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

1997.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1998.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

1999.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2000.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2001.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2002.  The NCAA admits that the University of Missouri has been a member of the SEC and that certain University of Missouri women's basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2003.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2004.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2005.  Denied.

2006.  Denied.

2007.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2008.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2009.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2010.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2011.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2012.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2013.  The NCAA admits that Vanderbilt University has been a member of the SEC and that certain Vanderbilt University baseball games may have been broadcast on ESPN. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2014.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2015.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2016.  Denied.

2017.  Denied.

2018.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2019.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2020.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2021.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2022.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2023.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2024.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2025.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2026.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2027.  Denied.

2028.  Denied.

2029.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2030. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2031. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2032. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2033. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2034. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2035. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2036. The NCAA admits that the University of Minnesota has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2037. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2038. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2039.  Denied.

2040.  Denied.

2041.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2042.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2043.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2044.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2045.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2046.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2047.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2048.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2049.  Denied.

2050.  Denied.

2051.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2052.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2053.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2054.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2055.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2056.  The NCAA admits that Penn State has been a member of the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2057.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2058.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2059.  Denied.

2060.  Denied.

2061.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2062.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2063.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2064.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2065.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2066.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2067.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2068.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2069.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2070.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2071.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2072.  Denied.

2073.  Denied.

2074.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2075.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2076.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2077.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2078.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2079.  The NCAA admits that North Dakota State University has been a member of the Missouri Valley Football Conference. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2080.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2081.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2082.  Denied.

2083.  Denied.

2084.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2085.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2086.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2087.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2088.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2089.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2090.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2091.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2092.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2093.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2094.  Denied.

2095.  Denied.

2096.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2097.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2098.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2099.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2100.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2101.  The NCAA admits that University of North Carolina ("UNC") has been a member of the ACC and that certain UNC baseball games may have been broadcast on ESPN. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2102.  Denied.

2103.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to

student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2104.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2105.  Denied.

2106.  Denied.

2107.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2108.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2109.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2110.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2111.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2112.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2113.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2114.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2115.  Denied.

2116.  Denied.

2117.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2118.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2119.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2120.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2121.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2122.  The NCAA admits that the University of California, Berkeley ("UC Berkeley") was a member of the Pac-12 for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2123.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2124.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2125.  Denied.

2126.  Denied.

2127.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2128.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2129.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2130.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2131.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2132.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2133.  The NCAA admits that Penn State has been a member of the Big Ten and the University of Kentucky has been a member of the SEC. The NCAA lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2134.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2135.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2136.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2137.  Denied.

2138.  Denied.

2139.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2140.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2141.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2142.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2143.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2144.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2145.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2146.  The NCAA admits, on information and belief, that between 2015 and 2018, certain University of Michigan basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2147.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

288

2148.  Denied.

2149.  Denied.

2150.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2151.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2152.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2153.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2154.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2155.  The NCAA admits that Penn State has been a member of the Big Ten.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph. Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

2156.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2157.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2158.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2159.  Denied.

2160.  Denied.

2161.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2162.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2163.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2164.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2165.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2166.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2167.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2168.  The NCAA admits that the University of Michigan has been a member of the Big Ten and that, between 2013 and 2017, certain University of Michigan basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2169.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2170.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2171.  Denied.

2172.  Denied.

2173.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2174.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2175.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2176.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2177.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2178.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2179.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2180.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2181.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2182.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2183.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2184.  The NCAA admits that on January 10, 2019, an article entitled "How Michigan basketball's Zavier Simpson developed lethal skyhook," written by Orion Sang of the Detroit Free Press, was posted on the NCAA Division I Men's Basketball website. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2185.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2186.  Denied.

2187.  Denied.

2188.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2189.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2190.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2191.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2192.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2193.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2194.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2195.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2196.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2197.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2198.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2199.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2200.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2201.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2202.  Denied.

2203.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2204.  Denied.

2205.  The NCAA admits that certain NCAA Division I rules previously established limitations on the number of scholarships that an institution could provide to student-athletes participating in certain college sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

2206.  Denied.

2207.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2208.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2209.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2210.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2211.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2212.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2213.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that any Plaintiff provided

"labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2214.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2215.  Denied.

2216.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2217.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2218.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2219.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2220.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2221.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph are "illegal, anticompetitive restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2222.  Denied.

2223.  Denied.

2224.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2225.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2226.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2227.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2228.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2229.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that

any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2230.  Denied.

2231.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2232.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2233.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2234.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2235.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2236.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "anticompetitive rules." The NCAA further denies that any Plaintiff provided "labor" by participating in

college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2237.  Denied.

2238.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2239.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2240.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2241.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2242.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2243.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "illegal, anticompetitive restrictions" or "unlawful

restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2244.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2245.  Denied.

2246.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2247.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2248.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2249.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2250.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2251.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph are "anticompetitive rules." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2252.  Denied.

2253.  Denied.

2254.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2255.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2256.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2257.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2258.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2259.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2260.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2261.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful, anticompetitive restrictions." Except as
expressly admitted, the NCAA denies the allegations of this paragraph.

2262.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2263.  Denied.

2264.  Denied.

2265.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2266.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2267.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2268.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2269.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2270.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2271.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2272.  Denied.

2273.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2274.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2275.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2276.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2277.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2278.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2279.  Denied.

2280.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2281.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2282.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2283.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2284.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2285.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA further denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2286.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2287.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2288.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2289.  Denied.

2290.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2291.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2292.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2293.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2294.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2295.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2296.  Denied.

2297.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2298.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2299.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2300.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2301.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2302.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2303.  Denied.

2304.  Denied.

2305.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2306.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2307.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2308.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2309.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2310.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2311.  Denied.

2312.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2313.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2314.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2315.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2316.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph are "anticompetitive . . . restrictions." Except as expressly
admitted, the NCAA denies the allegations of this paragraph.

2317.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2318.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2319.  Denied.

2320.  Denied.

2321.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2322.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2323.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2324.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2325.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2326.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2327.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2328.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2329.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2330.  Denied.

2331.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2332. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2333. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2334. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2335. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2336. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2337. Denied.

2338. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2339.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2340.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2341.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2342.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2343.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2344.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "illegal," "anticompetitive," or "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2345.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2346.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2347.  Denied.

2348.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2349.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2350.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2351.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2352.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2353.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2354.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2355.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2356.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the paragraph.

2357.  Denied.

2358.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2359.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2360.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2361.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2362.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2363.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2364.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph are "anticompetitive . . . restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2365.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2366.  Denied.

2367.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2368.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2369.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2370.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2371.  The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2372.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2373.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful" or "anticompetitive." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2374.  Denied.

2375.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2376.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2377.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2378.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2379.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2380.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2381.  Denied.

2382.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2383.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2384.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2385.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2386.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2387.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2388.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2389. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2390. The NCAA denies that NCAA Division I rules governing the circumstances in which student-athletes may be compensated for the use of their NIL were "unlawful restrictions." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2391. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph.

2392. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2393. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2394. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2395. The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA further denies that the NCAA's rules governing the circumstances in which student-athletes may be compensated for the use of their NIL are "anticompetitive" or "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2396.  Denied.

2397.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2398.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2399.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2400.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2401.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2402.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2403.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2404.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2405.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2406.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2407.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2408.  Denied.

2409.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2410.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2411.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2412.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2413.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2414.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2415.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2416.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2417.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2418.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2419.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2420.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2421.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2422.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2423.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2424.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2425.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful" or "anticompetitive." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2426.  The NCAA admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The NCAA lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2427.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2428. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2429. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2430. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2431. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2432. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2433. Denied.

2434. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2435. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2436. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2437.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2438.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2439.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2440.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "anticompetitive." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2441.  The NCAA admits that it issued interim guidance on July 1, 2021, that permitted certain NIL activities. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2442.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2443.  Denied.

2444.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2445.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2446.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2447.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2448.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2449.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2450.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2451.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "anticompetitive." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2452.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2453.  The NCAA admits that, since July 2021, college athletes have been able to enter certain NIL deals and that some college athletes have done so. The NCAA lacks knowledge or information sufficient to form a belief as to the alleged NIL "valuations" or the alleged amounts of specific college athletes' purported NIL deals. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2454.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2455.  Denied.

2456.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2457.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2458.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may compete in
Division I athletics following a transfer. The NCAA denies that such rules were or are
"anticompetitive." The NCAA lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the NCAA denies the allegations of this paragraph.

2459.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2460.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2461.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

2462.  Denied.

2463.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2464.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2465.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2466.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2467.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2468.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph are "anticompetitive" or "unlawful" restrictions. Except as
expressly admitted, the NCAA denies the allegations of this paragraph.

2469.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2470.  Denied.

2471.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2472.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2473.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2474.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2475.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2476.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2477.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions" Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2478.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2479.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2480.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2481.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2482.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2483.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2484.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2485.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2486.  Denied.

2487.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2488.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2489.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2490.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2491.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2492.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2493.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2494.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2495.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2496.  The NCAA denies that the NCAA Division I rules referenced in this paragraph were "illegal" or "anticompetitive" restrictions. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2497.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful" or "anticompetitive" restrictions. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2498.  The NCAA denies that the NCAA Division I rules referenced in this paragraph were "anticompetitive restraints." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2499.  Denied.

2500.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2501.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2502.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2503.  The NCAA admits that Louisiana State University ("LSU") has been a member of the SEC and has competed for national championships in a variety of sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2504.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2505.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2506.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2507.  Denied.

2508.  Denied.

2509.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2510.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2511.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2512.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2513.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2514.  The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2515.  Denied.

2516.  Denied.

2517.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2518.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2519.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2520.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2521.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2522.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2523.  Denied.

2524.  Denied.

2525.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2526.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2527.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2528.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2529.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2530.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2531.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2532.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2533. Denied.

2534. Denied.

2535. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2536. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2537. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2538. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that the University of Nebraska has competed in the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2539. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2540.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2541.  Denied.

2542.  Denied.

2543.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2544.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2545.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2546.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that Ohio State has competed in the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2547.  The NCAA admits that between 2016 and 2019, certain Ohio State basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2548.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2549.  Denied.

2550.  Denied.

2551.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2552.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2553.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2554.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may compete in Division I athletics following a transfer. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2555.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2556.  The NCAA admits that between 2015 and 2020, certain Ohio State and Jacksonville University basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2557.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2558.  Denied.

2559.  Denied.

2560.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2561.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2562.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2563.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that WVU has competed in the Big 12. The NCAA further admits that between 2014 and 2018, WVU appeared in March Madness four times and advanced to the Sweet Sixteen three times. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2564.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2565.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2566.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2567.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided

"labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2568.  Denied.

2569.  Denied.

2570.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2571.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2572.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2573.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2574.  The NCAA admits that in 2021, WVU was a 3 seed in March Madness. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

2575.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

343

2576.  The NCAA admits that WVU has competed in the Big 12. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

2577.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

2578.  Denied.

2579.  Denied.

2580.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2581.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2582.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2583.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2584.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2585.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2586.  Denied.

2587.  Denied.

2588.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2589.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2590.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2591.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2592.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2593.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2594.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2595.  Denied.

2596.  Denied.

2597.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2598.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2599.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2600.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2601.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2602.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2603.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2604.  Denied.

2605.  Denied.

2606.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2607.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2608.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2609.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2610.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2611.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2612.  Denied.

2613.  Denied.

2614.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2615. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2616. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2617. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2618. The NCAA denies that any plaintiff "work[ed]" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2619. The NCAA admits that the University of Kentucky has been a member of the SEC. The NCAA further admits that WVU has been a member of the Big 12 and that the University of Texas was a member of the Big 12 for a period of time. The NCAA further admits that that certain University of Texas, WVU, and University of Kentucky basketball games may have been broadcast on national networks including ESPN and ESPN2. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2620.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that any Plaintiff provided
"labor" by participating in college athletics. Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

2621.  Denied.

2622.  Denied.

2623.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2624.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2625.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2626.  The NCAA admits that Gonzaga University is an NCAA member institution
competing in the West Coast Conference. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

2627.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2628.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2629.  The NCAA admits that between 2018 and 2020, certain Gonzaga University basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2630.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2631.  Denied.

2632.  Denied.

2633.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2634.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2635.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2636.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2637.  The NCAA admits that between 2015 and 2018, certain University of Cincinnati basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2638.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2639.  Denied.

2640.  Denied.

2641.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2642.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2643.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2644.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may compete in Division I athletics following a transfer. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2645.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2646.  The NCAA lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2647.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2648.  Denied.

2649.  Denied.

2650.  The NCAA denies that it engaged in "illegal conduct." The NCAA further

denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

2651.  The NCAA denies that any plaintiff provided "labor" or "worked" as a

college athlete. The NCAA lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph.

2652.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2653.  The NCAA denies that any plaintiff had a "job" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

2654.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2655.  The NCAA admits that NCAA Division I rules previously have addressed

and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that any Plaintiff provided

"labor" by participating in college athletics. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2656.  Denied.

2657.  Denied.

2658.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2659.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2660.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes and prospective student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations in this paragraph.

2661.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that Ohio State has competed in the Big Ten. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2662.  The NCAA admits that between 2014 and 2018, certain Ohio State basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2663.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2664.  Denied.

2665.  Denied.

2666.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2667.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2668.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2669.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that between 2017 and 2022, the University of Chicago, Loyola appeared in March Madness three times. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2670.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2671.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2672.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2673.  Denied.

2674.  Denied.

2675.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2676.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2677.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2678.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2679.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2680.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2681.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2682.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2683.  Denied.

2684.  Denied.

2685.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2686.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2687.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2688.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2689.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2690.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2691.  The NCAA admits that, between 2013 and 2017, certain Ohio State
basketball games may have been broadcast on national networks. The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

2692.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2693.  Denied.

2694.  Denied.

2695.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2696.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2697.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2698.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2699.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2700.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2701.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that any Plaintiff provided
"labor" by participating in college athletics. Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

2702.  Denied.

2703.  Denied.

2704.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2705.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2706.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2707.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2708.  The NCAA admits that between 2020 and 2025, certain University of
Miami, University of Louisville, and SMU games may have been broadcast on national

networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2709. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2710. Denied.

2711. Denied.

2712. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2713. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2714. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2715. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2716.  The NCAA admits that between 2014 and 2017, WVU appeared four times in March Madness and that they advanced to the Sweet Sixteen three times. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2717.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2718.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2719.  Denied.

2720.  Denied.

2721.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2722.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2723.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2724.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may compete in Division I athletics following a transfer. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2725.  The NCAA denies that any plaintiff had a "full-time occupation" or job as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2726.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2727.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2728.  Denied.

2729.  Denied.

2730.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2731.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2732.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2733.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA admits that the University of Mississippi has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2734.  The NCAA admits that the University of Miami has been a member of the ACC and that certain University of Cincinnati, University of Miami, and University of Mississippi basketball games may have been broadcast on television. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2735.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided

"labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2736.  Denied.

2737.  Denied.

2738.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2739.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2740.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2741.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2742.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2743.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2744.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2745.  Denied.

2746.  Denied.

2747.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2748.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2749.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2750.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2751.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2752.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2753.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2754.  Denied.

2755.  Denied.

2756.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2757.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2758.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2759.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

2760.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2761.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2762.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2763.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2764.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2765.  Denied.

2766.  Denied.

2767.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2768.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2769.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2770.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2771.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2772.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2773.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2774.  Denied.

2775.  Denied.

2776.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2777.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2778.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2779.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2780.  The NCAA denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2781.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2782.  The NCAA admits that the University of Texas and WVU were both members of the Big 12 between 2020 and 2023, and University of Kentucky was a member of the SEC. The NCAA further admits that between 2019 and 2024, certain University of Texas, WVU, and University of Kentucky basketball games may have been broadcast on national television. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2783.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2784.  Denied.

2785.  Denied.

2786.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2787. The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2788. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2789. The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2790. The NCAA admits that between 2016 and 2020, certain University of Cincinnati basketball games were broadcast on national television networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2791. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2792. Denied.

2793. Denied.

2794.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2795.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2796.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2797.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2798.  The NCAA admits that between 2013 and 2017, certain University of Cincinnati basketball games were broadcast on national television networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2799.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2800.  Denied.

2801.  Denied.

2802.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

2803.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

2804.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2805.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA admits that the WVU basketball team participated in the 2023 March Madness
tournament, the UNC basketball team participated in the 2024 March Madness
tournament as a 1 seed, and the Akron University basketball team participated in March
Madness in 2025. The NCAA lacks knowledge or information sufficient to form a belief
as to the truth or falsity of the remaining allegations in this paragraph. Except as
expressly admitted, the NCAA denies the allegations of this paragraph.

2806.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2807.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2808.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2809.  Denied.

2810.  Denied.

2811.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2812.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2813.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2814.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2815.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2816.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2817.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2818.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2819.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2820.  Denied.

2821.  Denied.

2822.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2823.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2824.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2825.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2826.  The NCAA denies that any plaintiff "work[ed]" or had a "full-time occupation" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2827.  The NCAA admits that the University of Oregon was a member of the Pac-12 from 2020 to 2022. The NCAA further admits that the University of Kentucky was a member of the SEC from 2022 to 2024. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2828.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2829.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that any Plaintiff provided "labor" by participating in college athletics. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2830.  Denied.

2831.  Denied.

2832.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

2833.  The NCAA denies that any plaintiff "worked" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

2834.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2835.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2836.  The NCAA admits that NCAA Division I rules previously have addressed

and currently address the circumstances in which student-athletes may compete in

Division I athletics following a transfer. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2837.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2838.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

2839.  The NCAA admits that the University of Miami has been a member of the

ACC and that WVU has been a member of the Big 12. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2840.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2841.  Denied.

2842.  Denied.

2843.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2844.  The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2845.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2846.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2847.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2848.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2849.  The NCAA admits that Mississippi State University has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2850.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2851.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2852.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2853.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2854.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "illegal restrictions" or "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2855.  Denied.

2856.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2857.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2858.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2859.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2860.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2861.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2862.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2863.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2864.  The NCAA admits that certain Hofstra University and University of Delaware basketball games may have been broadcast on national networks, including CBS Sports. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2865.  The NCAA admits that Hofstra University has been a member of the Coast Athletic Association ("CAA") (previously known as the Colonial Athletic Association). The NCAA further admits that the University of Delaware was a member of the CAA for a period of time. The NCAA further admits that St. Francis Brooklyn has been a member of the Northeast Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2866.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2867.  Denied.

2868.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2869.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2870.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2871.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2872.  The NCAA admits that the University at Buffalo has been in the Mid-American Conference for football.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2873.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2874.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2875.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2876.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2877.  Denied.

2878.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2879.  The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2880.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2881.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2882.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2883.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2884.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2885.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2886.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2887.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2888.  Denied.

2889.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2890.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2891.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2892.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2893.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2894.  Denied.

2895.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" or provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2896.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2897.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2898.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2899.  The NCAA admits that certain University of New Orleans basketball games may have been broadcast on national networks. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2900.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2901.  Denied.

2902.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2903.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2904.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2905.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2906.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2907.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2908.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2909.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2910.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2911.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2912.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2913.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2914.  Denied.

2915.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2916.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2917.  The NCAA denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2918.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2919.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2920.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2921.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful." Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

2922.  Denied.

2923.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

2924.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2925.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2926.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2927.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2928.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2929.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2930.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the rules referenced in this paragraph are unlawful or otherwise actionable. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2931.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2932.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2933.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2934.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2935.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2936.  The NCAA admits that the University of Central Arkansas has been a member of the Atlantic Sun Conference ("ASUN"). The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2937.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2938.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2939.  Denied.

2940.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2941.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2942.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2943.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2944. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2945. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2946. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2947. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2948. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2949. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which are speculative in nature.

2950. Denied.

2951. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2952. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2953. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2954.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2955.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2956.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2957.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2958.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2959.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2960.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may receive certain types of compensation. The NCAA lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2961.  Denied.

2962.  Denied.

2963.  The NCAA denies that it engaged in "illegal conduct." The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2964.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2965.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2966.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2967.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2968.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2969.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2970.  Denied.

2971.  The NCAA denies that it engaged in "illegal conduct." The NCAA admits
that NCAA Division I rules previously have addressed and currently address the
circumstances in which student-athletes may be compensated for the use of their NIL.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph. Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

2972.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2973.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2974.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2975.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

2976.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2977.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2978.  Denied.

2979.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2980.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2981.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2982.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2983.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2984.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2985.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2986.  Denied.

2987.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

2988.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2989.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2990.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2991.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2992.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

2993.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

2994.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

2995.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2996.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2997.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2998.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

2999.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "illegal" or "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3000.  Denied.

3001.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3002. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3003. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3004. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3005. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3006. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3007. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3008. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3009. Denied.

3010. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3011.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3012.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3013.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3014.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3015.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3016.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3017.  The NCAA admits that Western Kentucky University has been a member of Conference USA. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3018.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3019.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3020. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3021. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3022. Denied.

3023. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3024. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3025. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3026. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3027. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3028. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3029. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3030. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3031. Denied.

3032. The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3033. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3034. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3035. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3036. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3037. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3038. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3039.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3040.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3041.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3042.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3043.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3044.  The NCAA lacks knowledge or information sufficient to form a belief as to Francis's "dedication and resilience," "adaptability and commitment," and "value as a role model." The NCAA denies the remaining allegations of this paragraph.

3045.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3046.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3047.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3048.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3049.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3050.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3051.  The NCAA denies that any plaintiff "work[ed]" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3052.  Denied.

3053.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of remaining allegations in this paragraph.

3054.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3055.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3056.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3057.  The NCAA denies that the unspecified "NCAA Division I rules" referenced in this paragraph were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3058.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful limitations." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3059.  Denied.

3060.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3061.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3062.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3063.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that these rules were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3064.  Denied.

3065.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3066.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3067.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3068.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3069.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that these rules were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3070.  Denied.

3071.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3072.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3073.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3074.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3075.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3076.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3077.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3078.  Denied.

3079.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3080.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3081.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3082.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3083.  Denied.

3084.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3085.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3086.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3087.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3088.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3089. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3090. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3091. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3092. Denied.

3093. The NCAA denies that it engaged in "illegal conduct." The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3094. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3095. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3096. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3097.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3098.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3099.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3100.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3101.  Denied.

3102.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3103.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3104.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3105.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3106.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3107.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3108.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3109.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3110.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3111.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3112.  Denied.

3113.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3114.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3115.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3116.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3117.  Denied.

3118.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3119.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3120.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3121.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3122.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3123.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3124.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3125.  Denied.

3126.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA
lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

3127.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3128.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

3129.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3130.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

3131.  Denied.

3132.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

3133.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3134.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3135.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3136.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3137.  The NCAA denies that it engaged in "illegal conduct." The NCAA admits that Vance Jackson participated in college basketball as a student-athlete at the University of Arkansas. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3138.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3139.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3140.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3141.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." The NCAA lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3142.  Denied.

3143.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3144.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3145.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3146.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3147.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3148.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3149.  Denied.

3150.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3151.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3152.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3153.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3154.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3155.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3156.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3157.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3158.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3159.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3160.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3161.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3162.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3163.  Denied.

3164.  Denied.

3165.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3166.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3167.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3168.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3169.  The NCAA denies that "continuing reforms are necessary to provide" college athletes with "proper compensation." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3170.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3171.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3172.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3173.  The NCAA admits that the University of Mississippi has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3174.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that these rules "violated constitutional laws." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3175.  Denied.

3176.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3177.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3178.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3179.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3180.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3181.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3182.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3183.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3184.  The NCAA admits that the University of South Florida is a member of the American Athletic Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3185.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3186.  Denied.

3187.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3188.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3189.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3190.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful[] restrict[ions]," and that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3191.  Denied.

3192.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3193.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3194.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3195.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that these rules were "unlawful." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3196.  Denied.

3197.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3198.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3199.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3200.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3201.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3202.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3203.  Denied.

3204.  Denied.

3205.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3206.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3207.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3208.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3209.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3210.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3211.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3212.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3213.  Denied.

3214.  Denied.

3215.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

3216.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3217.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3218.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3219.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. Except as expressly admitted, the NCAA denies
the allegations of this paragraph.

3220.  Denied.

3221. The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3222. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3223. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3224. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3225. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3226. Denied.

3227. The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3228. The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3229. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3230. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3231. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3232. The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3233. Denied.

3234. Denied.

3235. The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3236. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3237. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3238. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3239.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3240.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3241.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3242.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3243.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3244.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3245.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3246.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3247.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3248.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3249.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3250.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3251.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3252.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3253.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3254.  The NCAA admits that UNLV is a member of the Mountain West Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3255.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3256.  Denied.

3257.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3258.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3259.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3260.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3261.  Denied

3262.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3263.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3264.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3265.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3266.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3267.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3268.  Denied.

3269.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3270.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3271.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3272.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3273.  Denied.

3274.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3275.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3276.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3277.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3278.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3279.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3280.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph are "unjust." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3281.  Denied.

3282.  Denied.

3283.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3284.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3285.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3286.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3287.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3288.  Denied.

3289.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3290.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3291.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3292.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3293.  Denied.

3294.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3295.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3296.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3297.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3298.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3299.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3300.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3301. The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3302. The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3303. The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful restrictions." Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

3304. Denied.

3305. The NCAA denies that it engaged in "illegal conduct." The NCAA admits
that NCAA Division I rules previously have addressed and currently address the
circumstances in which student-athletes may be compensated for the use of their NIL.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph. Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

3306. The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3307.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3308.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3309.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3310.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3311.  Denied.

3312.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

3313.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3314.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3315.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3316.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3317.  The NCAA admits that Mississippi State University has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3318.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3319.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3320.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3321.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3322.  Denied.

3323.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

3324.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3325.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3326.  The NCAA admits that NCAA Division I rules previously have addressed

and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules

referenced in this paragraph were "unlawful limits." Except as expressly admitted, the

NCAA denies the allegations of this paragraph.

3327.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3328.  Denied.

3329.  The NCAA denies that it engaged in "illegal conduct." The NCAA further

denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph.

3330.  The NCAA admits that Seton Hall University appeared in two consecutive

March Madness tournaments between 2015 and 2017. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3331.  The NCAA admits that Seton Hall University earned an automatic bid to March Madness in 2016 as a result of winning the Big East Tournament. The NCAA further admits that many March Madness games are televised nationally on CBS. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3332.  The NCAA admits that Seton Hall competed in March Madness in 2017. The NCAA further admits that CBS and TNT nationally broadcast many March Madness games. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3333.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3334.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3335.  Denied.

3336.  Denied.

3337.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

3338.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3339.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3340.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules
referenced in this paragraph were "unlawful rules." Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

3341.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3342.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

3343.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

3344.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

3345.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3346.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3347.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3348.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA denies that any Plaintiff provided
"labor" by participating in college athletics. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3349.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3350.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful restrictions." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3351.  Denied.

3352.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3353.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3354.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3355.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3356.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3357.  The NCAA denies that any plaintiff provided "labor" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3358.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that the NCAA Division I rules referenced in this paragraph were "unlawful." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3359.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3360.  The NCAA admits that Butler University competed in the 2018 March Madness tournament. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3361.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3362.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3363.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3364.  Denied.

3365.  Denied.

3366.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3367.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3368.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3369.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3370.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3371.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3372.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3373.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3374.  The NCAA denies that it engaged in "illegal conduct." The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3375.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3376.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3377.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3378.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3379.  Denied.

3380.  Denied.

3381.  Denied.

3382.  The NCAA denies that it engaged in "illegal conduct." The NCAA admits
that NCAA Division I rules previously have addressed and currently address the
circumstances in which student-athletes may be compensated for the use of their NIL.
The NCAA lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the remaining allegations in this paragraph. Except as expressly admitted, the
NCAA denies the allegations of this paragraph.

3383.  The NCAA lacks knowledge of information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3384.  The NCAA lacks knowledge of information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3385.  Denied.

3386.  The NCAA denies that it engaged in "illegal conduct." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this paragraph.

3387.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3388.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3389.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3390.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3391.  The NCAA admits that Vanderbilt University has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3392.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3393.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3394.  Denied.

3395.  Denied.

3396.  The NCAA denies that it engaged in "illegal conduct." The NCAA further

denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

in this paragraph.

3397.  The NCAA denies that any plaintiff provided "labor" or "worked" as a

college athlete. The NCAA lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in this paragraph.

3398.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3399.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3400.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3401.  The NCAA denies that any plaintiff had a "job" as a college athlete. The

NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this paragraph.

3402.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3403.  The NCAA lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph.

3404.  The NCAA admits that Oklahoma State University has been a member of
the Big 12. The NCAA further admits that Oklahoma State competed against both
Baylor, which was a 2 seed, and Oregon State during the 2021 March Madness
tournament. The NCAA admits that many March Madness games are broadcast by
CBS. The NCAA lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the remaining allegations in this paragraph. Except as expressly admitted,
the NCAA denies the allegations of this paragraph.

3405.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3406.  The NCAA admits that NCAA Division I rules previously have addressed
and currently address the circumstances in which student-athletes may be
compensated for the use of their NIL. The NCAA lacks knowledge or information
sufficient to form a belief as to the truth or falsity of the remaining allegations in this
paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3407.  Denied.

3408.  Denied.

3409.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

3410.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3411.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3412.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3413.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3414.  The NCAA admits that the University of Colorado Boulder was a member of the Pac-12 Conference for a period of time. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3415.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3416.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3417.  Denied.

3418.  Denied.

3419.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3420.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3421.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3422.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3423.  The NCAA admits that UConn won March Madness in 2024. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3424.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3425.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3426.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3427.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3428.  Denied.

3429.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3430.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3431.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3432.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3433.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3434.  The NCAA admits that Oregon State University has been a member of the Pac-12 Conference. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3435.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3436.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3437.  Denied.

3438.  Denied.

3439.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3440.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3441.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3442.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3443.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3444.  The NCAA admits that Creighton University has been a member of the Big East Conference. The NCAA further admits that Creighton competed in the 2018 March Madness tournament and that certain March Madness games are broadcast on TNT. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3445.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3446.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be

compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3447.  Denied.

3448.  Denied.

3449.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3450.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3451.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3452.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3453.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3454.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3455. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3456. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3457. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3458. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3459. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3460. The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3461. Denied.

3462. Denied.

3463. The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3464.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3465.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3466.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3467.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3468.  The NCAA admits that LSU has been a member of the SEC. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3469.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3470.  Denied.

3471.  Denied.

3472.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

3473.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

3474.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3475.  The NCAA denies that any plaintiff had a "job" as a college athlete. The
NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity
of the remaining allegations in this paragraph.

3476.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3477.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3478.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3479.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3480.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3481.  Denied.

3482.  Denied.

3483.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3484.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3485.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3486.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3487.  The NCAA admits that the University of Kentucky has been a member of the SEC. The NCAA further admits that the University of Kentucky reached the Elite Eight in the 2019 March Madness tournament. The NCAA admits that many March Madness games are broadcast by CBS and TBS. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3488.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3489.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3490.  Denied.

3491.  Denied.

3492.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3493.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3494.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3495.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3496.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3497.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3498.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3499.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3500.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3501.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3502.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3503.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3504.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3505.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3506.  Denied.

3507.  Denied.

3508.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3509.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3510.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3511.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3512.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3513.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3514.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3515.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3516.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3517.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3518.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3519.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph. Except as expressly admitted, the NCAA denies the allegations of this
paragraph.

3520.  Denied.

3521.  The NCAA admits that certain NCAA Division I rules previously
established limitations on the number of scholarships that an institution could provide to
student-athletes participating in certain college sports. The NCAA denies that the rules
referenced in this paragraph are "illegal" or "unfair restraints." The NCAA lacks
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations of this paragraph. Except as expressly admitted, the NCAA
denies the allegations of this paragraph.

3522.  Denied.

3523.  The NCAA denies that it engaged in "illegal conduct." The NCAA further
denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the remaining allegations
in this paragraph.

3524.  The NCAA denies that any plaintiff provided "labor" or "worked" as a
college athlete. The NCAA lacks knowledge or information sufficient to form a belief as
to the truth or falsity of the remaining allegations in this paragraph.

3525.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3526.  The NCAA lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in this paragraph.

3527.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3528.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3529.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3530.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3531.  Denied.

3532.  Denied.

3533.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3534.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3535.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3536.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3537.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3538.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3539.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. The NCAA denies that those rules are "anticompetitive." Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3540.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3541.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3542.  The NCAA denies that it engaged in any "unlawful conduct." The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3543.  Denied.

3544.  The NCAA denies that it engaged in "illegal conduct." The NCAA further denies that any plaintiff "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3545.  The NCAA denies that any plaintiff provided "labor" or "worked" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3546.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3547.  The NCAA denies that any plaintiff had a "job" as a college athlete. The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3548.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3549.  The NCAA admits that NCAA Division I rules previously have addressed and currently address the circumstances in which student-athletes may be compensated for the use of their NIL. Except as expressly admitted, the NCAA denies the allegations of this paragraph.

3550.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3551.  The NCAA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3552.  Denied.

**COUNT I – Violations of Section 1 & 3 of the Sherman Act**

**(Brought by Plaintiffs)**

1.      The NCAA repeats, re-alleges and incorporates by reference its

responses to the preceding paragraphs of the Fourth Amended Complaint as if fully set

forth herein.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

**<u>Prayer for Relief</u>**

The NCAA denies that it has violated the Sherman Act or engaged in any other

illegal activity. The NCAA further denies that Plaintiffs are entitled to any relief,

including, but not limited to, the relief requested in the Fourth Amended Complaint. The

NCAA also responds that the United States District Court for the Northern District of

California has granted final approval of the *House* settlement, rendering moot Plaintiffs' requests to assert claims on behalf of the "Alternative Proposed Class."

## Demand for Jury Trial

Without waiving any defenses or admitting the existence of any facts triable by jury, the NCAA does not object to Plaintiffs' demand for a jury trial for any triable issues.

## ADDITIONAL DEFENSES

The NCAA reserves the right to assert any and all applicable defenses to the Plaintiffs' claims. The NCAA reserves the right to amend this Answer to add, supplement, or modify defenses based upon further developments in this litigation, including new factual developments or legal theories that may be or will be divulged through clarification of the Fourth Amended Complaint, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in this Answer or assuming any burden of proof that it would not otherwise bear, the NCAA states as follows:

## FIRST ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics and to the extent that the NCAA Division I Bylaws that Plaintiffs seek to enjoin are no longer in effect.

469

## SECOND ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred because their alleged damages are

speculative and conjectural and are not capable of calculation with a reasonable degree

of certainty.

## THIRD ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by stare decisis and by

res judicata to the extent that Plaintiffs' claims were previously adjudicated in *NCAA v.*

*Alston*, 594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW

(N.D. Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802

F.3d 1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or

*Chalmers v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or

to the extent they are adjudicated in any other litigation brought by Plaintiffs against any

of the Defendants that reaches final judgment before a judgment is rendered in this

action.

## FOURTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by collateral estoppel

to the extent that the Plaintiffs' claims were previously adjudicated in *NCAA v. Alston*,

594 U.S. 69 (2021); *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D.

Cal.); *Hubbard v. NCAA*, 4:23-cv-01593-CW (N.D. Cal.); *O'Bannon v. NCAA*, 802 F.3d

1049 (9th Cir. 2015); *Marshall v. ESPN*, 668 F. App'x 155 (6th Cir. 2016); or *Chalmers*

*v. NCAA*, 24 Civ. 5008 (PAE), 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025), or to the

extent they are adjudicated in any other litigation brought by Plaintiffs against any of the
Defendants that reaches final judgment before a judgment is rendered in this action.

## FIFTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the applicable
statute of limitations.

## SIXTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the Fourth
Amended Complaint fails to state a claim for relief under the doctrine established by the
United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006).
Specifically, the conduct alleged constitutes decisions made regarding the core
activities of a legitimate venture that are not unlawful restraints of trade under the
antitrust laws.

## SEVENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any
of the agreements, practices, or conduct at issue is required or has been approved by
any order, award, direction or similar action of any court, arbitral body, or government
agency.

## EIGHTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, because the actions of
defendants do not unreasonably restrain trade, but are lawful, justified, and pro-
competitive by preserving the distinction between college and professional sports.

**NINTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, because the actions of defendants do not unreasonably restrain trade, but are lawful, justified, and pro-competitive given the need for institutional members of the NCAA to preserve competitive balance, including by imposing uniform rules of national competition regarding financial incentives for student-athletes to attend particular schools.

**TENTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required to comply with state or federal laws or regulations and to the extent that the relief demanded by Plaintiffs is inconsistent with or prohibited by applicable state or federal laws or regulations.

**ELEVENTH ADDITIONAL DEFENSE**

The claims of the Plaintiffs are barred, in whole or in part, to the extent that they were not injured by, or have been enriched by, the rules being challenged here, which preserve institutions' ability to offer a broad set of athletics offerings and, thus, opportunities to student-athletes.

**TWELFTH ADDITIONAL DEFENSE**

The claims of certain Plaintiffs are barred, in whole or in part, by the settlement and release finally approved by the Court in *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Case No. 14-md-02541 (N.D. Cal.).

## THIRTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, to the extent that those claims are inconsistent with the rules governing student-athlete compensation, including for NIL, implemented in connection with the settlement and release finally approved by the Court in *In re College Athlete NIL Litigation*, Case No. 4:20-cv-03919 (N.D. Cal.).

## FOURTEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

**WHEREFORE**, the NCAA prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the NCAA, tax costs and attorneys' fees against the Plaintiffs, and afford the NCAA such other and further relief as may be just and proper.

Dated:  July 21, 2025                          Respectfully submitted,


                                               *s/ Rakesh N. Kilaru*
                                               Rakesh N. Kilaru
                                               Cali Arat
                                               Wilkinson Stekloff LLP
                                               2001 M Street NW, 10th Floor
                                               Washington, DC 20036
                                               Telephone: 202.847.4000
                                               Facsimile:
                                               Email:  rkilaru@wilkinsonstekloff.com
                                                          carat@wilkinsonstekloff.com

                                               Attorneys for Defendant
                                               National Collegiate Athletic Association

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 21, 2025, I electronically filed the foregoing National Collegiate Athletic Association's Answer to Fourth Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Rakesh N. Kilaru*
Rakesh N. Kilaru